**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, INC.,<br>TEXAS GUN RIGHTS, INC.,<br>PATRICK CAREY,<br>JAMES WHEELER,<br><br>and<br><br>TRAVIS SPEEGLE,<br><br>           Plaintiffs,<br><br>         v.<br><br>MERRICK GARLAND,<br>IN HIS OFFICIAL CAPACITY AS<br>ATTORNEY GENERAL<br>OF THE UNITED STATES,<br>U. S. DEPARTMENT OF JUSTICE,<br><br>STEVEN DETTELBACH,<br>IN HIS OFFICIAL CAPACITY AS<br>DIRECTOR OF THE<br>BUREAU OF ALCOHOL, TOBACCO,<br>FIREARMS AND EXPLOSIVES,<br><br>and<br><br>BUREAU OF ALCOHOL, TOBACCO,<br>FIREARMS AND EXPLOSIVES,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.  Plaintiffs National Association for Gun Rights, Inc., Texas Gun Rights, Inc., Mr. Patrick

Carey, Mr. James Wheeler, and Mr. Travis Speegle bring this action against Mr. Merrick Garland,

in his official capacity as Attorney General of the United States, the U.S. Department of Justice, Mr.

Steven Dettelbach, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms,

1

and Explosives, and the Bureau of Alcohol, Tobacco, Firearms, and Explosives under the Administrative Procedure Act, 5 U.S.C. §§ 701, *et seq.* and the Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to end Defendants' arbitrary, capricious, and otherwise unlawful efforts to misclassify Forced Reset Triggers as "machineguns" under the National Firearms Act of 1934.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1331. This Court has authority to grant the remedy Plaintiffs seek under 28 U.S.C. §§ 2201 and 2202 and 5 U.S.C. § 706.

3.  Venue is proper in this district pursuant to 5 U.S.C. § 703 and 28 U.S.C. § 1391(e) because one or more Plaintiffs resides within the Northern District of Texas and Plaintiff Texas Gun Rights, Inc., is headquartered in the Fort Worth Division.

## PARTIES

4.  Plaintiff National Association for Gun Rights, Inc. ("NAGR") is a Virginia corporation with its headquarters in Loveland, Colorado. NAGR is organized and operated as a non-profit membership organization that is exempt from federal income taxes under Section 501(c)(4) of the U.S. Internal Revenue Code. NAGR was formed in 2000 to preserve and defend the Second Amendment rights of gun owners. NAGR has over 3,000 members in the Northern District of Texas, including some who own forced reset triggers ("FRTs") or who wish to acquire them and would do so but for the challenged ATF statutory interpretation.

5.  Plaintiff Texas Gun Rights, Inc. ("TGR") is a 501(c)(4) non-profit, non-partisan, grassroots citizen organization headquartered in Hudson Oaks, Texas.  Its mission is to protect the Second Amendment rights of its members, including protecting the liberty of individuals to defend

2

themselves, their families, and their property without having to first ask government for permission and to push back on firearms-related licensing requirements. It has over 14,000 members in the Northern District of Texas, including some who own FRTs or who wish to acquire them and would do so but for the challenged ATF statutory interpretation.

6. Plaintiff Patrick Carey is a natural person, a United States citizen, and resident of Zachary, Louisiana.

7. Prior to August 22, 2022, Mr. Carey owned two "FRT 15 – Rare Breed Trigger" forced reset triggers. *See* Exhibit A (Declaration of Patrick Carey).

8. The Bureau of Alcohol, Tobacco, Firearms, and Explosives provided Mr. Carey with a "Warning Notice" dated August 22, 2022 (attached to Exhibit A), informing him that "ATF has information that you have acquired one or more Forced/Hard Reset Trigger (FRT) devices," that "[t]hese items have been classified as machineguns that were unlawfully manufactured," that "[p]ossession of these devices is a violation of law due to their illegal manufacture," and that "*the unlawful receipt and possession of any of these devices is a felony violation of Federal law*" (emphasis in the original).

9. In response to the personalized threat of criminal enforcement, that same day Mr. Carey surrendered two FRTs to the Bureau of Alcohol, Tobacco, Firearms, and Explosives.

10. But for the threat of civil and criminal liability, Mr. Carey intends to purchase additional FRTs in the future.

11. Thus, Mr. Carey is harmed by the Bureau of Alcohol, Tobacco, Firearms, and Explosives unlawful determination that FRTs are "machineguns," which compelled him to surrender possession of two FRTs with a market value of approximately $750 and prevents him from owning and possessing additional FRTs.

3

12. Plaintiff James "J.R." Wheeler is a United States citizen, and resident of Crandall, Texas. *See* Exhibit B (Declaration of James Joseph Ross Wheeler).

13. Mr. Wheeler is located in the Northern District of Texas.

14. Mr. Wheeler has a Federal Firearms License and is the 50% owner of a small business selling firearms and ammunition.

15. Mr. Wheeler personally owns one FRT; his business owns two additional FRTs.

16. Mr. Wheeler seeks to maintain lawful possession of his FRTs and intends to continue selling FRTs to U.S. citizens qualified to lawfully possess firearms.

17. Mr. Wheeler is harmed by the Bureau of Alcohol, Tobacco, Firearms, and Explosives unlawful determination that FRTs are "machineguns," which would force Mr. Wheeler to surrender his own FRTs or risk civil and criminal penalties and to cease selling FRTs, which would cause him tangible economic harm.

18. Plaintiff Travis Speegle is an U.S. Citizen and resident of Austin, Texas. *See* Exhibit C (Declaration of Travis Speegle).

19. Mr. Speegle owns 10 FRTs.

20. Mr. Speegle intends to purchase additional FRTs.

21. Mr. Speegle is harmed by the Bureau of Alcohol, Tobacco, Firearms, and Explosives unlawful determination that FRTs are "machineguns," which places him at risk of civil and criminal enforcement and prevents him from purchasing additional FRTs.

22. The individual Plaintiffs, along with the organizational Plaintiffs, their members, and their supporters, will be irreparably harmed if the Bureau of Alcohol, Tobacco, Firearms, and Explosives is permitted to continue confiscation, criminal enforcement, and threats thereof against owners of FRTs based on its classification of FRTs as machineguns. Not only will many of the Plaintiffs lose

4

the monetary value of their possessions (through forced surrender, confiscation, or destruction) and their ability to use them, but all the Plaintiffs will be deprived of the ability to purchase, own, and use FRTs in the future. Plaintiffs who are FRT owners have lost and will continue to lose the use and enjoyment of their belongings, along with the ability to keep and bear firearms equipped with FRTs. Finally, any FRT owner who retains an FRT will be at risk of felony prosecution—and accompanying permanent loss of his or her Second Amendment rights.

23. Defendant Merrick Garland is the Attorney General of the United States.  In his official capacity as Attorney General, he oversees the U.S. Department of Justice, including the Bureau of Alcohol, Tobacco, Firearms, and Explosives.  He also has statutory authority to prescribe rules and regulations concerning firearms.  *See* 18 U.S.C. § 926; 26 U.S.C. § 7801(a)(2); 28 U.S.C. § 599A(c)(1); Homeland Security Act of 2002, Pub. L. 107-296, 116 Stat. 2135 (Nov. 25, 2002).

24. Defendant U.S. Department of Justice ("DOJ") is a federal executive branch agency within the federal government of the United States. DOJ is headquartered at 950 Pennsylvania Avenue NW, Washington, D.C. 20530.  DOJ is charged with enforcing federal firearms laws.

25. Defendant Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") is a component agency of DOJ responsible for enforcing federal criminal laws and regulating the firearms and explosives industries, including the registration and regulation of "machineguns." *See* 28 U.S.C. § 599A(b)(1); 28 C.F.R. § 0.130. ATF has limited authority under the Gun Control Act and National Firearms Act to promulgate certain regulations.  *See* 18 U.S.C. § 926(a); 26 U.S.C. § 7805(a). ATF is headquartered at 99 New York Avenue NE, Washington, D.C. 20226. Homeland Security Act of 2002, Pub. L. 107-296, 116 Stat. 2135 (Nov. 25, 2002).

26. Defendant Steven Dettelbach is the Director of the ATF.  In his official capacity as Director of the ATF, he oversees the ATF and its enforcement and regulatory activities.

## STATEMENT OF FACTS

### Forced Reset Triggers

27. An FRT is a semi-automatic trigger assembly that allows the trigger to "reset" quicker than it would using a traditional trigger-return spring, in turn allowing the user to fire the firearm quicker than with a traditional trigger. *See* Exhibit D (Declaration of Daniel O'Kelly).

28. For example, in an AR-15 equipped with a standard semi-automatic trigger, the function of the trigger is to release the hammer. This occurs when the trigger is pulled back to the point that a "trigger sear" releases the hammer from its retained position. After being released by the trigger, the hammer pivots to contact a firing pin. The firing pin then strikes a chambered ammunition cartridge or "round," causing gunpowder in the cartridge to combust and propel the cartridge's bullet out of the barrel of the firearm, *i.e.*, firing.

29. Once fired, a standard semi-automatic trigger will not fire again until the trigger is "reset." This is what distinguishes a semi-automatic firearm from a machinegun, which is a fully automatic firearm. In a machinegun, the trigger does not need to reset to fire subsequent rounds after the first and can fire multiple rounds from a single function of the trigger.

30. A standard semi-automatic trigger resets due to its trigger-return spring moving the trigger forward until the trigger sear retains the hammer again. When this occurs, the trigger is in its ready-to-fire or "set" position and can function once again by releasing the hammer.

31. An FRT is a device that forcibly returns the trigger to its "reset" state, *i.e.*, its ready-to-fire or "set" position.

32. In the commercialized FRT designs at issue in this litigation, the trigger is forcibly reset by the hammer when the bolt carrier cycles to the rear. A "locking bar" mechanically locks the trigger in its reset state, preventing the user from moving the trigger rearward to function by

releasing the hammer, until the bolt has returned to the in-battery position and the firearm is safe to fire.

33. When firing multiple shots using an FRT, the trigger must still reset after each round is fired and must separately function to release the hammer by moving far enough to the rear in order to fire the next round.

34. This process is visible in the two videos illustrating the mechanics of an FRT and comparing the operations of an AR-15 fitted with an FRT to a machinegun, available here: https://dhillonlaw.app.box.com/s/83pwi4a97id478f1nv31rv05okda2ccd. *See also* Exhibit E (Declaration of Cole Leleux) (describing the videos and creation of same).

**The Statutory Definition of a "Machinegun"**

35. The 1934 National Firearms Act (26 U.S.C. Chapter 53) ("NFA") criminalized the possession or transfer of an unregistered firearm, while also prohibiting the registration of firearms otherwise banned by law. *See* 26 U.S.C. §§ 5812(a) (registration prohibited "if the transfer, receipt, or possession of the firearm would place the transferee in violation of law"), 5861 (prohibited acts).

36. In 1968, Congress passed the Gun Control Act (GCA) criminalizing possession of firearms for certain classes of people. *See* 18 U.S.C. § 921 *et seq.*

37. The Hughes Amendment to the 1986 Firearm Owners Protection Act ("the machinegun ban") amended the GCA to generally prohibit Americans from possessing and transferring machineguns.[1] 18 U. S.C. § 922(o).

38. Thus, with limited exceptions for governmental actors and machineguns that were in existence and registered prior to the effective date of the statute, May 19, 1986, it is a federal felony

---

[1] There are exceptions for government actors and machineguns that were in existence and registered prior to the effective date of the statute, May 19, 1986.

offense for any person to "transfer or possess a machinegun." 18 U.S.C. § 922(o). This offense is

punishable by up to 10 years in federal prison for first-time offenders. 18 U.S.C. § 924(a)(2).

    39. As defined under both the GCA and NFA, the term "machinegun" means:

> any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

26 U.S.C. § 5845(b); *see also* 18 U.S.C. § 921(24) ("The term 'machinegun' has the meaning

given such term in section 5845(b) of the National Firearms Act (26 U.S.C. 5845(b)").

    40. The speed at which a weapon can be fired (i.e., "rate of fire") is not referred to in the

statutory definition of a machinegun.

**Federal Regulations and Statutory Interpretation/Enforcement**

41. Until 2018, ATF regulations mirrored the federal definition of the term "machinegun" with respect to firearms manufactured and owned in the United States. 27 C.F.R. §§ 478.11 and 479.11. For example, 27 C.F.R. § 479.11 (2017) stated:

> **Machine gun.** Any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machine gun, and any combination of parts from which a machine gun can be assembled if such parts are in the possession or under the control of a person.

42. In 2018, in an effort to broaden the statutory definition, the ATF "re-interpreted" the statutory definition to add the language shown in italics below:

> **Machine gun**. Any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machine gun, and any combination of parts from which a machine gun can be assembled if such parts are in the possession or under the control of a person. *For purposes of this definition, the term "automatically" as it modifies "shoots, is designed to shoot, or can be readily restored to shoot," means functioning as the result of a self-acting or self-regulating mechanism that allows the firing of multiple rounds through a single function of the trigger; and "single function of the trigger" means a single pull of the trigger and analogous motions. The term "machine gun" includes a bump-stock-type device, i.e., a device that allows a semi-automatic firearm to shoot more than one shot with a single pull of the trigger by harnessing the recoil energy of the semi-automatic firearm to which it is affixed so that the trigger resets and continues firing without additional physical manipulation of the trigger by the shooter.*

27 C.F.R. § 479.11 (2018) (emphasis added); *see also* ATF, *Final Rule: Bump-Stock-Type Devices*, 83 Fed. Reg. 66514 (2018).

43. On July 15, 2021, ATF's Firearms Technology Criminal Branch (FTCB) issued a Technical Examination report (attached as Exhibit F) in which it purportedly "classified the FRT-15 [version

Case 4:23-cv-00830-O Document 1 Filed 08/09/23 Page 10 of 16 PageID 10

of a forced reset trigger] as a machinegun as defined by the NFA and the GCA." *See* Complaint at

¶ 117, *United States of America v. Rare Breed Triggers, LLC, et al.*, Case No. 1:23-cv-00369-NRM-

RML (E.D.N.Y. Jan. 19, 2023).

44. On October 21, 2021, FTCB issued a report on the Wide Open Enterprises "WOT" version

of an FRT (attached as Exhibit G), opining that the WOT is a machinegun. The WOT operates on

the same mechanical principles as the Rare Breed FRT-15. *See* Exhibit D (Declaration of Daniel

O'Kelly). The report was similarly flawed and based on the since-rejected statutory interpretation

in § 479.11.

45. On March 22, 2022, the ATF issued an "Open Letter to All Federal Firearms Licensees"

("Open Letter") (attached as Exhibit H) stating the ATF "recently examined devices commonly

known as 'forced reset triggers' (FRTs) and has determined that *some* of them are 'firearms' and

'machineguns' as defined in the National Firearms Act (NFA), and 'machineguns' as defined in the

Gun Control Act (GCA)" (emphasis added). The Open Letter further explained "ATF's examination

found that *some* FRT devices allow a firearm to automatically expel more than one shot with a single,

continuous pull of the trigger" and "any FRT that allows a firearm to automatically expel more than

one shot with a single, continuous pull of the trigger is a 'machinegun'" *Id,* (emphasis added). The

vague description of "some FRT devices" creates a chilling effect in which purchasers do not know

whether (or not) the forced reset trigger they may possess has been condemned by ATF.

46. On April 27, 2023, ATF Firearms and Ammunition Technology Division ("FATD") issued

another report on the Rare Breed Triggers FRT-15 trigger. *See* Exhibit I.

47. FTCB and FATD provide technical support on firearms and ammunition to federal, state,

and local law enforcement agencies regarding the GCA and NFA. FTCB and FATD do not have

statutory authority to "classify" items or make "determinations" as to whether an item legally

Case 4:23-cv-00830-O   Document 13   Filed 08/09/23   Page 11 of 18   PageID 91

constitutes a machinegun. Instead, FTCB examines and/or tests items and can issue a Technical Examination report that represents the opinion of the ATF.

**Plaintiffs Face a Credible Threat of Enforcement**

48. Based on these and other similarly flawed reports, ATF has vigorously sought to implement its interpretation of the law.

49. The ATF has sent cease-and-desist letters to multiple companies involved in the manufacture, marketing, and sale of FRTs, including Rare Breed Triggers and 3rd Gen Machine. *See* Complaint at ¶¶ 145, 149, *United States of America v. Rare Breed Triggers, LLC, et al.*, Case No. 1:23-cv-00369-NRM-RML (E.D.N.Y. Jan. 19, 2023).

50. The ATF has sent and continues to send letters to FRT owners demanding surrender of forced reset triggers under threat of criminal prosecution.

51. One of these letters was delivered to Plaintiff Carey and is attached to Exhibit A.

52. ATF has made in-person visits to FRT owners' homes, including the home of Plaintiff Carey. *See* Exhibit A.

53. The ATF has initiated civil proceedings against at least one company and two individuals involved in the manufacture and sale of FRTs.  Complaint, *United States of America v. Rare Breed Triggers, LLC, et al.*, Case No. 1:23-cv-00369-NRM-RML (E.D.N.Y. Jan. 19, 2023).

54. The Department of Justice has brought several criminal prosecutions against individuals for possessing FRTs, including at least one prosecution in Texas. *See* Second Superseding Indictment at Count One, *U.S. v. Bruggeman*, 2:22-CR-185 (S.D. Tex. Nov. 9, 2022) (charging defendant with "knowingly posess[ing] a machinegun, that is, six (6) Rare Breed Triggers FRT-15"); *see also* Indictment at Count Two, *U.S. v. Berrios-Aquino*, 3:22-cr-473 (D.P.R. Apr. 20, 2023) (charging

defendant with possession of a machinegun for possessing a Rare Breed FRT-15 trigger); Superseding Indictment at Count One, *U.S. v. Augusto*, 3:22-cr-30025 (D. Mass. Sept. 1, 2022) (charging defendant with possession of a machinegun in part for possessing three Rare Breed FRT-15 forced reset triggers and one Tommy Triggers FRT-15-3 MD forced reset trigger).

55. On August 4, 2023, the DOJ executed a search warrant on the Fargo, North Dakota, office of Rare Breed Triggers, LLC as part of its ongoing campaign against FRT owners, manufacturers, and distributors.

56. Given the ATF and DOJ's specific threats of prosecution and civil enforcement actions against one or more Plaintiffs and their history of prosecution and civil enforcement actions against other individuals and companies selling, manufacturing, or possessing FRTs, Plaintiffs face a credible threat of prosecution from Defendants.

**Defendant's Interpretation of the Term "Machinegun" is Contrary to Law**

57. Defendants' interpretation of the term "machinegun," which is the basis for the revised version of 27 C.F.R. § 479.11, the Open Letter, and Defendants' hectoring conduct toward Plaintiffs, is contrary to law.

58. In *Cargill v. Garland*, 57 F.4th 447 (5th Cir. 2023) (en banc), *petition for cert. filed* (Apr. 6, 2023) (No. 22-976), the Fifth Circuit held that the ATF's 2018 bump-stock rule, which expanded the meaning of the term "machinegun," violated the Administrative Procedure Act by exceeding the agency's statutory authority.

59. In doing so, the *Cargill* Court examined the statutory text defining "machinegun" and concluded that the statutory term "single function of the trigger" is not synonymous with a single pull of the trigger: "The problem with [the ATF's] interpretation is that it is based on words that

do not exist in the statute. The statute 'uses single function of the trigger, not single function of the shooter's trigger finger.'" *Cargill*, 57 F.4th at 459-460 (cleaned up) (internal quotation marks and citation omitted). The *Cargill* Court stated "we are obliged to conclude that the statutory definition of machinegun unambiguously turns on the movement of the trigger and not a trigger finger." *Id.* at 460.  Instead, "the statute requires that a machinegun be capable of firing automatically once the *trigger* performs a single function." *Id.* at 463 (emphasis in original). *Cargill* further elaborated that the shooter's input is absent from the statutory "machinegun" definition:

> [T]he prepositional phrases [of the statutory definition] define the firing process's requirements from a mechanical perspective. The process must occur by a *single function*, and the single act must be *by the trigger*. In short, there is no mention of a shooter. The grammatical structure continuously points the reader back to the mechanics of the firearm. The statute does not care what human input is required to activate the trigger—it cares only whether more than one shot is fired each time the trigger acts.

*Id.* at 460-61 (emphasis in original). The *Cargill* Court favorably quoted from the Navy-Marine Corps Court of Appeals regarding the definition of a "machinegun:" "'The statute does not say 'by a single function of the trigger finger' nor does it say 'by a single pull of the trigger in addition to external pressure from the shooter's non-firing hand.' .... Had Congress wanted to use the phrase 'by a single pull of the trigger' for *machine guns*, it could have. But it did not.' [*United States v. Alkazahg*, 81 M.J. 764, 780–81 (N.M. Ct. Crim. App. 2021)].  We agree." *Id.* at 460.

60. *Cargill* is binding precedent on this Court.

61. *Cargill* "unambiguously" rejected the same reasoning Defendants purport to use in classifying forced reset triggers as "machineguns."

13

62. In the FATD reports referenced above and the Open Letter, the ATF explicitly claims that FRTs are "machineguns" because they may enable a user to fire multiple rounds with a "single, continuous *pull* of the trigger" (emphasis added). This interpretation is foreclosed by *Cargill*.

63. Defendants have not—and cannot—allege that FRTs allow users to fire multiple rounds by a single function *of the trigger*. An FRT resets after every round is fired and the trigger must engage in a separate function of releasing the hammer for *each and every* round fired.

64. Defendants' interpretation of the law and their specific actions to threaten and potentially initiate enforcement actions against Plaintiffs are thus arbitrary, capricious, and otherwise contrary to law.

### FIRST CAUSE OF ACTION

### DEFENDANTS' INTERPRETATION AND ENFORCEMENT OF THE NFA AND GCA IS ARBITRARY, CAPRICIOUS, AND OTHERWISE CONTRARY TO LAW

65. Plaintiffs repeat and incorporate by reference each of the foregoing paragraphs as if fully set forth herein.

66. Plaintiffs sell and/or possess FRTs and intend to continue to do so in the future.

67. Defendants have repeatedly stated that FRTs are "machineguns," expressly asserting that Plaintiffs' sale or possession of FRTs is unlawful.

68. Defendants have threatened enforcement against Plaintiffs and have pursued civil and criminal remedies against other similarly situated persons.

69. Defendants' claim that FRTs are "machineguns" is based on Defendants' interpretation that a device is a "machinegun" if it enables a user to fire multiple rounds with a single, continuous *pull* of the trigger.

70. Defendants' interpretation is contrary to the "unambiguous" text of the statutory definition of "machinegun," as recognized by the Fifth Circuit.

14

Case 4:23-cv-00830-O   Document 13   Filed 08/09/23   Page 15 of 19   PageID 94

71. Defendants' interpretation, and any continued efforts to enforce Defendants' interpretation, is thus arbitrary, capricious, and otherwise contrary to law.

72. Plaintiffs are therefore entitled to declaratory relief correcting Defendants' unlawful interpretation and to injunctive relief preventing Defendants from continuing their unlawful campaign of harassment, intimidation, and abuse of the legal process through actions directed at enforcing Defendants' unlawful interpretation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court grant all appropriate relief, including:

a.     The issuance of a temporary restraining order preventing Defendants from pursuing civil or criminal enforcement actions against Plaintiffs while responding to this Complaint;

b.     The issuance of a preliminary injunction, halting Defendants' enforcement of the challenged statutory interpretation that forced reset triggers are machineguns.

c.     A declaratory judgment, pursuant to the Declaratory Judgment Act (28 U.S.C. §§ 2201-2202), 5. U.S.C. § 706, and/or other applicable law, that holds unlawful and sets aside ATF's action, finding that rapid, semi-automatic fire is not fully automatic fire and that FRTs are not machineguns under federal law.

d.     An order permanently enjoining Defendants from enforcing, civilly or criminally, the challenged statutory interpretation or in any other way regulating FRTs as "machineguns" under currently existing law.

e.     An order requiring that all FRTs seized by or surrendered to the Defendants be returned to their rightful owners or, if destroyed, the rightful owners be compensated for the value of their lost property.

f.      An award of attorneys' fees and costs to Plaintiffs pursuant to Equal Access to

Justice Act, 28 U.S.C. § 2412(d)(1)(A), and any applicable statute or authority; and

g.      Any other relief that this Court in its discretion deems just and proper.


                                        Respectfully submitted,

                                        /s/ Whitney A. Davis
                                        Whitney A. Davis (TX Bar No. 24084843)
                                        Ben Sley (TX Bar No. 18500300)
                                        EGGLESTON KING DAVIS, LLP
                                        102 Houston Avenue
                                        Suite 300
                                        Weatherford, TX 76086
                                        Telephone: (703) 748-2266
                                        whit@ekdlaw.com
                                        ben@ekdlaw.com

                                        Jonathan M. Shaw*
                                        Gary M. Lawkowski*
                                        David A. Warrington*
                                        DHILLON LAW GROUP, INC.
                                        2121 Eisenhower Avenue, Suite 608
                                        Alexandria, VA 22314
                                        Telephone: (703) 748-2266
                                        Facsimile: (415) 520-6593
                                        jshaw@dhillonlaw.com
                                        glawkowski@dhillonlaw.com

                                        ATTORNEY FOR PLAINTIFFS

                                        Glenn Bellamy*
                                        WOOD HERRON & EVANS
                                        600 Vine Street, Suite 2800
                                        Cincinnati, OH 45202
                                        Telephone: 513-707-0243
                                        gbellamy@whe-law.com

                                        ATTORNEY FOR PLAINTIFF
                                        NATIONAL ASSOCIATION OF
                                        GUN RIGHTS, INC.

                                        *Pro hac vice forthcoming

16

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

National Association for Gun Rights, Inc., et al

## DEFENDANTS

Merrick Garland, et al

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   N/A _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

(see attachment)

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government
  Plaintiff
- [●] 2  U.S. Government
  Defendant
- [ ] 3  Federal Question
  *(U.S. Government Not a Party)*
- [ ] 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [X] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | Liability | [ ] 367 Health Care/ | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability | [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 340 Marine | Injury Product | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and |
| | [ ] 345 Marine Product | Liability | | [ ] 880 Defend Trade Secrets | Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | Liability | **PERSONAL PROPERTY** | **LABOR** | Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle | [ ] 371 Truth in Lending | | **SOCIAL SECURITY** | Protection Act |
| [ ] 195 Contract Product Liability | Product Liability | [ ] 380 Other Personal | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 360 Other Personal | Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| | Injury | [ ] 385 Property Damage | [ ] 751 Family and Medical | [ ] 863 DIWC/DIWW (405(g)) | Exchange |
| | [ ] 362 Personal Injury - Medical Malpractice | Product Liability | Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [●] 899 Administrative Procedure |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | | Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [●] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§2201 and 2202 and 5 U.S.C. §706
Brief description of cause:
Challenge to ATF Interpretation of 26 USC §5845(b) re: "machinegun", seeking Declaratory & Injunctive Relief

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [●] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
Aug 4, 2023

SIGNATURE OF ATTORNEY OF RECORD
/s/ Whitney A. Davis

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Case 4:23-cv-00830-O Document 13-1 Filed 08/09/23 Page 19 of 19 PageID 38

# ATTACHMENT TO CIVIL COVER SHEET

**(c)** Attorneys (Firm Name, Address, and Telephone Number)

Whitney A. Davis (Texas Bar No. 24088430)
Benjamin Slay (Texas Bar No. 18500300)
EGGLESTON KING DAVIS, LLP
102 Houston Avenue, Suite 300
Weatherford, Texas 76086
Telephone: (817) 596-4200
Telecopy: (817) 596-4269
whit@ekdlaw.com
ben@ekdlaw.com


Gary M. Lawkowski*
Jonathan M. Shaw*
David Warrington*
Dhillon Law Group, Inc.
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
Telephone: (703)-574-1654
Telecopy: (703) 574-1654
glawkowski@dhillonlaw.com
jshaw@dhillonlaw.com
dwarrington@dhillonlaw.com

*Pro hac vice* application forthcoming