IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MERRICK GARLAND, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES, *et al.*, <br><br> Defendants. | Case No. 4:23-cv-00830-O |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

1

**SUMMARY**

The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") has, for some time, classified certain "forced reset trigger" devices as machineguns under the Gun Control Act. *See* 26 U.S.C. § 5845(b); Compl. Ex. F, ECF No. 13-6 (Report of Technical Examination RE: Rarebreed Firearms FRT-15). Plaintiffs in this case include three individuals ("Individual Plaintiffs") who own, would like to own, and/or sell one or more forced reset trigger devices. The Individual Plaintiffs seek both a temporary restraining order and preliminary injunction against prospective enforcement of federal law against them.

For several reasons, the Court should not grant this extraordinary relief. Plaintiffs have not shown a credible threat of enforcement against them that would justify preliminary emergency relief. ATF has no plans at this time to arrest or bring charges against the Individual Plaintiffs for possession of forced reset triggers, and Plaintiffs' evidence of ATF's history of enforcement focuses on major manufacturers and distributors like Rare Breed Triggers, LLC, the manufacturer of the FRT-15, as opposed to small-scale owners or sellers of these devices. *See United States v. Rare Breed Triggers, LLC*, 1:23-cv-000369-NRM-RML (E.D.N.Y. Jan. 25, 2023), ECF No. 11 (issuing a temporary restraining order against Rare Breed Triggers, LLC, which manufactures the FRT-15, from "engaging in any sales" of the FRT-15 or other forced reset trigger devices). In any event, the Court should follow the clear mandates of equity and decline Plaintiffs' inappropriate invitation to enjoin hypothetical federal prosecutions. Plaintiffs also have not demonstrated a threat of irreparable harm, since any civil or criminal enforcement at this time is unlikely and because the cost of defending against a hypothetical enforcement action cannot be considered irreparable. Finally, the balance of harms weighs against issuing an injunction given that ATF's enforcement of federal firearm laws protects public

2

safety.

## STANDARD OF REVIEW

The standard for a temporary restraining order is the same as the standard for a preliminary injunction. *Urb. Edge Net. Inc. v. Webber Mktg. & Consulting, LLC*, No. 3:22-cv-02021-M, 2023 WL 2825697, at *2 (N.D. Tex. Mar. 13, 2023). "A preliminary injunction is an extraordinary and drastic remedy" that should "never be awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (citation omitted). A plaintiff may obtain this "extraordinary remedy" only "upon a clear showing" that it is "entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The plaintiff must show (1) "a substantial likelihood of success on the merits," (2) "a substantial threat of irreparable injury," (3) "that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted," and (4) "that the grant of an injunction will not disserve the public interest." *Jordan v. Fisher*, 823 F.3d 805, 809 (5th Cir. 2016) (quoting *Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013)). The plaintiff must "clearly carr[y] the burden of persuasion on all four requirements." *Id.* (citation omitted); *see also, e.g.*, *Lake Charles Diesel, Inc., v. Gen. Motors Corp.*, 328 F.3d 192, 203 (5th Cir. 2003).

## ARGUMENT

I. **Plaintiffs Are Not Entitled to a Temporary Restraining Order for Multiple Threshold Reasons**

As an initial matter, Plaintiffs have not shown that they have standing to bring a pre-enforcement challenge. Pre-enforcement challenges require a plaintiff to "produce evidence of [1] an intention to engage in a course of conduct [2] arguably affected with a constitutional interest, but proscribed by statute, as well as [3] credible threat of prosecution." *Zimmerman v. City of Austin, Texas*, 881 F.3d 378, 391 (5th Cir. 2018) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014)). Here, Plaintiffs' claim fails at the outset because they have not demonstrated a credible threat that ATF will bring

charges against them based on their small-scale possession of reset trigger devices. *See Susan B. Anthony List*, 573 U.S. at 165 (remarking that an "imaginary or speculative" prospect of future enforcement is insufficient to confer standing (quoting *Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979))).

Plaintiffs identify no more "than a general threat of prosecution," which is insufficient to support a pre-enforcement injunction. *Parker v. D.C.*, 478 F.3d 370, 374 (D.C. Cir. 2007), *aff'd sub nom. D.C. v. Heller*, 554 U.S. 570 (2008). ATF has no current intention to arrest or bring charges against the Individual Plaintiffs. Moreover, Plaintiffs have not demonstrated a "history of past enforcement" in similar situations to indicate that future enforcement against these individuals is likely. *Susan B. Anthony List*, 573 U.S. at 164; *see McKay v. Federspiel*, 823 F.3d 862, 870 (6th Cir. 2016) (no threat of enforcement where "[t]here is simply no evidence in the current record that anyone has even been held in contempt—or even subject to contempt proceedings—for violating the challenged order"). ATF has focused its enforcement efforts against large-scale manufacturers and distributors of forced reset trigger devices like Rare Breed Triggers, LLC. *See United States v. Rare Breed Triggers, LLC*, 1:23-cv-000369-NRM-RML (E.D.N.Y. Jan. 25, 2023), ECF No. 11 (issuing a temporary restraining order against Rare Breed Triggers, LLC, which manufactures the FRT-15, precluding it from "engaging in any sales" of the FRT-15 or other forced reset trigger devices). Such actions do not raise the specter of enforcement against Individual Plaintiffs in particular. *See Blum v. Holder*, 744 F.3d 790, 798 (1st Cir. 2014) ("In assessing the risk of prosecution as to particular facts, weight must be given to the lack of a history of enforcement of the challenged statute to like facts . . . ."); *W.O. v. Beshear*, 459 F. Supp. 3d 833, 841 (E.D. Ky. 2020) (no relevant history of past enforcement where conduct subject to previous enforcement proceedings "was vastly different from the conduct which Plaintiffs seek to engage in"); *Plunderbund Media, L.L.C v. DeWine*, 753 F. App'x 362, 369–70 (6th Cir. 2018) (requiring plaintiffs to show "a history enforcement against" either "them or against *the type of online posts they make*" (emphasis added)).

Plaintiffs reference the execution of a search warrant (approved by a North Dakota judge) on Rare Breed Triggers, LLC's office, but that action was carried out only against that company that has sold tens of thousands of FRT-15s. And the *Rare Breed Triggers* case primarily focuses on charges of fraud, not just possession of machineguns. *See Rare Breed Triggers, LLC*, 1:23-cv-000369-NRM-RML, ECF No. 11 (finding probable cause for various instances of fraud, but not referring to the prohibition on sale or possession of machineguns generally). The Individual Plaintiffs here include a former owner of two forced reset trigger devices who intends to purchase more, Compl. ¶¶ 6–10, ECF No. 13, a current owner of ten forced reset trigger devices who intends to purchase more, *id.* ¶¶ 19–20, and a current forced reset trigger device owner who also partly owns a small firearms retail business that possesses and intends to continue selling forced reset trigger devices, *id.* at ¶¶ 14–16. They point to no similar enforcement actions that have been carried out against individual small-scale owners and sellers of forced reset triggers like them.

Instead, Plaintiffs identify a single warning notice issued to one Plaintiff, Patrick Carey, a year ago, explaining to Mr. Carey that possession of a forced reset trigger device is unlawful. *See id*. ¶ 8. Mr. Carey already voluntarily surrendered his forced reset triggers in response to that notice. *Id.* ¶ 9. Because he is not currently in possession of a forced reset trigger, Plaintiff Carey falls short of demonstrating the material threat of prosecution necessary to warrant this Court's preemptive intervention. *See* ECF No. 13-1, at 3 ("Continued possession of any of the devices could result in prosecution for criminal violations of Federal law as well as potential State criminal violations. Any future purchase or possession of such devices may subject you to prosecution as well."). The other two Individual Plaintiffs have not alleged that they have been contacted by ATF.

Moreover, ATF's historic practice of issuing "warning notices" to individuals who possess a forced reset trigger suggests that, prior to initiating any actual enforcement action against them or conducting a seizure, ATF is likely to provide a similar warning

notice to Plaintiffs. Indeed, ATF agrees to notify this Court prior to issuing any such warning notice or taking other enforcement action against the Individual Plaintiffs in this case, at least until the Court has an opportunity to rule on Plaintiffs' motion for a preliminary injunction.

Even apart from the speculative nature of Plaintiffs' allegations, Individual Plaintiffs' request that the Court restrain the federal government from investigating and, potentially, prosecuting a violation of federal law is contrary to long settled principles constraining courts' equitable powers. *If* a person is subject to prosecution, federal criminal procedure provides a host of opportunities to test the lawfulness of the government's exercise of prosecutorial authority. But seeking to restrain that authority through a preemptive civil injunctive action is not appropriate. "It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions." *Trump v. United States*, No. 22-13005, 2022 WL 4366684, at *9 (11th Cir. Sept. 21, 2022); *see also Douglas v. City of Jeannette*, 319 U.S. 157, 163 (1943). This is so, in part, because "the executive branch 'has exclusive authority and absolute discretion to decide whether to prosecute a case.'" *Stolt-Nielsen, S.A. v. United States*, 442 F.3d 177, 183 (3d Cir. 2006), as amended (May 16, 2006) (quoting *United States v. Nixon*, 418 U.S. 683, 693 (1974)). Accordingly, courts may not enjoin future indictments or prosecutions in light of "separation-of-powers concerns." *Id.* at 187; *see also United States v. Cox*, 342 F.2d 167, 171 (5th Cir. 1965) (en banc) ("It follows, as an incident of the constitutional separation of powers, that the courts are not to interfere with the free exercise of the discretionary powers of the attorneys of the United States in their control over criminal prosecutions."); *Ackerman v. Int'l Longshoremen's & Warehousemen's Union*, 187 F.2d 860, 868 (9th Cir. 1951) ("That equity will stay its hand in respect to criminal proceedings, always when they are pending, and ordinarily when they are threatened, is a rule of wide and general application under our legal system.") (collecting authorities).

Moreover, "[p]rospective defendants cannot, by bringing ancillary equitable proceedings, circumvent federal criminal procedure," including federal investigations and prosecutions, *Deaver v. Seymour*, 822 F.2d 66, 71 (D.C. Cir. 1987), whether actual or, as here, hypothetical, *see id.* at 69–71 (upholding denial of motion for preliminary injunction against indictment, where plaintiff contended indictment would be beyond the authority of the independent counsel), *application for stay denied*, *Deaver v. United States*, 483 U.S. 1301, 1303 (1987) (Rehnquist, C.J., in chambers) ("There will be time enough for applicant to present his constitutional claim to the appellate courts if and when he is convicted of the charges against him.").

Indeed, these questions urged by Plaintiffs have already been rejected in similar circumstances. In *Rare Breed Triggers, LLC v. Garland*, No. 6:21-cv-1245-CEM-GJK, 2021 WL 7543623 (M.D. Fla. Aug. 5, 2021), the manufacturer of the FRT-15 at issue here sought a temporary restraining order against ATF to preclude it from enforcing its decision that the FRT-15 is a machinegun. *Id.* at 7. The Court noted that "the normal thing to do when federal courts are asked to enjoin pending [criminal] proceedings in state courts is not to issue such injunctions," *id.* at *2 (quoting *Younger v. Harris*, 401 U.S. 37, 45 (1971), and citing *Thomas v. Shroff*, No. 21-CV-0450 (LLS), 2021 WL 707007, at *2 (S.D.N.Y. Feb. 19, 2021) (collecting cases)); *see also, e.g.*, *Ceglia v. Zuckerberg*, 600 F. App'x 34, 37–38 (2d Cir. 2015) (recognizing that "a court may civilly enjoin a criminal prosecution only 'when absolutely necessary for protection of constitutional rights,' and only 'under extraordinary circumstances, where the danger of irreparable loss is both great and immediate' and finding that "[g]enerally, no danger exists where the defendant has the opportunity to offer a defense in the [federal] criminal prosecution." (quoting *Younger*, 401 U.S. at 45)); *Deaver*, 822 F.2d at 69 (D.C. Cir. 1987) ("[I]n no case that we have been able to discover has a federal court enjoined a federal prosecutor's investigation or

presentment of an indictment."); *Thomas*, 2021 WL 707007, at *3 (explaining that "when asked to intervene in pending federal criminal proceedings, courts have inevitably refused" due to equity considerations underlying *Younger*).

For all these reasons, the Court should reject Plaintiffs' request that the Court enjoin hypothetical future law enforcement action that has not been threatened and would not be appropriate for equitable relief in any event.

## II.     Plaintiffs Do Not Face a Substantial Threat of Irreparable Injury

For related reasons, Plaintiffs have failed to demonstrate a substantial threat of irreparable injury. As explained above, ATF has no plans to arrest or bring charges against the individual Plaintiffs. Thus, there is no substantial threat of injury, irreparable or otherwise, at this time. Furthermore, "[c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term." *Younger*, 401 U.S. at 46. To the extent Individual Plaintiffs claim that they will suffer irreparable injury based on the hypothetical consequences of a hypothetical criminal prosecution or other enforcement action, such injuries do not create a substantial threat of irreparable harm. Likewise, there is no irreparable harm from a hypothetical seizure of Plaintiffs' property—although, again, ATF has no plans to seize Plaintiffs' property in the immediate future. Any seized property could be returned, either as a result of a forfeiture action or some other proceeding (*e.g.*, a motion under Federal Rule of Criminal Procedure 41(g)), so the loss of property would not be irreparable. Finally, Individual Plaintiffs ask the Court to enjoin ATF "from requesting that Plaintiffs . . . voluntarily surrender any forced reset triggers in their possession." ECF No. 17 at 1. But

Individual Plaintiffs do not explain how they would suffer irreparable harm from being "request[ed]" to do something "voluntarily."[1]

### III. The Balance of Harms Weighs Against a Temporary Restraining Order

The two final prongs of the temporary restraining order analysis—assessing the harm to plaintiff and weighing the public interest—"merge" when "the government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). The Court must "pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

As explained above, Individual Plaintiffs' asserted injuries are hypothetical, and principles of equity do not permit injunctions against criminal prosecutions. *See Christoforu v. United States*, 842 F. Supp. 1453, 1456 (S.D. Fla. 1994); *see also Younger*, 401 U.S. at 46 (recognizing that the cost of criminal prosecution to the accused party is not an "irreparable" injury). On the other hand, issuing a temporary restraining order purporting to block the initiation of actions that ATF has no present intent to pursue would simply cause confusion.

To the extent the Court concludes that there is some risk that the government would initiate actions against Individual Plaintiffs notwithstanding ATF's indication that

---

[1] Plaintiffs also have not carried their burden of demonstrating a substantial likelihood of success on the merits of their claim. Plaintiffs argue that forced reset trigger devices are not "machineguns" under 26 U.S.C. § 5845(b) as interpreted by the Fifth Circuit. *See Cargill v. Garland*, 57 F.4th 447, 463 (5th Cir. Jan. 6, 2023) (en banc) (ruling that bump stocks are not machineguns), *pet. for cert. filed*, No. 22-976 (2023). *But see Guedes v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 45 F.4th 306, 319 (D.C. Cir. 2022) (ruling that bump stocks are machineguns), *pet. for cert. filed*, No. 22-1222 (2022). Plaintiffs are incorrect. As Defendants will explain in detail in opposition to Plaintiffs' motion for a preliminary injunction and with the benefit of supporting documentation, forced reset triggers are correctly classified as machineguns under Section 5845(b) and the Fifth Circuit's *Cargill* decision. Defendants reserve further argument on this point.

it currently has no such plans, enjoining such actions would undermine the government's interest in enforcing federal law that prohibits the possession of machineguns for the protection of public safety. In the event that ATF in the future concludes that it is appropriate to take action against Individual Plaintiffs based on the circumstances then present, preventing the government from doing so imposes harms that outweigh any possible harm to Individual Plaintiffs, who could defend against such actions in the usual course. *See, e.g.*, *Proctor v. Dist. of Columbia*, 310 F. Supp. 3d 107, 117 (D.D.C. 2018) (public safety justification supported balancing the equities in favor of governmental defendants). Public safety would be jeopardized by the injunction Individual Plaintiffs seek, as the government has a strong and continuing interest in being able to enforce its laws restricting the possession and sale of deadly machine guns if the circumstances warrant pursuit of an action. *See Aposhian v. Barr*, 958 F.3d 969, 991 (10th Cir.), *vacated sub nom. Aposhian v. Wilkinson*, 989 F.3d 890 (10th Cir. 2021), *opinion reinstated*, 989 F.3d 890 (10th Cir. 2021) (holding that "the public has a strong interest in banning the possession and transfer of machine guns" based on "the safety of the public in general," "the safety of law enforcement officers," and the safety of "first responders"). While the Individual Plaintiffs argue that they do not pose a threat to public safety by virtue of their possession of forced reset triggers, they provide no explanation for why the government's general public safety concerns would apply any less readily to them than other individuals who possess deadly machineguns. Nor can they guarantee that their ownership of such devices will not create public health hazards, such as by misuse by another individual who obtains access to them, or by sale to another who uses the weapon to carry out a large-scale attack. For these reasons, the merged public-interest and balance-of-equities prongs favor denying Plaintiffs' requested temporary restraining order.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion for a temporary restraining order. In the event the Court grants Plaintiffs' motion, relief should extend no further than the three Individual Plaintiffs, as requested in that motion.

DATED: August 21, 2023                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEX HAAS
Branch Director

BRIGHAM J. BOWEN
Assistant Branch Director

/s/ *Michael P. Clendenen*
MICHAEL P. CLENDENEN
LAURA B. BAKST
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone:  (202) 305-0693
E-mail:  michael.p.clendenen@usdoj.gov

*Counsel for Defendants*

## Certificate of Service

On August 21, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ *Michael P. Clendenen*