IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MERRICK GARLAND, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES, *et al.*,<br><br>Defendants. | Case No. 4:23-cv-00830-O |

## NOTICE OF COMPLIANCE

Defendants respectfully submit this Notice of Compliance to inform the Court of actions taken by the Defendants to comply with the October 7, 2023 Opinion & Order granting Plaintiffs' Motion for a Preliminary Injunction, ECF No. 53 ("Order").

1. On October 7, 2023, the Court preliminarily enjoined Defendants from undertaking certain enumerated actions related to a forced reset trigger device ("FRT") against "the Individual Plaintiffs and their immediate families,"[1] National Association for Gun Rights, Inc. ("NAGR"), Texas Gun Rights, Inc. ("TGR," and, together with NAGR, the "Associational Plaintiffs"), Associational Plaintiffs' members, "and the downstream customers of any commercial member of an [Associational] Plaintiff." Order at 42-43. In doing so, the Court emphasized that it "declines Plaintiffs' invitation to extend the scope of the injunctive relief nationwide based on recent Fifth Circuit guidance." Order at 43. The Court further explained that the limitation of the injunction "just to these Plaintiffs"

---

[1] The Individual Plaintiffs are Patrick Carey, Travis Speegle, and James Wheeler. Order at 6.

1

minimized Defendants' public safety concerns that would arise from an order prohibiting "*all* potential enforcement actions against anyone." *Id.* at 41 n.95. The Preliminary Injunction does "not extend to any individual prohibited from possessing firearms under 18 U.S.C. § 922(g)." *Id.* at 45. Finally, to avoid "trenching upon the E.D.N.Y. Decision" in *United States v. Rare Breed Triggers, LLC*, No. 23-cv-369 (NRM) (RML), the Court "further narrowed" the injunction "by carving out" from its scope the manufacturers and their affiliates subject to the E.D.N.Y. Decision. Order at 43-44.

2. Undersigned counsel has consulted with ATF, and ATF advises that following the Court's Order, and beginning on October 8, 2023, it took various steps to ensure compliance with the Preliminary Injunction. This has included notifying its Office of Field Operations that any FRT-15 and Wide Open Trigger ("WOT") related recall efforts targeting individuals or entities named as Plaintiffs or known to be members of the Associational Plaintiffs should be stopped unless an individual is not covered by the Preliminary Injunction due to being a prohibited person under 18 U.S.C. § 922(g). As part of this effort, the Office of Field Operations was also provided with a list of known Associational Plaintiff members along with their geographic location. ATF has confirmed that all of the relevant field offices have stopped enforcement and recall efforts against known members of the Associational Plaintiffs, as well as the named Plaintiffs. The ATF Destruction Branch was also instructed not to destroy any FRT-15 and WOT devices in their possession.

3. To further ensure compliance with the Court's Order, ATF's Acting Chief of the Frontline Investigative Support Branch (Field Management Staff) sent a written notice to all ATF field offices, including all ATF Office of Field Operations Senior Executives, all Special Agents in Charge, all Assistant Special Agents in Charge, all field Special Agent supervisors (i.e., all Resident Agents in Charge and Group Supervisors), all Field Operations' Division Operations Officers, and all Crime Gun Intelligence Center Supervisors. That written notice stated that a Preliminary Injunction has been entered to enjoin the following actions against those covered by the injunction:

- Criminal prosecution for possession of FRTs;

- Civil proceedings for possessing, selling, or manufacturing [FRTs] based on the claim they are machineguns;

- Criminal prosecutions for representing to the public of potential buyers and sellers that FRTs are not machineguns;

- Civil action for representing to the public of potential buyers and sellers that FRTs are not machineguns;

- Sending "Notice Letters" or other similar communications stating FRTs are machineguns;

- Requesting "voluntary" surrender of FRTs to the government based on the claim FRTs are machineguns;

- Destroying any previously surrendered or seized FRTs; and

- Otherwise interfering in the possession, sale, manufacture, transfer or exchange of FRTs based on the claim they are machineguns.

4. Notably, ATF does not possess a list of all Associational Plaintiff members or downstream customers of any commercial Associational Plaintiff member. Furthermore, no such lists appear to be publicly available, and Plaintiffs are unwilling to provide such lists, *see* Ex. 1 (10/16/23 email). As such, the Acting Chief of Field Management Staff's notice identified the names and locations of all known entities and individuals covered by the Preliminary Injunction, namely the Individual Plaintiffs, Associational Plaintiffs, and the Associational Plaintiff members who submitted Declarations in this case:

- National Association for Gun Rights
- Texas Gun Rights, Inc.
- James "J.R." Wheeler (of Crandell, Texas)
- Travis Speegle (of Austin, Texas)
- Patrick Carey (of Zachary, Louisiana)
- John Kordenbrock (of North Las Vegas, Nevada)
- Lance Benton (of Fort Worth, Texas)
- Ryan Flugaur (of Northern Colorado – city unknown)

3

- Lane Watkins (of Buckeye, Arizona)
- Chris McNutt (of Dallas-Forth Worth, Texas)
- William Carey (of Clarks Summit, Pennsylvania)

5.  All ATF field agents were further instructed that, should an individual or entity claim to be a member of an Associational Plaintiff or a downstream customer of a commercial member of an Associational Plaintiff, they should contact field counsel immediately. In such instances, field counsel is instructed to advise that any enforcement activities related to FRT-15 or WOT devices against that individual or entity must be stopped if the person is not prohibited from possessing firearms. Although an ATF field agent may ask for the individual or entity to voluntarily provide supporting documents showing membership, if they refuse to provide any such proof, counsel is to advise the ATF agent to still refrain from any enforcement effort so that ATF can contact Plaintiff's counsel to confirm membership status.

6.  Counsel for Plaintiffs has notified undersigned counsel that they believe NAGR members have been contacted by ATF agents in violation of the Preliminary Injunction. Counsel for Plaintiffs provided the name and location of one such individual, who had not submitted a declaration in this case. Upon learning of that individual's membership status, ATF immediately contacted field operations to inform the ATF agent handling the matter and to instruct him to desist any enforcement activities directed at the identified NAGR member.

7.  Counsel for Plaintiffs did not provide the names of the other unidentified NAGR members claimed to have been subject to improper enforcement actions. Ex. 1 (10/12/23 email; 10/16/23 email). As to those members, counsel for Plaintiffs provided only limited, partially identifying information about the agents alleged to be undertaking enforcement actions. *Id.* Had Plaintiffs' counsel provided the names of the members referenced in their communications, Defendants would have immediately desisted any enforcement actions against them. However,

4

information about the agents alleged to be taking enforcement actions alone is insufficient because, even if ATF is able to identify the agents based on the information provided, ATF cannot determine which of the agents' actions must be desisted without knowing the identity of the recipients purportedly covered by the Preliminary Injunction. Nor can ATF validate that such recipients are properly covered by the Preliminary Injunction and not otherwise excluded based on, for example, being a prohibited person under 18 U.S.C. § 922(g), without knowing their identity.

8. For this reason, undersigned counsel requested that Plaintiffs' counsel provide a list of the Associational Plaintiffs' members that are covered by the Preliminary Injunction. Ex. 1 (10/13/23 email). Counsel for Plaintiffs refused to do so.

9. To ensure compliance with the Court's Preliminary Injunction, ATF is thus continuing to instruct its agents not to take any of the actions enumerated in the Order against any individual or entity known to be covered by the Preliminary Injunction. Unless Plaintiffs are willing to provide ATF advance notice of those covered by the Preliminary Injunction, *e.g.*, by sharing membership lists or lists of members at the time the injunction issued who state that they possess these devices and seek the protection of the injunction, ATF cannot guarantee that agents will not inadvertently contact persons subject to the Preliminary Injunction. ATF has accordingly instructed ATF officials to refrain from taking enforcement actions against an individual or entity when ATF is provided with information that they are covered by the Court's Preliminary Injunction. This approach preserves ATF's ability to continue its ordinary activities related to FRTs as to those not covered by the injunction while also ensuring that, when a covered individual or entity makes themselves known to ATF, the protection of the Court's injunction will be fully and promptly effectuated.

DATED: October 20, 2023          Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEX HAAS
Branch Director

BRIGHAM J. BOWEN
Assistant Branch Director

/s/ *Laura B. Bakst*
LAURA B. BAKST
MICHAEL P. CLENDENEN
ALEXANDER W. RESAR
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone:   (202) 514-3183
E-mail:   laura.b.bakst@usdoj.gov

*Counsel for Defendants*

### Certificate of Service

On October 20, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ *Laura B. Bakst*