**DECLARATION OF MR. JAMES JOSEPH ROSS WHEELER**

1. My name is James Joseph Ross ("J.R.") Wheeler. I reside in Crandall, Texas.

2. I am a U.S. citizen. I have never been charged with or convicted of a felony. I am able to legally purchase and possess firearms.

3. I also have a Federal Firearms License and am the 50% owner of a small business selling firearms and ammunition.

4. I am aware that the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") has claimed that forced reset triggers qualify as "machineguns."

5. In the past, I have owned and sold forced reset triggers.

6. In my experience, I would place the pre-installation and tuned value of a forced reset trigger at approximately $425.

7. I intend to continue to buy and sell forced reset triggers. However, I am chilled from doing so by the government's interpretation of "machinegun," and am not willing to risk civil or criminal prosecution for doing so.

8. In addition, I currently personally own 1 forced reset trigger. My business has 2 forced reset triggers in its inventory.

9. I would like to continue to own and possess forced reset triggers. However, I am concerned that by doing so, I place myself at risk of having my property seized by the federal government.

10. If I am not able to obtain judicial relief, I will be forced to surrender 3 forced reset triggers, valued at approximately $1,275 to the ATF.

01

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on July _28_, 2023.

By: _____
Mr. James Joseph Ross Wheeler

02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**_____ DIVISION**

NATIONAL ASSOCIATION FOR GUN )
RIGHTS, INC., ET AL., )
)            Case No. _____
            Plaintiffs, )
    v. )
)
MERRICK GARLAND, )
IN HIS OFFICIAL CAPACITY AS )
ATTORNEY GENERAL )
OF THE UNITED STATES, ET AL, )
)
            Defendants. )
_____)

**DECLARATION OF MR. TRAVIS SPEEGLE**

1.  My name is Travis Speegle.  I reside in Austin, Texas.

2.  I am a U.S. citizen.  I have never been charged with or convicted of a felony.  I am able to legally purchase and possess firearms.

3.  I am aware that the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") has claimed that forced reset triggers qualify as "machineguns."

4.  I currently own 10.

5.  I would like to continue to own, possess, and enjoy the use of my forced reset triggers. However, I am concerned that by doing so, I place myself at risk of having my property seized by the federal government.

6.  If I am not able to obtain judicial relief, I will be forced to surrender 10 forced reset triggers, valued at approximately $4,000.00 to the ATF.

7.  In addition, I intend to purchase additional forced reset triggers.  I am currently unable to do so due to the ATF's interpretation, which places myself and anyone who sells a forced reset trigger to me at risk of civil and/or criminal prosecution.

03

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on July 18, 2023.

By: _____
Mr. Travis Speegle

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**_____ DIVISION**

NATIONAL ASSOCIATION FOR GUN    )
RIGHTS, INC., ET AL.,    )
    )    Case No. _____
            Plaintiffs,    )
    )
    v.    )
    )
MERRICK GARLAND,    )
IN HIS OFFICIAL CAPACITY AS    )
ATTORNEY GENERAL    )
OF THE UNITED STATES, ET AL,    )
    )
            Defendants.    )
    )

**DECLARATION OF MR. PATRICK CAREY**

1. My name is Patrick J. Carey.  I reside in Zachary, Louisiana.

2. I am a U.S. citizen.  I have never been charged with or convicted of a felony.  I am able to legally purchase and possess firearms.

3. Prior to August 22, 2022, I purchased and owned two "FRT-15—Rarebreed Trigger."

4. The purchase price for each FRT-15 was $ _300/450_ .

5. On August 22, 2022, agents from the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") visited my house.  They provided me with a letter asserting that that "ATF has information that you have acquired one or more Forced/Hard Reset Trigger (FRT) devices," that "[t]hese items have been classified as machineguns that were unlawfully manufactured.  Possession of these devices is a violation of law due to their illegal manufacture," and that "*the unlawful receipt and possession of any of these devices is a felony violation of Federal law*" (emphasis in the original).  A true and correct copy of this letter is attached to this Declaration.

05

6. In response to the ATF's assertion that the continued possession of a forced reset trigger is a felony violation of federal law, and in fear of civil or criminal prosecution, I surrendered two FRT-15 forced reset triggers to the ATF. A true and correct copy of the "Consent to Forfeiture or Destruction of Property and Waiver of Notice" form is attached to this Declaration.

7. I did not want to get rid of my FRT-15 forced reset triggers. I would like to own forced reset triggers. I would like to purchase new forced reset triggers. But for the ATF's threat of federal prosecution, I would purchase new forced reset triggers.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on July 28, 2023.

By: _____
Mr. Patrick J. Carey

*985-201*
*Ind ops —*
*IOI*
*Local Domrg*

**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*[Baton Rouge] Field Division*

*[Date]8-22-22*

www.atf.gov

TO:  Patrick Carey
     5016 Knight Drive
     Zachary, LA

## WARNING NOTICE

# YOU MAY BE IN VIOLATION OF FEDERAL LAW

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) is responsible for enforcing Federal firearms laws. ATF has information that you have acquired one or more Forced/Hard Reset Trigger (FRT) devices [*Insert exact description of purchased item(s) if available*] from Gunbroker.com account "RifleRemedy2000". These items have been classified as machineguns that were unlawfully manufactured. Possession of these devices is a violation of law due to their illegal manufacture. As such, due to their illegal manufacture, the registration of these devices in the National Firearms Registration and Transfer Record (NFRTR) is also a violation of law.

*This letter officially notifies you that the unlawful receipt and possession of any of these devices is a felony violation of Federal law and devices that are unlawfully received or possessed are subject to seizure and forfeiture by the Federal government. Continued possession of any of the devices could result in prosecution for criminal violations of Federal law as well as potential State criminal violations. Any future purchase or possession of such devices may subject you to prosecution as well.*

The National Firearms Act (NFA), Title 26 U.S.C. Section 5845(b), defines the term "machinegun" as:

> "…any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person."

1

07

The Gun Control Act of 1968, as amended, Title 18, U.S.C. Section 922(o), prohibits an individual from possessing or transferring any machinegun not lawfully possessed prior to May 19, 1986. Federal regulation at Title 27 C.F.R. Section 479.105(c) generally permits qualified importers or manufacturers to manufacture or import machineguns after May 19, 1986, for sale or distribution to the government. However, it has been determined that these FRT machineguns, at least one of which is in your possession, were not lawfully manufactured pursuant to this regulation. Therefore, it is not lawful for you to possess the FRT machinegun(s).

Immediately contact your local ATF office at [*phone number*] within 30 days of receipt of this letter to coordinate the abandonment of any, and all, of the FRT machinegun(s) described above.

Thank you for your prompt attention to this matter.

Sincerely yours,

[*J. Hutchison*]
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives
[Baton Rouge] Field Division

2

# DECLARATION OF MICHAEL COLUMBO

I, Michael Columbo, have personal knowledge of the following facts set forth below, and if called as a witness I would testify as follows:

1.      I am an attorney with Dhillon Law Group and represent Rare Breed Triggers, LLC, Rare Breed Firearms, LLC, Lawrence DeMonico, and Kevin Maxwell in their ongoing litigation with the Department of Justice in *United States of America v. Rare Breed Triggers, LLC, et. al.*, Case No. 1:23-cv-369-NRM-RML.

2.      The facts set forth in this declaration are based on my personal knowledge obtained from direct communication with Assistant United States Attorneys.

3.      During a phone call on July 11, 2023, with Assistant United States Attorneys related to the aforementioned litigation, they represented to me that elements within the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and Department of Justice are "chomping at the bit" to seize certain forced-reset triggers in the possession of Rare Breed Triggers, LLC, including triggers located in a Rare Breed Triggers, LLC, office in Fargo, North Dakota.

4.      On August 4, 2023, I received an email from Assistant U.S. Attorney Michael Blume of the U.S. Attorney's Office for the Eastern District of New York stating that "a search was conducted" at the office of my client, Rare Breed Triggers, LLC, in Fargo, North Dakota, earlier that day. My clients confirmed that that ATF executed a search warrant at that office and that the ATF seized the forced reset triggers that were stored there.

09

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on August 9, 2023.

By:    _____

Michael Columbo

10

# DECLARATION OF COLE LELEUX

Pursuant to 28 U.S.C. § 1746 I, Cole Leleux, declare under penalty of perjury that the following

is true and correct to the best of my present knowledge, information and belief:

1. I am currently the CEO of Spike's Tactical, an AR-15 Manufacturer

2. I directed the creation of two videos at the request of Rare Breed Triggers.

3. One video shows a Spike's Tactical receiver assembled into an AR-15 and fitted with a FRT-15 Rare Breed forced reset trigger. The receiver is milled out to make the internal mechanisms readily visible. This alteration did not impact the function of the trigger or receiver.

4. The firearm described above is mounted in device that attaches to the buffer tube. That device was then mounted in a common vice. The vice was attached to a fabricated wood sled. All of this was an attempt to mount the firearm and weight it down so that the natural recoil of the firearm would not confuse the viewer or inhibit their ability to see the triggers movement that causes the function.

5. There is still some minimal bounce and movement of the firearm as mounted but no so much as to make it hard to tell that the trigger is in fact moving.

6. The video depicts the trigger in the firearm described above being pulled.

7. The description of what the video of the AR-15 with the FRT-15 installed shows is as follows:

   a. The video starts with the bolt carrier moving to the rear. This rearward movement causes the bolt carrier to push the hammer down into the trigger.
   b. When the hammer pushes down on the trigger it forces trigger forward to the reset position.
   c. Once the trigger has been forced forward a locking bar pivots into a locked position preventing the shooter from being able to pull the trigger.
   d. Once the locking bar is in position preventing a pull of the trigger that could cause a function, the carrier is returned forward by the buffer spring.
   e. As the carrier is moving forward once it is past the hammer (meaning the carrier is no longer actively pushing down on the hammer) you can see the trigger move slightly to the rear.
   f. This rearward movement is the take up being removed from the trigger. In this moment (pictured below), the hammer is captured by the trigger sear surface just as it is with any other standard AR-15 Semi-Automatic trigger

11



    g. As the carrier continues to move forward it moves into a substantially in battery position. At that time the bolt carrier hits the locking bar which pivots it out of the locked position.

    h. At this point the trigger can be pulled causing it to function. When the trigger is pulled the sear surface that makes contact with the hammer notch rotates down and the hammer is then free to move forward under spring pressure striking the next round.

    i. With the trigger reset being forced with greater force than a standard AR-15 trigger (which is forced forward with a spring) the reset is much faster and allows for much faster follow up shots.

    j. Both the FRT-15 and any standard AR-15 Semi-Automatic operate by the trigger being pulled causing the function of the trigger sear surface to release the hammer.

8. While firing the firearm, the shooter's finger moved to the rear and again to the forward reset position for each round that was fired. As shown in the video, the trigger also moved to the rear and to the forward reset position for each round that was fired.

9. I repeated this same experiment with a legally registered machinegun.

10. This machinegun was mounted using the same procedure described above for the AR-15 firearm fitted with a forced reset trigger.

11. The machinegun being fired is depicted in the video.

**12**

12. This video shows the trigger being pulled once causing it to function and multiple rounds being expelled from the machinegun with that one function of the trigger.

13. While firing the machinegun, the shooter's finger did not move for each round that was fired. As shown in the video, the trigger did not move forward and back to the reset position for each round that was fired as it must with an FRT-15.

Executed on July 25, 2023.

By: _____

Mr. Cole Leleux

## DECLARATION OF DANIEL G. O'KELLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

I declare under penalty of perjury the following:

1. I have been retained by the Plaintiffs in this case as an expert witness on firearms and Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") procedure.

2. My curriculum vitae is attached hereto as Attachment A.

3. I am the owner and founder of International Firearm Specialist Academy, Inc. in Grand Island, Florida.

4. The facts set forth in this declaration are based on (1) my personal knowledge; knowledge obtained in my role as owner and Director of International Firearm Specialist Academy; (2) knowledge obtained in my 23 years of service as a Special Agent with the ATF; (3) knowledge obtained in my 46 years of professionally handling and analyzing firearms; (4) knowledge obtained from handling and reviewing the Rare Breed Triggers FRT-15 directly and from reviewing its patent and design specifications;(5) knowledge obtained from reviewing the design specifications for the Wide Open Trigger ("WOT") and Powered By Graves ALAMO-15 trigger ("ALAMO"); (6) knowledge obtained from reviewing the ATF's reports on the FRT-15, including its reports from July 15, 2021, and its report from April 27, 2023; and (7) knowledge obtained from reviewing the ATF's reports on the Wide Open Triggers WOT from October 21 , 2021, and January 13, 2023, and report on the Powered By Graves ALAMO-15 from April l, 2022. This report is for the purpose of explaining the function of the FRT-15 and the WOT, and the issues with the ATF's analysis of both trigger systems, specifically the ATF's analysis in the July 15, 2021, report and in the April 27, 2023, report. Prior to this report, I produced two other reports concerning the FRT-15. One regarded its function and design (attached as Attachment B) and the other addressed the ATF's July 15, 2021, report (attached as Attachment C).

5.    For this Declaration, I relied on the statutory definition of a "machinegun" as set forth in 26 U.S.C. § 5845(b):

> The term "machinegun" means any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

6.    The FRT-15, the WOT, and the ALAMO triggers are the three most popular forced reset triggers to have been commercially produced and sold. For the purposes of this report, I am focusing on the FRT-15's design and the ATF's reports analyzing the FRT-15. This is for the sake of efficiency and ease of understanding because all of my analysis of the FRT-15 regarding its design, operation, and mechanical function applies to the WOT and ALAMO triggers as well. These trigger systems share a substantially similar design such that my analysis of the FRT-15 is also descriptive of the WOT without the need for modification. Similarly, all of my analysis and criticism of the ATF's reports examining the FRT-15 and ATF's opining that it is a machinegun also applies to the ATF's reports examining the WOT and ALAMO and ATF's opining that they are machineguns. The ATFs reports examining these trigger systems employ the same analysis for all of the designs, engage in the same mischaracterizations of the systems' design and operation, and use the same misleading verbiage to inaccurately portray the systems as enabling automatic fire, despite the physical impossibility of the systems doing so due to their shared design features in which a single function of the trigger shoots only one shot, not more than one shot. *See* definition of "machinegun", *supra.*, 26 U.S.C. § 5845(b).

## The FRT-15 is a Semiautomatic, Non-Machinegun Trigger System

7.     The primary distinction between a semiautomatic firearm and a full-automatic firearm is that a semiautomatic firearm requires the shooter to depress the trigger, causing it to function, separately for each round it fires, whereas an automatic firearm allows the shooter to depress (function) the trigger once to fire multiple shots.  As the U.S. Fifth Circuit Court of Appeals recently pointed out, "[t]he traditional example of a machinegun[] is a rifle capable of automatic fire, like the M-16. Semi-automatic rifles like the AR-15 are not machineguns." *Cargill v. Garland*, 57 F.4th 447, 452 (5th Cir. 2023) (en banc), *petition for cert. filed* (Apr. 6, 2023) (No. 22-976) (footnote omitted); *see also See Hollis v. Lynch* , n.2 (5th Cir. 2016) (The M-16 "is capable of automatic fire, that is to say, firing more than one round per trigger-action . . . . The AR-15 is essentially a semi-automatic version of the M-16, that is to say, it fires only one shot per trigger-action."). In *Cargill*, the Fifth Circuit held that use of a mechanical bump stock with a semiautomatic rifle did **not** make a semiautomatic rifle a machinegun. Thirteen of sixteen members of the Fifth Circuit agreed in the *en banc* decision that "an act of Congress is required to prohibit bump stocks" based upon the existing statutory definition in 26 U.S.C. Sec. 5845(b).


8.     With a semiautomatic trigger, one depression results in one shot fired when the trigger functions—assuming the firearm is not in its "safe" condition, in which the trigger does not function even if the trigger is depressed. After each shot, the trigger must reset by moving forward to its original position. Both the depression of the trigger causing a release of the hammer, and its reset causing re-engagement with the hammer are functions of the trigger that are necessary for a semiautomatic firearm to fire one shot. A semiautomatic firearm cannot fire more than one shot from a single function of the trigger.

3

16

9.     The FRT-15 is a semiautomatic trigger and thus requires the shooter to depress the trigger separately, causing a single function of the trigger for each shot he fires. As with any other semiautomatic trigger, the FRT-15 also requires the trigger to reset by moving forward to its original position after each shot. It cannot fire more than one shot from a single function of the trigger. This analysis comports with the Fifth Circuit analysis in *Cargill* in which the Court stated: "In summary, a bump stock combines with a semi-automatic weapon to facilitate the repeated function of the trigger. To be sure, it makes the process faster and easier. But the mechanics remain exactly the same: the firing of each and every shot  requires an intervening function of the trigger. This does not alter the form of manual input that the user must provide to discharge the weapon. Without a bump stock or the use of an alternative bump technique, the user must provide manual input by pulling the trigger with the muscles of his trigger finger. With a bump stock, the shooter need not pull and release his trigger finger. But the shooter must still apply forward pressure to the weapon's forebody in order to maintain the shooting mechanism. Again, the manual input remains, even though its form changes." *Cargill v. Garland*, 57 F.4th at 454.

10.    In a typical AR-15 type semiautomatic firearm, and all other modern firearms, the trigger resets to its original position due to forward pressure from a trigger-return spring. This spring puts constant forward pressure on the trigger. To depress the trigger and fire a shot, the shooter must overcome this spring's pressure by the rearward pull of his trigger finger, causing it to release a hammer (or striker).

11.    To reset the trigger after firing, a shooter can either break contact with the trigger to allow the trigger- return spring to push it forward or lessen his rearward pressure on the trigger. The latter is preferred practice when firing two or more shots rapidly to avoid "trigger slap" and increase accuracy.

4

12.     The only difference between the FRT-15 and a traditional semiautomatic AR-15 trigger is how the trigger reset is accomplished. While a traditional semiautomatic trigger uses the trigger return spring, the FRT-15 uses the motion of the firearm's hammer to strike the top of the trigger and mechanically force the trigger back to its original position. This results in a more forceful . push moving the trigger forward to reset, compared to a traditional trigger-return spring.

13.     The advantage provided by the FRT-15's design is that the trigger resets rapidly after each shot. This allows the shooter to depress the trigger again more quickly causing it to function again for a subsequent shot.

14.     For any AR-15-type firearm with a semiautomatic trigger, the only limiting factors preventing a shooter from achieving a fire-rate comparable to a full-automatic firearm are his reflexes and fine motor skills. AR-15-type firearms use a self-loading type of mechanical action. That is, they accomplish the eight steps of the cycle of operation for firing a shot and preparing another shot to fire extremely quickly — within less than 1/5 of a second. They do so, using either the gas pressure or the recoil produced by the previously fired shot, depending on iteration. It is possible for a shooter to fire a second shot using a traditional semiautomatic trigger within 1/5 of a second after firing the first. The shooter only needs to have the dexterity to react and act within 1/5 of a second. Thus, rate of fire is not referenced in the statutory definition of a machinegun.

15.     The FRT-15 facilitates higher rates of semiautomatic fire compared to a traditional semiautomatic trigger by resetting the trigger between shots more quickly and reliably than a trigger-return spring. As with all semiautomatic triggers, the FRT-15 still requires the user to depress the trigger causing the trigger to function, which releases the hammer, for each shot fired, and then to require the trigger to reset to its ready position before repeating this sequence to fire an additional shot. This is the same type of trigger action which the Fifth Circuit stated in *Cargill* is that of a semiautomatic, non-machinegun rifle.

16.    In contrast, a machinegun operates by providing a second sear independent of the trigger's sear. When a machinegun trigger is pulled (functioned), the trigger sear is moved to release the hammer, but the trigger remains unmoving in the pulled position while the auto sear operates to shoot, automatically more than one shot, without manual reloading, without an additional function of the trigger. While the trigger remains in the pulled position, the hammer is forced back by the bolt carrier. The auto sear catches the hammer in the cocked position between shots and then releases the hammer again automatically when struck by the bolt carrier returning to the forward position without the trigger being functioned (pulled) again. When the trigger is reset by the user allowing the trigger spring to force it forward, the trigger sear catches the hammer (instead of the auto sear), and it stops firing until the trigger is functioned (pulled by the user) again.

In a forced reset trigger, there is only one sear—the sear on the trigger —just like any other semiautomatic trigger. When the trigger functions by being pulled to the rear, the sear releases the hammer to fire one shot. Movement of the bolt carrier forces the hammer back. The design of the trigger causes the hammer to also force the trigger back to the reset position where the trigger sear catches the hammer. Once the trigger is reset, a locking bar prevents the trigger from being functioned (pulled) again until the bolt carrier is safely forward in the ready-to-fire position. This prevents "hammer follow," which is a condition that can allow a second shot to fire or for an unsafe "out-of-battery" ignition of a cartridge. The forward movement of the bolt carrier moves the locking bar away to allow the trigger to be functioned (pulled) again to fire a subsequent shot.

This process is illustrated in the video demonstration available here:

https://dhillonlaw.box.com/s/83pwi4a97id478fl nv31 rv050kda2ccd. *See* Declaration of Cole Leleux.

The Fifth Circuit in *Cargill* included this moving image regarding a mechanical bump stock as part of the decision at:

6

19

and this moving image of the mechanics of the firing process of a semiautomatic, non-machinegun rifle at:

As the Fifth Circuit stated in Cargill,

> The first phrase we consider is "by a single function of the trigger." At the time the statute was passed, "function" meant "action." *Webster's New International Dictionary* 1019 (2d ed. 1934); *see Guedes* , (Henderson, J., concurring in part and dissenting in part); *Aposhian* , (Tymkovich, C.J., dissenting). Thus, the relevant question is whether a semi-automatic rifle equipped with a non-mechanical bump stock fires more than one shot each time the trigger "acts."

> It does not. As illustrated above, a semi-automatic weapon utilizes a simple mechanical process: the trigger disengages the hammer from the sear, the hammer strikes the firing pin, the bullet fires, and the recoil pushes the hammer against the disconnector, which resets the trigger. This process happens every single time one bullet is fired. To be sure, a non-mechanical bump stock increases the rate at which the process occurs. But the fact remains that only one bullet is fired each time the shooter pulls the trigger. … The statute "uses 'single function of the trigger,' not single function of the shooter's trigger finger." *Guedes* , (Henderson, J., concurring in part and dissenting in part); *see also Aposhian* , (Tymkovich, C.J., dissenting) ("The statute speaks only to how the trigger acts, making no mention of the shooter.").

*Cargill v. Garland*, 57 F.4th 447, 459-460 (5th Cir. 2023).

## The ATF's Reports

17.     Each of the ATF's evaluations and reports relies on ATF's re-interpretation of the statute that was expressed in 27 CFR 478.11 and/or 479.11. [1] While I always disagreed that this was a proper interpretation of the statutory definition and that it improperly expanded the scope of the criminal statute, as discussed above, I have been informed of and read the Fifth Circuit's rejection of ATF's interpretation in *Cargill v. Garland*, 57 F.4th 447 (5th Cir. 2023) (en banc), that invalidated the ATF's expanded re-interpretation.

---

[I] The report dated January 13, 2023, does not expressly reference 479.11, but it relies on the same re-interpretation.

### The ATF's Report from July 15, 2021, is Misleading and Inaccurate

18.     The ATF's report from July 15, 2021, analyzing the FRT-15 and classifying it as a machinegun is misleading and inaccurate. It is riddled with technical mistakes and misuses of language.

19.     The report misleadingly states that a shooter using an FRT-15 can fire multiple shots through "constant rearward pressure to the trigger," "one continuous pull of the trigger," or a "single constant [trigger] pull." July 15 Report at 4. This language leads a reader to think that a shooter can depress an FRT-15 trigger once and hold it down while firing multiple shots. This is physically impossible, given the FRT-15's design. The report acknowledges as much in its technical description of how the FRT-15 operates, which recognizes that "the hammer is driven into the top of the trigger forcing it forward" after each shot and that the trigger is locked in its forward position between shots until the hammer and bolt are finished resetting. Id.

20.     All of the reports rely on a modified interpretation of the statute expressed in 27 CFR § 479.11 that has been determined by the Fifth Circuit Court of Appeals (en banc) to be improper and invalid.

21.     What the report refers to as "one continuous pull of the trigger" is misleading and disingenuous. The word "pull" does not appear in the statutory definition of a machinegun under 26 U.S.C. 5845(b) and is a non-issue. It is immaterial to cite what the shooter's finger does when determining whether the FRT-15 is a machinegun. The determining issue is whether the trigger functions once for each shot fired. The ATF is simply deflecting and blurring the real issue by focusing on how much pressure the shooter's finger applies to the trigger and/or whether that pressure is continuous during the firing of two or more shots. Any pressure applied by the shooter while the trigger resets after each shot is inconsequential. Because the trigger of an FRT-15 is forcefully reset by the hammer after each shot, the shooter can maintain some pressure on the trigger between shots, but he must actually move (i.e., "pull") the trigger rearward again to "function" it, thus releasing the hammer, for each shot fired. It is extremely important to note that every time the trigger is forced forward into the reset position, the shooter's finger is forced forward also. This is what results in the shooter being required to again depress the trigger to the rear until it functions, by again releasing the hammer. The FRT-15 trigger must be depressed (functioned) and then reset separately for each shot fired, like any other semiautomatic trigger.

22.     It is irrelevant whether the operation is described as a "single function" or "single pull" of the trigger. As the Fifth Circuit in Cargill discussed, it is the action of the trigger, not the user's finger, that is considered.

23.     Placing "constant pressure" on the FRT-15 trigger, which ATF focuses upon, also accomplishes nothing. Unlike with a machinegun trigger, wherein moving the trigger to the rear once and holding it there causes the firearm to fire multiple shots, constant pressure on the FRT-15 trigger does nothing. Even when constant pressure is applied to the FRT-15 trigger, the trigger still must move aft and fore, from the function of releasing the hammer to the function of reengaging the hammer, for each shot fired. And it does. Constant pressure by the shooter's finger

22

does not cause the trigger to fire multiple shots from the initial depression and it does not prevent the trigger from resetting after the first shot is fired.

24.    It is also misleading for the report to imply that a traditional semiautomatic trigger requires the shooter to release it before depressing it again for another shot. As previously explained, a shooter never needs to break contact and physically release a traditional trigger for it to reset because of the trigger-return spring. He only needs to lighten his pressure enough for the spring to move the trigger forward against his resistance. A shooter can fire any standard AR-15 type semiautomatic firearm repeatedly without either breaking contact with the trigger or ceasing constant rearward pressure on it.

25.    Additionally, the report's description of the FRT-15's mechanical operation is obtuse and misleading. The report fails to note that when the FRT-15's locking bar releases the trigger after the hammer resets, it releases the trigger from a locked position. This omission is misleading because it is important to identify that the trigger is locked in the forward position after each shot is fired and that a separate function of the trigger (moving it to the rear to effect hammer release) is required after the trigger unlocks to fire the next shot. Despite the FRT-15 automatically forcing the trigger to reset, the FRT-15 requires a separate function of the trigger to fire each shot at all times.

### The ATF's Report from April 27. 2023, is also Inaccurate and Misleading

26.    The ATF's report on the FRT-15 from April 27, 2023, is inaccurate and misleading in much the same manner as the ATF's July 15, 2021, report. To support the conclusion that the FRT-15 is a machinegun, this report mischaracterizes the locking bar (which prevents the trigger from being depressed and functioning after it is reset until the hammer and bolt-carrier group also reset) as a form of automatic sear trip (the part directly responsible for an M-16's automatic fire). April 27

10

23

Report at 4-5. This is a gross error. It is akin to describing a car's brake pedal as equivalent to its accelerator.

27.     The only thing the locking bar and an automatic sear trip have in common is that they both are pivoted upon being contacted by the bolt-carrier as it moves forward. Otherwise, they perform completely different functions. Whereas the pivoting movement of an automatic sear trip serves to release the hammer so that it will automatically fire a subsequent shot (while the trigger remains held in the pulled position), the pivoting of the locking bar has absolutely nothing to do with the release of the hammer. The pivoting of FRT-15's locking bar only serves to unlock the trigger after it has been moved forward to its "reset" position, thereby allowing the shooter to function the trigger again if he chooses to by depressing it to the rear once more. In the FRT-15, the hammer does not move until the shooter physically depresses the trigger to the rear, once for each shot fired.

28.     In fact, the report admits that the locking bar specifically causes the FRT-15 to require a separate trigger function for each shot when it cites U.S. Patent No.: 10,514,223 Bl:

> The locking bar is pivotally mounted in a frame and spring biased toward a first position in which it mechanically blocks the trigger member against the spring bias to a second position when contacted by the bolt carrier reaching a substantially in battery position, allowing the trigger member to be moved by an external force to a released position.

Exhibit 2 at 5. The "external force" referred to as being required for each movement of the trigger to the released position is the shooter's finger. This external force is required to be applied separately for each shot fired.

The report likens the FRT-15 to other trigger mechanisms and firearm accessories that the ATF previously analyzed and opined to be machineguns: the Akins Accelerator, the Freedom Ordnance trigger, and the Fleischli device. Comparing the FRT-15 to these devices is illogical

and misleading. Page 3 of the report misleadingly cites court cases affirming the ATF's opinion

of these other devices:

> Courts have specifically affirmed ATF's interpretation that a single act of the shooter to initiate the firing sequence is a single function of the trigger. Akins v. United States, 312 F. App'x 197, 200 (11th Cir. 2009); Freedom Ordnance Mfg., Inc. v. Brandon, No. 3:16-cv-00243-RLY-MPB (S.D. Ind. Mar. 27, 2018). United States v. Fleischli, 305 F.3d 643, 655 (7th Cir. 2002) (in which electronic switch was the trigger when it served to initiate the firing sequence and the minigun continued to fire until the switch was turned off or the ammunition was exhausted). In the Freedom Ordnance case, the United States District Court of Indiana held that ATF was not arbitrary and capricious in the classification of an "electronic reset assist device" as a machinegun even though the firearm's trigger reset before each shot by pushing the trigger forward. Freedom Ordnance Mfg., Inc, No. 3:16-cv-00243-RLY-VIPB. In these cases, a firearm is a machinegun when it uses an internal mechanism or operation that automatically forces the trigger forward allowing the weapon to fire more than one shot by a continuous pull of the trigger.

Contrary to the last sentence above, there is nothing in the statutory definition concerning internal

mechanisms that automatically force the trigger forward. Nor is there anything about a continuous

pull of the trigger.

29.     Concerning the Akins case, this device was a "bump stock"; a shoulder-stock which allowed

the frame/receiver of the firearm to repeatedly rock aft and fore between a spring and the shooter's

stationary finger, which allowed a much quicker rate of semiautomatic fire, which required the

functioning of the trigger once for each shot fired. Bump-fire devices, which were produced by a

number of companies beginning in the 1980's, were publicly stated by ATF to be legal and not

machineguns until March 26, 2019, when ATF began calling them machineguns only due to

pressure after the tragic events that occurred in Las Vegas on October 1, 2017 when a deranged

gunman murdered dozens of innocent men and women. The Akins, as with all bump stocks, is a

completely different device than the FRT-15 or any other forced reset trigger. The only

commonality between the two devices is that they both fire one shot for each function of the trigger.

A major difference between the Akins device and the FRT-15 is that while the Akins allowed the

frame/receiver of the firearm to recoil aft and fore between a spring and the shooter's stationary

finger, the FRT requires the shooter to physically move the trigger again to the rear causing it to function for each shot fired.

30. The Freedom Ordnance device was an electronic battery-operated trigger reset device, which electronically reset the trigger. It has nothing whatsoever in common with the FRT-15 which uses no electronics. The Freedom Ordnance device used a motor. Its first iteration employed a lever behind the trigger. The motor used this lever to force the trigger forward into the reset position after each shot fired. The second iteration used a "fork" with tines on each side of the trigger, which were parallel to the trigger. These tines forced the finger forward and off the trigger after each shot fired, which allowed the trigger's spring to move the trigger forward into the reset position. The third iteration actually forced the trigger forward into the reset position after each shot. However, the motor did nothing more, and did not serve to fire any shots. The only commonality between the FRT-15 and the various Freedom Ordinance devices is that the FRT-15 and two iterations of the Freedom Ordinance devices cause a forced reset of the trigger. There is no relevant commonality between the design and operation of the FRT-15 and the iteration of the Freedom Ordinance trigger that used the 'fork;' moreover, there is no commonality between the FRT-15 and any of the Freedom Ordinance designs generally because the FRT-15 does not use a motor.

31. Considering that "trigger" is not defined in federal law, the "trigger" of a firearm is that part which initiates the firing of one or more shots. ATF has long opined that button-actuated motors used to repeatedly fire a firearm are machineguns because the button serves as the trigger. I agree with that opinion. When a firearm uses an electric motor to actuate a trigger, the button or switch of that motor which actuates what used to be considered the trigger now becomes 'the trigger."

32. Likewise, the Fleischli device was an electronic motor operated by a button. The motor continued to fire the gun automatically as long as the button was actuated. It, however, has nothing

13

26

in common with the FRT-15, which is neither electronic nor motor-operated. The Fleischli device only required a single function of the electronic button as a trigger to fire multiple shots, whereas the FRT-15 needs a separate function of its trigger, caused by the shooter, for each shot.

33.    In the last sentence of the report's quote concerning Akins, Freedom, and Fleischli, the report takes the liberty of speaking for the courts when it summarizes their findings by saying that "[i]n these cases, a firearm is a machinegun when it uses an internal mechanism or operation that automatically forces the trigger forward allowing the firearm to fire more than one shot by a continuous pull of the trigger." Id. This is false and misleading, as it adds elements to the statutory definition of "machinegun" that the text itself does not contain. 26 U.S.C. 5845(b) says nothing about a "continuous pull of the trigger."

34.    Along these same lines, the report insists on using the phrases "self-acting or self-regulating" when describing the FRT-15. The use of these phrases is misleading, as all firearms in the category of both machineguns (full-automatic) and semiautomatic guns are self-acting or self-regulating with regard to at least seven of the eight steps in the cycle of operation which occurs between the firing of two shots (firing, unlocking, extracting, ejecting, cocking, feeding, chambering, locking). Every semiautomatic firearm and every full-automatic firearm falls within a broader category called "self-loading" firearms. While no firearm loads the first cartridge into its chamber, firearms in this broad category do load their own chambers with a subsequent cartridge after the first shot is fired. They do so by using power generated from either the gas or the recoil produced by firing the previous cartridge. Regardless of whether it is powered by gas or recoil, the first seven steps of the cycle of operation (except firing) are automatic and "self-acting" or "self-regulating" for both full-automatic and semiautomatic firearms.

14

27

35.     The only difference between the cycle of operation of full-automatic guns (machineguns) and semiautomatic guns is the way in which the hammer is released to fire each shot. In a machinegun, there is only one function of the trigger during multiple shots. While it is held to the rear, it serves to release the hammer for the first shot, but for the remainder of a given string of shots the trigger is held fully to the rear and kept in that position without further movement. All subsequent shots in a given string are the result of a chain reaction caused by the cycle of operation being completed and continually repeated. In a typical semiautomatic firearm, the trigger releases the hammer for the first shot, but the hammer is captured and held rearward aner firing that first shot. The hammer is not released again to fire another shot until the trigger returns to the reset position to engage with the hammer and is then moved rearward again by the shooter's finger, thereby releasing the hammer again. This is exactly what happens with the FRT-15.

36.     In a machinegun/full-automatic firearm, the firing step for the second or subsequent shot happens automatically as a result of the trigger's initial function when the shooter depressed the trigger to fire the first shot; and the full cycle of operation perpetuates, firing round after round, so long as the shooter keeps the trigger depressed after its initial function. Whereas for an FRT-15 and any other semiautomatic firearm, the step for firing a subsequent shot requires the trigger to again perform the function of releasing the hammer from its captive engagement with the trigger. Only upon the shooter making this happen again by moving the trigger to the rear to the point of again releasing the hammer does the gun fire a subsequent shot. This happens independently and separately from the function that fired the first shot. Unlike a machinegun/full-automatic firearm, the FRT-15 does not fire a subsequent shot without an additional manual function of the trigger.

**ATF Improperly Modified the FRT-15 to Make It Operate Like a Machinegun.**

37.     34.     Some of the ATF examinations included modifying the FRT-15 by adding an external force in the form of a spring in an attempt to make it operate as a machinegun. The triggers were

15

28

modified by adding a zip-tie, cable tie, or hose clamp to apply spring force to the trigger while allowing it to reset. When formed into a loop, each of these added devices becomes a spring that provides an external force on the trigger to pull the trigger automatically after it has been reset. The devices do not need to "stretch" to act as a spring. Each time the stiff, but bendable, loop is deformed, it resiliently returns toward its at-rest state. Thus, each time the shape of the loop is temporarily deformed by the trigger being reset, the loop provides an external spring force to function the trigger again.

38.    The reports state that the trigger is "retained in a fixed position" by the added loop spring device. But this is patently false. The trigger clearly functions each time a round is fired by moving between the reset and pulled positions. If the trigger were actually "retained" in the pulled position and not allowed to move, no more than one shot could be fired before it would malfunction, requiring removal of the clamping device and manually cycling the action to clear the chamber.

39.    All of these modifications are impractical for use outside a testing laboratory setting because they require the firing sequence to be initiated by releasing the action from an open bolt and then cannot be stopped until the magazine is emptied. In any event, they required the addition of an extra part that is not part of the forced reset trigger to modify how the trigger works. Even if these tests produced automatic fire with an FRT-15 through the addition of a zip-tie or cable-tie, or hose clamp, the accessory that would be considered a machinegun under the ATF's own standards and the statute is the zip-tie, cable-tie, or hose clamp. These ties would be comparable to the "shoestring machinegun" the ATF addressed in 2007, when the ATF opined that a standard shoestring that had loops tied in it and was then affixed to a rifle in a manner that enabled it fire automatically by a function of the trigger was a machinegun. Attachment D. Only the shoestring was determined to be the machinegun, not the firearm itself that had fired semiautomatically before the shoestring was introduced.

40.     Both the July 15, 2021, report and the April 27, 2023, report also omit the crucial point that

if the shooter exerts enough rearward pressure while pulling the trigger back that he prevents it

from moving forward again to reengage the hammer, the FRT-15 malfunctions and the cycle of

operation is interrupted. If the shooter pulls too hard on the trigger and prevents it from resetting,

the firearm malfunctions and ceases to operate. This exposes the ATF's implication in both reports

that a shooter can simply pull the trigger once, hold it back, and cause the FRT-15 to fire multiple

shots to be a lie. It is a physical impossibility given the FRT-15's design, and attempting to do so

will only cause the FRT-15 to stop firing.

## The ATF Previously Approved a Forced Reset Trigger that is Substantially Similar to the FRT-15

41.     Further, I refer to the October 31, 2013, letter from Earl Griffith (former Chief of Firearm

and Ammunition Technology Division) to Michael Stakes concerning the 3MR forced reset trigger.

The 3MR trigger is a forced reset trigger similar in operation to the FRT-15 that was also designed

for the AR-15 platform. In this letter, after examining and test-firing the 3MR trigger, Mr. Griffith

admits that the 3MR has a "positive reset characteristic" and that "it is also intended to provide

positive resets between each shot." October 31 letter at 2. The letter states that the

3MR trigger functions based on how:

> the reset lever pivots forward, and the hammer engages/contacts the lever during the
> cycling of the rifle. In this position, the hammer contacts the reset lever during
> cocking which applies force to the trigger, forces the shooter's finger forward, and
> allows the trigger to reset rapidly

> ...a function test was performed before live fire was conducted. The 3MR functioned
> only semi automatically during both the field test and live-firing.

> In conclusion, FTB has determined that the 3MR trigger assembly is not a part or
> combination of parts that will convert a semiautomatic firearm into a machinegun.
> Id. Since the hammer forces the 3MR trigger forward into the reset position after

17

30

each shot, the shooter must again depress the trigger rearward to the firing position
for each shot fired.

This is exactly what the FRT-15 requires.

42.     In a firearm equipped with a 3MR trigger, like one equipped with an FRT-15, after a shooter

fires a shot the cycle of operation loads and prepares a subsequent shot to be fired but stops short

of firing it. After firing any shot, both the FRT-15 and the 3MR trigger systems cause the trigger

to reset and require the shooter to then function the trigger to the rear again causing a release of

the hammer to fire again. Continuous rearward pressure on either an FRT-15 or on a 3MR will not

create a continuous cycle of firing because the trigger must engage in separate functions, moving

back and forth, for each shot fired; and each movement rearward to depress the trigger to the point

of releasing the hammer and firing a shot must be manually and intentionally done by the shooter.

There is no basis by which the ATF can consider the FRT-15 a machinegun while also considering

the 3MR trigger not to be one as well.

43.     Finally, it is worth noting that the ATF has previously used a trigger-movement-based

standard for determining whether a firearm fires multiple rounds automatically "by a single

function of the trigger." In 2009, when I was an ATF Special Agent, the ATF Firearm Technology

Branch promulgated an email to me and hundreds of other ATF personnel (attached as Attachment

E), stating that " [t]he ATF-counsel-approved interpretation of 'single function of the trigger' is a

single movement of the trigger."

## Conclusion

44.     For the forgoing reasons, my expert opinion is that the FRT-15 is a semiautomatic trigger

and is in no way a machinegun under the statutory definition. This is because the FRT-15 requires

separate functions of the trigger for each shot fired and it ceases to function if the trigger does not

reset after each shot. The ATF's report from July 15, 2021, and its report from April 27, 2023,

analyzing the FRT-15 and classifying it as a machinegun are inaccurate and misleadingly worded. They give a false impression that the FRT-15 functions like a traditional automatic trigger — which it does not.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August ___7___, 2023.

By: Daniel O'Kelly

# RESUME OF
# DANIEL G.  O'KELLY
### DIRECTOR
### INTERNATIONAL FIREARM SPECIALIST ACADEMY, INC.
#### GUNLEARN.com

### FIREARM EXPERT/CONSULTANT

---

**PO Box 350760**                                                              **(813) 422-4674**
**Grand Island, Florida 32735**
**E-mail: Info@GunLearn.com**
**Website: www.GunLearn.com**


**EDUCATION:**

                    College: -Valparaiso University, Valparaiso, Indiana
                              Attended from fall 1974 through Spring of 1975.
                             -Indiana University
                              Transferred to Indiana University in fall 1975 and
                              graduated January, 1981 (Bachelor's degree).

**EXPERIENCE:**

I have over 40 years of full-time experience as a Police Officer, ATF Agent/Firearm Specialist, Criminal Investigator, Range Instructor, teacher of firearm technology, ammunition and firearm manufacturer, and collector. I have examined well over 100,000 firearms and even more pieces of ammunition. I've been involved in numerous investigations concerning them, and I have testified continually in criminal & civil cases in State, Superior, Circuit, District and Federal Courts since 1978. I have been recognized as an expert witness in Federal and State courts since 1990 and have given numerous depositions in criminal and civil cases. I have testified and/or consulted as an expert on the topics of use of force, self-defense with a firearm, ballistics, gunshot residue, interstate nexus, federal and state firearm regulations, trade dress, ATF rulings, ATF compliance and procedures, shooting reconstruction, firearm classification, firearm design, and wrongful death. My testimony in four trials on the topic of federal firearm definitions from 2014 to 2019 resulted in the Bureau of ATF undertaking a 2-5 year rewrite of the definition of a firearm "frame or receiver", as the one which they have applied for 48 years does not match 60% of the firearms on the market. That change was ratified 8/24/22, and then ATF was enjoined from enforcing it two days later by a Federal Judge.

I have worked undercover in three illicit international arms dealing cases, and am one of only two ATF Agents who have performed an undercover investigation of illicit international firearm trafficking in Europe.  I was the undercover Agent in the investigation of international arms dealer Efraim Diveroli; a case which resulted after the activity portrayed in the 2016 movie "War

33

Resume of Daniel G. O'Kelly
June 30, 2023  Page 2

Dogs". Since 1996 I have been a full-time instructor of most facets of the field of firearms, including ballistics, forensics, ATF compliance and regulations, markings, manufacture, classification, and specialize in establishing the interstate nexus of firearms and ammunition in federal court. I have taught these topics countless times from coast to coast, and several times each, in Europe and Africa, and am a Technical Advisor to the Association of Firearm and Tool Mark Examiners, as well as an Advisory Board Member of the Sonoran Desert Institute. I co-wrote the lesson plans for the ATF National Academy, and the firearm technology and compliance training program for Cabela's, Inc., which is the largest firearm retailer in the world. I also served for two years as one of Cabela's corporate ATF Compliance Managers. My training is also approved as continuing education by the American Board of Medico-legal Death Investigators and the International Association for Identification, and I am a contracted instructor for the FBI. I also am a firearm designer and hold a patent, as registered with the U.S Patent Office.

**WORK EXPERIENCE:**

      11/11 to Present:     **DIRECTOR & CONSULTANT**
                                International Firearm Specialist Academy
                                Denton, Texas

Self-employed consultant with a staff of fellow consultants, specializing in firearm and forensics-related services for law enforcement, the legal profession, the firearm industry, and the insurance industry.

Clients include civil Attorneys, prosecuting and defense Attorneys, law enforcement agencies and individual law enforcement personnel, licensed firearm dealers, manufacturers, importers and collectors.

Services offered include firearm and ammunition identification, training seminars on firearm technology, subject-matter expert court testimony, shooting scene reconstruction, shooting accident investigations & reconstructions, gun safety & design-related consultations, ATF compliance consultation and examinations/audits, armorer schools, range instruction, tool mark examinations, crime scene examinations & reconstruction, general criminalistics related examinations, gunshot residues issues, distance determination examinations, forensic pathology casework consultations, etc. I have provided training, testing and certification to over one thousand people as Certified Firearm Specialists.

11/11 to 12/13:        **CORPORATE SENIOR MANAGER**
                          **FIREARM COMPLIANCE TEAM**
                                Cabela's, Inc.
                                Sidney, Nebraska

Resume of Daniel G. O'Kelly
June 30, 2023 Page 3

Responsible for the auditing and inspection of the firearm departments of the company's 50 stores. This was in order to ensure and maintain ATF compliance, for one of the world's largest firearm retailers. I also co-wrote and delivered their training program to hundreds of employees on firearm ID, ATF compliance, Ammunition, the Gun Control Act and the National Firearms Act.

03-01 to 11/11:          **ATF SENIOR SPECIAL AGENT**
                              Tampa, Florida

Duties included investigations of violations of the federal gun laws and explosives laws, bombings, arsons and undercover investigations of organized crime. Further, it included firearm interstate nexus determinations and the teaching of same, firearm technology determinations, court testimony, and the training of ATF Agents and Investigators and other law enforcement personnel on all aspects of firearms. I was the commonly preferred Agent of the U.S Attorney's Office, for testimony on firearm matters.

05/02 to 05/03:          **FIREARM INSTRUCTOR COORDINATOR (as ATF Agent)**
                              Tampa Field Division, Florida

During my tenure as an ATF Agent in Tampa, I served for 2 years in this capacity also. Duties included the firearm training of ATF personnel for the northern 2/3 of the State of Florida. This supervisory responsibility included:
- Firearm identification
- Ammunition casing, bullet and cartridge identification
- Firearm Interstate Nexus determinations for U.S. District Court
- NFA firearm examinations/determinations
- Oversight of 15 Range Instructors
- Maintenance of the firearm training budget, maintenance of over 200 firearms in inventory and maintenance of over 50,000 rounds of ammunition
-Assisting U.S. Attorneys and other Agents in firearm and ballistics related determinations
- Teaching seminars statewide, to thousands of police, legal, medical, and other personnel, on firearm and ammunition- related topics.
- Made determinations as to whether an item is a non-gun vs. a firearm, according to Title 18 and Title 26, U.S. Code
- Performed function checks on firearms as to their ability to fire
- Acted as the Armorer/repairman for all duty-issued firearms
- Purchased supplies- ammunition, equipment, etc... as needed for the Field Division.
- Testifying in court (local, state, and Federal) concerning my examinations. (several hundred times at last count).

Resume of Daniel G. O'Kelly
June 30, 2023 Page 4

01-96 to 03/01 **ATF SENIOR SPECIAL AGENT/ PROGRAM MANAGER**
ATF National Academy
Glynco, Georgia

I was the Chief Firearm Technology Instructor at the ATF National Academy, where I wrote and co-wrote the entire firearm technology course of study that is still taught to new Agents and compliance Investigators. I also instructed courses for U.S. Customs on firearm importation. I also was custodian of the firearm reference vault which contained over 800 firearms, including numerous NFA firearms. It was my duty to maintain, repair and have a teaching-level familiarity with the operation of all of them.

I also became certified by ATF as an Interviewing (Train-The Trainer) Instructor, and administered several Interviewing Schools around the U.S., as sponsored by the ATF National Academy. I also served as the Program Manager of ATF's Undercover School during 1998-99. I delivered and co-instructed numerous 2-week undercover courses to State, Local and Federal law enforcement officers, including ATF.

03-00 to 5-00 **Temporary Duty as Supervisory ATF Resident Agent-in-Charge**
Wilmington, Delaware

Tasked with correcting the multitude of problems in a rogue office which was being considered for closure due to the many failures of its Agents. Success was achieved in only six weeks as the Agent in Charge of the State of Delaware, resulting in my being awarded for Special Service by the Baltimore Field Division.

09-88 to 01-96 **ATF SPECIAL AGENT**
Merrillville, Indiana

Duties included investigations of violations of the federal gun law, explosives laws, bombings, arsons and organized crime. Heavy emphasis was given to undercover investigations of armed narcotics dealers and organized crime. Further, duties included firearm interstate nexus determinations, firearm technology determinations, court testimony, and the training of ATF Agents, Investigators and other law enforcement personnel on all aspects of firearms. I was the commonly preferred Agent of the U.S Attorney's Office for testimony on technical firearm matters.

03-77 to 09-88 **POLICE OFFICER**
**Porter County, Indiana**

Duties included public safety and service, investigations and arrests for violations of municipal ordinances, State and Federal law. Also included was routine traffic patrol, and answering calls

4

Resume of Daniel G. O'Kelly
June 30, 2023 Page 5

and taking reports of crimes. I served also as department firearm range instructor, providing range oversight, and classroom instruction. I also served for two years in a full-time undercover capacity attached to the Porter County Drug Unit. My duties there were to make purchases of narcotics, firearms and other contraband and investigate the perpetrators. I served the last two years as a Detective Corporal, doing follow-up investigation of everything from misdemeanors to violent felonies.

**Specialized Training:**
- Completed Foreign Weapons Armorer's School at Phoenix Defence, Henderson, NV – 10/22
- Attend the Vickers Machinegun Armorer School at Phoenix Defence, Henderson, NV – 6/22
- Attend the CMP M1 Advanced Maintenance Class, Anniston, AL – 7/20
- Tour of Franklin Armory manufacturing plant in Minden, NV – 9/18
- Recognizing an 80% Receiver in Casework (AFTE 2018 - Kingery) – 6/18
- Tour of LRB firearm manufacturing facility Floral Park, NY - 1/18
- Tour of the Museo Del Ejercito (Army Museum) in Toledo, Spain – 9/17
- Tour of the Imperial War Museum London, England – 9/17
- Tour of War and Peace Museum Oban, Scotland – 9/17
- Staged Homicide Crime Scenes seminar (Forensic Pieces) - 5/17
- Shooting Incident Reconstruction Course (40 hours, by Tritech Forensics) - 5/17
- Tour of Military Musem Menege (Finnish Government Military) museum in Suomenlinna, Finland - 9/16
- Tour of Freedom Ordnance mfg. facility – Chandler, IN 2016
- Tour of Armemuseum (Swedish Government Military) museum in Stockholm, Sweden – 9/16
- Barrel Making Techniques (AFTE 2016 – Offringa) -6/16
- The Silencer in Court for the Expert Witness (ATF FTB – Kingery) - 4/15
- The Machineguns and Machinegun Conversions (ATF FTB – Kingery) - 4/15
- Tour and research at HS Precision Rifles mfg. facility in Rapid City, SD, and Dakota Arms mfg. facility in Sturgis, SD – 2013
- Tour and research at Connecticut Shotgun in New Britain, CT., and Charter Arms in Sheldon, CT. – 2013
- Tour and research at STI Firearms mfg. facility in Austin, TX.- 2013
- Tour and research at North American Arms in UT. - 2013
- International Exchange of Military Technology, Titusville, FL - 2012
- Tour and research at Patriot Ordnance Factory, Phoenix, AZ. – 2012
- Tour and research at Arms Tech Ltd. in Phoenix, AZ. - 2012
- Tour and research at Windham Weaponry in Windham, ME.- 2012
- Armorer training, Kimber Firearms, West Palm Beach, FL. – 2011
- Tour and research at the Bundesamt fur Wehrtechnick und Beschaffung (BWB) (Federal Office of Defense Technology and Procurement) in Koblenz, Germany. – 2010
- Armorer training, DS Arms (FAL), Springfield Armory (XD), and Smith & Wesson (M&P), San Antonio, TX. - 2010

5

37

Resume of Daniel G. O'Kelly
June 30, 2023 Page 6

-Tour and research at Kel-Tec CNC Industries, Cocoa Beach, FL. – 2009
-Tour and research at Diamondback Arms, Titusville, FL. - 2009
-Tour and research at the German Police (BKA) firearm technology reference collection, Wiesbaden, Germany - 2005
-Tour and research at Vektor Firearms factory, and the New Generation Ammunition Factory, Pretoria, South Africa. – 2004
- Remington Armorer School (870, 1187 and 700), Cape Girardeau, Missouri. – 2003
- Tour and research at MFS ammunition factory, Sirok, Hungary. – 2003
- International Association of Law Enforcement Firearm Instructors (IALEFI) annual training conference, Orlando, Florida. – 2003
- Tour and research at Sellier & Bellot ammunition factory, Vlasim, Czech Republic. – 2003
- Tour and research at the U.S. Military Academy firearm museum at West Point, NY. – 2003
- Firearm Instructor Recertification/Enhancement Workshop, ATF Special Operations Division, Orlando, Florida. – 2002
- Colt Armorer school (AR-15/M-16/M-4 series), (Model O pistols), Fairfax, Virginia. – 2002
- Beretta Armorer school (model 92/96), San Diego, California. – 2002
- Fabrique Nationale Herstal (FNH) Armorer school (P90) San Diego, California. – 2002
- Tour and research at Pretoria Metal Pressings (PMP) ammunition factory, Pretoria, South Africa. - 2002
-Tour and research at Vektor firearm mfg., Pretoria, South Africa.- 2002
- IALEFI Training Conference, San Diego – 2002
- Tour and research at Fegarmy firearm factory (2nd tour), Budapest, Hungary. -2001
- Tour and research at the Hungarian Police Laboratory firearm reference collection, Budapest, Hungary -2001
- Tour and research at Ceska Zbrojvka (CZ) firearm factory (my 2nd tour) and the Czech government Proof House, Uhersky-Brod, Czech Republic. – 2001
- Tour and research at Glock firearm factory (my 2nd tour), Deutsch-Wagram, Austria. -2001
- Tour and research at the Vienna proof house in Deutsch- Wagram, Austria. – 2001
- Tour and research at Carl Walther firearm factory (my 2nd tour), Ulm, Germany. - 2001
- Tour and research at the government proof house, Ulm, Germany – 2001
- Tour and research at Heckler & Koch firearms (my 2nd tour), Oberndorf, Germany. -2001
- Tour and research at Sig-Sauer firearms (my 2nd tour), Eckernforde, Germany. – 2001
- Tour and research at the Kiel proof house, Eckernforde, Germany – 2001
- Tour and research at the Fabrique Nationale (FN) firearm Factory, Liege, Belgium. -2001
- Tour and research at the government proof house, Liege, Belgium -2001
- Tour and research at the Austrian Police Headquarters Waffen Referat (Weapons Reference Collection), Vienna, Austria. – 2001
- Tour and research at the Heeresgeschichtlen (Military History) Museum, Vienna, Austria. – 2001
- ATF Youth Crime-Gun Interdiction Initiative Instructor school, Washington, D.C. – 2000
- Tour and research (my 2nd tour) at the Heeresgeschichtlichen (Military History) Museum, Vienna, Austria. – 1999
- ATF Advanced Firearm Interstate Nexus course on ammunition manufacturing. Included tours

6

38

Resume of Daniel G. O'Kelly
June 30, 2023 Page 7

and research at Hornady in Grand Island, Nebraska, 3D in Doniphan, Nebraska, Lake City
Army Ammunition Depot in Independence, Missouri, Starline Brass and Sierra Bullets in
Sedalia, Missouri, and the Winchester-Olin ammunition plant in East Alton, Illinois - 1999
- ATF Advanced Firearm Interstate Nexus course on firearm manufacturing. Included tours and
  research at Sturm-Ruger (my 2nd tour) and Pine Tree Castings in New Hampshire, Smith &
  Wesson and Springfield Armory in Massachusetts, and Colt and Mossberg in Connecticut. –
  1998
- Sturm-Ruger Armorer course (Mini-14, Police Carbine, P89, P95) Newport, NH – 1997
- Tour and research at Sturm-Ruger firearm factory, Newport, New Hampshire. - 1997
- Tour and research at Pine Tree (firearm) Castings facility, Newport, New Hampshire. – 1997
- Tour and research at Ceska Zbrojovka (CZ) firearm factory in Uhersky-Brod, Czech Republic.
  - 1997
- Tour and research at Steyr firearm mfg. plant, Steyr, Austria.- 1997
- Tour and research at the Fegarmy' firearm mfg. plant, Budapest, Hungary. – 1997
- Tour and research at Glock pistol mfg. plant, Deutsch- Wagram, Austria. 1997
- Heckler & Koch Armorer, Sterling, Virginia. – 1996
- Sig-Sauer Armorer course (P225, P226, P228) Fort McClellan, Alabama. – 1996
- Reid Interviewing Seminar – 1996
- ATF Interviewing Instructor and Neuro-Linguistic Programming School – 1996
- SIMUNITIONS Scenario-Based (Train the Trainer) Seminar – 1996
- Tour and research at Sig-Sauer mfg plant, Eckernforde, Germany, - 1995
- Tour and research at Carl Walther firearm mfg. plant, Ulm, Germany, where I consulted on
  development of the model P99 pistol. – 1995
- ATF Advanced Arson and Explosives Investigation School – 1995
- Violent Crime/Homicide Investigation School (USDOJ) – 1994
- Tour and research at the Ministry of Defense, Pattern Room, Nottingham, England. – 1994
- Tour and research at Holland & Holland, Ltd., firearms London, England. – 1994
- Bureau of ATF Academy Instructor Certification – 1994
- Glock Armorer Course, Springfield, Illinois. – 1993
- Advanced Interviewing and Interrogation (Portage PD)- 1992
- Sig-Sauer Armorer Course, Greenwood, Indiana. - 1990
- FLETC Distinguished Weapons Expert Certification – 1990
- ATF Basic Firearm Interstate Nexus course, Washington D.C., (included examination of over
  4,500 firearms) - 1990
- Firearm Instructor certification course at the Federal Law Enforcement Training Center,
  Marana, AZ. – 1990
- New Agent Training at the Federal Law Enforcement Training Center, Glynco, Georgia. –
  1988
-Criminal Investigator School, at the Federal Law Enforcement Training Center, Glynco,
  Georgia. – 1988
- Smith & Wesson Revolver Armorer Course, Kent State University -1987
- Smith & Wesson's Scope -Sighted Rifle School - 1987
- Indiana L.E. Training Board, Instructor Certification – 1987

Resume of Daniel G. O'Kelly
June 30, 2023  Page 8

- Aerko International Chemical Weapons Specialist School, Camp Atterbury, Indiana. – 1987
- NRA Police Firearms Instructor Certification - 1985
- FBI Hostage Negotiator School – 1984
- Firearm Instructor Training Course at the Indiana Law Enforcement Academy, Plainfield, IN. – 1982
- Monadnock PR-24 Police Baton (Portage PD) – 1981
- Police Officer Street Survival (L/SPSTC) – 1981
- Chemical Tests for Intoxication Certification (ILEA) - 1979
- Police Officer Certification, Indiana Law Enforcement Academy, Plainfield, Indiana. – 1979
- NRA Police Expert (Range Qualification) - 1978

**PROFESSIONAL AFFILIATIONS**

NSSF (The National Shooting Sports Foundation)
ARIN (ATF's Ammunition Research and Identification Network)
IAA (The International Ammunition Association)
NDIA (The National Defense Industrial Association)
IALEFI (The International Association of Law Enforcement Firearm Instructors)
NRA (The National Rifle Association)
ABMDI (Association of Medico-legal Death Investigators)
PEAF (Property an Evidence Association of Florida)
FDIAI (Florida Division- International Association of Identification)
IAI (International Association for Identification – National Chapter)
ILEETA (International Law Enforcement Educators and Trainers Association)
AFTE (Association of Firearm and Tool Mark Examiners)

**PRESENTATIONS**

1. Certified Firearm Specialist Course (3-day seminar) – West Palm Beach, FL 2/23
2. Certified Firearm Specialist Course (3-day seminar) – Albuquerque, NM 9/22
3. Certified Firearm Specialist Course (3-day seminar) – Honolulu, HI 6/22
4. Certified Firearm Specialist Course (3-day seminar) – Pensacola, FL 2/22
5. Certified Firearm Specialist Course (3-day seminar) – Seattle, WA 9/21
6. Certified Firearm Specialist Course (3-day seminar) – El Cajon, CA 9/21
7. Certified Firearm Specialist Course FBI (3-day seminar) – Little Rock, AR 5/21
8. Certified Firearm Specialist Course (3-day seminar) – Seattle, WA 9/20
9. Certified Firearm Specialist Course FBI (3-day seminar) – Kansas City, MO 8/19
10. Certified Firearm Specialist Course FBI (3-day seminar) – Las Vegas, NV 8/19
11. Certified Firearm Specialist Course (3-day seminar) – St. Louis, MO 8/19
12. Certified Firearm Specialist Course FBI (3-day seminar) – Charlotte, NC 7/19
13. Certified Firearm Specialist Course (3-day seminar) – Oceanside, CA 7/19
14. Certified Firearm Specialist Course FBI (3-day seminar) – San Antonio, TX 7/19
15. Certified Firearm Specialist Course FBI (3-day seminar) – New Haven, CT 6/19

Resume of Daniel G. O'Kelly
June 30, 2023 Page 9

16. How to Identify "Other" Firearms – AFTE 50th Annual Conf. Nashville, TN 5/19
17. Machineguns and Clandestine Conversions – Nashville Police Department/AFTE 5/19
18. Certified Firearm Specialist Course Seattle, WA – 5/19
19. Certified Firearm Specialist Course Orlando, FL – 5/19
20. Certified Firearm Specialist Course Skokie, IL – 4/19
21. Certified Firearm Specialist Course FBI (3-day seminar) – Chicago, IL 7/18
22. Advanced NFA Firearm Training – Houston, TX 6/18
23. "Other Firearms" (AFTE 2018) - Charleston, WV 6/18
24. Firearm Technology and Specialist Training (3-day seminar) – Boston, MA 5/18
25. Firearm Technology and Specialist Training (3-day seminar) – Brighton, CO 4/18
26. Firearm Technology and Specialist Training (3-day seminar) – Santa Cruz, CA 3/18
27. Firearm Technology and Specialist Training (3-day seminar) – Floral Park, NY 1/18
28. Firearm Technology and Specialist Training (3-day seminar) – Oceanside, CA 11/17
29. Firearm Technology and Specialist Training (3-day seminar) – Pensacola, FL 11/17
30. Firearm Technology and Specialist Training (3-day seminar) – St. Louis, MO 8/17
31. Firearm Technology and Specialist Training (3-day seminar) – Kissimmee, FL 6/17
32. Firearm Technology and Specialist Training (3-day seminar) – Seattle, WA – 4/17
33. Firearm Technology and Specialist Training (3-day seminar) – Chicago, IL – 4/17
34. Firearm Technology and Specialist Training (3-day seminar) – Escondido, CA – 10/16
35. Firearm Technology and Specialist Training (3-day seminar) – Ft. Myers, FL – 10/16
36. Home-made Firearms, Silencers, Disguised Firearms, and Court Testimony – SWAFS - Galveston, TX - 9/16
37. Firearm Classification and Markings – IAI/Cincinnati, OH – 8/16
**38.** Certified Firearm Specialist Course (3-day seminar) – FDLE Jacksonville, FL - 7/16
**39.** Firearm Technology and Specialist Training (3-day seminar) – New Jersey St. Police – 7/16
**40.** Firearm Technology and Specialist Training (3-day seminar) – Pensacola, FL PD - 7/16
**41.** Firearm Technology and Specialist Training (3-day seminar) – CSI Academy Alachua, FL – 7/16
42. Firearm Classification and Markings – AFTE/New Orleans, LA – 6/16
**43.** Discerning real guns from fakes with video/photo evidence – AFTE/New Orleans, LA – 5/16
**44.** Firearm Technology and Specialist Training (3-day seminar) – Santa Fe, NM – 5/16
**45.** Firearm Technology and Specialist Training (3-day seminar) – St. Louis, MO – 4/16
**46.** Firearm Technology and Specialist Training (3-day seminar)– Seattle, WA – 4/16
**47.** Firearm Technology and Specialist Training (3-day seminar) – Miami, FL – 1/16
**48.** Firearm Technology and Specialist Training (3-day seminar) – Biddeford, Maine – 1/16
**49.** Firearm Technology and Specialist Training (2-day seminar) – Jacksonville, FL – 9/15
**50.** Firearm Technology and Specialist Training (2-day seminar) – Windham, Maine – 8/15
**51.** ATF Firearm Licensee Compliance; Jeffersonville, IN – 8/15
**52.** Firearm Technology and Specialist Training (2-day seminar) –Pensacola, FL PD – 7/15
**53.** Firearm Technology and Specialist Training (2-day seminar) - Kissimmee, FL – 7/15
**54.** Firearm Technology and Specialist Training (2-day seminar) – Seattle, WA - 5/15

Resume of Daniel G. O'Kelly
June 30, 2023 **Page 10**

**55.** Firearm and Ammunition Classification – PNWIAI Conference – Portland, OR 5/15
**56.** Firearm Technology and Specialist Training (2-day seminar) – Miami, FL – 3/15
**57.** Firearm Technology and Testimony (2-day seminar) – Orange Beach, AL - 11/14
**58.** Firearm Technology and Testimony (2-day seminar) – Albuquerque, NM – 10/14
**59.** Basic Firearm Technology and Testimony – Ft. Myers, FL – 7/14
**60.** Advanced Firearm Technology – Institute of Military Technology – Titusville, FL. 10/12
**61.** Firearm Recognition/Handling/Testimony – Orange Co. Sher. Ofc. – Orlando, 7/5/12
**62.** Firearm Recognition/Handling/Testimony – Florida Dept. of Law Enf. - Orlando, 6/4/12
**63.** Firearm ID – How to Read a Gun – Florida Assn. of Lic. Inv. – Tampa, FL 6/11/11
**64.** Firearm Hist. and Development – A Primer/ Becoming an Expert – W. P. Bch, FL, 5/26/11
**65.** Contributor to the book **Cartridges & Firearms Identification** by Robert Walker, ISBN #9781466502062 – 2010
**66.** Firearm Technology and Enforcement – Int'l LE. Academy – Budapest, Hungary, 7/10
**67.** Crime-Gun Safety, Recognition and Handling – Daytona Beach Police Department, 09/09
**68.** Crime-Gun Safety, Rec. and Handling – Brevard County, FL Sheriff's Office, 06/09
**69.** Ammunition Technology – Property and Evidence Association of Florida, Orlando, 02/09
**70.** Firearm Interstate Nexus – ATF and South African Police Service - Orlando, FL, 01/09
**71.** Industry Operations Investigator Basic Course – Glynco, GA, 10/07
**72.** Firearm Technology and Enforcement – Gabarone, Botswana (Africa), 08/07
**73.** Small Arms Trafficking – ILEA – Gabarone, Botswana (Africa), 08/07
**74.** Firearm Recognition, Technology and Anti-Smuggling – ILEA Budapest, Hungary, 12/08
**75.** Firearm Recognition/Technology – Orange County Sheriff Orlando, FL 08/08
**76.** Crime-Gun Rec., Handling, Tech. and Prosecution – FDIAI – Panama City, FL, 11/05
**77.** Reloading Metallic Cartridges - Florida Dept. Of Law Enforcement – Tampa, FL 03/08
**78.** New Developments in Ammunition – FDLE Orlando, FL, 10/04
**79.** Firearm Technology and Enforcement – Gabarone, Botswana (Africa), 09/04
**80.** Small Arms Trafficking – ILEA – Gabarone, Botswana (Africa),
**81.** Man-Portable Air Defense Systems – Florida Intelligence Unit – Daytona Bch, FL 07/04
**82.** Reloading Metallic Cartridges - Florida Dept. Of Law Enforcement – Tampa, FL, 08/03
**83.** Firearm Recognition, Technology and Anti-Smuggling – ILEA Budapest, Hungary, 06/03
**84.** Firearm Technology and Enforcement – Gabarone, Botswana (Africa), 08/02
**85.** Firearm Recognition, Technology and Anti-Smuggling – ILEA Budapest, Hungary, 02/97
**86.** Firearm Technology for Law Enforcement Gary, IN, 12/95

**AWARDS & ACHIEVEMENTS**

Fraternal Order of Police (Past-President) Westchester Lodge #152 - 1980
Presented Distinguished Weapons Expert Award by FLETC - 1990
Presented Special Act or Service Award by ATF - 1993
Presented U.S. DOJ Award for Public Service by U.S Attorneys Office - 1995
Presented Special Act or Service Award by ATF - 1999
Presented Special Act or Service Award by ATF - 2000
Presented Certificate of Appreciation by ATF National Academy – 2001

Resume of Daniel G. O'Kelly
June 30, 2023  Page 11

Presented Special Act or Service Award by ATF - 2002
Presented Award for Educational Support by PEAF - 2005
Invited to join ATF's ARIN (Ammunition Research & ID Network) – 2005
Featured Speaker- "Firearm Technology"- Property and Evidence Association of
Florida Annual Conference - 2006
Research of ammunition company history determination on interstate nexus,
on metallic cartridges found in the State of Florida.- 2009
Presented IALEFI Guest Instructor Award - 2010
Invited onto the Advisory Board of the Sonoran Desert Institute – 2014 - Present
Recognized as a Technical Advisor to the Assn. of Firearm and Tool Mark Examiners –
2017 - Present

**Daniel O'Kelly**
**Recent Prior Testimony, Statement, Declaration, or Consultation**

U.S. vs Joseph Roh #SACR 14-00167-JVS (Los Angeles 2018)
U.S. vs Caleb Andrew Bailey 8:16-cr-246 (Maryland 2018)
U.S. vs. Alan Bruce Pichel SACR 14-00167-JVS (Los Angeles 2018)
US. vs. Andrew Kowalczyk 2018 (Portland, OR)
U.S. vs. Stephen Powers (2018 Richmond, VA)
U.S. vs Alan Balagtas Rivers (17-00478YGR) (Sacramento, CA)
Leapers Inc. vs. TRARMS Inc. 1:15-cv-01539-SEB-MJD (Indianapolis, IN)
U.S. vs. Adam Michael Webber 2:14-cr-00443 (Salt Lake City, UT)
U.S. vs. Hasson (Greenbelt, MD) 8:19-cr-00096
U.S. vs. Matthews-Amos (Reno, NV) 3:18-cr-083
U.S. vs. Steven Robison and Richard Rowold (Toledo, OH) 3:18 -cr-00387
U.S. vs. Groves, Paul 2:16-CR-041 (Columbus, OH)
U.S. vs Grimes, Eric 2020-229-JLB 312918 (Columbus, OH)
Jonathan Perinetti vs. Scottsdale Gun Club, et al CV2018-013381 (Phoenix, AZ)
Florida vs. Jermaine Burney 19CF014124A Tampa, FL
U.S. vs. Joshua Seekins 3:19-CR-563-M (Dallas, TX)
U.S. vs. Steven Grijalva ED CR 20-00042-JGB (Riverside, CA)
Texas vs. Jaqualyn Davis F18-75814X (Dallas)
California vs. Fernando Carlos Beltran BA473833-02 (Los Angeles, CA)
Texas vs. Ray Battles Atty. Clark Birdsall (Dallas, TX)
US v. John Hammond 2:19-CR-517 Atty. Caroline Cinquanto (Philadelphia, PA)
US v. Cesar Isais (Los Angeles, CA) Atty. Waseem Salahi
US V. Roberto Osborne (St. Louis, MO) 2020 Atty. Rachael Korenblat
Florida v. Delvin Rojas-Rivera 2020 Atty. Lillian Odongo (Tampa Fl)
Texas v. Destin Bailey 2021 (Dallas, TX) Atty. Clark Birdsall
US v. Howard Davis (Raleigh, NC) 2022 Atty. Elliot Abrams
US v. Brian Downey 2021 (NY, NY) Atty. Andrew Quinn
US v. Kristopher Ervin 2021 (Jacksonville, FL) Atty. Alex King
US v. Alex Friedmann (Nashville, TN) 2021 Atty. Ben Russ
US v. Alan Garcia 2:19-cr-0179-KJM (Sacramento, CA) 2021 Atty. Douglas Beevers
US v. Taylor Gates (Dallas, TX) Atty. Douglas Palmer 2021
Griggs v. Ghost inc. No 17-1491 (Monroe, LA) 2017 Atty. Robert Baldwin
US v. Steven Grijalva CR20-0042-JGB (Riverside, CA) Atty. Andrew Byrd 2020
US v. Ronald Grab (Toledo, OH) 3:20-cr-00618-JJH 2020 Atty. Thomas Kurt
US v. Gregory Hay 19-CR-170 2021 (Western District of NY) Atty. Cheryl Meyers Buth
US v. Jordan Holt 2021 MJ21-147-KEW (Oklahoma) Atty. Callie Steele
NY v. Jerry's Firearms 2021 Atty. Joseph Indusi (Hauppage, NY)
US v. Aaron Johnson 2021 Atty. Chris Wilson (Harrisburg PA)
Rare Breed Triggers v. US 2021 (Orlando, FL.) Atty. Kevin Maxwell
Texas v. Kevin Mock 2021 (Navasota, TX) Atty. John Choate Jr.
US v. Calvin Padgett Atty. Wade Iverson 2022 (Lubbock, TX)

44

US v. Jonathon Perez, et al. 2022 Atty. Ted Tedford
California v. Polymer 80 2021 Atty. David L. Borges
US v. Yousef Mohammad Ramadan Cr. No. 17-20595 (Detroit, MI) Atty. Andrew Densemo 2021
US v. Marc Taylor II (St. Louis, MO) 2021 Atty. Mellissa Goymerac
Texas v. Petrina Thompson F20-17-211 2020 (Denton, TX) Atty. Mick Meyer
Stanley Wagner v. Weatherby, Inc. 2019 (Minnesota) Atty. Stephen Gabrielson
Texas v. Christopher Wall 2020 (Ft. Worth, TX) Atty. Andrew Deegan
US v. Kevion K. Wallace 2021 (Oklahoma) Atty. Donald Haslam
US v. Chrizawn White 2021 (Houston, TX) Atty. Dennis Hester
Texas v. Victor Williams, 2021, (Dallas, TX), Atty. Wayne Lacy
Rarebreed Triggers v. ATF, 2021, (Orlando, FL) Atty. Kevin Maxwell
Texas v. Christopher Wall, 2019, (Weatherford, TX) Atty. Andrew Deegan
Texas v. Jaqualyn Davis, 2021, (Dallas) Atty. Clark Birdsall
Texas v. Destin Bailey, 2022, (Dallas) Atty. Clark Birdsall
Texas v. David McMillian, 2022, (Dallas) Atty. Michael J. Todd
US v. Terry Bruggeman, 2022, (Corpus Christi) Atty. Paul Kratzig
US v. Wilmer Curras 2022 (Puerto Rico) Atty. Suzette Brito
US v. Jose Acquino, 2022 (Puerto Rico) Atty. Allan Rivera- Fernandez
US v. Adamiak, 2023 (Norfolk, VA) Atty. David Good

## Daniel O'Kelly
## Recent Prior Testimony, Statement, Declaration, or Consultation

U.S. vs Joseph Roh #SACR 14-00167-JVS (Los Angeles 2018)
U.S. vs Caleb Andrew Bailey 8:16-cr-246 (Maryland 2018)
U.S. vs. Alan Bruce Pichel SACR 14-00167-JVS (Los Angeles 2018)
US. vs. Andrew Kowalczyk 2018 (Portland, OR)
U.S. vs. Stephen Powers (2018 Richmond, VA)
U.S. vs Alan Balagtas Rivers (17-00478YGR) (Sacramento, CA)
Leapers Inc. vs. TRARMS Inc. 1:15-cv-01539-SEB-MJD (Indianapolis, IN)
U.S. vs. Adam Michael Webber 2:14-cr-00443 (Salt Lake City, UT)
U.S. vs. Hasson (Greenbelt, MD) 8:19-cr-00096
U.S. vs. Matthews-Amos (Reno, NV) 3:18-cr-083
U.S. vs. Steven Robison and Richard Rowold (Toledo, OH) 3:18 -cr-00387
U.S. vs. Groves, Paul 2:16-CR-041 (Columbus, OH)
U.S. vs Grimes, Eric 2020-229-JLB 312918 (Columbus, OH)
Jonathan Perinetti vs. Scottsdale Gun Club, et al CV2018-013381 (Phoenix, AZ)
Florida vs. Jermaine Burney 19CF014124A Tampa, FL
U.S. vs. Joshua Seekins 3:19-CR-563-M (Dallas, TX)
U.S. vs. Steven Grijalva ED CR 20-00042-JGB (Riverside, CA)
Texas vs. Jaqualyn Davis F18-75814X (Dallas)
California vs. Fernando Carlos Beltran BA473833-02 (Los Angeles, CA)
Texas vs. Ray Battles Atty. Clark Birdsall (Dallas, TX)
US v. John Hammond 2:19-CR-517 Atty. Caroline Cinquanto (Philadelphia, PA)
US v. Cesar Isais (Los Angeles, CA) Atty. Waseem Salahi
US V. Roberto Osborne (St. Louis, MO) 2020 Atty. Rachael Korenblat
Florida v. Delvin Rojas-Rivera 2020 Atty. Lillian Odongo (Tampa Fl)
Texas v. Destin Bailey 2021 (Dallas, TX) Atty. Clark Birdsall
US v. Howard Davis (Raleigh, NC) 2022 Atty. Elliot Abrams
US v. Brian Downey 2021 (NY, NY) Atty. Andrew Quinn
US v. Kristopher Ervin 2021 (Jacksonville, FL) Atty. Alex King
US v. Alex Friedmann (Nashville, TN) 2021 Atty. Ben Russ
US v. Alan Garcia 2:19-cr-0179-KJM (Sacramento, CA) 2021 Atty. Douglas Beevers
US v. Taylor Gates (Dallas, TX) Atty. Douglas Palmer 2021
Griggs v. Ghost inc. No 17-1491 (Monroe, LA) 2017 Atty. Robert Baldwin
US v. Steven Grijalva CR20-0042-JGB (Riverside, CA) Atty. Andrew Byrd 2020
US v. Ronald Grab (Toledo, OH) 3:20-cr-00618-JJH 2020 Atty. Thomas Kurt
US v. Gregory Hay 19-CR-170 2021 (Western District of NY) Atty. Cheryl Meyers Buth
US v. Jordan Holt 2021 MJ21-147-KEW (Oklahoma) Atty. Callie Steele
NY v. Jerry's Firearms 2021 Atty. Joseph Indusi (Hauppage, NY)
US v. Aaron Johnson 2021 Atty. Chris Wilson (Harrisburg PA)
Rare Breed Triggers v. US 2021 (Orlando, FL.) Atty. Kevin Maxwell
Texas v. Kevin Mock 2021 (Navasota, TX) Atty. John Choate Jr.
US v. Calvin Padgett Atty. Wade Iverson 2022 (Lubbock, TX)

46

US v. Jonathon Perez, et al. 2022 Atty. Ted Tedford

California v. Polymer 80 2021 Atty. David L. Borges

US v. Yousef Mohammad Ramadan Cr. No. 17-20595 (Detroit, MI) Atty. Andrew Densemo 2021

US v. Marc Taylor II (St. Louis, MO) 2021 Atty. Mellissa Goymerac

Texas v. Petrina Thompson F20-17-211 2020 (Denton, TX) Atty. Mick Meyer

Stanley Wagner v. Weatherby, Inc. 2019 (Minnesota) Atty. Stephen Gabrielson

Texas v. Christopher Wall 2020 (Ft. Worth, TX) Atty. Andrew Deegan

US v. Kevion K. Wallace 2021 (Oklahoma) Atty. Donald Haslam

US v. Chrizawn White 2021 (Houston, TX) Atty. Dennis Hester

Texas v. Victor Williams, 2021, (Dallas, TX), Atty. Wayne Lacy

Rarebreed Triggers v. ATF, 2021, (Orlando, FL) Atty. Kevin Maxwell

Texas v. Christopher Wall, 2019, (Weatherford, TX) Atty. Andrew Deegan

Texas v. Jaqualyn Davis, 2021, (Dallas) Atty. Clark Birdsall

Texas v. Destin Bailey, 2022, (Dallas) Atty. Clark Birdsall

Texas v. David McMillian, 2022, (Dallas) Atty. Michael J. Todd

US v. Terry Bruggeman, 2022, (Corpus Christi) Atty. Paul Kratzig

US v. Wilmer Curras 2022 (Puerto Rico) Atty. Suzette Brito

US v. Jose Acquino, 2022 (Puerto Rico) Atty. Allan Rivera- Fernandez

US v. Adamiak, 2023 (Norfolk, VA) Atty. David Good

47



**International Firearm Specialist Academy**
**PO Box 338 Lake Dallas, TX 75605**
**Email: Info@GunLearn.com**

August 6, 2020

Kevin Maxwell, esq.
Rarebreed Triggers
Geneva, Florida

Dear Mr. Maxwell,

This letter serves to explain the results of our recent examination and testing of your "Rare Breed, LLC FRT trigger system", which you recently submitted to us.

Before I explain my findings, it is necessary for me to clarify a few issues as they relate to firearm technology. First, allow me to differentiate between the term semi-automatic and fully-automatic (machinegun). As you know, Title 26 of the U.S Code defines a machinegun (fully-automatic) in subsection 5845(b) as:

*The term "machinegun" means any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger.*

It is important to note that by contrast, a semi-automatic is any firearm which shoots <u>only one</u> shot "automatically" by a single function of the trigger. The practical difference between fully-automatic and semi-automatic is referred to as the "cyclic rate of fire" (i.e. the number of shots which can be fired within a minute). This number is merely a ratio. Since few firearms have the capacity to hold a full minute's worth of ammunition, that number is determined by multiplying the number of shots which can be fired in a faction of a minute. For example, if a firearm can fire 12 shots in 10 seconds, its cyclic rate of fire is 72 rpm (rounds per minute).

Also, many devices have been invented in recent years which increase a semi-automatic firearms cyclic rate of fire. Bump-stocks and other bump-fire devices are some of them. Despite the fact

48

p.2
Kevin Maxwell, esq.
August 6, 2020

that the U.S. Government recently reversed themselves by re-defining their years-long position on the word "automatically" as used in the definition of a machinegun, please note that bump-fire devices, including bump-fire stocks do nothing "automatically", and firearms equipped with them require a separate trigger pull and release to fire each shot.

Please also note that all firearms have a "cycle of operation" which must be completed between the firing of one shot and the firing of a subsequent shot. There are eight steps which must occur during the cycle of operation (i.e. firing, unlocking, extraction, ejection, cocking, feeding, chambering, locking), and the order in which they occur depends upon the type of mechanical operation which the firearm employs (bolt-action, lever-action, break-action, pump-action, revolving action, self-loading, etc…).

Considering that an AR15-type firearm is a self-loading type of mechanical action (i.e. it uses the energy generated by a fired cartridge to reload its own chamber for a subsequent shot), the eight steps of the cycle of operation all occur extremely quickly (i.e. within less than 1/5 second). Therefore, a second shot may be fired by the shooter within 1/5 of a second after the first. Therefore, the cyclic rate of fire of a semiautomatic firearm is only limited by the physical dexterity of the operator of it. While many shooters may not have the physical dexterity to react each 1/5 second, the Rare Breed, LLC FRT trigger system allows a shooter to keep pressure on the trigger in anticipation of the end of a cycle of operation. Although the shooter may in fact hold pressure against the trigger during the cycle of operation, the trigger is not moving nor performing any "function" and is in fact locked in its non-firing position. Please note that "pressure" is not addressed in the definition of a machinegun, nor is the word "pull". The word "function" is the key word in the definition, and "function" is defined at Dictionary.com as;

*"to perform a specified action or activity; work; operate: to have or exercise a function; serve:"*
https://www.dictionary.com/browse/function

It is imperative that it be recognized that in the Rare Breed, LLC FRT trigger system, keeping pressure on the trigger serves no function. It is akin to leaning on a locked door, and then falling through it once unlocked, rather than waiting for the unlocking and then pushing it open.

In the case of a machinegun, it isn't the fact that the shooter holds continuous pressure against the trigger, it's the fact that he "functions" the trigger by pulling it to the rear only once and holding it there, and multiple shots result from this "single function of the trigger".

49

p.3
Kevin Maxwell, esq.
August 6, 2020


The advantage of the Rare Breed, LLC FRT trigger system is that when a shooter holds pressure against the locked trigger during the cycle of operation, he is able to pull (function) it again immediately after the cycle of operation ends, and avoid the normally much slower reaction time needed when using a traditional trigger. A traditional trigger relies on the shooter to hear the report and feel recoil while reacting to them, and then make the decision to release and re-pull the trigger, and then do so, all of which serve to slow reaction time and as a result, reduce the cyclic rate of fire.

The fact is, that a semiautomatic firearm, such as the AR15-type firearm, takes only a fraction of a second to cycle from one shot to another. There are videos on the internet of professional shooters firing 5 shots from an AR15 within one second. Regardless of whether the ability to fire that quickly semi-automatically is perceived as acceptable by ATF, the mechanical operation of a firearm equipped with an "Rare Breed, LLC FRT" trigger system is still done semi-automatically as defined in federal law. While it is true that a shooter may fire successive shots quickly by keeping pressure on the trigger of a firearm equipped with an "Rare Breed, LLC FRT" trigger system, the shooter must nevertheless make a subsequent movement of the trigger to the rear for each shot fired. The only thing which keeping continuous pressure on the trigger does, is to allow the shooter to be ready to make his next trigger movement immediately after the cycle of operation is complete.

We note that the only thing which happens "automatically" in the Rare Breed, LLC FRT trigger system is the return of the trigger to the set position when it is impinged upon by the hammer. It is also noteworthy that previous ATF rulings since 2009 concerning other devices for use in firing an AR15-type firearm more rapidly, such as the "fire-on-release" (i.e. Franklin Armory's "binary" trigger) type of mechanisms, have defined a single function of the trigger as a "single movement of the trigger". In fact the Franklin Armory Binary trigger system allows 2 shots to be fired with each pull-release of the trigger, yet ATF has opined that these are acceptable and not within the definition of a machinegun. The Rare Breed, LLC FRT trigger system in fact, requires two separate movements of the trigger (rearward and forward) for each single shot fired.

The Rare Breed, LLC FRT trigger system is a self-contained body which fits into the firing-control cavity of an AR15-type firearm. The body utilizes the conventional trigger pivot pin and hammer pivot pin to be held into place. The body houses a trigger, trigger-return spring, hammer, hammer-return spring, and a proprietary "locking bar".

50

p.4
Kevin Maxwell, esq.
August 6, 2020

The "Rare Breed, LLC FRT" trigger system was examined as installed into a Spikes Tactical model SR15 rifle, serial #SKU0092, chambered in 5.56 x 45mm caliber. My examination revealed that the Rare Breed, LLC FRT trigger is designed such that upon firing a shot, as the bolt-carrier moves to the rear it cocks the hammer as normal. However, the hammer in turn forces the reset of the trigger to its original position. Upon doing so, a locking-bar locks the trigger into the reset position, making it physically impossible to move the trigger rearward during the remainder of the cycle of operation. I note that whereas a traditional semiautomatic AR15-type trigger must consciously be released by the shooter in order for it to reset, the "Rare Breed, LLC FRT" type of trigger system forces the reset of the trigger and makes it impossible for the shooter to hold the trigger to the rear. This actually prevents the fully-automatic firing which could result in the case of parts malfunction, and therefore makes an AR15 equipped with a Rare Breed, LLC FRT" trigger system less susceptible to fully-automatic firing than a conventional AR15.

This is accomplished as follows. The bolt-carrier group already having completed the extraction and ejection of a fired cartridge case, begins moving forward under the energy of the buffer-spring. As the bolt goes back into battery, having fed and chambered the next cartridge into the chamber, the lower-tail of the bolt carrier impacts the top of the locking block, causing it to pivot out of engagement with the trigger. Only then, once the next cartridge has been chambered and the breech is locked, is the shooter able to again pull the trigger to fire a follow-up shot. Upon pulling the trigger to fire another shot, the above -described procedural cycle begins again.

The testing of the submitted rifle was done on June 13, 2020, at an outdoor range in Geneva, Florida, in the form of a live-fire session, using factory-loaded ammunition.

While in the "Safe" position, the rifle was found to be incapable of firing as the result of a trigger-pull. While in the "Fire" or "semiautomatic" position, the rifle was found to operate as a semi-automatic firearm as originally designed, firing only one shot for every pull of the trigger. During the rapid firing of full 30 rd. magazines, which were fired as rapidly as possible, there were no instances of "hammer-follow".

At no time did the firearm fire more than one shot per function of the trigger, no matter how quickly in succession the trigger was pulled and released.

In summary, the "Rare Breed, LLC FRT" trigger system did not perform in any way which would make it or a firearm in which it is properly installed, subject to the National Firearms Act. It is also my professional opinion that the "Rare Breed, LLC FRT" trigger system for AR-type

51

p.5
Kevin Maxwell, esq.
August 6, 2020


firearms as submitted, is not a firearm under the purview of the Gun Control Act, nor under the National Firearms Act.

I trust that my findings have been helpful.
Respectfully,

Daniel O'Kelly
Director


*Daniel G. O'Kelly*

**Rebuttal statement of Daniel G. O'Kelly**

In ATF's Report of Technical Examination (UI #163080-21-0006) to Special Agent Michael T. Nuttall, I first noticed that they cite 28 CFR 0.130, adding that the Attorney General provides ATF with the authority to investigate, administer, and enforce the laws related to firearms. And pursuant to that, the Firearms and Ammunition Technical Division (FATD) "provides expert technical support" on firearms and ammunition to federal, state, and local law enforcement. However, shortly thereafter FATD "determines" that the item at issue is a machinegun, rather than merely offering their expert opinion as such. I find it disturbing that they offer their opinion as a determination because this "determination" is outside the scope of their authority. Any such determination is only within the authority of a court. Also, if FATD is going to offer "expert technical support", then that support should be in the form of expert technical opinions and should be based on facts and their ability to clearly interpret the elements called for in a definition within the U.S Code. However, they go on throughout the remainder of the report making "determinations" as though they are fact, while using vague and unclear terminology, often evading the pivotal point of the definition. They do so while making statements which are not only untrue but at times physically impossible. In their "Findings" on page 2, FATD cites the fact that "FTISB previously examine (sic) a "forced reset trigger" from (name redacted)(holder of U.S. Patent 10514223) and **determined** it to be a combination of parts, designed and intended for converting a weapon into a machinegun; and therefore a machinegun as defined in the GCA and NFA ... (bold added)"

This citation is also obviously a leap in logic which is being offered as "support" for their later-stated opinion that the Rarebreed FRT is a "machinegun". The reason that I find this disturbing is the fact that ATF's FTISB, previously known as "FTB" has commonly reversed themselves months or even years later as to their opinions of other items as firearms under the purview of the NFA, and then back again in some cases[1]. In this respect, how can logic dictate that item B should be classified as something because item A previously was, since item A can later be re-classified as something else? Also, I find it disturbing that ATF takes so much liberty with the use of the words "classify" and "classification" as they refer to a device or item. While it is the Court which is the finder of fact, ATF serves to give opinions as to which definition or "class", if any, an item falls according to the definitions in the CFR and the U.S. Code. They are supposed to do this according to their training and experience by applying the required elements contained in a given definition, and by further taking notice of the adjectives and adverbs found in said definition which further qualify a given element(s). However, the "classification" of an item as to whether it satisfies a given definition is an act which can be performed by anyone with enough command of English to read the definition in detail and comprehend its nuances, along with enough knowledge of the mechanical features of the item in question. This is a feat easily done by may laypersons and especially by those in the firearm industry. However, due to the lack of one or both of

---

[1] On 11/26/12 ATF's FTB letter to Alex Bosco (903050:MMK, 3311/2013-0172) stated that a forearm brace does not alter the classification of the firearm and would not be subject to the NFA, although the intentional shouldering of the brace would. Then on 3/5/14, ATF's FTB letter to Sergeant Joe Bradley (903050:AG 3311/301737), stated that even the intentional shouldering of a brace-equipped firearm would not violate the NFA. Then on 10/28/14, ATF's FTB letter to Eric Lemoine (907010:MCP, 3311/302492) again stated that should a person shoulder a brace as a stock, that it would be "classified" as a firearm within the NFA. Then on 3/21/17, ATF's FTB letter to Mark Barnes, Esq. (90000:GM 5000), stated that shouldering a forearm brace is "not necessarily a violation". Then on 6/10/21 ATF filed an NPRM in the Federal Register, proposing to make braces fall within the NFA.

1

these abilities, individuals and companies have acquiesced to ATF for decades, asking them to make such "determinations" or "classifications" for them. In years of being a paid Consultant for a number of licensed firearm manufacturers, I have repeatedly seen FATD take great advantage of the opportunity to get away with "classifying" or "ruling" items to be something that it does not satisfy the definition of. They are often completely subjective in their findings. This has clearly been the result of the latitude that FATD has been afforded by those with insufficient knowledge to apply the item to the definition themselves. Countless times FATD has taken advantage of the opportunity to call something as they prefer it be classified when either no one knew better, or was afraid to challenge them, or could not afford to due to because ATF has numerous Attorneys on salary who can bankrupt a challenger who would need to pay enormous legal fees. Too often, FATD also says that they determine something to be an NFA firearm based on elements which do not even appear in said definition[2].

Further in ATF's "Findings" in the second paragraph on page 3, they make a statement that the item covered in U.S. Patent 10514223 does not function by "hammer-follow". I find this issue disturbing as it is being offered as a "red herring". Even firearms which do experience "hammer-follow"[3] merely jam in most cases. Although a firearm which does fire more than one shot with a single function of the trigger due to hammer-follow would qualify as a machinegun, hammer-follow itself is not illegal.

At the end of the fourth paragraph on page 3 ATF incorrectly quotes the definition of a machinegun in their favor by saying that "Machinegun classifications are based on … whether the device converts a weapon to shoot automatically." Here they have conveniently left out the phrase of the definition which adds," … by a single function of the trigger". This is especially disturbing because the missing phrase is the key difference between what ATF alleges that the FRT does and what it in fact does. That is, fire fewer than one shot per function of the trigger.

In the fifth paragraph on page 3, ATF erroneously explains the meaning of the word "automatically" as it is defined in 27 CFR 479.11. Mr. Curtis states that "automatically" "means functioning as the result of a self-acting or self-regulating mechanism that allows the firing of multiple rounds through a single function of the trigger". As true as that may be, it has no application to the FRT. The FRT requires two separate functions of the trigger to fire each shot. Despite the fact that the FRT automatically assists the resetting of the trigger to the ready position, the FRT still requires a second manual and intentional function of the trigger, on the part of the shooter, to fire each shot. The FRT does not <u>shoot automatically.</u> He only thing that it does <u>automatically</u> is to <u>reset its trigger</u> to the ready position. In order for an item to qualify as a machinegun within the specified definition it must satisfy all of the several qualifiers in the definition. For example, the adverb "automatically", describes how the weapon must shoot. The adjectival phrase "more than one shot" describes what it must shoot. And further, the weapon must do these qualified things "without manual reloading". Finally, it must do all of the aforementioned actions "by a single function of the trigger". ATF Chief Counsel's Office has repeatedly

---

[2] FATD letter to Standard Manufacturing re the DP12 being a Destructive Device because it weighs eleven pounds.
[3] Hammer follow is a condition which may occur in a malfunctioning semiautomatic firearm, wherein the hammer can fail to remain in the cocked position during cocking, and then ride the bolt forward. In some cases, this can cause chain-firing and result in the gun becoming a machinegun as defined in 26 USC 5845. It most cases it only results in a jammed firearm which must be cleared before firing a subsequent shot.

2

determined that "a single function of a trigger means a single movement of a trigger.[4]" The below email was addressed to me as well as to hundreds of other ATF personnel at the time.

*From: Galbraith, A.*
*Sent: Friday, March 20, 2009 8:51 AM*
*To: Turner, R.; TPD-NEXUS*
*Subject: A system that fired upon release of the trigger also.*
*All,*

*FTB looked at the original device back in the day. As long as the gun only fires one shot on the pull and one on the release, it is NOT a machinegun. The ATF-counsel-approved interpretation of "single function of the trigger" is a single movement of the trigger, making systems like this OK.*
*A. Galbraith*

*Firearms Enforcement Officer*
*Firearms Technology Branch*
*244 Needy Road, Suite 1600*
*Martinsburg, WV 25405*

Since that time, Franklin Armory has developed and marketed their BFS Binary Triggers©. A Binary Trigger© is an ATF-approved trigger system which allows a firearm to fire one shot upon the pull function of the trigger, and another shot upon the release function of the trigger. FATD has considered this to be a legal and semiautomatic device since approximately 2015. Extremely fast follow up shots can be fired with a Binary Trigger©, which only requires one function of the trigger per shot fired, however ATF has an issue with the FRT which requires two functions of the trigger per shot fired. I find it very arbitrary that ATF has a problem with a device which requires twice the trigger functions per shot as one which they consider perfectly legal, let alone the fact that the FRT does not satisfy the definition.

In his examination report, Mr. Smith references a letter, regarding a different trigger, from Mr. Curtis. In his letter Mr. Curtis cites Staples vs. United States by pointlessly saying that "...once it's trigger is depressed the weapon will automatically continue to fire until it's trigger is released or the ammunition is exhausted." Here he is playing with the various connotations of the word "pressed". At risk of being redundant, upon "functioning" the trigger of an FRT by moving it rearward from the ready position to the fire position, the weapon only fires one shot. To fire a second shot, the shooter must wait for the FRT to force the trigger forward into the ready position. Only then can the shooter fire another shot by again pulling (functioning) the trigger to the rear, causing it to release the hammer. As a result of the design of the FRT, two separate functions of the trigger must occur for each shot fired. This is double the number of functions required for legal semiautomatic firing[5]. Mr. Curtis, in his *Staples* quote, attempts to use the word "depressed" as though it means "functioned". I notice throughout the ATF Report that

---

[4] See email from ATF FEO Adam Galbraith on 3/20/09 at 8:51am to Richard Turner and all ATF-trained Interstate Nexus Agents (TPD-Nexus).
[5] Compare to a machinegun, which fires two or more shots for each time the trigger performs the single function of releasing the hammer. Further, compare it to the Binary© type of legal semiautomatic triggers which fire a shot upon functioning the trigger to the rear, and fire another shot by functioning the trigger forward to the ready position.

3

the words "pressure", "pull", and "depressed" are used as though they are synonymous with "function". They are not. Function is defined as *"an activity or purpose natural to or intended for a person or thing. Verb: Work or operate in a proper or particular way[6]."*

With an FRT, the shooter may exert constant "pressure" against the trigger, although the trigger cannot be "pulled" (moved) to the rear again until after each time it is forced forward by the hammer, at which point it can be "functioned" again by intentionally moving it to the rear with the finger. Constant pressure on a trigger does nothing. It is akin to leaning against a locked door until someone unlocks the door from the other side, which then allows the door to be pushed open by the weight leaning against it. It is only then that the weight of the person who is leaning against it functions the door to the open position. Upon the person falling through the then open door, the door is again forced closed, and locked by a mechanical apparatus (e.g. FRT's locking bar). During this time, another person leans against the door waiting for it to be unlocked so that their weight allows them to fall through it once unlocked.

Mr. Smith then cites the Freedom Ordnance 3:16-cv-00243-RLY-MPB case, stating that " ... a firearm is a machinegun when an internal mechanism or operation automatically forces the individuals finger forward instead of requiring that the shooter release the trigger." Again, there is nothing in the National Firearms Act to support this. The definition of a machinegun makes no such claim. This is yet another example of FATD's decades long practice of insisting that items fall within definitions which they clearly do not satisfy the elements of[7]. The word "automatically" is used in the definition to describe how the gun must shoot. That is, <u>with a single function of the trigger.</u> The FRT's trigger's return to the reset and forward position is forced by the FRT's hammer, but this movement (function) is still a "release". The definition says nothing about requiring the shooter to "release" or to remove their finger from the trigger.

At the top of page 4, Smith erroneously states that "If a device is designed to assist in preventing the hammer from positively resetting or which utilizes a spring, electric motor or non-manual source of energy which assists in the automatic resetting of the hammer and causes the firearm to shoot automatically more than one shot, without manual reloading, by a single function of the trigger, such an item or device would be classified as a combination of parts designed and intended, for use in converting a weapon into a machinegun; ... " Firstly, this verbiage is not found in any definition of a machinegun within the U.S. Code. It is merely another example of FATD writing their opinion to suit a situation. Additionally, the FRT does none of these things. It does not "assist in preventing the hammer from resetting". In the FRT the hammer positively resets and re-engages with the trigger after each shot. Secondly, every semiautomatic firearm ever made utilizes a "non-manual source of energy which assists in the automatic resetting of the hammer". That is the energy generated by burning gunpowder to drive

---

[6] Google.

[7] From 1968 to 2021 ATF insisted that a part of 60% of new firearms on the market have a part which qualifies as a firearm "frame or receiver" as defined in 27 CFR 478.11. However, based on my testimony in the Lycurgan, Jiminez, Roh, and Rowold/Robison cases, Attorney General Loretta Lynch notified Speaker of the House Paul Ryan in 2015 that ATF needed to correct the issue. ATF took no action. In 2018 Judge Selna, and in 2020 Judge Carr, ruled that ATF was wrong. In June of 2021 ATF finally filed a New Proposed Rulemaking in the Federal Register to change the definition of a "frame receiver" to include the previously referred to parts. The process is ongoing.

4

the bolt or breechblock[8] to the rear, which in turn causes the reset of the hammer by its reengagement with the trigger[9]. This is a non-manual source of energy, so if FATD's above position were to be given merit, then every semiautomatic firearm in the U.S. would be deemed a machinegun. Further, the phrase "and causes a firearm to shoot automatically more than one shot" precludes the FRT from FATD's position because it does not shoot more than one shot per function of the trigger.

On page 4, 8th paragraph, Mr. Smith states that "This differs from a cycle of eoprations (sic) in a typical AR-type semiautomatic firearm in which the shooter must release and pull the trigger to fire a second projectile". His statement here is misleading, because in a typical AR-type firearm, the shooter does not have to release the trigger to allow the trigger to reset. The trigger resets due to the fact that it is under spring pressure to return to the forward position. In fact, the trigger-return spring in a typical AR-type firearm performs the same function as the FRT hammer. It returns the trigger to the forward/reset position. The only difference between the way the typical system works vs. the FRT is the amount of force with which the trigger is forced forward. The shooter must only lessen the pressure that he/she is exerting against the trigger in a typical AR-type firearm to allow the spring to do its job. The finger is never required to break contact with the trigger. In an FRT the hammer performs the movement (function) of returning the trigger to the forward position without the need for the shooter to break contact with the trigger.

Mr. Smith continues by saying that "... a firearm assembled with the FRT requires no such release and subsequent pull by the shooter to fire a second projectile. ... the shooter may fire a second projectile merely by maintaining the initial trigger pull and allowing the self-acting internal mechanism to complete its automatic cycle of operation". Although Mr. Smith is correct that an FRT equipped firearm doesn't require a "release" (break in contact from the finger) with the trigger to fire a subsequent shot, it does require the trigger to <u>function</u> by moving back to the reset position before firing another shot. However, he is incorrect by stating that the "shooter may fire second projectile by maintaining the initial trigger pull." This is physically impossible, due to the forced return (function) of the trigger to the reset position by the steel hammer, and then by the locking bar which holds it locked into that position until the cycle of firing that shot is complete. In this instance ATF again takes liberty in blurring the lines between "pull", "pressure", and "function". The truth is, that a shooter of an FRT may maintain pressure on the trigger throughout the firing of a string of several shots, but even then, the trigger functions to release the hammer and then functions to reset the hammer/trigger for each shot fired. Of course, the shooter must consciously cause one of these functions to occur for each shot.

The most disturbing statement in Mr. Smith's' entire report is on page 5 in the second paragraph. He describes his test-firing of the FRT, stating that he "...fired two rounds automatically with a single pull/function of the trigger" and that he repeated this an additional time. The reason that I say this statement is so disturbing is because his claim is physically impossible. Unless he was test-firing some other device, this could not have occurred. As I've previously stated, every time an FRT-equipped firearm fires a shot, the trigger is forced to return to the forward reset position where it began before

---

[8] Depending on it's design, every firearm utilizes either a bolt or breechblock to support the rear of a cartridge upon firing. This support prevents pressure from moving rearward until after the bullet exits the barrel and prevents injury to the shooter.

[9] Some semiautomatic firearms utilize a striker instead of a hammer. A striker is a spring-loaded firing-pin which is released from the cocked position by the sear upon a function of the trigger.

5

firing. Resultingly, during a string of rapidly fired shots, the shooter will physically feel his finger moving rearward and forward once each, for each shot fired. This movement is approximately .13 inch both fore and aft. It is imperative to note here that firearms are precise machines which rely on extremely close tolerances in order to function, and to do so safely. There is no measurable "play" or "stretch" in an operable firearm. The trigger of an FRT must make this movement both aft and then again forward for each shot fired. Therefore, I'm at a loss as to how Mr. Curtis can make this impossible claim. As such, Mr. Smith should reconsider this statement before testifying to it under oath. In the next paragraph, he claims to have fired 5 shots "by a single function of the trigger". This is again physically impossible as the trigger would have made the above-described movements (functions 2 time for each shot fired).

I note that this is the first time that ATF acknowledges the "pull" of a trigger as a function. This is a double-edged sword however, because Mr. Smith, and FATD in general, is noticeably liberal in their usage of the various connotations of this word "pull" as it suits their collective aim. I offer that a person can "pull" or add "constant pressure" on the knob of a locked door without causing a "function" to occur, whereas one can also "pull" or add "constant pressure" on the same door when not locked and effect the "function" of opening or closing the door in the process. Likewise, a person can or add "pressure" onto the steps of an escalator by stepping onto it. Yet the escalator continues to perform the "function" of moving the person up or down the incline by working against that pressure. There is a huge difference between "pull", "pressure" and "function", which is exactly why writers of the definition chose to use "function" as the definitive issue concerning what a trigger must do.

In referencing a prior examination of a different trigger, On page (46) Mr. Curtis states in the last sentence on the page that "... a single constant rearward *pull* will cause the firearm to fire until the trigger is released, the firearm malfunctions, or the firearm exhausts its ammunition supply." (italics added) Here is yet another misleading statement which is poorly worded, in an effort to support FATD's position. Not to mention the fact this is not an examination of the FRT-15. The accurate way to have stated this would be "a single rearward movement will cause the trigger to function twice for each shot fired, by repeatedly functioning the release of the hammer, and then functioning to reengage the hammer with the trigger." In summary, ATF regularly confuses the issue by saying "pressure" where it is immaterial because "function" is the issue. At other times ATF uses the word or "pull" despite the fact that they are referring to a pressure which is causing no function.

Again referencing a examination of a trigger which is not the FRT-15, On page (50), Mr. Curtis states in the second paragraph that "...after firing several cartridges the sear failed to retain the hammer which simply followed the bolt forward leaving a substantial firing-pin mark on the primer of the chambered cartridge without firing the cartridge." Here I fail to see the point, as this merely resulted in a stoppage, commonly known as a "jammed gun". This is hardly a violation of the U.S. Code or a public safety issue. It would only be of consequence if the gun had fired multiple shots as a result.

Again referencing a examination of a trigger which is not the FRT-15, On page (51) Mr. Curtis describes a test-firing sequence wherein ATF modifies the gun by attaching a zip-tie around the trigger. This is a laughable demonstration because it has nothing to do with ATF's erroneous assertion that the FRT fires more than one shot by a single function of the trigger. Zip-ties have nothing to do with the FRT. If a person were to modify a firearm from its original legal design by redesigning it as a machinegun as defined in 26 USC, then the criminal violation would have been committed by the modifying individual. This "test" also gives no acknowledgement to the fact that a plastic zip-tie has some degree of elasticity

6

and that the installation of one as depicted still allows the firing to occur as a semiautomatic, with one shot being fired with at least one function of the trigger occurring each time. Further, if such a modified firearm were received from the field by FTSIB for determination, they would "classify the zip-tie as the machinegun, as they have other items in the past, such as shoestrings, pieces of a coat hanger, etc... In such cases their determination is that the item has been redesigned as an item solely intended for use in converting a weapon into a machinegun, under the third definition of a machinegun in 26 USC 5845(b). In fact, any, and every semiautomatic firearm can be modified to fire fully-automatically. However, this doesn't make every semiautomatic a machinegun.

Again referencing a examination of a trigger which is not the FRT-15, On page (52), Mr. Curtis states in paragraph 2 that " ... ATF has long held that a single function of the trigger is a "single pull" or alternatively, a single release of a trigger." Here FATD's statement fully supports my earlier point about Binary Triggers©. The ATF stated position clearly supports that either a function of the trigger to the rear for each shot fired is legal, or alternatively, a single function of the trigger forward is alone sufficient for the FRT to be recognized as a legal semiautomatic. Therefore, the FRT could ironically fire two shots for each pull and return of the trigger, regardless of the fact that it is mechanically returned to the reset position, and still be legal. Yet FATD erroneously argues otherwise.

Again referencing a examination of a trigger which is not the FRT-15, In paragraph 4 of page (52), Mr. Curtis begins by citing that "Federal courts have noted that automatically means the weapon "fires repeatedly with a single pull of the trigger"". Still, he blurs the issue with the use the word "pull". No firearm fires by merely adding pressure to a trigger without that trigger actually moving a distance. So, "pull" certainly does not mean "add pressure without movement". Clearly, the federal courts have intended the word "pull" to mean a movement which causes a function therefore we see the word "function" in the definition. Once again, the FRT fires one shot per rearward movement/function of the trigger.

Again referencing a examination of a trigger which is not the FRT-15, At the start of paragraph 5 on page (52), Mr. Curtis falsely states "FTISB testing indicated that continuous rearward pressure after the initial pull of the trigger initiates a "firing sequence" which discharges multiple rounds with a single function of the trigger." I can only shake my head at such an outlandish claim. The facts are that maintaining rearward pressure on the trigger after the initial pull of the trigger, initiates the repetition of a cycle wherein the firing of one shot occurs with each time the trigger is functioned aft and then functioned forward.

Finally in referencing a examination of a trigger which is not the FRT-15,, on page (53) in paragraph 2, Mr. Curtis says that "A device designed to prevent the hammer from positively resetting could cause a firearm to shoot automatically more than one shot, without manual reloading, by a single function of the trigger, and would also be classified as a combination of parts designed and intended, solely and exclusively, for use in converting a weapon into a machinegun;..." I'm at a loss to see his point here as he again attempts to use technical descriptions and definitions which have zero applicability here. The hammer in an FRT absolutely makes a positive reset by interlocking with the trigger after each shot fired. Further, how does he propose to call something illegal by virtue of what it "could do"? Obviously, a baseball bat "could" be used as a deadly weapon, but until or unless it is that doesn't make them illegal. Even further, an FRT fires one shot per two trigger functions, let alone one per trigger function

7

(i.e. Binary Triggers©), let alone more than one shot per trigger function (i.e. machineguns). Lastly, since an FRT does not convert a firearm into a machine gun, it is not designed and intended for that purpose.

I reserve the right to amend my report.

Daniel O'Kelly

8/26/21

Date



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

SEP 8 0 2004

903050:RDC
3311/2004-379

www.atf.gov

Mr. Brian A. Blakely

Dear Mr. Blakely:

This refers to your letter of February 6, 2004, to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Firearms Technology Branch (FTB), in which you inquired about the legality of a small section of string intended for use as a means for increasing the cycling rate of a semiautomatic rifle.

As you may be aware, the National Firearms Act, 26 U.S.C. § 5845(b), defines "machinegun" to include the following:

...any weapon that shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. This term shall also include the frame or receiver of any such weapon, **any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun,** and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person [bolding added].

In 1996, FTB examined and classified a 14-inch long shoestring with a loop at each end. The string was attached to the cocking handle of a semiautomatic rifle and was looped around the trigger and attached to the shooter's finger. The device caused the weapon to fire repeatedly until finger pressure was released from the string. Because this item was designed and intended to convert a semiautomatic rifle into a machinegun, FTB determined that it was a **machinegun** as defined in 26 U.S.C. 5845(b).

We thank you for your inquiry, regret the delay in response, and trust the foregoing has been responsive.

Sincerely yours,

Sterling Nixon
Chief, Firearms Technology Branch



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

_____

Martinsburg, WV 25401   903050:JPV
www.atf.gov         3311/2007-615

**JUN 25 2007**

Mr. Brian A. Blakely

Dear Mr. Blakely:

On February 6, 2004 you wrote to the Firearms Technology Branch (FTB) of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) inquiring about the legality of a small section of string intended for use as a means for increasing the cycling rate of a semiautomatic rifle. We responded on September 30, 2004. In that letter we stated:

> In 1996, FTB examined and classified a 14-inch long shoestring with a loop at each end. The string was attached to the cocking handle of a semiautomatic rifle and was looped around the trigger and attached to the shooter's finger. The device caused the weapon to fire repeatedly until finger pressure was released from the string. Because this item was designed and intended to convert a semiautomatic rifle into a machinegun, FTB determined that it was a **machinegun** as defined in 26 U.S.C. 5845(b). (Emphasis in original).

Upon further review, we have determined that the string by itself is not a machinegun, whether or not there are loops tied on the ends. However, when the string is added to a semiautomatic firearm as you proposed in order to increase the cycling rate of that rifle, the result is a firearm that fires automatically and consequently would be classified as a machinegun. To the extent that prior ATF classification letters are inconsistent with this letter, they are hereby overruled.

We hope that this clarifies our position. Should you have any questions, please do not hesitate to contact us.

Sincerely,

Richard Vasquez
Acting Chief, Firearms Technology Branch

Case 4:23-cv-00830-O   Document 19   Filed 08/14/23   Page 63 of 65   PageID 387

63



From: Galbraith, A.

Sent: Friday, March 20, 2009 8:51 AM

To: Turner, R. ; TPD-NEXUS

Subject: A system that fired upon release of the trigger also.

All,

FTB looked at the original device back in the day. As long as the gun only fires one shot on the pull and one on the release, it is NOT a machinegun. The ATF-counsel-approved interpretation of "single function of the trigger" is a single movement of the trigger, making systems like this OK.

A. Galbraith

Firearms Enforcement Officer

Firearms Technology Branch

244 Needy Road, Suite 1600

Martinsburg, WV  25405

## DECLARATION OF BENJAMIN SLEY

I, Benjamin Sley, have personal knowledge of the facts set forth below.

1. I am an attorney with the firm Eggleston King Davis, LLP and represent Plaintiffs National Association of Gun Rights, Inc., Texas Gun Rights, Inc., Patrick Carey, James Joseph Wheeler, and Travis Speegle.

2. On August 11, 2023, I reached out telephonically to Mr. Brian Soltz, an attorney with the U.S. Attorney's Office for the Northern District of Texas.

3. Mr. Stolz referred me to Mr. Michael Clendenen, an attorney with the U.S. Department of Justice, and indicated that Mr. Clendenen will be handling *National Association of Gun Rights, Inc., et al. v. Garland, et al.*, Case No. 4:32-cv-00830-O.

4. On August 11, 2023, I spoke by telephone with Mr. Clendenen to confer regarding Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction.

5. Mr. Clendenen stated: "My contact at ATF stated, 'We have no plans at this time to do anything with respect to these three plaintiffs [Mr. Carey, Mr. Wheeler, and Mr. Speegle] but we are unwilling to make any assurance regarding this in the future.'"

6. Mr. Clendenen further indicated that Defendants would oppose Plaintiffs' Motions.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on August 14, 2023.

By:  _____
Benjamin Sley

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NATIONAL ASSOCIATION FOR | § | |
| GUN RIGHTS, INC., *et al.*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **Civil Action No. 4:23-cv-00830-O** |
| v. | § | |
| | § | |
| MERRICK GARLAND, *et al.*, | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## <u>OPINION & ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION</u>

Before the Court are Plaintiffs' Motion for Preliminary Injunction with Brief in Support (ECF No. 22) and Appendix (ECF No. 23), filed August 15, 2023; Defendants' Response (ECF No. 39), Appendix (ECF No. 40), and Notice of Manual Filing of Video Exhibits (ECF No. 41), filed September 8, 2023; and Plaintiffs' Reply (ECF No. 47), filed September 22, 2023. The Court also heard evidence at an oral hearing on October 2, 2023 (ECF No. 51). Having considered the parties' arguments and applicable law, the Court **GRANTS** Plaintiffs' Motion for Preliminary Injunction to preserve the status quo until a final decision on the merits is rendered.

## I.    BACKGROUND[1]

The United States Congress delegated authority to the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") to regulate firearms in interstate commerce under the Gun Control Act of 1986. In a 2018 regulation, the ATF expanded the statutory definition of "machinegun." A few years later, the ATF determined that additional types of firearms qualify as machineguns and are thus illegal to possess or transfer. One of those prohibited firearms is a

---

[1] Unless otherwise indicated, all facts are taken from the Court's August 30, 2023 Opinion & Order that granted a temporary restraining order. *See* Order & Op. on Pls.' Mot. for TRO, ECF No. 36.

forced reset trigger. Alleging incongruence between the statutory definition and the ATF's interpretation, Plaintiffs bring this suit under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, to challenge the legality of the ATF's broadened definition.

## A. Forced Reset Triggers

A forced reset trigger ("FRT") is an assembly that allows the trigger of a semi-automatic weapon to reset quicker than it otherwise would using the standard trigger-return spring. Due to the swift trigger reset, a firearm equipped with an FRT enables the user to fire at a faster rate than with a traditional trigger.

Reviewing the basic mechanism of a firearm is necessary to understand how an FRT works. The basic function of any trigger is to release the hammer. This occurs when the trigger is pulled back to the point that a "trigger sear" releases the hammer from its retained position. Once released by the trigger, the hammer pivots to contact the firing pin. Once contacted, the firing pin then strikes a chambered ammunition cartridge or "round," causing gunpowder in the cartridge to combust. The combustion effect propels the cartridge's bullet out of the barrel of the firearm. Once fired, a standard semi-automatic trigger returns to its "reset" state—ready-to-fire or "set" position—by allowing the firearm to function once again by starting the mechanism anew. In other words, the firearm only functions again upon the reset of the trigger to release the hammer.

An FRT is a device that forcibly returns the trigger to its reset state. In the commercialized FRT designs at issue in this litigation, the trigger is forcibly reset by the hammer when the bolt carrier cycles to the rear. A "locking bar" mechanically locks the trigger in its reset state, preventing the user from moving the trigger rearward to function by releasing the hammer, until the bolt has returned to the in-battery position and the firearm is safe to fire. When firing multiple shots using an FRT, the trigger must still reset after each round is fired and must

2

separately function to release the hammer by moving far enough to the rear in order to fire the next round.

### B. Statutory Background

The National Firearms Act of 1934 ("NFA") regulates certain firearms in interstate commerce. 26 U.S.C. §§ 5801 *et seq.* At the time of its proposal, the NFA "was known to many as the 'the Anti-Machine Gun Bill.'" *Cargill v. Garland*, 57 F.4th 447, 450 (5th Cir. 2023), *pet. for cert. filed*, No. 22-976 (2023). Among other things, the NFA criminalized the possession or transfer of certain unregistered firearms while also prohibiting the registration of firearms otherwise banned by law. 26 U.S.C. §§ 5812(a), 5861. In the decades following its enactment, Congress passed the Gun Control Act of 1968 (the "GCA"), which criminalized the possession of firearms for certain classes of people. 18 U.S.C. § 921 *et. seq.* The GCA was amended in 1986 by the Hughes Amendment to the 1986 Firearm Owners Protection Act—colloquially referred to as "the machinegun ban"—in order to prohibit the possession or transfer of machineguns. 18 U.S.C. § 922(o). With limited exceptions,[2] it is a federal felony today to possess or transfer a machinegun. *Id.* This offense is punishable by up to ten years in federal prison for first-time offenders. 18 U.S.C. § 924(a)(2).

According to both the NFA and GCA, a "machinegun" is statutorily defined as

[a]ny weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machine gun, and any combination of parts from which a machine gun can be assembled if such parts are in the possession or under the control of a person.

---

[2] These exceptions are limited to government actors, as well as machineguns in existence and registered prior to May 19, 1986—the effective date of the statute. 18 U.S.C. § 922(o)(2)(A)–(B).

26 U.S.C. § 5845(b) (providing the original statutory definition of "machinegun"); 18 U.S.C. § 921(a)(24) (incorporating the NFA's definition of "machinegun" into the GCA). In other words, a machinegun is a "rifle capable of automatic fire" due to "firing more than one round per trigger-action." *Cargill*, 57 F.4th at 452. Firearms incapable of automatic fire per trigger-action are thus not machineguns. *Id.*

### C. Regulatory Background

For decades, the ATF's regulations mirrored the federal statutory definition of "machinegun." *Compare* 27 C.F.R. §§ 478.11, 479.11 (2017) *with* 26 U.S.C. § 5845(b). This statutory parity was disrupted in 2018 when the ATF broadened the meaning of machinegun in its most recent regulation by re-interpreting the statutory definition to add additional language:

> Any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machine gun, and any combination of parts from which a machine gun can be assembled if such parts are in the possession or under the control of a person. *For purposes of this definition, the term "automatically" as it modifies "shoots, is designed to shoot, or can be readily restored to shoot," means functioning as the result of a self-acting or self-regulating mechanism that allows the firing of multiple rounds through a single function of the trigger; and "single function of the trigger" means a single pull of the trigger and analogous motions. The term "machine gun" includes a bump-stock-type device, i.e., a device that allows a semi-automatic firearm to shoot more than one shot with a single pull of the trigger by harnessing the recoil energy of the semi-automatic firearm to which it is affixed so that the trigger resets and continues firing without additional physical manipulation of the trigger by the shooter.*

27 C.F.R § 479.11 (2018) (emphasis added).

Three years after the ATF broadened its interpretation of the statutory definition, agency subdivisions issued reports applying the revised definition of "machinegun" to FRTs. For instance, the Firearms Technology Criminal Branch ("FTCB") issued a Technical Examination

Report on July 15, 2021, which purportedly classified the FRT-15—a version of the FRT—as a machinegun. The FTCB issued a similar report several months later on October 21, 2021 regarding the Wide Open Enterprises "WOT" version of the FRT. Both the WOT and the FRT-15 operate on the same mechanical principles. At the beginning of the next year, the FTCB issued its "Open Letter to All Federal Firearms Licensees" (the "Open Letter") on March 22, 2022. The Open Letter advised that the ATF "recently examined devices commonly known as 'forced reset triggers' (FRTs)" and "determined that *some* of them are 'firearms' and 'machineguns' as defined in the [GCA]." Most important for this case, the Open Letter further explained that "ATF's examination found that *some* FRT devices allow a firearm to automatically expel more than one shot with a single, continuous pull of the trigger" and that "any FRT that allows a firearm to automatically expel more than one shot with a single, continuous pull of the trigger is a 'machinegun.'" One month later, the ATF's Firearms and Ammunition Technology Division ("FATD") issued yet another report on the FRT-15 trigger.

The ATF's application of its revised definition is not merely contained to agency reports. In fact, ATF and other government actors are actively pursuing civil and criminal enforcement actions against manufacturers, sellers, and owners of FRTs. Specifically, the Department of Justice ("DOJ") has brought several criminal prosecutions against individuals for possessing FRTs—including at least one individual located in the State of Texas.[3] The DOJ has also initiated civil proceedings against at least one company and two individuals for manufacturing

---

[3] *See, e.g.*, Second Superseding Indictment at Count One, *United States v. Bruggeman*, 2:22-cr-185 (S.D. Tex. Nov. 9, 2022) (charging defendant with "knowingly posess[ing] a machinegun, that is, six (6) Rare Breed Triggers FRT-15"); Indictment at Count Two, *United States v. Berrios-Aquino*, 3:22-cr-473 (D.P.R. Apr. 20, 2023) (charging defendant with possession of a machinegun for possessing a Rare Breed FRT-15 trigger); Superseding Indictment at Count One, *United States. v. Augusto*, 3:22-cr-30025 (D. Mass. Sept. 1, 2022) (charging defendant with possession of a machinegun in part for possessing three Rare Breed FRT-15 forced reset triggers and one Tommy Triggers FRT-15-3 MD forced reset trigger).

and selling FRTs.[4] And more proceedings seem inevitable given that the ATF is sending cease-and-desist letters regarding possession of FRTs.[5]

### D. Parties

Plaintiffs comprise of both individuals and organizations. Plaintiffs Patrick Carey, Travis Speegle, and James "J.R." Wheeler are three individual citizens located in the Texas–Louisiana area (the "Individual Plaintiffs"). Each Individual Plaintiff has owned, currently owns, and/or plans to own FRTs in the future. Plaintiffs also include two organizations—National Association for Gun Rights, Inc. ("NAGR") and Texas Gun Rights, Inc. ("TGR")—with thousands of members in the Northern District of Texas (the "Organizational Plaintiffs").

Plaintiff Carey owned two FRTs prior to receiving a warning notice from the ATF on August 22, 2022. The warning notice informed Plaintiff Carey that "ATF has information that you have acquired one or more [FRTs]," that "[t]hese items have been classified as machineguns that were unlawfully manufactured," that "[p]ossession of these devices is a violation of law due to their illegal manufacture," and that "*the unlawful receipt and possession of any of these devices is a felony violation of Federal law*." Due to the direct threat of civil and criminal enforcement, Plaintiff Carey surrendered his two FRTs to ATF agents. Plaintiff Wheeler personally owns one FRT and has a 50% ownership stake in a small firearms and ammunition business that owns two additional FRTs. Plaintiff Speegle personally owns ten FRTs. Both Plaintiffs Wheeler and Speegle wish to maintain possession of their FRTs, but fear they are at risk of civil and criminal prosecution for continued possession. The Individual Plaintiffs' prior or current conduct—possession or transfer of FRTs—is subject to enforcement on account of the

---

[4] *See, e.g.*, Complaint, *United States v. Rare Breed Triggers, LLC, et al.*, No. 1:23-cv-00369-NRM-RML, 2023 WL 5689770 (E.D.N.Y. Jan. 19, 2023) (seeking injunctive relief to enjoin a commercial entities and related individuals from marketing FRT-15s as lawful weapons despite the ATF's contrary interpretation that FRTs are machineguns).

[5] *See, e.g.*, Pls.' App'x 5, 7–8, ECF No. 23 (cease-and-desist letter to Plaintiff Patrick Carey).

071

ATF's broadened definition of machinegun.

In addition to the Individual Plaintiffs, other unnamed members of the Organizational Plaintiffs are also subject to enforcement under the ATF's broadened definition of machinegun. Formed in 2000, NAGR is a Virginia non-profit organization with its headquarters in Loveland, Colorado.[6] NAGR's purpose is to "preserve and defend the Second Amendment rights of gun owners."[7] It represents over 3,000 members in the Northern District of Texas alone.[8] Certain members of NAGR either already own FRTs or wish to acquire them but for the challenged ATF definition.[9] Since this case was filed, at least three new NAGR members have reported receiving warning letters from the ATF regarding their FRTs.[10]

Similarly, TGR is another non-profit corporation representing unnamed members in this lawsuit.[11] Its mission is "to protect the Second Amendment rights of its members, including protecting the liberty of individuals to defend themselves, their families, and their property without having to first ask government for permission."[12] Headquartered in Hudson Oaks, Texas, TGR represents over 14,000 members residing in the Northern District of Texas alone.[13] Among these members are those who own FRTs or wish to acquire them but for the challenged ATF definition.[14]

Without immediate relief, Plaintiffs fear civil and criminal prosecution. For those reasons, among others, Plaintiffs are suing various government officers and entities—the

---

[6] Pls.' Compl. 2, ECF No. 1.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] Pls.' Reply in Support of Mot. for Prelim. Inj. 20 (describing declarations of Ryan Flugaur, Chris McNutt, and John Kordenbrock); *see also* Pls.' Reply App'x 94, ECF No. 48 (Declaration of Ryan Flugaur); *id.* at 85–93, 95–98, 101–04 (Declarations of other NAGR Members).
[11] Pls.' Compl. 2–3
[12] *Id.*
[13] *Id.*
[14] *Id.* at 3.

7

Attorney General of the United States, the DOJ, the ATF, and the Director of the ATF (collectively, the "Defendants")—over the ATF's newly broadened definition and implementation of the machinegun regulation. In the instant action, Plaintiffs bring an APA challenge to the validity of Defendants' interpretation of the "machinegun" definition. According to Plaintiffs, this definition is unlawful because "Defendants' interpretation of the law and their specific actions to threaten and potentially initiate enforcement actions against Plaintiffs are thus arbitrary, capricious, and otherwise contrary to law." To protect the status quo during the pendency of the lawsuit, Plaintiffs seek a preliminary injunction enjoining Defendants from enforcing or otherwise implementing the novel definition until the Court is able to rule on the merits.[15] Such relief is available under the Court's inherent equitable powers and pursuant to statutory authorization under 5 U.S.C. § 705.

### E. Temporary Restraining Order

On August 30, 2023, this Court granted a temporary restraining order ("TRO") to the Individual Plaintiffs only.[16] Finding that the ATF's expanded definition of "machinegun" is likely unlawful, the TRO enjoined Defendants from implementing or enforcing, in any civil or criminal manner, the definition against the Individual Plaintiffs.[17] The TRO was narrow in scope, limiting temporary injunctive relief to current and former possession of FRTs by the Individual Plaintiffs.[18] The TRO was extended once by the Court for good cause to avoid a gap between the temporary relief afforded to the Individual Plaintiffs and any subsequent preliminary injunction the Court may award.[19] The parties subsequently agreed to extend the TRO on two occasions.[20]

---

[15] Pls.' Mot. for Prelim Inj. 1–2, ECF No. 22.
[16] Order & Op. on Pls.' Mot. for TRO, ECF No. 36.
[17] *Id.* at 27.
[18] *Id.* at 25.
[19] *Id.* at 26.

The TRO expires after October 7, 2023.[21]

### F. Eastern District of New York's Preliminary Injunction

Shortly after the Court granted the TRO to the Individual Plaintiffs,[22] a federal district court in the Eastern District of New York granted a preliminary injunction in favor of Defendants in a similar lawsuit involving the ATF's definition as applied to FRTs (the "E.D.N.Y. Lawsuit" and "E.D.N.Y. Decision"). *United States v. Rare Breed Triggers, LLC*, No. 23-cv-369 (NRM) (RML), 2023 WL 5689770 (E.D.N.Y. Sept. 5, 2023). The E.D.N.Y. Lawsuit enjoined two commercial entities—Rare Breed Triggers, LLC and Rare Breed Firearms, along with their agents, officers, and employees—from "engaging in any sales of [various FRTs] and other machinegun conversion devices." *Id.* at *50.

### G. Evidentiary Hearing[23]

On October 2, 2023, the Court held an evidentiary hearing.[24] As with the E.D.N.Y. Lawsuit, each party was permitted an expert witness to testify about the mechanics of FRTs.[25] Notably, the hearing made clear that there are no factual disputes regarding how FRTs work.[26] Instead, the hearing confirmed that the parties' dispute centers entirely on whether FRTs qualify as machineguns under the statutory definition. Plaintiffs' expert, Daniel O'Kelly, testified that FRTs *do not* exhibit the attributes of a machinegun. Defendants' expert, Anthony Ciravolo,

---

[20] Joint Mot. for Extension of Time 1–2, ECF No. 37 (extending the TRO by three days); Joint Mot. to Reschedule Hrg. 1–2, ECF No. 43 (extending the TRO by one week).

[21] Order, ECF No. 44.

[22] Order & Op. on Pls.' Mot. for TRO, ECF No. 36.

[23] The hearing transcript will be forthcoming at a later date.

[24] *See* Electronic Minute Entry, ECF No. 51 (describing the Court's hearing held on October 2, 2023). Just like the E.D.N.Y. Lawsuit, this Court heard expert testimony regarding how FRTs function. *See* Defs.' Opp. to Mot. for Prelim. Inj. 24 (referencing the evidentiary hearing held in the E.D.N.Y. Lawsuit); *see also United States v. Rare Breed Triggers, LLC*, No. 23-cv-369 (NRM) (RML), 2023 WL 5689770, at *8 (E.D.N.Y. Sept. 5, 2023) (referencing the evidentiary hearing held on August 1–2, 2023).

[25] *See* Order, ECF No. 51 (setting time limits and scope of expert testimony).

[26] Even without the October 2, 2023 hearing, Defendants' briefing makes clear that they agree to the basic facts of how the FRT device works. *See* Defs.' Opp. to Mot. for Prelim. Inj. X, ECF No. 39.

testified that FRTs *do* exhibit the attributes of a machinegun. This live testimony mirrored the positions these same experts proffered during the two-day hearing in the E.D.N.Y. Lawsuit.[27] Having heard the live testimony and briefing on the issues, Plaintiffs' Motion for Preliminary Injunction is now ripe for the Court's review.

## II.    THRESHOLD ISSUES

Defendants renew the same threshold issue initially raised at the TRO stage: standing and the veracity of pre-enforcement challenges.[28] Before turning to the question of whether a preliminary injunction is warranted in this situation, the Court first addresses these threshold issues.

### A.  Individual Standing

Nothing in Defendants' renewed standing challenge contradicts the operative facts the Court relied upon when granting the TRO.[29] Yet Defendants once again argue that the Plaintiffs lack standing because there is no credible threat of prosecution and there are no *current* plans to prosecute the Plaintiffs.[30] But this phrasing reveals the implicit threat that the Plaintiffs fear: the Defendants could change their *current* plans at any time by deciding to prosecute. That is why, as the Fifth Circuit makes clear, standing exists here. *See Franciscan All., Inc. v. Becerra*, 47 F.4th 368, 376 (5th Cir. 2022) (emphasizing that "plaintiffs have standing in the face of similar prosecutorial indecision," including when an agency "has not to date evaluated" whether it will pursue enforcement); *see also Zimmerman v. City of Austin*, 881 F.3d 378, 391 (5th Cir. 2018) (explaining that standing in pre-enforcement challenges requires a showing "of an intention to

---

[27] *See generally* Transcript of Hearing, *United States v. Rare Breed Triggers, LLC* (E.D.N.Y. Sept. 5, 2023) (No. 23-cv-369 (NRM) (RML)), 2023 WL 5689770.

[28] Defs.' Opp. to Pls.' Mot. for Prelim. Inj. 10–15, 20–22, ECF No. 39.

[29] *See* Order & Op. on Pls.' Mot. for TRO 7–9, ECF No. 36 (finding that the Individual Plaintiffs successfully established standing).

[30] Defs.' Opp. to Pls.' Mot. for Prelim. Inj. 12, ECF No. 39.

engage in a course of conduct arguably affected with a constitutional interest, but proscribed by statute, . . . as well as credible threat of prosecution").

Defendants disagree that they are engaging in "prosecution indecision" comparable to the government in *Franciscan Alliance*.[31] In that case, the government "repeatedly refused to disavow enforcement [of the rule at issue] against" the plaintiff and further represented that it had "not to date evaluated whether it will" do so," effectively "conced[ing] that it may." *Franciscan All.*, 47 F.4th at 376. But this is precisely the same course that Defendants have followed in this case. No amount of "unequivocal" statements regarding "no current intention[s] to arrest or bring charges against the Individual Plaintiffs" can change the fact that Defendants have refused and *continue* their refusal to disavow prosecution until after the Court rules on the merits.[32] And whether or not Defendants vow to "notify this Court prior to issuing any . . . warning notice or taking other enforcement action" likewise does not show that Defendants have "determined [their] position."[33] All that Defendants have determined to do is provide an empty guarantee *today* to those who may become subject to enforcement tomorrow. This "unequivocal . . . guarantee" falls short of a disavowal of enforcement during the litigation, which demonstrates that Defendants "concede that [they] may" and have not sufficiently "determined [their] position" such that a credible threat of enforcement would no longer exist. *Franciscan All.*, 47 F.4th at 376. To the contrary, credible threats of enforcement continue to loom over Plaintiffs such that there is standing.[34]

---

[31] *Id.*

[32] *Id.*

[33] *Id.*

[34] Notably, it seems that the Fifth Circuit finds the government's refusal to fully disavow enforcement during litigation instructive. *See* Request for Supplemental Briefing at 1, *VanDerStok v. Garland*, No. 23-10718 (requesting the government answer whether it "intend[s] to enforce ATF's Final Rule pending appeal with respect to the parties in this case?").

11

076

Applying Fifth Circuit precedent here, the Individual Plaintiffs successfully satisfy standing requirements. There is no dispute that the Individual Plaintiffs "inten[d] to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by statute." *Zimmerman*, 881 F.3d at 391. Each Individual Plaintiff currently possesses—or previously possessed—a newly proscribed FRT. What is disputed is whether engaging in the newly proscribed FRT ownership carries "a credible threat of prosecution." *Id.* Defendants liken the Plaintiffs' concern to no more "than a general threat of prosecution" that cannot support pre-enforcement relief, particularly because the "ATF has no *current* intention to arrest or bring charges against the Individual Plaintiffs."[35] The Court disagrees and instead finds that a sufficiently credible threat exists to establish standing.

By bringing this action, the Individual Plaintiffs place themselves in potential jeopardy due to acknowledging their possession of FRTs. *See Mock v. Garland*, No. 4:23-CV-00095-O, 2023 WL 6457920, at *8 (N.D. Tex. Oct. 2, 2023) (noting that the plaintiffs, by bringing their lawsuit, necessarily provided sensitive information to the ATF regarding their regulatory noncompliance and facilitating potential future prosecution based on that information). Despite Defendants' rejection of this reality, this is not an imaginary or speculative concern. In fact, Defendants' recent enforcement activity continues to breathe life into this very fear and the factual record bears this out. Plaintiff Carey has already experienced armed ATF agents arriving at his home to warn that he could face prosecution by not surrendering his FRTs and by purchasing additional FRTs in the future.[36] Plaintiffs also cite to examples of enforcement activity and search warrants carried out against other individual owners of FRTs, including new

---

[35] Defs.' Opp.. to Pls. Mot. for Prelim. Inj. 12, 14, ECF No. 39 (emphasis added).
[36] Decl. of Patrick Carey, Pls.' Br. App'x 5, ECF No. 19.

examples since the filing of this lawsuit.[37] Specifically, at least three individuals are currently facing prosecution and there have been sixty-seven ATF seizures to date.[38]

Based on this record, Defendants certainly appear to be "chomping at the bit" to seize FRTs.[39] Further evidence of this is Defendants' refusal to disavow prosecuting the Individual Plaintiffs during the pendency of this case—the exact type of "prosecutorial indecision" that the Fifth Circuit has "repeatedly held" as more than enough to "have standing." *Franciscan All., Inc.*, 47 F.4th at 376. Given this flurry of recent enforcement activity—stemming from the same interpretation of the law that proscribes Plaintiffs' conduct here—and Defendants refusal to guarantee that no action will be taken against the Individual Plaintiffs during pending disposition of this action, there is more than a specter of enforcement sufficient to confer standing.

Consequently, because the Individual Plaintiffs face a credible threat of civil or criminal prosecution for prior and current ownership of FRTs, the Court finds that this constitutes more than a *de minimis* harm to confer standing to seek a preliminary injunction.

### B. Associational Standing

The Court most also determine whether there is associational standing. When an organization seeks a preliminary injunction on behalf of its members, it must establish associational standing. *Hunt v. Wash. St. Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977). Defendants argue that the Organizational Plaintiffs lack associational standing.[40] The associational standing doctrine permits a traditional membership organization "to invoke the

---

[37] Pls.' Compl. 11, ECF No. 1; Pls.' Br. in Support of Mot. for TRO 2, ECF No. 18; Pls.' Reply in Support of Mot. for Prelim. Inj. 20 (describing declarations of Ryan Flugaur, Chris McNutt, and John Kordenbrock). *see also* Pls.' Reply App'x 94, ECF No. 48 (Declaration of Ryan Flugaur); *id.* at 85–93, 95–98, 101–04 (Declarations of other NAGR Members).

[38] Pls.' Reply in Support of Mot. for TRO 2, 5, 9 n.3, ECF No. 33. Plaintiffs previously referenced at the TRO stage the ATF's Official Notification showing multiple seizures of FRTs. Pls.' Reply App'x 66, ECF No. 34.

[39] Decl. of Michael Columbo, Pls.' Br. App'x 9, ECF No. 19.

[40] Defs.' Opp. to Pls. Mot. for Prelim. Inj. 10–11, ECF No. 39.

13

court's [injunctive or declaratory] remedial powers on behalf of its members." *Warth v. Seldin*, 422 U.S. 490, 515 (1975). To do so, the organization must satisfy a three-prong *Hunt* test by showing that "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 143 S. Ct. 2141, 2157 (2023) (quoting *Hunt*, 432 U.S. at 343). Finally, the Fifth Circuit has explained that "[w]here the policy remains non-moribund, . . . that the policy causes self-censorship among those who are subject to it" shows that "there is standing." *Speech First, Inc. v. Fenves*, 979 F.3d 319, 336–37 (5th Cir. 2020).

Here, the Organizational Plaintiffs satisfy the three-prong *Hunt* test. First, NAGR and TGR both seek relief on behalf of their members.[41] Among these members are the Individual Plaintiffs,[42] who have standing to sue for the reasons stated above. Moreover, at least three other NAGR members have received warning letters for their FRT possession, including a member within the Northern District of Texas.[43] It is well established that a plaintiff does not need to "expose himself to liability before bringing suit." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128–29 (2007). "The plaintiff's own action (or inaction) in failing to violate the law eliminates the imminent threat of prosecution, but nonetheless does not eliminate Article III jurisdiction." *Id.* at 129. Thus, each Individual Plaintiff's prior or current possession of FRTs gives rise to a credible threat of civil or criminal prosecution that establishes standing to sue in their own right, satisfying prong one of the *Hunt* test.

---

[41] Pls.' Compl. 2–4, ECF No. 1.

[42] Pls.' Reply in Support of Mot. for Prelim. Inj. 19, ECF No. 47 (stating that the Individual Plaintiffs are members of both Organizational Plaintiffs).

[43] *Id.* at 24; *see also* Pls.' Reply App'x 94, ECF No. 48 (Declaration of Ryan Flugaur); *id.* at 85–93, 95–98, 101–04 (Declarations of other NAGR Members).

Second, NAGR and TGR share similar organizational purposes that are clearly germane to this lawsuit challenging Defendants' asserted authority to classify and regulate FRTs as machineguns. NAGR's mission is "to preserve and defend the Second Amendment rights of gun owners."[44] Likewise, TGR's mission is "to protect the Second Amendment rights of its members, including protecting the liberty of individuals to defend themselves, their families, and their property without having to first ask government for permission and to push back on firearms-related licensing requirements."[45] And, third, because NAGR and TGR seek injunctive relief, there is no need for all of their individual members to participate in the lawsuit.

Having satisfied all three prongs of the *Hunt* test, the Court finds that the Organizational Plaintiffs demonstrate associational standing and may pursue relief on behalf of their members. Moreover, given that the record at this stage shows that ATF's enforcement policy "remains non-moribund" and is "caus[ing] self-censorship among those who are subject to it," the Court is satisfied that "there is standing." *Speech First, Inc. v. Fenves*, 979 F.3d 319, 336–37 (5th Cir. 2020).

### C. Pre-Enforcement Challenges

Defendants once again call into question the veracity of pre-enforcement judicial review of laws carrying criminal penalties. According to Defendants, such review would "ride roughshod across constitutional limitations on the judiciary's equitable powers to enjoin hypothetical future law enforcement action."[46] As the Court previously explained, the basic contours of Defendants' pre-enforcement contentions are true.[47] But it still remains that separation of powers does not preclude pre-enforcement judicial review of laws carrying

---

[44] Pls.' Compl. 2, ECF No. 1.

[45] *Id.* at 2–3.

[46] Defs.' Opp. to Pls. Mot. for Prelim. Inj. 21, ECF No. 39.

[47] Op. & Order 9, ECF No. 36.

criminal penalties. *See Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979) (emphasizing that a plaintiff facing "a credible threat of prosecution . . . should not be required to await and undergo a criminal prosecution as the sole means of seeking relief") (internal quotation marks omitted)); *see also Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997) ("Although in regard to criminal statutes, courts are wary of . . . intervening prior to prosecution and foreshortening the prosecutor's action, courts have allowed pre-enforcement review of a statute with criminal penalties.").

To begin, Defendants do not retract from their previous averments that certain safeguards weigh in favor of no pre-enforcement intervention by the judicial branch.[48] As this Court previously explained, "this line of argument runs afoul of multiple Supreme Court decisions."[49] *See, e.g.*, *Steffel v. Thompson*, 415 U.S. 452, 459 (1974) ("[I]t is not necessary that [a plaintiff] first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights."); *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) ("When an individual is subject to such a threat [of enforcement of a law], an actual arrest, prosecution, or other enforcement action is not a prerequisite to challenging the law."). And that is to say nothing of the potential harm that such insulation from pre-enforcement judicial review would likely cause individuals subject to prosecution. Without access to courts to bring pre-enforcement challenges, vulnerable citizens may surrender the ability to promptly challenge unlawful executive branch actions. This cannot be.

---

[48] *See, e.g.,* Defs.' Resp. 6, ECF No. 32 (suggesting that "federal criminal procedure provides a host of opportunities to test the lawfulness of the government's exercise of prosecutorial authority").
[49] Op. & Order 11, ECF No. 36.

Defendants now concede that a narrow exception exists, but only for "those cases in which the very act of filing an indictment may chill *constitutional rights*."[50] But Defendants offer little support for this bold proposition. In fact, Defendants only point to a single out-of-circuit case that directly shores up their position.[51] According to the Third Circuit in *Stolt-Nielsen v. United States*, the district court lacked the authority to enjoin executive branch officials from filing an indictment because the plaintiffs had access to a federal forum post-indictment. 442 F.3d 177, 187 (3d Cir. 2006) as amended (May 16, 2006). The Third Circuit only recognized the narrow exception for chilled constitutional rights. *Id.* To be sure, *Stolt-Nielsen* contains broad language consistent with Defendants' position that pre-enforcement review of future enforcement is only available where constitutional rights are at stake. But a comparison with the issue in this case renders that language unpersuasive. In *Stolt-Nielsen*, the plaintiff sued to enforce a conditional leniency agreement that the government purported to revoke as a consequence of plaintiff's behavior. *Id.* at 179–80. This was a fundamentally individualized determination rather than a review of a generally applicable administrative action. This distinction is key.

Under the APA, federal courts have the authority to review challenges to agency actions on a pre-enforcement basis. These challenges include an endless variety of agency actions that are "otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Notably, such judicial review of agency actions "contrary to constitutional right, power, privilege, or immunity; . . . [or] in excess of statutory jurisdiction, authority, or limitations," *id.* § 706(2)(B)–(C), is cumulative under the arbitrary and capriciousness standard, which "governs review of *all* proceedings that are subject to challenge under the APA." *Menkes v. DHS*, 637 F.3d 319, 330 (D.C. Cir. 2011)

---

[50] Defs.' Opp. to Pls. Mot. for Prelim. Inj. 20, ECF No. 39 (citing *Stolt-Nielsen, S.A. v. United States*, 442 F.3d 177 (3d Cir. 2006), as amended (May 16, 2006)).

[51] *Id.*

17

(citing *Consumers Union of U.S.., Inc. v. FTC*, 801 F.2d 417, 422 (D.C. Cir. 1986)). Thus, "[i]n *all* cases" of judicial review under § 706, "agency action must be set aside if the action was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' or if the action failed to meet statutory, procedural, or constitutional requirements." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 413–414 (1971) (citing 5 U.S.C. § 706(2)(A), (B), (C), (D)) (emphasis added). This is also consistent with the Supreme Court's emphasis that the APA's "'generous review provisions' must be given a 'hospitable' interpretation." *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 140 (1967) (quoting *Shaughnessy v. Pedreiro*, 349 U.S. 48, 51 (1955)).

Even so, Defendants still reject this broad statutory authorization of judicial review, arguing that "the APA's general conferral of authority to review certain agency actions and to grant interim relief has no bearing on whether the particular equitable remedy sought here is available."[52] Once again, this bold statement lacks any direct support. Not only that, Defendants' interpretation also runs counter to the text of the APA itself. The APA's text refers to "mandatory or injunctive decree[s]" issued thereunder. 5 U.S.C. § 702. The import of this text is that injunctive relief is available under the APA without any express limitation precluding the availability of such relief on a pre-enforcement basis. Moreover, the text of § 702 makes clear that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action" is "entitled to judicial review thereof." *Id.* And the APA expressly provides that criminal proceedings are *included* in such review. *Id.* § 703. This ability to obtain an appropriate remedy is not contingent on the person being subject to existing enforcement. To the contrary, the APA recognizes judicial authority to "issue all necessary and appropriate

---

[52] *Id.*

process . . . to preserve status or rights" from "irreparable injury" caused by agency action.[53] *Id.* § 705. Indeed, the APA's explicit textual entitlement would be undermined by an interpretation that § 702 confers no right to obtain meaningful equitable relief on a pre-enforcement basis when wronged by agency action. Provided that the claim is justiciable, the APA's broad entitlement to judicial review is not limited in the way Defendants portray.

Based on the text, the APA empowers courts with specific authority to "hold unlawful and set aside agency action, findings, and conclusions found to be" unlawful without subjecting that authority only to post-enforcement situations. *Id.* § 706. This is the only reading of the text that gives "a 'hospitable' interpretation" to the APA's "'generous review provisions.'" *Abbott Lab'ys*, 387 U.S. at 140 (quoting *Shaughnessy*, 349 U.S. at 51). It also tracks with the important purpose the APA serves. *See Franciscan Alliance*, 47 F.4th at 378 ("[A]n agency 'literally has no power to act . . . unless and until Congress authorizes it to do so by statute.'" (quoting *Fed. Election Comm'n v. Cruz*, 142 S. Ct. 1638, 1649 (2022)).

James Madison warned that "[t]he accumulation of all powers, legislative, executive and judiciary, in the same hands . . . may justly be pronounced the very definition of tyranny." THE FEDERALIST NO. 47, at 301 (James Madison) (Clinton Rossiter ed. 1961). The crux of this case is that the executive branch has improperly usurped legislative authority by enacting criminal prohibitions that are beyond the scope of its legislatively granted authority. Now, Defendants seek to arrogate unto themselves the judicial authority as well by placing their actions beyond the reach of pre-enforcement judicial review. This is not and cannot be.

To be sure, the constitutional check of judicial review is an essential component of separation-of-powers principles to oblige another branch to control itself. *See* THE FEDERALIST

---

[53] *See generally* Jonathan F. Mitchell, *The Writ-of-Erasure Fallacy*, 104 VA. L. REV. 933, 1012–17 (2018) (explaining that, although the power of judicial review is not akin to an executive veto, the APA expressly grants courts additional authority to review agency action).

No. 78, at 380 (Alexander Hamilton) (Dover ed., 2014) ("There is no position which depends on clearer principles, than that every act of a delegated authority, contrary to the tenor of the commission under which it is exercised, is void."). And this remains just as important today as it was at the Founding. Not only would Defendants have this Court ignore decades of Supreme Court precedent and the APA's plain textual authorization of judicial review, they would also have this Court twist the foundational value of separation of powers into something it is not. The Court declines this invitation for the second time. Instead, the Court finds that it possesses both constitutional and statutory authority to review pre-enforcement challenges to agency action with criminal consequences and does so here.

* * * * *

Accordingly, finding no bar to the authority to afford equitable relief to Plaintiffs, the Court proceeds with its analysis of the requested preliminary injunction.

## III. LEGAL STANDARDS

The decision to grant or deny injunctive relief is committed to the district court's discretion. *See Miss. Power & Light Co. v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985). To establish entitlement to injunctive relief, the movant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) that the balance of hardships weighs in its favor; and (4) that the issuance of the preliminary injunction will not disserve the public interest. *Daniels Health Servs., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013). The last two factors merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). As the movant, it is the party seeking relief who bears the burden of proving all four elements of the requested injunctive relief. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008); *Miss. Power & Light Co.*,

20

760 F.2d at 621.

Upon determining that a party is entitled to injunctive relief, a court must also decide the appropriate scope of that prospective injunction. "[T]he scope of injunctive relief is dictated by the extent of the violation established[.]" *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979). And because it is considered an extraordinary remedy, an injunction "should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 756 (1994) (cleaned up). Thus, an injunction must "redress the plaintiff's particular injury," and no more. *Gill v. Whitford*, 138 S. Ct. 1916, 1934 (2018) (citation omitted).

## IV.  ANALYSIS

### A.  Substantial Likelihood of Success on the Merits[54]

Plaintiffs are likely to succeed on the merits. To show a substantial likelihood of success on the merits, Plaintiffs need not show they are entitled to summary judgment on their claim, but must instead present a prima facie case. *Daniels Health Servs.*, 710 F.3d at 582. The Administrative Procedure Act ("APA") instructs courts to "hold unlawful and set aside agency action . . . found to be . . . in excess of statutory jurisdiction, authority, or limitations." 5 U.S.C. § 706(2)(C). Judicial review of agency actions "contrary to constitutional right, power, privilege, or immunity" or "in excess of statutory jurisdiction, authority, or limitations," *id.* § 706(2)(B)–(C), are cumulative under the arbitrary and capriciousness standard, which "governs review of *all* proceedings that are subject to challenge under the APA." *Menkes v. DHS*, 637 F.3d 319, 330 (D.C. Cir. 2011) (citing *Consumers Union of U.S., Inc. v. FTC*, 801 F.2d 417, 422 (D.C. Cir. 1986)). Thus, "[i]n *all* cases" of judicial review under Section 706, "agency action must be set

---

[54] The Court's discussion of facts concerning the mechanical operation of FRTs is drawn from (1) the pleadings, (2) the October 2, 2023 hearing, and (3) the E.D.N.Y. Lawsuit.

aside if the action was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' or if the action failed to meet statutory, procedural, *or* constitutional requirements." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 413–414 (1971) (citing 5 U.S.C. § 706(2)(A)–(D)) (emphases added).

Here, Plaintiffs contend that the ATF's regulation broadening the machinegun definition is an arbitrary and capricious expansion of the agency's authority.[55] Plaintiffs are likely correct. Accordingly, the Court concludes that Plaintiffs have carried their burden at this stage to show that the expanded definition of machinegun likely exceeds the scope of ATF's statutory authority. Therefore, Plaintiffs have satisfied "arguably the most important" of the four factors. *Tesfamichael v. Gonzales*, 411 F.3d 169, 176 (5th Cir. 2005).

> i. <u>Statutory Interpretation in *Cargill v. Garland*</u>[56]

The Court does not begin its statutory analysis with a blank slate. Rather, the Court is bound by the Fifth Circuit's recent analysis in *Cargill v. Garland* concerning the exact statutory language at issue here. According to the en banc Fifth Circuit, a weapon that qualifies as a machinegun under the NFA and GCA must be capable of (1) firing multiple rounds by a single function of the trigger and (2) do so automatically. *Id.* at 460. In other words, the NFA unambiguously "requires that a machinegun be capable of firing automatically once the *trigger* performs a single function." *Cargill*, 57 F.4th at 463. The definition of machinegun "utilizes a

---

[55] Pls.' Compl. 15, ECF No. 1.
[56] *Cargill* also discussed the relevance of deference under *Chevron USA, Inc. v. Nat. Res. Def. Council*. 57 F.4th at 456–57 (citing 267 U.S. 837 (1984)). The Court recognizes that the ATF does not receive interpretive deference under *Chevron*. This is primarily due to the Step Zero command that interpretive rules—which the ATF's broadened machinegun definition appears to be—are not eligible for *Chevron* deference. *United States v. Mead Corp.*, 533 U.S. 218, 232 (2001). But even assuming otherwise, *Chevron* deference would still not apply for at least two reasons. First, the Court finds the statutory definition to be unambiguous. *See, e.g.*, *Western Refining Southwest, Inc. v. FERC*, 636 F.3d 719, 727 (5th Cir. 2011) ("[If] the statute's text is unambiguous, we need not proceed to Step Two of *Chevron*."). Additionally, "[t]he Supreme Court has never held that the Government's reading of a criminal statute is entitled to any deference." *Cargill*, 57 F.4th at 466–67 (cleaned up).

grammatical construction that ties the definition to the movement of the trigger itself, and not the movement of a trigger finger" such that "the statutory definition of machinegun unambiguously turns on the movement of the trigger and not a trigger finger." *Id. Cargill* explained that the definition is solely concerned with the mechanical operation of the trigger rather than the actions of the user. *Id.* at 460. Based on this, *Cargill* rejected the ATF's regulatory interpretation of "machinegun" because it exceeded the agency's statutory authority in violation of the APA. *Id.* at 472–73.

*Cargill* emphatically rejected the ATF's interpretation of machinegun set forth in section 479.11. *Id.* at 460. As *Cargill* explained, the ATF's expanded definition was aimed at criminalizing the manufacture, sale, and possession of "bump stocks" following the tragic Las Vegas shooting. *Id.* at 450. Similar to FRTs, a bump stock is an accessory that attaches to a semi-automatic weapon to increase the rate of fire. *Id.* at 453. By harnessing the firearm's natural recoil to quickly reengage the trigger, a skilled shooter utilizing this "bump firing" technique can rapidly fire multiple rounds. *Id.* at 454. Yet despite this increase in firing speed, *Cargill* determined that bump stocks are not machineguns because the device did not meet both elements of the statutory definition: (1) capable of firing multiple rounds by a single function of the trigger and (2) operate automatically. *Id.* at 462, 462 n.9 (citation omitted) (emphasizing that the conclusions regarding each element are "independent, alternative holdings").

As the Fifth Circuit's statutory interpretation makes clear, a "single function of the trigger" means what it says: a single function of the *trigger*. It does not mean a single pull by the shooter. *Id.* at 459. In fact, the word "pull" is not found anywhere in the statutory definition. The only place "pull" exists is in the ATF's broadened regulatory definition interpreting the statute. *See* 27 C.F.R § 479.11 (2018) ("'[S]ingle function of the trigger' means a single pull of the

trigger[.]"). But according to *Cargill*, "[t]he statutory definition of machinegun unambiguously turns on the movement of the trigger and not a trigger finger." *Cargill*, 57 F.4th at 460. Indeed, the statute does not say "by a single pull of the trigger finger." Nor does it say "by single function of the trigger finger." *Cargill* refused to read words into the statute. *Id.* at 460. Rather, the best reading of the definition is that after the shooter initiates the trigger's relevant function by some action—such as pulling the trigger or some other action by the user—it is the follow-on action of the trigger acting out its mechanical purpose that informs the operative "function." *Id.* Based on this reasoning, the Court cannot accept Defendants' suggestion that "function" is synonymous with "pull."[57] To do so would directly contradict *Cargill*'s holding. The E.D.N.Y. Decision likewise concluded that "function" and "pull" are synonymous. But, once again, *Cargill* controls since decisions from the Fifth Circuit—not the Eastern District of New York— are binding on this Court.

---

[57] Defs.' Opp. to Pls.' Mot. for Prelim. Inj. 3, ECF No. 39 (quoting *Staples v. United States*, 511 U.S. 600, 602 n.1 (1994)). Although *Staples* uses the same terms as Defendants—"release" and "pull" of the trigger—in a footnote discussing the characteristics of a machinegun, the Court determines that the holding in *Staples* is not applicable to these facts. First, *Staples* involved a different context than the one before this Court. *Id.* The Supreme Court addressed the government's burden of proof regarding a *mens rea* question about an individual's knowledge that he possessed an unregistered machinegun. *Id.* at 604– 05. Not only was a specific semi-automatic accessory like an FRT or bump stock not before the Court, but the footnote in *Staples* only unpacks the meanings of "automatic" and "fully automatic." *Id.* at 602, 602 n.1. That is because the statutory definition at issue in the instant case was not before the *Staples* Court, making an analysis of *both* required statutory elements—(1) automatic and (2) single function of the trigger—unnecessary. The Supreme Court did not—and did not need to—address how "single function of the trigger" modifies "automatically" in order to answer the question before it. However, this question regarding the interplay of the two required elements was directly addressed in *Cargill*. Therefore, the footnote containing the terms "release" and "pull" in *Staples* does not constitute a binding holding of the Supreme Court. *See Webster v. Fall*, 266 U.S. 507, 511 (1924) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents."); *see also District of Columbia v. Heller*, 554 U.S. 570, 625 n.25 (2008) (refusing to follow statement in previous decision characterized as "dictum" because "the point was not at issue and was not argued"); *Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993) ("[S]ince we have never squarely addressed the issue, and have at most assumed [it], we are free to address the issue on the merits.").

Even if "automatically" refers to a single pull of the trigger, the statutory definition does not endorse a reading of automatic in isolation from the single function of the trigger. Rather, *Cargill* explained that "the phrase 'by a single function of the trigger' modifies the adverb 'automatically.'" *Id.* at 463. That is because "automatically" cannot be read in isolation. *Id.* (citing *Guedes v. ATF*, 920 F.3d 1, 43 (D.C. Cir. 2019) (Henderson, J., concurring in part and dissenting in part)). Instead, "automatically" is understood as limited by the "single function of the trigger" clause. *Id.* On its own, "automatically" simply means that firing "maintain[s] if all a shooter does it initially pull the trigger." *Id.* at 463. But *Cargill* explains that this alone is insufficient to qualify as a machinegun.

Moreover, Defendants read too much into *Cargill*'s discussion of mechanical versus non-mechanical bump stocks. Defendants contend that *Cargill* recognized that the outcome would have been different if the device before it were a mechanical bump stock that only required the shooter to pull the trigger once to activate the firing sequence and thereafter maintain bump fire on its own accord.[58] This is an inaccurate reading of *Cargill*. The Fifth Circuit merely recognized that the only issue before it was whether non-mechanical bump stocks were machineguns, and that the outcome may differ for a mechanical bump stock depending on how it worked. *Cargill*, 57 F.4th at 462 ("[T]he case *might* well be different if we were considering a semiautomatic weapon equipped with a mechanical bump stock." (emphasis added)). While "[i]t could be the case that a switch activating a mechanical bump stock would be the legal trigger," *Cargill* acknowledged that it was "not considering that case." *Id.* Certainly, this was the situation in other cases where some additional device functionally replaced the traditional trigger and converted the weapon into a machinegun. *Id.* (referencing a switch-operated mechanical bump stock and a

---

[58] Defs. Opp. to Pls.' Mot. for Prelim. Inj. 7–8, ECF No. 39.

switch-operated electric motor add-on). That a "trigger activator" pushes the trigger towards its reset position does not mean it becomes the new trigger. *Id.* at 462 (citing *United States v. Camp*, 343 F.3d 743, 745 (5th Cir. 2003)).

ii. Application of *Cargill* to FRTs

Applying *Cargill*'s holding here, FRTs do not fire multiple rounds with a single function of the trigger and do not qualify as machineguns. For each and every round fired, the trigger moves forward into its reset state and is depressed to release the hammer from its sear surface. Because the operative mechanical function of the trigger is to release the hammer, that the trigger of an FRT-equipped firearm functions for each shot fired disqualifies it as a machinegun under the current statutory definition. Moreover, if all the shooter does is initially pull the trigger, the FRT-equipped firearm will only fire one round. And if the shooter attempts to reset and hold the trigger in a fully depressed position so that the trigger cannot reset, the weapon will malfunction.

By characterizing a "single function of the trigger" as a "single constant rearward pull of the trigger," Defendants seek to transform the required statutory focus away from the objective trigger mechanics to the subjective actions of the gun user instead.[59] This is incorrect and is the same rewriting of the statute Defendants already attempted with bump stocks before *Cargill* emphatically rejected it. *Cargill*, 57 F.4th at 460 ("The statute does not care what human input is required to activate the trigger—it cares only whether more than one shot is fired each time the trigger acts."). Under *Cargill*, the Court cannot look to the shooter's actions in deciding whether FRTs are machineguns. Indeed, the "notion that the definition turns on the actions of an unnamed shooter is inconsistent with both the [definition's] grammatical and statutory contexts." *Id.* at 461.

---

[59] *Id.* at 8.

In light of *Cargill*, the critical consideration is how the trigger mechanically functions. And that function is the "follow-on action where the trigger acts out its mechanical design or purposes" *after* the shooter has initiated it by some action. *Id.* at 460. *Cargill* leaves no doubt that this required "action" is in relation to the function of the trigger itself, which is defined purely mechanically under the statute rather than an action taken by the user. *See id.* at 461 ("Congress did not use words describing the shooter's perspective of the weapon's rate of fire. . . . Instead, it made up an entirely new phrase—by single function of the trigger—that specifically pertains to the mechanics of a firearm."). Whether prudent or not, "Congress defined the term 'machinegun' by reference to the trigger's mechanics." *Id.* In a hammer-fired gun like those an FRT enhances, the trigger's function is still to release the hammer as part of a "simple mechanical process." *See id.* at 459 (explaining that "the trigger disengages the hammer from the sear" starts the "process" that "happens every single time one bullet is fired"). This definition is consistent with prior Fifth Circuit precedent. *See, e.g.*, *United States v. Jokel*, 969 F.2d 132, 134 (5th Cir. 1992) (concluding that the role of the trigger is "the part of the action of a firearm moved by the finger *to release the hammer* . . . in firing*") (emphasis added)). Defendants attempt to characterize *Jokel* as describing the trigger's "function" as the "mechanism . . . used to initiate the firing sequence."[60] Although it is true that the trigger initiates this firing sequence, *Cargill* makes clear that the operative function is the release and reset of the hammer as part of certain functions in the firing sequence that must recur before each round is fired. *Cargill*, 57 F.4th at 447 (quoting *Jokel*, 969 F.2d at 135).

---

[60] *Id.* at 9–10. (cleaned up).

27

The parties agree that the trigger in an FRT-equipped firearm releases the hammer for every shot.[61] By contrast, the auto sear in a fully automatic gun takes over to retain and release the hammer for all subsequent shots so that its trigger functions only once in a string of automatic fire. *See Cargill*, 57 F.4th at 454 (contrasting the auto sear of a "fully automatic gun" with a bump stock). Although an FRT-equipped firearm contains a locking bar that prevents a subsequent trigger function until the weapon is safe to fire again, this is not the same as an auto sear. But unlike an auto sear, the locking bar prevents firing until it is safe to do so again after unlocking the trigger. Unlike a fully automatic weapon's auto sear, the FRT's locking bar does not alter the basic mechanical process where the trigger moves for every shot fired. Whether that movement occurs by the shooter "apply[ing] forward pressure to the weapon's forebody in order to maintain the shooting mechanism" for bump stocks, *id.* at 454, or by the hammer maintaining the shooting mechanism for FRTs, the fact remains that the trigger resets the hammer each time before the next shot can be fired. *Cargill* explains that this is a separate function of the trigger. *Id.* at 459. Like bump stocks, FRTs do not enable a weapon to automatically fire multiple rounds with a single function of the trigger itself.

This is even true in Defendants' video of the zip-tie test, which purports to show that FRTs fire with "a single constant depression of the trigger."[62] In a machinegun, the trigger must be held in its rearmost position for the gun to fire automatically. The machinegun's trigger does not reset in between each shot. But in an FRT-equipped firearm, the trigger *must* still reset in between each shot—even when depressed in a rearward state by the zip tie. Defendants' zip tie

---

[61] *See id.* at 9 ("[T]he FRT uses the firing sequence to automatically reset itself along with the locking bar to lock and then automatically time the re-release of the hammer so that as soon as the bolt locks into battery the next round will automatically be fired."). Moreover, both parties confirmed at the October 2, 2023 hearing that there is no disagreement as to how FRTs function.

[62] Defs. Opp. to Pls.' Mot. for Prelim. Inj. 5-6, ECF No 39; Defs.' Notice of Manual Filing of Video Ex., ECF No. 41.

does not appear to hold the FRT trigger still in its most rearward position. If it did, the weapon would malfunction and not fire subsequent shots. Instead, the elasticity in the zip tie allows for sufficient movement to allow for a trigger reset. All this test establishes is that the trigger need not move to its most rearward position. It can still reset from sufficient rearward pressure and forward movement propelled by the stretched zip tie. In other words, the zip tie test does not demonstrate that a single function of the trigger does not occur for each shot since the trigger's operative function is the reset of the hammer—not how the user or a zip tip pulls the trigger. The zip tie test is irrelevant to the statutory definition provided by Congress and as interpreted by *Cargill*.

Even without the aid of expert testimony during the October 2, 2023 hearing—which revealed that there are no relevant fact issues regarding the mechanics of FRTs—Defendants' efforts to distinguish *Cargill* are unavailing. Similar to the government in *Cargill*, the Defendants here cannot "overcome this plain reading" of the statutory language. *Id.* When the ATF revised its interpretation of machinegun to define a "single function of the trigger" as the same thing as "a single pull of the trigger and analogous motion," its definition conflicted with the definition provided by the controlling statutes. 27 C.F.R. § 479.11 (2018). And where an agency regulation contradicts the statute, not only is that regulation likely arbitrary and capricious, but the statute governs. *Id.* at 458–60. Because of this contradiction, the ATF's broadened definition is likely unlawful.

Furthermore, unlike a switch-activated device that takes over as the legal trigger of the weapon, FRTs do not alter the basic operation the trigger: the trigger must still move sufficiently rearward for each shot based on external manual input from the shooter. This, in turn, activates the trigger's function—releasing and resetting the hammer—which occurs before each

29

subsequent shot and is not set in motion by a switch. Unlike Defendants' comparison to the Akins Accelerator and electronic motor devices,[63] triggers in FRT-equipped firearms perform the same mechanical function as any normal trigger by releasing the hammer prior to each shot.

The closest Defendants come to analogizing FRTs to machineguns is by pointing to two similarities that FRTs and machineguns share: (1) the comparable rates of fire and (2) the absence of a disconnector.[64] But these arguments are foreclosed by the statutory definition and *Cargill*. The statutory definition does not define machineguns "according to how quickly they fire." *Cargill*, 57 F.4th at 464. Nor does it identify the absence of a disconnector as the dispositive characteristic. *See id.* at 460 (declining to "read words into the statute"). Instead, a weapon need only be capable of firing automatically once the trigger itself performs a single function to qualify as a machinegun under the statute. *Id.* at 460, 465. If Congress wants to amend the statutory definition in the future to define machineguns based on rate of fire or absence of a disconnector, it knows how to do so. Until such time, a comparable—and even identical—rate of fire and absence of a disconnector have no bearing on whether a firearm is a machinegun. Therefore, these comparators do not alter the Court's determination that FRTs most likely are not machineguns.

*     *     *     *     *

Because Plaintiffs point to binding Fifth Circuit precedent that is squarely dispositive of the issue in this case, the Court concludes that Plaintiffs have demonstrated, at this stage, a strong likelihood of success on the merits. That is, the ATF's regulation is likely an arbitrary and capricious interpretation of the statutory definition of "machinegun" that exceeds the scope of the agency's authority under 5 U.S.C. § 706. When such a determination is made, § 705

---

[63] Defs.' Opp. to Pls.' Mot. for Prelim. Inj. 7, 9–10, ECF No. 39.
[64] *Id.* at 4, 4 n.3, 9.

authorizes injunctive relief. And that relief should mirror the final remedy that would be proper for such a finding: the "agency action must be set aside if the action was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' or if the action failed to meet statutory, procedural, *or* constitutional requirements." *Citizens to Preserve Overton Park*, 401 U.S. at 413–414 (1971) (citing 5 U.S.C. § 706(2)(A)–(D)). Therefore, for the reasons discussed, the Court concludes that Plaintiffs have carried their burden and are entitled to an injunction setting aside the ATF's machinegun definition as applied to them.

### B. Substantial Threat of Irreparable Harm

In the Fifth Circuit, it is "well-established" that a harm is considered "irreparable only 'if it cannot be undone through monetary remedies.'" *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) (quoting *Interox Am. v. PPG Indus., Inc.*, 736 F.2d 194, 202 (5th Cir.1984)). A showing of economic loss is usually insufficient to establish irreparable harm because damages are typically recoverable at the conclusion of litigation. *Janvey v. Alguire*, 647 F.3d 585, 599–601 (5th Cir. 2011). However, where costs are not recoverable because the government-defendant enjoys sovereign immunity from monetary damages, irreparable harm is generally satisfied. *Wages & White Lion Invs., L.L.C. v. FDA*, 16 F.4th 1130, 1142 (5th Cir. 2021) (citing *Texas v. EPA*, 829 F.3d 405, 433 (5th Cir. 2016)).

Likewise, "complying with [an agency order] later held invalid almost *always* produces the irreparable harm of nonrecoverable compliance costs." *Id.* For harms that are non-pecuniary, the alleged irreparable injury must also be concrete—"speculative injury is not sufficient" and "there must be more than an unfounded fear on the part of the applicant." *Daniels Health Servs.*, 710 F.3d at 585 (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)). So long as "'the threatened harm is more than de minimis, it is not so much the

magnitude but the irreparability that counts for purposes of a preliminary injunction.'" *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (citing *Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)).

Without injunctive relief, Plaintiffs allege that they are suffering, and will continue to suffer, irreparable harms in at least two ways.[65] These identified harms take the form of (i) unrecoverable compliance costs that are more than *de minimis* and (ii) non-pecuniary injuries, such as credible threats of criminal prosecution and civil liability and deprivations of ownership and constitutional rights.[66] Defendants contest Plaintiffs' alleged injuries on grounds that there is no substantial threat of injury, irreparable or otherwise, *at this time*.[67] According to Defendants, Plaintiffs waited too long to bring this lawsuit and do so based on a record "devoid of any evidence of criminal enforcement action against a small-scale owner of a FRT device who is otherwise law-abiding."[68] The Court disagrees that these arguments militate against issuing an injunction. Instead, the Court concludes that Plaintiffs have carried their burden to show that irreparable harms exist at this stage.

i. Credible Threat of Prosecution

First, Plaintiffs face a credible threat of criminal prosecution. As explained at the TRO stage, Plaintiffs place themselves in potential jeopardy by bringing this challenge to the ATF's regulation of FRTs.[69] *Mock*, 2023 WL 6457920, at *8. Defendants' recent enforcement activity only validates those fears. Armed federal agents visited Plaintiff Carey at his home, prompting

---

[65] Pls.' Mot. for Prelim. Inj. 12–15, ECF. No. 22.
[66] *Id.*
[67] Defs.' Resp. to Pls.' Mot. for TRO 8, ECF No. 32; Defs.' Opp. to Pls.' Mot. for Prelim. Inj. 15–18, ECF No. 39.
[68] *Id.* at 16.
[69] Op. & Order, ECF No. 36.

him to surrender his FRTs to avoid prosecution.[70] Other individual FRT owners have experienced similar enforcement activities, such as seizures and search warrants.[71] And as early as the TRO stage, Defendants were prosecuting at least three individuals.[72] Plaintiffs and these other FRT owners share an important commonality: they are all engaging in conduct proscribed by the ATF's interpretation of "machinegun." That the ATF has primarily targeted large sellers and distributors[73] does not obviate the existence of real, non-moribund enforcement threats individual FRT owners also face. Combined with the amount of recent enforcement activity and Defendants repeated refusals to disavow taking any action against Plaintiffs during this lawsuit, the Court agrees that a credible threat of prosecution exists.

Additionally, Defendants argue that "[t]he lengthy delay between ATF's determination and Plaintiff's action . . . demonstrates a lack of irreparable harm."[74] But there are at least two problems with this argument. First, Defendants ignore that the case they rely on—*Opulent Life Church v. City of Holy Springs*—considered and *rejected* the lengthy delay argument. 697 F.3d 279, 297 (5th Cir. 2012). Indeed, the Fifth Circuit explained that a court must consider the particular facts before it. *Id.* (concluding that, "[w]hether frivolous or not," the argument that plaintiff's "'long litigation delay' suggests it is not suffering irreparable harm" is "unconvincing on these facts"). Second, the Fifth Circuit emphasized that "[t]he loss of [constitutionally protected] freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Id.* at 295 (cleaned up). This is true even if the right at issue is statutory. *See id.* ("This principle applies with equal force to the violation of RLUIPA rights because RLUIPA enforces First Amendment freedoms.").

---

[70] Pls.' Compl. 3, ECF No. 1.
[71] *Id.* at 11–12.
[72] Pls.' Reply in Support of Mot. for TRO 5, 9 n.2, ECF No. 33.
[73] Defs.' Opp. to Pls.' Mot. for Prelim. Inj. 13, ECF No. 39.
[74] *Id.* at 16.

33

Reviewing the facts at issue in this case, the regularity of enforcement activity concerning FRTs—including against small-scale targets—and Defendants' refusal to disavow enforcement while this litigation is pending weighs in favor of finding any delays "unconvincing on these facts." *Id.* Additionally, the APA statutorily broadly protects against agency action "contrary to constitutional right, power, privilege, or immunity" or "in excess of statutory jurisdiction, authority, or limitations." 5 U.S.C. § 706(2)(B)–(C). Given that these protections are cumulative under § 706(A)'s arbitrary and capriciousness standard "govern[ing] review of *all* proceedings that are subject to challenge under the APA," *Menkes*, 637 F.3d at 330), Defendants' use of *Opulent Life Church* here is unavailing.

Finding that Plaintiffs face a credible threat of civil or criminal prosecution for possession of FRTs, the Court concludes—just as it did at the TRO stage—that this constitutes more than a *de minimis* harm justifying the need for equitable protection until a full decision on the merits is rendered. Plaintiffs need not wait for Defendants to bring an actual prosecution to vindicate their rights.

### ii. Economic Compliance Costs

Second, Plaintiffs risk pecuniary compliance costs. These costs stem from the Hobson's choice Plaintiffs still face: continue to exercise ownership and constitutionally protected freedoms while risking federal prosecution *or* forfeit those freedoms to avoid civil and criminal consequences. Without immediate relief, Plaintiffs will continue to suffer under the illusion that an actual choice exists due to Defendants' refusal to disavow prosecution during this lawsuit.

Compliance with an impermissible or illegal interpretation of the law carries the potential for economic costs. *Texas v. EPA*, 829 F.3d at 433 ("Indeed, 'complying with a regulation later held invalid almost always produces the irreparable harm of nonrecoverable compliance costs.'"

(citation omitted)). Threats that lead to an individual surrendering FRTs—as was the case for Plaintiff Carey—often lack compensation after the fact for the deprived use and enjoyment of the surrendered weapons (assuming the weapons are even returned). *See VanDerStok v. Garland*, 625 F.Supp.3d 570, 584 (N.D. Tex. Sept. 2, 2022) (explaining that "compliance costs are 'likely unrecoverable,' usually 'because federal agencies generally enjoy sovereign immunity for any monetary damages'") (quoting *Texas v. EPA*, 829 F.3d at 433)). Because Defendants in this case are entitled to sovereign immunity, and therefore not liable for damages, any economic injuries to Plaintiffs likely cannot be recovered.

Likewise, compliance can also cause non-pecuniary harms and need not be financial in nature. Even "alleged" deprivations of constitutional or procedural rights may justify injunctive relief. *See, e.g.*, *Opulent Life Church*, 697 F.3d at 294–97 (finding irreparable harm where plaintiffs "alleged" violations of constitutional rights on grounds that "[t]he loss of [constitutional] freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury") (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *see also Louisiana v. Horseracing Integrity & Safety Auth. Inc.*, 617 F. Supp. 3d 478, 500 (W.D. La. July 26, 2022) (finding irreparable harm where plaintiffs alleged the government exceeded its statutory authority and violated the APA).

Plaintiffs' Complaint alleges that deprivations of both their constitutional and ownership rights hang in the balance. For instance, Plaintiffs' use and enjoyment of FRTs is "chilled . . . by virtue of Defendants' impermissible interpretation of law."[75] Defendants did not sufficiently address this point at the TRO stage and once again fail to do so at this stage. According to Defendants, "there is no irreparable harm from a hypothetical seizure of Plaintiffs' property"

---

[75] Pls.' Reply in Support of Mot. for TRO 7, ECF No. 33.

since "[a]ny seized property could be returned via a forfeiture action or some other proceeding."[76] But this argument completely ignores that any seizure or surrender under duress would deprive Plaintiffs of the use and enjoyment of their property. *See VanDerStok*, 625 F. Supp at 584. And, relatedly, Defendants' enforcement activity also chills Plaintiffs from purchasing—and therefore exercising the use and enjoyment of—additional FRTs which the Court preliminarily determines are lawful weapons.[77] The empty guarantee Defendants reiterate—that "ATF has no plans to seize Plaintiffs' property in the *immediate future*"— provides little, if any, reassurance.[78]

But therein lies the problem. Plaintiffs face potential pressure to comply with a regulation that is likely unlawful due to ATF's arbitrary and capricious interpretation of "machineguns." The Court is unpersuaded by Defendants' continued assertion that there are no current plans to seize Plaintiffs' property in the immediate future.[79] As explained above, without disavowing that these plans will not change during this lawsuit, Plaintiffs face endemic uncertainty and pressure to comply with Defendants' interpretation of the definition to avoid prosecution. Such uncertainty and pressure chill constitutional and ownership rights. A plaintiff's purported choice to comply—or else—with a government dictate adequately establishes irreparable harm when it leads to the chilling of rights, such as giving up property or refraining from purchasing additional FRTs under duress.

Simply put, Plaintiffs face irreparable injury in whichever course they choose—suffer injury by complying with a regulation they allege Defendants lack the authority to enforce *or* risk civil and criminal enforcement by not complying. For this reason, and because Defendants'

---

[76] Defs.' Opp. to Pls.' Mot. for Prelim. Inj. 17, ECF No. 39.
[77] Pls.' Mot. for Prelim. Inj. 15, ECF No. 22.
[78] Defs.' Resp. to Pls.' Mot. for TRO 8, ECF No. 32 (emphasis added); *see also* Defs.' Opp. to Pls.' Mot for Prelim. Inj. 12, ECF No. 39.
[79] *Id.*

contrary arguments overlook clear Fifth Circuit precedent identifying compliance costs as irreparable harms, the Court is satisfied that Plaintiffs' alleged injuries are based on a credible threat of prosecution, placing them in immediate danger of irreparable injury.

*     *     *     *     *

Accordingly, the Court concludes that Plaintiffs have demonstrated a substantial threat of irreparable harm at this stage and are entitled to injunctive relief.

### C.  Balance of Hardships and the Public Interest

The final factor the Court must weigh is the balance of the equities and the public interest, which "merge" when the Government is a party. *Nken*, 556 U.S. at 435. A court must "pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). At the same time, a court must weigh any purported injuries the enjoined party may experience against the strong likelihood that they will not succeed on the merits. *See Freedom From Religion Found., Inc. v. Mack*, 4 F.4th 306, 316 (5th Cir. 2021) (explaining that "any injury to [the enjoined party] is outweighed by [a] strong likelihood of success on the merits" by the requesting party).

Both parties offer interests that the Court now weighs. On one side, Plaintiffs assert interests in "lawfully exercising freedoms they have enjoyed for several years."[80] As law-abiding citizens, this includes the ability possess firearms that are not machineguns.[81] Absent protection from an injunction, Plaintiffs contend that they would suffer compliance costs from any civil and criminal enforcement actions, in addition to experiencing a chilling effect on the exercise of their freedoms going forward.[82] On the other side, Defendants reiterate that their interests in retaining

---

[80] Pls.' Mot. for Prelim. Inj. 16, ECF No. 22.
[81] *Id.* at 12–16.
[82] *Id.*

prosecutorial discretion and protecting public safety tilt the equitable scale in their direction.[83]
Weighing these interests, the Court finds that, on balance, the equities favor Plaintiffs just as they
did at the TRO stage.

Defendants' primary argument as to why the balance of the equities favors them is that
"public safety would undoubtedly be jeopardized by removing restrictions on the manufacturing,
sale, and possession of these deadly devices."[84] An injunction "would cripple the government's
ability to take virtually any enforcement action with regard to a FRT device anywhere in the
United States."[85] This particular harm to Defendants is purportedly grounded in their "strong and
continuing interest in being able to enforce [the] laws restricting the possession and sale of
machineguns where the circumstances warrant action in the government's law enforcement
discretion."[86] And given this interest, Defendants fear that "[a] broad injunction would
undermine ATF's ability to respond in real time to serious future threats implicating FRTs."[87]
But Defendants do not dispute that Plaintiffs are law-abiding citizens who wish to engage in the
lawful conduct of possessing specific firearms—conduct that was lawful until the ATF said
otherwise. Instead, Defendants argue that "[e]ven if . . . presently true" that Plaintiffs "are law-
abiding and will not misuse their weapons," Plaintiffs "cannot guarantee that will inevitably be
the case and that their ownership of such devices will not, in the future, create public safety risks
that would warrant action by the government."[88]

Yet just as the government cannot prosecute based on what a person *might* do, the
government similarly cannot seriously argue there is a threat to public safety based on what a

---

[83] Defs.' Opp. to Mot. for Prelim. Inj. 18–22, ECF No. 39; Defs.' Resp. to Mot. for TRO 6, 9–10, ECF No. 32.
[84] *Id.* at 18.
[85] *Id.*
[86] *Id.* at 19.
[87] *Id.*
[88] *Id.*

38

person *might* do without some justification. Just as our system presumes a criminal defendant is innocent until proven guilty, Plaintiffs do not need to "guarantee they will not in the future violate other gun laws."[89] Their record as law-abiding citizens who have possessed FRTs already without incident differentiates them from individuals who create the very public safety risks Defendants fear. That is why NAGR, for instance, "avers that it only seeks to vindicate the rights of its members who are lawfully able to possess firearms in this matter."[90]

Notably, Defendants provide no specific causal arguments explaining how the public would be harmed by an injunction. Such arguments would point to facts connecting the public safety interest to FRTs generally and Plaintiffs specifically. Despite citing concerns about mass shootings in earlier briefing, Defendants fail to identify a tragic incident that involved an FRT.[91] Instead, Defendants offer nothing more than conclusory assertions about "public safety." And these assertions are grounded entirely in the conclusion the FRTs are machineguns. Defendants supply no independent reasons showing a threat to public safety. Given that the Court has already concluded Plaintiffs are likely to succeed on the merits that FRTs are *not* machineguns, that machineguns are a threat to public safety is a *non sequitur*. Without more, all Defendants have left to stand on is a vague assertion of "public safety." Such a general public safety concern simply cannot serve as justification for enforcement of an illegal interpretation of a criminal statute.

Yet perhaps most damaging to Defendants are their irreconcilable positions. On the one hand, Defendants generally argue that possession of FRTs by anyone—including possession by *these* Plaintiffs (who have no criminal history)—poses a threat to public safety. But, on the other hand, Defendants aver that they have no *current* plans to enforce the ATF Rule against these

---

[89] *Id.*
[90] Pls.' Mot. for Prelim. Inj. 16, ECF No. 22.
[91] Defs. Resp. to Mot. for TRO 10, ECF No. 32.

Plaintiffs due to the *historic* enforcement practices targeting large sellers. Even if Defendants'
representation is true that they have primarily prosecuted large sellers in the past, how can they
now claim that the threat to public safety is so grave because of ownership *by these specific law-
abiding Plaintiffs* at the same time there are no current plans to prosecute any of them?
Moreover, if the only targets of Defendants' enforcement actions are against are those who
violate *other gun laws*, then the prohibition on FRTs does nothing to protect the public. It
follows, then, that FRT ownership is neither a necessary nor sufficient condition for protecting
public safety. Rather, FRT ownership merely gives rise to an extra charge that Defendants tack
on *after* first determining that a given individual is a danger for other reasons (that is, violating
other gun laws). This is hardly sufficient to sway the balance of harms in Defendants' favor.

The Court is unable to reconcile these contradictions. Taking Defendants' continued
representation that they have no current plans to prosecute as true, this dissonance suggests a
lack of substance underlying the proffered public safety concern. Defendants offer no argument
specifically linking how public safety would be harmed by the Court granting an injunction to
enjoin enforcement actions for ownership (and not some other unlawful use of the FRT) with
*these* Plaintiffs. And if Defendants indeed have no current plans to prosecute, the Court
concludes that they should not seriously object to the issuance of an injunction memorializing the
status quo: no prosecution for FRT possession or ownership by these Plaintiffs because no
concrete threat to public safety exists.[92] Thus, the Court finds that Defendants would experience
little, if any, harm by issuance of an injunction during the pendency of this litigation.

---

[92] Defendants argue that the status quo is instead the "classify[cation] of FRTs as machineguns for years."
Defs.' Opp. to Mot. for Prelim. Inj. 15, ECF No. 39. The Court disagrees with this characterization.
Although true that FRTs have been classified by the ATF as machineguns since at least July 2021,
Defendants' statements regarding no enforcement plans against these Plaintiffs constitutes the operable
status quo. This is supported by Defendants' assertions that they have focused enforcement actions
against large-scale manufacturers and distributors. *Id.* at 13, 19.

In contrast, Plaintiffs face the very real potential to experience harm if an injunction is not granted. These harms include a credible threat of civil or criminal prosecution should Defendants change their mind, compliance costs, and a chilling of constitutional and ownership rights. Defendants contentions that Plaintiffs asserted injuries are hypothetical and that any they would have an opportunity to challenge future injuries once any enforcement action occurs falls flat.[93] On balance, the equities and public interest weigh in favor of Plaintiffs.[94] Defendants have not identified any concrete harms to counterbalance the real harms facing Plaintiffs. And any injury to Defendants is further outweighed by Plaintiffs' strong likelihood of success on the merits of its APA statutory interpretation claim. *Mack*, 4 F.4th at 316. Notably, this injury is further mitigated by the Court's cabining of injunctive relief to only the parties in this lawsuit.[95]

*       *       *       *       *

In sum, Plaintiffs have successfully demonstrated to the Court that they are entitled to injunctive relief. Having considered the arguments, evidence, and law, the Court holds that the relevant factors weigh in favor of **GRANTING** the preliminary injunction.

## V.   SCOPE OF THE INJUNCTION

Having determined that Plaintiffs carried their burden showing that an injunction is warranted in this situation, the Court must next decide how to provide those parties with

---

[93] *See* Defs. Opp. to Pls.' Mot. for Prelim. Inj. 18, ECF No. 39.

[94] The Court previously noted that there is also an interest in ensuring that the government adheres to its constitutional and statutory obligations. *Polymer80, Inc. v. Garland*, 4:23-cv-00029-O, 2023 WL 3605430, at *11 (N.D. Tex. Mar. 19, 2023). Indeed, there is undoubtedly "an overriding public interest [in] . . . an agency's faithful adherence to its statutory mandate." *Jacksonville Port Auth. v. Adams*, 556 F.2d 52, 59 (D.C. Cir. 1977). And "[t]he public interest is served when administrative agencies comply with their obligations under the APA." *N. Mariana Islands v. United States*, 686 F. Supp. 2d 7, 21 (D.D.C. 2009).

[95] Defendants contend that the "calculus" at this stage is "radically different where Plaintiffs seek an injunction broader than at the TRO stage." Defs.' Opp. to Mot. for Prelim. Inj. 19, ECF No. 39. This is because the injunctions Plaintiffs seek "ask[s] the Court to enjoin not only enforcement actions related to *their possession* of FRTS, but *all* potential enforcement actions against anyone." *Id.* However, this concern fails to materialize in light of the Court's injunction just to these Plaintiffs.

appropriate relief. When ordering equitable relief, the Court is obligated to state "specifically" and "in reasonable detail . . . the act or acts restrained or required" under the injunction. FED. R. CIV. P. 65(d)(1)(b)–(c). The scope of injunctive relief is "dictated by the extent of the violation established." *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979). An injunction "should be crafted to provide 'complete relief to the plaintiffs.'" *Mock v. Garland*, F.4th 563, 587 (5th Cir. 2023) (quoting *Yamasaki*, 442 U.S. at 702). At the same time, the injunction "should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." *Madsen*, 512 U.S. at 765 (cleaned up). And it must be tailored to "redress the plaintiff's particular injury." *Gill*, 138 S. Ct. at 1934 (citation omitted). Under appropriate circumstances, however, the demand for "complete" relief may necessitate that injunctive redress benefit many claimants of a common legal right in order to prevent "more confusion" and "multiplicity of suits" in the courts. *Mock*, 75 F.4th at 587 (quoting *Feds for Med. Freedom*, 63 F.4th at 388).

In keeping with these obligations, the Court tailors the scope of the injunction with careful attention fully redress the violation established and to also avoid upsetting the competing interests. Thus, the Court **ENJOINS** Defendants from the following actions against the Individual Plaintiffs and their immediate families, the Organizational Plaintiffs and their members, and the downstream customers of any commercial member of an Organizational Plaintiff:

    **(1)**    Initiating or pursuing criminal prosecutions for possession of FRTs;

    **(2)**    Initiating or pursuing civil proceedings for possessing, selling, or manufacturing FRTs based on the claim that FRTs are machineguns;

    **(3)**    Initiating or pursuing criminal prosecutions for representing to the public of potential buyers and sellers that FRTs are not machineguns;

    **(4)**    Initiating or pursuing civil actions for representing to the public of potential buyers and sellers that FRTs are not machineguns;

    **(5)**     Sending "Notice Letters" or other similar communications stating that FRTs are machineguns;

    **(6)**     Requesting "voluntarily" surrender of FRTs to the government based on the claim that FRTs are machineguns;

    **(7)**     Destroying any previously surrendered or seized FRTs; and

    **(8)**     Otherwise interfering in the possession, sale, manufacture, transfer, or exchange of FRTs based on the claim that FRTs are machineguns.

The implications of this preliminary injunction's scope bear further explanation. First, the Court declines Plaintiffs' invitation to extend the scope of the injunctive relief nationwide based on recent Fifth Circuit guidance. *See Mock*, 75 F.4th at 587. As such, this injunction covers only the parties in this lawsuit. These parties are protected from civil or criminal enforcement of the challenged rule until the Court renders a final decision on the merits. Parties beyond this lawsuit are *not* covered. Crucially, this Court's award of injunctive relief does not offer Plaintiffs blanket immunity from prosecution for all firearm-related offenses. Plaintiffs may still be prosecuted for violating otherwise lawful provisions of the NFA and GCA, as well as other lawful firearms regulations. This relief should alleviate Plaintiffs' demonstrable injuries without unnecessarily burdening Defendants.

Finally, respect for coordinate courts also guides the scope of the relief awarded here. *See W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24*, 751 F.2d 721, 729 (5th Cir. 1985) (holding that district courts should "avoid rulings which may trench upon the authority of sister courts"). Although this Court reaches a different conclusion than the E.D.N.Y. Decision, Fifth Circuit precedent is clear regarding overlapping decisions from coordinate courts. To the extent that Rare Breed Triggers, LLC, Rare Breed Firearms, LLC, or any of their agents, officers, and employees (the "Rare Breed Parties") are members of any Organizational Plaintiff, the Court's injunction is further narrowed by carving out the Rare Breed Parties. Other manufacturers or

sellers who are members of an Organizational Plaintiff may continue to manufacture, sell, exchange, transfer, and/or market FRTs under this injunction. With these limitations in place, the Court finds that the aforementioned relief appropriately narrows the scope of this extraordinary remedy in order to maintain the status quo without overly burdening Defendants and without trenching upon the E.D.N.Y. Decision.

## VI. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Preliminary Injunction (ECF No. 22) to preserve the status quo until a final decision on the merits is rendered. The Court **ORDERS** that Defendants—along with their respective officers, agents, servants, and employees—are hereby **ENJOINED** from implementing or enforcing against the parties in this lawsuit, in any civil or criminal manner described below, the ATF's expanded definition of "machinegun" that this Court has determined is likely unlawful:

(1) Initiating or pursuing criminal prosecutions for possession of FRTs;

(2) Initiating or pursuing civil proceedings for possessing, selling, or manufacturing FRTs based on the claim that FRTs are machineguns;

(3) Initiating or pursuing criminal prosecutions for representing to the public of potential buyers and sellers that FRTs are not machineguns;

(4) Initiating or pursuing civil actions for representing to the public of potential buyers and sellers that FRTs are not machineguns;

(5) Sending "Notice Letters" or other similar communications stating that FRTs are machineguns;

(6) Requesting "voluntarily" surrender of FRTs to the government based on the claim that FRTs are machineguns;

(7) Destroying any previously surrendered or seized FRTs; and

(8) Otherwise interfering in the possession, sale, manufacture, transfer, or exchange of FRTs based on the claim that FRTs are machineguns.

This injunction covers the Individual Plaintiffs and their families, the Organizational Plaintiffs and their members, and the downstream customers of any commercial member of an Organizational Plaintiff. Furthermore, this injunctive relief shall not extend to any individual prohibited from possessing firearms under 18 U.S.C. § 922(g). For those parties covered by this injunction, the relief shall take effect immediately and remain in effect pending the final disposition of this lawsuit. *See* 5 U.S.C. § 705. Finally, the Court waives the security requirement of Federal Rule of Civil Procedure 65(c).[96] *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (holding that the district court has discretion to waive the security requirement).

**SO ORDERED** this **7th day** of **October, 2023**.

---

[96] Because neither party raises the security requirement in Rule 65(c), no security is ordered. *See* FED. R. CIV. P. 65(c).

# Exhibit F

**EXHIBIT**
F
111

.S. **Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

**Firearms Technology Criminal Branch**
**Report of Technical Examination**

|  |  |
|---|---|
|  | **244 Needy Road #1600**<br>**Martinsburg, WV 25405**<br><br>**Phone: 304-616-4300**<br>**Fax: 304-616-4301** |
| To:<br>Special Agent Michael T. Nuttall<br>Bureau of Alcohol, Tobacco, Firearms and Explosives<br>99 New York Avenue NE<br>MS: 90K-250<br>Washington, DC 20026 | Date:<br><br>UI#:  163080-21-0006<br><br>RE:  Rarebreed Firearms<br>FRT-15<br>FTCB#:  2021-595-DAS<br>317066 |
| Date Exhibit Received:  06/04/2021 | Type of Examination Requested: |
| Delivered By:  FedEx# 7738 9219 6853 | Examination, Test, Classification |

**Exhibit:**

1. Rare Breed Triggers, model FRT-15, no serial number (suspected machinegun).

**Pertinent Authority:**

Title 28 of the United States Code (U.S.C.) provides the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) the authority to investigate criminal and regulatory violations of Federal firearms law at the direction of the Attorney General. Under the corresponding Federal regulation at 28 CFR. 0.130 the Attorney General provides ATF with the authority to investigate, administer, and enforce the laws related to firearms, in relevant part, under 18 U.S.C. Chapter 44 (Gun Control Act) and 26 U.S.C. Chapter 53 (National Firearms Act). Pursuant to the aforementioned statutory and regulatory authority, the ATF Firearms Ammunition and Technology Division (FATD) provides expert technical support on firearms and ammunition to federal, state, and local law enforcement agencies regarding the Gun Control Act and National Firearms Act.

The amended Gun Control Act of 1968 (GCA), defines the term "**machinegun**" has "*the meaning given such term in section 5845(b) of the National Firearms Act (26 U.S.C. 5845(b))*." (See 18 U.S.C. § 921(a)(23).)

The National Firearms Act of 1934 (NFA) **Identification of firearms other than destructive devices**. "*Each manufacturer and importer and anyone making a firearm shall identify each firearm, other than a destructive device, manufactured, imported, or made by a serial number which may not be readily removed, obliterated, or altered, the name of the manufacturer, importer, or maker, and such other identification as the Secretary may by regulations prescribe.*" (See 26 U.S.C. § 5842(a).)

The NFA, defines "**firearm**" to mean, in part:  "*...(6) a machinegun....*" (See 26 U.S.C. § 5845(a).)

The NFA, defines the term "**machinegun**" as follows: "*...any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.*" (See 26 U.S.C. § 5845(b).)

27 CFR § 479.11 defines the term "**machinegun**" and includes, in part: "*...For purposes of this definition, the term "automatically" as it modifies "shoots, is designed to shoot, or can be readily restored to shoot," means functioning as the result of a self-acting or self-regulating mechanism that allows the firing of multiple rounds through a single function of the trigger; and "single function of the trigger" means a single pull of the trigger and analogous motions. The term "machinegun" includes a bump-stock-type device, i.e., a device that allows a semi-automatic firearm to shoot more than one shot with a single pull of the trigger by harnessing the recoil energy of the semiautomatic firearm to which it is affixed so that the trigger resets and continues firing without additional physical manipulation of the trigger by the shooter.*" (See 27 CFR § 479.11.)

**Findings:**

*Note: FTISB previously examine a similar "forced reset trigger" from* ▮▮▮▮▮ *(holder of U.S. Patent 10514223) and determined it to be a combination of parts, designed and intended for use in converting a weapon into a machinegun; and therefore, a "**machinegun**" as defined in the GCA and NFA (see FTISB letter 307385, dated August 28, 2018 attached).*

**Exhibit 1** is a Rare Breed Triggers, model FRT-15, AR15-type drop-in fire-control group, manufactured by Rare Breed Triggers in Orlando, Florida. I observed that the Exhibit has no serial number in accordance with 26 U.S.C. § 5842.

I examined Exhibit 1 and found it to be an AR15-type drop-in fire-control group with the following features and characteristics:

- ¼ inch wide hammer, trigger, and locking bar
- Aluminum housing
- Two (2) tubular pins
- One (1) solid pin
- Three (3) springs
- Two (2) pins with interior threads at both ends
- Four (4) hex head screws with exterior threads

During my examination, I observed the following markings on Exhibit 1:

Aluminum housing (right side):     **RARE BREED**
                                   **-TRIGGERS-**
                                   **US PAT. 10514223**

**Findings (Cont.):**

Exhibit 1 is identifiable from U.S. Patent #10,514,223 B1 and functions on the same mechanical principle as U.S. Patent #10,254,067 B2.

U.S. Patent #10,514,223 B1 specifically states that this is a device which *"causes the trigger to be forcibly reset,"* and *"once reset, movement of the trigger is blocked by a locking bar and cannot be pulled until the bolt has returned to battery, thus preventing "hammer follow" behind the bolt or bolt carrier."* My examination determined Exhibit 1 does not function by "hammer follow."

As explanation, FATD has also evaluated devices which prevented the trigger from positively resetting and resulted in a "hammer-follow" scenario. A device designed to prevent the hammer from positively resetting could cause a firearm to shoot automatically more than one shot, without manual reloading, by a single function of the trigger, and would also be classified as a combination of parts designed and intended, for use in converting a weapon into a machinegun; thus a "**machinegun**" as defined in 26 U.S.C. § 5845(b).

However, the incorporation of a positive disconnecting or trigger resetting feature alone, does not preclude or remove such a weapon or device from the definition of a "**machinegun**" as defined in the NFA, 26 U.S.C. § 5845(b). Although the presence of hammer follow may require classification of a firearm as a machinegun, this is just one way in which a firearm may satisfy the "machinegun" definition. Therefore, the mere absence of "hammer-follow" in an AR-type firearm does not exclude such a firearm from being classified as a machinegun. Machinegun classifications are based on the examination of the device and whether the device converts a weapon to shoot automatically.

Federal regulation, 27 CFR § 479.11, states that the term "automatically" as it modifies "shoots, is designed to shoot, or can be readily restored to shoot," means functioning as the result of a self-acting or self-regulating mechanism that allows the firing of multiple rounds through a single function of the trigger. Indeed, Federal courts have long held that automatically means that the weapon "fires repeatedly with a single pull of the trigger." *Staples v. United States*, 511 U.S. 600, 602 n. 1 (1994). "That is, once its trigger is depressed, the weapon will automatically continue to fire until its trigger is released or the ammunition is exhausted." Id.

Further, Federal regulation 27 CFR § 479.11, states that "single function of the trigger" means a single pull of the trigger and analogous motions. Courts have specifically affirmed ATF's interpretation that a single act of the shooter to initiate the firing sequence is a single function of the trigger. *Atkins v. United States*, 312 F. App'x 197, 200 (11th Cir. 2009); *Freedom Ordnance Mfg., Inc. v. Brandon*, 2018 U.S. Dist. LEXIS 243000 (S.D. Ind. Mar. 27, 2018) . *United States v. Fleischli*, 305 F.3d 643, 655 (7th Cir. 2002)(in which electronic switch was the trigger when it served to initiate the firing sequence and the minigun continued to fire until the switch was turned off or the ammunition was exhausted). In *Freedom Ordnance* case, the United States District Court of Indiana confirmed that ATF was not arbitrary and capricious in the classification of an "electronic reset assist device" as a machinegun even though the firearm's trigger reset before each shot by pushing the shooter's finger forward. *Freedom Ordnance Mfg., Inc,* No. 3:16-cv-00243-RLY-MPB. In these cases, a firearm is a machinegun when an internal mechanism or operation automatically forces the individual's finger forward instead of requiring that the shooter release the trigger.

163080-21-0006
2021-595-DAS
Page 4

## Findings (Cont.):

If a device is designed to assist in preventing the hammer from positively resetting or which utilizes *a spring, electric motor or non-manual source of energy which assists in the automatic resetting of the hammer and causes a firearm to shoot automatically more than one shot, without manual reloading, by a single function of the trigger*, such an item or device would be classified as a combination of parts designed and intended, for use in converting a weapon into a machinegun; thus a "machinegun" as defined in 26 U.S.C. § 5845(b).

Below is a description of how the Rare Breed Trigger, FRT-15 device operates with attached diagrams found on the Rare Breed Trigger website.

First, the FRT-15 device must be installed into an AR15-type weapon which includes a H3 weight buffer and M16-type bolt carrier. These components are necessary because the specific design of the FRT-15 requires these to function as designed.

The picture on page 4 of the attached, shows the position of the hammer (orange), trigger (red), and locking bar (green) in the FRT-15 device once the weapon is charged and the selector is placed in the fire position. In this configuration, the hammer is held in place with its sear surface against the front of the trigger.

When the trigger is pulled (rearward pressure applied to the trigger), the hammer is released and strikes the firing pin, igniting the cartridge primer, and starting the cycle of operations (See attachment page 5 picture 7).

As the bolt carrier moves to the rear, the hammer is driven into the top of the trigger forcing it forward. The bolt carrier then strikes the locking bar moving, it to lock the trigger in the forward position (See attachment page 6 picture 8).

As the bolt carrier moves forward, the trigger is held in the forward position by the locking bar and the hammer engages the sear surface on the front of the trigger (See attachment page 7 picture 9).

As the bolt carrier continues to move forward, it strikes the rear surface of the locking bar releasing the trigger. If the shooter maintains constant rearward pressure to the trigger, that single constant pull will continue the cycle of operation and fire a subsequent projectile. (See attachment page 8, 9 picture 10, 11). This differs from a cycle of oeprations in a typical AR-type semiautomatic firearm in which a shooter must release and pull the trigger to fire a second projecile. As stated, a firearm assembled with the FRT-15 requires no such release and subsequent pull by the shooter to fire a second projectile. Instead, the shooter may fire a second projectile merely by maintaining the initial trigger pull and allowing the self-acting internal mechanism to complete its automatic cycle of operation.

To confirm this, I assembled an AR15-type firearm from the National Firearms Collection (NFC) using a Bushmaster AR15-type receiver, H3 buffer, M16-type upper assembly, and the FRT-15 device (See attachment pages 10, 11 pictures 12, 13, 14, 15).

I test-fired Exhibit 1 on June 7, 2021, at the ATF test range, Martinsburg, West Virginia, using commercially available, Federal brand, 5.56x45mm caliber ammunition and a magazine from the NFC.

**Findings (Cont.):**

First, I inserted a one-round ammunition load, charged the weapon, and with the selector in the "FIRE" position, pulled the trigger. The NFC weapon, with Exhibit 1 installed, successfully expelled a single projectile by the action of an explosive. I repeated this method of test-fire one additional time, obtaining the same result.

Next, I inserted a two-round ammunition load, charged the weapon, and with the selector in the "FIRE" position pulled the trigger and held it to the rear, the NFC weapon, with Exhibit 1 installed, fired two (2) rounds automatically by a single pull/function of the trigger. I repeated this method of test-fire one additional time, obtaining the same result.

Finnaly, I inserted a five-round ammunition load, charged the weapon, and with the selector in the "FIRE" position, pulled the trigger and held it to the rear, the NFC weapon, with Exhibit 1 installed, fired five (5) rounds automatically by a single pull/function of the trigger. I repeated this method of test-fire one additional time, obtaining the same result.

The FRT-15 device incorporates parts that are novel to the operation of a typical AR-type semiautomatic firearm. These unique parts (hammer, trigger and locking bar) within the FRT-15 trigger mechanism are specifically designed to incorporate the standard rearward and forward movement of the AR-type bolt carrier in its cycle of operations allowing the weapon to function as a self-acting, or self-regulating, mechanism. Whereas in a typical AR-type firearm, the rearward movement of the bolt carrier extracts, then ejects a cartridge case, and cocks the hammer. However, in the FRT-15, the rearward movement is also utilized to eliminate the necessity for the shooter to release their pull of the trigger. In a typical AR-type firearm, the forward movement of the bolt carrier loads a subsequent cartridge, and locks the bolt, while the FRT-15 also utilizes this forward movement to automatically release the trigger and hammer, allowing the weapon to expel a second projectile without a separate pull of the trigger. In this way, one continuous pull of the trigger allows a semiautomatic firearm to shoot more than one shot. This mechanical action and principle is explained in U.S. Pat. #10,514,223 and U.S. Patent # 10,254,067 B2, and demonstrated in the test-fires above.

As received, Exhibit 1 is a combination of parts, designed and intended for use in converting a weapon (AR15-type) into a machinegun; therefore, it is a "**machinegun**" as defined in the GCA and NFA.

**Conclusions:**

**Exhibit 1** is a combination of parts, designed and intended for use in converting a weapon into a machinegun; therefore, it is a "**machinegun**" as defined in 26 U.S.C. § 5845(b).

**Exhibit 1** is a "**machinegun**" as defined in 18 U.S.C. § 921(a)(23).

**Exhibit 1**, being a machinegun, is also a "**firearm**" as defined in 26 U.S.C. § 5845(a)(6).

**Exhibit 1** is not marked in accordance with 26 U.S.C. § 5842(a).

163080-21-0006
2021-595-DAS
Page 6

Examined By:

Digitally signed by David A. Smith1
Date: 2021.07.15 15:43:05 -04'00'

David A. Smith
Firearms Enforcement Officer

Approved By:

GREGORY STIMMEL
Digitally signed by GREGORY STIMMEL
Date: 2021.07.15 15:50:02 -04'00'

Gregory Stimmel, Chief
Firearms Technology Criminal Branch

Attachment: 11 pages bearing a total of 15 photographs, U.S. Patents #10,254,067 B2; 10,514,223 B1, and ATF letter # 307385.

**Enclosed is a Firearms Technology Criminal Branch report provided in response to your request for assistance. Please be aware that these documents constitute "taxpayer return information" that is subject to the strict disclosure limitations provided in 26 U.S.C. § 6103. Exceptions to the non-disclosure provisions that permit the disclosure internally within ATF are set forth in 26 U.S.C. §§ 6103(h)(2)(C) and (o)(1). Any further disclosure of these reports is strictly limited and must be reviewed and approved by the Office of Chief Counsel prior to any information dissemination. Failure to adhere to the disclosure limitations provided in 26 U.S.C. § 6103 could result in civil and/or criminal liability.**

2021-595-DAS



317066 - Exhibit 1 – Picture 1, 2



2021-595-DAS



317066 - Exhibit 1 – Picture 3, 4



2021-595-DAS



317066 - Exhibit 1 – Picture 5

2021-595-DAS



317066 - Exhibit 1 – Picture 6

2021-595-DAS



317066 - Exhibit 1 – Picture 7

2021-595-DAS



317066 - Exhibit 1 - Picture 8

2021-595-DAS



317066 - Exhibit 1 - Picture 9

2021-595-DAS

317066 - Exhibit 1 – Picture 10



2021-595-DAS

317066 - Exhibit 1 - Picture 11



2021-595-DAS

317066 - Exhibit 1 - Picture 12, 13



2021-595-DAS



317066 - Exhibit 1 – Picture 14, 15

(12) **United States Patent**
Foster

(10) Patent No.: **US 10,254,067 B2**
(45) Date of Patent: **Apr. 9, 2019**

(54) **TRIGGER-LOCKING APPARATUS, SYSTEM, AND METHOD FOR SEMIAUTOMATIC FIREARMS**

(71) Applicant: **FOSTECH MFG LLC**, Seymour, IN (US)

(72) Inventor: **David Foster**, Seymour, IN (US)

(73) Assignee: **FOSTECH, INC.**, Seymour, IN (US)

(*) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **15/419,460**

(22) Filed: **Jan. 30, 2017**

(65) **Prior Publication Data**

US 2017/0219307 A1    Aug. 3, 2017

**Related U.S. Application Data**

(60) Provisional application No. 62/311,807, filed on Mar. 22, 2016, provisional application No. 62/288,385, filed on Jan. 28, 2016.

(51) **Int. Cl.**
| | |
|---|---|
| *F41A 17/46* | (2006.01) |
| *F41A 19/06* | (2006.01) |
| *F41A 17/76* | (2006.01) |

(52) **U.S. Cl.**
CPC .............. *F41A 19/06* (2013.01); *F41A 17/76* (2013.01)

(58) **Field of Classification Search**
CPC .......... F41A 17/48; F41A 17/68; F41A 17/46; F41A 17/32; F41A 17/42; F41A 17/74; F41A 17/76; F41A 19/02; F41A 19/24; F41A 19/26; F41A 19/25; F41A 19/27; F41A 19/30; F41A 19/45
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 2,039,814 A * | 5/1936 | Loomis .................... | F41A 17/48 42/20 |
| 2,869,269 A * | 1/1959 | Couture .................... | F41A 17/32 42/70.01 |
| 3,196,747 A * | 7/1965 | Gallagher ................ | F41A 19/31 42/69.02 |
| 3,292,492 A * | 12/1966 | Sturtevant ................ | F41A 19/02 89/128 |
| 3,553,877 A * | 1/1971 | Welch et al. ............ | F41A 17/02 42/70.01 |
| 3,845,688 A * | 11/1974 | Seecamp .................. | F41A 19/45 89/146 |

(Continued)

*Primary Examiner* — Derrick R Morgan
(74) *Attorney, Agent, or Firm* — Roberts IP Law; John Roberts

(57) **ABSTRACT**

Provided in various example embodiments is an apparatus, system, and method for improved control of selectable dual mode trigger systems for semiautomatic firearms, which may include a timed locking mechanism incorporated in the trigger system that ensures that the carrier is seated before the hammer is actuated, and that the anti-hammer-follow disconnect does not engage out of sequence. Such a mechanism ensures that the necessary steps occur in the proper sequence in the trigger mechanism, so that at any given time the trigger and firearm are ready for the next desired function to occur. The addition of a timed trigger lock mechanism to the trigger as disclosed herein ensures that the sequence of events in the trigger is maintained in the proper relationship, preventing misfires and jams. Such trigger locking mechanisms have applicability beyond dual-mode trigger systems, and may be applied in various forms to semiautomatic firearms generally.

**18 Claims, 4 Drawing Sheets**



# US 10,254,067 B2

Page 2

(56)            **References Cited**

### U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 3,924,599 A | * | 12/1975 | Hammond | F41A 17/48 124/40 |
| 4,004,496 A | * | 1/1977 | Snodgrass | F41A 19/02 89/129.02 |
| 4,023,465 A | * | 5/1977 | Inskip | F41A 19/03 89/131 |
| 4,308,786 A | * | 1/1982 | Hayashi | F41A 19/44 89/144 |
| 4,499,684 A | * | 2/1985 | Repa | F41A 19/17 42/69.01 |
| 4,555,861 A | * | 12/1985 | Khoury | F41A 17/72 42/69.01 |
| 4,697,495 A | * | 10/1987 | Beretta | F41A 11/00 89/142 |
| 5,216,190 A | * | 6/1993 | Tanaka | F41A 17/48 42/69.02 |

| | | | | |
|---|---|---|---|---|
| 5,718,074 A | * | 2/1998 | Keeney | F41A 19/45 42/69.01 |
| 7,398,723 B1 | * | 7/2008 | Blakley | F41A 19/12 42/69.01 |
| 7,562,614 B2 | * | 7/2009 | Polston | F41A 19/33 42/69.03 |
| 8,667,881 B1 | * | 3/2014 | Hawbaker | F41A 19/46 42/69.01 |
| 8,820,211 B1 | | 9/2014 | Hawbaker | |
| 9,970,724 B1 | * | 5/2018 | Acker | F41A 17/46 |
| 2009/0044438 A1 | * | 2/2009 | Yollu | F41A 17/30 42/70.06 |
| 2011/0167697 A1 | * | 7/2011 | Geissele | F41A 19/16 42/69.03 |
| 2012/0144712 A1 | * | 6/2012 | Rostocil | F41A 9/79 42/16 |
| 2014/0259845 A1 | * | 9/2014 | Johnson | F41A 19/09 42/69.01 |
| 2018/0087860 A1 | * | 3/2018 | Sullivan | F41A 17/46 |

* cited by examiner



FIG. 1A

FIG. 1B

FIG. 1C

FIG. 1D

FIG. 1E



FIG. 2A

FIG. 2B

FIG. 2C

FIG. 2D

FIG. 2E

132



FIG. 3A

Forward

Rearward

FIG. 3B



**FIG. 4**

US 10,254,067 B2

1

# TRIGGER-LOCKING APPARATUS, SYSTEM, AND METHOD FOR SEMIAUTOMATIC FIREARMS

## CROSS-REFERENCE TO RELATED APPLICATIONS

This application claims priority to, incorporates herein by reference, and is a non-provisional of U.S. provisional patent application No. 62/288,385 to David Foster, filed Jan. 28, 2016 and entitled Timing Apparatus, System, and Method for Dual Mode Trigger for Semiautomatic Firearms (herein "the '385 Application"). This application also claims priority to, incorporates herein by reference, and is a non-provisional of U.S. provisional patent application No. 62/311,807 to David Foster, filed Mar. 22, 2016 and entitled Trigger Having a Moveable Sear and Firearms Incorporating Same (herein "the '807 Application").

## FEDERALLY SPONSORED RESEARCH OR DEVELOPMENT

None.

## TECHNICAL FIELD

The present invention relates generally to firearms, and more particularly to improvements to trigger systems for semiautomatic firearms.

## BACKGROUND

Selectable dual mode triggers for semiautomatic firearms are known, which include triggers capable of actuating and firing rounds on both pull and release of the trigger. Examples of such systems are disclosed in U.S. Pat. No. 8,667,881 B1 to Hawbaker, granted 2014-03-11 (herein "the '881 Patent"), and U.S. Pat. No. 8,820,211 B1 to Hawbaker, granted 2014-09-02 (herein "the '211 Patent") (collectively "the Hawbaker patents"), both of which are incorporated herein by reference. The characteristics of selecting modes of actuation in which only one round is discharged with one function of the trigger was approved by the ATF and granted the patents mentioned above and incorporated herein.

The introduction of a trigger that actuates on both pull and release presents several challenges. For example, during the testing of this new trigger, misfires were sometimes experienced due to light primer strikes, unexpected trigger states during actuation, and magazine changes. It quickly became apparent that improvements were needed to address these and related issues. In working to solve these problems, innovations were discovered that have applicability to not only pull-and-release triggers, but also to semiautomatic firearms generally.

## SUMMARY

One of these innovations is a trigger-locking apparatus, system, and method for semiautomatic firearms, some examples of which are described herein. Illustrative examples of such trigger-locking apparatus were described in the '385 Application (as timing lever 7), and in the '807 Application (as timing lever 5), forming part of the pull-and-release triggers described therein. Such trigger-locking mechanisms can elegantly overcome certain problems of the prior art, such as hammer-follow leading to light primer

2

strikes, and unexpected trigger states during actuation and magazine changes, while providing other advantages.

For example, provided in various example embodiments is a novel apparatus, system, and method for improved control of selectable dual mode trigger systems for semiautomatic firearms, which may include a timed locking mechanism incorporated in the trigger system that ensures that the carrier is seated before the hammer is actuated, and that the anti-hammer follow disconnect does not engage out of sequence. Such a mechanism ensures that the necessary steps occur in the proper sequence in the trigger mechanism, so that at any given time the trigger and firearm are ready for the next desired function to occur. The addition of a timing lever, or timed trigger lock mechanism, to the trigger as disclosed herein ensures that the sequence of events in the trigger is maintained in the proper relationship, preventing misfires and jams. Such trigger locking mechanisms have applicability beyond dual-mode trigger systems, however, and may be applied in various forms to semiautomatic firearms generally.

Accordingly, provided in various example embodiments is a trigger-locking apparatus for a semi-automatic firearm having a trigger and an action that cycles by loading, firing, and extracting cartridges when the firearm is repeatedly fired by movements of the trigger. In various example embodiments the trigger-locking apparatus may comprise a structure that when in a first position allows movement of the trigger between firing and non-firing positions, and when in a second position restricts movement of the trigger between firing and non-firing positions. The trigger-locking apparatus may be configured so that, when it is installed in the semi-automatic firearm, the structure is configured to automatically: be in the first position when the action of the firearm is in an in-battery position ready to fire a first cartridge; move to the second position when the firearm is firing the first cartridge and the action is being cycled; then return to the first position as the action of the firearm cycles back to the in-battery position ready to fire a second cartridge.

In various example embodiments the trigger-locking apparatus may be further configured so that, when it is installed in the semi-automatic firearm, the structure is configured to automatically move to the second position when the firearm is firing the second cartridge and the action is being cycled, then return to the first position as the action of the firearm cycles back to the in-battery position ready to fire a third cartridge. This sequence may be repeated for any suitable number of cartridges.

In various example embodiments the structure is biased toward the first position, for instance by a spring or any other suitable means. In various example embodiments the structure may be configured to move between the first and second positions by pivoting about an axis, while in other example embodiments the structure may be configured to move between the first and second positions by translating linearly.

In various example embodiments the action of the semi-automatic firearm may comprise a carrier assembly that is configured to translate longitudinally when the action is cycled, and the structure may be configured to be moved from the first position to the second position by longitudinal movement of the carrier assembly. In various example embodiments the carrier assembly may comprise a carrier, or a bolt, or any other suitable structure that engages and moves the structure from the first position to the second position when the carrier assembly translates longitudinally in a first direction when the action is cycled. Additionally or alternatively, in various example embodiments the structure

US 10,254,067 B2

3

may be configured to be moved from the second position to the first position by or in cooperation with longitudinal movement of the carrier assembly. In various example embodiments the carrier assembly may comprise a carrier, or a bolt, or any other suitable structure that engages and moves or allows movement of the structure from the second position to the first position when the carrier assembly translates longitudinally in a second direction when the action is cycled.

In various example embodiments the action of the semi-automatic firearm may comprise a slide that is configured to translate longitudinally when the action is cycled, and the structure may be configured to be moved from the first position to the second position by longitudinal movement of the slide in a first direction. Additionally or alternatively, in various example embodiments the structure may be configured to be moved from the second position to the first position by or in cooperation with longitudinal movement of the slide. In various example embodiments the slide or a structure affixed therewith engages and moves or allows movement of the structure from the second position to the first position when the slide translates longitudinally in a second direction when the action is cycled.

In various example embodiments the trigger-locking apparatus may be configured for use with a semi-automatic firearm having a hammer that is releasably engaged by the trigger and by a secondary disconnector member, wherein the structure is further configured to release the secondary disconnector member from engagement with the trigger when the structure is moved from the first position to the second position. In various example embodiments such structure may be further configured to move the secondary disconnector member to an engagement position to engage with the trigger when the structure is moved from the second position to the first position. In various example embodiments the structure may be configured to move the secondary disconnector member from a position where it can engage the trigger to a position where it cannot engage the trigger when the structure is moved from the first position to the second position. In various example embodiments the structure may be configured to allow the secondary disconnector member to move from a position where it cannot engage the trigger to a position where it can engage the trigger when the structure is moved from the second position to the first position.

Also provided in various example embodiments are semi-automatic firearms incorporating any of the apparatus, features, or functions described herein.

Further provided in various example embodiments are methods of using the firearms, apparatus, features, or functions described herein. For example, provided in various example embodiments is a method of operating the semi-automatic firearms described herein, comprising the steps of: moving the trigger and firing the first cartridge, causing the action to cycle and the structure to move from the first position into the second position thereby causing the trigger-locking apparatus to lock the trigger, and as the action of the firearm cycles back to the in-battery position ready to fire the second cartridge, causing the structure to move from the second position back to the first position thereby causing the trigger-locking apparatus to unlock the trigger.

In various example embodiments where the semi-automatic firearm further comprise a hammer that is releasably engaged by the trigger and by a secondary disconnector member, and wherein the structure is further configured to release the secondary disconnector member from engagement with the trigger when the structure is moved from the

4

first position to the second position, and to move the secondary disconnector member to an engagement position to engage with the trigger when the structure is moved from the second position to the first position, the method may further comprise the steps of: causing the structure to release the secondary disconnector member from engagement with the trigger by causing the structure to move from the first position to the second position; and causing the structure to move the secondary disconnector member to an engagement position to engage with the trigger by causing, allowing, or cooperating with the structure to move the structure from the second position to the first position.

The foregoing summary is illustrative only and is not meant to be exhaustive or limiting. Other aspects, objects, and advantages of various example embodiments will be apparent to those of skill in the art upon reviewing the accompanying drawings, disclosure, and appended claims. These together with other objects of the invention, along with various features of novelty, which characterize the invention, are pointed out with particularity in the claims annexed hereto and forming a part of this disclosure. For a better understanding of the invention, its operating advantages and the specific objects attained by its uses, reference should be had to the accompanying drawings, claims and descriptive matter in which there is illustrated a preferred embodiment of the invention.

BRIEF DESCRIPTION OF THE DRAWINGS

FIGS. 1A-1E illustrate a first example embodiment of a trigger-locking apparatus, system, and method for semiautomatic firearms that have an action that cycles by loading, firing, and extracting cartridges when the firearm is repeatedly fired by movements of the trigger, comprising a first example structure that when in an unlocked position shown in FIGS. 1A, 1B, 1E, allows movement of the trigger between non-firing and firing positions as shown in FIGS. 1A and 1B, and when in a locked position shown in FIGS. 1C and 1D, restricts movement of the trigger between firing and non-firing positions.

FIG. 1A shows the first example embodiment with a first example locking structure rotated to an unlocked position by a carrier assembly that is translated longitudinally forward when the action of the firearm is in an in-battery position ready to fire a cartridge.

FIG. 1B depicts the example embodiment of FIG. 1A with the trigger moving between non-firing and firing positions.

FIG. 1C shows the example embodiment of FIG. 1B with the trigger released and the locking structure rotated to a locked position after it has been released from the unlocked position by movement of the carrier assembly longitudinally rearward in the direction of the arrows, as when the action of the firearm is being cycled during the firing of a cartridge.

FIG. 1D shows the example embodiment of FIG. 1C with the carrier assembly returning longitudinally forward in the direction of the arrows and re-contacting the locking structure as the action of the firearm continues to cycle after the firing of a cartridge.

FIG. 1E shows the embodiment of FIG. 1D with the carrier assembly having fully returned longitudinally forward in the direction of the arrows and re-rotating the locking structure to the unlocked position of FIG. 1A when the action of the firearm is in an in-battery position ready to fire a second cartridge.

FIGS. 2A-2E illustrate a second example embodiment of a trigger-locking apparatus, system, and method for semiautomatic firearms that have an action that cycles by load-

US 10,254,067 B2

5

ing, firing, and extracting cartridges when the firearm is repeatedly fired by movements of the trigger, comprising a second example structure that when in an unlocked position shown in FIGS. 2A, 2B, 2E, allows movement of the trigger between non-firing and firing positions as shown in FIGS. 2A and 2B, and when in a locked position shown in FIGS. 2C and 2D, restricts movement of the trigger between firing and non-firing positions.

FIG. 2A shows the second example embodiment with a second example locking structure translated to an unlocked position by a carrier assembly that is translated longitudinally forward when the action of the firearm is in an in-battery position ready to fire a cartridge.

FIG. 2B depicts the example embodiment of FIG. 2A with the trigger moving between non-firing and firing positions.

FIG. 2C shows the example embodiment of FIG. 2B with the trigger released and the locking structure translated to a locked position after it has been released from the unlocked position by movement of the carrier assembly longitudinally rearward in the direction of the arrows, as when the action of the firearm is being cycled during the firing of a cartridge.

FIG. 2D shows the example embodiment of FIG. 2C with the carrier assembly returning longitudinally forward in the direction of the arrows and re-contacting the locking structure as the action of the firearm continues to cycle after the firing of a cartridge.

FIG. 2E shows the embodiment of FIG. 2D with the carrier assembly having fully returned longitudinally forward in the direction of the arrows and re-translating the locking structure to the unlocked position of FIG. 2A when the action of the firearm is in an in-battery position ready to fire a second cartridge.

FIGS. 3A, 3B, and 4 illustrate a third example embodiment of a trigger-locking apparatus, system, and method for semiautomatic firearms that have an action that cycles by loading, firing, and extracting cartridges when the firearm is repeatedly fired by movements of the trigger, comprising a third example structure that when in an unlocked position shown in FIGS. 3A, 3B, allows movement of the trigger between non-firing and firing positions, and when in a locked position shown in FIG. 4, restricts movement of the trigger between firing and non-firing positions. The third example embodiment includes a hammer that is releasably engaged by the trigger and by a secondary disconnector member.

FIG. 3A shows the third example embodiment with the third example locking structure rotated to an unlocked position by a carrier assembly that is translated longitudinally forward when the action of the firearm is in an in-battery position ready to fire a cartridge. In this unlocked position, the third example locking structure has allowed the secondary disconnector member to move to an engagement position to engage with the trigger.

FIG. 3B is a closer view of a portion of FIG. 3A.

FIG. 4 shows the third example embodiment with the third example locking structure rotated to locked position as when the carrier assembly of FIG. 3A (not shown in FIG. 4) is translated longitudinally rearward as when the action of the firearm is being cycled during the firing of a cartridge. In this locked position, the third example locking structure has moved the secondary disconnector member to a position where it will not engage with the trigger.

DETAILED DESCRIPTION OF EXAMPLE EMBODIMENTS

Reference will now be made in detail to some specific example embodiments, including any best mode contem-

6

plated by the inventor. Examples of these specific embodiments are illustrated in the accompanying drawings. While the invention is described in conjunction with these specific embodiments, it will be understood that it is not intended to limit the invention to the described or illustrated embodiments. On the contrary, it is intended to cover alternatives, modifications, and equivalents as may be included within the spirit and scope of the invention as defined by the appended claims.

In the following description, numerous specific details are set forth in order to provide a thorough understanding of the present invention. Particular example embodiments may be implemented without some or all of these features or specific details. In other instances, components and procedures well known to persons of skill in the art have not been described in detail in order not to obscure inventive aspects.

Various techniques and mechanisms will sometimes be described in singular form for clarity. However, it should be noted that some embodiments may include multiple iterations of a technique or multiple components, mechanisms, and the like, unless noted otherwise. Similarly, various steps of the methods shown and described herein are not necessarily performed in the order indicated, or performed at all in certain embodiments. Accordingly, some implementations of the methods discussed herein may include more or fewer steps than those shown or described.

Further, the example techniques and mechanisms described herein will sometimes describe a connection, relationship or communication between two or more items or entities. It should be noted that a connection or relationship between entities does not necessarily mean a direct, unimpeded connection, as a variety of other entities or processes may reside or occur between any two entities. Consequently, an indicated connection does not necessarily mean a direct, unimpeded connection unless otherwise noted.

To ensure clarity, an explanation of the term "in-battery" will now be provided. "In-battery" refers to the status of a firearm once the action has returned to the normal firing position. Out-of-battery refers to the status of a firearm before the action has returned to the normal firing position. According to the website Wikipedia, the term originates from artillery, referring to a gun that fires before it has been pulled back. In artillery guns, "out of battery" usually refers to a situation where the recoiling mass (breech and barrel) has not returned to its proper position after firing because of a failure in the recoil mechanism. Gun carriages should normally be designed to prevent this in typical circumstances. But if a gun is fired out of battery, then damage to the carriage can occur, as the effectiveness of the recoil mechanism will have been compromised. In firearms and artillery where there is an automatic loading mechanism, a condition can occur in which a live round is at least partially in the firing chamber and capable of being fired, but is not properly secured by the usual mechanism of that particular weapon (and thus is not "in battery"). The gas produced at the moment of firing can rupture the not-fully-supported cartridge case and can result in flame and high-pressure gas being vented at the breech of the weapon, potentially creating flying shrapnel and possibly injuring the operator. Depending on the design, it is also possible for a semi-automatic firearm to simply not fire upon pulling the trigger when in an out-of-battery state. The present locking mechanisms 100, 200, 300 and the like are designed to prevent pulling the trigger 110 when the firearm is in an out-of-battery state, which can sometimes happen in most if

US 10,254,067 B2

7

not all semi-automatic firearms, but is a special risk in those firearms capable of firing upon both the pull and the release of the trigger 110.

Referring now to the drawings in detail to the drawings wherein like elements are indicated by like numerals, there are shown various aspects of example trigger-locking apparatus, system, and method for semiautomatic firearms. FIGS. 1A-1E illustrate a first example embodiment of certain portions of a trigger-locking apparatus, system, and method 100 for semiautomatic firearms. While not reproduced in the present figures for the sake of visual clarity, it is well known that semiautomatic firearms typically have a mechanism commonly known as an action that cycles by loading, firing, and extracting cartridges when the firearm is repeatedly fired by movements of the trigger. Here, the system 100 may comprise a trigger 110, which may pivot about an axis 112 between firing and non-firing positions (indicated by arrow 114), or may alternatively move laterally or may be actuated in any other suitable manner (not shown).

The system 100 may comprise a structure 120 that when in an unlocked position shown in FIGS. 1A, 1B, 1E, allows movement 114 of the trigger 110 between non-firing and firing positions as shown in FIGS. 1A and 1B. Turning to FIG. 1A, shown is a first example embodiment 100 with a first example locking structure 120 rotated about an axis 122 to an unlocked position by a carrier assembly 130 that is translated longitudinally forward (as indicated by the Forward arrow on the figures) when the action of the firearm is in an in-battery position ready to fire a cartridge (not shown). More specifically, in the example embodiment 100, an engagement feature 132 may be provided on or as part of carrier assembly 130 that when longitudinally translated forward and adjacent the structure 120, mechanically engages an upper portion of the structure 120 (that portion above the axis 122) and pushes it forward, thus causing the structure 120 to pivotally rotate about its axis 122 in a clockwise direction as shown in FIGS. 1A and 1B, until the trigger 110 can rotate about its axis 112 sufficiently to fire a cartridge without the structure 120 interfering with the movement 114 of the trigger 110. This is the unlocked position.

The carrier assembly 130 may comprise any suitable components and features, such as a carrier, bolt assembly, bolt, and the like, as is known in the art of semi-automatic rifles, for instance. Alternatively, carrier assembly 130 may comprise a slide, for instance as is known in the art of semi-automatic pistols. Engagement feature 132 may comprise or be formed onto, into, or as part of any portion of the carrier assembly 130, and may comprise an abutment, a groove, or a convex or concave surface, or any other mechanical structure that will suitably function to mechanically engage the locking structure 120.

A spring or other biasing means (not shown) may be provided to rotationally urge the structure 120 in a counter-clockwise direction about the axis 122. For example and not by way of limitation, a torsional spring may be affixed against the structure 120 and around axis 122, or a helical compression spring may be provided pushing the upper portion of the structure 120 (that portion above the axis 122) in the rearward direction, or a helical compression spring may be provided pushing the lower portion of the structure 120 (that portion below the axis 122) in the forward direction, for example.

Once the trigger 110 is actuated by movement 114 between firing and non-firing positions and a cartridge is fired, the action of the firearm begins to cycle causing the carrier assembly 130 to move rearward as depicted in FIG.

8

1C. This moves the engagement feature 132 away from the locking structure 120, allowing the spring or other urging means discussed above but not shown to cause the locking structure 120 to automatically rotate counter-clockwise around axis 122, such that when the trigger 110 is moved 114 between firing and non-firing positions, for instance when it is released, the locking structure 120 automatically engages the trigger 110 at a locking interface 124 and locks the trigger 110 in position as shown in FIGS. 1C and 1D, thereby restricting movement 114 of the trigger 110 between firing and non-firing positions while the action of the firearm is out-of-battery.

FIG. 1D shows the example embodiment 100 discussed above with respect to FIG. 1C with the carrier assembly 130 returning longitudinally forward in the direction of the arrows and the engagement feature 132 of the carrier assembly 130 re-contacting the locking structure 120 as the action of the firearm continues to cycle after the firing of a cartridge.

FIG. 1E shows the example embodiment 100 discussed above with respect to FIG. 1D with the carrier assembly 130 having fully returned longitudinally forward in the direction of the arrows when the action of the firearm is in an in-battery position ready to fire a second cartridge. The engagement feature 132 of the carrier assembly 130 has pushed forward the upper portion of the locking structure 120, causing the locking structure 120 to rotate clockwise against whatever spring forces may be urging the locking structure in the counter-clockwise direction, and the firearm and its components are in the same positions and states as they were at the beginning of the process as shown and described with respect to FIG. 1A, namely with the trigger 110 automatically unlocked and free to move 114 as shown in FIG. 1B once the action of the firearm returns to in-battery position. This sequence can be repeated any number of times with any number of cartridges.

FIGS. 2A-2E illustrate a second example embodiment of a trigger-locking apparatus, system, and method 200 for semiautomatic firearms that have an action that cycles by loading, firing, and extracting cartridges when the firearm is repeatedly fired by movements of the trigger. System 200 may comprise a trigger 210, which may pivot about an axis 112 between firing and non-firing positions (indicated by arrow 114), or may alternatively move laterally or may be actuated in any other suitable manner (not shown).

The system 200 may comprise a structure 220 that when in an unlocked position shown in FIGS. 2A, 2B, 2E, allows movement 114 of the trigger 210 between non-firing and firing positions as shown in FIGS. 2A and 2B. Turning to FIG. 2A, shown is a second example embodiment 200 with a second example locking structure 220 that translates linearly in a forward direction (as indicated by the Forward arrow on the figures), to an unlocked position by a carrier assembly 130 that is also translated longitudinally forward when the action of the firearm is in an in-battery position ready to fire a cartridge (not shown). More specifically, in the example embodiment 200, an engagement feature 132 may be provided on or as part of carrier assembly 130 that when longitudinally translated forward and adjacent the structure 220, mechanically engages an upper portion 221 of the structure 220 and pushes the whole structure 220 to a forward position as shown in FIGS. 2A and 2B (for instance in a channel or other guiding structure, not shown), until the trigger 210 can rotate about its axis 112 sufficiently to fire a cartridge without the structure 220 interfering with the movement 114 of the trigger 210. This is the unlocked position.

US 10,254,067 B2

9

The carrier assembly **130** may comprise any suitable components and features as described herein with respect to the first embodiment **100**, and will suitably function to mechanically engage the locking structure **220** as described herein.

A spring or other biasing means (not shown) may be provided to urge the structure **220** in a rearward direction (as indicated by the Rearward arrow on the figures). For example and not by way of limitation, a helical compression spring may be provided pushing the structure **220** in the rearward direction, for example.

Once the trigger **210** is actuated by movement **114** between firing and non-firing positions and a cartridge is fired, the action of the firearm begins to cycle causing the carrier assembly **130** to move rearward as depicted in FIG. 2C. This moves the engagement feature **132** away from the locking structure **220**, allowing the spring or other urging means discussed above but not shown to cause the locking structure **220** to automatically translate linearly in the rearward direction, such that when the trigger **210** is moved **114** between firing and non-firing positions, for instance when it is released, a lower portion **222** of the locking structure **220** automatically engages an engagement feature **211** of the trigger **210** at a locking interface **224** and locks the trigger **210** in position as shown in FIGS. 2C and 2D, thereby restricting movement **114** of the trigger **210** between firing and non-firing positions while the action of the firearm is out-of-battery.

FIG. 2D shows the example embodiment **200** discussed above with respect to FIG. 2C with the carrier assembly **130** returning longitudinally forward in the direction of the arrows and the engagement feature **132** of the carrier assembly **130** re-contacting the locking structure **220** as the action of the firearm continues to cycle after the firing of a cartridge.

FIG. 2E shows the example embodiment **200** discussed above with respect to FIG. 2D with the carrier assembly **130** having fully returned longitudinally forward in the direction of the arrows when the action of the firearm is in an in-battery position ready to fire a second cartridge. The engagement feature **132** of the carrier assembly **130** has pushed forward the locking structure **220**, causing the locking structure **220** to move linearly forwards against whatever spring forces may be urging the locking structure **220** in the rearward direction, and the firearm and its components are in the same positions and states as they were at the beginning of the process as shown and described with respect to FIG. 2A, namely with the trigger **210** automatically unlocked and free to move **114** as shown in FIG. 2B once the action of the firearm returns to in-battery position. This sequence can be repeated any number of times with any number of cartridges.

FIGS. 3A, 3B, and 4 illustrate a third example embodiment **300** of a trigger-locking apparatus, system, and method for semiautomatic firearms that have an action that cycles by loading, firing, and extracting cartridges when the firearm is repeatedly fired by movements of the trigger **310**. This example embodiment **300** illustrates certain components of a trigger assembly that is capable of firing on both pull-and-release, and comprises a third example locking structure **320** that when in an unlocked position shown in FIGS. 3A, 3B, allows movement of the trigger **310** between non-firing and firing positions, and when in a locked position shown in FIG. 4, restricts movement of the trigger **310** between firing and non-firing positions. The third example embodiment **300** includes a hammer **340** that is releasably engaged by the trigger **310** and by a secondary disconnector member **350**.

10

FIGS. 3A and 3B show the third example embodiment **300** with the third example locking structure **320** rotated about an axis **322** to an unlocked position by a carrier assembly **330** that is translated longitudinally forward (as shown by the arrow labeled Forward in the figures) when the action of the firearm is in an in-battery position ready to fire a cartridge. More specifically, an engagement feature **332** on the carrier assembly **330** is in a forward position having pushed forward a top portion of the locking structure **320**, causing the locking structure **320** to rotate clockwise about its pivotal axis **322**. In this unlocked position, the third example locking structure **320** clears the trigger **310**, so that the trigger **310** may be actuated and rotated about its pivotal axis **112**. Also in this unlocked position, the third example locking structure **320** is not engaging the secondary disconnector member **350** and has allowed the secondary disconnector member **350** to move to an engagement position **354** where it can engage with a corresponding hook on the hammer **340** when the hammer **340** is rotated further counterclockwise (for instance as shown in FIG. 4).

FIG. 4 shows the third example embodiment **300** with the third example locking structure **320** rotated counterclockwise about its axis **322** to a locked position, as when the carrier assembly **330** of FIG. 3A (not shown in FIG. 4) is translated longitudinally rearward, for instance when the action of the firearm is being cycled during the firing of a cartridge. More specifically, in FIG. 4 an engagement feature **332** on the carrier assembly **330** would now be in a rearward position, like carrier assembly **130** in FIG. 1C, and would no longer be pushing forward on a top portion of the locking structure **320**, thereby allowing the locking structure **320** to automatically rotate counter-clockwise about its pivotal axis **322** (under the rotational force of an urging mechanism like a spring as discussed with regarding to embodiment **100**). In this locked position, the third example locking structure **320** forms a locking interface **324** with the trigger assembly **310**, so that the trigger **310** may not be actuated and rotated about its pivotal axis **112**, thereby locking the trigger **310** when the action of the firearm is out-of-battery. Also in this locked position, the third example locking structure **320** engages the secondary disconnector member **350** and pulls it rearward to a disengagement position **356** where it will not engage with the corresponding hook on the hammer **340**. This ensures that the secondary disconnector member **350**, also sometimes referred to as an anti-hammer-follow disconnect, does not engage out of sequence.

As the action of the firearm returns to battery and the carrier assembly **330** moves back to its forward position, the above embodiment **300** will return to the state shown in FIG. 3A, with the trigger **310** unlocked and the secondary disconnector **350** back in position **354** to engage the hammer **340**. This sequence can be repeated any number of times with any number of cartridges.

It is understood that the above-described embodiments are merely illustrative of the application. Other embodiments may be readily devised by those skilled in the art, which may embody one or more aspects or principles of the invention and fall within the scope of the claims. For example, it is contemplated that the present principles could be employed with many other locking mechanisms other than those disclosed as locking structures **120**, **220**, **320**, such as plunger designs, rotating cams, gears, or ratchets, or any other suitable structure that achieves the present purposes. Any suitable materials and manufacturing methods may be used as would be apparent to persons of skill in the art.

11

What is claimed is:

1. A trigger-locking apparatus for a semi-automatic firearm having a trigger and an action that cycles by a carrier assembly element translating longitudinally and the action loading, firing, and extracting cartridges when the firearm is repeatedly fired by movements of the trigger, the trigger-locking apparatus comprising:

a structure that when in a first position allows movement of the trigger between firing and non-firing positions, and when in a second position restricts movement of the trigger between firing and non-firing positions;

the trigger-locking apparatus configured so that, when it is installed in the semi-automatic firearm, the structure is configured to:

be held in the first position by contact with the carrier assembly element when the action of the firearm is in an in-battery position ready to fire a first cartridge;

be released from contact with the carrier assembly element and, only upon release of the trigger, move to the second position when the firearm is firing the first cartridge and the action is being cycled; then

be returned to the first position by contact with the carrier assembly element as the action of the firearm cycles back to the in-battery position ready to fire a second cartridge.

2. The trigger-locking apparatus of claim 1, wherein the trigger-locking apparatus is further configured so that, when it is installed in the semi-automatic firearm, the structure is configured to:

be released from contact with the carrier assembly element and, only upon release of the trigger, move to the second position when the firearm is firing the second cartridge and the action is being cycled; then

be returned to the first position by contact with the carrier assembly element as the action of the firearm cycles back to the in-battery position ready to fire a third cartridge.

3. The trigger-locking apparatus of claim 1, wherein the structure is biased toward the second position by a spring.

4. The trigger-locking apparatus of claim 1, wherein the structure is configured to move between the first and second positions by pivoting about an axis.

5. The trigger-locking apparatus of claim 1, wherein the structure is configured to move between the first and second positions by translating linearly.

6. The trigger-locking apparatus of claim 1, wherein the carrier assembly element comprises any of a carrier or a bolt that engages and moves the structure from the first position to the second position when the carrier assembly element translates longitudinally when the action is cycled.

7. The trigger-locking apparatus of claim 1, wherein the action of the semi automatic firearm carrier assembly element comprises a slide that is configured to translate longitudinally when the action is cycled, and the structure is configured to be moved from the first position to the second position by longitudinal movement of the slide.

8. The trigger-locking apparatus of claim 1, for a semi-automatic firearm having a hammer that is releasably engaged by the trigger and by a secondary disconnector member, wherein the structure is further configured to move the secondary disconnector member from a position where it can engage the trigger to a position where it cannot engage the trigger when the structure is moved from the first position to the second position.

9. The trigger-locking apparatus of claim 8, wherein the structure is further configured to allow the secondary disconnector member to move from a position where it cannot

12

engage the trigger to a position where it can engage the trigger when the structure is moved from the second position to the first position.

10. A semi-automatic firearm having a trigger, a trigger-locking apparatus, and an action that cycles by a carrier assembly element translating longitudinally and the action loading, firing, and extracting cartridges when the firearm is repeatedly fired by movements of the trigger, the trigger-locking apparatus comprising:

a structure that when in a first position allows movement of the trigger between firing and non-firing positions, and when in a second position restricts movement of the trigger between firing and non-firing positions;

the trigger-locking apparatus configured so that, when it is installed in the semi-automatic firearm, the structure is configured to:

be held in the first position by contact with the carrier assembly element when the action of the firearm is in an in-battery position ready to fire a first cartridge;

be released from contact with the carrier assembly element and, only upon release of the trigger, move to the second position when the firearm is firing the first cartridge and the action is being cycled; then

be returned to the first position by contact with the carrier assembly element as the action of the firearm cycles back to the in-battery position ready to fire a second cartridge.

11. The semi-automatic firearm of claim 10, wherein the structure is further configured to:

be released from contact with the carrier assembly element and, only upon release of the trigger, move to the second position when the firearm is firing the second cartridge and the action is being cycled; then

be returned to the first position by contact with the carrier assembly element as the action of the firearm cycles back to the in-battery position ready to fire a third cartridge.

12. The semi-automatic firearm of claim 10, wherein the structure is biased toward the second position by a spring.

13. The semi-automatic firearm of claim 10, wherein the structure is configured to move between the first and second positions by pivoting about an axis.

14. The semi-automatic firearm of claim 10, wherein the carrier assembly element comprises a slide that is configured to translate longitudinally when the action is cycled, and the structure is configured to be moved from the first position to the second position by longitudinal movement of the slide.

15. The semi-automatic firearm of claim 10, further comprising a hammer that is releasably engaged by the trigger and by a secondary disconnector member, wherein the structure is further configured to move the secondary disconnector member from a position where it can engage the trigger to a position where it cannot engage the trigger when the structure is moved from the first position to the second position.

16. The semi-automatic firearm of claim 15, wherein the structure is further configured to allow the secondary disconnector member to move from a position where it cannot engage the trigger to a position where it can engage the trigger when the structure is moved from the second position to the first position.

17. A method of operating a semi-automatic firearm, comprising the steps of:

providing the semi-automatic firearm of claim 10;

moving the trigger and firing the first cartridge and then releasing the trigger, thereby causing the action to cycle and the structure to move from the first position into the

US 10,254,067 B2

13

14

second position thereby causing the trigger-locking apparatus to lock the trigger, and as the action of the firearm cycles back to the in-battery position ready to fire the second cartridge, causing the structure to move from the second position back to the first position thereby causing the trigger-locking apparatus to unlock the trigger.

**18**. The method of claim **17**, wherein the semi-automatic firearm further comprises a hammer that is releasably engaged by the trigger and by a secondary disconnector member, and wherein the structure is further configured to release the secondary disconnector member from engagement with the trigger when the structure is moved from the first position to the second position, and to move the secondary disconnector member to an engagement position to engage with the trigger when the structure is moved from the second position to the first position, the method further comprising the steps of:

causing the structure to release the secondary disconnector member from engagement with the trigger by causing the structure to move from the first position to the second position; and

causing the structure to move the secondary disconnector member to an engagement position to engage with the trigger by causing the structure to move from the second position to the first position.

\* \* \* \* \*

(12) **United States Patent**
Rounds

(10) **Patent No.:** US 10,514,223 B1
(45) **Date of Patent:** Dec. 24, 2019

(54) **FIREARM TRIGGER MECHANISM**

(71) Applicant: ▮▮▮▮▮ Buda, TX (US)

(72) Inventor: **Jeffrey Cooper Rounds**, Buda, TX (US)

(73) Assignee: ▮▮▮▮▮ Buda, TX (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **16/143,624**

(22) Filed: **Sep. 27, 2018**

**Related U.S. Application Data**

(60) Provisional application No. 62/565,247, filed on Sep. 29, 2017.

(51) **Int. Cl.**
| | |
|---|---|
| *F41A 19/43* | (2006.01) |
| *F41A 19/14* | (2006.01) |
| *F41A 19/10* | (2006.01) |
| *F41A 19/12* | (2006.01) |
| *F41A 17/82* | (2006.01) |

(52) **U.S. Cl.**
CPC ............. *F41A 19/43* (2013.01); *F41A 19/10* (2013.01); *F41A 19/12* (2013.01); *F41A 19/14* (2013.01); *F41A 17/82* (2013.01)

(58) **Field of Classification Search**
CPC .......... F41A 19/10; F41A 19/12; F41A 19/14; F41A 19/43, F41A 17/82
USPC ............. 89/136, 139; 42/69.01, 69.02, 69.03
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

5,704,153 A * 1/1998 Kaminski ............ F41A 17/063
42/117

| | | |
|---|---|---|
| 6,101,918 A | 8/2000 | Akins |
| 6,722,072 B1 | 4/2004 | McCormick |
| 7,162,824 B1 | 1/2007 | McCormick |
| 7,213,359 B2 | 5/2007 | Beretta |
| 7,293,385 B2 | 11/2007 | McCormick |
| 7,398,723 B1 | 7/2008 | Blakley |

(Continued)

FOREIGN PATENT DOCUMENTS

TW    409847 U    10/2000

*Primary Examiner* — Bret Hayes
(74) *Attorney, Agent, or Firm* — Wood Herron & Evans LLP

(57) **ABSTRACT**

A trigger mechanism for use in a firearm having a receiver with a fire control mechanism pocket, transversely aligned pairs of hammer and trigger pin openings in the pocket, and a bolt carrier that reciprocates and pivotally displaces a hammer when cycled. The trigger mechanism includes a hammer, a trigger member, and a locking bar. The hammer has a sear notch and is mounted in the fire control mechanism pocket to pivot on a transverse hammer pin between set and released positions. The trigger member has a sear and is mounted in the fire control mechanism pocket to pivot on a transverse trigger pin between set and released positions. The trigger member has a surface positioned to be contacted by hammer when the hammer is displaced by cycling of the bolt carrier, the contact causing the trigger member to be forced to the set position. The locking bar is pivotally mounted in a frame and spring biased toward a first position in which it mechanically blocks the trigger member from moving to the release position, and is movable against the spring bias to a second position when contacted by the bolt carrier reaching a substantially in-battery position, allowing the trigger member to be moved by an external force to the released position.

**7 Claims, 4 Drawing Sheets**



# US 10,514,223 B1

Page 2

(56)        **References Cited**

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| 8,127,658 B1 | 3/2012 | Cottle |
| 8,820,211 B1 | 9/2014 | Hawbaker |
| 9,021,732 B2 | 5/2015 | Johnson |
| 9,513,076 B2* | 12/2016 | Kolev .................... F41A 3/12 |
| 9,568,264 B2 | 2/2017 | Graves |
| 9,816,772 B2 | 11/2017 | Graves |
| 9,939,221 B2 | 4/2018 | Graves |
| 2007/0199435 A1* | 8/2007 | Hochstrate ............ F41A 3/66 |
| | | 89/191.02 |
| 2016/0010933 A1 | 1/2016 | Bonner |
| 2016/0102933 A1 | 4/2016 | Graves |
| 2017/0219307 A1* | 8/2017 | Foster .................. F41A 19/06 |
| 2018/0066911 A1 | 3/2018 | Graves |
| 2018/0087860 A1* | 3/2018 | Sullivan ............... F41A 17/46 |

* cited by examiner



**FIG. 1**



**FIG. 2**



FIG. 3



**FIG. 4**



FIG. 5

FWD

US 10,514,223 B1

**1**

# FIREARM TRIGGER MECHANISM

## RELATED APPLICATIONS

This application claims priority to U.S. Provisional Patent Application No. 62/565,247 filed Sep. 29, 2017, and incorporates the same herein by reference.

## TECHNICAL FIELD

This invention relates to a firearm trigger mechanism. More particularly, it relates to a semiautomatic trigger that is mechanically reset by movement of the hammer when it is reset by the bolt carrier.

## BACKGROUND

In a standard semiautomatic firearm, actuation of the trigger releases a sear, allowing a hammer or striker to fire a chambered ammunition cartridge. Part of the ammunitions propellant force is used to cycle the action, extracting and ejecting a spent cartridge and replacing it with a loaded cartridge. The cycle includes longitudinal reciprocation of a bolt and/or carrier, which also resets the hammer or striker.

A standard semiautomatic trigger mechanism includes a disconnector, which holds the hammer or striker in a cocked position until the trigger member is reset to engage the sear. This allows the firearm to be fired only a single time when the trigger is pulled and held, because the user is not typically able to release the trigger rapidly enough so that the sear engages before the bolt or bolt carrier returns to its in-battery position. The disconnector prevents the firearm from either firing multiple rounds on a single pull of the trigger, or from allowing the hammer or striker to simply "follow" the bolt as it returns to battery without firing a second round, but leaving the hammer or striker uncocked.

For various reasons, shooters desire to increase the rate of semiautomatic fire. Sometimes this is simply for entertainment and the feeling of shooting a machine gun. In the past, users have been known to employ "bump firing" to achieve rapid semiautomatic fire. Bump firing uses the recoil of the semiautomatic firearm to fire shots in rapid succession. The process involves bracing the rifle with the non-trigger hand, loosening the grip of the trigger hand (but leaving the trigger finger in its normal position in front of the trigger), and pushing the rifle forward in order to apply pressure on the trigger from the finger while keeping the trigger finger stationary. When fired with the trigger finger held stationary, the firearm will recoil to the rear and allow the trigger to reset as it normally does. When the non-trigger hand pulls the firearm away from the body and back forward toward the original position, it causes the trigger to be pressed against the stationary finger again, firing another round as the trigger is pushed back.

Other devices have been offered that facilitate the bump fire process. One is shown in U.S. Pat. No. 6,101,918, issued Aug. 15, 2000, to William Akins for a Method and Apparatus for Accelerating the Cyclic Firing Rate of a Semiautomatic Firearm. This device, sold for some time as the Akins Accelerator™, allowed the receiver and action of the firearm to move longitudinally relative to the butt stock and used a spring to assist forward return movement. Other devices, such as that shown in U.S. Pat. No. 8,127,658, issued Mar. 6, 2012, and other patents owned by Slide Fire Solutions provide a replacement stock and handgrip assembly that facilitates bump firing, but without spring assistance.

**2**

Other solutions to increase the rate of semiautomatic fire include pull/release trigger mechanisms. These devices cause one round to be fired when the trigger is pulled and a second round to be fired when the trigger is released. Such a device is shown in U.S. Pat. No. 8,820,211, issued Sep. 2, 2014, entitled Selectable Dual Mode Trigger for Semiautomatic Firearms. A device like this is offered by FosTecH Outdoors, LLC as the ECHO TRIGGER™. Another device, offered by Digital Trigger Technologies, LLC under the name DigiTrigger™, provides a dual mode trigger in which the pull/release operating function is achieved electronically.

The above-described devices either require practice to use reliably, are complex, and/or are expensive to manufacture and install.

Another device for increasing the rate of semiautomatic fire is shown in U.S. Pat. Nos. 9,568,264; 9,816,772; and U.S. Pat. No. 9,939,221, issued to Thomas Allen Graves. The devices shown in these patents forcefully reset the trigger with rigid mechanical contact between the trigger member and the bolt as the action cycles. This invention, however, does not provide a "drop-in" solution for existing popular firearm platforms, like the AR15, AK47 variants, or the Ruger 10/22™. To adapt this invention to an AR-pattern firearm, for example, would require not only a modified fire control mechanism, but also a modified bolt carrier.

## SUMMARY OF INVENTION

The present invention provides a semiautomatic trigger mechanism for increasing rate of fire that can be retrofitted into popular existing firearm platforms. In particular, this invention provides a trigger mechanism that can be used in AR-pattern firearms with an otherwise standard M16-pattern bolt carrier assembly. The present invention is particularly adaptable for construction as a "drop-in" replacement trigger module that only requires insertion of two assembly pins and the safety selector. In the disclosed embodiments, the normal resetting of the hammer, as the bolt or bolt carrier is cycled, causes the trigger to be forcibly reset by contact between the hammer and a surface of the trigger member. Once reset, movement of the trigger is blocked by a locking bar and cannot be pulled until the bolt has returned to battery, thus preventing "hammer follow" behind the bolt or bolt carrier.

Other aspects, features, benefits, and advantages of the present invention will become apparent to a person of skill in the art from the detailed description of various embodiments with reference to the accompanying drawing figures, all of which comprise part of the disclosure.

## BRIEF DESCRIPTION OF THE DRAWINGS

Like reference numerals are used to indicate like parts throughout the various drawing figures; wherein:

FIG. 1 is an isometric view of a drop-in trigger module for an AR-pattern firearm according to one embodiment of the invention;

FIG. 2 is a partially cut-away view thereof;

FIG. 3 is a longitudinal section view showing the module of the embodiment installed in a typical AR15-pattern lower receiver in a cocked and ready to fire status with the bolt and bolt carrier in an in-battery position;

FIG. 4 is a similar view in which the trigger has been pulled and the hammer has fallen against a firing pin; and

FIG. 5 is a similar view showing the bolt carrier in a retracted position, forcing the hammer and trigger into a reset status.

US 10,514,223 B1

3

## DETAILED DESCRIPTION

With reference to the drawing figures, this section describes particular embodiments and their detailed construction and operation. Throughout the specification, reference to "one embodiment," "an embodiment," or "some embodiments" means that a particular described feature, structure, or characteristic may be included in at least one embodiment. Thus, appearances of the phrases "in one embodiment," "in an embodiment," or "in some embodiments" in various places throughout this specification are not necessarily all referring to the same embodiment. Furthermore, the described features, structures, and characteristics may be combined in any suitable manner in one or more embodiments. In view of the disclosure herein, those skilled in the art will recognize that the various embodiments can be practiced without one or more of the specific details or with other methods, components, materials, or the like. In some instances, well-known structures, materials, or operations are not shown or not described in detail to avoid obscuring aspects of the embodiments.

Referring first to FIGS. 1 and 2, therein is shown at 10 a "drop-in" trigger module adapted for use in an AR-pattern firearm according to a first embodiment of the present invention. As used herein, "AR-pattern" firearm includes the semiautomatic versions of the AR10 and AR15 firearms and variants thereof of any caliber, including pistol caliber carbines or pistols using a blow-back bolt. While select fire (fully automatic capable) versions of this platform, such as the M16 and M4, are also AR-pattern firearms, this invention only relates to semiautomatic firearm actions. The concepts of this invention may be adaptable to other popular semiautomatics firearm platforms, such as the Ruger 10/22™ or AK-pattern variants.

The module 10 includes a frame or housing 12 that may be sized and shaped to fit within the internal fire control mechanism pocket of an AR-pattern lower receiver. It includes first and second pairs of aligned openings 14, 16 that are located to receive transverse pins (40, 36, respectively, shown in FIGS. 3-5) used in a standard AR-pattern trigger mechanism as pivot axes for the hammer and trigger member, respectively. The housing 12 includes left and right sidewalls 20, 22, which extend substantially vertically and parallel to one another in a laterally spaced-apart relationship. The sidewalls 20, 22 may be interconnected at the bottom of the housing 12 at the front by a crossmember 24.

A hammer 18 of ordinary (MIL-SPEC) AR-pattern shape and construction may be used. The illustrated hammer 18 may be standard in all respects and biased by a typical AR-pattern hammer spring (not shown).

A modified trigger member 26 may be sized to fit between the sidewalls 20, 22 of the housing 12 and may include a trigger blade portion 28 that extends downwardly. The trigger blade portion 28 is the part of the trigger member 26 contacted by a user's finger to actuate the trigger mechanism. The trigger blade portion 28 may be curved (shown) or straight, as desired. The trigger member 26 may pivot on a transverse pin 36 (not shown in FIGS. 1 and 2) that extends through aligned openings 16 in the sidewalls 20, 22 of the housing 12. The same pin 36 is aligned and positioned within aligned openings 47 of a lower receiver 50 to assemble the module 10 into a fire control mechanism pocket 49 of the lower receiver 50, as shown in FIGS. 3-5, for example. The modified trigger member 26 may have integral first and second contact surfaces 30, 32. Some part 65 of the trigger member 26 includes contact surfaces for interaction with the hammer 18 and locking bar 62. For

4

example, the trigger member 26 can include first and second upwardly extended rear contact surfaces 30, 32. The first contact surface 30 is positioned to interact, for example, with a tail portion 44 of the hammer 18 that extends rearwardly from a head part 42 of the hammer 18. The second contact surface 32 is positioned to interact with a locking bar 62. The contact surfaces may be integral to a specially formed trigger body or may be a separate insert (shown) that is made to closely fit and mate with a standard AR-pattern trigger member, held in place by the trigger pin 36, with no lost motion between the parts.

The hammer 18 may include bosses 34 coaxial with a transverse pivot pin opening 38 that receives an assembly/pivot pin 40 (not shown in FIGS. 1 and 2) through the first set of aligned openings 14 in the housing 12 (and through openings 51 in the firearm receiver, to position the trigger module 10 within the fire control mechanism pocket 49 of the lower receiver 50, as shown in FIGS. 3-5). The bosses 34 may fit between the sidewalls 20, 22 of the housing 12 to laterally position the hammer 18, or can be received in the openings 14 (if enlarged) so that the hammer 18 stays assembled with the module 10 when the hammer's pivot pin is removed and/or when the module 10 is not installed in a firearm receiver. The hammer 18 includes a head portion 42 and a tail portion 44. The hammer 18 also includes a sear catch 46 that engages the sear 48 on the trigger member 26, when cocked. The trigger and hammer pins 36, 40 provide pivot axes at locations (openings 47, 51, shown in FIGS. 3-5, for example) standard for an AR-pattern fire control mechanism. Although FIGS. 3-5 are a longitudinal section view and only show one of the aligned openings 47, 51, it is understood that a typical AR15-pattern lower receiver 50 includes second, corresponding and aligned openings 47, 51 in the half of the receiver 50 not shown).

Referring now also to FIG. 3, the trigger module 10 is shown installed in the fire control mechanism pocket 49 of an AR-pattern lower receiver 50. Other lower receiver parts not important to the present invention are well-known in the art and are omitted from all figures for clarity. As is well-known in the art, the bolt carrier assembly 52 (or blow-back bolt) would be carried by an upper receiver (not shown) and engage the breach of a barrel or barrel extension. As used herein, "bolt carrier" and "bolt carrier assembly" may be used interchangeably and include a blow-back type bolt used in pistol caliber carbine configurations of the AR-platform. The hammer 18 is shown in a cocked position and a bolt carrier assembly 52 is shown in an in-battery position. The sear 48 engages the sear catch 46 of the hammer 18.

The bolt carrier assembly 52 used with the embodiments of this invention can be an ordinary (mil-spec) M16-pattern bolt carrier assembly, whether operated by direct impingement or a gas piston system, that has a bottom cut position to engage an auto sear in a fully automatic configuration. The bottom cut creates an engagement surface 54 in a tail portion 56 of the bolt carrier body 58. This is distinct from a modified AR15 bolt carrier that is further cut-away so that engagement with an auto sear is impossible. The semiautomatic AR-pattern safety selector switch 60 may also be standard (MIL-SPEC) in all respects.

The trigger module of the present invention includes a trigger locking bar 62 carried on a frame 66 for pivotal movement on a transverse pivot pin 68. The frame 66 may be part of the module housing 12, if configured as a "drop-in" unit. An upper end of the locking bar 62 extends above the upper edge of the housing 12 and lower receiver 50 to be engaged by the engagement surface 54 of the bolt

5

carrier body **58** when the bolt carrier assembly **52** is at or near its in-battery position (as shown in FIG. 3). Contact between the engagement surface **54** and upper end of the locking bar **62** causes the locking bar **62** to pivot into a first position (FIG. 3) against a biasing spring **70** and allows pivotal movement of the trigger member **26**. If desired, the locking bar **62** may include a rearward extension **64** that serves as a means to limit the extent to which it can pivot toward the blocking position.

Referring now also to FIG. 4, when the safety selector **60** is in the "fire" position (as shown in all figures), finger pressure pulling rearward against the trigger blade portion **28** causes the trigger member **26** to rotate on the pivot pin **36**, as indicated by arrows. This rotation causes the sear **48** to disengage from the sear catch **46** of the hammer **18**. This release allows the hammer **18** to rotate by spring force (hammer spring omitted for clarity) into contact with the firing pin **72**. Any contact between the rear portion of the trigger member **26** and front surface of the locking bar **62** will simply cause the locking bar **62** to rotate out of the way, as illustrated in FIG. 4.

Referring now to FIG. 5, discharging an ammunition cartridge (not shown) causes the action to cycle by moving the bolt carrier assembly **52** rearwardly, as illustrated. The same effect occurs when the action is cycled manually. As in an ordinary AR15-pattern configuration, a lower surface **76** of the bolt carrier body **58** pushes rearwardly against the head portion **42** of the hammer **18**, forcing it to pivot on the hammer pivot/assembly pin **40** against its spring (not shown) toward a reset position. As the rearward movement of the bolt carrier body **58** and pivotal movement of the hammer **18** continues, mechanical interference or contact between a rear surface **74** of the hammer **18** (such as on the tail portion **44**) and a contact surface **30** of the trigger member **26** forces the trigger to pivot (arrows in FIG. 5) toward and to its reset position. At the same time, as the trigger member **26** is reset, the biasing spring **70** moves the lower end of the locking bar **62** into a second position (FIG. 5) in which it blocks pivotal movement of the trigger **26**, including by finger pressure applied (or reapplied) to the trigger blade **28**. Thus, as the bolt carrier assembly **52** returns forward, the trigger member **26** is held in its reset position by the locking bar **62** where the hammer sear catch **46** will engage with the sear **48** carried on the trigger member **26** to reset the fire control mechanism. The trigger member **26** cannot be pulled to release the sear/hammer engagement, thus precluding early hammer release or "hammer follow" against the bolt carrier assembly **52** and firing pin **72** as the bolt carrier assembly **52** is returning to battery. A trigger return spring (not shown) of the type used in a standard AR-pattern trigger mechanism may be unnecessary in this case, because the trigger member **26** is forced to return by the hammer **18**, but may be used, if desired.

When the bolt carrier assembly **52** has reached (or nearly reached) its closed, in-battery position (shown in FIG. 3), the engagement surface **54** of the bolt carrier tail portion **56** contacts and forwardly displaces the upper end of the locking bar **62**, disengaging the second contact surface **32** of the trigger member **26**, allowing the trigger **26** to be pulled a second time. The distance of travel during which there is no interference between the locking bar **62** and second contact surface **32** of the trigger member **26**, allowing the trigger member **26** to be manually displaced, may be about from about 0.10 to 0.31 inch. This prevents early release of the hammer **18** and contact of the hammer against the firing pin **72** before the bolt is completely locked and in-battery.

6

Force applied by the user's trigger finger against the trigger blade portion **28** is incapable of overcoming the mechanical interference and force of the hammer **18** against the contact surface **30** of the trigger member **26**. However, the trigger can immediately be pulled again — only by application of an external force — as soon as the locking bar **62** has been rotated against the spring **70** and out of blocking engagement with the trigger member **26**, as the bolt carrier assembly **52** approaches or reaches its in-battery position. This allows the highest possible standard rate of fire, without risk of hammer-follow, for the semiautomatic action of the firearm.

While various embodiments of the present invention have been described in detail, it should be apparent that modifications and variations thereto are possible, all of which fall within the true spirit and scope of the invention. Therefore, the foregoing is intended only to be illustrative of the principles of the invention. Further, since numerous modifications and changes will readily occur to those skilled in the art, it is not intended to limit the invention to the exact construction and operation shown and described. Accordingly, all suitable modifications and equivalents may be included and considered to fall within the scope of the invention, defined by the following claim or claims.

What is claimed is:

1. For a firearm having a receiver with a fire control mechanism pocket, transversely aligned pairs of hammer and trigger pin openings in side walls of the pocket, and a bolt carrier that reciprocates and pivotally displaces a hammer when cycled, a trigger mechanism, comprising:

　　a hammer having a sear notch and mounted in the fire control mechanism pocket to pivot on a transverse hammer pin between set and released positions;

　　a trigger member having a sear and mounted in the fire control mechanism pocket to pivot on a transverse trigger pin between set and released positions, the trigger member having a surface positioned to be contacted by the hammer when the hammer is displaced by cycling of the bolt carrier, the contact causing the trigger member to be forced to the set position;

　　a locking bar pivotally mounted in a frame and spring biased toward a first position in which the locking bar mechanically blocks the trigger member from moving to the released position, and movable against the spring bias to a second position when contacted by the bolt carrier reaching a substantially in-battery position, allowing the trigger member to be moved by an external force to the released position.

2. The trigger mechanism of claim **1**, wherein the trigger member has a second surface positioned to be contacted by the locking bar when the locking bar is in the first position.

3. The trigger mechanism of claim **1**, wherein the locking bar includes means for limiting the extent to which the locking bar can pivot by the spring bias toward the first position.

4. For a firearm having a receiver with a fire control mechanism pocket, assembly pin openings in side walls of the pocket, and a bolt carrier that reciprocates and pivotally displaces a hammer when cycled, a trigger mechanism, comprising:

　　a housing having transversely aligned pairs of openings for receiving hammer and trigger assembly pins;

　　a hammer having a sear notch and mounted in the housing to pivot on a transverse axis between set and released positions;

　　a trigger member having a sear and mounted in the housing to pivot on a transverse axis between set and

US 10,514,223 B1

7

released positions, the trigger member having a surface positioned to be contacted by the hammer when the hammer is displaced by the bolt carrier when cycled, the contact causing the trigger member to be forced to the set position;

a locking bar pivotally mounted in the housing and spring biased toward a first position in which the locking bar mechanically blocks the trigger member from moving to the released position, and movable against the spring bias to a second position when contacted by the bolt carrier reaching a substantially in-battery position in which the trigger member can be moved by an external force to the released position.

5. The trigger mechanism of claim 4, wherein the trigger member has a second surface positioned to be contacted by the locking bar when the locking bar is in the first position.

6. The trigger mechanism of claim 4, wherein the housing's transversely aligned pairs of openings for receiving hammer and trigger assembly pins are aligned with the assembly pin openings in the fire control mechanism pocket of the receiver.

7. The trigger mechanism of claim 4, wherein the locking bar includes means for limiting the extent to which the locking bar can pivot by the spring bias toward the first position.

\* \* \* \* \*

8

**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

Martinsburg, WV 25405

www.atf.gov

AUG 2 8 2018

907010: RKD
3311/307385



Buda, Texas 78610

Dear Sir,

This is in reference to your submission and accompanying correspondence to, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Firearms Technology Industry Services Branch (FTISB), accompanied by an AR-15 type rifle equipped with what is described as the ▆▆▆▆▆▆ AR1 trigger system (see enclosed photos). Specifically, you requested an examination and classification of this sample with regard to the amended Gun Control Act of 1968 (GCA) and the National Firearms Act (NFA).

As you know, the National Firearms Act (NFA), 26 U.S.C. § 5845(b), defines the term **"machinegun"** as—

*...any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.*

As specified in the GCA, 18 U.S.C. § 921(a)(23), the term "machinegun" has "*the meaning given such term in section 5845(b) of the National Firearms Act (26 U.S.C. 5845(b)).*

The submitted ▆▆▆▆▆▆ AR1, is described as a "*trigger-finger reset device*". You further describe the design and function of the device by explaining that *"**this trigger system works by mechanically pushing the trigger rapidly forward, resetting the finger and trigger to the forward**"*

152

_positon. This allows the user to make a decision in which they leave rearward pressure off the trigger to stop the firing sequence, or re-engage rearward pressure on the trigger to continue the firing sequence._ " As a part of this description, you note that all of the components of the ▮▮▮
▮▮▮▮ AR1 trigger are newly designed and include a bolt, housing, trigger, hammer, sear, springs and pins. FTISB notes that US Patent 9568264 (Flex-fire technology) covers the device, which is described as a technology to provide the potential of increasing both the rate of fire and the precision of fire at higher rates beyond the fundamental design capabilities of pre-existing semi-automatic arms.

Also, your correspondence notes that ATF has previously interpreted the phrase "single function of the trigger" to mean a single movement of the trigger, whether that movement is the pull of the trigger or the release of the trigger and it is your opinion that this device submitted is only a trigger reset device and not a "machinegun" as defined.

The sample examined by FTISB personnel consists of a Colt Competition .223/5.56 caliber AR-15 pattern rifle, serial number CCR012176, which is equipped with the following items:

- Modified bolt carrier.
- Newly constructed hammer assembly.
- Newly constructed fire control housing.
- Newly constructed trigger assembly having steel block mounted on rear of assembly.
- Newly constructed spring loaded sear assembly.
- Miscellaneous retaining axles/screws, plungers/springs.



Modified Bolt Carrier

Spring Loaded Sear

Trigger Assembly

Hammer Assembly

Fire Control Housing

Provided illustration of ████████ AR1 Trigger Device.



This illustration depicts how the parts interact

No 66 is the extension of the trigger that rests in the bolt cam

No 28 is the portion of the trigger that interacts with the user's finger

No 38 is the spring loaded sear

No 18 is the hammer

The written correspondence received from ████████ with the sample, provided the following statements and pictures offering a description of how the device differed in function from that of a standard unmodified AR-15 pattern rifle [Note: FTISB updated the pictures relevant to FTISB's analysis of the ████████ AR1]:

*"We start with the trigger in the forward position and the hammer in the cocked position, with the bolt in battery."*



*"When the trigger is pulled rearward it also pivots upward into an open space in the bolt.*



*"As the trigger pivots back and up into the open space in the bolt, the sliding sear surface in the trigger separates from the tail of the hammer and the hammer releases and fires a round."*



*"The explosion of the bullet causes the bolt to move in a rearward direction. As the bolt moves rearward it contacts the top of the trigger and forces the tip of the trigger down, pivoting the blade of the trigger to the forward (reset) position."*



*"At this point the trigger is in the forward (un-pulled) position. The bolt continues rearward cocking the hammer, which moves the integrated trigger sear rearward"*. [We note that the shooter maintains a constant rearward pull on the trigger and the internal mechanism automatically forces the individual's finger/trigger forward instead of requiring that the shooter release the trigger.]

156



*"At the rear of the bolt's stroke the hammer is cocked and the trigger sear is forced forward into a reset position (by spring pressure), locking the hammer in the cocked position."*



*"The bolt returns to battery and the hammer is now cocked against the trigger ready to fire the next round".*

As explained below, a single constant rearward pull will cause the firearm to fire until the trigger is released, the firearm malfunctions, or the firearm exhausts its ammunition supply.

157



**Submitted Sample Rifle**



**Sample modified bolt carrier showing added contact surface that interfaces with trigger.**



FTCB exemplar standard bolt carrier.



Internal View - Sample fire control mechanism (installed).



Sample fire control mechanism with the bolt carrier removed from firearm.



Overhead view of fire control mechanism



Sample housing with trigger assembly removed.



Sample ████████ AR1 fire control mechanism installed in AR-15 type firearm.



As a part of this examination, FTISB conducted initial manual field-testing of the sample. The field test revealed that when the trigger was pulled with sufficient force to release the hammer, and the shooter maintains constant pressure on the trigger, the firearm expelled a projectile, extracted and ejected the casing, loaded another round, and fired. This continued until the trigger was released. A test fire with live ammunition resulted in the firearm shooting automatically more than one shot, without manual reloading, by a single function of the trigger.

Additionally, during the finger activated firing sequences (with the trigger finger retained in a constant position), after firing several cartridges the sear failed to retain the hammer, which simply followed the bolt forward leaving a substantial firing pin mark on the primer of the chambered cartridge without firing the cartridge.

Photo of FTISB test cartridge removed from sample after hammer follow incident.



161

In order to demonstrate the sample fired more than one shot, without manual reloading, with a single function of the trigger, rather than firing a single shot with each function of the trigger, the following procedure was followed.

- A common 8-inch zip-tie was installed around the rear of the grip and the front of the sample's trigger.

- The zip-tie was gradually tightened until the trigger was retracted just enough to release the hammer.

- With the trigger retained in this position, the bolt assembly was retracted and retained in an open position, with the aid of the bolt catch.

- A ten-round ammunition load was placed into the sample's magazine, and the magazine was inserted into the firearm.

- Without touching the trigger (which was being retained in a fixed position by the plastic zip-tie), the bolt catch was depressed allowing the firearms bolt to travel forward and chamber a cartridge. Upon chambering and firing the first cartridge, the weapon cycled and fired five cartridges automatically <u>without the trigger being released.</u> The sear also failed to retain the hammer on the 6th cartridge, but did not strike the primer with sufficient force to fire that cartridge, thereby stopping the firing sequence.

- This same test was repeated several times with the sample firing from three to ten cartridges with a single function of the trigger before a malfunction was encountered or the ammunition load expended.



The previous still image extracted from a video of the FTISB test fire shows cartridge chambering in the yellow box and one of the ejected cartridges in the red box. Note that additional ejected cartridge cases are out of frame and trigger is retained with zip-tie and not in contact with finger.

Federal law defines "machinegun," in relevant part, as "any weapon which shoots, is designed to 1shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger" as well as a "combination of parts designed and intended, for use in converting a weapon into a machinegun." Legislative history for the NFA indicates that the drafters equated a "single function of the trigger" with "single pull of the trigger." National Firearms Act: Hearings Before the Comm. on Ways and Means, House of Representatives, Second Session on H.R. 9066, 73rd Cong., at 40 (1934). Therefore, as you note, ATF has long held that a single function of the trigger is a "single pull" or alternatively, a single release of a trigger. Therefore, a firearm is not a machinegun if a projectile is expelled when the trigger is pulled and a second projectile is expelled when the trigger is released.

As stated above, your own description of the ▇▇▇▇▇▇ AR1 trigger system includes the following statements, "*this trigger system works by mechanically pushing the trigger rapidly forward, resetting the finger and trigger to the forward positon. <u>This allows the user to make a decision in which they leave rearward pressure off the trigger to stop the firing sequence,</u> or re-engage rearward pressure on the trigger to continue the firing sequence.*"

Federal courts have noted that automatically means that the weapon "fires repeatedly with a single pull of the trigger." *Staples v. United States*, 511 U.S. 600, 602 n. 1 (1994). "That is, once its trigger is depressed, the weapon will automatically continue to fire until its trigger is released or the ammunition is exhausted." *Id.* Courts have specifically affirmed ATF's interpretation that a single act of the shooter to initiate the firing sequent is a single function of the trigger. *Akins v. United States*, 312 F. App'x 197, 200 (11th Cir. 2009); *Freedom Ordnance Mfg., Inc. v. Brandon*, No. 3:16-cv-00243-RLY-MPB (S.D. Ind. Mar. 27, 2018). *United States v. Fleischli*, 305 F.3d 643, 655 (7th Cir. 2002)(in which electronic switch was the trigger when it served to initiate the firing sequence and the minigun continued to fire until the switch was turned off or the ammunition was exhausted). In the *Freedom Ordnance* case, the United States District Court of Indiana confirmed that ATF was not arbitrary and capricious in the classification of an "electronic reset assist device" as a machinegun even though the firearm's trigger reset before each shot by pushing the shooter's finger forward. *Freedom Ordnance Mfg., Inc*, No. 3:16-cv-00243-RLY-MPB. In these cases, a firearm is a machinegun when an internal mechanism or operation automatically forces the individual's finger forward instead of requiring that the shooter release the trigger.

FTISB testing indicated that continuous rearward pressure after the initial pull of the trigger initiates a "firing sequence" which discharges multiple rounds with a single function of the trigger. A device with a trigger that is mechanically forced forward during a cycle of operation or firing sequence, which results in more than one round being fired with a "single function of a trigger," is a machinegun. This type of operation is distinguishable from firearms that have not been classified as machineguns, including those that fire one round when the trigger is <u>manually</u> pulled and one round when the trigger is <u>manually</u> released.

The ███████ AR1 is a device which is designed to assist in preventing the hammer from positively resetting (requiring that the shooter release the trigger in order to fire the next round) and causes a firearm to shoot automatically more than one shot, without manual reloading, by a single function of the trigger. This device is a, combination of parts designed and intended, solely and exclusively, for use in converting a weapon into a machinegun; thus a "machinegun" as defined in 26 U.S.C. § 5845(b).

Additionally, note that on several occasions during the testing of this device, the hammer was found to have followed the bolt into battery as it chambered a cartridge. FTISB has also evaluated similar devices, which have prevented the trigger from positively resetting and resulted in such a "hammer-follow" scenario. A device designed to prevent the hammer from positively resetting could cause a firearm to shoot automatically more than one shot, without manual reloading, by a single function of the trigger, and would also be classified as a combination of parts designed and intended, solely and exclusively, for use in converting a weapon into a machinegun; thus a "**machinegun**" as defined in 26 U.S.C. 5845(b).

Consequently, the submitted sample ███████ AR1 trigger assembly equipped firearm is a "machinegun" as defined in the NFA, and is subject to all NFA provisions. In addition, the sample ███████ AR1 trigger assembly parts are a combination of parts designed and intended, for use in converting a weapon into a machinegun, and as such, in and of themselves, would be defined as a "machinegun" and subject to all NFA provisions.

The GCA prohibits the possession or transfer of any machinegun manufactured after May 19, 1986 with the limited exceptions of transfers to or by the government, and possession under the authority of the government. *See* 18 U.S.C. § 922(o). Based on these exceptions, Type 07 (manufacturer) and Type 08 (importer) Federal firearms licensees to manufacture or import firearms after May 19, 1986 for sale or distribution to the government. Because you are a 07/02 FFL/SOT, ATF will return the ███████ AR1 trigger device equipped firearm upon receipt of a prepaid common carrier shipping label or FedEx shipping account billing number. Please be advised that the firearm/device will need to be properly marked, and an ATF Form 2 submitted by the close of the following business day that you receive the sample.

We thank you for your inquiry and trust that the foregoing has been responsive.

Sincerely yours,

Michael R. Curtis
Chief, Firearms Technology Industry Services Branch


cc: Rick Vasquez Firearms LLC

Rick Vasquez Firearms LLC
235 Deer Creek Road
Winchester VA 22602

RECEIVED
AUG 0 9 2017
BY. FATD

Buda, TX 78610
07/02 FFL/SOT

EVAL.
307 - 385

The ▓▓▓▓▓▓ AR1 trigger system is being submitted for evaluation as a trigger-finger reset device. This trigger system works by mechanically pushing the trigger rapidly forward, resetting the finger and trigger to the forward position. This allows the user to make a decision in which they leave rearward pressure off the trigger to stop the firing sequence, or re-engage rearward pressure on the trigger to continue the firing sequence. It is our opinion that this device submitted is only a trigger reset device, nevertheless it has been submitted for your classification.

**Definitions:**           COLT COMPETITION       SN: CCR 01276
                   AR-15

A firearm: 18 U.S.C. § 921(a)(3), the Gun Control Act of 1968 ("GCA") defines the term "firearm" to include "any weapon (including a starter gun) which will or is designed to or may be readily converted to expel a projectile by the action of an explosive, the frame or receiver of any such weapon..."

A machinegun: 26 U.S.C. § 5845(b), the National Firearms Act, Title II of the GCA ("NFA"), defines "machinegun" to include "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. This term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person." (The mechanical function of the ▓▓▓▓▓ AR1 trigger does not fall within the definition of "machinegun" under the NFA.)

ATF has previously interpreted the phrase "single function of the trigger" to mean a single movement of the trigger, whether that movement is the *pull* of the trigger or the *release* of the trigger. A trigger "functions" by causing the firing sequence to begin. This could be described as the release of a hammer or a striker.

Consequently, if the firearm or device will allow more than one shot to fire when the trigger is pulled or when the trigger is released, then the firearm would have the capability to fire more than one shot by the single function of the trigger. This would make the firearm a machinegun as defined.

The ▓▓▓▓▓ AR1 trigger is specifically designed to only fire a single round on each rearward movement of the trigger. All of the components of the ▓▓▓▓▓ AR1 trigger are newly designed and include a bolt, housing, trigger, hammer, sear, springs and pins. These components interact in a manner which, upon pulling the trigger, the hammer is released from the sear firing a single round. In layman's terms, following is the firing sequence:

 AR1 Trigger:

2

We start with the trigger in the forward position and the hammer in the cocked position, with the bolt in battery



(In the rest of the images, not all parts are shown in all images and some are shown as transparent to clarify the interactions)



 AR1 Trigger:

3

When the trigger is pulled rearward it also pivots upward into an open space in the bolt



As the trigger pivots back and up into the open space in the bolt, the sliding sear surface in the trigger separates from the tail of the hammer and the hammer releases and fires a round



 AR1 Trigger:

4

The explosion of the bullet causes the bolt to move in a rearward direction. As the bolt moves rearward it contacts the top of the trigger and forces the top of the trigger down, pivoting the blade of the trigger to the forward (reset) position



At this point the trigger is in the forward (unpulled) position. The bolt continues rearward cocking the hammer, which moves the integrated trigger sear rearward



 AR1 Trigger:

5

At the rear of the bolt's stroke the hammer is cocked and the trigger sear is forced forward into a reset position (by spring pressure), locking the hammer in the cocked position



The bolt returns forward to battery and the hammer is now cocked against the trigger ready to fire the next round



169

 AR1 Trigger:

6

This is not an automatic sear, nor a conversion device. An automatic sear or a conversion device depends on a captured hammer that is tripped in some manner. This allows repetitive firing once the trigger is pulled rearward and the trigger remains in the pulled rearward position. The ████ AR1 trigger is a trigger finger reset device. The sequence of operation is designed so that when a shooter pulls the trigger and the weapon is fired, the trigger mechanically resets the user's trigger finger back to the original firing position. After the round has been fired, the trigger cannot be pulled during any part of the duration of the stroke of the bolt until the bolt has returned to battery. This ends the firing sequence or allows the user to mentally exert additional rearward pressure on the trigger to restart the firing sequence by pulling the trigger again. The design of the trigger mechanism is such that if the user maintains excessive rearward finger pressure on the trigger, the bolt's ability to return to battery will be impeded. The purpose and design of this device is to aid the user to fire a consecutive shot.

### Conclusion:

It is our opinion that this is not a device designed or intended to create automatic fire. If you have any questions or need additional information I have authorized Rick Vasquez of Rick Vasquez Firearms LLC to act on my behalf. Rick Vasquez can be reached at (540) 535-6633. Thank you in advance for your efforts and we look forward to hearing your opinion.

**AR1 Trigger:**

7



This illustration depicts how the parts interact.

No.66 is the extension of the trigger that rests in the bolt cam.

No. 28 is the portion of the trigger that interacts with the user's finger.

No. 38 is the spring loaded sear.

No. 18 is the hammer.

| | |
|---|---|
| **From:** | Richard Vasquez |
| **To:** | Fire Tech |
| **Subject:** | Re: US Patent Information Evaluation 307385 |
| **Date:** | Monday, November 27, 2017 3:52:40 PM |

The patent for the general mechanism is:
Flex-Fire technology
US 9568264

This patent was published (approved) Feb 14, 2017.

Sincerely,

Richard Vasquez
Rick Vasquez Firearms, LLC
235 Deer Creek Road
Winchester, VA
Phone: ███████████████
Email: ███████████████

On Mon, Nov 27, 2017 at 2:38 PM, <███████████████ > wrote:

Our office is currently reviewing a submission from ███████████████ (AR1 trigger) which appears to include a patent drawing. Has a patent been applied for on this device and if so, what would be the Name and patent number?

Thank you, FTISB

Case 4:23-cv-00880-O Document 62-1-6 Filed 11/03/23 Page 73 of 541 PageID 2797

790894154587

R7N

Delivered       307 — 385

Thursday 11/08/2018 at 12:36 pm

DELIVERED

Signed for by

**GET STATUS UPDATES**
**OBTAIN PROOF OF DELIVERY**

FROM
MARTINSBURG, WV US

TO
Buda, TX US

## Travel History

Local Scan Time

Thursday, 11/08/2018

| 12:36 pm | Buda, TX | Delivered |
| 4:26 am | AUSTIN, TX | On FedEx vehicle for delivery |
| 4:14 am | AUSTIN, TX | At local FedEx facility |

Wednesday, 11/07/2018

| 10:28 pm | HUTCHINS, TX | Departed FedEx location |
| 12:16 pm | HUTCHINS, TX | Arrived at FedEx location |
| 6:49 am | HUTCHINS, TX | In transit |

Tuesday, 11/06/2018

| 5:00 pm | LINDEN, TN | In transit |
| 3:59 am | HAGERSTOWN, MD | Departed FedEx location |
| 1:04 am | HAGERSTOWN MD | Arrived at FedEx location |
| 12:21 am | WINCHESTER, VA | Left FedEx origin facility |

Monday, 11/05/2018

| 9:02 pm | WINCHESTER, VA | Arrived at FedEx location |
| 11:25 am | WINCHESTER, VA | Picked up |

Thursday, 11/01/2018

| 11:26 pm | | Return label link emailed to return sender |





Davis
Received
11/5/18

**After printing this label:**
1  Use the 'Print' button on this page to print your label to your laser or inkjet printer
2  Fold the printed page along the horizontal line
3  Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scan
**Warning** IMPORTANT TRANSMIT YOUR SHIPPING DATA AND PRINT A MANIFEST
At the end of each shipping day you should perform the FedEx Ground End of Day Close procedure to transmit your shipping data
required, print the pickup manifest that appears  A printed manifest is required to be tendered along with your packages if they are ... uay Close Button  If
packages off at a FedEx drop off location, the manifest is not required                                    ... FedEx Ground  if you are dropping your

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide and applicable tariff  available upon request  FedEx will not be responsible for any claim in excess of $100 per package  whether the result of loss  damage  delay  non-delivery  misdelivery  or misinformation  unless you declare a higher value  pay an additional charge  document your actual loss and file a timely claim  Limitations  including limitations on our liability  can be found in the current FedEx Service Guide and applicable tariff apply  In no event shall FedEx Ground be liable for any special  incidental  or consequential damages  including  without limitation  loss of profit  loss to the intrinsic value of the package  loss of sale  interest income or attorney's fees  Recovery cannot exceed actual documented loss  Items of extraordinary value are subject to separate limitations of liability  set forth in the Service Guide and tariff  Written claims must be filed within strict time limits, see current FedEx Service Guide

174




From:
Subject: RE: Submission for testing and classification
Date: September 17, 2018 at 7:40 AM
To:

Sir,

You can forward the shipping label or FedEx Billing number referencing work order #307385 and note that item should not be shipped until Oct3.

Thankyou.

**From:** Fire Tech
**Sent:** Monday, September 17, 2018 7:53 AM
**To:**
**Subject:** FW: Submission for testing and classification

See below.

**From:**
**Sent:** Friday, September 14, 2018 3:57 PM
**To:** Fire Tech <                    >
**Subject:** Re: Submission for testing and classification

I received a ruling on this submission. Attached is a photo of the letter I received in order to reference the ID #.

Per the last page of the letter, I would like to have the sample firearm and device returned as I have an 07/02 FFL/SOT. I accidentally failed to include a prepaid return shipping label with my submission but as I said, I would like it to be returned to me.

I will be away from my FFL shipping address until Tuesday, Oct 2nd. This would not matter except per the letter, I need to submit an ATF Form 2 by the close of the following business day that I receive the sample, and I will not be able to do that until Oct 3rd.

If this is not a problem I will send a prepaid common carrier shipping label or email a Fedex shipping account billing number.

Thank you kindly,





U.S. Department of Justice

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Martinsburg, WV 25405*

www.atf.gov

**AUG 2 8 2018**

907010: RKD
3311/307385

Buda, Texas 78610

Dear Sir,

This is in reference to your submission and accompanying correspondence to, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Firearms Technology Industry Services Branch (FTISB), accompanied by an AR-15 type rifle equipped with what is described as the ███████ AR1 trigger system (see enclosed photos). Specifically, you requested an examination and classification of this sample with regard to the amended Gun Control Act of 1968 (GCA) and the National Firearms Act (NFA).

As you know, the National Firearms Act (NFA), 26 U.S.C. § 5845(b), defines the term "machinegun" as—

*...any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.*

As specified in the GCA, 18 U.S.C. § 921(a)(23), the term "machinegun" has *"the meaning given such term in section 5845(b) of the National Firearms Act (26 U.S.C. 5845(b))*

The submitted ▓▓▓▓▓ AR], is described as a "trigger-finger reset device". You further
describe the design and function of the device by explaining that "this trigger system works by
mechanically pushing the trigger rapidly forward, resetting the finger and trigger to the forward

On Aug 4, 2017, at 2:16 PM, ▓▓▓▓▓▓▓ wrote:

Firearms and Ammunition Technology Division
Attn: FTISB
244 Needy Road Suite 1600
Martinsburg, West Virginia 25405

-----Original Message-----
From: ▓▓▓▓▓▓▓▓▓▓▓▓
Sent: Friday, August 4, 2017 1:26 PM
To: Fire Tech <▓▓▓▓▓▓▓>
Subject: Submission for testing and classification

Hello,

I am submitting a complete rifle for testing and classification and I would like
to confirm that the following is the correct address.

Firearms and Ammunition Technology Division
244 Needy Road Suite 1600
Martinsburg, West Virginia 25405

When sending a complete rifle to this location, is signature required
necessary?

Thank you,

FFL/SOT 07/02

177

# Exhibit P



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco, Firearms and Explosives    Case 4:23-cr-00830-O   Document 62-18   Filed 11/03/23   Page 179 of 541   PageID 2803

**Firearms Technology Criminal Branch**
**Report of Technical Examination**



244 Needy Road #1600
Martinsburg, WV 25405

Phone: 304-616-4300
Fax: 304-616-4301

| | |
|---|---|
| **To:**<br>Special Agent Nestor J. Vazquez<br>Bureau of Alcohol, Tobacco, Firearms and Explosives<br>135 West Central Blvd.<br>Suite 740<br>Orlando, FL 32801 | **Date:** 10/21/2021<br><br>**UI#:** 767070-21-0065<br><br>**RE:** AR Triggers - Bosnia<br><br>**FTCB#:** 2022-030-CJT<br>317970 |
| **Date Exhibit Received:** 10/14/2021 | **Type of Examination Requested:** |
| **Delivered By:** FedEx 2848 5453 4756 | Examination, Test, Classification |

**Note:** *This report has been amended to correct the components that comprise Exhibit 1.*

**Exhibit:**

1. Two (2) ████████████, model Wide Open Trigger for AR-15, no serial number (suspected machinegun).

**Pertinent Authority:**

Title 28 of the United States Code (U.S.C.) provides the Bureau of Alcohol, Tobacco Firearms and Explosives (ATF) the authority to investigate criminal and regulatory violations of Federal firearms law at the direction of the Attorney General. Under the corresponding Federal regulation at 28 C.F.R. 0.130 the Attorney General provides ATF with the authority to investigate, administer, and enforce the laws related to firearms, in relevant part, under 18 U.S.C. Chapter 44 (Gun Control Act) and 26 U.S.C. Chapter 53 (National Firearms Act). Pursuant to the aforementioned statutory and regulatory authority, the ATF Firearms and Ammunition Technology Division (FATD) provides expert technical support on firearms and ammunition to federal, state and local law enforcement agencies regarding the Gun Control Act and the National Firearms Act.

The Gun Control Act (GCA), 18 U.S.C. § 921(a)(23), defines the term **"machinegun"** as:

*"…has the meaning given such term in section 5845(b) of the National Firearms Act (26 U.S.C. 5845(b))."*

The National Firearms Act (NFA), defines **"firearm"** to mean, in part: *"…(6) a machinegun…."* (See 26 U.S.C. § 5845(a).)

Special Agent Nestor J. Vazquez

**Pertinent Authority (cont).:**

Also, the NFA 26 U.S.C. § 5845(b) defines "**machinegun**" as:

"...*any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or <u>combination of parts designed and intended, for use in converting a weapon into a machinegun</u>, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.*" (See 26 U.S.C. § 5845(b).)

The National Firearms Act (NFA), 26 U.S.C. § 5845(a), defines the term "**firearm**" as:

"...*(1) a shotgun having a barrel or barrels of less than 18 inches in length; (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length; (3) a rifle having a barrel or barrels of less than 16 inches in length (4) a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length; (5) any other weapon, as defined, as defined in subsection (e); (6) a machinegun; (7) any silencer (as defined in 18 U.S.C. § 921); and (8) a destructive device. The term "firearm" shall not include an antique firearm or any device (other than a machinegun or destructive device) which, although designed as a weapon, the...[Attorney General]...finds by reason of the date of its manufacture, value, design and other characteristics is primarily a collector's item and is not likely to be used as a weapon.*"

Further, the NFA, 26 U.S.C. § 5842, "**Identification of firearms**," states:

"... *(a) Identification of firearms other than destructive devices. - Each manufacturer and importer and anyone making a firearm shall identify each firearm, other than a destructive device, manufactured, imported, or made by a serial number which may not be readily removed, obliterated, or altered, the name of the manufacturer, importer, or maker, and such other identification as the ...[Attorney General]... may by regulations prescribe. (b) Firearms without serial number. - Any person who possesses a firearm, other than a destructive device, which does not bear the serial number and other information required by subsection (a) of this section shall identify the firearm with a serial number assigned by the ... [Attorney General]... and any other information the...[latter]... may by regulations prescribe.*"

27 CFR § 479.11 defines the term "**machinegun**" and includes, in part: *"...For purposes of this definition, the term "automatically" as it modifies "shoots, is designed to shoot, or can be readily restored to shoot," means functioning as the result of a self-acting or self-regulating mechanism that allows the firing of multiple rounds through a single function of the trigger; and "single function of the trigger" means a single pull of the trigger and analogous motions. The term "machinegun" includes a bump-stock-type device, i.e., a device that allows a semi-automatic firearm to shoot more than one shot with a single pull of the trigger by harnessing the recoil energy of the semiautomatic firearm to which it is affixed so that the trigger resets and continues firing without additional physical manipulation of the trigger by the shooter."*

ATF Form   3311.2
Revised September 2014

**Findings:**

**Exhibit 1** consists of two (2) ████████████, model Wide Open Trigger (WOT) for AR15, AR15-type drop-in fire-control groups, manufactured at an undetermined location, distributed by ████████████ in Albuquerque, New Mexico, and marketed by ████████████ of Gainesville, Florida. Neither of the devices in the Exhibit is marked with a serial number.

The Exhibit 1 devices are each comprised of the following individual component parts:

- One (1) aluminum housing
- One (1) hammer
- One (1) hammer spring
- Two (2) tubular pins
- One (1) trigger
- One (1) trigger spring
- One (1) locking bar
- Three (3) solid pins
- One (1) locking bar spring
- One (1) locking bar guide rod
- Two (2) pins with interior threads at both ends

Each Exhibit 1 devices bears the following markings on the right and left side of its aluminum housing:

> **PATENT PENDING**
> **WOT**
> **WIDE OPEN TRIGGERS**

The Wide Open Trigger device is designed to allow "drop-in" installation into AR15-type firearms. The device is designed to function in conjunction with a standard weight buffer and M16-type machinegun bolt carrier rather than a standard semiautomatic AR15-type bolt carrier. The M16-type bolt carrier incorporates a contact surface that is unnecessary on AR15-type semiautomatic firearms because this surface is designed to "trip" the auto sear in standard M16-type machineguns. This surface is utilized to similarly "trip" the "locking bar" in WOT equipped AR15-type firearms during the operating cycle. Indeed, it is telling that the M16 pattern bolt carrier assembly interacts with the "locking bar" in the same manner that it interacts with an automatic sear.

Basic operation of the WOT device installed within an AR15-type firearm having a M16-type machinegun bolt carrier is as follows:

- Firearm ready to fire with the hammer in a "cocked" position being held by the sear surface on the front of the trigger.

**Finding (Cont.):**

- Rearward pressure is applied to "pull" the trigger thus releasing the hammer, which falls impacting the firing pin and discharging the primer, which in turn ignites the propellant powder to accelerate the projectile (bullet) down the rifled bore.

- As the projectile moves past the gas port, a quantity of the gas is bled off through the gas port, gas tube and bolt carrier key into a cylindrical section in the bolt carrier where it expands and drives the bolt carrier rearward. Note that this happens rapidly while rearward "pull" pressure from the trigger pull is generally maintained on the trigger. During the first rearward travel of the carrier assembly, the bolt is rotated by the cam pin acted on by the bolt carrier cam slot. This rotation disengages the bolt lugs from the barrel extension lugs so the bolt is unlocked. The bolt carrier group then continues rearward with the unlocked bolt assembly which starts to act upon the hammer.

- The fired cartridge case is withdrawn from the chamber as the bolt carrier group continues its rearward travel, also continuing to further depress the hammer.

- As the spent case is fully drawn out of the chamber, the spring-loaded ejector, acting against the left side of the case head, pushes the spent case out of the ejection port. The bolt carrier group continues rearward still depressing the hammer.

- At this point, the operation of a firearm with a WOT differs from a semiautomatic AR15-type firearm. In a semiautomatic AR-15-type firearm, the hammer is pushed down by the bolt carrier and is retained by the disconnector. Upon the shooters release of the trigger, the disconnector releases the hammer, and the hammer comes to rest on the trigger sear surface, ready to expel a second projectile with a subsequent pull of the trigger. *Conversely*, in the WOT equipped firearm, as the bolt carrier group continues rearward, the hammer is pushed down by the bolt carrier group, but it also pushes down on the trigger which forces it forward. The trigger is pushed slightly forward as an automatic function of the WOT design without any further action by the shooter. This causes the hammer to engage the triggers sear surface. Differing from a standard semiautomatic firearm, the unique WOT trigger design also engages the "locking bar" to momentarily keep the trigger in place so that the shooter may not override the automatic functioning of the weapon.

- As the bolt carrier moves forward into battery using the force of the action spring, the contact surface on the required M16-type machinegun bolt carrier (which is designed to interact with the automatic sear on M16-type firearms), strikes the WOT "locking bar", releasing the trigger. The necessity of an M16-type machinegun bolt carrier is clear at this point—it acts on the "locking bar" in the same way it acts on the machinegun auto-sear. Specifically, when the bolt moves back in to firing position, it contacts the surface area on the "locking bar" or the auto sear and automatically fires a subsequent round. Note that the disconnector on the AR15-type semiautomatic retains the hammer until the shooter manually releases the trigger.

**Findings (Cont.):**

- After firing a shot with a <u>semiautomatic</u> AR15-type firearm, the shooter is required to manually release the trigger which releases the hammer from the disconnector, and then manually pull the trigger a second time to fire a subsequent shot.

- If the shooter maintains constant rearward pressure from the original single function (pull) of the trigger, the self-acting or self-regulating mechanism of the WOT device allows subsequent projectiles to be fired during the continuing cycle of operation.

- From the moment of the application of trigger pressure, and as long as rearward pressure is applied to the trigger through a single constant pull, a firearm with a WOT continues to fire until the firing finger is removed from the trigger, the weapon malfunctions, or the ammunition is exhausted; this firing takes place regardless of the purported "forced reset" pushing the trigger forward.

Additional rounds are fired based on the automatic functioning of the firearm and the continuous pressure applied to the trigger during the single continuous function (pull) of the trigger. With both an WOT equipped AR15-type firearm, and an M16-type machinegun (with the selector set in its "Full Auto" position), the shooter maintains a constant pull of the trigger to fire subsequent shots with a single function (pull) of the trigger, through both the M16-type machinegun and WOT equipped AR15-types self-acting or self-regulating mechanisms during the operating cycle of the firearms.

To function test the Exhibit 1 WOT devices, I installed one of the devices into an AR15-type firearm obtained from the ATF National Firearms Collection (NFC). The ATF NFC firearm was comprised of a Superior Arms S15 receiver, M16-type barreled upper assembly (having the required M16-type machinegun bolt carrier), and a standard buffer.

The Exhibit 1 device (installed within the ATF exemplar firearm) was test fired on October 20, 2021, at the ATF test range, Martinsburg, West Virginia, using commercially available, Federal brand, 5.56x45mm caliber ammunition and a magazine from the NFC.

I first inserted one round of ammunition into a magazine, inserted the magazine into the weapon and chambered the cartridge, placed the selector into the "FIRE" position, and pulled the trigger. The NFC exemplar weapon, having the Exhibit 1 device installed, discharged the chambered cartridge, and expelled a projectile by the action of an explosive. I repeated this method of test-fire one additional time, obtaining the same result. I repeated this same test with the magazine being removed after the cartridge was chambered, and noted that the hammer, rather than remaining in a cocked position, as would normally be the case with a standard AR15-type semiautomatic firearm, after firing one round with a single function (pull) of the trigger, had been released a second time, indicating that the Exhibit 1 equipped firearm had initiated a second firing cycle with the original single function (pull) of the trigger. I repeated this method of test-fire one additional time, obtaining the same result.

9767070-21-0065
2022-030-CJT
Page 6

**Findings (Cont.):**

I next inserted a two-round ammunition load into a magazine, inserted the magazine into the weapon and chambered the cartridge, placed the selector into the "FIRE" position, and pulled the trigger holding it to the rear. The NFC exemplar weapon, having the Exhibit 1 device installed, fired two (2) rounds automatically by a single function (pull) of the trigger. I repeated this method of test-fire one additional time, obtaining the same result.

I continued this testing protocol by inserting a five-round ammunition load into a magazine, inserted the magazine into the weapon and chambered the cartridge, placed the selector into the "FIRE" position, and pulled the trigger holding it to the rear. The NFC exemplar weapon, having the Exhibit 1 device installed, fired five (5) rounds automatically by a single function (pull) of the trigger. I repeated this method of test-fire one additional time, obtaining the same result.

The WOT "drop-in" device is uniquely designed to interact with the required M16-type machinegun bolt carrier during the cycle of operation in the same way that the M16-type machinegun bolt interacts with the machinegun auto sear. This allows the weapon to function as a self-acting, or self-regulating mechanism, with one continuous pull of the trigger, and allows the weapon to shoot automatically, more than one shot, without manual reloading, by a single function (pull) of the trigger, until its trigger is released, or the ammunition is exhausted.

While on standard semiautomatic AR15-type firearms, the cycle of operation is interrupted between shots by a disconnector which requires that the trigger be both manually released and manually pulled to fire a subsequent shot, no such action is required to fire subsequent shots on the WOT equipped AR15-type firearm. Indeed, the WOT design requires only that the shooter maintain the initial trigger pull, while the self-acting or self-regulating WOT mechanism forces the trigger forward during the rearward movement of the required M16-type machinegun bolt carrier, and then automatically releases the trigger and hammer, as the "locking bar" interacts with the "trip surface" on the M16-type machinegun bolt carrier, as the firearm goes into battery. All of these actions occur if the shooter maintains a single, constant pull of the trigger.

It is worth noting that the legislative history for the NFA indicates that the drafters equated a "single function of the trigger" with "single pull of the trigger." National Firearms Act: Hearings Before the Comm. on Ways and Means, House of Representatives, Second Session on H.R. 9066, 73rd Cong., at 40 (1934). Therefore, consistent with the language of the statute and Congressional intent, ATF has long held that a single function of the trigger is a "single pull" or alternatively, a single release of a trigger.

As received, each device in Exhibit 1 is a combination of parts, designed and intended for use in converting a weapon (AR15-type) into a machinegun; therefore, each is a "**machinegun**" as defined in the GCA and NFA.

**Conclusions:**

Each device in **Exhibit 1** is a combination of parts, designed and intended for use in converting a weapon into a machinegun; therefore, each is a "**machinegun**" as defined in 26 U.S.C. § 5845(b).

Each device in **Exhibit 1** is a "**machinegun**" as defined in 18 U.S.C. § 921(a)(23).

Case 4:23-cv-00830-O Document 62-13 Filed 11/03/23 Page 185 of 541 PageID 1809
96/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

## Conclusions (cont.):

Each device in **Exhibit 1,** being a machinegun, are also each a "**firearm**" as defined in 26 U.S.C. § 5845(a)(6).

Neither device in **Exhibit 1** is marked in accordance with 26 U.S.C. § 5842(a).

Examined by:

**CODY TOY**

Digitally signed by
CODY TOY
Date: 2021.10.21
08:52:22 -04'00'

Cody J. Toy
Firearms Enforcement Officer

Approved by:

**GREGORY STIMMEL**

Digitally signed by
GREGORY STIMMEL
Date: 2021.10.21
09:01:52 -04'00'

Gregory Stimmel
Chief, Firearms Technology Criminal Branch

Attachments: Eight pages bearing photos.

**Enclosed is a Firearms Technology Criminal Branch report provided in response to your request for assistance. Please be aware that these documents constitute "taxpayer return information" that is subject to the strict disclosure limitations provided in 26 U.S.C. § 6103. Exceptions to the non-disclosure provisions that permit the disclosure internally within ATF are set forth in 26 U.S.C. § 6103(h)(2)(C) and (o)(1). Any further disclosure of these reports is strictly limited and must be reviewed and approved by the Office of Chief Counsel prior to any information dissemination. Failure to adhere to the disclosure limitations provided in 26 U.S.C. § 6103 could result in civil and/or criminal liability.**

xhibit 1 as received



767070-21-0065  2022-030-CIT

xhibit 1 as received



767070-21-0065 2022-030-CIT

xhibit 1 as received markings



Lockir

Trigger

er

ng

767070-21-0065  2022-030-CIT

xhibit 1 top down view



767070-21-0065   2022-030-CIT

xhibit 1 top down/hammer forward



767070-21-0065   2022-030-CIT

xhibit 1 installed in NFC S-15



767070-21-0065  2022-030-CJT

hibit 1 installed in NFC S-15/hammer forwar



767070-21-0065 2022-030-CIT

xhibit 1 installed in NFC S-15



767070-21-0065  2022-030-CIT

# Exhibit A





**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives
*Office of Enforcement Programs and Services*
*Office of Field Operations*

Washington, DC 20226
www.atf.gov

March 22, 2022

## OPEN LETTER TO ALL FEDERAL FIREARMS LICENSEES

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) recently examined devices commonly known as "forced reset triggers" (FRTs) and has determined that some of them are "firearms" and "machineguns" as defined in the National Firearms Act (NFA), and "machineguns" as defined in the Gun Control Act (GCA).

These particular FRTs are being marketed as replacement triggers for AR-type firearms. Unlike traditional triggers and binary triggers (sometimes referred to generally as "FRTs"), the subject FRTs do not require shooters to pull and then subsequently release the trigger to fire a second shot. Instead, these FRTs utilize the firing cycle to eliminate the need for the shooter to release the trigger before a second shot is fired. By contrast, some after-market triggers have similar components but also incorporate a disconnector or similar feature to ensure that the trigger must be released before a second shot may be fired and may not be machineguns.

Both the NFA and GCA regulate machineguns. "Machinegun" is defined under 26 U.S.C. § 5845(b) and 18 U.S.C. § 921(a)(23) as—

> Any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, *or combination of parts designed and intended, for use in converting a weapon into a machinegun,* and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person. (Emphasis added.)

ATF's examination found that some FRT devices allow a firearm to automatically expel more than one shot with a single, continuous pull of the trigger. For this reason, ATF has concluded that FRTs that function in this way are a combination of parts designed and intended for use in converting a weapon into a machinegun, and hence, ATF has classified these devices as a "machinegun" as defined by the NFA and GCA.

Accordingly, ATF's position is that any FRT that allows a firearm to automatically expel more than one shot with a single, continuous pull of the trigger is a "machinegun", and is accordingly subject to the GCA prohibitions regarding the possession, transfer, and transport of machineguns

**OPEN LETTER TO ALL FEDERAL FIREARMS LICENSEES (cont.)**

under 18 U.S.C. §§ 922(o) and 922(a)(4). They are also subject to registration, transfer, taxation, and possession restrictions under the NFA. *See* 26 U.S.C. §§ 5841, 5861; 27 CFR 479.101.

Under 26 U.S.C. § 5871, any person who violates or fails to comply with the provisions of the NFA may be fined up to $10,000 per violation and is subject to imprisonment for a term of up to ten years. Further, pursuant to 26 U.S.C. § 5872, any machinegun possessed or transferred in violation of the NFA is subject to seizure and forfeiture. Under 18 U.S.C. § 924(a)(2), any person who violates § 922(o) may be sent to prison for up to 10 years and fined up to $250,000 per person or $500,000 per organization.

Based on ATF's determination that the FRTs that function as described above are "machineguns" under the NFA and GCA, ATF intends to take appropriate remedial action with respect to sellers and possessors of these devices. Current possessors of these devices are encouraged to contact ATF for further guidance on how they may divest possession. If you are uncertain whether the device you possess is a machinegun as defined by the GCA and NFA, please contact your local ATF Field Office. You may consult the local ATF Office's webpage for office contact information.

Assistant Director
Enforcement Programs and Services

GEORGE LAUDER
Digitally signed by
GEORGE LAUDER
Date: 2022.03.22
13:25:39 -04'00'

Assistant Director
Field Operations

U.S. Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

**Firearms Technology Criminal Branch**
**Report of Technical Examination**



**244 Needy Road**
**Martinsburg, WV 25401**

**Phone: 304-616-4300**
**Fax: 304-616-4301**

| To: | | UI#: | 765040-23-0011 |
|---|---|---|---|
| Special Agent Dean Conigliaro | | RE: | Rare Breed Triggers |
| Bureau of Alcohol, Tobacco, Firearms and Explosives | | | |
| 32 Old Slip | | FTCB#: | 2023-724-ALC |
| 7th Floor, Suite 700 | | | 326038 |
| New York, NY 10005 | | | |

| Date Exhibit Received: 4/20/2023 | Type of Examination Requested: |
|---|---|
| Delivered by: FedEx 7718 9820 5250 | Test, Examination, Classification |

*These findings are founded on my experience and my review of pertinent laws, materials, and records. I reserve the right to amend or supplement this report.*

**Exhibit**:

    **42.** Rare Breed Triggers, model FRT-15, no serial number (suspected machinegun).

**Pertinent Authority**:

Title 28 of the United States Code (U.S.C.) provides the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) the authority to investigate criminal and regulatory violations of Federal firearms law at the direction of the Attorney General. Under the corresponding Federal regulation at 28 C.F.R. 0.130 the Attorney General provides ATF with the authority to investigate, administer, and enforce the laws related to firearms, in relevant part, under 18 U.S.C. Chapter 44 (Gun Control Act) and 26 U.S.C. Chapter 53 (National Firearms Act). Pursuant to the aforementioned statutory and regulatory authority, the ATF Firearms and Ammunition Technology Division (FATD) provides expert technical support on firearms and ammunition to federal, state, and local law enforcement agencies regarding the Gun Control Act and the National Firearms Act.

The Gun Control Act (GCA), 18 U.S.C. § 921(a)(24), defines the term "**machinegun**" as having: "*... the meaning given such term in section 5845(b) of the National Firearms Act (26 U.S.C. 5845(b)).*"

The National Firearms Act (NFA), 26 U.S.C. § 5845(a), defines "**firearm**" to include: "*...(1) a shotgun having a barrel or barrels of less than 18 inches in length; (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length; (3) a rifle having a barrel or barrels of less than 16 inches in length (4) a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length;*"



EXHIBIT
I

ATF Form    3311.2
Revised September 2014
197

Special Agent Dean Conigliaro

765040-23-0011
2023-724-ALC
Page 2

(5) any other weapon, as defined, as defined in subsection (e); **(6) a machinegun**; (7) any silencer (as defined in 18 U.S.C. § 921); and (8) a destructive device. The term "firearm" shall not include an antique firearm or any device (other than a machinegun or destructive device) which, although designed as a weapon, the…[Attorney General]…finds by reason of the date of its manufacture, value, design and other characteristics is primarily a collector's item and is not likely to be used as a weapon."

The NFA, 26 U.S.C. § 5845(b), defines "**machinegun**" as: "…**any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger**. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or **combination of parts designed and intended, for use in converting a weapon into a machinegun**, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person." (emphasis added)

The NFA, 26 U.S.C. § 5842, "**Identification of firearms**," states: "… *(a) Identification of firearms other than destructive devices. - Each manufacturer and importer and anyone making a firearm shall identify each firearm, other than a destructive device, manufactured, imported, or made by a serial number which may not be readily removed, obliterated, or altered, the name of the manufacturer, importer, or maker, and such other identification as the … [Attorney General]… may by regulations prescribe. (b) Firearms without serial number. - Any person who possesses a firearm, other than a destructive device, which does not bear the serial number and other information required by subsection (a) of this section shall identify the firearm with a serial number assigned by the … [Attorney General]… and any other information the…[latter]… may by regulations prescribe.*"

Finally, 27 CFR §§ 478.11 and 479.11, further define the term "**machinegun**" to include two sentences at the end of the statutory definition to read as follows: "…*For purposes of this definition, **the term ''automatically'' as it modifies ''shoots, is designed to shoot, or can be readily restored to shoot,'' means functioning as the result of a self-acting or self-regulating mechanism that allows the firing of multiple rounds through a single function of the trigger; and ''single function of the trigger'' means a single pull of the trigger and analogous motions**. The term ''machine gun'' includes a bump-stock-type device, i.e., a device that allows a semi-automatic firearm to shoot more than one shot with a single pull of the trigger by harnessing the recoil energy of the semiautomatic firearm to which it is affixed so that the trigger resets and continues firing without additional physical manipulation of the trigger by the shooter.*" (emphasis added)

**<u>Findings</u>:**

As background, Federal law defines "machinegun," in relevant part, as "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger" as well as a "combination of parts designed and intended, for use in converting a weapon into a machinegun." Legislative history for the NFA indicates that the drafters equated a "single function of the trigger" with "single pull of the trigger." National Firearms Act: Hearings Before the Comm. On Ways and Means, House of Representatives, Second Session on H.R. 9066, 73rd Cong., at 40 (1934). ATF has long held that a single function of the trigger is a "single pull" or alternatively, a single release of a trigger. Therefore, a firearm is not a machinegun if a projectile is expelled when the trigger is pulled, and a second projectile is expelled when the trigger is released.

ATF Form   3311.2
Revised September 2014

Special Agent Dean Conigliaro

765040-23-0011
2023-724-ALC
Page 3

Final rule 2018R-22F, which further defines the term "**machinegun**," became effective on March 26, 2019. The final ruling clarifies the term "***automatically***" (found in the NFA, 26 U.S.C. § 5845(b)) as it modifies "shoots, is designed to shoot, or can be readily restored to shoot," means functioning as the result of *a self-acting or self-regulating mechanism* that allows the firing of multiple rounds through a single function of the trigger. Additionally, the rule states *"**single function of the trigger**" means a single pull of the trigger and analogous motions* (27 CFR §§ 478.11 and 479.11).  However, the term "trigger" is not defined by Federal law.

The term "trigger" is generally applied by the firearm industry to the mechanism that causes the firing sequence to begin, usually by releasing an energized component.  The term "trigger" regarding Federal firearm laws, particularly the GCA and NFA, is context specific.  Simply put, the "trigger" initiates the firing sequence.

Federal courts have noted that automatically means that the weapon "fires repeatedly with a single pull of the trigger." *Staples v. United States*, 511 U.S. 600, 602 n. 1 (1994). "That is, once its trigger is depressed, the weapon will automatically continue to fire until its trigger is released, or the ammunition is exhausted." *Id.* Courts have specifically affirmed ATF's interpretation that a single act of the shooter to initiate the firing sequence is a single function of the trigger. *Akins v. United States*, 312 F. App'x 197, 200 (11th Cir. 2009); *Freedom Ordnance Mfg., Inc. v. Brandon*, No. 3:16-cv-00243-RLY-MPB (S.D. Ind. Mar. 27, 2018). *United States v. Fleischli*, 305 F.3d 643, 655 (7th Cir. 2002) (in which electronic switch was the trigger when it served to initiate the firing sequence and the minigun continued to fire until the switch was turned off or the ammunition was exhausted). In the *Freedom Ordnance* case, the United States District Court of Indiana held that ATF was not arbitrary and capricious in the classification of an "electronic reset assist device" as a machinegun even though the firearm's trigger reset before each shot by pushing the trigger forward. *Freedom Ordnance Mfg., Inc*, No. 3:16-cv-00243-RLY-MPB. In these cases, a firearm is a machinegun when it uses an internal mechanism or operation that automatically forces the trigger forward allowing the weapon to fire more than one shot by a continuous pull of the trigger.

ATF has a long history of examining devices which manipulate the trigger of a firearm. As part of the examination process, I researched other trigger devices, some of which ATF has previously examined and classified and some of which it has not. This was completed to research the classification history of devices which may or may not have worked similarly and to maintain consistency in those classifications. These devices include, but are not limited to, the following:

- Rare Breed Triggers, model FRT-15 (classified as a machinegun, 2021 #317388)
- Wolf Tactical, LLC model AR1 (classified as a machinegun, 2018 #307385)
- Wide Open Enterprises, model Wide Open Trigger (classified as a machinegun, 2021 #317970)
- Flex-Fire Technology
- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (classified as a machinegun, 2017 ▮▮▮▮)
- ▮▮▮▮▮▮▮▮▮▮ (classified as a machinegun, 2006 ▮▮▮▮)
- ▮▮▮▮▮▮▮▮▮▮▮▮ (classified as a machinegun, 2004 ▮▮▮▮)
- Tac-Con 3MR (not classified as a machinegun, 2013 #301071)
- FosTech ECHO (not classified as a machinegun, 2013 #301397)
- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (classified as a machinegun, 2016 ▮▮▮▮)
- ▮▮▮▮▮▮▮▮▮▮ (classified as a machinegun, 1994 ▮▮▮)

Special Agent Dean Conigliaro

765040-23-0011
2023-724-ALC
Page 4

**Exhibit 42** is a Rare Breed Triggers, model FRT-15, "forced reset trigger" designed to allow drop in installation into AR15-type firearms. The Exhibit is not marked with a serial number.

Exhibit 42 bears the following markings on the right side of its aluminum housing:

- **RARE BREED**
- **-TRIGGERS-**
- **US PAT. 10514223**

I manually function tested the device and noted that in order to pull the trigger, I had to manually disengage the locking bar. In order to further examine the component parts of the Exhibit 42 device, I disassembled the device utilizing a common pin punch and hammer in approximately one minute.

Exhibit 42 is comprised of the following individual component parts:

- One aluminum housing
- One hammer
- One hammer spring
- Two tubular pins
- One trigger
- One trigger spring

- One "locking bar"
- One solid pin
- One locking bar spring
- Two pins with internal threads at both ends
- Four hex head screws with exterior threads

The hammer of the Exhibit 42 device is designed in such a way that it only incorporates one sear surface. This is different from a standard semiautomatic AR15-type hammer, which incorporates two sear surfaces. The second sear surface in a semiautomatic AR15-type firearm is designed to interact with the disconnector. A disconnector can be described as the part in a semiautomatic firearm that prevents the continued firing of the gun while the trigger remains depressed. Simply put, the disconnector holds the gun at full cock as long as the trigger is held back.

In a M16-type machinegun, the hammer incorporates three sear surfaces. The first two are identical to the semiautomatic hammer in design and location. The addition of the third surface allows the hammer to engage the automatic sear. With an M16-type machinegun (selector in the "automatic" position) the first two sear surfaces are taken completely out of "play" once the trigger is pulled, and only the automatic sear retains the hammer. Similar to the relationship between the locking bar of the FRT-15, once the bolt has completed its firing cycle (described in detail below), the M16-type bolt strikes the automatic sear, disengaging it.

I researched U.S. Patent No.: 10,514,223 B1, seeing that it is marked on the side of the Exhibit. This patent, which was applied for by the manufacturer of the AR1 trigger device, Wolf Tactical LLC (now assigned to Rare Breed Firearms), outlines the design and function of a "firearm trigger mechanism." The patent describes a "drop-in" trigger mechanism for an AR15-type firearm, as discussed below. This patent depicts a device which is virtually identical in geometry, but functions in the same manner as the Rare Breed Firearms FRT-15.

ATF Form    3311.2
Revised September 2014

Special Agent Dean Conigliaro

765040-23-0011
2023-724-ALC
Page 5

U.S. Patent Number 10,514,223 B1 includes illustrations which closely parallel the Exhibit 42 Rare Breed FRT-15 device in its "drop-in" concept, though having differing geometry in its component parts (see attached patent) such as the hammer, trigger, and "locking bar." The device is designed to allow "drop-in" installation into an AR15-type firearm and function in conjunction with an H3 weight buffer and M16-type machinegun bolt carrier rather than a standard semiautomatic AR15-type bolt carrier. The M16-type bolt carrier incorporates a contact surface that is unnecessary on AR15-type semiautomatic firearms because this surface is designed to "trip" the automatic sear in standard M16-type machineguns. This surface is utilized to similarly "trip" the "locking bar" in FRT-15 equipped AR15-type firearms during the operating cycle. The M16-type bolt carrier interacts with the "locking bar" in the same manner that it interacts with an automatic sear. Indeed, it is telling that in the attached patent, Wolf Tactical LLC Patent.: U.S. 10,514,223 B1, includes the following in 4, 50, and 55 (emphasis in red added):

> *The bolt carrier assembly **52** used with the embodiments of this invention can be an ordinary (mil-spec) M16-pattern bolt carrier assembly, whether operated by direct impingement or a gas piston system, that has a bottom cut position to engage an auto sear in a fully automatic configuration. The bottom cut creates an engagement surface **54** in the tail portion **56** of the bolt carrier body **58**. This is distinct from a modified AR15 bolt carrier that is further cut-away so that engagement with an auto sear is impossible.*

U.S. Patent No.: 10,514,223 B1 also includes the following explanation revealing that the "locking bar" serves the same function as an automatic sear in a typical machinegun – to capture a fire control component until the additional surface on an M16-type bolt carrier contacts it and releases the fire control component to automatically fire a subsequent shot (emphasis added in red).

> *(57) Abstract*
>
> *The locking bar is pivotally mounted in a frame and spring biased toward a first position in which it mechanically blocks the trigger member against the spring bias to a second position when contacted by the bolt carrier reaching a substantially in-battery position, allowing the trigger member to be moved by an external force to a released position.*
> *…*
>
> *4 (65) – 5 (2)*
>
> *An upper end of the locking bar **62** extends above the upper edge of housing **12** and lower receiver **50** to be engaged by the engagement surface **54** of the bolt carrier body **58** when the bolt carrier assembly is at or near its in-battery position.*

This *"external force"* allowing the trigger member to be moved to a released position, is merely the continuous pressure applied to the trigger during the initial single continuous function (pull) of the trigger. With both an FRT-15 equipped AR15-type firearm, and an M16-type machinegun (with the selector set in its "automatic" position), the shooter maintains a constant rearward pull of the trigger to fire subsequent shots with a single function (pull) of the trigger, through both the M16-type machinegun and FRT-15 equipped AR15-types self-acting or self-regulating mechanisms during the operating cycle of the firearms.

Special Agent Dean Conigliaro

765040-23-0011
2023-724-ALC
Page 6

Basic operation of the Rare Breed Triggers FRT-15 device installed within an AR15-type firearm having a M16-type machinegun bolt carrier is as follows (images pulled from a video animation previously available on Rare Breed Triggers website, showing comparative views of the semiautomatic AR15-type and FRT-15 mechanisms, with added ATF text and highlights):

- Image of semiautomatic AR15-type (left) and FRT-15 equipped firearm (right) with both firearms ready to fire with the hammer in a "cocked" position being held by the sear surface on the front of the trigger (yellow box).



Enlarged view of FRT-15

Special Agent Dean Conigliaro

765040-23-0011
2023-724-ALC
Page 7

## Firing:

- Rearward pressure is applied to "pull" the trigger, thus releasing the hammer, which falls impacting the firing pin and discharging the primer, which then ignites the propellant powder to accelerate the projectile (bullet) down the rifled bore.



Enlarged view of FRT-15

Special Agent Dean Conigliaro

765040-23-0011
2023-724-ALC
Page 8

## Unlocking:

- As the projectile moves past the gas port, a quantity of the gas is bled off through the gas port to the gas tube, and subsequent bolt carrier key into a cylindrical section in the bolt carrier where it expands and drives the bolt carrier rearward. <u>Note that this happens **rapidly** while rearward "pull" pressure from the trigger pull is generally maintained on the trigger.</u> During the initial rearward travel of the carrier assembly, the bolt is rotated by the cam pin, acted on by the bolt carrier cam slot. This rotation disengages the bolt lugs from the barrel extension lugs so the bolt is unlocked. The bolt carrier group then continues rearward with the unlocked bolt assembly which starts to act upon the hammer.



Enlarged view of FRT-15

Special Agent Dean Conigliaro

765040-23-0011
2023-724-ALC
Page 9

**Extracting:**

- The fired cartridge case is extracted/withdrawn from the chamber as the bolt carrier group continues its rearward travel, also continuing to further depress the hammer.



Enlarged view of FRT-15

Special Agent Dean Conigliaro

765040-23-0011
2023-724-ALC
Page 10

## Ejecting:

- As the spent case is fully extracted/withdrawn from the chamber, the spring-loaded ejector, acting against the left side of the case head, pushes the spent case out of the ejection port. The bolt carrier group continues rearward, still depressing the hammer.



Enlarged view of FRT-15

ATF Form    3311.2
Revised September 2014

## Cocking:

- At this point, the operation of a firearm with an FRT-15 (right and bottom images) differs from a semiautomatic AR15-type firearm (left image). <u>In a semiautomatic AR-15-type firearm,</u> the hammer is pushed down by the bolt carrier and is retained by the disconnector and held there until the shooter releases the trigger (done after *feeding* and *chambering*), the disconnector releases the hammer, and the hammer comes to rest on the trigger sear surface, ready to expel a second projectile with a subsequent pull of the trigger. *Conversely,* <u>in the FRT-15 equipped firearm,</u> as the bolt carrier group continues rearward, the hammer is pushed down by the bolt carrier group, but it also pushes down on the trigger, which forces it forward. The trigger is pushed slightly forward as an automatic consequence of the FRT-15 design without any further action required by the shooter. This causes the hammer to engage the trigger sear surface. Differing from a standard semiautomatic firearm, the unique FRT-15 trigger design also engages the "locking bar" to <u>momentarily</u> keep the trigger in place so that the shooter may not override the timing of the automatic functioning of the weapon.



Enlarged view of FRT-15

Special Agent Dean Conigliaro

765040-23-0011
2023-724-ALC
Page 12

"Timing" in relation to automatic firearms can be described as ensuring that the firing mechanism is not activated until the bolt or breech is fully locked or in battery. Timing is especially important in automatic weapons because if the firing mechanism is engaged before the bolt or breech is fully locked or in battery, two possible outcomes can occur. The first being the firing mechanism *does not* have enough force to ignite the primer, causing a malfunction known as failure to fire, which would cause the shooter to manually clear the malfunction and begin the process over again. The second being that the firing mechanism *does* provide enough force to ignite the primer and an often catastrophic malfunction, known as an "out-of-battery detonation" occurs. An "out-of-battery detonation" occurs when a round is fired without being fully seated in the chamber and the chamber not being fully sealed to contain the explosion. This causes the pressure from the round (e.g.: approximately 55,000 psi in a .223 Remington cartridge) to be released into the action of the firearm, often causing catastrophic damage to the firearm, and possibly the shooter.

It is important to note that at this moment the hammer is solely retained by the trigger sear surface. The trigger, still being pulled rearwards by the shooter is unable to disengage from the hammer because the "locking bar" prevents the trigger from dropping out of engagement with the hammer. This is done to prevent the firearm from operating in what is known as a "hammer follow" condition. "Hammer follow" is described as when the hammer is not retained by the disconnector and follows the bolt as it feeds the cartridge into the chamber. Without mechanical delay in hammer travel imparted, the hammer fall is uncontrolled and may lack sufficient force to detonate the primer of the cartridge. Hammer follow AR-type firearms that shoot automatically are classified as "**machineguns**."

This section is intentionally left blank.

ATF Form    3311.2
Revised September 2014

Special Agent Dean Conigliaro

765040-23-0011
2023-724-ALC
Page 13

## Feeding/Chambering:

- As the bolt carrier moves forward into battery, using the force of the action spring, the front of the bolt removes the next round from the magazine and feeds it into the chamber. Once the bolt is fully locked, and timed properly, the contact surface on the required M16-type machinegun bolt carrier (which is designed to interact with the automatic sear on M16-type firearms), strikes the FRT-15 (right and bottom images) "locking bar," releasing the trigger, which is still being pulled to the rear by the shooter. The necessity of an M16-type machinegun bolt carrier is clear at this point—it acts on the "locking bar" in the same way it acts on the M16-type machinegun automatic sear. Specifically, when the bolt moves forward into firing position, and is fully locked, it contacts the surface area on the "locking bar" or the automatic sear and automatically fires a subsequent round while the initial single pull is maintained on the trigger. Note that the disconnector on the semiautomatic AR15-type continues to retain the hammer until the shooter manually releases the trigger.



Enlarged view FRT-15

Special Agent Dean Conigliaro

765040-23-0011
2023-724-ALC
Page 14

- After firing a shot with a <u>semiautomatic</u> AR15-type firearm, the shooter is required to manually release the trigger which releases the hammer from the disconnector (left image in yellow box) and the hammer comes to rest on the trigger sear surface (right image in yellow box), and then manually pull the trigger a second time to fire a subsequent shot. The disconnector is designed to retain the hammer and "disconnect" or stop the firing cycle from automatically continuing, until the shooter has manually manipulated the trigger by releasing it.

 

- If the shooter maintains constant rearward pressure from the original single function (pull) of the trigger, the FRT-15 trigger will automatically perform the functions described above in a self-acting or self-regulating mechanism, allowing subsequent projectiles to be fired during the continuing cycle of operation. This self-acting or self-regulating mechanism in the FRT-15 device is the function of the bolt carrier assembly pushing down the hammer, which then pushes down on the trigger, forcing it forward. This is done as an automatic function utilizing the operation of the AR15-type system, with no input needed from the shooter. The "locking bar" is a key component of this self-acting or self-regulating mechanism, as once the bolt carrier assembly has "tripped" the "locking bar," the firing cycle automatically continues, and will continue until the shooter manually releases the trigger, or the ammunition is exhausted.



ATF Form    3311.2
Revised September 2014

210

From the moment the trigger is pulled, and as long as rearward pressure is applied to the trigger through a single constant pull, a firearm with an FRT-15 continues to fire until the finger is removed from the trigger, the weapon malfunctions, or the ammunition is exhausted. The described firing cycle takes place regardless of the purported "forced reset" pushing the trigger forward.

To demonstrate this, I installed Exhibit 42 into a Daniel Defense model DDM4 (ATF tag number 0581217) AR15-type rifle from the ATF National Firearms Collection (NFC). Installing the Exhibit into the NFC DDM4 was accomplished in approximately five minutes using a commonly available pin punch, hammer, and a standard "flat-head" screwdriver.

I first test fired the NFC DDM4 **without** Exhibit 42 installed on April 20, 2023, at the ATF test range, Martinsburg, West Virginia, using commercially available, Federal brand, .223 Remington caliber ammunition and a magazine from the NFC. I inserted a one-round ammunition load and pulled the trigger. The NFC DDM4 successfully expelled a projectile by the action of an explosive. I then inserted a two-round ammunition load and pulled the trigger. The NFC DDM4 expelled only one round for each separate function of the trigger. Next, I inserted a five-round ammunition load and pulled the trigger; the NFC DDM4 expelled only one round for each separate function of the trigger.

I then test fired the NFC DDM4 **with** Exhibit 42 installed on April 20, 2023, at the ATF test range, Martinsburg, West Virginia, using the same commercially available, Federal brand, .223 Remington caliber ammunition and the same magazine from the NFC. I inserted a one-round ammunition load, with the selector in the "semiautomatic" position and pulled the trigger. The NFC DDM4, with Exhibit 42 installed, successfully expelled a projectile by the action of an explosive. I repeated this same test with the magazine being removed after the cartridge was chambered, and noted that the hammer, rather than remaining in a cocked position, as would normally be the case with a standard AR15-type semiautomatic firearm, after firing one round with a single function (pull) of the trigger, had been released a second time, indicating that Exhibit 42 had initiated a second firing cycle with the original single function (pull) of the trigger. I repeated this method of test-fire one additional time, obtaining the same result.

I then inserted a two-round ammunition load and pulled the trigger; the NFC DDM4, with Exhibit 42 installed, fired both rounds automatically by a single function of the trigger. I repeated this method of test fire two additional times, achieving the same result.

Next, I inserted a five-round ammunition load and pulled the trigger. The NFC DDM4, with Exhibit 42 installed, fired all five rounds automatically, without manual reloading, by a single function of the trigger. I repeated this five-round method of test fire two additional times, achieving the same result.

The FRT-15 "drop-in" device is uniquely designed to interact with the required M16-type machinegun bolt carrier during the cycle of operation in the same manner that the M16-type machinegun bolt interacts with the machinegun automatic sear. This allows the weapon to function automatically with the FRT-15 self-acting, or self-regulating mechanism, with one continuous pull of the trigger, and allows the weapon to shoot automatically, more than one shot, without manual reloading, by a single function (pull) of the trigger, until the trigger is manually released by the shooter, or the ammunition is exhausted.

Special Agent Dean Conigliaro

765040-23-0011
2023-724-ALC
Page 16

While on standard semiautomatic AR15-type firearms, the cycle of operation is interrupted between shots by a disconnector which requires that the trigger be both manually released and then manually pulled again to fire a subsequent shot, no such action is required to fire subsequent shots on the FRT-15 equipped AR15-type firearm. Indeed, the FRT-15 design requires only that the shooter maintain the initial trigger pull, while the self-acting or self-regulating FRT-15 mechanism forces the trigger forward during the rearward movement of the required M16-type machinegun bolt carrier, and then automatically releases the trigger and hammer, as the "locking bar" interacts with the "trip surface" on the M16-type machinegun bolt carrier, as the firearm goes into battery. All of these actions occur if the shooter maintains a single, constant pull of the trigger.

For informational purposes, the cyclic rate of fire of an M16-type, M4 machinegun is approximately 700 to 970 RPM as published in U.S. Army Technical Manual TM 9-1005-319-10, page 0002 00-3. To verify this, FTCB has previously tested the rate of fire of a 5.56 caliber M16-type, M4 machinegun, (tag number 0488490) from the ATF NFC utilizing a Competition Electronics brand shot timer to measure the approximate rounds per minute (RPM). This test determined that the average rate of fire of the NFC M16-type, M4 machinegun (tag number 0488490) was **870.4** RPM.

To demonstrate that the cyclic rate of fire with an FRT-15 machinegun conversion device equipped semiautomatic AR-type rifle is comparable to an M16-type machinegun, the same test was previously conducted utilizing a .223 Remington caliber NFC AR15-type semiautomatic rifle receiver (tag number 0550101) equipped with an FRT-15 machinegun conversion device and utilized the same upper assembly, buffer, and recoil spring used with the NFC M16 rate of fire test. This test determined that the average rate of fire of the NFC semiautomatic AR15-type rifle receiver (tag number 0550101) equipped with a Rare Breed Triggers FRT-15 machinegun conversion device was **840.8** RPM.

It is significant to note that following the above outlined test procedure, utilizing the same magazine and ammunition obtained from the same lot, that the measured rate of automatic fire when both triggers were held to the rear with a single constant pull was similar (870.4/840.8) in both weapons' automatic cyclic rates.

Exhibit 42 is a combination of parts designed and intended for use in converting a weapon into a machinegun, and through demonstration, successfully converted the semiautomatic NFC S-15 rifle into a machinegun; therefore, Exhibit 42, is a "machinegun" as defined.

**Conclusions**:

**Exhibit 42** is a "**machinegun**" as defined in 18 U.S.C. § 921(a)(24).

**Exhibit 42** is a combination of parts designed and intended, for use in converting a weapon into a machinegun; thus, is a "**machinegun**" as defined in 26 U.S.C. § 5845(b).

**Exhibit 42**, being a machinegun, is also a "**firearm**" as defined in 26 U.S.C. § 5845(a)(6).

**Exhibit 42** bears no NFA manufacturers marks of identification or serial number as required by 26 U.S.C. § 5842.

ATF Form    3311.2
Revised September 2014

Special Agent Dean Conigliaro

765040-23-0011
2023-724-ALC
Page 17

Examined By:

ANTHONY
CIRAVOLO

Digitally signed by
ANTHONY
CIRAVOLO
Date: 2023.04.27
14:27:12 -04'00'

Approved By:

CODY
TOY

Digitally signed by
CODY TOY
Date: 2023.04.27
15:05:45 -04'00'

Anthony Ciravolo
Firearms Enforcement Officer

Cody Toy
Chief, Firearms Technology Criminal Branch

Attachment:    Thirty pages bearing photographs and U.S. Patent 10,514,223 B1.

**This Firearms Technology Criminal Branch report is provided in response to your request for assistance. Please be aware that these documents may constitute "taxpayer return information" that is subject to the strict disclosure limitations provided in 26 U.S.C. § 6103. Exceptions to the non-disclosure provisions that permit the disclosure internally within ATF are set forth in 26 U.S.C. §§ 6103(h)(2)(C) and (o)(1). Any further disclosure of these reports is strictly limited and must be reviewed and approved by the Office of Chief Counsel prior to any information dissemination. Failure to adhere to the disclosure limitations provided in 26 U.S.C. § 6103 could result in civil and/or criminal liability.**

765040-23-0011 Exhibit **42**





765040-23-0011
2023-72-ALC
Page 2

Case 4:23-cv-00830-O   Document 13-9   Filed 08/09/23   Page 19 of 57   PageID 265

## Exhibit 42



Bottom



Rear



Front

765040-23-0011
2023-7223-ALC
Page 3

Hammer Released



# Exhibit 42

Hammer Cocked



765040-2-0011
2023-723-ALC
Page 4

217

Case 4:23-cv-00830-O   Document 13-9   Filed 08/09/23   Page 21 of 57   PageID 267

Exhibit **42**



Image contained in Patent No.: U.S. 10,514,223 B1.



Exhibit 42 Disassembled



Exhibit 42

Hammer

Tubular Hammer Pin

"Anti-Walk" Pin Set

Tubular Trigger Pin

Trigger Spring

Hammer Spring

Locking Bar Pin

Locking Bar

Locking Bar Spring

Aluminum Housing

Trigger

218

765040-21-0011
2023-7273-ALC
Page 6

Case 4:23-cv-00830-O   Document 13-9   Filed 08/09/23   Page 23 of 57   PageID 269

Exhibit **42** Installed in NFC DDM4




765040-2-0011
2023-72-ALC
Page 7

220



Exhibit **42** Installed in NFC DDM4 (bottom) Compared to NFC M4 Machinegun (top)

765040-2-0011
2023-7225ALC
Page 8



Exhibit **42** Installed in NFC DDM4 (bottom) Compared to NFC M4 Machinegun (top)

765040-21-0011
2023-7223-ALC
Page 9

Case 4:23-cv-00830-O   Document 13-9   Filed 08/09/23   Page 26 of 57   PageID 272



Exhibit **42** Installed in NFC DDM4 (bottom) Compared to NFC M4 Machinegun (top)

Case 4:23-cv-00830-O   Document 13-9   Filed 08/09/23   Page 27 of 57   PageID 273

NFC M4 Machinegun (top)
Exhibit **42** Installed in NFC DDM4 (middle)
NFC Colt SP1 Semiautomatic (bottom)



224

Case 4:23-cv-00830-O   Document 13-9   Filed 08/09/23   Page 28 of 57   PageID 274

NFC M4 Machinegun (top)
Exhibit **42** Installed in NFC DDM4 (middle)
NFC Colt SP1 Semiautomatic (bottom)



765040-23-0011
2023-7223-ALC
Page 12

NFC M4 Machinegun (top)
Exhibit **42** Installed in NFC DDM4 (middle)
NFC Colt SP1 Semiautomatic (bottom)

Case 4:23-cv-00830-O   Document 13-9   Filed 08/09/23   Page 30 of 57   PageID 276

765040-2-0011
2023-7274ALC
Page 13

226

Still images pulled from FRT Full Video animation on Rare Breed Triggers website. Note that image on the left within blue box depicts a standard AR15-type semiautomatic trigger mechanism. Image on the right within red box depicts the FRT-15 trigger mechanism. ATF highlights added.



FRT-15

AR15 Semiautomatic

Hammer

When the trigger is first pulled with the weapon in battery having a cartridge chambered, it causes the sear (located on the front of the trigger), to release the hammer.

765040-2-0011
2023-7231-ALC
Page 14

227

Still images pulled from FRT Full Video animation on Rare Breed Triggers web site. Note that image on the left within blue box depicts a standard AR15-type semiautomatic trigger mechanism. Image on the right within red box depicts the FRT-15 trigger mechanism. ATF highlights added.



FRT-15



AR15 Semiautomatic

View of both the AR15 semiautomatic firearm (left), and the FRT-15 equipped firearm (right) having the trigger pulled to the rear. The sear, now clear of the hammer, allows the hammer to fall, striking the firing pin, thus firing the chambered cartridge.

Case 4:23-cv-00830-O   Document 13-9   Filed 08/09/23   Page 32 of 57   PageID 278

765040-2-0011
2023-7234 ALC
Page 15

Still images pulled from FRT Full Video animation on Rare Breed Triggers web site. Note that image on the left within blue box depicts a standard AR15-type semiautomatic trigger mechanism. Image on the right within red box depicts the FRT-15 trigger mechanism. ATF highlights added

FRT-15



AR15 Semiautomatic



After the chambered cartridge is fired, the pressure of the gas generated by the burning propellant drives the projectile down the barrel and past the gas port, a small quantity of the gas is bled off through the gas port, gas tube and bolt carrier key into a cylindrical section in the bolt carrier where it expands and drives the bolt carrier rearward. Note that this happens rapidly while rearward "pull" pressure from the trigger pull is maintained on the trigger. During the initial rearward travel of the carrier, the bolt is rotated by the cam pin acted on by the bolt carrier cam slot. This rotation disengages the bolt lugs from the barrel extension lugs so the bolt is unlocked. The bolt carrier group then continues rearward with the unlocked bolt assembly which starts to act upon the hammer.

765040-2-0011
2023-72-ALC
Page 16

Still images pulled from FRT Full Video animation on Rare Breed Triggers web site. Note that image on the left within blue box depicts a standard AR15-type semiautomatic trigger mechanism. Image on the right within red box depicts the FRT-I5 trigger mechanism. ATF highlights added.



FRT-I5

AR15 Semiautomatic

✓ FIRING
✓ UNLOCKING
✓ EXTRACTING

The fired cartridge case is withdrawn from the chamber as the bolt carrier group continues its rearward travel, also continuing to further depresses the hammer.

229

765040-2-0011
2023-7254ALC
Page 17

Still images pulled from FRT Full Video animation on Rare Breed Triggers web site. Note that image on the left within blue box depicts a standard AR15-type semiautomatic trigger mechanism. Image on the right within red box depicts the FRT-15 trigger mechanism. ATF highlights added.

230



**FRT-15**

✓ FIRING
✓ UNLOCKING
✓ EXTRACTING
✓ EJECTING

**AR15 Semiautomatic**

✓ FIRING
✓ UNLOCKING
✓ EXTRACTING
✓ EJECTING

The spent case is drawn out of the chamber, the spring-loaded ejector, acting against the left side of the case head, pushes the spent case out of the ejection port. The bolt carrier group continues rearward still depressing the hammer.

Case 4:23-cv-00830-O   Document 13-9   Filed 08/09/23   Page 35 of 57   PageID 281

Case 4:23-cv-00830-O   Document 62-1   Filed 11/03/23   Page 231 of 541   PageID 1855

765040-2-0011
2023-72-ALC
Page 18

231

Still images pulled from FRT Full Video animation on Rare Breed Triggers web site. Note that image on the left within blue box depicts a standard AR15-type semiautomatic trigger mechanism. Image on the right within red box depicts the FRT-15 trigger mechanism. ATF highlights added.

**FRT-15**



"Forced reset" automatically pushes trigger forward while the pressure of the original trigger pull is maintained.

"Locking bar"

✓ FIRING
✓ UNLOCKING
✓ EXTRACTING
✓ EJECTING
✓ COCKING

In the FRT-15 equipped firearm, as the bolt carrier group continues rearward to recoil also compressing the action spring, hammer contact with the bolt carrier group pushes down on the trigger which forces it forward allowing the "locking bar" to momentarily keep the trigger in place so that the shooter may not override the timing of the automatic functioning of the weapon. Note that it is possible to retain the pressure from the single function (pull) of the trigger during this self-acting or self-regulating phase of the mechanism's operation as it is with the semiautomatic AR15 (left), though with different results as the firearm goes into battery on a subsequent cartridge later in the operating cycle.

**AR15 Semiautomatic**



✓ FIRING
✓ UNLOCKING
✓ EXTRACTING
✓ EJECTING
✓ COCKING

As the bolt carrier group continues rearward to recoil, it compresses the action spring and cocks the hammer. In a semiautomatic AR15-type rifle, when the trigger is pulled, the firing action of the rifle is generally much faster than human reaction, so a "disconnector" is employed to retain the hammer in a cocked position for the remainder of the operating cycle, thus limiting the weapon to firing one shot, without manual reloading, by a single function (pull) of the trigger

Still images pulled from FRT Full Video animation on Rare Breed Triggers web site. Note that image on the left within blue box depicts a standard AR15-type semiautomatic trigger mechanism. Image on the right within red box depicts the FRT-I5 trigger mechanism. ATF highlights added.



AR15 Semiautomatic

✓ FIRING
✓ UNLOCKING
✓ EXTRACTING
✓ EJECTING
✓ COCKING
✓ FEEDING

With pressure still maintained from the original continuous function (pull) of the trigger the hammer remains in a cocked position, still retained by the disconnector. The action spring drives the bolt carrier group forward. As the bolt carrier group moves forward, the lugs of the bolt pick up a cartridge from the magazine and feed it into the chamber. As the bolt locking lugs enter the barrel extension, the ejector is compressed against the left side of the cartridge head, and the extractor snaps into the extractor grove on the cartridge.



FRT-15

Bolt carrier contact "trip" surface.

"Locking Bar"

✓ FIRING
✓ UNLOCKING
✓ EXTRACTING
✓ EJECTING
✓ COCKING
✓ FEEDING

With pressure still maintained from the original continuous function (pull) of the trigger, the trigger is momentarily kept the forward position into which it was automatically placed by the self-acting or self-regulating mechanism (until the "locking bar" is struck by the "trip" surface on the M-16 "machinegun" type bolt carrier). This surface on the M-16 type bolt carrier is designed to interact with the automatic sear to effect automatic fire in "machinegun" variants of this operating system and serves no purpose in standard semiautomatic AR15-type firearms. The remainder of the feeding cycle remains similar. The action spring drives the bolt carrier group forward. As the bolt carrier group moves forward, the lugs of the bolt pick up a cartridge from the magazine and feed it into the chamber. As the bolt locking lugs enter the barrel extension, the ejector is compressed against the left side of the cartridge head, and the extractor snaps into the extractor groove on the cartridge.

765040-2-0011
2023-7234-ALC
Page 20

233

Still images pulled from FRT Full Video animation on Rare Breed Triggers web site. Note that image on the left within blue box depicts a standard AR15-type semiautomatic trigger mechanism. Image on the right within red box depicts the FRT-I5 trigger mechanism. ATF highlights added.

AR-15 Semiautomatic

AR-15 Semiautomatic

Disconnector

✓ FIRING
✓ UNLOCKING
✓ EXTRACTING
✓ EJECTING
✓ COCKING
✓ FEEDING

✓ FIRING
✓ UNLOCKING
✓ EXTRACTING
✓ EJECTING
✓ COCKING
✓ FEEDING

The Rare Breed video animation depicts the standard semiautomatic AR15-type firing mechanism as moving from having the disconnector retaining the hammer (left view) in a cocked position, to having the trigger sear retaining the hammer in a cocked position (right view) during the "feeding" cycle. The video states that the shooter may release the trigger at this point to allow the trigger to reset. It is significant to note that for this to occur during at this point of the operating cycle, the shooter would be required to physically release the trigger within a fraction of a second after firing, unlike with the FRT-I5, which does this automatically through its self-acting or self-regulating mechanism. See Wolf Tactical LLC U.S. Patent No.: 10,514,223 reference on next slide.

765040-2-0011
2023-72-ALC
Page 21

Still images pulled from FRT Full Video animation on Rare Breed Triggers web site. Note that images depict a standard AR15-type semiautomatic trigger mechanism. ATF highlights added. (Continuation of previous slide)

Approximate portion of bolt carrier assembly travel distance (forward stroke between red vertical lines), within overall operating cycle, that standard AR15 semiautomatic manual trigger release/reset is depicted within Rare Breed animation video.

To further explain the previous slide, the Rare Breed video states that a standard "mil-spec." AR-15 trigger can be released by the shooter to reset the trigger at this point. To duplicate what is happening at this point of the operating cycle, the shooter would be required to physically release the trigger within a fraction of a second after firing, unlike with the FRT-15, which does this automatically through its self-acting or self-regulating mechanism.

This is a small fraction of time within the overall duration of the operating cycle (incorporating rearward and forward movement) which in its entirety takes only a fraction of a second in and of itself. This appears to have been done to "sync" the position of the of a standard semiautomatic trigger with that of the FRT-15 trigger at the same point of the operating cycle in the Rare Breed FRT-15 video animation.

Approximate overall bolt carrier assembly travel distance (both rearward and forward strokes between purple lines) during entire operating cycle.

This phenomena is mentioned within Wolf Tactical LLC U.S. Patent No.: 10,514,223 B1.

"*A standard semiautomatic trigger mechanism includes a disconnector, which holds the hammer or striker in a cocked position until the trigger member is reset to engage the sear. This allows the firearm to be fired only a single time when the trigger is pulled and held, because the user is not typically able to release the trigger rapidly enough so that the sear engages before the bolt or bolt carrier returns to the in-battery position. The disconnector prevents the firearm from either firing multiple rounds on a single pull of the trigger, or allowing the hammer or striker to simply "follow" the bolt as it returns to battery without firing a second round, but leaving the hammer or striker uncocked.*"



Disconnector Retaining Hammer

✓FIRING
✓UNLOCKING
✓EXTRACTING
✓EJECTING
✓COCKING
✓FEEDING

Disconnector Released Hammer

✓FIRING
✓UNLOCKING
✓EXTRACTING
✓EJECTING
✓COCKING
✓FEEDING

765040-2-0011
2023-723-ALC
Page 22

Still images pulled from FRT Full Video animation on Rare Breed Triggers website. Note that images on the left within blue boxes depict a standard AR15-type semiautomatic trigger mechanism. Image on the right within red box depicts the FRT-15 trigger mechanism. ATF highlights added.

**FRT-15**

Bolt carrier contact "trip" surface" contacts "locking bar" which disengages from trigger.

✓ FIRING
✓ UNLOCKING
✓ EXTRACTING
✓ EJECTING
✓ COCKING
✓ FEEDING
✓ CHAMBERING

With pressure still maintained from the original continuous function (pull) of the trigger, the trigger, which was momentarily kept in the forward position into which it was automatically forced, is now free to fire subsequent shots with continuous pressure from the original function (pull) of the trigger, due to the self-acting or self-regulating mechanism. The "locking bar" performs a timed delay function which is automatically disengaged during the operating cycle of the firearm, rather than a positive disconnect, as does the standard AR15-type disconnector pictured in images at left.

**AR-15 Semiautomatic**



FIRING
✓ UNLOCKING
✓ EXTRACTING
✓ EJECTING
✓ COCKING
✓ FEEDING

ATF notes for the reasons outlined in the previous two slides that during the "feeding" portion of the AR15 semiautomatic operating cycle, the trigger is most commonly still being retained to the rear with the hammer retained by the disconnector (top view) than as depicted below.



FIRING
✓ UNLOCKING
✓ EXTRACTING
✓ EJECTING
✓ COCKING
✓ CHAMBERING

235

Still images pulled from FRT Full Video animation on Rare Breed Triggers web site. Note that image on the left within blue box depicts a standard AR15-type semiautomatic trigger mechanism. Images on the right within red box depicts the FRT-15 trigger mechanism. ATF highlights added.

## FRT-15



Bolt carrier contact "trip" surface" has contacted "locking bar" which disengages from trigger.

✓ FIRING
✓ UNLOCKING
✓ EXTRACTING
✓ EJECTING
✓ COCKING
✓ FEEDING
✓ CHAMBERING
✓ LOCKING

If pressure applied during the initial function (pull) of the trigger is continuously maintained after firing the first shot during the operating cycle of the FRT-15 equipped firearm, the self-acting or self-regulating mechanism will automatically force the trigger forward into the shooters finger thus "resetting" the trigger (with the original function (pull) of the trigger being maintained, subsequent shots are fired each time the momentary timed delay provided by the "locking bar is removed as it is impacted or "tripped" by a surface present on the required M16-type machinegun bolt carrier designed to preform that function on M16-type machineguns during the firearms operating cycle.

## AR15 Semiautomatic



✓ FIRING
✓ UNLOCKING
✓ EXTRACTING
✓ EJECTING
✓ COCKING
✓ FEEDING

If pressure applied during the initial function (pull) of the trigger is continuously maintained after firing the first shot (see Wolf Tactical LLC patent excerpt on slide 21) during the operating cycle of the firearm, the standard AR15 does not fire a subsequent shot with the original single function (pull) of the trigger. The shooter is required to both manually release and pull the trigger to fire another shot. Even if the shooter does manage to physically release the trigger during the operating cycle of the firearm to reset the trigger, an additional "pull" is required to fire another shot.

Case 4:23-cv-00830-O Document 13-9 Filed 08/09/23 Page 41 of 57 PageID 287

Case 4:23-cv-00830-O Document 62-1 Filed 11/03/23 Page 237 of 541 PageID 1861

765040-2-0011
2023-72-ALC
Page 24

237

Comparison of semiautomatic AR15 bolt carrier with M16-type machinegun bolt carrier (required for use with FRT-15).



AR15 Semiautomatic Bolt Carrier Assembly (Top)

Note that semiautomatic AR15-type bolt carrier (top) lacks a contact suface required for use in M16-type machineguns and firearms equipped with the FRT-15.

M16-type Machinegun Bolt Carrier Assembly (Required with FRT-15)



The FRT-15 requires the use of an M16-type machinegun bolt carrier which incorporates a contact surface designed to "trip" the automatic sear in an M16-type machinegun to effect automatic fire, this same contact surface is required to "trip" the "locking bar" on the FRT-15 mechanism during the operating cycle of the firearm. Wolf Tactical LLC U.S. Patent .: 10,514,223 B1 includes the following in 4, 50 and 55:

*"The bolt carrier assembly 52 used with the embodiments of this invention can be an ordinary (mil-spec) M16 pattern bolt carrier assembly, whether operated by direct impingement or a gas piston system, that has a bottom cut position to engage an auto sear in a fully automatic configuration. The bottom cut creates an engagement surface 54 in the tail portion 56 of the bolt carrier body 58. This is distinct from a modified AR15 bolt carrier that is further cut-away so that engagement with an auto sear is impossible."*

Emphasis in red added by ATF.

Wolf Tactical LLC Patent Images

U.S. Patent    Dec. 24, 2019    Sheet 4 of 4    US 10,514,223 B1

FIG. 5

U.S. Patent    Dec. 24, 2019    Sheet 3 of 4    US 10,514,223 B1

FIG. 4

765040-23-0011
2023-72-ALC
Page 25

Case 4:23-cv-00830-O   Document 13-9   Filed 08/09/23   Page 42 of 57   PageID 288

Exhibit **42** Installed in NFC DDM4 (bottom)
Compared to NFC M4 Machinegun (top)



Both firearms require that an M16-type machinegun bolt carrier be utilized to function as designed. The M16-type
machinegun carrier trips both the "locking bar" on the FRT-15 equipped firearm and the automatic sear on the M16-type
machinegun to effect automatic fire.

Case 4:23-cv-00830-O   Document 13-9   Filed 08/09/23   Page 43 of 57   PageID 289

Still images on the right of the FRT-15 pulled from FRT Full Video animation on Rare Breed Triggers web site. Note that image on the left within green box depicts a standard M16-type machinegun trigger mechanism. Image on the right within red box depicts the FRT-15 trigger mechanism. ATF highlights added.



**FRT-15**

**Hammer**

**M16-TYPE MACHINEGUN**

When the trigger is first pulled with the weapon in battery having a cartridge chambered, it causes the sear (located on the front of the trigger), to release the hammer

765040-0011
2023-7274-ALC
Page 27

240

Still images on the right of the FRT-15 pulled from FRT Full Video animation on Rare Breed Triggers web site. Note that image on the left within green box depicts a standard M16-type machinegun trigger mechanism. Image on the right within red box depicts the FRT-15 trigger mechanism. ATF highlights added.



FRT-15



M16-TYPE MACHINEGUN

View of both the M16-type machinegun (left), and the FRT-15 equipped firearm (right) having the trigger pulled to the rear. The sear, now clear of the hammer, allows the hammer to fall, striking the firing pin and firing the chambered cartridge.

Case 4:23-cv-00830-O   Document 13-9   Filed 08/09/23   Page 45 of 57   PageID 291

765040-2-0011
2023-72-ALC
Page 28

241

Still images on the right of the FRT-15 pulled from FRT Full Video animation on Rare Breed Triggers web site. Note that image on the left within green box depicts a standard M16-type machinegun trigger mechanism. Image on the right within red box depicts the FRT-15 trigger mechanism. ATF highlights added.

FRT-15



M16-TYPE MACHINEGUN



The spent case is drawn out of the chamber, the spring-loaded ejector, acting against the left side of the case head, pushes the spent case out of the ejection port. The M16-type bolt carrier group continues rearward still depressing the hammer.

Still images on the right of the FRT-15 pulled from FRT Full Video animation on Rare Breed Triggers web site. Note that image on the left within green box depicts a standard M16-type machinegun trigger mechanism. Image on the right within red box depicts the FRT-15 trigger mechanism. ATF highlights added.

### FRT-15



"Forced reset" automatically pushes trigger forward while the pressure of the original tigger pull is maintained.

"Locking bar"

"Locking bar engagement surface"

✓ UNLOCKING
✓ EXTRACTING
✓ EJECTING
✓ COCKING

In the FRT-15 equipped firearm, as the M16-type bolt carrier group continues rearward recoil also compressing the action spring, hammer contact with the bolt carrier group pushes down on the upper lobe of the trigger which forces it forward allowing the "locking bar" to momentarily time the trigger by keeping it in place so that the shooter may not override the timing of the automatic functioning of the weapon. Note that it is possible to retain the pressure from the single function (pull) of the trigger during this self-acting or self-regulating phase of the mechanism's operation, as it is with a semiautomatic AR-15, though with different results as the firearm goes into battery on a subsequent cartridge later in the operating cycle which is similar to the M16 machinegun (left).

### M16-TYPE MACHINEGUN



Automatic sear shelf

Automatic sear

As the M16-type bolt carrier group continues to recoil rearward, it compresses the action spring and cocks the hammer. In a M16-type machinegun, with the selector is rotated to the "automatic" position, it depresses the disconnector thus preventing it from contacting the sear surface of the hammer. When the trigger is pulled, the hammer is released by the sear surface of the front of the trigger that contacts the sear notch on the hammer. When the bolt moves rearward, it pushes the hammer down allowing the automatic sear to engage the automatic sear shelf on the hammer and is the only mechanism holding the hammer in place this time and is effectively timing the hammer to fall once the bolt has moved forward into battery.

Still images on the right of the FRT-15 pulled from FRT Full Video animation on Rare Breed Triggers web site. Note that image on the left within green box depicts a standard M16-type machinegun trigger mechanism. Image on the right within red box depicts the FRT-15 trigger mechanism. ATF highlights added.

## FRT-15



- Bolt carrier contact "trip" surface".
- "Locking Bar"

✓ FIRING
✓ UNLOCKING
✓ EXTRACTING
✓ EJECTING
✓ COCKING
✓ FEEDING

With pressure still continuously maintained from the original continuous function (pull) of the trigger. At this time, the trigger is still being held reward but is momentarily kept in a forward position into which it was automatically placed by the self-acting or self-regulating mechanism until the "locking bar" is struck by the "trip" surface on the M16-type bolt carrier that was designed to interact with the automatic sear to effect automatic fire in "machinegun" variants of this operating system and serves no purpose in semiautomatic AR15-type firearms. The remainder of the feeding cycle remains similar. The action spring drives the bolt carrier group forward. As the bolt carrier group moves forward, the lugs of the bolt pick up a cartridge from the magazine and feed it into the chamber. As the bolt locking lugs enter the barrel extension, the ejector is compressed against the left side of the cartridge head, and the extractor snaps into the extractor groove on the cartridge.

## M16-TYPE MACHINEGUN



- Bolt carrier contact "trip" surface"
- Automatic Sear

With pressure still maintained from the original continuous function (pull) of the trigger, the hammer remains in a cocked position, still retained by the automatic sear. The action spring drives the bolt carrier group forward. As the bolt carrier group moves forward, the lugs of the bolt pick up a cartridge from the magazine and feed it into the chamber. As the bolt locking lugs enter the barrel extension, the ejector is compressed against the left side of the cartridge head, and the extractor snaps into the extractor groove on the cartridge. At this time, the "trip" surface on the M16-type bolt carrier interacts with the automatic sear (releasing the automatic sear from the automatic sear shelf of the hammer) to effect automatic fire. The remainder of the feeding cycle remains similar.

(12) **United States Patent**

Rounds

(10) Patent No.: **US 10,514,223 B1**

(45) Date of Patent: **Dec. 24, 2019**

(54) **FIREARM TRIGGER MECHANISM**

(71) Applicant: **Wolf Tactical LLC**, Buda, TX (US)

(72) Inventor: **Jeffrey Cooper Rounds**, Buda, TX (US)

(73) Assignee: **Wolf Tactical LLC**, Buda, TX (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **16/143,624**

(22) Filed: **Sep. 27, 2018**

**Related U.S. Application Data**

(60) Provisional application No. 62/565,247, filed on Sep. 29, 2017.

(51) **Int. Cl.**

| | |
|---|---|
| *F41A 19/43* | (2006.01) |
| *F41A 19/14* | (2006.01) |
| *F41A 19/10* | (2006.01) |
| *F41A 19/12* | (2006.01) |
| *F41A 17/82* | (2006.01) |

(52) **U.S. Cl.**
CPC .............. *F41A 19/43* (2013.01); *F41A 19/10* (2013.01); *F41A 19/12* (2013.01); *F41A 19/14* (2013.01); *F41A 17/82* (2013.01)

(58) **Field of Classification Search**
CPC .......... F41A 19/10; F41A 19/12; F41A 19/14; F41A 19/43; F41A 17/82
USPC ............. 89/136, 139; 42/69.01, 69.02, 69.03
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

5,704,153 A * 1/1998 Kaminski ............. F41A 17/063
42/117

| | | |
|---|---|---|
| 6,101,918 A | 8/2000 | Akins |
| 6,722,072 B1 | 4/2004 | McCormick |
| 7,162,824 B1 | 1/2007 | McCormick |
| 7,213,359 B2 | 5/2007 | Beretta |
| 7,293,385 B2 | 11/2007 | McCormick |
| 7,398,723 B1 | 7/2008 | Blakley |

(Continued)

FOREIGN PATENT DOCUMENTS

TW        409847 U    10/2000

*Primary Examiner* — Bret Hayes

(74) *Attorney, Agent, or Firm* — Wood Herron & Evans LLP

(57) **ABSTRACT**

A trigger mechanism for use in a firearm having a receiver with a fire control mechanism pocket, transversely aligned pairs of hammer and trigger pin openings in the pocket, and a bolt carrier that reciprocates and pivotally displaces a hammer when cycled. The trigger mechanism includes a hammer, a trigger member, and a locking bar. The hammer has a sear notch and is mounted in the fire control mechanism pocket to pivot on a transverse hammer pin between set and released positions. The trigger member has a sear and is mounted in the fire control mechanism pocket to pivot on a transverse trigger pin between set and released positions. The trigger member has a surface positioned to be contacted by hammer when the hammer is displaced by cycling of the bolt carrier, the contact causing the trigger member to be forced to the set position. The locking bar is pivotally mounted in a frame and spring biased toward a first position in which it mechanically blocks the trigger member from moving to the release position, and is movable against the spring bias to a second position when contacted by the bolt carrier reaching a substantially in-battery position, allowing the trigger member to be moved by an external force to the released position.

**7 Claims, 4 Drawing Sheets**



**US 10,514,223 B1**

Page 2

(56)　　　　　　**References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 8,127,658 B1 | 3/2012 | Cottle | |
| 8,820,211 B1 | 9/2014 | Hawbaker | |
| 9,021,732 B2 | 5/2015 | Johnson | |
| 9,513,076 B2 * | 12/2016 | Kolev | F41A 3/12 |
| 9,568,264 B2 | 2/2017 | Graves | |
| 9,816,772 B2 | 11/2017 | Graves | |
| 9,939,221 B2 | 4/2018 | Graves | |
| 2007/0199435 A1 * | 8/2007 | Hochstrate | F41A 3/66 |
| | | | 89/191.02 |
| 2016/0010933 A1 | 1/2016 | Bonner | |
| 2016/0102933 A1 | 4/2016 | Graves | |
| 2017/0219307 A1 * | 8/2017 | Foster | F41A 19/06 |
| 2018/0066911 A1 | 3/2018 | Graves | |
| 2018/0087860 A1 * | 3/2018 | Sullivan | F41A 17/46 |

* cited by examiner



**FIG. 1**



**FIG. 2**

Case 4:23-cv-00830-O Document 62-1-9 Filed 11/03/23 Page 247 of 541 PageID 2871



FIG. 3



FIG. 4

FWD



**FIG. 5**

US 10,514,223 B1

# 1
# FIREARM TRIGGER MECHANISM

## RELATED APPLICATIONS

This application claims priority to U.S. Provisional Patent Application No. 62/565,247 filed Sep. 29, 2017, and incorporates the same herein by reference.

## TECHNICAL FIELD

This invention relates to a firearm trigger mechanism. More particularly, it relates to a semiautomatic trigger that is mechanically reset by movement of the hammer when it is reset by the bolt carrier.

## BACKGROUND

In a standard semiautomatic firearm, actuation of the trigger releases a sear, allowing a hammer or striker to fire a chambered ammunition cartridge. Part of the ammunitions propellant force is used to cycle the action, extracting and ejecting a spent cartridge and replacing it with a loaded cartridge. The cycle includes longitudinal reciprocation of a bolt and/or carrier, which also resets the hammer or striker.

A standard semiautomatic trigger mechanism includes a disconnector, which holds the hammer or striker in a cocked position until the trigger member is reset to engage the sear. This allows the firearm to be fired only a single time when the trigger is pulled and held, because the user is not typically able to release the trigger rapidly enough so that the sear engages before the bolt or bolt carrier returns to its in-battery position. The disconnector prevents the firearm from either firing multiple rounds on a single pull of the trigger, or from allowing the hammer or striker to simply "follow" the bolt as it returns to battery without firing a second round, but leaving the hammer or striker uncocked.

For various reasons, shooters desire to increase the rate of semiautomatic fire. Sometimes this is simply for entertainment and the feeling of shooting a machine gun. In the past, users have been known to employ "bump firing" to achieve rapid semiautomatic fire. Bump firing uses the recoil of the semiautomatic firearm to fire shots in rapid succession. The process involves bracing the rifle with the non-trigger hand, loosening the grip of the trigger hand (but leaving the trigger finger in its normal position in front of the trigger), and pushing the rifle forward in order to apply pressure on the trigger from the finger while keeping the trigger finger stationary. When fired with the trigger finger held stationary, the firearm will recoil to the rear and allow the trigger to reset as it normally does. When the non-trigger hand pulls the firearm away from the body and back forward toward the original position, it causes the trigger to be pressed against the stationary finger again, firing another round as the trigger is pushed back.

Other devices have been offered that facilitate the bump fire process. One is shown in U.S. Pat. No. 6,101,918, issued Aug. 15, 2000, to William Akins for a Method and Apparatus for Accelerating the Cyclic Firing Rate of a Semiautomatic Firearm. This device, sold for some time as the Akins Accelerator™, allowed the receiver and action of the firearm to move longitudinally relative to the butt stock and used a spring to assist forward return movement. Other devices, such as that shown in U.S. Pat. No. 8,127,658, issued Mar. 6, 2012, and other patents owned by Slide Fire Solutions provide a replacement stock and handgrip assembly that facilitates bump firing, but without spring assistance.

# 2

Other solutions to increase the rate of semiautomatic fire include pull/release trigger mechanisms. These devices cause one round to be fired when the trigger is pulled and a second round to be fired when the trigger is released. Such a device is shown in U.S. Pat. No. 8,820,211, issued Sep. 2, 2014, entitled Selectable Dual Mode Trigger for Semiautomatic Firearms. A device like this is offered by FosTecH Outdoors, LLC as the ECHO TRIGGER™. Another device, offered by Digital Trigger Technologies, LLC under the name DigiTrigger™, provides a dual mode trigger in which the pull/release operating function is achieved electronically.

The above-described devices either require practice to use reliably, are complex, and/or are expensive to manufacture and install.

Another device for increasing the rate of semiautomatic fire is shown in U.S. Pat. Nos. 9,568,264; 9,816,772; and U.S. Pat. No. 9,939,221, issued to Thomas Allen Graves. The devices shown in these patents forcefully reset the trigger with rigid mechanical contact between the trigger member and the bolt as the action cycles. This invention, however, does not provide a "drop-in" solution for existing popular firearm platforms, like the AR15, AK47 variants, or the Ruger 10/22™. To adapt this invention to an AR-pattern firearm, for example, would require not only a modified fire control mechanism, but also a modified bolt carrier.

## SUMMARY OF INVENTION

The present invention provides a semiautomatic trigger mechanism for increasing rate of fire that can be retrofitted into popular existing firearm platforms. In particular, this invention provides a trigger mechanism that can be used in AR-pattern firearms with an otherwise standard M16-pattern bolt carrier assembly. The present invention is particularly adaptable for construction as a "drop-in" replacement trigger module that only requires insertion of two assembly pins and the safety selector. In the disclosed embodiments, the normal resetting of the hammer, as the bolt or bolt carrier is cycled, causes the trigger to be forcibly reset by contact between the hammer and a surface of the trigger member. Once reset, movement of the trigger is blocked by a locking bar and cannot be pulled until the bolt has returned to battery, thus preventing "hammer follow" behind the bolt or bolt carrier.

Other aspects, features, benefits, and advantages of the present invention will become apparent to a person of skill in the art from the detailed description of various embodiments with reference to the accompanying drawing figures, all of which comprise part of the disclosure.

## BRIEF DESCRIPTION OF THE DRAWINGS

Like reference numerals are used to indicate like parts throughout the various drawing figures; wherein:

FIG. 1 is an isometric view of a drop-in trigger module for an AR-pattern firearm according to one embodiment of the invention;

FIG. 2 is a partially cut-away view thereof;

FIG. 3 is a longitudinal section view showing the module of the embodiment installed in a typical AR15-pattern lower receiver in a cocked and ready to fire status with the bolt and bolt carrier in an in-battery position;

FIG. 4 is a similar view in which the trigger has been pulled and the hammer has fallen against a firing pin; and

FIG. 5 is a similar view showing the bolt carrier in a retracted position, forcing the hammer and trigger into a reset status.

US 10,514,223 B1

3

DETAILED DESCRIPTION

With reference to the drawing figures, this section describes particular embodiments and their detailed construction and operation. Throughout the specification, reference to "one embodiment," "an embodiment," or "some embodiments" means that a particular described feature, structure, or characteristic may be included in at least one embodiment. Thus, appearances of the phrases "in one embodiment," "in an embodiment," or "in some embodiments" in various places throughout this specification are not necessarily all referring to the same embodiment. Furthermore, the described features, structures, and characteristics may be combined in any suitable manner in one or more embodiments. In view of the disclosure herein, those skilled in the art will recognize that the various embodiments can be practiced without one or more of the specific details or with other methods, components, materials, or the like. In some instances, well-known structures, materials, or operations are not shown or not described in detail to avoid obscuring aspects of the embodiments.

Referring first to FIGS. 1 and 2, therein is shown at 10 a "drop-in" trigger module adapted for use in an AR-pattern firearm according to a first embodiment of the present invention. As used herein, "AR-pattern" firearm includes the semiautomatic versions of the AR10 and AR15 firearms and variants thereof of any caliber, including pistol caliber carbines or pistols using a blow-back bolt. While select fire (fully automatic capable) versions of this platform, such as the M16 and M4, are also AR-pattern firearms, this invention only relates to semiautomatic firearm actions. The concepts of this invention may be adaptable to other popular semiautomatics firearm platforms, such as the Ruger 10/22™ or AK-pattern variants.

The module 10 includes a frame or housing 12 that may be sized and shaped to fit within the internal fire control mechanism pocket of an AR-pattern lower receiver. It includes first and second pairs of aligned openings 14, 16 that are located to receive transverse pins (40, 36, respectively, shown in FIGS. 3-5) used in a standard AR-pattern trigger mechanism as pivot axes for the hammer and trigger member. respectively. The housing 12 includes left and right sidewalls 20, 22, which extend substantially vertically and parallel to one another in a laterally spaced-apart relationship. The sidewalls 20, 22 may be interconnected at the bottom of the housing 12 at the front by a crossmember 24.

A hammer 18 of ordinary (MIL-SPEC) AR-pattern shape and construction may be used. The illustrated hammer 18 may be standard in all respects and biased by a typical AR-pattern hammer spring (not shown).

A modified trigger member 26 may be sized to fit between the sidewalls 20, 22 of the housing 12 and may include a trigger blade portion 28 that extends downwardly. The trigger blade portion 28 is the part of the trigger member 26 contacted by a user's finger to actuate the trigger mechanism. The trigger blade portion 28 may be curved (shown) or straight, as desired. The trigger member 26 may pivot on a transverse pin 36 (not shown in FIGS. 1 and 2) that extends through aligned openings 16 in the sidewalls 20, 22 of the housing 12. The same pin 36 is aligned and positioned within aligned openings 47 of a lower receiver 50 to assemble the module 10 into a fire control mechanism pocket 49 of the lower receiver 50, as shown in FIGS. 3-5, for example. The modified trigger member 26 may have integral first and second contact surfaces 30, 32. Some part 65 of the trigger member 26 includes contact surfaces for interaction with the hammer 18 and locking bar 62. For

4

example, the trigger member 26 can include first and second upwardly extended rear contact surfaces 30, 32. The first contact surface 30 is positioned to interact, for example, with a tail portion 44 of the hammer 18 that extends rearwardly from a head part 42 of the hammer 18. The second contact surface 32 is positioned to interact with a locking bar 62. The contact surfaces may be integral to a specially formed trigger body or may be a separate insert (shown) that is made to closely fit and mate with a standard AR-pattern trigger member, held in place by the trigger pin 36, with no lost motion between the parts.

The hammer 18 may include bosses 34 coaxial with a transverse pivot pin opening 38 that receives an assembly/pivot pin 40 (not shown in FIGS. 1 and 2) through the first set of aligned openings 14 in the housing 12 (and through openings 51 in the firearm receiver, to position the trigger module 10 within the fire control mechanism pocket 49 of the lower receiver 50, as shown in FIGS. 3-5). The bosses 34 may fit between the sidewalls 20, 22 of the housing 12 to laterally position the hammer 18, or can be received in the openings 14 (if enlarged) so that the hammer 18 stays assembled with the module 10 when the hammer's pivot pin is removed and/or when the module 10 is not installed in a firearm receiver. The hammer 18 includes a head portion 42 and a tail portion 44. The hammer 18 also includes a sear catch 46 that engages the sear 48 on the trigger member 26, when cocked. The trigger and hammer pins 36, 40 provide pivot axes at locations (openings 47, 51, shown in FIGS. 3-5, for example) standard for an AR-pattern fire control mechanism. Although FIGS. 3-5 are a longitudinal section view and only show one of the aligned openings 47, 51, it is understood that a typical AR15-pattern lower receiver 50 includes second, corresponding and aligned openings 47, 51 in the half of the receiver 50 not shown).

Referring now also to FIG. 3, the trigger module 10 is shown installed in the fire control mechanism pocket 49 of an AR-pattern lower receiver 50. Other lower receiver parts not important to the present invention are well-known in the art and are omitted from all figures for clarity. As is well-known in the art, the bolt carrier assembly 52 (or blow-back bolt) would be carried by an upper receiver (not shown) and engage the breach of a barrel or barrel extension. As used herein, "bolt carrier" and "bolt carrier assembly" may be used interchangeably and include a blow-back type bolt used in pistol caliber carbine configurations of the AR-platform. The hammer 18 is shown in a cocked position and a bolt carrier assembly 52 is shown in an in-battery position. The sear 48 engages the sear catch 46 of the hammer 18.

The bolt carrier assembly 52 used with the embodiments of this invention can be an ordinary (mil-spec) M16-pattern bolt carrier assembly, whether operated by direct impingement or a gas piston system, that has a bottom cut position to engage an auto sear in a fully automatic configuration. The bottom cut creates an engagement surface 54 in a tail portion 56 of the bolt carrier body 58. This is distinct from a modified AR15 bolt carrier that is further cut-away so that engagement with an auto sear is impossible. The semiautomatic AR-pattern safety selector switch 60 may also be standard (MIL-SPEC) in all respects.

The trigger module of the present invention includes a trigger locking bar 62 carried on a frame 66 for pivotal movement on a transverse pivot pin 68. The frame 66 may be part of the module housing 12, if configured as a "drop-in" unit. An upper end of the locking bar 62 extends above the upper edge of the housing 12 and lower receiver 50 to be engaged by the engagement surface 54 of the bolt

US 10,514,223 B1

5

carrier body **58** when the bolt carrier assembly **52** is at or near its in-battery position (as shown in FIG. **3**). Contact between the engagement surface **54** and upper end of the locking bar **62** causes the locking bar **62** to pivot into a first position (FIG. **3**) against a biasing spring **70** and allows pivotal movement of the trigger member **26**. If desired, the locking bar **62** may include a rearward extension **64** that serves as a means to limit the extent to which it can pivot toward the blocking position.

Referring now also to FIG. **4**, when the safety selector **60** is in the "fire" position (as shown in all figures), finger pressure pulling rearward against the trigger blade portion **28** causes the trigger member **26** to rotate on the pivot pin **36**, as indicated by arrows. This rotation causes the sear **48** to disengage from the sear catch **46** of the hammer **18**. This release allows the hammer **18** to rotate by spring force (hammer spring omitted for clarity) into contact with the firing pin **72**. Any contact between the rear portion of the trigger member **26** and front surface of the locking bar **62** will simply cause the locking bar **62** to rotate out of the way, as illustrated in FIG. **4**.

Referring now to FIG. **5**, discharging an ammunition cartridge (not shown) causes the action to cycle by moving the bolt carrier assembly **52** rearwardly, as illustrated. The same effect occurs when the action is cycled manually. As in an ordinary AR15-pattern configuration, a lower surface **74** of the bolt carrier body **58** pushes rearwardly against the head portion **42** of the hammer **18**, forcing it to pivot on the hammer pivot/assembly pin **40** against its spring (not shown) toward a reset position. As the rearward movement of the bolt carrier body **58** and pivotal movement of the hammer **18** continues, mechanical interference or contact between a rear surface **74** of the hammer **18** (such as on the tail portion **44**) and a contact surface **30** of the trigger member **26** forces the trigger to pivot (arrows in FIG. **5**) toward and to its reset position. At the same time, as the trigger member **26** is reset, the biasing spring **70** moves the lower end of the locking bar **62** into a second position (FIG. **5**) in which it blocks pivotal movement of the trigger **26**, including by finger pressure applied (or reapplied) to the trigger blade **28**. Thus, as the bolt carrier assembly **52** returns forward, the trigger member **26** is held in its reset position by the locking bar **62** where the hammer sear catch **46** will engage with the sear **48** carried on the trigger member **26** to reset the fire control mechanism. The trigger member **26** cannot be pulled to release the sear/hammer engagement, thus precluding early hammer release or "hammer follow" against the bolt carrier assembly **52** and firing pin **72** as the bolt carrier assembly **52** is returning to battery. A trigger return spring (not shown) of the type used in a standard AR-pattern trigger mechanism may be unnecessary in this case, because the trigger member **26** is forced to return by the hammer **18**, but may be used, if desired.

When the bolt carrier assembly **52** has reached (or nearly reached) its closed, in-battery position (shown in FIG. **3**), the engagement surface **54** of the bolt carrier tail portion **56** contacts and forwardly displaces the upper end of the locking bar **62**, disengaging the second contact surface **32** of the trigger member **26**, allowing the trigger **26** to be pulled a second time. The distance of travel during which there is no interference between the locking bar **62** and second contact surface **32** of the trigger member **26**, allowing the trigger member **26** to be manually displaced, may be about from about 0.10 to 0.31 inch. This prevents early release of the hammer **18** and contact of the hammer against the firing pin **72** before the bolt is completely locked and in-battery.

6

Force applied by the user's trigger finger against the trigger blade portion **28** is incapable of overcoming the mechanical interference and force of the hammer **18** against the contact surface **30** of the trigger member **26**. However, the trigger can immediately be pulled again—only by application of an external force—as soon as the locking bar **62** has been rotated against the spring **70** and out of blocking engagement with the trigger member **26**, as the bolt carrier assembly **52** approaches or reaches its in-battery position. This allows the highest possible standard rate of fire, without risk of hammer-follow, for the semiautomatic action of the firearm.

While various embodiments of the present invention have been described in detail, it should be apparent that modifications and variations thereto are possible, all of which fall within the true spirit and scope of the invention. Therefore, the foregoing is intended only to be illustrative of the principles of the invention. Further, since numerous modifications and changes will readily occur to those skilled in the art, it is not intended to limit the invention to the exact construction and operation shown and described. Accordingly, all suitable modifications and equivalents may be included and considered to fall within the scope of the invention, defined by the following claim or claims.

What is claimed is:

**1**. For a firearm having a receiver with a fire control mechanism pocket, transversely aligned pairs of hammer and trigger pin openings in side walls of the pocket, and a bolt carrier that reciprocates and pivotally displaces a hammer when cycled, a trigger mechanism, comprising:

a hammer having a sear notch and mounted in the fire control mechanism pocket to pivot on a transverse hammer pin between set and released positions;

a trigger member having a sear and mounted in the fire control mechanism pocket to pivot on a transverse trigger pin between set and released positions, the trigger member having a surface positioned to be contacted by the hammer when the hammer is displaced by cycling of the bolt carrier, the contact causing the trigger member to be forced to the set position;

a locking bar pivotally mounted in a frame and spring biased toward a first position in which the locking bar mechanically blocks the trigger member from moving to the released position, and movable against the spring bias to a second position when contacted by the bolt carrier reaching a substantially in-battery position, allowing the trigger member to be moved by an external force to the released position.

**2**. The trigger mechanism of claim **1**, wherein the trigger member has a second surface positioned to be contacted by the locking bar when the locking bar is in the first position.

**3**. The trigger mechanism of claim **1**, wherein the locking bar includes means for limiting the extent to which the locking bar can pivot by the spring bias toward the first position.

**4**. For a firearm having a receiver with a fire control mechanism pocket, assembly pin openings in side walls of the pocket, and a bolt carrier that reciprocates and pivotally displaces a hammer when cycled, a trigger mechanism, comprising:

a housing having transversely aligned pairs of openings for receiving hammer and trigger assembly pins;

a hammer having a sear notch and mounted in the housing to pivot on a transverse axis between set and released positions;

a trigger member having a sear and mounted in the housing to pivot on a transverse axis between set and

US 10,514,223 B1

**7**

released positions, the trigger member having a surface positioned to be contacted by the hammer when the hammer is displaced by the bolt carrier when cycled, the contact causing the trigger member to be forced to the set position:

a locking bar pivotally mounted in the housing and spring biased toward a first position in which the locking bar mechanically blocks the trigger member from moving to the released position, and movable against the spring bias to a second position when contacted by the bolt carrier reaching a substantially in-battery position in which the trigger member can be moved by an external force to the released position.

**5**. The trigger mechanism of claim **4**, wherein the trigger member has a second surface positioned to be contacted by the locking bar when the locking bar is in the first position.

**6**. The trigger mechanism of claim **4**, wherein the housing's transversely aligned pairs of openings for receiving hammer and trigger assembly pins are aligned with the assembly pin openings in the fire control mechanism pocket of the receiver.

**7**. The trigger mechanism of claim **4**, wherein the locking bar includes means for limiting the extent to which the locking bar can pivot by the spring bias toward the first position.

\* \* \* \* \*

**8**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, INC., *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>MERRICK GARLAND, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 4:23-cv-00830-O |

## <u>NOTICE OF COMPLIANCE</u>

Defendants respectfully submit this Notice of Compliance to inform the Court of actions taken by the Defendants to comply with the October 7, 2023 Opinion & Order granting Plaintiffs' Motion for a Preliminary Injunction, ECF No. 53 ("Order").

1.　　On October 7, 2023, the Court preliminarily enjoined Defendants from undertaking certain enumerated actions related to a forced reset trigger device ("FRT") against "the Individual Plaintiffs and their immediate families,"[1] National Association for Gun Rights, Inc. ("NAGR"), Texas Gun Rights, Inc. ("TGR," and, together with NAGR, the "Associational Plaintiffs"), Associational Plaintiffs' members, "and the downstream customers of any commercial member of an [Associational] Plaintiff." Order at 42-43. In doing so, the Court emphasized that it "declines Plaintiffs' invitation to extend the scope of the injunctive relief nationwide based on recent Fifth Circuit guidance." Order at 43. The Court further explained that the limitation of the injunction "just to these Plaintiffs"

---

[1] The Individual Plaintiffs are Patrick Carey, Travis Speegle, and James Wheeler. Order at 6.

minimized Defendants' public safety concerns that would arise from an order prohibiting "*all* potential enforcement actions against anyone." *Id.* at 41 n.95. The Preliminary Injunction does "not extend to any individual prohibited from possessing firearms under 18 U.S.C. § 922(g)." *Id.* at 45. Finally, to avoid "trenching upon the E.D.N.Y. Decision" in *United States v. Rare Breed Triggers, LLC*, No. 23-cv-369 (NRM) (RML), the Court "further narrowed" the injunction "by carving out" from its scope the manufacturers and their affiliates subject to the E.D.N.Y. Decision. Order at 43-44.

2.      Undersigned counsel has consulted with ATF, and ATF advises that following the Court's Order, and beginning on October 8, 2023, it took various steps to ensure compliance with the Preliminary Injunction. This has included notifying its Office of Field Operations that any FRT-15 and Wide Open Trigger ("WOT") related recall efforts targeting individuals or entities named as Plaintiffs or known to be members of the Associational Plaintiffs should be stopped unless an individual is not covered by the Preliminary Injunction due to being a prohibited person under 18 U.S.C. § 922(g). As part of this effort, the Office of Field Operations was also provided with a list of known Associational Plaintiff members along with their geographic location. ATF has confirmed that all of the relevant field offices have stopped enforcement and recall efforts against known members of the Associational Plaintiffs, as well as the named Plaintiffs. The ATF Destruction Branch was also instructed not to destroy any FRT-15 and WOT devices in their possession.

3.      To further ensure compliance with the Court's Order, ATF's Acting Chief of the Frontline Investigative Support Branch (Field Management Staff) sent a written notice to all ATF field offices, including all ATF Office of Field Operations Senior Executives, all Special Agents in Charge, all Assistant Special Agents in Charge, all field Special Agent supervisors (i.e., all Resident Agents in Charge and Group Supervisors), all Field Operations' Division Operations Officers, and all Crime Gun Intelligence Center Supervisors. That written notice stated that a Preliminary Injunction has been entered to enjoin the following actions against those covered by the injunction:

- Criminal prosecution for possession of FRTs;

- Civil proceedings for possessing, selling, or manufacturing [FRTs] based on the claim they are machineguns;

- Criminal prosecutions for representing to the public of potential buyers and sellers that FRTs are not machineguns;

- Civil action for representing to the public of potential buyers and sellers that FRTs are not machineguns;

- Sending "Notice Letters" or other similar communications stating FRTs are machineguns;

- Requesting "voluntary" surrender of FRTs to the government based on the claim FRTs are machineguns;

- Destroying any previously surrendered or seized FRTs; and

- Otherwise interfering in the possession, sale, manufacture, transfer or exchange of FRTs based on the claim they are machineguns.

4.      Notably, ATF does not possess a list of all Associational Plaintiff members or downstream customers of any commercial Associational Plaintiff member.  Furthermore, no such lists appear to be publicly available, and Plaintiffs are unwilling to provide such lists, *see* Ex. 1 (10/16/23 email). As such, the Acting Chief of Field Management Staff's notice identified the names and locations of all known entities and individuals covered by the Preliminary Injunction, namely the Individual Plaintiffs, Associational Plaintiffs, and the Associational Plaintiff members who submitted Declarations in this case:

- National Association for Gun Rights

- Texas Gun Rights, Inc.

- James "J.R." Wheeler (of Crandell, Texas)

- Travis Speegle (of Austin, Texas)

- Patrick Carey (of Zachary, Louisiana)

- John Kordenbrock (of North Las Vegas, Nevada)

- Lance Benton (of Fort Worth, Texas)

- Ryan Flugaur (of Northern Colorado – city unknown)

3

- Lane Watkins (of Buckeye, Arizona)
- Chris McNutt (of Dallas-Forth Worth, Texas)
- William Carey (of Clarks Summit, Pennsylvania)

5.      All ATF field agents were further instructed that, should an individual or entity claim to be a member of an Associational Plaintiff or a downstream customer of a commercial member of an Associational Plaintiff, they should contact field counsel immediately. In such instances, field counsel is instructed to advise that any enforcement activities related to FRT-15 or WOT devices against that individual or entity must be stopped if the person is not prohibited from possessing firearms. Although an ATF field agent may ask for the individual or entity to voluntarily provide supporting documents showing membership, if they refuse to provide any such proof, counsel is to advise the ATF agent to still refrain from any enforcement effort so that ATF can contact Plaintiff's counsel to confirm membership status.

6.      Counsel for Plaintiffs has notified undersigned counsel that they believe NAGR members have been contacted by ATF agents in violation of the Preliminary Injunction. Counsel for Plaintiffs provided the name and location of one such individual, who had not submitted a declaration in this case. Upon learning of that individual's membership status, ATF immediately contacted field operations to inform the ATF agent handling the matter and to instruct him to desist any enforcement activities directed at the identified NAGR member.

7.      Counsel for Plaintiffs did not provide the names of the other unidentified NAGR members claimed to have been subject to improper enforcement actions. Ex. 1 (10/12/23 email; 10/16/23 email). As to those members, counsel for Plaintiffs provided only limited, partially identifying information about the agents alleged to be undertaking enforcement actions. *Id.* Had Plaintiffs' counsel provided the names of the members referenced in their communications, Defendants would have immediately desisted any enforcement actions against them. However,

4

information about the agents alleged to be taking enforcement actions alone is insufficient because, even if ATF is able to identify the agents based on the information provided, ATF cannot determine which of the agents' actions must be desisted without knowing the identity of the recipients purportedly covered by the Preliminary Injunction. Nor can ATF validate that such recipients are properly covered by the Preliminary Injunction and not otherwise excluded based on, for example, being a prohibited person under 18 U.S.C. § 922(g), without knowing their identity.

8.     For this reason, undersigned counsel requested that Plaintiffs' counsel provide a list of the Associational Plaintiffs' members that are covered by the Preliminary Injunction. Ex. 1 (10/13/23 email). Counsel for Plaintiffs refused to do so.

9.      To ensure compliance with the Court's Preliminary Injunction, ATF is thus continuing to instruct its agents not to take any of the actions enumerated in the Order against any individual or entity known to be covered by the Preliminary Injunction. Unless Plaintiffs are willing to provide ATF advance notice of those covered by the Preliminary Injunction, *e.g.*, by sharing membership lists or lists of members at the time the injunction issued who state that they possess these devices and seek the protection of the injunction, ATF cannot guarantee that agents will not inadvertently contact persons subject to the Preliminary Injunction. ATF has accordingly instructed ATF officials to refrain from taking enforcement actions against an individual or entity when ATF is provided with information that they are covered by the Court's Preliminary Injunction. This approach preserves ATF's ability to continue its ordinary activities related to FRTs as to those not covered by the injunction while also ensuring that, when a covered individual or entity makes themselves known to ATF, the protection of the Court's injunction will be fully and promptly effectuated.

DATED: October 20, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEX HAAS
Branch Director

BRIGHAM J. BOWEN
Assistant Branch Director

/s/ *Laura B. Bakst*
LAURA B. BAKST
MICHAEL P. CLENDENEN
ALEXANDER W. RESAR
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 514-3183
E-mail: laura.b.bakst@usdoj.gov

*Counsel for Defendants*

**Certificate of Service**

On October 20, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ *Laura B. Bakst*

6

# EXHIBIT 1

| | |
|---|---|
| **From:** | Clendenen, Michael P. (CIV) |
| **To:** | Jonathan Shaw (Dhillon Law); Resar, Alexander W. (CIV) |
| **Cc:** | David Warrington (Dhillon Law); Michael Columbo (Dhillon Law); Bakst, Laura B. (CIV) |
| **Subject:** | RE: Continuing violations of the Preliminary Injunction by ATF |
| **Date:** | Tuesday, October 17, 2023 2:18:30 PM |

Good afternoon Mr. Shaw,

It is not possible for ATF to identify the specific instances of alleged non-compliance based solely on the information you have provided. Please provide the names of the three or four members who you claim are being contacted in violation of the injunction so that ATF can confirm that such parties and alleged enforcement actions are subject to the injunction and, if so, ensure such enforcement desists.

Respectfully,

**Michael P. Clendenen**
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Room 12028
Washington, DC 20005
(P): 202-305-0693
(C): 202-532-5747
michael.p.clendenen@usdoj.gov

---

**From:** Jonathan Shaw (Dhillon Law) <JShaw@dhillonlaw.com>
**Sent:** Monday, October 16, 2023 11:54 PM
**To:** Resar, Alexander W. (CIV) <Alexander.W.Resar@usdoj.gov>; Clendenen, Michael P. (CIV) <Michael.P.Clendenen@usdoj.gov>
**Cc:** David Warrington (Dhillon Law) <DWarrington@dhillonlaw.com>; Michael Columbo (Dhillon Law) <MColumbo@dhillonlaw.com>; Bakst, Laura B. (CIV) <Laura.B.Bakst@usdoj.gov>
**Subject:** [EXTERNAL] RE: Continuing violations of the Preliminary Injunction by ATF

Mr. Resar,

Of course the associational plaintiffs and their members are neither willing nor required to sacrifice their First Amendment rights in order to enjoy the protection of the preliminary injunction. If the government intends to insist on that, rather than, for example, agreeing to check with us *before* taking action that would violate the preliminary injunction, then we will have no choice but to raise the issue with the Court.

In the meantime, I write to advise you that two other ATF agents – ███████ ███████ (█████████) and an agent from the Pensacola field office (████████████) – are violating the preliminary injunction by harassing NAGR members about forced reset triggers.  Please confirm that you are contacting these agents and that they will desist immediately.

Yours,

Jonathan M. Shaw | Partner | DHILLON LAW GROUP

2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
Direct: 703.748.2266
Mobile: 240.383.8758
Fax: 703.748.2266
Admitted to practice in Maryland, Virginia, and the District of Columbia

SAN FRANCISCO ADDRESS:
177 Post Street, Suite 700
San Francisco, California 94108
Phone: 415.433.1700| Fax: 415.520.6593

This email may be an attorney client privileged communication. If you received it in error, please destroy it and inform the sender.

---

**From:** Resar, Alexander W. (CIV) <Alexander.W.Resar@usdoj.gov>
**Sent:** Friday, October 13, 2023 9:28 AM
**To:** Jonathan Shaw (Dhillon Law) <JShaw@dhillonlaw.com>; Clendenen, Michael P. (CIV) <Michael.P.Clendenen@usdoj.gov>
**Cc:** David Warrington (Dhillon Law) <DWarrington@dhillonlaw.com>; Michael Columbo (Dhillon Law) <MColumbo@dhillonlaw.com>; Bakst, Laura B. (CIV) <Laura.B.Bakst@usdoj.gov>
**Subject:** RE: Continuing violations of the Preliminary Injunction by ATF

**External Email**

Jonathan –

ATF has been provided with a list of known members of the associational plaintiffs to ensure those individuals are afforded the protections provided by the PI.  Because the associational plaintiffs do not appear to maintain public lists of their members, however, the list provided to ATF is limited to the declarants in this action who have asserted membership.  To ensure no similar situation arises and ATF remains in compliance with the PI, please provide lists of the National Association for Gun Rights and Texas Gun Rights, Inc. members covered by the PI.  Those lists will then be provided to

ATF.  Without those lists, ATF obviously has no way of knowing whether the individuals it contacts are members of the associational plaintiffs and will be forced to rely on the individuals contacted to provide notice of their membership.

Best,
Alex

Alexander W. Resar
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
Office Tel: (202) 616-8188
Work Cell: (202) 698-7331

**From:** Jonathan Shaw (Dhillon Law) <JShaw@dhillonlaw.com>
**Sent:** Thursday, October 12, 2023 6:57 PM
**To:** Clendenen, Michael P. (CIV) <Michael.P.Clendenen@usdoj.gov>
**Cc:** David Warrington (Dhillon Law) <DWarrington@dhillonlaw.com>; Michael Columbo (Dhillon Law) <MColumbo@dhillonlaw.com>; Resar, Alexander W. (CIV) <Alexander.W.Resar@usdoj.gov>; Bakst, Laura B. (CIV) <Laura.B.Bakst@usdoj.gov>
**Subject:** [EXTERNAL] RE: Continuing violations of the Preliminary Injunction by ATF

Following up on this, I am told that the agent in question is named something that sounds like ███ and that her phone number is ██████.

Jonathan M. Shaw | Partner | Dhillon Law Group

2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
Direct: 703.748.2266
Mobile: 240.383.8758
Fax: 703.748.2266
Admitted to practice in Maryland, Virginia, and the District of Columbia

SAN FRANCISCO ADDRESS:
177 Post Street, Suite 700
San Francisco, California 94108
Phone: 415.433.1700| Fax: 415.520.6593

**This email may be an attorney client privileged communication. If you received it in error, please destroy it and inform the sender.**

**From:** Jonathan Shaw (Dhillon Law)
**Sent:** Thursday, October 12, 2023 6:07 PM
**To:** Michael.p.clendenen@usdoj.gov
**Cc:** David Warrington (Dhillon Law) <DWarrington@dhillonlaw.com>; Michael Columbo (Dhillon Law)

**Subject:** Continuing violations of the Preliminary Injunction by ATF

Mr. Clendenen,

I had hoped when we spoke on Monday that the contact by an ATF agent with a member of NAGR seeking to get him to surrender a forced reset trigger was an isolated incident and that the government would promptly take steps to make sure that all of its personnel understood their obligations under the Court's order. Apparently not. We continue to hear from NAGR members who have been receiving threatening messages from ATF personnel demanding the surrender of their property as recently as today.

Please advise (a) what steps ATF has already taken to ensure that its personnel understand their obligations under the Court's Order and, since those steps have clearly been inadequate, (b) what steps the government intends to take to ensure that these violations of the preliminary injunction cease immediately.

Thank you,

Jonathan M. Shaw | Partner | Dʜɪʟʟᴏɴ Lᴀᴡ Gʀᴏᴜᴘ

2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
Direct: 703.748.2266
Mobile: 240.383.8758
Fax: 703.748.2266
Admitted to practice in Maryland, Virginia, and the District of Columbia

SAN FRANCISCO ADDRESS:
177 Post Street, Suite 700
San Francisco, California 94108
Phone: 415.433.1700| Fax: 415.520.6593

This email may be an attorney client privileged communication. If you received it in error, please destroy it and inform the sender.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## _____ DIVISION

NATIONAL ASSOCIATION FOR GUN )
RIGHTS, INC., ET AL., )
                 ) Case No. _____
           Plaintiffs, )
     v. )
                 )
MERRICK GARLAND, )
IN HIS OFFICIAL CAPACITY AS )
ATTORNEY GENERAL )
OF THE UNITED STATES, ET AL, )
                 )
           Defendants. )
_____ )

## DECLARATION OF MR. PATRICK CAREY

1. My name is Patrick J. Carey.  I reside in Zachary, Louisiana.

2. I am a U.S. citizen.  I have never been charged with or convicted of a felony.  I am able to legally purchase and possess firearms.

3. Prior to August 22, 2022, I purchased and owned two "FRT-15—Rarebreed Trigger."

4. The purchase price for each FRT-15 was $ _300/450_ .

5. On August 22, 2022, agents from the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") visited my house.  They provided me with a letter asserting that that "ATF has information that you have acquired one or more Forced/Hard Reset Trigger (FRT) devices," that "[t]hese items have been classified as machineguns that were unlawfully manufactured.  Possession of these devices is a violation of law due to their illegal manufacture," and that "*the unlawful receipt and possession of any of these devices is a felony violation of Federal law*" (emphasis in the original).  A true and correct copy of this letter is attached to this Declaration.

EXHIBIT
A

6. In response to the ATF's assertion that the continued possession of a forced reset trigger is a felony violation of federal law, and in fear of civil or criminal prosecution, I surrendered two FRT-15 forced reset triggers to the ATF. A true and correct copy of the "Consent to Forfeiture or Destruction of Property and Waiver of Notice" form is attached to this Declaration.

7. I did not want to get rid of my FRT-15 forced reset triggers. I would like to own forced reset triggers. I would like to purchase new forced reset triggers. But for the ATF's threat of federal prosecution, I would purchase new forced reset triggers.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on July 28, 2023.

By: _____
    Mr. Patrick J. Carey

985-201 2nd
Ind ops - Local During
I O I

**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*[Baton Rouge] Field Division*

*[Date]8-22-22*

www.atf.gov

TO:  Patrick Carey
     5016 Knight Drive
     Zachary, LA

**WARNING NOTICE**

## YOU MAY BE IN VIOLATION OF FEDERAL LAW

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) is responsible for enforcing Federal firearms laws.  ATF has information that you have acquired one or more Forced/Hard Reset Trigger (FRT) devices [*Insert exact description of purchased item(s) if available*] from Gunbroker.com account "RifleRemedy2000".  These items have been classified as machineguns that were unlawfully manufactured.  Possession of these devices is a violation of law due to their illegal manufacture.  As such, due to their illegal manufacture, the registration of these devices in the National Firearms Registration and Transfer Record (NFRTR) is also a violation of law.

*This letter officially notifies you that the unlawful receipt and possession of any of these devices is a felony violation of Federal law and devices that are unlawfully received or possessed are subject to seizure and forfeiture by the Federal government.  Continued possession of any of the devices could result in prosecution for criminal violations of Federal law as well as potential State criminal violations. Any future purchase or possession of such devices may subject you to prosecution as well.*

The National Firearms Act (NFA), Title 26 U.S.C. Section 5845(b), defines the term "machinegun" as:

> "…any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger.  The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person."

1

The Gun Control Act of 1968 (GCA) as amended, 18 U.S.C. 922(o) prohibits an individual from possessing or transferring any machinegun not lawfully possessed prior to May 19, 1986. Federal regulation at Title 27 C.F.R. Section 479.105(c) generally permits qualified importers or manufacturers to manufacture or import machineguns after May 19, 1986, for sale or distribution to the government. However, it has been determined that these FRT machineguns, at least one of which is in your possession, were not lawfully manufactured pursuant to this regulation. Therefore, it is not lawful for you to possess the FRT machinegun(s).

Immediately contact your local ATF office at [*phone number*] within 30 days of receipt of this letter to coordinate the abandonment of any, and all, of the FRT machinegun(s) described above.

Thank you for your prompt attention to this matter.

Sincerely yours,


[*J. Hutchison*]
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives
[Baton Rouge] Field Division

```
 1                 IN THE UNITED STATES DISTRICT COURT

 2               FOR THE NORTHERN DISTRICT OF TEXAS

 3                        FORT WORTH DIVISION

 4

 5   NATIONAL ASSOCIATION FOR  )
     GUN RIGHTS, INC., et al., )
 6                             )
          Plaintiffs,          ) CASE NO. 4:23-CV-00830-O
 7                             )
     VS.                       ) FORT WORTH, TEXAS
 8                             )
     MERRICK GARLAND, et al.,  )
 9                             )
          Defendants.          ) OCTOBER 2, 2023
10

11                        VOLUME 1 OF 1
                 TRANSCRIPT OF EVIDENTIARY HEARING
12             BEFORE THE HONORABLE REED C. O'CONNOR
                UNITED STATES DISTRICT COURT JUDGE
13

14   A P P E A R A N C E S:

15

     FOR THE PLAINTIFFS: MR. MICHAEL COLUMBO
16                       DHILLON LAW GROUP
                         177 Post Street, Suite 700
17                       San Francisco, CA  94108
                         Telephone:  415.944.4996
18
                         MR. DAVID WARRINGTON
19                       MR. GARY LAWKOWSKI
                         DHILLON LAW GROUP
20                       2121 EISENHOWER AVENUE, SUITE 608
                         Alexandria, VA  22314
21                       Telephone:  703.574.1206

22                       MR. BENJAMIN H.B. SLEY
                         EGGLESTON KING DAVIS, LLP
23                       102 Houston Avenue, Suite 300
                         Weatherford, TX  76086
24                       Telephone:  408.636.3438

25
```

1

2      A P P E A R A N C E S :

3

4      FOR THE DEFENDANTS: MR. MICHAEL CLENDENEN
                          MR. ALEXANDER RESAR
5                         MS. LAURA BAKST
                          U.S. DEPARTMENT OF JUSTICE
6                         CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
                          1100 L Street NW, Room 12028
7                         Washington, D.C.  20005
                          Telephone:  202.305.0693
8

9

10                    E X H I B I T S

11     PLAINTIFFS' EXHIBITS -

12     A - Video.......................................29

13     B - Video.......................................31

14     C - Video.......................................29

15     DEFENDANTS' EXHIBITS -

16     1 - CV of Anthony Ciravolo......................52

17     2 - Transcript.................................58

18     3 - Cutaway Guns...............................77

19

20

21

22

23

24

25

1

2     COURT REPORTER:          ZOIE M. WILLIAMS, RMR, RDR, FCRR
                               United States Federal Court Reporter
3                              501 W. 10th Street
                               Fort Worth, Texas  76102
4                              zwilliams.rmr@gmail.com
                               817.850.6630
5

6

7

8          The above styled and numbered cause was reported by

9     computerized stenography and produced by computer.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2                          I N D E X

3

4   PLAINTIFFS' WITNESSES:

5   DANIEL O'KELLY –

6   Direct Examination by Mr. Columbo.................06

7   Cross-Examination by Mr. Clendenen................31

8   Redirect Examination by Mr. Columbo...............44

9   Rebuttal Examination by Mr. Columbo..............117

10  Surrebuttal Examination by Mr. Clendenen.........127

11  DEFENDANTS' WITNESSES –

12  ANTHONY CIRAVOLO –

13  Direct Examination by Mr. Resar...................46

14  Cross-Examination by Mr. Columbo..................99

15  Redirect Examination by Mr. Resar................115

16  Reporter's Certificate...........................146

17  Word Index.......................................147

18

19

20

21

22

23

24

25

1    go off on their own.  Something has to initiate the firing

2    sequence, and that's where the human element comes in.

3        Q.   So would you then agree that whether or not a

4    device is a machinegun does not determine about the degree

5    of pressure a shooter uses on the trigger?

6        A.   That's correct.  It's based upon what functions

7    the trigger does, not how much pressure the user needs to

8    start those functions.

9        Q.   So I want to just clarify something.  You wrote

10   your report that you were just using in your testimony in

11   about, was it April of this year?

12       A.   Yes, I believe so.

13       Q.   Do you still have your report up there with you?

14       A.   Yes, I do.

15       Q.   Okay.  If you just go to the second page of your

16   report.  Let me know when you get there.

17       A.   Okay.

18       Q.   So just above the section entitled "Findings,"

19   there is a paragraph that begins with the word "finally." Do

20   you see that?

21       A.   Yes.

22       Q.   Is it fair to characterize that paragraph

23   describes the definition of a machinegun as found in 27 CFR

24   478.11, 479.11?

25       A.   Yes, that's correct.

1     Q.   Now, in your direct testimony did I hear you

2   testify that the regulatory definition of a machinegun plays

3   no bearing on your opinion today?

4     A.   That's correct.  My classification is not based on

5   the regulatory definition, but in fact the statutory

6   definition where the single function of the trigger only

7   needs to be done one time.  So that's where the

8   classification is based off of.

9     Q.   Okay.  Now, in that paragraph is it accurate to

10   say that the paragraph quotes the regulatory definition to

11   say a single function of the trigger means a single pull of

12   the trigger and analogous motions?

13     A.   That's correct.

14     Q.   So you are not using that definition for today's

15   purposes?

16     A.   That's correct.  I believe that the single

17   function of the trigger means single pull of the trigger is

18   speaking of how the user interacts with the trigger to cause

19   it to function.

20     Q.   Okay.  So whether a user's pressure on the trigger

21   is constant or not, then is not determinative of whether or

22   not a device is a machinegun?

23     A.   That's correct.

24         THE COURT:  So you would change, if you were

25   writing this today, you would change this paragraph, in that

```
 1    you would say, single function of the trigger is how the

 2    shooter would interact with the trigger?  You would delete

 3    the word "means" from that?

 4              THE WITNESS:  Yes, that's correct.

 5              THE COURT:  Okay.

 6    (BY MR. COLUMBO:)

 7         Q.   I have to skip a few questions.  You threw me a

 8    curveball there.

 9              So, similarly, a continuous pull of a trigger is

10    not something a statute uses to decide whether or not

11    something is or is not a trigger?

12         A.   That's correct.  The statute speaks of what the

13    function of the trigger is.

14         Q.   In any event, even that phrase "continuous pull of

15    the trigger" is not even in the regulation anyway, right?

16         A.   Correct.

17         Q.   Okay.  So, well, then would you agree with me that

18    your testimony is not that a trigger requires a gun user to

19    lessen their pressure on the trigger and release it in order

20    to fire one shot?

21         A.   I'm sorry, could you state that again?

22         Q.   Well, let's try it a different way.

23              Is it your testimony that a single function of the

24    trigger requires the gun user to lessen their pressure on

25    the trigger and release it in between shots in order to
```

1     Q.    Subsequently, after the locking bar releases the

2    trigger, a user can pull the trigger rearward causing the

3    trigger to release the hammer which hits the firing pin and

4    causes the weapon to fire again, right?

5     A.    Yes, the user can continue to move the trigger

6    rearward.

7     Q.    But for the trigger to release the hammer and for

8    the gun to fire again, that trigger must move rearward?

9     A.    Yes, it must.

10     Q.    And the only force that moves that trigger

11    rearward comes from the user's finger, right?

12     A.    Yes, that's correct.

13     Q.    So just to sum up, for every shot fired by an

14    FRT-15, the trigger must move rearward to release the

15    hammer?

16     A.    Yes, that's correct.

17     Q.    Let's talk about an M16 for a moment.  An M16

18    machinegun has a part called an auto sear, correct?

19     A.    Yes.

20     Q.    After a trigger initially moves and releases the

21    hammer, the auto sear can then repeatedly release the hammer

22    to fire multiple shots without the trigger moving again,

23    correct?

24     A.    Yes, that's correct.

25     Q.    And that's different than an FRT-15, correct,

1    where the trigger movement is required for every shot fired?

2        A.   Yes, that's correct.

3        Q.   Indeed, in an FRT-15, the hammer is captured by

4    the trigger sear for each round fired?

5        A.   Yes, that's true.

6        Q.   But an M16, the hammer is not captured by the

7    trigger sear for each round fired?

8        A.   That's correct.

9        Q.   That means if you load and fire five rounds from

10   an FRT-15, the trigger must move to its most rearward

11   position five times, right?

12       A.   Yes.

13       Q.   Looking at it another way, if you loaded and fired

14   five rounds from an FRT-15, the trigger sear surface must

15   engage the hammer five times, yes?

16       A.   Yes, that's correct.

17       Q.   And the trigger will reset, I guess, four times?

18       A.   Yes, it will.

19       Q.   But if you load and fire five rounds from an M16

20   machinegun while the trigger is held rearward just once,

21   without being released, you can fire all five rounds; is

22   that right?

23       A.   Correct.  In both systems you only have to

24   initiate that sequence one time, but with one pull.

25       Q.   We just talked about the FRT-15.  But in an M16,

 1   capable of shooting automatically more than one shot without

 2   manual reloading by a single function of the trigger.

 3        The statute, as you've heard, does not define

 4   function of the trigger, but the Fifth Circuit has

 5   repeatedly held that the trigger is the mechanism used to

 6   initiate the firing sequence.

 7        That's the definition that Mr. Ciravolo applied in

 8   his classification report and legally it's from Jokel, it's

 9   from Camp, and it's reiterated by the plurality in Cargill.

10        So the relevant function of the trigger, for

11   purposes of the statutory definition of function of the

12   trigger, is the initiation of the firing sequence.

13        An FRT satisfies this statutory definition because

14   the trigger needs to only initiate the firing sequence once

15   for the weapon to continue to shoot automatically until the

16   shooter acts again on the trigger by releasing rearward

17   pressure.

18        You heard that passage Michael read from the

19   Cargill decision in which the Cargill plurality was clear

20   that holding and maintaining pressure on the trigger creates

21   one function of the trigger.  That is how the user engages

22   in one function of the trigger.

23        So once the FRT is subject to constant rearward

24   pressure, just like an M16, it will continue to fire until

25   the user releases that pressure, the firearm exhausts its

1   with our opposition brief a video, and I would just strongly

2   urge your Honor to watch that, if he has not already,

3   because it shows that, when subject to inanimate rearward

4   pressure, without any conscious decision to reengage or to

5   release pressure, the firearm continues to fire with an

6   FRT-15.

7            And again, the fact that this pressure is

8   constant, and rearward does not mean that the trigger is

9   performing more than one function as the Cargill plurality

10  made clear, the act of pulling and holding the trigger is

11  one function.  And that's all that needs to happen in an

12  FRT-15 for it to continue to fire.

13           Unless your Honor has any questions on what I just

14  spoke about --

15           THE COURT:  Just briefly, and I appreciate you

16  getting to the point.

17           My question to you is, is there any factual

18  dispute about how any of these guns work between you and the

19  plaintiff?

20           MR. RESAR:  I don't think so, your Honor.  I think

21  we agree on the way that guns work.  I think the

22  disagreement is on how this statute is applied.

23           THE COURT:  Right.  And even with the Zip-Tie, the

24  trigger for the FRT-15 operates the same with a Zip-Tie as

25  with someone putting their finger on it, as with any other

```
 1                    MR. RESAR:  Correct.  Exactly.

 2                    THE COURT:  And then, when you engage that, one

 3       round comes out, it's a semiautomatic round?  Multiple

 4       rounds cannot come out when you pull it back, it halfway

 5       back?

 6                    And then, if you engage it further, all the way

 7       back, then you can have the burst fire of an automatic?

 8                    MR. RESAR:  Yes, precisely.  That's what

 9       Mr. Ciravolo explained.

10                    THE COURT:  Okay.  And as it relates to the

11       Cargill decision, the Fifth Circuit concluded or determined,

12       the majority opinion, the controlling opinion concluded that

13       function of the trigger meant action?

14                    MR. RESAR:  If I could just push back?  I'm sorry,

15       this may seem like splitting hairs, but that was a

16       plurality, it was eight judges who concluded that.  It was,

17       I believe, a 16-judge en banc.

18                    So I think there is some dispute over whether that

19       is controlling or not, but we certainly recognize it is, at

20       a minimum, highly persuasive, and we think this satisfies

21       the definition under that.  I just wanted to note for the

22       record that the U.S.'s position is that is not officially a

23       controlling opinion.

24                    THE COURT:  Okay.  Thank you.  For that portion of

25       the opinion, the function they define, that en banc of the
```

1      court defined that function as action, action of the

2      trigger?  Function of the trigger means action of the

3      trigger?

4              MR. RESAR:  I don't think I agree with that, your

5      Honor.  I think it's initiating the firing sequence.

6              THE COURT:  The reason I ask that is because that

7      is, at that first part of the opinion, when the writer is

8      grappling with how to determine that, that portion of the

9      opinion says function means action.

10             MR. RESAR:  Yes, your Honor.

11             THE COURT:  Right?

12             And they're talking about the trigger?

13             MR. RESAR:  Uh-huh.

14             THE COURT:  But you disagree that it would be

15     action of the trigger?

16             MR. RESAR:  Well, let me clarify.  So the trigger

17     is defined as a mechanism that initiates the firing

18     sequence.  So the function of the trigger is the action that

19     the trigger takes to initiate the firing sequence.

20             I don't think that we're disagreeing, or I'm

21     trying to disagree, I'm certainly not.  I think I'm just

22     putting it in slightly different words that are used

23     elsewhere in the opinion.

24             THE COURT:  Got you.  Okay.

25             So for it to be a machinegun then, the FRT-15 will

1   need to automatically expel projectiles with the single

2   pulling of the trigger?

3          MR. RESAR:  With a single, continuous pull.  And

4   that's because the FRT-15-equipped firearm initiates the

5   firing sequence once and the rest of that happens

6   automatically.

7          THE COURT:  Right.  So your view is that, by

8   holding the trigger down, even though it moves, that is a

9   single action of the trigger?  Right?  We don't use pull,

10  right?

11         MR. RESAR:  Correct.  Yes.

12         THE COURT:  According to that portion of the

13  opinion, we don't use pull.  We use action of the trigger.

14         And it is a single action, in your mind, even

15  though the trigger moves back and forth to propel these

16  multiple projectiles out of the firearm?

17         MR. RESAR:  Yes.  Correct, your Honor.  And that

18  comes directly from the language in Cargill that we've read

19  a few times now stating that single rearward pull causes

20  malfunction.

21         THE COURT:  Okay.  Very good.  She's going to

22  address a couple of facts just briefly.

23         MS. BAKST:  Thank you, your Honor.  I will keep

24  this very brief.  I just want to speak about scope of

25  relief.  Plaintiffs here are seeking an extremely broad

1    happens after the shooter has moved the trigger.  In this,

2    they were agreeing with the position of the military court

3    in Alkazahg that's cited in our papers.

4          As to the function of the trigger, the Fifth

5    Circuit held that in a hammer-fired gun, like the AR-15, the

6    trigger's function is to release the hammer as part of a

7    simple mechanical process.

8          Even before Cargill, as early as 1992, the Fifth

9    Circuit described the role of a trigger in a hammer-fired

10   weapon similarly as, "The part of the action of a firearm

11   moved by the finger to release the hammer in firing."

12   That's from United States vs. Jokel at 969 F.2d 132, and pin

13   cite is 134.

14         Accordingly, a single function of the trigger

15   refers to the purpose and action of the trigger and not the

16   user, by contrast.

17         As counsel said, we do agree on how the FRT-15

18   works.  It sounds like, according to Mr. Ciravolo, we all

19   are agreeing that the only standard is what's in the statute

20   itself.

21         But as to the operation of the FRT-15, we've heard

22   testimony today that, one, for every shot fired, an FRT-15

23   trigger must function.  That is, it must move rearwards to

24   perform the function of releasing the hammer.

25         Two, after each shot is fired on an FRT-15

1

2                              REPORTER'S CERTIFICATE

3

4          I, ZOIE WILLIAMS, RMR, RDR, FCRR, certify that

5     the foregoing is a true and correct transcript from

6     the record of proceedings in the foregoing entitled

7     matter to the best of my ability to hear.

8          Further, due to the COVID-19 pandemic, some

9     participants are wearing masks, and/or appeared via

10    videoconferencing, so proceedings were transcribed to the

11    best of my ability.

12         I further certify that the transcript fees format

13    comply with those prescribed by the Court and the Judicial

14    Conference of the United States.

15         Signed this 9th day of October, 2023.

16

17                         ___/s/ Zoie Williams_____
                           Zoie Williams, RMR, RDR, FCRR
18                            Official Court Reporter
                           Northern District of Texas
19                            Fort Worth Division

20    Business Address:    501 W. 10th Street
                           Fort Worth, Texas 76102
21                         zwilliams.rmr@gmail.com
                           817.850.6630
22

23

24

25

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

NATIONAL ASSOCIATION FOR GUN  )
RIGHTS, INC., ET AL.,  )
  )  Case No. 4:23-cv-00830-O
        Plaintiffs,  )
  )
    v.  )
  )
MERRICK GARLAND,  )
IN HIS OFFICIAL CAPACITY AS  )
ATTORNEY GENERAL  )
OF THE UNITED STATES, ET AL,  )
  )
        Defendants.  )
_____  )

## DECLARATION OF PETE MORENO

I, Pete Moreno, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     I am over 18 years of age, of sound mind, and otherwise competent to make this

Declaration. The evidence set out in the foregoing Declaration is based on my personal

knowledge.

2.     I am a member of the National Association for Gun Rights.

3.     I reside in Florida. My address is ███████████████████████████.

4.     I own an FRT-15, forced reset trigger.

5.     On October 27, 2023, I received a call from an ATF agent who informed me that I

was legally obligated to surrender my FRT-15 triggers. The ATF agent called from the number

(850) 572-5412.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11/1/2023

_____
Pete Moreno

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NATIONAL ASSOCIATION FOR GUN　)
RIGHTS, INC., ET AL.,　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　　Case No. 4:23-cv-00830-O
　　　　　　　Plaintiffs,　　　　)
　　v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
MERRICK GARLAND,　　　　　　　 )
IN HIS OFFICIAL CAPACITY AS　　　)
ATTORNEY GENERAL　　　　　　　)
OF THE UNITED STATES, ET AL,　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　)
　　　　　　　　　　　　　　　　)

## DECLARATION OF NICK BARRY

I, Nick Barry, pursuant to 28 U.S.C. § 1746, declare as follows:

1.　　I am over 18 years of age, of sound mind, and otherwise competent to make this

Declaration. The evidence set out in the foregoing Declaration is based on my personal knowledge.

2.　　I am a member of the National Association for Gun Rights.

3.　　I reside in _NM_ . My address is █████████████████

4.　　I own an FRT-15, forced reset trigger.

5.　　On October 20, 2023, I received a letter from the ATF agent informing me that I may

be legally obligated to surrender my FRT-15 triggers.

6.　　A true and correct copy of the letter that I received from ATF is attached here as

Exhibit A.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 1, 2023

_Nick Barry_ (signature)

Nick Barry

286

# EXHIBIT A



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Phoenix Field Division*

*October 18, 2023*

www.atf.gov

TO: Nick Barry

## WARNING NOTICE

## <u>YOU MAY BE IN VIOLATION OF FEDERAL LAW</u>

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) is responsible for enforcing Federal firearms laws. ATF has information that you have acquired one or more Forced/Hard Reset Trigger (FRT) devices Tommy Triggers, model FRT15-3MD from various websites to include but not limited to www.tommytriggers.com, www.ar15-triggers.com and/or www.armslist.com. These items have been classified as machineguns that were unlawfully manufactured. Possession of these devices is a violation of law due to their illegal manufacture. As such, due to their illegal manufacture, the registration of these devices in the National Firearms Registration and Transfer Record (NFRTR) is also a violation of law.

*This letter officially notifies you that the unlawful receipt and possession of any of these devices is a felony violation of Federal law and devices that are unlawfully received or possessed are subject to seizure and forfeiture by the Federal government. Continued possession of any of the devices could result in prosecution for criminal violations of Federal law as well as potential State criminal violations. Any future purchase or possession of such devices may subject you to prosecution as well.*

The National Firearms Act (NFA), Title 26 U.S.C. Section 5845(b), defines the term "machinegun" as:

> "…any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person."

1



The Gun Control Act of 1968 (GCA), as amended, Title 18 U.S.C. Section 922(o), prohibits an individual from possessing or transferring any machinegun not lawfully possessed prior to May 19, 1986. Federal regulation at Title 27 C.F.R. Section 479.105(c) generally permits qualified importers or manufacturers to manufacture or import machineguns after May 19, 1986, for sale or distribution to the government. However, it has been determined that these FRT machineguns, at least one of which is in your possession, were not lawfully manufactured pursuant to this regulation. Therefore, it is not lawful for you to possess the FRT machinegun(s).

Immediately contact your local ATF office at 505-346-6915 within 30 days of receipt of this letter to coordinate the abandonment of any, and all, of the FRT machinegun(s) described above.

Thank you for your prompt attention to this matter.


Sincerely yours,


Brendan Iber
Special Agent in Charge
Bureau of Alcohol, Tobacco, Firearms and Explosives
Phoenix Field Division

2

289

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, INC., ET AL., | ) ) ) | |
| Plaintiffs, | ) | Case No. 4:23-cv-00830-O |
| v. | ) ) | |
| MERRICK GARLAND, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES, ET AL, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## <u>DECLARATION OF MACKENZIE MITCHELL</u>

I, Mackenzie Mitchell, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. The evidence set out in this Declaration is based on my personal knowledge.

2.      I am a member of the National Association for Gun Rights.

3.      I reside in Arizona. My address is ████████████████████

4.      I own an FRT-15, Forced Reset Trigger.

5.      On October 23, 2023, Special Agent Brendan D. Iber of the Bureau of Alcohol, Tobacco and Firearms and Explosives sent me a letter asking me to surrender my FRT-15. A true and correct copy of that letter is attached to this declaration as Exhibit A.

## <u>VERIFICATION</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 31, 2023

_____

Mackenzie Mitchell

290

# Exhibit A

Doc ID: 658836445716b3e0be21ead57ce2872fd818ad46



U.S. Department of Justice

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Phoenix Field Division*

October 23, 2023
www.atf.gov

TO: Mackenzie Mitchell

## WARNING NOTICE

## YOU MAY BE IN VIOLATION OF FEDERAL LAW

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) is responsible for enforcing Federal firearms laws. ATF has information that you have acquired one or more Forced/Hard Reset Trigger (FRT) devices, Tommy Triggers Forced Reset Trigger, Model FRT-15-3MD, from Tommytriggers.com. These items have been classified as machineguns that were unlawfully manufactured. Possession of these devices is a violation of law due to their illegal manufacture. As such, due to their illegal manufacture, the registration of these devices in the National Firearms Registration and Transfer Record (NFRTR) is also a violation of law.

*This letter officially notifies you that the unlawful receipt and possession of any of these devices is a felony violation of Federal law and devices that are unlawfully received or possessed are subject to seizure and forfeiture by the Federal government. Continued possession of any of the devices could result in prosecution for criminal violations of Federal law as well as potential State criminal violations. Any future purchase or possession of such devices may subject you to prosecution as well.*

The National Firearms Act (NFA), Title 26 U.S.C. Section 5845(b), defines the term "machinegun" as:

"…any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person."

1



The Gun Control Act of 1968 (GCA), as amended, Title 18 U.S.C. Section 922(o), prohibits an individual from possessing or transferring any machinegun not lawfully possessed prior to May 19, 1986. Federal regulation at Title 27 C.F.R. Section 479.105(c) generally permits qualified importers or manufacturers to manufacture or import machineguns after May 19, 1986, for sale or distribution to the government. However, it has been determined that these FRT machineguns, at least one of which is in your possession, were not lawfully manufactured pursuant to this regulation. Therefore, it is not lawful for you to possess the FRT machinegun(s).

Immediately contact your local ATF office at **(602) 776-5400** within 30 days of receipt of this letter to coordinate the abandonment of any, and all, of the FRT machinegun(s) described above.

Thank you for your prompt attention to this matter.

Sincerely yours,

Brendan D. Iber
Special Agent in Charge
Bureau of Alcohol, Tobacco, Firearms and Explosives
Phoenix Field Division

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, INC., ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:23-cv-00830-O |
| v. | ) ) | |
| MERRICK GARLAND, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES, ET AL, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## DECLARATION OF RYAN J. FLUGAUR

I, Ryan J. Flugaur, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. The evidence set out in this Declaration is based on my personal knowledge.

2.      I am employed as the vice president of the Plaintiff in this action, the National Association for Gun Rights, Inc (the "NAGR"). I am familiar with NAGR's records.

3.      From the date the preliminary injunction was issued by Judge Reed O'Connor of the United States District Court for the Northern District of Texas, until the present date, NAGR has been made aware by 10 of its members that they were contacted by the ATF in attempts to have those NAGR members surrender their FRT-15s.

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 31, 2023

Ryan J. Flugaur

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-against-<br><br>RARE BREED TRIGGERS, LLC; RARE BREED FIREARMS, LLC; LAWRENCE DEMONICO; KEVIN MAXWELL,<br><br>Defendants. | Case No. 1:23-cv-00369-NRM-RML<br><br><br><br>**NOTICE OF APPEAL** |

Notice is hereby given that Defendants hereby appeal to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1292(a)(1), from the decision and order entered September 5, 2023, granting Plaintiff's motion for preliminary injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure (the "September 5 Order"). This appeal is taken from each and every part of the September 5 Order.


Dated: Newark, New Jersey
      October 4, 2023


                                   */s/ Josiah Contarino*
                                   Josiah Contarino
                                   David A. Warrington (*pro hac vice*)
                                   Michael A. Columbo (*pro hac vice*)
                                   Jacob William Roth (*pro hac vice*)
                                   DHILLON LAW GROUP INC.
                                   A CALIFORNIA PROFESSIONAL CORPORATION
                                   50 Park Place, Suite 1105
                                   Newark, NJ 07102
                                   917-423-7221


                                   *Attorneys for Defendants*

United States District Court
Southern District of Texas

**ENTERED**

October 17, 2023

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | **CRIMINAL CASE NO. 2:22-CR-185** |
| | § | |
| TERRENCE JAMES BRUGGEMAN | § | |

---

### ORDER GRANTING UNOPPOSED MOTION FOR CONTINUANCE

---

On October 13, 2023, Defendant moved for a continuance of the trial setting on the following grounds: The case was previously certified as complex. Additionally, co-counsel for defendant is undergoing medical treatment and is unavailable. (D.E. 69).

Under the Speedy Trial Act, a district court may grant a continuance and exclude the resulting delay from the time in which a trial must commence if it makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial. 18 U.S.C. § 3161(h)(7).

Having considered Defendant's motion, the Court finds the following § 3161(h)(7)(B) factors apply to the case at hand:



_____ (1)   That the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

__X__ (2)   That the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.

_____ (3)   That, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable

1 / 2

to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

_____ (4)    That the failure to grant such a continuance in this case which, taken as a whole, is not so unusual or so complex as to fall within clause (2) above, would deny the defendant or the government continuity of counsel, or would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

_____ (5)    Other relevant factors:

Accordingly, the Court finds that the ends of justice are served by granting a continuance in this case and outweigh the best interests of the public and Defendant in a speedy trial.  The Court **GRANTS** Defendant's motion and **CONTINUES** the Final Pretrial Conference (FPTC) until **January 25, 2024 at 9:00 a.m.** and Jury Selection/Trial until **February 5, 2024 at 9:00 a.m.**  All motions shall be filed in accordance with the dates set forth in the original Pretrial Order.  Parties are ordered to file motions in limine, exhibit and witness lists, and proposed jury instructions no later than **3 days before FPTC**.  Any plea bargain or plea agreement entered into by the parties in this cause must be made known in writing on or before **3 days before FPTC**.  No plea bargain or plea agreement entered into after this date will be honored by this Court without good cause shown for the delay.  Any motion to continue the Final Pretrial Conference and Jury Selection and Trial must be filed no later than **3 days before FPTC**.  Failure to abide by the deadlines may result in motions being stricken or denied.

        **ORDERED** on October 17, 2023.

                                   NELVA GONZALES RAMOS
                                   UNITED STATES DISTRICT JUDGE

1

```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF NEW YORK
 2     - - - - - - - - - - - - - - - X
                                      :
 3        UNITED STATES OF AMERICA,   :  23-CV-00369 (NM)
                                      :
 4              Plaintiff,            :
                                      :
 5                                    :  United States Courthouse
          -against-                   :  Brooklyn, New York
 6                                    :
                                      :
 7                                    :  August 1, 2023
          RARE BREED TRIGGERS, LLC,   :  10:00 a.m.
 8        ET. AL,                     :
                                      :
 9              Defendant.            :
                                      :
10     - - - - - - - - - - - - - - - X

11     TRANSCRIPT OF CIVIL CAUSE FOR PRELIMINARY INJUNCTION HEARING
                   BEFORE THE HONORABLE NINA MORRISON
12                  UNITED STATES DISTRICT JUDGE

13                    A P P E A R A N C E S :

14     For the Plaintiff:        U.S. ATTORNEYS OFFICE
                                 EASTERN DISTRICT OF NEW YORK
15                               271 Cadman Plaza East
                                 Brooklyn, New York 11201
16
                                 BY:  MICHAEL S. BLUME, ESQ.
17                                    PAULINA STAMATELOS, ESQ.
                                      DAVID ALLEN COOPER, ESQ.
18
       For the Defendant:        DHILLON LAW GROUP
19                               2121 Eisenhower Avenue
                                 Alexandria, Virginia 22314
20
                                 BY:  DAVID WARRINGTON, ESQ.
21                                    MICHAEL A. COLUMBO, ESQ.
                                      JACOB ROTH, ESQ.
22
       Court Reporter:           JAMIE ANN STANTON, RMR, CRR, RPR
23                               Official Court Reporter
                                 Telephone: (718) 613-2274
24                               E-mail:  Jamiestanton.edyn@gmail.com

25     Proceedings recorded by computerized stenography.  Transcript produced by
       Computer-aided Transcription.
```

1   Q    So a moment ago, and maybe I didn't ask it clearly, but

2   aren't you saying in your analysis that a single function of

3   the trigger means a single pull of the trigger?

4   A    Yes, it does.

5   Q    This --

6         THE COURT:  And this is -- so we didn't have him

7   state the quotation marks, but this whole section I take it is

8   a quotation from the regulation cited at the beginning of the

9   sentence?

10         SPEAKER2:  Yes, your Honor.

11         THE COURT:  Okay.  Thank you.

12   Q    Correct, Mr. Ciravolo?

13   A    Yes.

14   Q    Specifically, those regulations that are in your report

15   and that we're discussing, they state -- in essence, they're

16   saying the ATF interprets that a single function of the

17   trigger means a single pull of the trigger in analogous

18   motions, right?

19   A    Yes.

20   Q    That ATF regulation, isn't that part of what's known as

21   the bump stock rule?

22   A    I believe that's when that regulation was placed.

23   Q    Is that about 2019?

24   A    I believe so.

25   Q    And you wrote your report on April 27th of 2023?

1      Q.    And then, just a few years ago, it passed a rule

2   saying that they were machineguns?

3      A.    Correct.

4      Q.    And an ATF FEO testified in a case called Cargill

5   that it was his opinion that bump stocks were, in fact,

6   machineguns?

7      A.    I believe so.

8      Q.    But that the Fifth Circuit disagreed and concluded

9   that they were not?

10     A.    That's correct.

11     Q.    Would you agree that the statutory definition of a

12  machinegun does not define a machinegun based on its rate of

13  fire?

14     A.    That is correct.

15     Q.    Accordingly, can we agree that the rate of fire in

16  an AR-15 equipped with an FRT-15 has no bearing on whether

17  or not it's a machinegun?

18     A.    I agree.

19     Q.    Isn't it also true that, if a gun fires only one

20  shot with each function of a trigger, it is, by definition,

21  not a machinegun, right?

22     A.    That is correct.

23     Q.    Is it fair to say that your conclusion that the

24  FRT-15 is a machinegun depends on the notion that a single

25  function of the trigger means a pull of the trigger?

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, INC., ET AL., | ) ) ) | Case No. 4:23-cv-00830-O |
| Plaintiffs, | ) | |
| v. | ) ) | |
| MERRICK GARLAND, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES, ET AL, | ) ) ) ) ) | |
| Defendants. | ) | |

## DECLARATION OF LEE BOERSCHIG

1. My name is Lee Boerschig. I reside in Williston, North Dakota.

2. I am a member of the Plaintiff organization National Association for Gun Rights.

3. On October 9, 2023, I received by U.S. Mail a letter from the BATFE dated October 3, 2023. A true and correct copy of that letter is attached hereto.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on October 12, 2023.

By: _____
Lee Boerschig



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*St. Paul, MN  Field Division*

*October 3, 2023*

www.atf.gov

TO:  Lee Ernest Boerschig

Williston, North Dakota 58801

## WARNING NOTICE

# YOU MAY BE IN VIOLATION OF FEDERAL LAW

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) is responsible for enforcing Federal firearms laws.  ATF has information that you have acquired one or more Forced/Hard Reset Trigger (FRT) devices, Tommy Triggers Forced Reset Trigger, Model FRT-15-3MD, from Tommytriggers.com.  These items have been classified as machineguns that were unlawfully manufactured.  Possession of these devices is a violation of law due to their illegal manufacture.  As such, due to their illegal manufacture, the registration of these devices in the National Firearms Registration and Transfer Record (NFRTR) is also a violation of law.

*This letter officially notifies you that the unlawful receipt and possession of any of these devices is a felony violation of Federal law and devices that are unlawfully received or possessed are subject to seizure and forfeiture by the Federal government.  Continued possession of any of the devices could result in prosecution for criminal violations of Federal law as well as potential State criminal violations.  Any future purchase or possession of such devices may subject you to prosecution as well.*

The National Firearms Act (NFA), Title 26 U.S.C. Section 5845(b), defines the term "machinegun" as:

> "…any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person."

1

302

The Gun Control Act of 1968 (GCA), as amended, Title 18 U.S.C. Section 922(o), prohibits an individual from possessing or transferring any machinegun not lawfully possessed prior to May 19, 1986. Federal regulation at Title 27 C.F.R. Section 479.105(c) generally permits qualified importers or manufacturers to manufacture or import machineguns after May 19, 1986, for sale or distribution to the government. However, it has been determined that these FRT machineguns, at least one of which is in your possession, were not lawfully manufactured pursuant to this regulation. Therefore, it is not lawful for you to possess the FRT machinegun(s).

Immediately contact your local ATF office at (701) 293-2880 within 30 days of receipt of this letter to coordinate the abandonment of any, and all, of the FRT machinegun(s) described above.

Thank you for your prompt attention to this matter.

Sincerely yours,

Tony Rotunno
Special Agent in Charge
Bureau of Alcohol, Tobacco, Firearms and Explosives
Fargo, North Dakota Field Division

2

303

# BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

## OFFICIAL NOTIFICATION
## POSTED ON
## NOVEMBER 01, 2023

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

**To File a Petition for Remission or Mitigation:**  The government may consider granting petitions for remission or mitigation, which pardons all or part of the property from the forfeiture.  You may file both a claim and a Petition for Remission or Mitigation (Petition).  If you file only a petition and no one else files a claim, your petition will be decided by the seizing agency and will not be heard in U.S. District Court.  The petition must include a description of your interest in the property supported by documentation, include any facts you believe justify the return of the property, and be **signed under oath**, subject to the penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury.  *See* 28 U.S.C. Section 1746.  For the regulations pertaining to remission or mitigation of the forfeiture, see 28 C.F.R. Sections 9.1 – 9.9.  The criteria for remission of the forfeiture are found at 28 C.F.R. Section 9.5(a).  The criteria for mitigation of the forfeiture are found at 28 C.F.R. Section 9.5(b).  The petition need not be made in any particular form and may be filed online or in writing.  You should file a petition not later than **11:59 PM EST 30 days** after the date of final publication of this notice.  *See* 28 C.F.R. Section 9.3(a).  The https://www.forfeiture.gov/FilingPetition.htm website provides access to a standard petition form that may be mailed and the link to file a petition online.  If you cannot find the desired assets online, you must file your petition in writing.  This website also provides information on the agency filing address to use when mailing as well as answers to frequently asked questions (FAQs) about filing a petition.

**To File a Claim:**  You may contest the forfeiture of the property listed below in U.S. District Court by filing a claim not later than **11:59 PM EST 30 days** after the date of final publication of this notice of seizure, unless you received a written notice via personal letter in which case the deadline set forth in the letter shall apply.  A claim must describe the seized property, state your ownership or other interest in the property, and be **made under oath**, subject to penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury.  *See* 18 U.S.C. Section 983(a)(2)(C) and 28 U.S.C. Section 1746.  A claim need not be made in any particular form and may be filed online or in writing.  *See* 18 U.S.C. Section 983(a)(2)(D).  Claims must be sent to the ATF pursuant to the instructions shown in this notice.  The https://www.forfeiture.gov/FilingClaim.htm website provides access to a standard claim form that may be mailed and the link to file a claim online.  If you cannot find the desired assets online, you must file your claim in writing.  This website also provides information on the agency filing address to use when mailing as well as answers to frequently asked questions (FAQs) about filing a claim.

**To Request Release of Property Based on Hardship:**  Upon the filing of a proper claim, a claimant may request release of the seized property during pendency of forfeiture proceedings due to hardship if the claimant is able to meet specific conditions.  *See* 18 U.S.C. Section 983(f).  The hardship request cannot be filed online and must be in writing.  The claimant must establish the following: claimant has a possessory interest in the property, claimant has sufficient ties to the community to assure that the property will be available at the time of trial, and the government's continued possession will cause a substantial hardship to the claimant.  A complete list of the hardship provisions can be reviewed at 18 U.S.C. Section 983(f) and 28 C.F.R. Section 8.15.  Some assets are not eligible for hardship release.

Submit all documents to the Bureau of Alcohol, Tobacco, Firearms and Explosives, Forfeiture Counsel, Asset Forfeiture & Seized Property Division, 99 New York Avenue., NE, AFSPD Room (3.E.454), Washington, DC 20226.

## LAST DATE TO FILE:  12/29/2023

## DISTRICT OF ALASKA

**21-ATF-038315:** $21,724.00 U.S. Currency, seized by the Alaska DPS State Troopers on April 29, 2021 from Michael Roza in Kenai, AK, and seized by the ATF for forfeiture on August 25, 2023 pursuant to 21 U.S.C. Section 881.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

Page 1 of 167

305

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/29/2023**

## NORTHERN DISTRICT OF ALABAMA

**23-ATF-036070:** Remington Arms Company, Inc. (Sears and Roebuck) 3T Rifle CAL:Unknown SN:142690, valued at $50.00, seized by the ATF on September 26, 2023 from Henry Moore in Tuscaloosa, AL for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036071:** Rossi 461 Revolver CAL:Unknown SN:EW486191, valued at $100.00, seized by the US DEPARTMENT OF VETERANS AFFAIRS on September 25, 2023 from Henry Moore in Tuscaloosa, AL, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036073:** 6 Rounds Remington Ammunition CAL:357, valued at $0.60, seized by the US DEPARTMENT OF VETERANS AFFAIRS on September 25, 2023 from Henry Moore in Tuscaloosa, AL, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036074:** 8 Rounds Remington Ammunition CAL:22, valued at $0.80, seized by the US DEPARTMENT OF VETERANS AFFAIRS on September 25, 2023 from Henry Moore in Tuscaloosa, AL, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000223:** Glock Inc. 19 Pistol CAL:9 SN:BYFA911, valued at $500.00, seized by the ATF on October 12, 2023 from Antony Kirksey in Anniston, AL for forfeiture pursuant to 18 U.S.C. Section 924(d).

## WESTERN DISTRICT OF ARKANSAS

**23-ATF-035777:** HS PRODUKT (IM METAL) XD9 Pistol CAL:9 SN:BB145252, valued at $250.00, seized by the ATF on September 01, 2023 from Tristan JUSTICE in Ozone, AR for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035778:** 16 Rounds WINCHESTER-WESTERN Ammunition CAL:9, valued at $1.60, seized by the ATF on September 01, 2023 from Tristan JUSTICE in Ozone, AR for forfeiture pursuant to 18 U.S.C. Section 924(d).

## DISTRICT OF ARIZONA

**24-ATF-000205:** FNH USA M249S Rifle CAL:556 SN:M249SA07148, valued at $9,888.00, seized by the ATF on October 11, 2023 from Christian Sanchez and Flexible Firearms Training in Laveen, AZ for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

Page 2 of 167

306

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law. Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/29/2023**

### EASTERN DISTRICT OF CALIFORNIA

**23-ATF-035983:** Rock Island Armory Inc. (Geneseo, IL) 1911 Pistol CAL:.45 SN:26857, valued at $700.00, seized by the ATF on September 20, 2023 from David DIAZ and Jesus LOPEZ in Fresno, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035984:** Remington Arms Company, Inc. 1911R1S Pistol CAL:45 SN:None, valued at $800.00, seized by the ATF on September 20, 2023 from Jesus LOPEZ in Fresno, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035986:** 7 Rounds Remington Ammunition CAL:45, Serial No. null, valued at $0.70, seized by the ATF on September 20, 2023 from David DIAZ and Jesus LOPEZ in Fresno, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035987:** 7 Rounds Remington Ammunition CAL:45, Serial No. null, valued at $0.70, seized by the ATF on September 20, 2023 from Jesus LOPEZ in Fresno, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035989:** 8 Rounds Assorted Ammunition CAL:45, Serial No. null, valued at $0.80, seized by the ATF on September 20, 2023 from Jesus LOPEZ in Fresno, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035991:** 5 Rounds Assorted Ammunition CAL:9, Serial No. null, valued at $0.50, seized by the ATF on September 20, 2023 from David DIAZ and Jesus LOPEZ in Fresno, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000142:** Davis Industries D22 Derringer CAL:22 SN:355571, valued at $50.00, seized by the ATF on October 02, 2023 from Andres CASTRO in Sacramento, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000145:** Colt Government Pistol CAL:38 SN:38CP01971, valued at $400.00, seized by the ATF on October 02, 2023 from Andres CASTRO in Sacramento, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000147:** 9 Rounds Federal Ammunition CAL:38, valued at $0.90, seized by the ATF on October 02, 2023 from Andres CASTRO in Sacramento, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000149:** Federal Ordnance 1911 Pistol CAL:45 SN:F8700109, valued at $300.00, seized by the ATF on October 02, 2023 from Andres CASTRO in Sacramento, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000151:** 7 Rounds Assorted Ammunition CAL:45, valued at $0.70, seized by the ATF on October 02, 2023 from Andres CASTRO in Sacramento, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000153:** 3 Rounds Assorted Ammunition CAL:9, valued at $0.30, seized by the ATF on October 02, 2023 from Andres CASTRO in Sacramento, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000155:** 3 Rounds Assorted Ammunition CAL:38, valued at $0.30, seized by the ATF on October 02, 2023 from Andres CASTRO in Sacramento, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000156:** 35 Rounds American Eagle Ammunition CAL:45, valued at $3.50, seized by the ATF on October 02, 2023 from Andres CASTRO in Sacramento, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

### NORTHERN DISTRICT OF CALIFORNIA

**24-ATF-000225:** 155 Rounds Assorted Ammunition CAL:Unknown, valued at $15.50, seized by the ATF on October 11, 2023 from Daryl CALDWELL in Antioch, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000226:** 105 Rounds Assorted Ammunition CAL:Unknown, valued at $10.50, seized by the ATF on October 11, 2023 from Daryl CALDWELL in Antioch, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale. The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/29/2023**

**DISTRICT OF COLORADO**

**23-ATF-035110:** Smith & Wesson M&P Bodyguard 380 Pistol CAL:380 SN:KEK4734, valued at $200.00, seized by the ATF on August 18, 2023 from Christina Telles in Greeley, CO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035134:** 6 Rounds Assorted Ammunition CAL:380, valued at $0.60, seized by the ATF on August 18, 2023 from Christina Telles in Greeley, CO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035137:** Privately Made Firearm (PMF) Unknown Rifle CAL:Unknown SN:None, valued at $300.00, seized by the ATF on August 18, 2023 from Christina Telles in Greeley, CO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035148:** 29 Rounds Winchester-Western Ammunition CAL:40, valued at $2.90, seized by the ATF on August 18, 2023 from Christina Telles in Greeley, CO for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/29/2023**

## DISTRICT OF COLUMBIA

**23-ATF-035608:** 14 Rounds Assorted Ammunition CAL:9, Serial No. Unknown, valued at $1.40, seized by the ATF on August 30, 2023 from Robert Sheffield in Washington, DC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035626:** 7 Rounds Unknown Ammunition CAL:9, Serial No. Unknown, valued at $0.70, seized by the ATF on August 30, 2023 from Robert Sheffield in Washington, DC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035648:** 35 Rounds Federal Ammunition CAL:45, Serial No. Unknown, valued at $3.50, seized by the ATF on August 30, 2023 from Parnell Spriggs in Washington, DC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035667:** 9 Rounds Assorted Ammunition CAL:9, Serial No. Unknown, valued at $0.90, seized by the ATF on August 30, 2023 from Parnell Spriggs in Washington, DC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035670:** 1 Rounds Federal Ammunition CAL:45, Serial No. Unknown, valued at $0.10, seized by the ATF on August 30, 2023 from Parnell Spriggs in Washington, DC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035689:** 4 Rounds PMC Ammunition CAL:10/40, Serial No. Unknown, valued at $0.40, seized by the ATF on August 30, 2023 from Davon Johnson in Washington, DC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035696:** 14 Rounds Assorted Ammunition CAL:40, Serial No. Unknown, valued at $1.40, seized by the ATF on August 30, 2023 from Davon Johnson in Washington, DC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035697:** GLOCK GMBH 21GEN4 Pistol CAL:45 SN:BEXM610, valued at $300.00, seized by the ATF on August 30, 2023 from Davon Johnson in Washington, DC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035698:** 10 Rounds Assorted Ammunition CAL:45, Serial No. Unknown, valued at $1.00, seized by the ATF on August 30, 2023 from Davon Johnson in Washington, DC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035699:** ROMARM/CUGIR GP WASR 10/63 Rifle CAL:762 SN:1967AM4703, valued at $400.00, seized by the ATF on August 30, 2023 from Davon Johnson in Washington, DC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035700:** 16 Rounds Assorted Ammunition CAL:762, Serial No. Unknown, valued at $1.60, seized by the ATF on August 30, 2023 from Davon Johnson in Washington, DC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035771:** 10 Rounds Assorted Ammunition CAL:40, Serial No. Unknown, valued at $1.00, seized by the ATF on August 30, 2023 from Franklin Hunter in Washington, DC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035772:** GLOCK GMBH 23 Pistol CAL:40 SN:FSA185, valued at $200.00, seized by the ATF on August 30, 2023 from Franklin Hunter in Washington, DC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035799:** GLOCK GMBH 23 Pistol CAL:40 SN:BAEA134, valued at $200.00, seized by the ATF on August 30, 2023 from Timothy Conrad in Washington, DC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035812:** 13 Rounds WINCHESTER-WESTERN Ammunition CAL:40, Serial No. Unknown, valued at $1.30, seized by the ATF on August 30, 2023 from Timothy Conrad in Washington, DC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035816:** Colt SPORTER MATCH HBAR Rifle CAL:223 SN:None,Obliterated, valued at $400.00, seized by the ATF on August 30, 2023 from Timothy Conrad in Washington, DC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036151:** 33 Rounds Assorted Ammunition CAL:9, Serial No. Unknown, valued at $3.30, seized by the ATF on September 29, 2023 from Marcus Reavenell in Washington, DC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036152:** LEINAD, INC. M-11 Pistol CAL:9 SN:94-0028655, valued at $500.00, seized by the ATF on September 29, 2023 from Marcus Reavenell in Washington, DC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036153:** 30 Rounds Assorted Ammunition CAL:9, Serial No. Unknown, valued at $3.00, seized by the ATF on September 29, 2023 from Marcus Reavenell in Washington, DC for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

## LAST DATE TO FILE:  12/29/2023

### MIDDLE DISTRICT OF FLORIDA
**23-ATF-034027:** 8 Rounds FIOCCHI Ammunition CAL:9, valued at $0.80, seized by the ATF on September 06, 2023 from Tyree THOMAS in BRANDON, FL for forfeiture pursuant to 18 U.S.C. Section 924(d).

### SOUTHERN DISTRICT OF FLORIDA
**23-ATF-024280:** ANDERSON MANUFACTURING  AM-15 PISTOL CAL:MULTI SN:15182396, valued at $1,000.00, seized by the ATF on June 02, 2023 from MARKENSON VALCIN in FORT LAUDERDALE, FL for forfeiture pursuant to 18 U.S.C. Section 924(d).
**24-ATF-000238:** GLOCK INC  27 PISTOL CAL:40 SN:AGSP552, valued at $550.00, seized by the ATF on October 04, 2023 from FREDDIE WOOTEN in HOLLYWOOD, FL for forfeiture pursuant to 18 U.S.C. Section 924(d).
**24-ATF-000239:** 16 Rounds HORNADY  Ammunition CAL:40, valued at $1.60, seized by the ATF on October 04, 2023 from FREDDIE WOOTEN in HOLLYWOOD, FL for forfeiture pursuant to 18 U.S.C. Section 924(d).

### NORTHERN DISTRICT OF GEORGIA
**18-ATF-035426:** Rose Gold IPhone S Model A1687 with SIM Card; SN:355728073826817 valued at $298.85, valued at $298.85, seized by the ATF on April 15, 2018 from Quintavis Scott in Atlanta, GA for forfeiture pursuant to 21 U.S.C. Section 881.
**18-ATF-035466:** Black IPhone 8 Plus Model A1661 with SIM Card; SN: Unknown valued at 534.99, valued at $534.99, seized by the ATF on May 17, 2018 from Markeith Thomas in East Point, GA for forfeiture pursuant to 21 U.S.C. Section 881.
**19-ATF-016111:** Century Arms International  C39 Pistol Pistol CAL:762 SN:C39P03838, valued at $600.00, seized by the ATF on January 16, 2019 from Tyrone Smith in Tucker, GA for forfeiture pursuant to 18 U.S.C. Section 924(d).

### SOUTHERN DISTRICT OF GEORGIA
**21-ATF-008065:** Taurus 605 Revolver CAL:357 SN:ABD491351, valued at $320.00, seized by the ATF on February 02, 2021 from James Stallings III in Augusta, GA for forfeiture pursuant to 18 U.S.C. Section 924(d).

### SOUTHERN DISTRICT OF IOWA
**24-ATF-000073:** RG Industries RG38S Revolver CAL:38 SN:V025068, valued at $50.00, seized by the ATF on October 03, 2023 from Elias Rios Magana in Council Bluffs, IA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**24-ATF-000074:** 22 Rounds Remington Ammunition CAL:38, valued at $2.20, seized by the ATF on October 03, 2023 from Elias Rios Magana in Council Bluffs, IA for forfeiture pursuant to 18 U.S.C. Section 924(d).

### NORTHERN DISTRICT OF ILLINOIS
**23-ATF-036015:** RUGER EC9S PISTOL CAL:9 SN:NONE, valued at $500.00, seized by the ATF on September 27, 2023 from Damonne Hunt in Beach Park, IL for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/29/2023**

### DISTRICT OF KANSAS

**23-ATF-035821:** HS Produkt (IM Metal) XD9 Pistol CAL:9 SN:XD243457, valued at $300.00, seized by the ATF on September 20, 2023 from Bruce Mentzer in Wichita, KS for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035825:** 16 Rounds Remington Ammunition CAL:9, valued at $1.60, seized by the ATF on September 20, 2023 from Bruce Mentzer in Wichita, KS for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035827:** 32 Rounds Remington Ammunition CAL:9, valued at $3.20, seized by the ATF on September 20, 2023 from Bruce Mentzer in Wichita, KS for forfeiture pursuant to 18 U.S.C. Section 924(d).
**24-ATF-000094:** 1 Rounds Remington Ammunition CAL:9, valued at $0.10, seized by the ATF on October 05, 2023 from Bruce Mentzer in Wichita, KS for forfeiture pursuant to 18 U.S.C. Section 924(d).

### WESTERN DISTRICT OF KENTUCKY

**23-ATF-035859:** GLOCK GMBH 29GEN4 PISTOL CAL:10 SN:BTHW444, valued at $500.00, seized by the ATF on September 12, 2023 from Virgil Jackson and Samiyra Little in Louisville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035864:** 33 Rounds CBC - BRAZILIAN CARTRIDGE COMPANY Ammunition CAL:10, valued at $3.30, seized by the ATF on September 12, 2023 from Virgil Jackson and Samiyra Little in Louisville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

### DISTRICT OF MARYLAND

**23-ATF-035965:** SMITH & WESSON M&P 9 SHIELD EZ Pistol CAL:9 SN:RJX4912, valued at $200.00, seized by the ATF on August 30, 2023 from Andrew Smith in Camp Springs, MD for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035966:** 7 Rounds PPU Ammunition CAL:9, Serial No. Unknown, valued at $0.70, seized by the ATF on August 30, 2023 from Andrew Smith in Camp Springs, MD for forfeiture pursuant to 18 U.S.C. Section 924(d).

### DISTRICT OF MAINE

**23-ATF-035643:** RUGER LC9S PISTOL CAL:9 SN:329-62667, valued at $200.00, seized by the ATF on September 03, 2023 from Toman CAUDILL in BANGOR, ME for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035654:** 5 Rounds HORNADY Ammunition CAL:9, valued at $0.50, seized by the ATF on September 03, 2023 from Toman CAUDILL in BANGOR, ME for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035658:** 1 Component HORNADY Ammunition CAL:9, valued at $0.02, seized by the ATF on September 03, 2023 from Toman CAUDILL in BANGOR, ME for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035660:** 16 Rounds HORNADY Ammunition CAL:9, valued at $1.60, seized by the ATF on September 03, 2023 from Toman CAUDILL in BANGOR, ME for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

## LAST DATE TO FILE:  12/29/2023

### EASTERN DISTRICT OF MICHIGAN

**23-ATF-035537:** GLOCK GMBH 45 Pistol CAL:9 SN:BTUD679, valued at $500.00, seized by the ATF on September 28, 2023 from Austin Andis in Burton, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035539:** 22 Rounds PMC Ammunition CAL:9, valued at $2.20, seized by the ATF on September 28, 2023 from Austin Andis in Burton, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035540:** 8 Rounds CCI Ammunition CAL:9, valued at $0.80, seized by the ATF on September 28, 2023 from Austin Andis in Burton, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035544:** ROMARM/CUGIR MICRO DRACO Pistol CAL:762 SN:PMD-26218, valued at $1,000.00, seized by the ATF on September 28, 2023 from Austin Andis in Burton, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035545:** 8 Rounds PMC Ammunition CAL:9, valued at $0.80, seized by the ATF on September 28, 2023 from Austin Andis in Burton, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035546:** 20 Rounds Wolf Ammunition CAL:762, valued at $2.00, seized by the ATF on September 28, 2023 from Austin Andis in Burton, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035547:** 16 Rounds CCI Ammunition CAL:9, valued at $1.60, seized by the ATF on September 28, 2023 from Austin Andis in Burton, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

### DISTRICT OF MINNESOTA

**24-ATF-000091:** Glock GMBH 19GEN4 Pistol CAL:9 SN:BCVU383, valued at $450.00, seized by the ATF on October 11, 2023 from Julian Cross in St Paul, MN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000092:** 41 Rounds Assorted Ammunition CAL:9, valued at $4.10, seized by the ATF on October 11, 2023 from Julian Cross in St Paul, MN for forfeiture pursuant to 18 U.S.C. Section 924(d).

### WESTERN DISTRICT OF MISSOURI

**23-ATF-035052:** $7,590.00 U.S. Currency, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 18 U.S.C. 934.

### NORTHERN DISTRICT OF MISSISSIPPI

**23-ATF-036082:** HIPOINT (STRASSELL'S MACHINE INC.) C9 Pistol CAL:9 SN:P1397380, valued at $50.00, seized by the ATF on September 29, 2023 from Justin BAILEY in Fulton, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

### SOUTHERN DISTRICT OF MISSISSIPPI

**24-ATF-000224:** 30 Rounds Assorted Ammunition CAL:9, valued at $3.00, seized by the ATF on October 07, 2023 from Makel THOMAS in Gulfport, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

Page 8 of 167

312

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/29/2023**

### EASTERN DISTRICT OF NORTH CAROLINA

**24-ATF-000080:** $3,980.00 U.S. Currency, seized by the ATF on October 03, 2023 from Shala Moore in Wilmington, NC for forfeiture pursuant to 21 U.S.C. Section 881.

**24-ATF-000087:** Taurus PT111 G2A Pistol CAL:9 SN:ACA489653, valued at $500.00, seized by the ATF on October 03, 2023 from Mark Garraway in Thomasville, NC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000088:** 9 Rounds HORNADY Ammunition CAL:9, valued at $0.90, seized by the ATF on October 03, 2023 from Mark Garraway in Thomasville, NC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000089:** 11 Rounds HORNADY Ammunition CAL:9, valued at $1.10, seized by the ATF on October 03, 2023 from Mark Garraway in Thomasville, NC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000290:** Del-Ton Inc. DTI-15 Pistol CAL:556 SN:DTI-S277710, valued at $300.00, seized by the ATF on October 19, 2023 from Delante Johnson in Raleigh, NC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000291:** 65 Rounds Assortted Ammunition CAL:556, valued at $6.50, seized by the ATF on October 19, 2023 from Delante Johnson in Raleigh, NC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000292:** Taurus International 85 Ultralite Revolver CAL:38 SN:HU30604, valued at $300.00, seized by the ATF on October 19, 2023 from Delante Johnson in Raleigh, NC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000293:** 5 Rounds JAGEMANN TECHNOLOGIES Ammunition CAL:38, valued at $0.50, seized by the ATF on October 19, 2023 from Delante Johnson in Raleigh, NC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000294:** 18 Rounds SIG SAUER (SIG) Ammunition CAL:10, valued at $1.80, seized by the ATF on October 19, 2023 from Delante Johnson in Raleigh, NC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000295:** 7 Rounds Federal Ammunition CAL:40, valued at $0.70, seized by the ATF on October 19, 2023 from Delante Johnson in Raleigh, NC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000296:** 10 Rounds Other Ammunition CAL:38, valued at $1.00, seized by the ATF on October 19, 2023 from Delante Johnson in Raleigh, NC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000297:** $5,665.00 U.S. Currency, seized by the ATF on October 19, 2023 from Delante Johnson in Raleigh, NC for forfeiture pursuant to 21 U.S.C. Section 881.

### MIDDLE DISTRICT OF NORTH CAROLINA

**24-ATF-000235:** TAURUS INTERNATIONAL PT111 G2 Pistol CAL:9 SN:ADK853402, valued at $100.00, seized by the ATF on October 18, 2023 from Muwsay Tulu in Fayetteville, NC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000236:** 12 Rounds Assorted Ammunition CAL:9, valued at $1.20, seized by the ATF on October 18, 2023 from Muwsay Tulu in Fayetteville, NC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000237:** 6 Rounds Assorted Ammunition CAL:9, valued at $0.60, seized by the ATF on October 18, 2023 from Muwsay Tulu in Fayetteville, NC for forfeiture pursuant to 18 U.S.C. Section 924(d).

### WESTERN DISTRICT OF NORTH CAROLINA

**23-ATF-036017:** GLOCK GMBH 17 Pistol CAL:9 SN:UUD190, valued at $300.00, seized by the ATF on September 03, 2023 from Dana Denena in Davidson, NC for forfeiture pursuant to 18 U.S.C. Section 924(d).

### DISTRICT OF NEW HAMPSHIRE

**23-ATF-035968:** 5 Rounds UNKNOWN Assorted Ammunition CAL:9, valued at $0.50, seized by the ATF on September 11, 2023 from Eric EDMONDSON in EPPING, NH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035969:** 80 PERCENT ARMS INC. UNKNOWN PISTOL CAL:UNKNOWN SN:NONE, valued at $250.00, seized by the ATF on September 11, 2023 from Eric EDMONDSON in EPPING, NH for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/29/2023**

### EASTERN DISTRICT OF NEW YORK

**23-ATF-036155:** JSD Supply MUP-1 Control Unit and Sig Sauer P320 parts Privately Made Firearm Pistol CAL:9 SN:None, valued at $1.00, seized by the ATF on September 07, 2023 from Justin NUDELMAN in Staten Island, NY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036157:** 10 Rounds Assorted Ammunition CAL:40, valued at $1.00, seized by the ATF on September 07, 2023 from Justin NUDELMAN in Staten Island, NY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036158:** GlockStore SS80 lower receiver and Glock 43 upper slide bearing serial number ZWN771 Privately Made Firearm Pistol CAL:9, Serial No. Unknown, valued at $1.00, seized by the ATF on September 07, 2023 from Justin NUDELMAN in Staten Island, NY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036159:** 6 Rounds Assorted Ammunition CAL:9, valued at $0.60, seized by the ATF on September 07, 2023 from Justin NUDELMAN in Staten Island, NY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036160:** Privately Made Firearm 3D printed lower receiver CAL:Unknown SN:None, valued at $1.00, seized by the ATF on September 07, 2023 from Justin NUDELMAN in Staten Island, NY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036161:** 6 Rounds Assorted Ammunition CAL:380, valued at $0.60, seized by the ATF on September 07, 2023 from Justin NUDELMAN in Staten Island, NY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036162:** Privately Made Firearm Polymer80 Inc. PF940SC pistol lower Receiver/Frame CAL:Unknown SN:None, valued at $1.00, seized by the ATF on September 07, 2023 from Justin NUDELMAN in Staten Island, NY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036163:** 3D Printed Privately Made Firearm Unknown Pistol Lower Receiver/Frame CAL:Unknown SN:None, valued at $1.00, seized by the ATF on September 07, 2023 from Justin NUDELMAN in Staten Island, NY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036165:** 3D Printed Privately Made Firearm Unknown Pistol Lower Receiver/Frame CAL:Unknown SN:None, valued at $1.00, seized by the ATF on September 07, 2023 from Justin NUDELMAN in Staten Island, NY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036166:** 3D Printed Privately Made Firearm Unknown Pistol Lower Receiver/Frame CAL:Unknown SN:None, valued at $1.00, seized by the ATF on September 07, 2023 from Justin NUDELMAN in Staten Island, NY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036167:** 3D Printed Privately Made Firearm Unknown Pistol Lower Receiver/Frame CAL:Unknown SN:None, valued at $1.00, seized by the ATF on September 07, 2023 from Justin NUDELMAN in Staten Island, NY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036168:** 3D Printed Privately Made Firearm Unknown Pistol Lower Receiver/Frame CAL:Unknown SN:None, valued at $1.00, seized by the ATF on September 07, 2023 from Justin NUDELMAN in Staten Island, NY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036169:** 5 Rounds Assorted Ammunition CAL:9, valued at $0.50, seized by the ATF on September 07, 2023 from Justin NUDELMAN in Staten Island, NY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036170:** Partially Completed Privately Made Firearm Unknown Rifle Lower Receiver/Frame CAL:Unknown SN:None, valued at $1.00, seized by the ATF on September 07, 2023 from Justin NUDELMAN in Staten Island, NY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036171:** 90 Rounds Assorted Ammunition CAL:Assorted, valued at $9.00, seized by the ATF on September 07, 2023 from Justin NUDELMAN in Staten Island, NY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036172:** Privately Made Firearm Unknown Rifle Receiver/Frame CAL:Unknown SN:None, valued at $1.00, seized by the ATF on September 07, 2023 from Justin NUDELMAN in Staten Island, NY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036173:** Privately Made Firearm Unknown Rifle Receiver/Frame CAL:Unknown SN:None, valued at $1.00, seized by the ATF on September 07, 2023 from Justin NUDELMAN in Staten Island, NY for forfeiture pursuant to 18

**(Continued on next page)**

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/29/2023**

## EASTERN DISTRICT OF NEW YORK
**23-ATF-036173 - (Continued from previous page)**
U.S.C. Section 924(d).
**23-ATF-036174:** Privately Made Firearm Unknown Rifle Receiver/Frame CAL:Unknown SN:None, valued at $1.00, seized by the ATF on September 07, 2023 from Justin NUDELMAN in Staten Island, NY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-036175:** Privately Made Firearm Unknown Rifle Receiver/Frame CAL:Unknown SN:None, valued at $1.00, seized by the ATF on September 07, 2023 from Justin NUDELMAN in Staten Island, NY for forfeiture pursuant to 18 U.S.C. Section 924(d).

## NORTHERN DISTRICT OF OHIO
**23-ATF-035975:** Phoenix Arms Co. HP22A Pistol CAL:22 SN:4582010, valued at $100.00, seized by the ATF on September 07, 2023 from Michael Marteney in Minerva, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035979:** Herbert Schmidt Unknown Type Revolver CAL:22 SN:241360, valued at $50.00, seized by the ATF on September 07, 2023 from Michael Marteney in Minerva, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035980:** 7 Rounds Assorted Ammunition CAL:22, valued at $0.70, seized by the ATF on September 07, 2023 from Michael Marteney in Minerva, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035981:** 35 Rounds Assorted Ammunition CAL:410, valued at $3.50, seized by the ATF on September 07, 2023 from Michael Marteney in Minerva, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035982:** 24 Rounds Assorted Ammunition CAL:16, valued at $2.40, seized by the ATF on September 07, 2023 from Michael Marteney in Minerva, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035985:** 1 Round Winchester-Western Ammunition CAL:12, valued at $0.10, seized by the ATF on September 07, 2023 from Michael Marteney in Minerva, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).
**24-ATF-000240:** Ruger Mark II Target Pistol CAL:22 SN:2703506, valued at $50.00, seized by the ATF on October 16, 2023 from William Robinson in Akron, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

## SOUTHERN DISTRICT OF OHIO
**23-ATF-036154:** 20 Rounds Browning Ammo Ammunition CAL:9, valued at $2.00, seized by the ATF on September 08, 2023 from Andrew Mathis in Columbus, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

Page 11 of 167

315

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/29/2023**

### EASTERN DISTRICT OF OKLAHOMA

**23-ATF-035568:** 13 Rounds HORNADY Ammunition CAL:9, Serial No. NULL, valued at $1.30, seized by the ATF on September 05, 2023 from Ryan HUFF in SEMINOLE, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035569:** 3 Rounds FEDERAL Ammunition CAL:9, Serial No. NULL, valued at $0.30, seized by the ATF on September 05, 2023 from Ryan HUFF in SEMINOLE, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035570:** KELTEC, CNC INDUSTRIES, INC. PF-9 PISTOL CAL:9 SN:SWP98, valued at $150.00, seized by the ATF on September 05, 2023 from Ryan HUFF in SEMINOLE, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036252:** TAURUS PT145 PRO PISTOL CAL:45 SN:NZL64538, valued at $100.00, seized by the ATF on September 01, 2023 from Warren COLEMAN in Hugo, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036253:** RUGER RUGER-57 PISTOL CAL:57 SN:641-43126, valued at $300.00, seized by the ATF on September 01, 2023 from Warren COLEMAN in Hugo, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000242:** RUGER LC9S PISTOL CAL:9 SN:458-39049, valued at $50.00, seized by the ATF on October 03, 2023 from David MOORE in ARDMORE, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000246:** GLOCK INC. 43X PISTOL CAL:9 SN:ABTP557, valued at $50.00, seized by the ATF on October 03, 2023 from David MOORE in ARDMORE, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000247:** RUGER AMERICAN RIMFIR RIFLE CAL:22 SN:830-23115, valued at $50.00, seized by the ATF on October 03, 2023 from David MOORE in ARDMORE, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000248:** RUGER AMERICAN RIMFIR RIFLE CAL:17 SN:830-53017, valued at $50.00, seized by the ATF on October 03, 2023 from David MOORE in ARDMORE, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000250:** MARLIN FIREARMS CO. 75 RIFLE CAL:22 SN:26314254, valued at $50.00, seized by the ATF on October 03, 2023 from David MOORE in ARDMORE, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000252:** REMINGTON ARMS COMPANY, INC 870 SHOTGUN CAL:16 SN:107859W, valued at $50.00, seized by the ATF on October 03, 2023 from David MOORE in ARDMORE, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000253:** UNKNOWN MANUFACTURER UNKNOWN SHOTGUN CAL:UNKNOWN SN:NONE, valued at $50.00, seized by the ATF on October 03, 2023 from David MOORE in ARDMORE, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000254:** SAVAGE 311 SHOTGUN CAL:12 SN:0144080, valued at $50.00, seized by the ATF on October 03, 2023 from David MOORE in ARDMORE, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000255:** 104 Rounds REMINGTON Ammunition CAL:223, valued at $10.40, seized by the ATF on October 03, 2023 from David MOORE in ARDMORE, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000256:** 184 Rounds ASSORTED Ammunition CAL:UNKNOWN, Serial No. NULL, valued at $18.40, seized by the ATF on October 03, 2023 from David MOORE in ARDMORE, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000257:** 272 Rounds ADSORTED Ammunition CAL:UNKNOWN, Serial No. NULL, valued at $27.20, seized by the ATF on October 03, 2023 from David MOORE in ARDMORE, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000258:** 200 Rounds ASSORTED Ammunition CAL:UNKNOWN, Serial No. NULL, valued at $20.00, seized by the ATF on October 03, 2023 from David MOORE in ARDMORE, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000259:** 166 Rounds ASSORTED Ammunition CAL:UNKNOWN, Serial No. NULL, valued at $16.60, seized by the ATF on October 03, 2023 from David MOORE in ARDMORE, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000260:** 445 Rounds ASSORTED Ammunition CAL:UNKNOWN, Serial No. NULL, valued at $44.50, seized by the ATF on October 03, 2023 from David MOORE in ARDMORE, OK for forfeiture pursuant to 18 U.S.C. Section

**(Continued on next page)**

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

316

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

## LAST DATE TO FILE:  12/29/2023

## EASTERN DISTRICT OF OKLAHOMA

**24-ATF-000260 - (Continued from previous page)** 924(d).

**24-ATF-000261:** 188 Rounds ASSORTED Ammunition CAL:UNKNOWN, Serial No. NULL, valued at $18.80, seized by the ATF on October 03, 2023 from David MOORE in ARDMORE, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000262:** 144 Rounds ASSORTED Ammunition CAL:UNKNOWN, Serial No. NULL, valued at $14.40, seized by the ATF on October 03, 2023 from David MOORE in ARDMORE, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000263:** 220 Rounds ASSORTED Ammunition CAL:UNKNOWN, Serial No. NULL, valued at $22.00, seized by the ATF on October 03, 2023 from David MOORE in ARDMORE, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000264:** 200 Rounds ASSORTED Ammunition CAL:UNKNOWN, Serial No. NULL, valued at $20.00, seized by the ATF on October 03, 2023 from David MOORE in ARDMORE, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000265:** 288 Rounds ASSORTED Ammunition CAL:UNKNOWN, Serial No. NULL, valued at $28.80, seized by the ATF on October 03, 2023 from David MOORE in ARDMORE, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000266:** 406 Rounds ASSORTED Ammunition CAL:UNKNOWN, Serial No. NULL, valued at $40.60, seized by the ATF on October 03, 2023 from David MOORE in ARDMORE, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000267:** 530 Rounds ASSORTED Ammunition CAL:UNKNOWN, Serial No. NULL, valued at $53.00, seized by the ATF on October 03, 2023 from David MOORE in ARDMORE, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000268:** 100 Rounds CCI Ammunition CAL:22, Serial No. NULL, valued at $10.00, seized by the ATF on October 03, 2023 from David MOORE in ARDMORE, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000269:** 5 Rounds ASSORTED Ammunition CAL:9, Serial No. NULL, valued at $0.50, seized by the ATF on October 03, 2023 from David MOORE in ARDMORE, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000270:** 5 Rounds HORNADY Ammunition CAL:9, Serial No. NULL, valued at $0.50, seized by the ATF on October 03, 2023 from David MOORE in ARDMORE, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000271:** 6 Rounds OTHER Ammunition CAL:9, Serial No. NULL, valued at $0.60, seized by the ATF on October 03, 2023 from David MOORE in ARDMORE, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000272:** 164 Rounds ASSORTED Ammunition CAL:UNKNOWN, Serial No. NULL, valued at $16.40, seized by the ATF on October 03, 2023 from David MOORE in ARDMORE, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law. Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE: 12/29/2023**

## NORTHERN DISTRICT OF OKLAHOMA

**23-ATF-034398:** GLOCK GMBH 19GEN4 PISTOL CAL:9 SN:YHE965, valued at $300.00, seized by the US FEDERAL BUREAU OF INVESTIGATION on August 17, 2023 from LNU FNU in Tulsa, OK, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034399:** 16 Rounds ASSORTED Ammunition CAL:9, Serial No. NULL, valued at $1.60, seized by the US FEDERAL BUREAU OF INVESTIGATION on August 17, 2023 from LNU FNU in Tulsa, OK, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034404:** JIMENEZ ARMS J.A. NINE PISTOL CAL:9 SN:204122, valued at $100.00, seized by the US FEDERAL BUREAU OF INVESTIGATION on August 17, 2023 from LNU FNU in Tulsa, OK, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034405:** HIGH STANDARD UNKNOWN SHOTGUN CAL:UNKNOWN SN:NONE, valued at $100.00, seized by the US FEDERAL BUREAU OF INVESTIGATION on August 17, 2023 from LNU FNU in Tulsa, OK, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034407:** RUGER 10/22 50TH ANNY RIFLE CAL:22 SN:RCS1-17489, valued at $150.00, seized by the US FEDERAL BUREAU OF INVESTIGATION on August 17, 2023 from LNU FNU in Tulsa, OK, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034408:** BROWNING B2000 SHOTGUN CAL:12 SN:20870-611RR, valued at $600.00, seized by the US FEDERAL BUREAU OF INVESTIGATION on August 17, 2023 from LNU FNU in Tulsa, OK, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034409:** DPMS INC.(DEFENSE PROCUREMENT MFG. SERVICES) LR-308 RIFLE CAL:308 SN:101680, valued at $350.00, seized by the US FEDERAL BUREAU OF INVESTIGATION on August 17, 2023 from LNU FNU in Tulsa, OK, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034410:** REMINGTON ARMS COMPANY, INC 550-1 RIFLE CAL:22 SN:NONE, valued at $150.00, seized by the US FEDERAL BUREAU OF INVESTIGATION on August 17, 2023 from LNU FNU in Tulsa, OK, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034412:** BUSHMASTER FIREARMS CARBON 15 RIFLE CAL:22 SN:BK3032208, valued at $250.00, seized by the US FEDERAL BUREAU OF INVESTIGATION on August 17, 2023 from LNU FNU in Tulsa, OK, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034413:** WINCHESTER 1400 MKII SHOTGUN CAL:12 SN:N824283, valued at $200.00, seized by the US FEDERAL BUREAU OF INVESTIGATION on August 17, 2023 from LNU FNU in Tulsa, OK, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034416:** REMINGTON ARMS COMPANY, INC. 710 RIFLE CAL:30-06 SN:71209147, valued at $175.00, seized by the US FEDERAL BUREAU OF INVESTIGATION on August 17, 2023 from LNU FNU in Tulsa, OK, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034419:** HATSAN ARMS CO.(SILAH MAKINA KALIP SAN. TIC. LTD.) ESCORT SHOTGUN CAL:12 SN:70-H21YD-2259, valued at $400.00, seized by the US FEDERAL BUREAU OF INVESTIGATION on August 17, 2023 from LNU FNU in Tulsa, OK, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034422:** 54 Rounds ASSORTED Ammunition CAL:9, Serial No. NULL, valued at $5.40, seized by the US FEDERAL BUREAU OF INVESTIGATION on August 17, 2023 from LNU FNU in Tulsa, OK, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034423:** CBC (COMPANHIA BRAZILIERA DE CARTUCHOS) UNKNWN RIFLE CAL:22 SN:GR57189, valued at $100.00, seized by the US FEDERAL BUREAU OF INVESTIGATION on August 17, 2023 from Carl COFFEY in Chouteau, OK, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034424:** SAVAGE 234 RIFLE CAL:22 SN:A687076, valued at $100.00, seized by the US FEDERAL BUREAU OF INVESTIGATION on August 17, 2023 from Carl COFFEY in Chouteau, OK, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale. The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/29/2023**

## NORTHERN DISTRICT OF OKLAHOMA

**23-ATF-034425:** GLOCK GMBH 19 PISTOL CAL:9 SN:AXW512US, valued at $300.00, seized by the US FEDERAL BUREAU OF INVESTIGATION on August 17, 2023 from Carl COFFEY in Tulsa, OK, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034427:** 16 Rounds ASSORTED Ammunition CAL:9, Serial No. NULL, valued at $1.60, seized by the US FEDERAL BUREAU OF INVESTIGATION on August 17, 2023 from Carl COFFEY in Tulsa, OK, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034428:** HS PRODUKT (IM METAL) XDS PISTOL CAL:9 SN:S3987329, valued at $300.00, seized by the US FEDERAL BUREAU OF INVESTIGATION on August 17, 2023 from Carl COFFEY in Tulsa, OK, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034430:** WINCHESTER 90 RIFLE CAL:22 SN:799336, valued at $100.00, seized by the US FEDERAL BUREAU OF INVESTIGATION on August 17, 2023 from Carl COFFEY in Tulsa, OK, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034431:** REMINGTON ARMS COMPANY, INC UNKNOWN RIFLE CAL:22 SN:343913, valued at $100.00, seized by the US FEDERAL BUREAU OF INVESTIGATION on August 17, 2023 from Carl COFFEY in Tulsa, OK, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034432:** NORINCO (NORTH CHINA INDUSTRIES) SKS RIFLE CAL:762 SN:8160739, valued at $400.00, seized by the US FEDERAL BUREAU OF INVESTIGATION on August 17, 2023 from Carl COFFEY in Tulsa, OK, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034433:** WINCHESTER 1910 SL RIFLE CAL:401 SN:14540, valued at $200.00, seized by the US FEDERAL BUREAU OF INVESTIGATION on August 17, 2023 from Carl COFFEY in Tulsa, OK, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034434:** 400 Rounds ASSORTED Ammunition CAL:UNKNOWN, Serial No. NULL, valued at $40.00, seized by the US FEDERAL BUREAU OF INVESTIGATION on August 17, 2023 from Carl COFFEY in Tulsa, OK, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034435:** 30 Rounds TULA CARTRIDGE WORKS - RUSSIA, Ammunition CAL:762, Serial No. NULL, valued at $3.00, seized by the US FEDERAL BUREAU OF INVESTIGATION on August 17, 2023 from Carl COFFEY in Tulsa, OK, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034436:** 118 Rounds ASSORTED Ammunition CAL:UNKNOWN, Serial No. NULL, valued at $11.80, seized by the US FEDERAL BUREAU OF INVESTIGATION on August 17, 2023 from Carl COFFEY in Tulsa, OK, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036196:** COLT M4 CARBINE RIFLE CAL:556 SN:LE290021, valued at $450.00, seized by the ATF on August 29, 2023 from Carl COFFEY in Tulsa, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036197:** GLOCK GMBH 34 PISTOL CAL:9 SN:HKM638, valued at $350.00, seized by the ATF on August 29, 2023 from Carl COFFEY in Tulsa, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036198:** 9 Rounds ASSORTED Ammunition CAL:9, Serial No. NULL, valued at $0.90, seized by the ATF on August 29, 2023 from Carl COFFEY in Tulsa, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036199:** SIG-SAUER MOSQUITO PISTOL CAL:22 SN:F270983, valued at $350.00, seized by the ATF on August 29, 2023 from Carl COFFEY in Tulsa, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036200:** 6 Rounds WINCHESTER-WESTERN Ammunition CAL:22, Serial No. NULL, valued at $0.60, seized by the ATF on August 29, 2023 from Carl COFFEY in Tulsa, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036201:** WALTHER COLT GOVERNMENT PISTOL CAL:22 SN:WD007901, valued at $350.00, seized by the ATF on August 29, 2023 from Carl COFFEY in Tulsa, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036202:** 9 Rounds WINCHESTER-WESTERN Ammunition CAL:22, Serial No. NULL, valued at $0.90, seized by the ATF on August 29, 2023 from Carl COFFEY in Tulsa, OK for forfeiture pursuant to 18 U.S.C. Section

**(Continued on next page)**

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/29/2023**

### NORTHERN DISTRICT OF OKLAHOMA

**23-ATF-036202 - (Continued from previous page)**
924(d).

**23-ATF-036203:** BERSA THUNDER 380 PISTOL CAL:380 SN:J35111, valued at $175.00, seized by the ATF on August 29, 2023 from Carl COFFEY in Tulsa, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036204:** 7 Rounds ASSORTED Ammunition CAL:380, valued at $0.70, seized by the ATF on August 29, 2023 from Carl COFFEY in Tulsa, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036205:** IMBEL 1911A1 PISTOL CAL:45 SN:N563593, valued at $400.00, seized by the ATF on August 29, 2023 from Carl COFFEY in Tulsa, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036206:** 6 Rounds WINCHESTER-WESTERN Ammunition CAL:45, Serial No. NULL, valued at $0.60, seized by the ATF on August 29, 2023 from Carl COFFEY in Tulsa, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036207:** 6 Rounds CBC - BRAZILIAN CARTTIDGE COMPANY Ammunition CAL:45, Serial No. NULL, valued at $0.60, seized by the ATF on August 29, 2023 from Carl COFFEY in Tulsa, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036208:** 9 Rounds WINCHESTER-WESTERN Ammunition CAL:22, Serial No. NULL, valued at $0.90, seized by the ATF on August 29, 2023 from Carl COFFEY in Tulsa, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036209:** 9 Rounds ASSORTED Ammunition CAL:40, Serial No. NULL, valued at $0.90, seized by the ATF on August 29, 2023 from Carl COFFEY in Tulsa, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/29/2023**

## EASTERN DISTRICT OF TEXAS

**23-ATF-035992:** BLACK RAIN ORDNANCE INC. SPEC 15 RIFLE CAL:MULTI SN:SX005978, valued at $1,100.00, seized by the ATF on September 12, 2023 from Peter BRENNEN in RENO, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035993:** ANDERSON MANUFACTURINGRIFLE AM-15 RIFLE CAL:MULTI SN:17048363, valued at $1,000.00, seized by the ATF on September 12, 2023 from Peter BRENNEN in RENO, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035994:** HATFIELD GUN COMPANY SAS SHOTGUN CAL:20 SN:20A16-104287, valued at $300.00, seized by the ATF on September 12, 2023 from Peter BRENNEN in RENO, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035995:** SWD M11/9 PISTOL CAL:9 SN:86-0020171, valued at $500.00, seized by the ATF on September 12, 2023 from Peter BRENNEN in RENO, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035996:** TAURUS G2C PISTOL CAL:9 SN:ADK757936, valued at $400.00, seized by the ATF on September 12, 2023 from Peter BRENNEN in RENO, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035997:** POLAND TTC PISTOL CAL:762 SN:NV6341952, valued at $400.00, seized by the ATF on September 12, 2023 from Peter BRENNEN in RENO, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035999:** KAHR ARMS - AUTO ORDNANCE CT380 PISTOL CAL:380 SN:CAB1181, valued at $300.00, seized by the ATF on September 12, 2023 from Peter BRENNEN in RENO, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036001:** DAVIDSON DEFENSE, INC-DELTA TEAM TAC/OMEGA TAC DD-15 PISTOL, CAL:556 SN:A000489, valued at $500.00, seized by the ATF on September 12, 2023 from Peter BRENNEN in RENO, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036002:** FNH USA, LLC FNS-9 PISTOL CAL:9 SN:GKU0114793, valued at $400.00, seized by the ATF on September 12, 2023 from Peter BRENNEN in RENO, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036003:** SAVAGE UNKNOWN  SHOTGUN CAL:UNKNOWN SN:P468547, valued at $200.00, seized by the ATF on September 12, 2023 from Peter BRENNEN in RENO, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036004:** HARRINGTON AND RICHARDSON TOPPER 88 SHOTGUN CAL:20 SN:AX579571, valued at $180.00, seized by the ATF on September 12, 2023 from Peter BRENNEN in RENO, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036005:** UNKNOWN MANUFACTURER UNKNOWN SHOTGUN CAL:UNKNOWN SN:NONE, valued at $100.00, seized by the ATF on September 12, 2023 from Peter BRENNEN in RENO, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036006:** UNKNOWN MANUFACTURER UNKNOWN RIFLE CAL:UNKNOWN SN:NONE, valued at $100.00, seized by the ATF on September 12, 2023 from Peter BRENNEN in RENO, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036035:** BERSA THUNDER 380 PISTOL CAL:380 SN:556270, valued at $300.00, seized by the ATF on September 14, 2023 from Spencer KELLOGG and Christopher LONG in Jacksonville, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036038:** HASKELL (MFGR) JHP PISTOL CAL:45 SN:X433351, valued at $200.00, seized by the ATF on August 31, 2023 from Randy DUFFIELD JR in Troup, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/29/2023**

### NORTHERN DISTRICT OF TEXAS

**22-ATF-006865:** ARMSCOR OF THE PHILIPPINES (SQUIRES BINGHAM) M1911-A1 FS PISTOL CAL:45 SN:RIA2005150, valued at $450.00, seized by the ATF on January 10, 2022 from Jason GONZALEZ in GARLAND, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**22-ATF-006867:** 15 Rounds ASSORTED Ammunition CAL:45, Serial No. NULL, valued at $1.50, seized by the ATF on January 10, 2022 from Jason GONZALEZ in GARLAND, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034951:** 13 Rounds ASSORTED Ammunition CAL:UNKNOWN, Serial No. NULL, valued at $1.30, seized by the ATF on September 06, 2023 from Marvis JONES in Fort Worth, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034952:** 52 Rounds ASSORTED Ammunition CAL:UNKNOWN, Serial No. NULL, valued at $5.20, seized by the ATF on September 06, 2023 from Marvis JONES in Fort Worth, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034955:** 2 Rounds ASSORTED Ammunition CAL:UNKNOWN, Serial No. NULL, valued at $0.20, seized by the ATF on September 06, 2023 from Marvis JONES in Fort Worth, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000164:** BARRETT FIREARMS MFG CO 82A1 RIFLE CAL:50 BMG SN:AA016107, valued at $10,000.00, seized by the ATF on October 03, 2023 from Jonathan Rodriguez in Saginaw, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

### SOUTHERN DISTRICT OF TEXAS

**24-ATF-000132:** SAVAGE ARMS INC. (CD) M64 Rifle CAL:22 FIN: TAN SN:4276259, valued at $150.00, seized by the ATF on October 12, 2023 from Gianni Askins in Angleton, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000133:** 2 Rounds CCI Ammunition CAL:22, Serial No. Unknown, valued at $0.20, seized by the ATF on October 12, 2023 from Gianni Askins in Angleton, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000213:** BERETTA USA CORP APX Pistol CAL:9 SN:A017848X, valued at $500.00, seized by the ATF on October 14, 2023 from Michael Strother Jr. in Laredo, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000214:** 34 Rounds WESTERN CARTRIDGE CO Ammunition CAL:9, Serial No. Unknown, valued at $3.40, seized by the ATF on October 14, 2023 from Michael Strother Jr. in Laredo, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

### WESTERN DISTRICT OF TEXAS

**24-ATF-000431:** RADIKAL ARMS P3 Shotgun CAL:12 SN:21-73926, valued at $200.00, seized by the ATF on October 15, 2023 from Eric Reppert in Batesville, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000432:** 10 Rounds Unknown Manufacturer Ammunition CAL:12, Serial No. Unknown, valued at $1.00, seized by the ATF on October 15, 2023 from Eric Reppert in Batesville, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000433:** SMITH & WESSON M&P 9 M2.0 Pistol CAL:9 SN:HNZ8730, valued at $500.00, seized by the ATF on October 15, 2023 from Eric Reppert in Batesville, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000434:** 9 Rounds Unknown Manufacturer Ammunition CAL:9, Serial No. Unknown, valued at $0.90, seized by the ATF on October 15, 2023 from Eric Reppert in Batesville, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000435:** 18 Rounds Unknown Manufacturer Ammunition CAL:9, Serial No. Unknown, valued at $1.80, seized by the ATF on October 15, 2023 from Eric Reppert in Batesville, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/29/2023**

### EASTERN DISTRICT OF VIRGINIA

**24-ATF-000081:** Glock GMBH 17 Pistol CAL:9 SN:BWYA322, valued at $500.00, seized by the ATF on October 03, 2023 from Shala Moore in Stafford, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000082:** 17 Rounds Speer Ammunition CAL:9, valued at $1.70, seized by the ATF on October 03, 2023 from Shala Moore in Stafford, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000083:** HS PRODUKT (IM METAL) HELLCAT PRO Pistol CAL:9 SN:BE152554, valued at $500.00, seized by the ATF on October 03, 2023 from Shala Moore in Stafford, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000084:** 29 Rounds WINCHESTER-WESTERN Ammunition CAL:9, valued at $2.90, seized by the ATF on October 03, 2023 from Shala Moore in Stafford, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000085:** 10 Rounds SIG SAUER (SIG) Ammunition CAL:9, valued at $1.00, seized by the ATF on October 03, 2023 from Shala Moore in Stafford, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000086:** 20 Rounds SIG SAUER (SIG) Ammunition CAL:9, valued at $2.00, seized by the ATF on October 03, 2023 from Shala Moore in Stafford, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

### WESTERN DISTRICT OF VIRGINIA

**24-ATF-000121:** $18,000.00 U.S. Currency, seized by the ATF on October 03, 2023 from Mark Garraway in Staunton, VA for forfeiture pursuant to 21 U.S.C. Section 881.

**24-ATF-000122:** Glock GMBH 19 Pistol CAL:9 SN:BTRR421, valued at $500.00, seized by the ATF on October 03, 2023 from Mark Garraway in Staunton, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000125:** 15 Rounds HORNADY Ammunition CAL:9, valued at $1.50, seized by the ATF on October 03, 2023 from Mark Garraway in Staunton, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000127:** 13 Rounds HORNADY Ammunition CAL:9, valued at $1.30, seized by the ATF on October 03, 2023 from Mark Garraway in Staunton, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000130:** 14 Rounds HORNADY Ammunition CAL:9, valued at $1.40, seized by the ATF on October 03, 2023 from Mark Garraway in Staunton, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/29/2023**

## NORTHERN DISTRICT OF WEST VIRGINIA

**23-ATF-035998:** RUGER EC9S PISTOL CAL:9 SN:462-88778, valued at $350.00, seized by the ATF on September 09, 2023 from Matthew Martin in Martinsburg, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036000:** 7 Rounds PMC Ammunition CAL:9, valued at $0.70, seized by the ATF on September 09, 2023 from Matthew Martin in Martinsburg, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000093:** MARLIN FIREARMS CO. 60 RIFLE CAL:22 SN:02120921, valued at $200.00, seized by the ATF on October 02, 2023 from Patrick Stickley in Falling Waters, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000095:** TOKAREV UNKNOWN SHOTGUN CAL:UNKNOWN SN:52-H22YD-013190, valued at $400.00, seized by the ATF on October 02, 2023 from Patrick Stickley in Falling Waters, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000099:** SAVAGE 111 RIFLE CAL:270 SN:K471597, valued at $400.00, seized by the ATF on October 02, 2023 from Patrick Stickley in Falling Waters, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000100:** RUGER 10/22 RIFLE CAL:22 SN:826-15052, valued at $200.00, seized by the ATF on October 02, 2023 from Patrick Stickley in Falling Waters, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000102:** REMINGTON ARMS COMPANY, INC. 870 TACTICAL SHOTGUN CAL:12 SN:RS25023N, valued at $400.00, seized by the ATF on October 02, 2023 from Patrick Stickley in Falling Waters, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000103:** MARLIN FIREARMS CO. XT-22 RIFLE CAL:22 SN:MM08547B, valued at $200.00, seized by the ATF on October 02, 2023 from Patrick Stickley in Falling Waters, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000105:** DEL-TON INC. DTI-15 RIFLE CAL:556 SN:DTI-S179955, valued at $550.00, seized by the ATF on October 02, 2023 from Patrick Stickley in Falling Waters, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000107:** REMINGTON ARMS COMPANY, INC. 870 EXPRESS MAGNUM SHOTGUN CAL:12 SN:A452245M valued at $400.00, seized by the ATF on October 02, 2023 from Patrick Stickley in Falling Waters, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000108:** SAVAGE 67F SHOTGUN CAL:12 SN:NONE, valued at $200.00, seized by the ATF on October 02, 2023 from Patrick Stickley in Falling Waters, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000110:** HS PRODUKT (IM METAL) XDS PISTOL CAL:45 SN:XS558933, valued at $400.00, seized by the ATF on October 02, 2023 from Patrick Stickley in Falling Waters, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000111:** RUGER P89 PISTOL CAL:9 SN:315-13558, valued at $400.00, seized by the ATF on October 02, 2023 from Patrick Stickley in Falling Waters, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000113:** TAURUS INTERNATIONAL G3C PISTOL CAL:9 SN:ACM702890, valued at $400.00, seized by the ATF on October 02, 2023 from Patrick Stickley in Falling Waters, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000115:** SMITH & WESSON 22A-1 PISTOL CAL:22 SN:UCD9456, valued at $250.00, seized by the ATF on October 02, 2023 from Patrick Stickley in Falling Waters, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000116:** JENNINGS FIREARMS J22 PISTOL CAL:22 SN:NONE, valued at $400.00, seized by the ATF on October 02, 2023 from Patrick Stickley in Falling Waters, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000117:** 1704 Rounds ASSORTED Ammunition CAL:MULTI, valued at $170.40, seized by the ATF on October 02, 2023 from Patrick Stickley in Falling Waters, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000119:** 70 Rounds ASSORTED Ammunition CAL:MULTI, valued at $7.00, seized by the ATF on October 02, 2023 from Patrick Stickley in Falling Waters, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000120:** 7 Rounds ASSORTED Ammunition CAL:MULTI, valued at $0.70, seized by the ATF on October 02, 2023 from Patrick Stickley in Falling Waters, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/29/2023**

**DISTRICT OF WYOMING**

**23-ATF-036179:** SIG-SAUER P238 PISTOL CAL:380 SN:27B216070, valued at $300.00, seized by the ATF on September 07, 2023 from Charles SANCHEZ in Sheridan, WY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036184:** SAVAGE AXIS RIFLE CAL:223 SN:J390017, valued at $200.00, seized by the ATF on September 07, 2023 from Charles SANCHEZ in Sheridan, WY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036185:** MARLIN FIREARMS CO., X7VH RIFLE CAL:308 SN:MM60891S, valued at $200.00, seized by the ATF on September 07, 2023 from Charles SANCHEZ in Sheridan, WY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036186:** MOSSBERG 20 RIFLE CAL:22 SN:NONE, valued at $200.00, seized by the ATF on September 07, 2023 from Charles SANCHEZ in Sheridan, WY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036187:** BROWNING A-BOLT RIFLE CAL:270 SN:BRJP08039YM358, valued at $200.00, seized by the ATF on September 07, 2023 from Charles SANCHEZ in Sheridan, WY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036188:** SAVAGE 110 RIFLE CAL:270 SN:E237923, valued at $300.00, seized by the ATF on September 07, 2023 from Charles SANCHEZ in Sheridan, WY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-036191:** 21 Rounds ASSORTED Ammunition CAL:UNKNOWN, Serial No. Unknown, valued at $2.10, seized by the ATF on September 07, 2023 from Charles SANCHEZ in Sheridan, WY for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  12/19/2023**
**LAST DATE TO FILE PETITION:  12/29/2023**

## EASTERN DISTRICT OF CALIFORNIA

**24-ATF-000227:** Unknown Unknown Machine Gun Conversion Device CAL:Unknown SN:None, valued at $350.00, seized by the ATF on October 03, 2023 from Ron Lavine in Clovis, CA for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000228:** Unknown Unknown Machine Gun Conversion Device CAL:Unknown SN:None, valued at $350.00, seized by the ATF on October 03, 2023 from Chad HARWARDT in Bakersfield, CA for forfeiture pursuant to 26 U.S.C. Section 5872.

## DISTRICT OF COLORADO

**23-ATF-035140:** Privately Made Firearm (PMF) Unknown Machine Gun CAL:Unknown SN:None, valued at $200.00, seized by the ATF on August 18, 2023 from Christina Telles in Greeley, CO for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-035145:** Glock, Inc Unknown Machine Gun CAL:Unknown SN:AAHV122, valued at $300.00, seized by the ATF on August 18, 2023 from Christina Telles in Greeley, CO for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-035151:** Unknown Manufacturer Machine Gun Conversion Device Machine Gun CAL:Unknown SN:None, valued at $20.00, seized by the ATF on August 18, 2023 from Christina Telles in Greeley, CO for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-035158:** Unknown Manufacturer Machine Gun Conversion Device Machine Gun CAL:Unknown SN:None, valued at $20.00, seized by the ATF on August 18, 2023 from Christina Telles in Greeley, CO for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-035159:** Unknown Manufacturer Machine Gun Conversion Device Machine Gun CAL:Unknown SN:None, valued at $20.00, seized by the ATF on August 18, 2023 from Christina Telles in Greeley, CO for forfeiture pursuant to 26 U.S.C. Section 5872.

## MIDDLE DISTRICT OF FLORIDA

**24-ATF-000090:** WIDE OPEN TRIGGER (WOT) UNKNOWN MACHINEGUN CAL:UNKNOWN SN:NONE, valued at $400.00, seized by the ATF on October 11, 2023 from MICHAEL SCOTT MITCHELL in PALM HARBOR, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000436:** WIDE OPEN TRIGGER (WOT) UNKNOWN MACHINEGUN CAL:UNKNOWN SN:NONE, valued at $350.00, seized by the ATF on October 16, 2023 from SHAHN ERIK MICHAEL in TAMPA, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000438:** WIDE OPEN TRIGGER (WOT) FORCE RESET TRIGGER UNKNOWN MACHINEGUN CAL:UNKNOWN SN:NONE, valued at $500.00, seized by the ATF on October 19, 2023 from DEAN LUPER in TAMPA, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000440:** WIDE OPEN TRIGGER (WOT) FORCE RESET TRIGGER UNKNOWN MACHINEGUN CAL:UNKNOWN SN:NONE, valued at $349.00, seized by the ATF on October 19, 2023 from MICHAEL JOHN DIBUONO in TAMPA, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000441:** WIDE OPEN TRIGGER (WOT) FORCE RESET TRIGGER UNKNOWN MACHINEGUN CAL:UNKNOWN SN:NONE, valued at $349.00, seized by the ATF on October 20, 2023 from LOGAN HENRY STOECKER in TAMPA, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000442:** WIDE OPEN TRIGGER (WOT) FORCE RESET TRIGGER UNKNOWN MACHINEGUN CAL:UNKNOWN SN:NONE, valued at $400.00, seized by the ATF on October 24, 2023 from SCOTT WILLIAM MATHIESON in TAMPA, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law. Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  12/19/2023**
**LAST DATE TO FILE PETITION:  12/29/2023**

## DISTRICT OF MAINE

**23-ATF-034001:** UNKNOWN UNKNOWN MACHINE GUN CAL:UNKNOWN SN:201486, valued at $50.00, seized by the ATF on September 20, 2023 from Mark PENNIMAN in WINTHROP, ME for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034002:** UNKNOWN UNKNOWN MACHINE GUN CAL:UNKNOWN SN:NONE, valued at $50.00, seized by the ATF on September 20, 2023 from Mark PENNIMAN in WINTHROP, ME for forfeiture pursuant to 26 U.S.C. Section 5872.

## EASTERN DISTRICT OF MICHIGAN

**23-ATF-035541:** Machine Gun Conversion Kit (Glock switch), Serial No. Unknown, valued at $200.00, seized by the ATF on September 28, 2023 from Austin Andis in Burton, MI for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-035542:** Machine Gun Conversion Kit (Glock switch), Serial No. Unknown, valued at $200.00, seized by the ATF on September 28, 2023 from Austin Andis in Burton, MI for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-035543:** Machine Gun Conversion Kit (Glock switch), Serial No. Unknown, valued at $200.00, seized by the ATF on September 28, 2023 from Austin Andis in Burton, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

## DISTRICT OF MINNESOTA

**21-ATF-038316:** High Standard JC Higgins SBL Shotgun CAL:Unknown SN:None, valued at $50.00, seized by the ATF on May 25, 2021 from Marshall Jackson in Minneapolis, MN for forfeiture pursuant to 26 U.S.C. Section 5872.

## NORTHERN DISTRICT OF MISSISSIPPI

**24-ATF-000251:** GLOCK GMBH 23 Pistol CAL:40 SN:DDU695, valued at $400.00, seized by the ATF on October 09, 2023 from Marquevion MACK in Winona, MS for forfeiture pursuant to 26 U.S.C. Section 5872.

## DISTRICT OF MONTANA

**23-ATF-036062:** Suspected Homemade Oil Filter Silencer CAL:Unknown, Serial No. Unknown, valued at $1.00, seized by the ATF on September 27, 2023 from Michael Needham in Helena, MT for forfeiture pursuant to 26 U.S.C. Section 5872.

## DISTRICT OF NEW HAMPSHIRE

**24-ATF-000097:** TOMMY TRIGGER (FRT) Machine Gun Conversion Device CAL:UNKNOWN SN:NONE, valued at $399.00, seized by the ATF on October 13, 2023 from Adrian MARKWITH in MANCHESTER, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

Page 23 of 167

327

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  12/19/2023**
**LAST DATE TO FILE PETITION:  12/29/2023**

### NORTHERN DISTRICT OF OKLAHOMA
**23-ATF-034403:** BLACK CYLINDRICAL DEVICE UNKNOWN SILENCER CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the US FEDERAL BUREAU OF INVESTIGATION on August 17, 2023 from LNU FNU in Tulsa, OK, and adopted by the ATF for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034421:** UNKNOWN MANUFACTURER UNKNOWN  DESTRUCTIVE DEV CAL:40 SN:NONE, valued at $1.00, seized by the US FEDERAL BUREAU OF INVESTIGATION on August 17, 2023 from LNU FNU in Tulsa, OK, and adopted by the ATF for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034437:** UNKNOWN MANUFACTURER UNKNOWN MG
CONVERSION DEVICE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the US FEDERAL BUREAU OF INVESTIGATION on August 17, 2023 from Carl COFFEY in Tulsa, OK, and adopted by the ATF for forfeiture pursuant to 26 U.S.C. Section 5872.

### MIDDLE DISTRICT OF TENNESSEE
**24-ATF-000212:** UNKNOWN MACHINE GUN CONVERSION KIT UKNOWN CONVERSION KIT CAL:UNKNOWN SN:NONE, valued at $400.00, seized by the ATF on October 06, 2023 from Derrick Demeester in Franklin, TN for forfeiture pursuant to 26 U.S.C. Section 5872.

### EASTERN DISTRICT OF TEXAS
**23-ATF-036007:** RUGER PC CHARGER PISTOL CAL:9 SN:913-56690, valued at $500.00, seized by the ATF on September 12, 2023 from Peter BRENNEN in RENO, TX for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-036008:** PALMETTO STATE ARMORY M4A1 CARBINE RIFLE CAL:556 SN:W1902493, valued at $1,200.00, seized by the ATF on September 12, 2023 from Peter BRENNEN in RENO, TX for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-036009:** FIREARM SILENCER MANUFACTURED BY BRENNEN UNKNOWN SILENCER CAL:UNKNOWN SN:NONE, valued at $800.00, seized by the ATF on September 12, 2023 from Peter BRENNEN in RENO, TX for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-036010:** SILENCERS MANUFACTURED BY BRENNEN UNKNOWN SILENCERS CAL:UNKNOWN SN:NONE, valued at $6,400.00, seized by the ATF on September 12, 2023 from Peter BRENNEN in RENO, TX for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-036012:** SILENCERS/SILENCER PARTS MANUFACTURED BY BRENNEN A UNKNOWN SILENCER CAL:UNKNOWN SN:NONE, valued at $4,000.00, seized by the ATF on September 12, 2023 from Peter BRENNEN in RENO, TX for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-036013:** SUSPECTED SILENCER MANUFACTURED BY BRENNEN UNKNOWN SILENCER CAL:UNKNOWN SN:NONE, valued at $400.00, seized by the ATF on September 12, 2023 from Peter BRENNEN in RENO, TX for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-036014:** 7" X 1 3/4 " COMPLETED SILENCERS FROM EXHIBIT #2 UNKNOWN SILENCER CAL:UNKNOWN SN:NONE, valued at $2,000.00, seized by the ATF on September 12, 2023 from Peter BRENNEN in RENO, TX for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-036016:** SILENCER WITH JIG MANUFACTURED BY BRENNEN UNKNOWN SILENCER CAL:UNKNOWN SN:NONE, valued at $800.00, seized by the ATF on September 12, 2023 from Peter BRENNEN in RENO, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  12/19/2023**
**LAST DATE TO FILE PETITION:  12/29/2023**

## NORTHERN DISTRICT OF TEXAS
**23-ATF-034956:** PRIVATELY MADE FIREARM (PMF) UNKNOWN MG CONVERSION DEVICE CAL:UNKNOWN SN:NONE, valued at $50.00, seized by the ATF on September 06, 2023 from Marvis JONES in Fort Worth, TX for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-035977:** UNKNOWN MANUFACTURER UNKNOWN DESTRUCTIVE DEVICE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on September 06, 2023 from AJ WILLIAMS in Fort Worth, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

## SOUTHERN DISTRICT OF TEXAS
**23-ATF-029606:** Glock Inc 23CGEN4 Machinegun (With Conversion Kit Attached) CAL:40 SN:BCWH764, valued at $500.00, seized by the ATF on May 11, 2023 from LaiTravion Knighten in Houston, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

## NORTHERN DISTRICT OF WEST VIRGINIA
**24-ATF-000096:** WINCHESTER SUPER X MODEL 1 SB SHOTGUN CAL:12 SN:WITK10247YMSXP, valued at $200.00, seized by the ATF on October 02, 2023 from Patrick Stickley in Falling Waters, WV for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  12/12/2023**
**LAST DATE TO FILE PETITION:  12/22/2023**

## DISTRICT OF ARIZONA
**23-ATF-035333:** WIDE OPEN TRIGGERS AR15 AUTO SEAR Machine Gun CAL:Unknown SN:None, valued at $300.00, seized by the ATF on September 14, 2023 from Kyle FIELD in Scottsdale, AZ for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-035656:** UNKNOWN MANUFACTURER Unknown Machine Gun CAL:Unknown SN:None, valued at $300.00, seized by the ATF on August 07, 2023 from Frank TORTORELLA in Phoenix, AZ for forfeiture pursuant to 26 U.S.C. Section 5872.
**24-ATF-000025:** WOT AR15 AUTO SEAR Machine Gun CAL:Unknown SN:None, valued at $300.00, seized by the ATF on October 04, 2023 from Matt Dzurko in Chandler, AZ for forfeiture pursuant to 26 U.S.C. Section 5872.

## CENTRAL DISTRICT OF CALIFORNIA
**23-ATF-034731:** Wide-Open Triggers Unknown Machine Gun Conversion Kit CAL:Unknown SN:None, valued at $150.00, seized by the ATF on September 12, 2023 from Jason Bouchard in Camarillo, CA for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034732:** Wide-Open Triggers Unknown Machine Gun Conversion Kit CAL:Unknown SN:None, valued at $150.00, seized by the ATF on September 12, 2023 from Jason Bouchard in Camarillo, CA for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  12/12/2023**
**LAST DATE TO FILE PETITION:  12/22/2023**

## MIDDLE DISTRICT OF FLORIDA

**20-ATF-033765:** APPROXIMATELY 6 3/4" TUBULAR METAL UNKNOWN SILENCER CAL:UNKNOWN SN:NONE, valued at $100.00, seized by the ATF on August 20, 2020 from Michael Anthony Gentilella and GUN REACHER in OCOEE, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**20-ATF-033766:** APPROXIMATELY 6 3/4" TUBULAR METAL UNKNOWN SILENCER CAL:UNKNOWN SN:NONE, valued at $100.00, seized by the ATF on August 20, 2020 from Michael Anthony Gentilella and GUN REACHER in OCOEE, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**20-ATF-033767:** APPROXIMATELY 6 3/4" TUBULAR UNKNOWN SILENCER CAL:UNKNOWN SN:NONE, valued at $100.00, seized by the ATF on August 20, 2020 from Michael Anthony Gentilella and GUN REACHER in OCOEE, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**20-ATF-033768:** APPROXIMATELY 6 3/4" TUBULAR METAL UNKNOWN SILENCER CAL:UNKNOWN SN:NONE, valued at $100.00, seized by the ATF on August 20, 2020 from Michael Anthony Gentilella and GUN REACHER in OCOEE, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**20-ATF-033769:** APPROXIMATELY 6 3/4" TUBULAR METAL UNKNOWN SILENCER CAL:UNKNOWN SN:NONE, valued at $100.00, seized by the ATF on August 20, 2020 from Michael Anthony Gentilella and GUN REACHER in OCOEE, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**20-ATF-033770:** APPROXIMATELY 6 3/4" TUBULAR METAL UNKNOWN SILENCER CAL:UNKNOWN SN:NONE, valued at $100.00, seized by the ATF on August 20, 2020 from Michael Anthony Gentilella and GUN REACHER in OCOEE, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**20-ATF-033771:** APPROXIMATELY 6 3/4" TUBULAR METAL UNKNOWN SILENCER CAL:UNKNOWN SN:NONE, valued at $100.00, seized by the ATF on August 20, 2020 from Michael Anthony Gentilella and GUN REACHER in OCOEE, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**20-ATF-033772:** APPROXIMATELY 6 3/4" TUBULAR METAL UNKNOWN SILENCER CAL:UNKNOWN SN:NONE, valued at $100.00, seized by the ATF on August 20, 2020 from Michael Anthony Gentilella and GUN REACHER in OCOEE, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**20-ATF-033773:** APPROXIMATELY 6 3/4" TUBULAR METAL UNKNOWN SILENCER CAL:UNKNOWN SN:NONE, valued at $100.00, seized by the ATF on August 20, 2020 from Michael Anthony Gentilella and GUN REACHER in OCOEE, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**20-ATF-033774:** APPROXIMATELY 6 3/4" TUBULAR METAL UNKNOWN SILENCER CAL:UNKNOWN SN:NONE, valued at $100.00, seized by the ATF on August 20, 2020 from Michael Anthony Gentilella and GUN REACHER in OCOEE, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**20-ATF-033775:** APPROXIMATELY 6 3/4" TUBULAR METAL UNKNOWN SILENCER CAL:UNKNOWN SN:NONE, valued at $100.00, seized by the ATF on August 20, 2020 from Michael Anthony Gentilella and GUN REACHER in OCOEE, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**20-ATF-033776:** APPROXIMATELY 3 1/4" TUBULAR METAL UNKNOWN SILENCER CAL:UNKNOWN SN:NONE, valued at $100.00, seized by the ATF on August 20, 2020 from Michael Anthony Gentilella and GUN REACHER in OCOEE, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**20-ATF-033777:** APPROXIMATELY 3 1/4" TUBULAR METAL UNKNOWN SILENCER CAL:UNKNOWN SN:NONE, valued at $100.00, seized by the ATF on August 20, 2020 from Michael Anthony Gentilella and GUN REACHER in OCOEE, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**20-ATF-033778:** APPROXIMATELY 3 1/4" TUBULAR METAL UNKNOWN SILENCER CAL:UNKNOWN SN:NONE, valued at $100.00, seized by the ATF on August 20, 2020 from Michael Anthony Gentilella and GUN REACHER in OCOEE, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**20-ATF-033779:** APPROXIMATELY 6 3/4 INCH BLACK TUBULAR METAL SUSPECTED UNKNOWN SILENCER CAL:UNKNOWN SN:NONE, valued at $100.00, seized by the ATF on September 05, 2020 from Michael Anthony Gentilella and GUN REACHER in ORLANDO, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  12/12/2023**
**LAST DATE TO FILE PETITION:  12/22/2023**

**MIDDLE DISTRICT OF FLORIDA**
**23-ATF-035306:** Wide Open Trigger (WOT) UNKNOWN MACHINEGUN CAL:UNKNOWN SN:NONE, valued at $350.00, seized by the ATF on September 26, 2023 from Jacob Casario in LAKELAND, FL for forfeiture pursuant to 26 U.S.C. Section 5872.
**24-ATF-000016:** WIDE OPEN TRIGGER (WOT) UNKNOWN MACHINEGUN CAL:UNKNOWN SN:NONE, valued at $400.00, seized by the ATF on October 04, 2023 from PAUL ALTMAN in LAKELAND, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**SOUTHERN DISTRICT OF FLORIDA**
**23-ATF-034780:** FNH USA LLC  FN 15  PISTOL CAL:MULTI SN:SCP02587, valued at $3,700.00, seized by the ATF on September 22, 2023 from GEORGE ABAY in HIALEAH, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  12/12/2023**
**LAST DATE TO FILE PETITION:  12/22/2023**

### DISTRICT OF MAINE

**22-ATF-047810:** S3 WEAPONWORKS RSR "SUPPRESSOR" CAL:.22 SN:S3RSR2021001, valued at $50.00, seized by the ATF on March 29, 2022 from John Paul Mohr and S3 Weaponworks in SANFORD, ME for forfeiture pursuant to 26 U.S.C. Section 5872.

**22-ATF-047811:** S3 WEAPONWORKS RSR "SUPPRESSOR" CAL:.22 SN:S3RSR2021002, valued at $50.00, seized by the ATF on March 29, 2022 from John Paul Mohr and S3 Weaponworks in SANFORD, ME for forfeiture pursuant to 26 U.S.C. Section 5872.

**22-ATF-047812:** S3 WEAPONWORKS RSR "SUPPRESSOR" CAL:.22 SN:S3RSR2021003, valued at $50.00, seized by the ATF on March 29, 2022 from John Paul Mohr and S3 Weaponworks in SANFORD, ME for forfeiture pursuant to 26 U.S.C. Section 5872.

**22-ATF-047813:** S3 WEAPONWORKS RSR "SUPPRESSOR" CAL:.22 SN:S3RSR2021004, valued at $50.00, seized by the ATF on March 29, 2022 from John Paul Mohr and S3 Weaponworks in SANFORD, ME for forfeiture pursuant to 26 U.S.C. Section 5872.

**22-ATF-047814:** S3 WEAPONWORKS RSR "SUPPRESSOR" CAL:.22 SN:S3RSR2021005, valued at $50.00, seized by the ATF on March 29, 2022 from John Paul Mohr and S3 Weaponworks in SANFORD, ME for forfeiture pursuant to 26 U.S.C. Section 5872.

**22-ATF-047815:** S3 WEAPONWORKS RSR "SUPPRESSOR" CAL:.22 SN:S3RSR2021006, valued at $50.00, seized by the ATF on March 29, 2022 from John Paul Mohr and S3 Weaponworks in SANFORD, ME for forfeiture pursuant to 26 U.S.C. Section 5872.

**22-ATF-047816:** S3 WEAPONWORKS RSR "SUPPRESSOR" CAL:.22 SN:S3RSR2021007, valued at $50.00, seized by the ATF on March 29, 2022 from John Paul Mohr and S3 Weaponworks in SANFORD, ME for forfeiture pursuant to 26 U.S.C. Section 5872.

**22-ATF-047817:** S3 WEAPONWORKS RSR "SUPPRESSOR" CAL:.22 SN:S3RSR2021008, valued at $50.00, seized by the ATF on March 29, 2022 from John Paul Mohr and S3 Weaponworks in SANFORD, ME for forfeiture pursuant to 26 U.S.C. Section 5872.

**22-ATF-047818:** S3 WEAPONWORKS RSR "SUPPRESSOR" CAL:.22 SN:S3RSR2021009, valued at $50.00, seized by the ATF on March 29, 2022 from John Paul Mohr and S3 Weaponworks in SANFORD, ME for forfeiture pursuant to 26 U.S.C. Section 5872.

**22-ATF-047819:** SOLVENT TRAP FROM WISH.COM (UNMACHINED), Serial No. Unknown, valued at $50.00, seized by the ATF on March 29, 2022 from John Paul Mohr and S3 Weaponworks in SANFORD, ME for forfeiture pursuant to 26 U.S.C. Section 5872.

**22-ATF-047820:** SOLVENT TRAP FROM WISH.COM (UNMACHINED), Serial No. Unknown, valued at $50.00, seized by the ATF on March 29, 2022 from John Paul Mohr and S3 Weaponworks in SANFORD, ME for forfeiture pursuant to 26 U.S.C. Section 5872.

**22-ATF-047821:** SOLVENT TRAP FROM WISH.COM (PARTIALLY MACHINED), Serial No. Unknown, valued at $50.00, seized by the ATF on March 29, 2022 from John Paul Mohr and S3 Weaponworks in SANFORD, ME for forfeiture pursuant to 26 U.S.C. Section 5872.

**22-ATF-047822:** SOLVENT TRAP FROM WISH.COM (PARTIALLY MACHINED), Serial No. Unknown, valued at $50.00, seized by the ATF on March 29, 2022 from John Paul Mohr and S3 Weaponworks in SANFORD, ME for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  12/12/2023**
**LAST DATE TO FILE PETITION:  12/22/2023**

### EASTERN DISTRICT OF MICHIGAN

**24-ATF-000028:** MACHINE GUN CONVERSION KIT (AR Style drop in auto sears), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000029:** MACHINE GUN CONVERSION KIT (AR Style drop in auto sears), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000030:** MACHINE GUN CONVERSION KIT (AR Style drop in auto sears), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000031:** MACHINE GUN CONVERSION KIT (AR Style drop in auto sears), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000032:** MACHINE GUN CONVERSION KIT (AR Style drop in auto sears), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000033:** MACHINE GUN CONVERSION KIT (AR Style drop in auto sears), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000034:** MACHINE GUN CONVERSION KIT (AR Style drop in auto sears), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000035:** MACHINE GUN CONVERSION KIT (AR Style drop in auto sears), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000036:** MACHINE GUN CONVERSION KIT (AR Style drop in auto sears), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000037:** MACHINE GUN CONVERSION KIT (AR Style drop in auto sears), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000038:** MACHINE GUN CONVERSION KIT (AR Style drop in auto sears), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000039:** MACHINE GUN CONVERSION KIT (AR Style drop in auto sears), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000040:** MACHINE GUN CONVERSION KIT (AR Style drop in auto sears), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000041:** MACHINE GUN CONVERSION KIT (AR Style drop in auto sears), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000042:** MACHINE GUN CONVERSION KIT (AR Style drop in auto sears), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  12/12/2023**
**LAST DATE TO FILE PETITION:  12/22/2023**

## EASTERN DISTRICT OF MICHIGAN

**24-ATF-000043:** MACHINE GUN CONVERSION KIT (AR Style drop in auto sears), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000044:** MACHINE GUN CONVERSION KIT (AR Style drop in auto sears), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000045:** MACHINE GUN CONVERSION KIT (AR Style drop in auto sears), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000046:** MACHINE GUN CONVERSION KIT (AR Style drop in auto sears), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000047:** MACHINE GUN CONVERSION KIT (AR Style drop in auto sears), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000048:** MACHINE GUN CONVERSION KIT (Glock switch), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000049:** MACHINE GUN CONVERSION KIT (Glock switch), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000050:** MACHINE GUN CONVERSION KIT (Glock switch), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000051:** MACHINE GUN CONVERSION KIT (Glock switch), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000052:** MACHINE GUN CONVERSION KIT (Glock switch), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000053:** MACHINE GUN CONVERSION KIT (Glock switch), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000054:** MACHINE GUN CONVERSION KIT (Glock switch), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000055:** MACHINE GUN CONVERSION KIT (Glock switch), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000056:** MACHINE GUN CONVERSION KIT (Glock switch), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000057:** MACHINE GUN CONVERSION KIT (Glock switch), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000058:** MACHINE GUN CONVERSION KIT (Glock switch), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000059:** MACHINE GUN CONVERSION KIT (Glock switch), Serial No. Unknown, valued at $400.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  12/12/2023**
**LAST DATE TO FILE PETITION:  12/22/2023**

## WESTERN DISTRICT OF MISSOURI

**23-ATF-024492:** Ryobi DP103L Drill Press SN: FG21361D0168086, valued at $199.00, seized by the ATF on May 31, 2023 from Cody Bonhomme in Kansas City, MO for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034915:** Unknown Unknown Silencer CAL:Unknown SN:None, valued at $1.00, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034916:** Unknown Unknown Machine Gun  CAL:Unknown SN:None, valued at $1.00, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034917:** Unknown Unknown Machine Gun CAL:Unknown SN:None, valued at $1.00, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034919:** Unknown Unknown Machine gun CAL:Unknown SN:None, valued at $1.00, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034920:** Unknown Unknown Machine gun CAL:Unknown SN:None, valued at $1.00, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034927:** Unknown Unknown Machine gun CAL:Unknown SN:None, valued at $1.00, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034928:** Unknown Unknown Machine gun CAL:Unknown SN:None, valued at $1.00, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034929:** Unknown Unknown Machine gun CAL:Unknown SN:None, valued at $1.00, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034930:** Unknown Unknown Machine gun CAL:Unknown SN:None, valued at $1.00, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034932:** Unknown Unknown Machine gun CAL:Unknown SN:None, valued at $1.00, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034934:** Unknown Unknown Machine gun CAL:Unknown SN:None, valued at $1.00, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034935:** Unknown Unknown Machine gun CAL:Unknown SN:None, valued at $1.00, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034936:** Unknown Unknown Machine gun CAL:Unknown SN:None, valued at $1.00, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034937:** Unknown Unknown Machine gun CAL:Unknown SN:None, valued at $1.00, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034945:** Unknown Unknown Machine gun CAL:Unknown SN:None, valued at $1.00, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034948:** Unknown Unknown Machine gun CAL:Unknown SN:None, valued at $1.00, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-035223:** Bambu Lab 3D Printer Model: X1 Carbon with Bambu Lab AMS Attachment, Serial No. Unknown, valued at $1,449.00, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 26 U.S.C. Section 7302.
**23-ATF-035235:** FNH USA, LLC Unknown Receiver/Frame CAL:Unknown SN:FN082942, valued at $200.00, seized by the ATF on September 29, 2023 from Hawkins, Joshua in Clever, MO for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-035236:** FNH USA, LLC Unknown Receiver/Frame CAL:Unknown SN:FN081979, valued at $200.00, seized by the ATF on September 29, 2023 from Hawkins, Joshua in Clever, MO for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  12/12/2023**
**LAST DATE TO FILE PETITION:  12/22/2023**

## SOUTHERN DISTRICT OF MISSISSIPPI

**24-ATF-000018:** Anderson Manufacturing AM-15 Rifle CAL:556 SN:17153762, valued at $370.00, seized by the ATF on October 07, 2023 from Jkwon WILBORN in Gulfport, MS for forfeiture pursuant to 26 U.S.C. Section 5872.

## DISTRICT OF NEW MEXICO

**23-ATF-032060:** SPIKE'S TACTICAL LLC ST15 Rifle CAL:Multi SN:SS 019019, valued at $600.00, seized by the ATF on August 24, 2023 from Jerry Pearson in Farmington, NM for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-032062:** POLYMER80, INC. (P80 TACTICAL P80) PF940C Pistol CAL:Unknown SN:None, valued at $30.00, seized by the ATF on August 24, 2023 from Jerry Pearson in Farmington, NM for forfeiture pursuant to 26 U.S.C. Section 5872.

## EASTERN DISTRICT OF NEW YORK

**23-ATF-035255:** 1 BLACK SUSPECTED SUPPRESSOR WITH SHIPPING PACKAGING, Serial No. Unknown, valued at $100.00, seized by the Immigration and Customs Enforcement on September 12, 2023 from Blaise POIRIER in JAMAICA, NY, and adopted by the ATF for forfeiture pursuant to 26 U.S.C. Section 5872.

## SOUTHERN DISTRICT OF OHIO

**24-ATF-000072:** Mossberg 320B Sawed Off Rifle/Shotgun (Short Barrel) CAL:22 SN:RG01002, valued at $100.00, seized by the ATF on October 06, 2023 from Brandon Cannon in Washington Courthous, OH for forfeiture pursuant to 26 U.S.C. Section 5872.

## WESTERN DISTRICT OF OKLAHOMA

**23-ATF-018210:** PRIVATELY MADE FIREARM (PMF) UNKNOWN MACHINE GUN CAL:UNKNOWN SN:NONE, valued at $20.00, seized by the ATF on April 06, 2023 from Anthony TAYLOR in Bethany, OK for forfeiture pursuant to 26 U.S.C. Section 5872.

## MIDDLE DISTRICT OF PENNSYLVANIA

**23-ATF-035074:** 80 PERCENT ARMS INC. UNKNOWN TYPE Rifle CAL:308 SN:None, valued at $400.00, seized by the ATF on September 20, 2023 from Jaimie Cummings in York, PA for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-035080:** 80 PERCENT ARMS INC. UNKNOWN TYPE Rifle CAL:12.7 SN:None, valued at $400.00, seized by the ATF on September 20, 2023 from Jaimie Cummings in York, PA for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-035083:** GEMTECH Surpressor None SILENCER SN:None, valued at $200.00, seized by the ATF on September 20, 2023 from Jaimie Cummings in York, PA for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-035087:** 80 PERCENT ARMS INC. UNKNOWN Rifle CAL:300 SN:None, valued at $400.00, seized by the ATF on September 28, 2023 from Jaimie Cummings in York, PA for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  12/12/2023**
**LAST DATE TO FILE PETITION:  12/22/2023**

## MIDDLE DISTRICT OF TENNESSEE
**23-ATF-034173:** Ruger AR-556 Rifle CAL:556 SN:85683367, valued at $500.00, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034176:** Remington Arms Company, Inc. 870 Express Mag SBBL Shotgun CAL:12 SN:W935925M, valued at $500.00, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 26 U.S.C. Section 5872.

## EASTERN DISTRICT OF TEXAS
**23-ATF-035531:** SAWED OFF RIFLE/SHOTGUN REMINGTON ARMS COMPANY, INC. 870 SHOTGUN CAL:12 SN:S881892V, valued at $1.00, seized by the ATF on August 30, 2023 from Larry CULVERHOUSE in PRINCETON, TX for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-035714:** WIDE OPEN TRIGGER UNKNOWN MACHINE GUN CONVERSION DEVICE CAL:UNKNOWN SN:NONE, valued at $350.00, seized by the ATF on June 26, 2023 from Tyler Neumeister in Overton, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

## NORTHERN DISTRICT OF TEXAS
**23-ATF-035678:** GLOCK GMBH 19X PISTOL CAL:9 SN:BURW000, valued at $100.00, seized by the ATF on September 01, 2023 from Christopher JACKSON in Dallas, TX for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-035688:** UNKNOWN MANUFACTURER UNKNOWN MACHINE GUN CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on September 01, 2023 from Christopher JACKSON in Dallas, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

## SOUTHERN DISTRICT OF TEXAS
**24-ATF-000002:** HERCULES GAS MUNITIONS CORP. G3516 Pen Gun CAL:38 SN:D1925, valued at $100.00, seized by the ATF on October 02, 2023 from Jesse Rodriguez in Webster, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/22/2023**

### DISTRICT OF ALASKA

**22-ATF-045442:** 8 Rounds Speer Ammunition CAL:9, Serial No. Unknown, valued at $0.80, seized by the ATF on September 01, 2022 from Robert CAMPBELL in ANCHORAGE, AK for forfeiture pursuant to 18 U.S.C. Section 924(d).

### DISTRICT OF ARIZONA

**23-ATF-035063:** $13,000.00 U.S. Currency  Cashier's Check #983774 ($13000) FROM NATIONAL BANK OF ARIZONA AND MADE OUT TO ATF, valued at $13,000.00, seized by the ATF on September 26, 2023 from Rim County Guns, LLC in Payson, AZ for forfeiture pursuant to 18 U.S.C. Section 981(a)(1)(C) Tr.

**23-ATF-035443:** TAURUS G2C Pistol CAL:9 SN:ADD212503, valued at $100.00, seized by the ATF on September 21, 2023 from Edwardo Peralta in Tucson, AZ for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000078:** ZASTAVA ZPAP92 Pistol CAL:762 SN:Z92-104040, valued at $750.00, seized by the ATF on October 05, 2023 from Aristeo Ruelas in Tucson, AZ for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000079:** 30 Rounds Other Ammunition CAL:762, valued at $3.00, seized by the ATF on October 05, 2023 from Aristeo Ruelas in Tucson, AZ for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000131:** FNH USA, LLC M249S Rifle CAL:556 SN:M249SA07572, valued at $13,000.00, seized by the ATF on October 11, 2023 from Gladys Chavez in Phoenix, AZ for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/22/2023**

## CENTRAL DISTRICT OF CALIFORNIA

**23-ATF-035334:** SMITH & WESSON M&P 40 Pistol CAL:40 SN:None, Obliterated, valued at $350.00, seized by the ATF on September 08, 2023 from Victor Degracia in Anaheim, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035335:** 6 Rounds ASSORTED Ammunition CAL:40, valued at $0.60, seized by the ATF on September 08, 2023 from Victor Degracia in Anaheim, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035339:** 5 Rounds ASSORTED Ammunition CAL:9, valued at $0.50, seized by the ATF on September 17, 2023 from Rafeal Yanni in San Bernardino, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035340:** Unknown Manufacturer Unknown Pistol CAL:Unknown SN:None, valued at $1.00, seized by the ATF on September 19, 2023 from Rafeal Yanni in Colton, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035341:** 10 Rounds Unknown Ammunition CAL:9, valued at $1.00, seized by the ATF on September 19, 2023 from Rafeal Yanni in Colton, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035482:** Beretta, Pietro S.P.A. Unknown Pistol CAL:Unknown SN:None, valued at $200.00, seized by the ATF on September 07, 2023 from Fernando Carmona in La Puente, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035484:** 11 Rounds Hornady Ammunition CAL:380, valued at $1.10, seized by the ATF on September 07, 2023 from Fernando Carmona in La Puente, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035485:** Colt MKIV Pistol CAL:45 SN:61219B70, valued at $200.00, seized by the ATF on September 07, 2023 from Fernando Carmona in La Puente, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035486:** 6 Rounds Unknown Ammunition CAL:45, valued at $0.60, seized by the ATF on September 07, 2023 from Fernando Carmona in La Puente, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035487:** Sig-Sauer P238 Pistol CAL:380 SN:27B263477, valued at $200.00, seized by the ATF on September 07, 2023 from Fernando Carmona in La Puente, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035488:** 6 Rounds Hornady Ammunition CAL:380, valued at $0.60, seized by the ATF on September 07, 2023 from Fernando Carmona in La Puente, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035489:** Sig-Sauer PMCX Rattler Pistol CAL:300 SN:63F036563, valued at $200.00, seized by the ATF on September 07, 2023 from Fernando Carmona in La Puente, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035490:** Mossberg 500 Shotgun CAL:12 SN:V0363103, valued at $200.00, seized by the ATF on September 07, 2023 from Fernando Carmona in La Puente, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035491:** Colt M4 Carbine Receiver/Frame CAL:Multi SN:LE600979, valued at $200.00, seized by the ATF on September 07, 2023 from Fernando Carmona in La Puente, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035492:** Springfield Armory, Geneseo, IL Saint Receiver/Frame CAL:Multi SN:ST530093, valued at $200.00, seized by the ATF on September 07, 2023 from Fernando Carmona in La Puente, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035493:** 7 Rounds Browning Ammo Ammunition CAL:12, valued at $0.70, seized by the ATF on September 07, 2023 from Fernando Carmona in La Puente, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035494:** 15 Rounds Tula Cartridge Works - Russia Ammunition CAL:762, valued at $1.50, seized by the ATF on September 07, 2023 from Fernando Carmona in La Puente, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035495:** 84 Rounds Unknown Ammunition CAL:300, valued at $8.40, seized by the ATF on September 07, 2023 from Fernando Carmona in La Puente, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035496:** 58 Rounds Federal  Ammunition CAL:380, valued at $5.80, seized by the ATF on September 07, 2023 from Fernando Carmona in La Puente, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035497:** 185 Rounds Sig Sauer (SIG) Ammunition CAL:300, valued at $18.50, seized by the ATF on September 07, 2023 from Fernando Carmona in La Puente, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/22/2023**

## CENTRAL DISTRICT OF CALIFORNIA

**23-ATF-035498:** 8 Rounds Tula Cartridge Works - Russia Ammunition CAL:9, valued at $0.80, seized by the ATF on September 07, 2023 from Fernando Carmona in La Puente, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035499:** 2583 Rounds Assorted Ammunition CAL:Assorted, valued at $258.30, seized by the ATF on September 07, 2023 from Fernando Carmona in La Puente, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

## SOUTHERN DISTRICT OF CALIFORNIA

**24-ATF-000064:** 1 Rounds Sellier & Bellot Ammunition CAL:9, valued at $0.10, seized by the ATF on October 11, 2023 from Joaquin Zarco in San Diego, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

## DISTRICT OF COLORADO

**23-ATF-035195:** GLOCK GMBH 17 PISTOL CAL:9 SN:BVSW553, valued at $500.00, seized by the ATF on September 27, 2023 from Benjamin Aguilar in Lakewood, CO for forfeiture pursuant to 18 U.S.C. Section 981(a)(1)(C) Tr.

**23-ATF-035197:** GLOCK GMBH 17 PISTOL CAL:9 SN:BSWE587, valued at $500.00, seized by the ATF on September 27, 2023 from Benjamin Aguilar in Lakewood, CO for forfeiture pursuant to 18 U.S.C. Section 981(a)(1)(C) Tr.

**23-ATF-035199:** GLOCK GMBH 17 PISTOL CAL:9 SN:BVSW346, valued at $500.00, seized by the ATF on September 27, 2023 from Benjamin Aguilar in Lakewood, CO for forfeiture pursuant to 18 U.S.C. Section 981(a)(1)(C) Tr.

**23-ATF-035200:** RUGER LCP PISTOL CAL:380 SN:372440308, valued at $200.00, seized by the ATF on September 27, 2023 from Benjamin Aguilar in Lakewood, CO for forfeiture pursuant to 18 U.S.C. Section 981(a)(1)(C) Tr.

**23-ATF-035202:** RUGER LCP PISTOL CAL:380 SN:377-30504, valued at $200.00, seized by the ATF on September 27, 2023 from Benjamin Aguilar in Lakewood, CO for forfeiture pursuant to 18 U.S.C. Section 981(a)(1)(C) Tr.

## MIDDLE DISTRICT OF FLORIDA

**23-ATF-030490:** RADICAL FIREARMS RF-15 PISTOL CAL:300 SN: RD11062, valued at $750.00, seized by the ATF on August 08, 2023 from Javier PEREZ in IMMOKALEE, FL for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-030495:** UNKNOWN MANUFACTURER UNKNOWN RIFLE CAL:UNKNOWN SN:NONE, valued at $500.00, seized by the ATF on August 08, 2023 from Javier PEREZ in IMMOKALEE, FL for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-030501:** 16 Rounds ALLIANT POWDER Ammunition CAL:300, Serial No. Unknown, valued at $1.60, seized by the ATF on August 08, 2023 from Javier PEREZ in IMMOKALEE, FL for forfeiture pursuant to 18 U.S.C. Section 924(d).

## SOUTHERN DISTRICT OF FLORIDA

**23-ATF-034811:** TAURUS G3 PISTOL CAL:9 SN:ABJ868165, valued at $550.00, seized by the ATF on September 18, 2023 from MICHAEL LANE in POMPANO, FL for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034814:** 10 Rounds ASSORTED Ammunition CAL:9, valued at $1.00, seized by the ATF on September 18, 2023 from MICHAEL LANE in POMPANO, FL for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/22/2023**

### SOUTHERN DISTRICT OF IOWA
**23-ATF-035317:** Sig Sauer (Sig-Arms) P365 SAS Pistol CAL:9 SN:66B581982, valued at $400.00, seized by the ATF on September 24, 2023 from Nicholas Gilmore in Council Bluffs, IA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035318:** 11 Rounds Assorted Ammunition CAL:9, valued at $1.10, seized by the ATF on September 24, 2023 from Nicholas Gilmore in Council Bluffs, IA for forfeiture pursuant to 18 U.S.C. Section 924(d).

### DISTRICT OF IDAHO
**23-ATF-035193:** GLOCK INC. UNKNOWN MACHINE GUN CAL:UNKNOWN SN:AABD649, valued at $500.00, seized by the ATF on August 17, 2023 from Arthur RHYNE in Twin Falls, ID for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035194:** 17 Rounds Assorted Ammunition CAL:9, Serial No. Unknown, valued at $1.70, seized by the ATF on August 17, 2023 from Arthur RHYNE in Twin Falls, ID for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035518:** KELTEC, CNC INDUSTRIES, INC. P3AT PISOL CAL:380 SN:LF595, valued at $200.00, seized by the ATF on August 30, 2023 from Jason BRADFORD in Nampa, ID for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035519:** 3 Rounds CCI Ammunition CAL:380, Serial No. Unknown, valued at $0.30, seized by the ATF on August 30, 2023 from Jason BRADFORD in Nampa, ID for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035520:** BERSA THUNDER 380 PISTOL  CAL:380 SN:929648, valued at $300.00, seized by the ATF on August 30, 2023 from Jason BRADFORD in Nampa, ID for forfeiture pursuant to 18 U.S.C. Section 924(d).

### CENTRAL DISTRICT OF ILLINOIS
**23-ATF-035290:** GLOCK GMBH 19 PISTOL CAL:19 SN:HWR009, valued at $100.00, seized by the ATF on September 16, 2023 from Richard Jackson in Springfield, IL for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035291:** 22 Rounds ASSORTED Ammunition CAL:9, valued at $2.20, seized by the ATF on September 16, 2023 from Richard Jackson in Springfield, IL for forfeiture pursuant to 18 U.S.C. Section 924(d).
**24-ATF-000014:** POLYMER80, INC. (P80 TACTICAL P80) UNKNOWN PISTOL CAL:9 SN:NONE, valued at $500.00, seized by the ATF on October 02, 2023 from Lorenzo Pettigrew in Decatur, IL for forfeiture pursuant to 18 U.S.C. Section 924(d).
**24-ATF-000015:** POLYMER80, INC. (P80 TACTICAL P80) UNKNOWN PISTOL CAL:9 SN:NONE, valued at $500.00, seized by the ATF on October 02, 2023 from Lorenzo Pettigrew in Decatur, IL for forfeiture pursuant to 18 U.S.C. Section 924(d).
**24-ATF-000021:** COLT MKIV PISTOL CAL:45 SN:SS46859, valued at $500.00, seized by the ATF on October 03, 2023 from Victor Montes De Oca Lopez in Waukegan, IL for forfeiture pursuant to 18 U.S.C. Section 924(d).
**24-ATF-000022:** 15 Rounds ASSORTED Ammunition CAL:45, valued at $1.50, seized by the ATF on October 03, 2023 from Victor Montes De Oca Lopez in Waukegan, IL for forfeiture pursuant to 18 U.S.C. Section 924(d).
**24-ATF-000023:** SPRINGFIELD ARMORY,GENESEO,IL 1911A1 MIL-SPEC PISTOL CAL:45 SN:NM689722, valued at $500.00, seized by the ATF on October 03, 2023 from Victor Montes De Oca Lopez in Waukegan, IL for forfeiture pursuant to 18 U.S.C. Section 924(d).
**24-ATF-000024:** 4 Rounds ASSORTED Ammunition CAL:45, valued at $0.40, seized by the ATF on October 03, 2023 from Victor Montes De Oca Lopez in Waukegan, IL for forfeiture pursuant to 18 U.S.C. Section 924(d).

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/22/2023**

### DISTRICT OF KANSAS

**23-ATF-035392:** Glock Inc. 19 Pistol CAL:9 SN:KDE700, valued at $200.00, seized by the ATF on September 07, 2023 from Austin Farley in Wichita, KS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035393:** 15 Rounds Assorted Ammunition CAL:9, valued at $1.50, seized by the ATF on September 07, 2023 from Austin Farley in Wichita, KS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035395:** $5,840.50 U.S. Currency, seized by the ATF on September 07, 2023 from Austin Farley in Wichita, KS for forfeiture pursuant to 21 U.S.C. Section 881.

**23-ATF-035397:** Taurus International G3C Pistol CAL:9 SN:ACA429382, valued at $200.00, seized by the ATF on September 07, 2023 from Austin Farley in Wichita, KS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035399:** 10 Rounds Assorted Ammunition CAL:9, valued at $1.00, seized by the ATF on September 07, 2023 from Austin Farley in Wichita, KS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035400:** Glock Inc. 19 Pistol CAL:9 SN:BNYS765, valued at $200.00, seized by the ATF on September 07, 2023 from Austin Farley in Wichita, KS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035401:** 12 Rounds Assorted Ammunition CAL:9, valued at $1.20, seized by the ATF on September 07, 2023 from Austin Farley in Wichita, KS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035402:** Ruger LCR Revolver CAL:38 SN:54156159, valued at $200.00, seized by the ATF on September 07, 2023 from Austin Farley in Wichita, KS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035403:** 4 Rounds Assorted Ammunition CAL:38, valued at $0.40, seized by the ATF on September 07, 2023 from Austin Farley in Wichita, KS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035404:** Hipoint (Strassell's Machine Inc.) CF380 Pistol CAL:380 SN:P884271, valued at $100.00, seized by the ATF on September 07, 2023 from Austin Farley in Wichita, KS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035405:** 1 Rounds Unknown Ammunition CAL:380, valued at $0.10, seized by the ATF on September 07, 2023 from Austin Farley in Wichita, KS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035406:** Glock Inc. 43X Pistol CAL:9 SN:BSAK256, valued at $200.00, seized by the ATF on September 07, 2023 from Austin Farley in Wichita, KS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035408:** Fie Unknown Weapon Made From Rifle/Shotgun CAL:Unknown SN:775266, valued at $100.00, seized by the ATF on September 07, 2023 from Austin Farley in Wichita, KS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035409:** 1 Rounds Winchester-Western Ammunition CAL:12, valued at $0.10, seized by the ATF on September 07, 2023 from Austin Farley in Wichita, KS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035410:** Volunteer Enterprises Commando Mark III Rifle CAL:45 SN:22817, valued at $200.00, seized by the ATF on September 07, 2023 from Austin Farley in Wichita, KS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035411:** American Tactical Imports - ATI Omni Hybrid Pistol CAL:Unknown SN:NS269343, valued at $200.00, seized by the ATF on September 07, 2023 from Austin Farley in Wichita, KS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035412:** Ruger 22 Charger Pistol CAL:22 SN:49038598, valued at $100.00, seized by the ATF on September 07, 2023 from Austin Farley in Wichita, KS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035413:** Century Arms International Unknown Rifle CAL:Unknown SN:596606279, valued at $200.00, seized by the ATF on September 07, 2023 from Austin Farley in Wichita, KS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035414:** Browning 81BLR Rifle CAL:308 SN:02257NX227, valued at $200.00, seized by the ATF on September 07, 2023 from Austin Farley in Wichita, KS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035415:** Radical Firearms, LLC RF-15 Rifle CAL:Multi SN:2074905, valued at $200.00, seized by the ATF on September 07, 2023 from Austin Farley in Wichita, KS for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

## LAST DATE TO FILE:  12/22/2023

### DISTRICT OF KANSAS

**23-ATF-035416:** Diamondback Arms Inc. DB-15 Rifle CAL:556 SN:DB2139652, valued at $200.00, seized by the ATF on September 07, 2023 from Austin Farley in Wichita, KS for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035417:** Remington Arms Company, Inc. 870 Police Magnum Shotgun CAL:12 SN:RS51513B, valued at $200.00, seized by the ATF on September 07, 2023 from Austin Farley in Wichita, KS for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035418:** $20,498.00 U.S. Currency, seized by the ATF on September 07, 2023 from Austin Farley in Wichita, KS for forfeiture pursuant to 21 U.S.C. Section 881.

### WESTERN DISTRICT OF KENTUCKY

**23-ATF-035473:** TAURUS INTERNATIONAL G2C PISTOL CAL:9 SN:ACK405467, valued at $250.00, seized by the ATF on September 19, 2023 from Kathy Conner in Oak Grove, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035476:** 15 Rounds CCI Ammunition CAL:9, valued at $1.50, seized by the ATF on September 19, 2023 from Kathy Conner in Oak Grove, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

### EASTERN DISTRICT OF MICHIGAN

**23-ATF-035478:** TANFOGLIO, F.LLI, S.N.C TITAN II Pistol CAL:380 SN:EB20030, valued at $100.00, seized by the ATF on September 29, 2023 from Sharod Edwards in Flint, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035479:** 3 Rounds PMC Ammunition CAL:380, valued at $0.30, seized by the ATF on September 29, 2023 from Sharod Edwards in Flint, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035480:** 10 Rounds Assorted Ammunition CAL:380, valued at $1.00, seized by the ATF on September 29, 2023 from Sharod Edwards in Flint, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035481:** 40 Rounds Assorted Ammunition CAL:762, valued at $4.00, seized by the ATF on September 29, 2023 from Sharod Edwards in Flint, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).
**24-ATF-000026:** KIMBER ULTRA CARRY II Pistol CAL:45 SN:KGMU239, valued at $100.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).
**24-ATF-000027:** SMITH & WESSON M&P 45 SHIELD Pistol CAL:45 SN: HRR4522, valued at $100.00, seized by the ATF on October 01, 2023 from Yusef Hairston in Flint, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

### WESTERN DISTRICT OF MICHIGAN

**22-ATF-046635:** FNH USA, LLC 509 Pistol CAL:9 SN:GKS0154167, valued at $300.00, seized by the ATF on May 22, 2022 from Dareese Hewlett in Muskegon, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).
**24-ATF-000061:** 12 Rounds Remington Ammunition CAL:270, valued at $1.20, seized by the ATF on October 04, 2023 from Jordan Beaudry in MARQUETTE, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).
**24-ATF-000062:** 5 Rounds Remington Ammunition CAL:44, valued at $0.50, seized by the ATF on October 04, 2023 from Jordan Beaudry in MARQUETTE, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).
**24-ATF-000063:** 15 Rounds Assorted Ammunition CAL:Multi, valued at $1.50, seized by the ATF on October 04, 2023 from Jordan Beaudry in MARQUETTE, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/22/2023**

### EASTERN DISTRICT OF MISSOURI
**23-ATF-035188:** Glock GMbh 19X Pistol with Machinegun Conversion Device CAL:9 SN:BUCA950, valued at $500.00, seized by the ATF on September 28, 2023 from Kentrell Diggs in Saint Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035192:** F. N. (FN Herstal) Five-Seven Pistol CAL:57 SN:386404224, valued at $500.00, seized by the ATF on September 28, 2023 from Kentrell Diggs in Saint Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

### WESTERN DISTRICT OF MISSOURI
**23-ATF-034911:** 2 Rounds ASSORTED Ammunition CAL:380, valued at $0.20, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034912:** 45 Rounds ASSORTED Ammunition CAL:Multi, valued at $4.50, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034913:** GLOCK GMBH 19CGEN4 PISTOL CAL:9 SN:BDUT109, valued at $400.00, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034914:** 13 Rounds ASSORTED Ammunition CAL:9, valued at $1.30, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034921:** 13 Rounds WINCHESTER-WESTERN Ammunition CAL:45, valued at $1.30, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034922:** GLOCK GMBH 30GEN4 PISTOL CAL:45 SN:BYNU279, valued at $100.00, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034923:** 14 Rounds ASSORTED Ammunition CAL:45, valued at $1.40, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034924:** ROMARM/CUGIR MINI DRACO PISTOL CAL:762 SN:PE-7769-2018 RO, valued at $1.00, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034925:** 12 Rounds PMC Ammunition CAL:762, valued at $1.20, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034940:** 175 Rounds ASSORTED Ammunition CAL:Multi, valued at $17.50, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034941:** 30 Rounds ASSORTED Ammunition CAL:22, valued at $3.00, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034942:** 10 Rounds WINCHESTER-WESTERN Ammunition CAL:45, valued at $1.00, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034944:** 10 Rounds WINCHESTER-WESTERN Ammunition CAL:380, valued at $1.00, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034946:** 9 Rounds ASSORTED Ammunition CAL:40, valued at $0.90, seized by the ATF on August 31, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035078:** GLOCK GMBH 30SF PISTOL CAL:45 SN:BXVH615, valued at $500.00, seized by the ATF on August 30, 2023 from Jayqual Hayes-Sanders in Columbia, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/22/2023**

**SOUTHERN DISTRICT OF MISSISSIPPI**

**23-ATF-035362:** TAURUS INTERNATIONAL PT111 MILLENNIU Pistol CAL:9 SN:TJP13009, valued at $134.80, seized by the ATF on September 16, 2023 from Warren PFETZER in Bay Saint Louis, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035364:** 10 Rounds Remington Ammunition CAL:9, valued at $1.00, seized by the ATF on September 16, 2023 from Warren PFETZER in Bay Saint Louis, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035524:** Savage 820B Shotgun CAL:12 SN:Unknown, valued at $100.00, seized by the ATF on September 20, 2023 from Dallas Bennett in Monticello, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035525:** CLERKE TECHNICORP. CLERKE 1ST Revolver CAL:32 SN:878373, valued at $50.00, seized by the ATF on September 20, 2023 from Dallas Bennett in Monticello, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000017:** GLOCK GMBH 17GEN4 Pistol CAL:9 SN:YRH923, valued at $254.58, seized by the ATF on October 07, 2023 from Makel THOMAS in Gulfport, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/22/2023**

## DISTRICT OF MONTANA

**23-ATF-034730:** ITHACA GUN CO., UNKNOWN SHOTGUN CAL:UNKNOWN SN:116863, valued at $300.00, seized by the ATF on September 12, 2023 from Robert Boyden in Silesia, MT for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034737:** REMINGTON ARMS COMPANY, INC., 721 RIFLE CAL:30-06 SN:241752, valued at $300.00, seized by the ATF on September 12, 2023 from Robert Boyden in Silesia, MT for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034738:** FIREARM: SHOTGUN, MNF: MAVERICK ARMS (EAGLE PASS, TX), TYPE: SHOTGUN, MODEL: 8 CAL: 12, SN: MV0247091, valued at $300.00, seized by the ATF on September 12, 2023 from Robert Boyden in Silesia, MT for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034739:** REMINGTON ARMS COMPANY, INC., 700 RIFLE CAL:7 SN:RR24318C, valued at $300.00, seized by the ATF on September 12, 2023 from Robert Boyden in Silesia, MT for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034740:** 200 Rounds ASSORTED Ammunition CAL:10, Serial No. Unknown, valued at $20.00, seized by the ATF on September 12, 2023 from Hannah Shane in Billings, MT for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035315:** GLOCK GMBH, 43X PISTOL CAL:9 SN:BZRP056, valued at $600.00, seized by the ATF on September 04, 2023 from Michael Shawn O'Neill in Great Falls, MT for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035321:** SMITH & WESSON, M&P 40 SHIELD M2.0, PISTOL CAL:40 SN:JHP3289, valued at $600.00, seized by the ATF on September 04, 2023 from Michael Shawn O'Neill in Great Falls, MT for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035322:** 19 Rounds WINCHESTER-WESTERN Ammunition CAL:MULTI, Serial No. Unknown, valued at $1.90, seized by the ATF on September 04, 2023 from Michael Shawn O'Neill in Great Falls, MT for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035328:** AERO PRECISION M4E1 RIFLE CAL:MULTI SN:M4-0448562, valued at $1,000.00, seized by the ATF on September 04, 2023 from Michael Shawn O'Neill in Great Falls, MT for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035329:** PLAINFIELD MACHINE CO., M1 RIFLE CAL:30 SN:8204, valued at $300.00, seized by the ATF on September 04, 2023 from Michael Shawn O'Neill in Great Falls, MT for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035330:** 1000 Rounds ASSORTED Ammunition CAL:MULTI, Serial No. Unknown, valued at $1.90, seized by the ATF on September 04, 2023 from Michael Shawn O'Neill in Great Falls, MT for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035331:** 300 Rounds PMC Ammunition CAL:40, Serial No. Unknown, valued at $30.00, seized by the ATF on September 04, 2023 from Michael Shawn O'Neill in Great Falls, MT for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/22/2023**

### EASTERN DISTRICT OF NORTH CAROLINA

**23-ATF-035222:** KAHR ARMS - AUTO ORDNANCE CW45 Pistol CAL:45 SN:SG1993, valued at $300.00, seized by the ATF on September 06, 2023 from Ramon Eric Best in Fayetteville, NC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035227:** 6 Rounds Assorted Ammunition CAL:45, valued at $0.60, seized by the ATF on September 06, 2023 from Ramon Eric Best in Fayetteville, NC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035230:** Ruger EC9S Pistol CAL:9 SN:458-32322, valued at $300.00, seized by the ATF on September 06, 2023 from Ramon Eric Best in Fayetteville, NC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035231:** 6 Rounds Assorted Ammunition CAL:9, valued at $0.60, seized by the ATF on September 06, 2023 from Ramon Eric Best in Fayetteville, NC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035232:** 18 Rounds Assorted Ammunition CAL:45, valued at $1.80, seized by the ATF on September 06, 2023 from Ramon Eric Best in Fayetteville, NC for forfeiture pursuant to 18 U.S.C. Section 924(d).

### MIDDLE DISTRICT OF NORTH CAROLINA

**23-ATF-035446:** SCCY INDUSTRIES, LLC (SKYY IND.) CPX-2 Pistol CAL:9 SN:474521, valued at $300.00, seized by the ATF on August 20, 2023 from Joel Bernard Ceasar in Winston Salem, NC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035447:** 11 Rounds Assorted Ammunition CAL:9, valued at $1.10, seized by the ATF on August 20, 2023 from Joel Bernard Ceasar in Winston Salem, NC for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law. Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE: 12/22/2023**

## DISTRICT OF NEVADA

**23-ATF-035113:** GLOCK GMBH 23GEN5 pistol CAL:40 SN:BXHR840, valued at $400.00, seized by the ATF on September 15, 2023 from James KELLEY in Las Vegas, NV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035123:** GLOCK GMBH 21GEN4 pistol CAL:45 SN:AGMH425, valued at $400.00, seized by the ATF on September 15, 2023 from James KELLEY in Las Vegas, NV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035126:** GLOCK GMBH 23GEN4 pistol CAL:40 SN:XKR181, valued at $400.00, seized by the ATF on September 15, 2023 from James KELLEY in Las Vegas, NV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035130:** GLOCK GMBH 27GEN5 pistol CAL:40 SN:CAFB871, valued at $400.00, seized by the ATF on September 15, 2023 from James KELLEY in Las Vegas, NV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035132:** CENTURY ARMS INTERNATIONAL MICRO VSKA pistol CAL:762 SN:MSV701541, valued at $400.00, seized by the ATF on September 15, 2023 from James KELLEY in Las Vegas, NV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035345:** Glock GMBH 22GEN4 Pistol CAL:40 SN:BKWC263, valued at $500.00, seized by the ATF on August 30, 2023 from Edgar Romero in Las Vegas, NV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035354:** Taurus G2C Pistol CAL:9 SN:AEB126548, valued at $400.00, seized by the ATF on September 27, 2023 from Azhanay Brady in Henderson, NV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035355:** Taurus G2C Pistol CAL:9 SN:AED287398, valued at $400.00, seized by the ATF on September 27, 2023 from Azhanay Brady in Henderson, NV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035358:** Taurus G3C Pistol CAL:9 SN:ADB942499, valued at $400.00, seized by the ATF on September 27, 2023 from Azhanay Brady in Henderson, NV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035359:** Taurus G3C Pistol CAL:9 SN:ADB942428, valued at $400.00, seized by the ATF on September 27, 2023 from Azhanay Brady in Henderson, NV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035361:** ABC Rifle Company ABC-15 Pistol CAL:Unknown SN:77-9788, valued at $500.00, seized by the ATF on September 27, 2023 from Azhanay Brady in Henderson, NV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035370:** Century Arms International AK Pistol Pistol CAL:Unknown SN:RON2244540, valued at $400.00, seized by the ATF on September 29, 2023 from Eliseo Duran in Las Vegas, NV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035371:** Rock Island Armory Inc. (Geneseo, IL) 1911 Pistol CAL:45 SN:RIA2675591, valued at $300.00, seized by the ATF on September 29, 2023 from Eliseo Duran in Las Vegas, NV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035372:** Rock Island Armory Inc. (Geneseo, IL) 1911A1 Pistol CAL:45 SN:RIA2659421, valued at $400.00, seized by the ATF on September 29, 2023 from Eliseo Duran in Las Vegas, NV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035374:** Taurus International 856 Ultralite Revolver CAL:38 SN:AEG467552, valued at $200.00, seized by the ATF on September 29, 2023 from Eliseo Duran in Las Vegas, NV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035375:** Sig-Sauer P938 Pistol CAL:9 SN:52B248395, valued at $500.00, seized by the ATF on September 29, 2023 from Eliseo Duran in Las Vegas, NV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035376:** Stoeger STR-9SC Pistol CAL:9 SN:T6429-22Y06521, valued at $500.00, seized by the ATF on September 29, 2023 from Eliseo Duran in Las Vegas, NV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035377:** Palmetto State Armory Dagger Full Size-S Pistol CAL:9 SN:SZ007075, valued at $400.00, seized by the ATF on September 29, 2023 from Eliseo Duran in Las Vegas, NV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035379:** Glock Inc. 42 Pistol CAL:380 SN:ACSR348, valued at $400.00, seized by the ATF on September 29, 2023 from Eliseo Duran in Las Vegas, NV for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale. The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/22/2023**

## DISTRICT OF NEVADA
**23-ATF-035382:** Glock Inc. 19 Pistol CAL:9 SN:YGZ051, valued at $500.00, seized by the ATF on September 29, 2023 from Eliseo Duran in Las Vegas, NV for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035391:** Sarsilmaz (Sar Arms) P8S Pistol CAL:9 SN:T1102-20M50131, valued at $300.00, seized by the US DRUG ENFORCEMENT ADMINISTRATION on September 27, 2023 from Christian MUR-SANTANA in Las Vegas, NV, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035396:** 16 Rounds Armco Ammunition CAL:9, Serial No. null, valued at $1.60, seized by the US DRUG ENFORCEMENT ADMINISTRATION on September 27, 2023 from Christian MUR-SANTANA in Las Vegas, NV, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035463:** Taurus International G3C Pistol CAL:9 SN:ADB970234, valued at $300.00, seized by the ATF on September 25, 2023 from Dakota Anderson in Las Vegas, NV for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035464:** Taurus International G3 Pistol CAL:9 SN:ADD178344, valued at $300.00, seized by the ATF on September 25, 2023 from Dakota Anderson in Las Vegas, NV for forfeiture pursuant to 18 U.S.C. Section 924(d).

## SOUTHERN DISTRICT OF NEW YORK
**23-ATF-034807:** 344 Rounds CCI Ammunition CAL:22, valued at $34.40, seized by the ATF on September 20, 2023 from Elijah Defreese in Pine Island, NY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034815:** 1568 Rounds Federal Ammunition CAL:22, valued at $156.80, seized by the ATF on September 20, 2023 from Elijah Defreese in Pine Island, NY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034816:** 30 Rounds Norma Ammunition CAL:30-06, valued at $3.00, seized by the ATF on September 20, 2023 from Elijah Defreese in Pine Island, NY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034818:** 42 Rounds Assorted Ammunition CAL:7, valued at $4.20, seized by the ATF on September 20, 2023 from Elijah Defreese in Pine Island, NY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034819:** 61 Rounds Assorted Ammunition CAL:20, valued at $6.10, seized by the ATF on September 20, 2023 from Elijah Defreese in Pine Island, NY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034820:** 35 Rounds Assorted Ammunition CAL:12, valued at $3.50, seized by the ATF on September 20, 2023 from Elijah Defreese in Pine Island, NY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034822:** 17 Rounds Hornady Ammunition CAL:308, valued at $1.70, seized by the ATF on September 20, 2023 from Elijah Defreese in Pine Island, NY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034823:** 11 Rounds Winchester-Western Ammunition CAL:22-250, valued at $1.10, seized by the ATF on September 20, 2023 from Elijah Defreese in Pine Island, NY for forfeiture pursuant to 18 U.S.C. Section 924(d).

## NORTHERN DISTRICT OF OHIO
**23-ATF-035457:** Heckler & Koch Inc. HK416D Rifle CAL:Unknown SN:WH003818, valued at $100.00, seized by the ATF on September 21, 2023 from Edward Johnson in Struthers, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035458:** 20 Rounds Assorted Ammunition CAL:22, valued at $2.00, seized by the ATF on September 21, 2023 from Edward Johnson in Struthers, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035459:** 16 Rounds Assorted Ammunition CAL:22, valued at $1.60, seized by the ATF on September 21, 2023 from Edward Johnson in Struthers, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035460:** Smith & Wesson SD9VE Pistol CAL:9 SN:HEV5438, valued at $200.00, seized by the ATF on September 21, 2023 from Edward Johnson in Struthers, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035461:** 10 Rounds Assorted Ammunition CAL:9, valued at $1.00, seized by the ATF on September 21, 2023 from Edward Johnson in Struthers, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/22/2023**

**SOUTHERN DISTRICT OF OHIO**

**23-ATF-035454:** Ruger LC9 Pistol CAL:9 SN:32612177, valued at $200.00, seized by the ATF on September 15, 2023 from Rodricko Freeman in Columbus, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035456:** 16 Rounds Assorted Ammunition CAL:9, valued at $1.60, seized by the ATF on September 15, 2023 from Rodricko Freeman in Columbus, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000003:** Glock Inc. 43 Pistol CAL:9 SN:ADZA808, valued at $350.00, seized by the ATF on October 03, 2023 from Amyas Willis in Columbus, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000004:** 7 Rounds Assorted Ammunition CAL:9, valued at $0.70, seized by the ATF on October 03, 2023 from Amyas Willis in Columbus, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000005:** 24 Rounds Assorted Ammunition CAL:9, valued at $2.40, seized by the ATF on October 03, 2023 from Amyas Willis in Columbus, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000006:** 7 Rounds CCI Ammunition CAL:9, valued at $0.70, seized by the ATF on October 03, 2023 from Amyas Willis in Columbus, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000007:** 24 Rounds Assorted Ammunition CAL:9, valued at $2.40, seized by the ATF on October 03, 2023 from Amyas Willis in Columbus, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000008:** 7 Rounds Assorted Ammunition CAL:9, valued at $0.70, seized by the ATF on October 03, 2023 from Amyas Willis in Columbus, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000009:** 1 Round CCI Ammunition CAL:9, valued at $0.10, seized by the ATF on October 03, 2023 from Amyas Willis in Columbus, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000010:** 3 Rounds Assorted Ammunition CAL:9, valued at $0.30, seized by the ATF on October 03, 2023 from Amyas Willis in Columbus, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000011:** 1 Round Hornady Ammunition CAL:9, valued at $0.10, seized by the ATF on October 03, 2023 from Amyas Willis in Columbus, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000012:** $2,858.00 U.S. Currency, seized by the ATF on October 03, 2023 from Dewarin Powell in Columbus, OH for forfeiture pursuant to 21 U.S.C. Section 881.

**24-ATF-000013:** $5,740.00 U.S. Currency, seized by the ATF on October 03, 2023 from Amyas Willis in Columbus, OH for forfeiture pursuant to 21 U.S.C. Section 881.

**24-ATF-000069:** $8,336.27 U.S. Currency, seized by the ATF on October 12, 2023 from Michael Jones in Galloway, OH for forfeiture pursuant to 21 U.S.C. Section 881.

**24-ATF-000075:** Glock GMBH 22 Pistol CAL:40 SN:LEV020, valued at $400.00, seized by the ATF on October 12, 2023 from Michael Jones in Galloway, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000076:** 14 Rounds Winchester-Western Ammunition CAL:40, valued at $1.40, seized by the ATF on October 12, 2023 from Michael Jones in Galloway, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000077:** 17 Rounds Aguila Ammunition CAL:22, valued at $1.70, seized by the ATF on October 12, 2023 from Michael Jones in Galloway, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/22/2023**

## EASTERN DISTRICT OF OKLAHOMA

**23-ATF-035593:** 12 Rounds CCI Ammunition CAL:380, Serial No. NULL, valued at $1.20, seized by the ATF on August 23, 2023 from Beau MORTON in Muldrow, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035594:** 10 Rounds LC (LAKE CITY) Ammunition CAL:223, Serial No. NULL, valued at $1.00, seized by the ATF on August 23, 2023 from Beau MORTON in Muldrow, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035595:** 260 Rounds ASSORTED Ammunition CAL:MULTI, Serial No. NULL, valued at $26.00, seized by the ATF on August 23, 2023 from Beau MORTON in Muldrow, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035596:** 44 Rounds REMINGTON Ammunition CAL:223, Serial No. NULL, valued at $4.40, seized by the ATF on August 23, 2023 from Beau MORTON in Muldrow, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035597:** 2 Rounds ASSORTED Ammunition CAL:MULTI, Serial No. NULL, valued at $0.20, seized by the ATF on August 23, 2023 from Beau MORTON in Muldrow, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035598:** 5 Rounds LC (LAKE CITY) Ammunition CAL:223, Serial No. NULL, valued at $0.50, seized by the ATF on August 23, 2023 from Beau MORTON in Muldrow, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035914:** SIG-SAUER P365 PISTOL CAL:9 SN:66B488838, valued at $50.00, seized by the ATF on September 25, 2023 from Jody HULL in ROLAND, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

## NORTHERN DISTRICT OF OKLAHOMA

**23-ATF-035363:** GLOCK INC. 43 PISTOL CAL:9 SN:ADFG433, valued at $275.00, seized by the ATF on August 31, 2023 from Delton FORRESTER in Tulsa, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035383:** 5 Rounds ASSORTED Ammunition CAL:9, Serial No. NULL, valued at $0.50, seized by the ATF on August 31, 2023 from Delton FORRESTER in Tulsa, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035384:** 6 Rounds ASSORTED Ammunition CAL:9, Serial No. NULL, valued at $0.60, seized by the ATF on August 31, 2023 from Delton FORRESTER in Tulsa, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035386:** 12 Rounds ASSORTED Ammunition CAL:9, Serial No. NULL, valued at $1.20, seized by the ATF on August 31, 2023 from Delton FORRESTER in Tulsa, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

## WESTERN DISTRICT OF OKLAHOMA

**23-ATF-031294:** TAURUS G2C PISTOL CAL:9 SN:1C035009, valued at $300.00, seized by the ATF on August 11, 2023 from Tony LEWIS in Lawton, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-031295:** 7 Rounds ASSORTED Ammunition CAL:9, Serial No. NULL, valued at $0.70, seized by the ATF on August 11, 2023 from Tony LEWIS in Lawton, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-032387:** TAURUS INTERNATIONAL PT709 PISTOL CAL:9 SN:TGN21835, valued at $150.00, seized by the ATF on August 17, 2023 from Zachary SCOTT Jr in OKLAHOMA CITY, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000019:** GLOCK GMBH 22GEN5 PISTOL CAL:40 SN:BUSF354, valued at $350.00, seized by the ATF on October 01, 2023 from Reginale AGERS in OKLAHOMA CITY, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000020:** 15 Rounds ASSORTED Ammunition CAL:40, Serial No. NULL, valued at $1.50, seized by the ATF on October 01, 2023 from Reginale AGERS in OKLAHOMA CITY, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

## LAST DATE TO FILE:  12/22/2023

## DISTRICT OF OREGON
**23-ATF-031014:** $2,800.00 U.S. Currency, seized by the ATF on August 10, 2023 from Jaime DUARTE-CARRANZA in SPRINGFIELD, OR for forfeiture pursuant to 18 U.S.C. Section 981(a)(1)(C) Tr.

## MIDDLE DISTRICT OF PENNSYLVANIA
**23-ATF-035043:** POLYMER80, INC. PF45 Pistol CAL:45 SN:None, valued at $200.00, seized by the ATF on September 20, 2023 from Jaimie Cummings in York, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035085:** 326 Rounds ASSORTED Ammunition CAL:Unknown, Serial No. Unknown, valued at $32.60, seized by the ATF on September 20, 2023 from Jaimie Cummings in York, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035088:** AR Style Receiver Rifle CAL:UNKNOWN SN:None, valued at $100.00, seized by the ATF on September 28, 2023 from Jaimie Cummings in York, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035090:** AR Style Receiver Rifle CAL:UNKNOWN SN:None, valued at $100.00, seized by the ATF on September 28, 2023 from Jaimie Cummings in York, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).

## WESTERN DISTRICT OF PENNSYLVANIA
**23-ATF-034808:** 38 Rounds ASSORTED Ammunition CAL:9, valued at $3.80, seized by the ATF on September 22, 2023 from Luther Harper in McKeesport, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034810:** 3 Rounds ASSORTED Ammunition CAL:MULTI, valued at $0.30, seized by the ATF on September 22, 2023 from Luther Harper in McKeesport, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034812:** 59 Rounds ASSORTED Ammunition CAL:762, valued at $5.90, seized by the ATF on September 22, 2023 from Luther Harper in McKeesport, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035258:** CENTURY ARMS INTERNATIONAL VSKA Rifle CAL:762 SN:SV7129678, valued at $500.00, seized by the ATF on September 22, 2023 from Luther Harper in McKeesport, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/22/2023**

### DISTRICT OF PUERTO RICO

**23-ATF-034515:** POLYMER80, INC (P80 TACTICAL P80) PF940V2 PISTOL CAL:40 SN:NONE, valued at $250.00, seized by the ATF on August 22, 2023 from BRYAN VALCARCEL-ZAYAS in RIO PIEDRAS, PR for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034516:** SCORPION ARMAMENTS, INC  SA-15 PISTOL CAL:ASSORTED SN:00229, valued at $500.00, seized by the ATF on August 22, 2023 from BRYAN VALCARCEL-ZAYAS in RIO PIEDRAS, PR for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034517:** UNKNOWN  UNKNOWN  MACHINE GUN CONVERSION KIT CAL:ASSORTED SN:NONE, valued at $50.00, seized by the ATF on August 22, 2023 from BRYAN VALCARCEL-ZAYAS in RIO PIEDRAS, PR for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034518:** UNKNOWN  UNKNOWN MACHINE GUN CONVERSION KIT  CAL:ASSORTED SN:NONE, valued at $50.00, seized by the ATF on August 22, 2023 from BRYAN VALCARCEL-ZAYAS in RIO PIEDRAS, PR for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034520:** UNKNOWN MANUFACTURER  UNKNOWN  PISTOL CAL:ASSORTED SN:NONE, valued at $400.00, seized by the ATF on August 22, 2023 from BRYAN VALCARCEL-ZAYAS in RIO PIEDRAS, PR for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034521:** UNKNOWN MANUFACTURER UNKNOWN RIFLE CAL:ASSORTED SN:NONE, valued at $700.00, seized by the ATF on August 22, 2023 from BRYAN VALCARCEL-ZAYAS in RIO PIEDRAS, PR for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034523:** UNKNOWN MANUFACTURER  UNKNOWN PISTOL CAL:ASSORTED SN:NONE, valued at $400.00, seized by the ATF on August 22, 2023 from BRYAN VALCARCEL-ZAYAS in RIO PIEDRAS, PR for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034525:** ZASTAVA PAP M92 PV PISTOL CAL:762 SN:Z92-091801, valued at $500.00, seized by the ATF on August 22, 2023 from BRYAN VALCARCEL-ZAYAS in RIO PIEDRAS, PR for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035477:** $24,000.00 U.S. Currency, seized by the ATF on September 27, 2023 from SANTA RIVERA-SOUFFRONT and ISRAEL RAMOS-RIVERA in SAN JUAN, PR for forfeiture pursuant to 21 U.S.C. Section 881.

### DISTRICT OF SOUTH DAKOTA

**23-ATF-031469:** GLOCK GMBH 33 PISTOL CAL:357 SN:CEB281US, valued at $300.00, seized by the ATF on July 19, 2023 from Kaitlin ROEHRS in Sioux Falls, SD for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-031470:** 15 Rounds ASSORTED Ammunition CAL:40, valued at $1.50, seized by the ATF on July 19, 2023 from Kaitlin ROEHRS in Sioux Falls, SD for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-031471:** 50 Rounds CCI Ammunition CAL:9, valued at $5.00, seized by the ATF on July 19, 2023 from Kaitlin ROEHRS in Sioux Falls, SD for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law. Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE: 12/22/2023**

### MIDDLE DISTRICT OF TENNESSEE

**23-ATF-034089:** Glock GMBH Model:19 Pistol Cal:Unknown SN:BFWX223, valued at $400.00, seized by the ATF on September 07, 2023 from Arnold Marks in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034108:** 15 Rounds CCI Ammunition CAL:22, valued at $1.50, seized by the ATF on September 07, 2023 from Arnold Marks in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034109:** Anderson Manufacturing AM-15 Pistol CAL:Multi SN:21048713, valued at $800.00, seized by the ATF on September 07, 2023 from Arnold Marks in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034111:** 20 Rounds Assorted Ammunition CAL:556, valued at $2.00, seized by the ATF on September 07, 2023 from Arnold Marks in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034112:** Glock GMBH 30 Pistol CAL:45 SN:TWA799, valued at $450.00, seized by the ATF on September 07, 2023 from Arnold Marks in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034113:** 12 Rounds Assorted Ammunition CAL:45, valued at $1.20, seized by the ATF on September 07, 2023 from Arnold Marks in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034115:** Glock GMBH 27 Pistol CAL:40 SN:XRB267, valued at $450.00, seized by the ATF on September 07, 2023 from Arnold Marks in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034116:** 15 Rounds Assorted Ammunition CAL:40, valued at $1.50, seized by the ATF on September 07, 2023 from Arnold Marks in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034118:** Beretta USA Corp Pico Pistol CAL:380 SN:PC004311, valued at $350.00, seized by the ATF on September 07, 2023 from Arnold Marks in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034119:** 7 Rounds Hornady Ammunition CAL:380, valued at $0.70, seized by the ATF on September 07, 2023 from Arnold Marks in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034120:** HS Produkt (IM Metal) XD9 Sub-Compact Pistol CAL:9 SN:XD298618, valued at $450.00, seized by the ATF on September 07, 2023 from Arnold Marks in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034123:** 13 Rounds Assorted Ammunition CAL:9, valued at $1.30, seized by the ATF on September 07, 2023 from Arnold Marks in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034125:** 149 Rounds Assorted Ammunition CAL:Unknown, valued at $14.90, seized by the ATF on September 07, 2023 from Arnold Marks in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034127:** 3 Rounds LC (Lake City) Ammunition CAL:308, valued at $0.30, seized by the ATF on September 07, 2023 from Arnold Marks in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034131:** Glock Inc. 26GEN5 Pistol CAL:9 SN:AGDE646, valued at $450.00, seized by the ATF on September 07, 2023 from FNU LNU in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034133:** 12 Rounds Sig Sauer (SIG) Ammunition CAL:9, valued at $1.20, seized by the ATF on September 07, 2023 from FNU LNU in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034134:** Sig-Sauer MCX Pistol CAL:Multi SN:63J030071, valued at $2,000.00, seized by the ATF on September 07, 2023 from FNU LNU in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034135:** 28 Rounds Tula Cartridge Works-Russia Ammunition CAL:762, valued at $2.80, seized by the ATF on September 07, 2023 from FNU LNU in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034136:** 20 Rounds Tula Cartridge Works-Russia Ammunition CAL:762, valued at $2.00, seized by the ATF on September 07, 2023 from FNU LNU in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034146:** 20 Rounds Winchester-Western Ammunition CAL:20, valued at $2.00, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034147:** Glock GMBH 23 Pistol CAL:40 SN:EGE986US, valued at $250.00, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034148:** 14 Rounds Barnes Bullets Ammunition CAL:40, valued at $1.40, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale. The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/22/2023**

## MIDDLE DISTRICT OF TENNESSEE

**23-ATF-034149:** HS Produkt (IM Metal) XD45 Pistol CAL:45 SN:S3322091, valued at $250.00, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034150:** 5 Rounds Other Ammunition CAL:45, valued at $0.50, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034152:** HS Produkt (IM Metal) XDM Pistol CAL:45 SN:BY147477, valued at $250.00, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034153:** Glock GMBH 27 Pistol CAL:40 SN:XYM593, valued at $250.00, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034154:** HS Produkt (IM Metal) XD9 Pistol CAL:9 SN:BY364074, valued at $250.00, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034155:** 9 Rounds PMC Ammunition CAL:40, valued at $0.90, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034157:** RPB Industries SM11A1 Pistol CAL:380 SN:SAP3805065, valued at $200.00, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034160:** HS Produkt (IM Metal) XD40 Pistol CAL:40 SN:XD396572, valued at $250.00, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034163:** F.N. (FN Herstal) Five-Seven Pistol CAL:57 SN:386376688, valued at $200.00, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034165:** 11 Rounds FN (FNH) Ammunition CAL:Unknown, valued at $1.10, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034168:** Bauer Firearms Corp. Unknown Unknown CAL:Unknown SN:088607, valued at $200.00, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034169:** 5 Rounds PPU Ammunition CAL:25, valued at $0.50, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034170:** Volunteer Enterprises Cammando Mark45 Rifle CAL:45 SN:65533, valued at $500.00, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034174:** Velocity, LLC (Atlantic Arms Mfg) Unknown Pistol CAL:Unknown SN:P12621, valued at $200.00, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034175:** Century Arms International GP 1975 Sporter Rifle CAL:762 SN:GP7509374, valued at $500.00, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034177:** 3 Rounds Sellier & Bellot Ammunition CAL:12, valued at $0.30, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034178:** Stoeger Unknown Shotgun CAL:Unknown SN:C860416-17, valued at $300.00, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034179:** Ruger 10/22 Rifle CAL:22 SN:122-48010, valued at $200.00, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034180:** Remington Arms Company, Inc. 12 Shotgun CAL:12 SN:CC39309B, valued at $200.00, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034181:** 5 Rounds Winchester-Western Ammunition CAL:12, valued at $0.50, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/22/2023**

### MIDDLE DISTRICT OF TENNESSEE

**23-ATF-034182:** Rossi Unknown Rifle CAL:Unknown SN:SSP212258, valued at $100.00, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034183:** Marlin Firearms Co. 989G Rifle CAL:22 SN:None, valued at $250.00, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034184:** Smith & Wesson 60 Ladysmith Revolver CAL:357 SN:DDB1131, valued at $200.00, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034185:** Harrington and Richardson 930 Revolver CAL:22 SN:AS93301, valued at $250.00, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034187:** Browning Pro 40 Pistol CAL:40 SN:51CMV01649, valued at $250.00, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034189:** Charter Arms Bulldog Revolver CAL:44 SN:957542, valued at $250.00, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034190:** 5 Rounds Smith & Wesson Ammunition CAL:44, valued at $0.50, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034192:** 200 Rounds Assorted Ammunition CAL:Multi, valued at $20.00, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034193:** 500 Rounds Assorted Ammunition CAL:Multi, valued at $50.00, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034194:** 2500 Rounds Assorted Ammunition CAL:Multi, valued at $250.00, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034196:** Remington Arms Company, Inc. 597 Magnum Rifle CAL:22 SN:2987387M, valued at $500.00, seized by the ATF on September 07, 2023 from Cody Moses in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034200:** 31 Rounds Winchester-Western Ammunition CAL:9, valued at $3.10, seized by the ATF on September 07, 2023 from Mykyta STRUKOV in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034204:** Romarm/Cugir GP WASR 10/63 Rifle CAL:762 SN:PV-5215-85, valued at $800.00, seized by the ATF on September 07, 2023 from Mykyta STRUKOV in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034205:** 30 Rounds Tula Cartridge Works-Russia Ammunition CAL:762, valued at $3.00, seized by the ATF on September 07, 2023 from Mykyta STRUKOV in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034206:** Palmetto State Armory AR-14 Pistol CAL:556 SN:ANGRYJOE04529, valued at $800.00, seized by the ATF on September 07, 2023 from Mykyta STRUKOV in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034207:** 18 Rounds Wolf Ammunition CAL:223, valued at $1.80, seized by the ATF on September 07, 2023 from Mykyta STRUKOV in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034208:** Palmetto State Armory PA-15 Rifle CAL:556 SN:SCD799137, valued at $900.00, seized by the ATF on September 07, 2023 from Mykyta STRUKOV in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034209:** 30 Rounds Other Ammunition CAL:223, valued at $3.00, seized by the ATF on September 07, 2023 from Mykyta STRUKOV in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034210:** Savage Arms Inc. (CD) Axis Rifle CAL:65 SN:P893842, valued at $900.00, seized by the ATF on September 07, 2023 from Mykyta STRUKOV in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034211:** Glock GMBH 43 Pistol CAL:9 SN:BGKR540, valued at $300.00, seized by the ATF on September 07, 2023 from Mykyta STRUKOV in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034212:** 8 Rounds Hornady Ammunition CAL:9, valued at $0.80, seized by the ATF on September 07, 2023

**(Continued on next page)**

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/22/2023**

## MIDDLE DISTRICT OF TENNESSEE
**23-ATF-034212 - (Continued from previous page)**
from Mykyta STRUKOV in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034213:** Walther PPQ Pistol CAL:9 SN:FCL3560, valued at $400.00, seized by the ATF on September 07, 2023 from Mykyta STRUKOV in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034214:** 3 Rounds Assorted Ammunition CAL:9, valued at $0.30, seized by the ATF on September 07, 2023 from Mykyta STRUKOV in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034215:** Smith & Wesson M&P 9 M2.0 Pistol CAL:9 SN:NBD1244, valued at $400.00, seized by the ATF on September 07, 2023 from Mykyta STRUKOV in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034216:** 17 Rounds Assorted Ammunition CAL:9, valued at $1.70, seized by the ATF on September 07, 2023 from Mykyta STRUKOV in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034217:** Glock GMBH 45 Pistol CAL:9 SN:BWLY505, valued at $450.00, seized by the ATF on September 07, 2023 from Mykyta STRUKOV in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034218:** 18 Rounds Hornady Ammunition CAL:9, valued at $1.80, seized by the ATF on September 07, 2023 from Mykyta STRUKOV in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034219:** HS Produkt (IM Metal) Hellcat Pistol CAL:9 SN:BY567919, valued at $300.00, seized by the ATF on September 07, 2023 from Mykyta STRUKOV in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034220:** 13 Rounds Assorted Ammunition CAL:9, valued at $1.30, seized by the ATF on September 07, 2023 from Mykyta STRUKOV in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034222:** Smith & Wesson M&P 9 Shield EZ M2.0 Pistol CAL:9 SN:RHN7606, valued at $350.00, seized by the ATF on September 07, 2023 from Mykyta STRUKOV in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034223:** 8 Rounds Sig Sauer (SIG) Ammunition CAL:9, valued at $0.80, seized by the ATF on September 07, 2023 from Mykyta STRUKOV in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034224:** 17 Rounds Assorted Ammunition CAL:Multi, valued at $1.70, seized by the ATF on September 07, 2023 from Mykyta STRUKOV in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034225:** 800 Rounds Assorted Ammunition CAL:9, valued at $80.00, seized by the ATF on September 07, 2023 from Mykyta STRUKOV in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034226:** 300 Rounds Assorted Ammunition CAL:Multi, valued at $30.00, seized by the ATF on September 07, 2023 from Mykyta STRUKOV in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034227:** 300 Rounds Assorted Ammunition CAL:65, valued at $30.00, seized by the ATF on September 07, 2023 from Mykyta STRUKOV in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034229:** 500 Rounds Other Ammunition CAL:Unknown, valued at $50.00, seized by the ATF on September 07, 2023 from Mykyta STRUKOV in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034230:** 25 Rounds Hornady Ammunition CAL:9, valued at $2.50, seized by the ATF on September 07, 2023 from Mykyta STRUKOV in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034231:** 1500 Rounds Fiocchi Components CAL:Unknown, valued at $30.00, seized by the ATF on September 07, 2023 from Mykyta STRUKOV in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034233:** 300 Rounds Assorted Ammunition CAL:Multi, valued at $30.00, seized by the ATF on September 07, 2023 from Mykyta STRUKOV in Nashville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034588:** $5,787.00 U.S. Currency, seized by the ATF on September 07, 2023 from Mykyta STRUKOV in Nashville, TN for forfeiture pursuant to 21 U.S.C. Section 881.
**23-ATF-034668:** Glock GMBH 29GEN4 Pistol CAL:10 SN:BWTU455, valued at $450.00, seized by the ATF on September 07, 2023 from Kamal FAKHRY in Brentwood, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034675:** 13 Rounds Ammo Inc. Ammunition CAL:10, valued at $1.30, seized by the ATF on September 07, 2023 from Kamal FAKHRY in Brentwood, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/22/2023**

### MIDDLE DISTRICT OF TENNESSEE

**23-ATF-034676:** Glock GMBH 30S Pistol CAL:45 SN:YVW817, valued at $450.00, seized by the ATF on September 07, 2023 from Kamal FAKHRY in Brentwood, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034678:** 13 Rounds PMC Ammunition CAL:45, valued at $1.30, seized by the ATF on September 07, 2023 from Kamal FAKHRY in Brentwood, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034680:** FNH USA, LLC 509 Pistol CAL:9 SN:GKS0132982, valued at $500.00, seized by the ATF on September 07, 2023 from Kamal FAKHRY in Brentwood, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034682:** 16 Rounds Assorted Ammunition CAL:9, valued at $1.60, seized by the ATF on September 07, 2023 from Kamal FAKHRY in Brentwood, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034683:** 65 Rounds Other Ammunition CAL:9, valued at $6.50, seized by the ATF on September 07, 2023 from Kamal FAKHRY in Brentwood, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034685:** 39 Rounds Sig Sauer (SIG) Ammunition CAL:9, valued at $3.90, seized by the ATF on September 07, 2023 from Kamal FAKHRY in Brentwood, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034686:** 15 Rounds Assorted Ammunition CAL:9, valued at $1.50, seized by the ATF on September 07, 2023 from Kamal FAKHRY in Brentwood, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

### EASTERN DISTRICT OF TEXAS

**23-ATF-035424:** BUSHMASTER FIREARMS XM15-E2S RIFLE CAL:MULTI SN:BK5060043, valued at $800.00, seized by the ATF on August 31, 2023 from Sonja LILLY in Lufkin, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035425:** 38 Rounds TULA CARTRIDGE WORKS - RUSSIA Ammunition CAL:223, Serial No. NULL, valued at $3.80, seized by the ATF on August 31, 2023 from Sonja LILLY in Lufkin, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035426:** 19 Rounds LC (LAKE CITY) Ammunition CAL:223, Serial No. NULL, valued at $1.90, seized by the ATF on August 31, 2023 from Sonja LILLY in Lufkin, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035529:** TAURUS PT111 G2A PISTOL CAL:9 SN:ABB336204, valued at $200.00, seized by the ATF on August 30, 2023 from Larry CULVERHOUSE in PRINCETON, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035530:** MARLIN FIREARMS CO. 60 RIFLE CAL:22 SN:05164292, valued at $200.00, seized by the ATF on August 30, 2023 from Larry CULVERHOUSE in PRINCETON, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035532:** 3 Rounds ARMCO Ammunition CAL:9, Serial No. NULL, valued at $0.30, seized by the ATF on August 30, 2023 from Larry CULVERHOUSE in PRINCETON, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/22/2023**

## NORTHERN DISTRICT OF TEXAS

**21-ATF-022832:** Smith & Wesson SD40VE Pistol CAL:40 SN:FZL4170, valued at $150.00, seized by the ATF on May 25, 2021 from Jeremiah CHAVERS in Fort Worth, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**21-ATF-022836:** 13 Rounds Smith & Wesson Ammunition CAL:40, Serial No. Null, valued at $1.30, seized by the ATF on May 25, 2021 from Jeremiah CHAVERS in Fort Worth, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035427:** GLOCK GMBH 22CGEN4 PISTOL CAL:40 SN:BMHT971, valued at $600.00, seized by the ATF on September 26, 2023 from Stefan FRANKS in LUBBOCK, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035428:** 6 Rounds Assorted Ammunition CAL:40, Serial No. Unknown, valued at $0.60, seized by the ATF on September 26, 2023 from Stefan FRANKS in LUBBOCK, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035536:** FNH USA, LLC. 503 PISTOL CAL:9 SN:CV021526, valued at $300.00, seized by the ATF on August 30, 2023 from Theresa SMITH in Grand Prairie, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035560:** SMITH & WESSON 686 REVOLVER CAL:357 SN:DMN2413, valued at $300.00, seized by the ATF on August 26, 2023 from Juan MOLINA in Fort Worth, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035562:** GLOCK INC. 26 PISTOL CAL:9 SN:BFTF502, valued at $500.00, seized by the ATF on August 26, 2023 from Juan MOLINA in Fort Worth, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035564:** FRONTIER ARMORY, LLC LW-15 PISTOL CAL:MULTI SN:NLV06447, valued at $500.00, seized by the ATF on August 26, 2023 from Juan MOLINA in Fort Worth, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035565:** COLT M4 CARBINE RIFLE CAL:556 SN:WW23194PMF, valued at $500.00, seized by the ATF on August 26, 2023 from Juan MOLINA in Fort Worth, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035566:** 75 Rounds ASSORTED Ammunition CAL:357, Serial No. NULL, valued at $7.50, seized by the ATF on August 26, 2023 from Juan MOLINA in Fort Worth, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035692:** ROMARM/CUGIR MICRO DRACO PISTOL CAL:762 SN:ROA21PMD27590, valued at $100.00, seized by the ATF on September 01, 2023 from Christopher JACKSON in Dallas, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035891:** 12 Rounds ASSORTED Ammunition CAL:9, Serial No. NULL, valued at $1.20, seized by the ATF on August 26, 2023 from Juan MOLINA in Fort Worth, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000065:** PALMETTO STATE ARMORY PA-15 RECEIVER/FRAME CAL:MULTI SN:SCB728325, valued at $40.00, seized by the ATF on October 02, 2023 from Tekeyha LEWIS in Lubbock, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000066:** PALMETTO STATE ARMORY PA-15 RECEIVER/FRAME CAL:MULTI SN:SCB187738, valued at $40.00, seized by the ATF on October 02, 2023 from Tekeyha LEWIS in Lubbock, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000067:** PALMETTO STATE ARMORY M4A1 CARBINE RECEIVER/FRAME CAL:MULTI SN:W1919296, valued at $40.00, seized by the ATF on October 02, 2023 from Tekeyha LEWIS in Lubbock, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**24-ATF-000068:** PALMETTO STATE ARMORY M4A1 CARBINE RECEIVER/FRAME CAL:MULTI SN:W1919313, valued at $40.00, seized by the ATF on October 02, 2023 from Tekeyha LEWIS in Lubbock, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

Page 56 of 167

360

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/22/2023**

### SOUTHERN DISTRICT OF TEXAS

**23-ATF-031442:** Smith & Wesson M&P 40 Shield Pistol CAL:40 SN:LET0206, valued at $200.00, seized by the ATF on August 25, 2023 from Kalvin Simmons in Houston, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-031443:** 6 Rounds Federal Ammunition CAL:40, Serial No. null, valued at $0.60, seized by the ATF on August 25, 2023 from Kalvin Simmons in Houston, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034264:** Ruger LCP Pistol CAL:380 SN:372012196, valued at $1.00, seized by the ATF on September 12, 2023 from Jamarsa Edwards in Laredo, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034267:** 6 Rounds PPU Ammunition CAL:380, Serial No. Unknown, valued at $0.60, seized by the ATF on September 12, 2023 from Jamarsa Edwards in Laredo, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035373:** BERSA THUNDER 380 Pistol CAL:380 SN:492530, valued at $1.00, seized by the ATF on September 06, 2023 from Pervis Henry Jr. in Houston, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035378:** TAURUS PT24/7 PRO DS Pistol CAL:40 SN:SCR73020, valued at $1.00, seized by the ATF on September 06, 2023 from Pervis Henry Jr. in Houston, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035380:** 3 Rounds FEDERAL Ammunition CAL:380, Serial No. Unknown, valued at $0.30, seized by the ATF on September 06, 2023 from Pervis Henry Jr. in Houston, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035381:** 14 Rounds MAGTECH Ammunition CAL:40, Serial No. Unknown, valued at $1.40, seized by the ATF on September 06, 2023 from Pervis Henry Jr. in Houston, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035385:** GLOCK GMBH 27 Pistol CAL:40 SN:PTN417, valued at $0.01, seized by the ATF on September 06, 2023 from Darrell Gray in Bryan, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035388:** 7 Rounds Manufacturer Unknown Ammunition CAL:40, Serial No. Unknown, valued at $0.70, seized by the ATF on September 06, 2023 from Darrell Gray in Bryan, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035394:** HECKLER & KOCH INC. VP9 Pistol CAL:9 SN:224-055232, valued at $0.01, seized by the ATF on September 06, 2023 from Pervis III Henry in Houston, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035398:** 31 Rounds Unknown Manufacturer Ammunition CAL:9, Serial No. Unknown, valued at $3.10, seized by the ATF on September 06, 2023 from Pervis III Henry in Houston, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035407:** 12 Rounds Unknown Manufacturer Ammunition CAL:9, Serial No. Unknown, valued at $1.20, seized by the ATF on September 06, 2023 from Pervis III Henry in Houston, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035419:** 6 Rounds Unknown Manufacturer Ammunition CAL:9, Serial No. Unknown, valued at $0.60, seized by the ATF on September 06, 2023 from Gerald Duncan in Houston, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035421:** 28 Rounds Unknown Manufacturer Ammunition CAL:9, Serial No. Unknown, valued at $2.80, seized by the ATF on September 06, 2023 from Gerald Duncan in Houston, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035422:** 20 Rounds Unknown Manufacturer Ammunition CAL:9, Serial No. Unknown, valued at $2.00, seized by the ATF on September 06, 2023 from Gerald Duncan in Houston, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035423:** TAURUS G3C Pistol CAL:9 SN:ABJ888506, valued at $400.00, seized by the ATF on September 06, 2023 from Gerald Duncan in Houston, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035526:** GLOCK GMBH 23GEN5 Pistol CAL:40 SN:BUSR008, valued at $700.00, seized by the Customs & Border Protection-Border Patrol on September 01, 2023 from Joey Osorio in Laredo, TX, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/22/2023**

### SOUTHERN DISTRICT OF TEXAS
**23-ATF-035527:** 13 Rounds HORNADY Ammunition CAL:40, Serial No. Unknown, valued at $1.30, seized by the Customs & Border Protection-Border Patrol on September 01, 2023 from Joey Osorio in Laredo, TX, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

### WESTERN DISTRICT OF TEXAS
**23-ATF-032053:** Smith & Wesson SD40VE Pistol CAL:40 SN:FYD8756, valued at $1.00, seized by the ATF on July 29, 2023 from Berry Randall in Temple, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-032054:** 14 Rounds Assorted Manufacturer Ammunition CAL:40, valued at $1.40, seized by the ATF on July 29, 2023 from Berry Randall in Temple, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034438:** $3,000.00 U.S. Currency, seized by the ATF on August 15, 2023 from Maria Del Rosario NAVARRO SANCHEZ in El Paso, TX for forfeiture pursuant to 18 U.S.C. Section 981(a)(1)(C) Tr.
**23-ATF-034813:** $63,000.00 U.S. Currency, seized by the ATF on August 21, 2023 from CORDERO HERNANDEZ in El Paso, TX for forfeiture pursuant to 18 U.S.C. Section 981(a)(1)(C) Tr.
**23-ATF-034931:** 2021 Ford Bronco Utility VIN:1FMEE5DH2MLA76579, valued at $45,125.00, seized by the ATF on August 21, 2023 from CORDERO HERNANDEZ in El Paso, TX for forfeiture pursuant to 18 U.S.C. Section 981(a)(1)(C) Tr.
**23-ATF-035462:** DIAMONDBACK ARMS INC. DB-15 PISTOL CAL:556 SN:DB2644450, valued at $459.99, seized by the ATF on September 03, 2023 from TERRANCE JONES in ODESSA, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035465:** ROMARM/CUGIR MICRO DRACO PISTOL CAL:762 SN:PE-9286-2019 RO, valued at $1,100.00, seized by the ATF on September 03, 2023 from Dominque House in ODESSA, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035467:** GLOCK INC. 30GEN4 PISTOL CAL:45 SN:BWBY677, valued at $599.99, seized by the ATF on September 03, 2023 from Dominque House in ODESSA, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035468:** GLOCK INC. 23 PISTOL CAL:40 SN:BXSG918, valued at $499.99, seized by the ATF on September 03, 2023 from Dominque House in ODESSA, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035469:** 30 Rounds Other Ammunition CAL:556, Serial No. Unknown, valued at $3.00, seized by the ATF on September 03, 2023 from TERRANCE JONES in ODESSA, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035470:** 10 Rounds Other  Ammunition CAL:45, Serial No. Unknown, valued at $1.00, seized by the ATF on September 03, 2023 from Dominque House in ODESSA, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035471:** 12 Rounds SMITH & WESSON Ammunition CAL:40, Serial No. Unknown, valued at $1.20, seized by the ATF on September 03, 2023 from Dominque House in ODESSA, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035472:** 58 Rounds OTHER  Ammunition CAL:762, Serial No. Unknown, valued at $5.80, seized by the ATF on September 03, 2023 from Dominque House in ODESSA, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035622:** TAURUS G2C PISTOL CAL:9 SN:AEB089884, valued at $228.00, seized by the ATF on August 25, 2023 from Devonte OWENS in El Paso, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

### DISTRICT OF UTAH
**23-ATF-034394:** OHIO ORDINANCE WORKS M240 SLR RIFLE CAL:762 SN:241119, valued at $15,000.00, seized by the ATF on August 09, 2023 from MARK MEDINA-BUGARIN in West Valley City, UT for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/22/2023**

## EASTERN DISTRICT OF VIRGINIA

**23-ATF-033407:** 10 Rounds Unknown Ammunition CAL:556, Serial No. Unknown, valued at $1.00, seized by the ATF on July 25, 2023 from Larry SMITH Jr in Williamsburg, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033409:** 23 Rounds Unknown Ammunition CAL:45, Serial No. Unknown, valued at $2.30, seized by the ATF on July 25, 2023 from Larry SMITH Jr in Williamsburg, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033417:** Glock GMBH 27 Pistol CAL:40 SN:BXAU295, valued at $350.00, seized by the ATF on August 10, 2023 from Kaitlyn Hammond in Alexandria, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033418:** CZ USA CZ SCRPN 3 PLS MICRO Pistol CAL:9 SN:F437700, valued at $700.00, seized by the ATF on August 10, 2023 from Kaitlyn Hammond in Alexandria, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033419:** 35 Rounds Federal Ammunition CAL:40, Serial No. Unknown, valued at $3.50, seized by the ATF on August 10, 2023 from Kaitlyn Hammond in Alexandria, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033420:** 52 Rounds Sig Sauer (SIG) Ammunition CAL:9, Serial No. Unknown, valued at $5.20, seized by the ATF on August 10, 2023 from Kaitlyn Hammond in Alexandria, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033422:** Radical Firearms, LLC. RF-15 Rifle CAL:223 SN:2-066736, valued at $350.00, seized by the ATF on August 10, 2023 from JaQua Moore in Sterling, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033424:** Black Aces Tactical Unknown Shotgun CAL: Unknown SN:MH15455, valued at $300.00, seized by the ATF on August 10, 2023 from JaQua Moore in Sterling, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033426:** 37 Rounds Remington Ammunition CAL:223, Serial No. Unknown, valued at $3.70, seized by the ATF on August 10, 2023 from JaQua Moore in Sterling, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033427:** 3 Rounds Other Ammunition CAL:12, Serial No. Unknown, valued at $0.30, seized by the ATF on August 10, 2023 from JaQua Moore in Sterling, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

Page 59 of 167

363

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/22/2023**

## EASTERN DISTRICT OF WASHINGTON

**23-ATF-035501:** DANIEL DEFENSE INC. DDM4V7P PISTOL CAL:300 SN:DDM4226265, valued at $1,900.00, seized by the ATF on September 28, 2023 from Kyle CHILDRESS in MOSES LAKE, WA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035502:** 50 Rounds SELLIER & BELLOT Ammunition CAL:9, Serial No. Unknown, valued at $5.00, seized by the ATF on September 28, 2023 from Kyle CHILDRESS in MOSES LAKE, WA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035504:** NEW ENGLAND FIREARMS PARDNER SHOTGUN  CAL:410 SN:NR272411, valued at $65.00, seized by the ATF on September 28, 2023 from Kyle CHILDRESS in MOSES LAKE, WA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035505:** MAUSER SANTA FE FLD 12012 RIFLE  CAL:30-06 SN:28705, valued at $250.00, seized by the ATF on September 28, 2023 from Kyle CHILDRESS in MOSES LAKE, WA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035507:** ITHACA GUN CO. 37 SHOTGUN CAL:12 SN:373987, valued at $145.00, seized by the ATF on September 28, 2023 from Kyle CHILDRESS in MOSES LAKE, WA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035509:** WINCHESTER 94 RIFLE  CAL:30-30 SN:3186846, valued at $250.00, seized by the ATF on September 28, 2023 from Kyle CHILDRESS in MOSES LAKE, WA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035510:** 760 Rounds Assorted Ammunition CAL:MULTI, Serial No. Unknown, valued at $76.00, seized by the ATF on September 28, 2023 from Kyle CHILDRESS in MOSES LAKE, WA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035511:** 167 Rounds Assorted  Ammunition CAL:Multi, Serial No. Unknown, valued at $16.70, seized by the ATF on September 28, 2023 from Kyle CHILDRESS in MOSES LAKE, WA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035512:** 54 Rounds Assorted  Ammunition CAL:Multi, Serial No. Unknown, valued at $5.40, seized by the ATF on September 28, 2023 from Kyle CHILDRESS in MOSES LAKE, WA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035513:** 84 Rounds Assorted Ammunition CAL:Multi, Serial No. Unknown, valued at $8.40, seized by the ATF on September 28, 2023 from Kyle CHILDRESS in MOSES LAKE, WA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035514:** 220 Rounds Assorted  Ammunition CAL:Multi, Serial No. Unknown, valued at $22.00, seized by the ATF on September 28, 2023 from Kyle CHILDRESS in MOSES LAKE, WA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035515:** 2 Rounds Assorted Ammunition CAL:Multi, Serial No. Unknown, valued at $0.20, seized by the ATF on September 28, 2023 from Kyle CHILDRESS in MOSES LAKE, WA for forfeiture pursuant to 18 U.S.C. Section 924(d).

## EASTERN DISTRICT OF WISCONSIN

**24-ATF-000060:** $4,449.00 U.S. Currency, seized by the ATF on October 04, 2023 from Cashmere Williams in Oshkosh, WI for forfeiture pursuant to 21 U.S.C. Section 881.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/22/2023**

**NORTHERN DISTRICT OF WEST VIRGINIA**

**23-ATF-030112:** RUGER P94DAO PISTOL CAL:40 SN:341-02919, valued at $450.00, seized by the ATF on August 15, 2023 from Terry Mason in Martinsburg, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-030114:** 4 Rounds ASSORTED Ammunition CAL:40, valued at $0.40, seized by the ATF on August 15, 2023 from Terry Mason in Martinsburg, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-030115:** SUN CITY MACHINERY CO., LTD STEVENS 320 SHOTGUN CAL:12 SN:203291T, valued at $450.00, seized by the ATF on August 15, 2023 from Terry Mason in Martinsburg, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-030116:** SUN CITY MACHINERY CO., LTD STEVENS 320 SHOTGUN CAL:12 SN:173813G, valued at $450.00, seized by the ATF on August 15, 2023 from Terry Mason in Martinsburg, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-030117:** 9 Rounds ASSORTED Ammunition CAL:12, valued at $0.90, seized by the ATF on August 15, 2023 from Terry Mason in Martinsburg, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-030118:** PALMETTO STATE ARMORY PA-15 SHOTGUN CAL:MULTI SN:PA059392, valued at $500.00, seized by the ATF on August 15, 2023 from Terry Mason in Martinsburg, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-030119:** 32 Rounds ASSORTED Ammunition CAL:12, valued at $3.20, seized by the ATF on August 15, 2023 from Terry Mason in Martinsburg, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-030120:** 273 Rounds ASSORTED Ammunition CAL:MULTI, valued at $27.30, seized by the ATF on August 15, 2023 from Terry Mason in Martinsburg, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/15/2023**

## EASTERN DISTRICT OF ARKANSAS

**23-ATF-035076:** GLOCK GMBH 24 Pistol CAL:40 SN:AUU408 US, valued at $400.00, seized by the ATF on September 27, 2023 from Dreshaun DOYNE in Maumelle, AR for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035082:** Unknown Unknown Machine gun CAL:Unknown SN:Unknown, valued at $10.00, seized by the ATF on September 27, 2023 from Dreshaun DOYNE in Maumelle, AR for forfeiture pursuant to 18 U.S.C. Section 924(d).

## DISTRICT OF ARIZONA

**23-ATF-034132:** SPRINGFIELD ARMORY,GENESEO,IL PRODIGY PISTOL CAL:9 SN:NMH48559, valued at $1,617.00, seized by the ATF on September 01, 2023 from Ronnald JAMES in Mesa, AZ for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034137:** WINCHESTER 94 RANGER Rifle CAL:30-30 SN:5312304, valued at $919.99, seized by the ATF on September 01, 2023 from Ronnald JAMES in Mesa, AZ for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034729:** BARRETT FIREARMS MFG CO M107A1 Rifle CAL:50 BMG SN:AE010415, valued at $13,512.00, seized by the ATF on August 31, 2023 from Christina Molinar and Alpha Dog Firearms in Tempe, AZ for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034742:** HIGH STANDARD HD MILITARY Pistol CAL:22 SN:NONE, OBLITERATED: YES, valued at $600.00 seized by the ATF on September 15, 2023 from Charles Brown in Apache Junction, AZ for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034798:** SMITH & WESSON M&P 380 Pistol CAL:380 SN:KHW4545, valued at $100.00, seized by the ATF on September 07, 2023 from Thomas Holland in Flagstaff, AZ for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034801:** POLYMER80, INC. (P80 TACTICAL P80) PF940C Pistol CAL:9 SN:None, valued at $100.00, seized by the ATF on September 07, 2023 from Essica Lyon in Flagstaff, AZ for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034802:** 7 Rounds WINCHESTER-WESTERN Ammunition CAL:380, Serial No. null, valued at $0.70, seized by the ATF on September 07, 2023 from Thomas Holland in Flagstaff, AZ for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034804:** 13 Rounds REMINGTON Ammunition CAL:9, Serial No. null, valued at $1.30, seized by the ATF on September 07, 2023 from Essica Lyon in Flagstaff, AZ for forfeiture pursuant to 18 U.S.C. Section 924(d).

## CENTRAL DISTRICT OF CALIFORNIA

**23-ATF-034879:** GLOCK GMBH 19 Pistol CAL:9 SN:BNYW313, valued at $500.00, seized by the ATF on September 27, 2023 from Roman Tausaga in Lomita, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034881:** 4 Rounds REMINGTON Ammunition CAL:9, valued at $0.40, seized by the ATF on September 27, 2023 from Roman Tausaga in Lomita, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034883:** 1 Rounds JAGEMANN TECHNOLOGIES Ammunition CAL:9, valued at $0.10, seized by the ATF on September 27, 2023 from Roman Tausaga in Lomita, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034884:** 1 Rounds REMINGTON Ammunition CAL:9, valued at $0.10, seized by the ATF on September 27, 2023 from Roman Tausaga in Lomita, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034885:** CANIK55 METE MC9 Pistol CAL:9 SN:23CT10271, valued at $400.00, seized by the ATF on September 27, 2023 from Darren Williams in Harbor City, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034886:** 15 Rounds SPEER Ammunition CAL:9, valued at $1.50, seized by the ATF on September 27, 2023 from Darren Williams in Harbor City, CA for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/15/2023**

## NORTHERN DISTRICT OF FLORIDA

**21-ATF-036138:** Smith & Wesson M&P 9 Shield EZ 9 M2.0 Pistol CAL:9 SN:RDP2768, valued at $100.00, seized by the ATF on September 18, 2021 from Dalton Gamberella in Pensacola, FL for forfeiture pursuant to 18 U.S.C. Section 924(d).

**21-ATF-036139:** 45 Rounds Assorted Ammunition CAL:Assorted, valued at $4.50, seized by the ATF on September 18, 2021 from Dalton Gamberella in Pensacola, FL for forfeiture pursuant to 18 U.S.C. Section 924(d).  Items described as:  20 20 Rounds Wolf Ammunition CAL:223, valued at $2.00; 8 8 Rounds Assorted Ammunition CAL:9, valued at $0.80; 10 10 Rounds Unknown Ammunition CAL:9, valued at $1.00; 4 4 Rounds Jagemann Technologies  Ammunition CAL:45, valued at $0.40; 3 3 Rounds Assorted Ammunition CAL:380, valued at $0.30.

## SOUTHERN DISTRICT OF FLORIDA

**23-ATF-034232:** FNH USA LLC  509 PISTOL CAL:9 SN:GKS0221231, valued at $500.00, seized by the ATF on September 05, 2023 from TERRENCE PITTS in OAKLAND, FL for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034235:** 22 Rounds ASSORTED Ammunition CAL:9, valued at $2.20, seized by the ATF on September 05, 2023 from TERRENCE PITTS in OAKLAND, FL for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034787:** SMITH & WESSON  M&P 15-22P PISTOL CAL:22 SN:WAF2219, valued at $50.00, seized by the ATF on September 18, 2023 from CALVIN BROWNLEE in PEMBROKE PINES, FL for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034792:** INTERARMS SP ZO. O(RADOM POLAND) HELLUP PISTOL CAL:762 SN:PAC1129880 19, valued at $50.00, seized by the ATF on September 18, 2023 from CALVIN BROWNLEE in PEMBROKE PINES, FL for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034793:** MATRIX AEROSPACE CORPORATION UNKNOWN PISTOL CAL:UNKNOWN SN:NONE, valued at $50.00, seized by the ATF on September 18, 2023 from CALVIN BROWNLEE in PEMBROKE PINES, FL for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034794:** GLOCK GMBH 19GEN5 PISTOL CAL:9 SN:BZCD925, valued at $50.00, seized by the ATF on September 18, 2023 from CALVIN BROWNLEE in PEMBROKE PINES, FL for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034795:** 78 Rounds ASSORTED Ammunition CAL:ASSORTED, valued at $7.80, seized by the ATF on September 18, 2023 from CALVIN BROWNLEE in PEMBROKE PINES, FL for forfeiture pursuant to 18 U.S.C. Section 924(d).  Items described as:  22 22 Rounds ASSORTED Ammunition CAL:22, valued at $2.20; 24 24 Rounds ASSORTED Ammunition CAL:762, valued at $2.40; 32 32 Rounds ASSORTED Ammunition CAL:9, valued at $3.20.

**23-ATF-035176:** precious items - assorted yellow gold jewelry, valued at $7,810.00, seized by the ATF on August 22, 2023 from CHRISTOPHER GARTH in BOYTON BEACH, FL for forfeiture pursuant to 21 U.S.C. Section 881. Items described as:  1 18KT. YELLOW GOLD ROLEX WATCH MODEL 18038 THIS WATCH IS SET WITH SIX HUNDRED AND TWENTY-FOUR 1.5MM T, valued at $6,500.00; 1 MENS 14KT YELLOW GOLD RING 15.7 GRAMS AND SET WITH ONE HUNDRED ELEVEN SINGLE CUT ROUND DIAMOATE, valued at $650.00; 1 ONE 14KT YELLOW GOLD "DOLLAR SIGN" RING.12.4 GRAMS ABD SET WITH CUBIC ZIRCONIAS, valued at $285.00; 1 ONE 14KT. YELLOW GOLD AND DIAMOND MENS RING. TOTAL GOLD WEIGHT 12.4 GRAMS, AND SET WITH TWENTY-TEO, valued at $350.00; 1 MENS 14KT YELLOW GOLD RING 15.7 GRAMS, valued at $365.00; 1 ONE 14KT YELLOW GOLD ANCHOR PENDANT. TOTAL GOLD WIGHT 8.25 GRAMS. THIS PWNDANT IS SET WITH ONE HUND, valued at $275.00; 1 ONE 14KT YELLOW GOLD PRAYING HANDS PENDANT. TOTAL WEIGHT 9 GRAMS. PENDANT IS SET WITH ONE HUNDRED A, valued at $300.00; 1 ONE 10KT YELLOW GOLD ROPE CHAIN, 16" AND 12.7 GRAMS, valued at $180.00; 1 ONE 10KT YELLOW GOLD ROPE CHAIN 24" AND 18.7 GRAMS, valued at $265.00; 1 ONE 10KT YELLOW GOLD ROPE BRACELET, 7" AND 4.6 GRAMS, valued at $65.00; 1 10KT. 2-TONE CHAIN WITH AN ACHOR PENDANT, valued at $75.00.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/15/2023**

### CENTRAL DISTRICT OF ILLINOIS
**23-ATF-029584:** Stoeger STR-9 Handgun CAL:9 SN:T642919U00947, valued at $300.00, seized by the ATF on August 02, 2023 from Jacob Monical in Springfield, IL for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-029595:** 15 Rounds Assorted Ammunition CAL:9, Serial No. Unknown, valued at $1.50, seized by the ATF on August 02, 2023 from Jacob Monical in Springfield, IL for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-029662:** 4 Rounds Assorted Ammunition CAL:9, Serial No. Unknown, valued at $0.40, seized by the ATF on August 02, 2023 from Jacob Monical in Springfield, IL for forfeiture pursuant to 18 U.S.C. Section 924(d).

### SOUTHERN DISTRICT OF INDIANA
**23-ATF-034585:** Unknown Manufacturer Unknown Type Machine Gun Conversion Kit CAL:Unknown SN:None, valued at $500.00, seized by the ATF on September 07, 2023 from Anthony Abarca in Indianapolis, IN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034586:** Keltec, CNC Industries, Inc. Sub2000 Pistol CAL:40 SN:FFX81, valued at $200.00, seized by the ATF on September 07, 2023 from Anthony Abarca in Indianapolis, IN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034587:** Polymer80, Inc. (P80 Tactical P80) PFC9 Compact Receiver/Frame CAL:Multi SN:CA22935, valued at $300.00, seized by the ATF on September 07, 2023 from Anthony Abarca in Indianapolis, IN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035095:** Unknown Manufacturer Unknown Type Machine Gun Conversion Kit CAL:Unknown SN:None, valued at $500.00, seized by the ATF on September 07, 2023 from Anthony Abarca in Indianapolis, IN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035097:** Unknown Manufacturer Unknown Type Machine Gun Conversion Kit  CAL:Unknown SN:None, valued at $500.00, seized by the ATF on September 07, 2023 from Anthony Abarca in Indianapolis, IN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035099:** Unknown Manufacturer Unknown Type Machine Gun Conversion Kit CAL:Unknown SN:None, valued at $500.00, seized by the ATF on September 07, 2023 from Anthony Abarca in Indianapolis, IN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035100:** Unknown Manufacturer Unknown Type Machine Gun Conversion Kit CAL:Unknown, Serial No. Unknown, valued at $500.00, seized by the ATF on September 07, 2023 from Anthony Abarca in Indianapolis, IN for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]
Page 64 of 167

368

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law. Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/15/2023**

## WESTERN DISTRICT OF KENTUCKY

**23-ATF-034748:** GLOCK INC. 19GEN5 PISTOL CAL:9 SN:AFTC689, valued at $1.00, seized by the ATF on September 12, 2023 from Dacorey Hodges in Louisville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034749:** 27 Rounds WINCHESTER-WESTERN Ammunition CAL:9, valued at $2.70, seized by the ATF on September 12, 2023 from Dacorey Hodges in Louisville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034750:** FNH USA, LLC FNX-45 PISTOL CAL:45 SN:FX3U023541, valued at $1.00, seized by the ATF on September 12, 2023 from Dacorey Hodges in Louisville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034751:** 6 Rounds OTHER Ammunition CAL:45, valued at $0.60, seized by the ATF on September 12, 2023 from Dacorey Hodges in Louisville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034752:** GLOCK INC. 19 PISTOL CAL:9 SN:BVTV947, valued at $1.00, seized by the ATF on September 12, 2023 from Dacorey Hodges in Louisville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034753:** 28 Rounds ASSORTED Ammunition CAL:9, valued at $2.80, seized by the ATF on September 12, 2023 from Dacorey Hodges in Louisville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034754:** 12 Rounds ASSORTED Ammunition CAL:MULTI, valued at $1.20, seized by the ATF on September 12, 2023 from Dacorey Hodges in Louisville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034755:** 2 Rounds ASSORTED Ammunition CAL:MULTI, valued at $0.20, seized by the ATF on September 12, 2023 from Dacorey Hodges in Louisville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034756:** 13 Rounds ASSORTED Ammunition CAL:40, valued at $1.30, seized by the ATF on September 12, 2023 from Dacorey Hodges in Louisville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034757:** 1 Rounds LC (LAKE CITY) Ammunition CAL:223, valued at $0.10, seized by the ATF on September 12, 2023 from Dacorey Hodges in Louisville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034758:** 44 Rounds OTHER Ammunition CAL:45, valued at $4.40, seized by the ATF on September 12, 2023 from Dacorey Hodges in Louisville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034857:** SMITH & WESSON SD40VE PISTOL CAL:40 SN:FXV3856, valued at $100.00, seized by the ATF on September 21, 2023 from Ronald Sims in Louisville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034862:** 4 Rounds ASSORTED Ammunition CAL:40, valued at $0.40, seized by the ATF on September 21, 2023 from Ronald Sims in Louisville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034863:** RUGER LCP PISTOL CAL:380 SN:371921834, valued at $100.00, seized by the ATF on September 21, 2023 from Ronald Sims in Louisville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034864:** 5 Rounds ASSORTED Ammunition CAL:380, valued at $0.50, seized by the ATF on September 21, 2023 from Ronald Sims in Louisville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034865:** SMITH & WESSON 66 REVOLVER CAL:357 SN:4K52721, valued at $100.00, seized by the ATF on September 21, 2023 from Lee Curry and Keyontae Curry in Louisville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034866:** 6 Rounds ASSORTED Ammunition CAL:357, valued at $0.60, seized by the ATF on September 21, 2023 from Lee Curry and Keyontae Curry in Louisville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034868:** 32 Rounds ASSORTED Ammunition CAL:357, valued at $3.20, seized by the ATF on September 21, 2023 from Lee Curry and Keyontae Curry in Louisville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034869:** GLOCK INC. 17 PISTOL CAL:9 SN:AGRN338, valued at $100.00, seized by the ATF on September 21, 2023 from Keyontae Curry in Louisville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

Page 65 of 167

369

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/15/2023**

**DISTRICT OF MASSACHUSETTS**

**23-ATF-034138:** POLYMER80, INC. (P80 TACTICAL P80) PF940SC Pistol CAL:9 SN:NONE, valued at $100.00, seized by the ATF on September 05, 2023 from Lisa GREEN and Antonio LABOY in SPRINGFIELD, MA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034141:** 8 Rounds ASSORTED Ammunition CAL:9, valued at $0.80, seized by the ATF on September 05, 2023 from Lisa GREEN and Antonio LABOY in SPRINGFIELD, MA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034142:** $14,850.00 U.S. Currency, seized by the ATF on September 05, 2023 from Lisa GREEN and Antonio LABOY in SPRINGFIELD, MA for forfeiture pursuant to 21 U.S.C. Section 881.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law. Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/15/2023**

**DISTRICT OF MARYLAND**

**23-ATF-029614:** UNKNOWN UNKNOWN PISTOL CAL:UNKNOWN SN:NONE, valued at $10.00, seized by the ATF on August 08, 2023 from Derrick PARKER JR in Baltimore, MD for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-029619:** 28 Rounds Other Ammunition CAL:9, Serial No. Unknown, valued at $2.80, seized by the ATF on August 08, 2023 from Derrick PARKER JR in Baltimore, MD for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-029621:** 76 Rounds ASSORTED Ammunition CAL:9, Serial No. Unknown, valued at $7.60, seized by the ATF on August 08, 2023 from Derrick PARKER JR in Baltimore, MD for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-029639:** 2 Rounds Other Ammunition CAL:9, Serial No. Unknown, valued at $0.20, seized by the ATF on August 08, 2023 from Derrick PARKER JR in Baltimore, MD for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-029702:** POLYMER80, INC. (P80 TACTICAL P80) PF940SC PISTOL CAL:Unknown SN:NONE, valued at $100.00, seized by the ATF on August 08, 2023 from Derrick PARKER JR in Baltimore, MD for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-029710:** 11 Rounds CCI Ammunition CAL:22, Serial No. Unknown, valued at $1.10, seized by the ATF on August 08, 2023 from Derrick PARKER JR in Baltimore, MD for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-029713:** POLYMER80, INC. (P80 TACTICAL P80) PF940C PISTOL CAL:9 SN:NONE, valued at $100.00, seized by the ATF on August 08, 2023 from Derrick PARKER JR in Baltimore, MD for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-029715:** 18 Rounds SIG SAUER (SIG) Ammunition CAL:9, Serial No. Unknown, valued at $1.80, seized by the ATF on August 08, 2023 from Derrick PARKER JR in Baltimore, MD for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-029716:** TAURUS PT140 PRO PISTOL CAL:40 SN:SEU92317, valued at $200.00, seized by the ATF on August 08, 2023 from Tion BOLDEN in Baltimore, MD for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-029717:** 8 Rounds FEDERAL Ammunition CAL:40, Serial No. Unknown, valued at $0.80, seized by the ATF on August 08, 2023 from Tion BOLDEN in Baltimore, MD for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-029719:** 80 Rounds CCI Ammunition CAL:22, Serial No. Unknown, valued at $8.00, seized by the ATF on August 08, 2023 from Derrick PARKER JR in Baltimore, MD for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-029721:** 20 Rounds WINCHESTER-WESTERN Ammunition CAL:300, Serial No. Unknown, valued at $2.00, seized by the ATF on August 08, 2023 from Derrick PARKER JR in Baltimore, MD for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-029724:** 23 Rounds ASSORTED Ammunition CAL:9, Serial No. Unknown, valued at $2.30, seized by the ATF on August 08, 2023 from Derrick PARKER JR in Baltimore, MD for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-029725:** 20 Rounds NORTH CHINA INDUSTRIES (NCI) - (NORINCO) Ammunition CAL:762, Serial No. Unknown, valued at $2.00, seized by the ATF on August 08, 2023 from Derrick PARKER JR in Baltimore, MD for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-029728:** Unknown Unknown RECEIVER/FRAME CAL:Unknown SN:None, valued at $50.00, seized by the ATF on August 08, 2023 from Derrick PARKER JR in Baltimore, MD for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-029733:** 3 Rounds ASSORTED Ammunition CAL:9, Serial No. Unknown, valued at $0.30, seized by the ATF on August 08, 2023 from Derrick PARKER JR in Baltimore, MD for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-029734:** 1 Rounds LC (LAKE CITY) Ammunition CAL:223, Serial No. Unknown, valued at $0.10, seized by the ATF on August 08, 2023 from Derrick PARKER JR in Baltimore, MD for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-029735:** UNKNOWN UNKNOWN PISTOL CAL:UNKNOWN SN:NONE, valued at $50.00, seized by the ATF on August 08, 2023 from Derrick PARKER JR in Baltimore, MD for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale. The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/15/2023**

## DISTRICT OF MARYLAND
**23-ATF-029736:** 22 Rounds ASSORTED Ammunition CAL:9, Serial No. Unknown, valued at $2.20, seized by the ATF on August 08, 2023 from Derrick PARKER JR in Baltimore, MD for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-029738:** 1 Rounds UNKNOWN Ammunition CAL:300, Serial No. Unknown, valued at $0.10, seized by the ATF on August 08, 2023 from Derrick PARKER JR in Baltimore, MD for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-029739:** 9 Rounds LC (LAKE CITY) Ammunition CAL:223, Serial No. Unknown, valued at $0.90, seized by the ATF on August 08, 2023 from Derrick PARKER JR in Baltimore, MD for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-029744:** 1 Rounds HORNADY Ammunition CAL:9, Serial No. Unknown, valued at $0.10, seized by the ATF on August 08, 2023 from Derrick PARKER JR in Baltimore, MD for forfeiture pursuant to 18 U.S.C. Section 924(d).

## WESTERN DISTRICT OF MICHIGAN
**22-ATF-046633:** SARSILMAZ (SAR ARMS) B6 Pistol CAL:9 SN:T110221E56483, valued at $300.00, seized by the ATF on July 06, 2022 from Dareese Hewlett in Muskegon, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

## DISTRICT OF MINNESOTA
**23-ATF-035324:** Glock Inc. 35 Pistol CAL:40 SN:CZE833US, valued at $100.00, seized by the UNITED STATES MARSHALS SERVICE on August 14, 2023 from Miklos Dates in Inver Grove Heights, MN, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035332:** Diamondback Arms Inc. DB-15 Rifle CAL:Multi SN:DB2404751, valued at $100.00, seized by the UNITED STATES MARSHALS SERVICE on August 14, 2023 from Miklos Dates in Inver Grove Heights, MN, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/15/2023**

### EASTERN DISTRICT OF MISSOURI

**23-ATF-034591:** SPRINGFIELD ARMORY,GENESEO,IL ULTRA COMPACT PISTOL CAL:45 SN:MG598995, valued at $300.00, seized by the ATF on September 25, 2023 from Amanda Duffner in DeSoto, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034848:** 461 Rounds Assorted Ammunition CAL:Multi, valued at $46.10, seized by the ATF on September 19, 2023 from Patricia Palmer in Doniphan, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034849:** Fabrinor Unknown Pistol CAL:Unknown SN:674572, valued at $300.00, seized by the ATF on September 19, 2023 from Patricia Palmer in Doniphan, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034850:** 9 Rounds Assorted Ammunition CAL:9, valued at $0.90, seized by the ATF on September 19, 2023 from Patricia Palmer in Doniphan, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034851:** 23 Rounds Assorted Ammunition CAL:9, valued at $2.30, seized by the ATF on September 19, 2023 from Patricia Palmer in Doniphan, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034852:** 701 Rounds Assorted Ammunition CAL:Multi, valued at $70.10, seized by the ATF on September 19, 2023 from Patricia Palmer in Doniphan, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034853:** 646 Rounds Assorted Ammunition CAL:22, valued at $64.60, seized by the ATF on September 19, 2023 from Patricia Palmer in Doniphan, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034854:** 5 Rounds Assorted Ammunition CAL:22, valued at $0.50, seized by the ATF on September 19, 2023 from Patricia Palmer in Doniphan, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034855:** 1 Rounds Winchester-Western Ammunition CAL:45, valued at $0.10, seized by the ATF on September 19, 2023 from Patricia Palmer in Doniphan, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034856:** 1 Rounds Winchester-Western Ammunition CAL:12, valued at $0.10, seized by the ATF on September 19, 2023 from Patricia Palmer in Doniphan, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034858:** 10 Rounds CCI Ammunition CAL:45, valued at $1.00, seized by the ATF on September 19, 2023 from Patricia Palmer in Doniphan, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034859:** 91 Rounds Assorted Ammunition CAL:Multi, valued at $9.10, seized by the ATF on September 19, 2023 from Patricia Palmer in Doniphan, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034861:** Colt Colt Auto Pistol CAL:25 SN:51448, valued at $200.00, seized by the ATF on September 19, 2023 from Patricia Palmer in Doniphan, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035004:** STAG ARMS STAG-15 RIFLE CAL:556 SN:S018168, valued at $50.00, seized by the United States Postal Service-USPS on September 15, 2023 from Johnathan Barnett in Saint Louis, MO, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035009:** 76 Rounds UNKNOWN Ammunition CAL:556, valued at $7.60, seized by the United States Postal Service-USPS on September 15, 2023 from Johnathan Barnett in Saint Louis, MO, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035010:** KARRI'S GUNS (PODUNK, INC.) K15 PISTOL CAL:556 SN:A02328, valued at $50.00, seized by the United States Postal Service-USPS on September 15, 2023 from Johnathan Barnett in Saint Louis, MO, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035011:** 17 Rounds UNKNOWN Ammunition CAL:556, valued at $1.70, seized by the United States Postal Service-USPS on September 15, 2023 from Johnathan Barnett in Saint Louis, MO, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035013:** AMERICAN TACTICAL IMPORTS - ATI OMNI HYBRID PISTOL CAL:300 SN:NS242903, valued at $50.00, seized by the United States Postal Service-USPS on September 15, 2023 from Johnathan Barnett in Saint Louis, MO, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035014:** 27 Rounds UNKNOWN Ammunition CAL:300, valued at $2.70, seized by the United States Postal Service-USPS on September 15, 2023 from Johnathan Barnett in Saint Louis, MO, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/15/2023**

### EASTERN DISTRICT OF MISSOURI

**23-ATF-035015:** GLOCK GMBH 23 PISTOL CAL:40 SN:BUCW059, valued at $50.00, seized by the United States Postal Service-USPS on September 15, 2023 from Johnathan Barnett in Saint Louis, MO, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035016:** BERETTA, PIETRO S.P.A PX4 STORM PISTOL CAL:9 SN:PX419540, valued at $50.00, seized by the United States Postal Service-USPS on September 15, 2023 from Johnathan Barnett in Saint Louis, MO, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035018:** 24 Rounds SIG SAUER (SIG) Ammunition CAL:9, valued at $2.40, seized by the United States Postal Service-USPS on September 15, 2023 from Johnathan Barnett in Saint Louis, MO, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035019:** 5 Rounds WINCHESTER-WESTERN Ammunition CAL:9, valued at $0.50, seized by the United States Postal Service-USPS on September 15, 2023 from Johnathan Barnett in Saint Louis, MO, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035021:** 37 Rounds UNKNOWN Ammunition CAL:45, valued at $3.70, seized by the United States Postal Service-USPS on September 15, 2023 from Johnathan Barnett in Saint Louis, MO, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035022:** 8 Rounds UNKNOWN Ammunition CAL:40, valued at $0.80, seized by the United States Postal Service-USPS on September 15, 2023 from Johnathan Barnett in Saint Louis, MO, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035033:** American Tactical Imports - ATI Omni Hybrid Pistol CAL:Multi SN:NS307406, valued at $570.00, seized by the ATF on September 28, 2023 from Dashaun Lee in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035034:** 29 Rounds Assorted Ammunition CAL:223, valued at $2.90, seized by the ATF on September 28, 2023 from Dashaun Lee in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035036:** Plumcrazy Firearms/ET Arms, Inc/E3 Omega P-1 Pistol CAL:Multi SN:EP00266, valued at $550.00, seized by the ATF on September 28, 2023 from Curtis Gray in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035037:** 27 Rounds Assorted Ammunition CAL:223, valued at $2.70, seized by the ATF on September 28, 2023 from Curtis Gray in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035039:** 1 Rounds Sellier & Bellot Ammunition CAL:300, valued at $0.10, seized by the ATF on September 28, 2023 from Dashaun Lee in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035105:** 100 Rounds FEDERAL Ammunition CAL:9, valued at $10.00, seized by the ATF on September 26, 2023 from Dennis Latour in Maryland Heights, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035107:** 6 Rounds Unkown Ammunition CAL:9, valued at $0.60, seized by the ATF on September 26, 2023 from Dennis Latour in Maryland Heights, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035109:** GLOCK INC. 19GEN5 Pistol CAL:9 SN:BYMR585, valued at $600.00, seized by the ATF on September 26, 2023 from Jennifer Keegan in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035111:** CHRISTENSEN ARMS (TDJ INC.) Unknown Rifle CAL:Unknown SN:2M00878, valued at $1,051.00, seized by the ATF on September 26, 2023 from Jennifer Keegan in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035112:** UNKNOWN UNKNOWN Rifle CAL:UNKNOWN SN:0002, valued at $1,000.00, seized by the ATF on September 26, 2023 from Jennifer Keegan in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035114:** HECKLER & KOCH INC. SP5 Pistol CAL:9 SN:271-023877, valued at $2,479.00, seized by the ATF on September 26, 2023 from Jennifer Keegan in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035115:** ARMSCOR OF THE PHILIPPINES (SQUIRES BINGHAM) UNKNOWN Shotgun CAL:Unknown

**(Continued on next page)**

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/15/2023**

## EASTERN DISTRICT OF MISSOURI

**23-ATF-035115 - (Continued from previous page)**
SN:23FR-CB1301, valued at $329.00, seized by the ATF on September 26, 2023 from Jennifer Keegan in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035116:** RILEY DEFENSE, INC. RAK 47 Pistol CAL:762 SN:B22932, valued at $750.00, seized by the ATF on September 26, 2023 from Jennifer Keegan in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035117:** CZ USA CZ P-10 C Pistol CAL:9 SN:F417131, valued at $600.00, seized by the ATF on September 26, 2023 from Jennifer Keegan in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035118:** KIMBER MICRO 9 Pistol CAL:9 SN:TB0083955, valued at $630.00, seized by the ATF on September 26, 2023 from Jennifer Keegan in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035119:** GLOCK INC. 43 Pistol CAL:9 SN:AGMR627, valued at $500.00, seized by the ATF on September 26, 2023 from Jennifer Keegan in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035120:** ISRAEL WEAPON IND- IWI (ISRAEL MILITARY IND- IMI) TAVOR X95 Rifle CAL:556 SN:T2013825, valued at $1,750.00, seized by the ATF on September 26, 2023 from Jennifer Keegan in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035121:** ROCK ISLAND ARMORY USA MFG INC-RIA USA MFG, NV/UT Unknown Shotgun CAL:Unknown SN:R228819, valued at $650.00, seized by the ATF on September 26, 2023 from Jennifer Keegan in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035122:** KIMBER AEGIS ELITE CUSTOM Pistol CAL:9 SN:KF150444, valued at $1,700.00, seized by the ATF on September 26, 2023 from Jennifer Keegan in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035124:** HECKLER & KOCH INC. MR 762A1 Rifle CAL:762 SN:242-404072, valued at $7,000.00, seized by the ATF on September 26, 2023 from Jennifer Keegan in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035125:** KRISS USA INC. (TRANSFORMATIONAL DEFENSE IND) KRISS VECTOR SDP Pistol CAL:Unknown SN:10P005280, valued at $1,600.00, seized by the ATF on September 26, 2023 from Jennifer Keegan in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035127:** Unknown Unknown Rifle CAL:556 SN:AFL-006558, valued at $1,275.00, seized by the ATF on September 26, 2023 from Jennifer Keegan in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035128:** HECKLER & KOCH INC. Unknown Rifle CAL:22 SN:HD030158, valued at $500.00, seized by the ATF on September 26, 2023 from Jennifer Keegan in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035131:** 14 Rounds ASSORTED Ammunition CAL:9, valued at $1.40, seized by the ATF on September 26, 2023 from Dennis Latour in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035133:** SIG-SAUER (SIG-ARMS) P365 Pistol CAL:9 SN:66A559943, valued at $600.00, seized by the ATF on September 26, 2023 from Dennis Latour in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035135:** 15 Rounds WINCHESTER-WESTERN Ammunition CAL:9, valued at $1.50, seized by the ATF on September 26, 2023 from Dennis Latour in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035136:** 172 Rounds ASSORTED Ammunition CAL:Multi, valued at $17.20, seized by the ATF on September 26, 2023 from Dennis Latour in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035138:** CHRISTENSEN ARMS (TDJ INC.) 14 Rifle CAL:338 SN:CV117734, valued at $1,361.00, seized by the ATF on September 26, 2023 from Dennis Latour in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035139:** BARRETT FIREARMS MFG CO 82A1 Rifle CAL:50 BMG SN:AA014535, valued at $8,595.00, seized by the ATF on September 26, 2023 from Dennis Latour in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/15/2023**

### EASTERN DISTRICT OF MISSOURI

**23-ATF-035141:** BATTLE ARMS DEVELOPMENT BAD-PDW Rifle CAL:Unknown SN:PDW00501, valued at $2,100.00, seized by the ATF on September 26, 2023 from Dennis Latour in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035142:** MAGNUM RESEARCH, INC. DESERT EAGLE Pistol CAL:Unknown SN:DK0034722, valued at $2,173.00, seized by the ATF on September 26, 2023 from Dennis Latour in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035143:** CZ USA Unknown Pistol CAL:Unknown SN:US04702, valued at $958.00, seized by the ATF on September 26, 2023 from Dennis Latour in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035144:** STANDARD MANUFACTURING COMPANY, LLC DP-12 Shotgun CAL:12 SN:DP41026, valued at $823.00, seized by the ATF on September 26, 2023 from Dennis Latour in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035146:** SMITH & WESSON 686 Revolver CAL:357 SN:BBA5041, valued at $1,309.00, seized by the ATF on September 26, 2023 from Dennis Latour in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035147:** BERETTA, PIETRO S.P.A 84 Pistol CAL:380 SN:B1082Y, valued at $650.00, seized by the ATF on September 26, 2023 from Dennis Latour in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035150:** SIG SAUER (SIG-ARMS) P365 Pistol CAL:9 SN:66A555188, valued at $600.00, seized by the ATF on September 26, 2023 from Dennis Latour in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035152:** BENELLI, S. PA. Unknown Shotgun CAL:12 SN:Y181157T, valued at $1,400.00, seized by the ATF on September 26, 2023 from Dennis Latour in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035153:** 2317 Rounds ASSORTED Ammunition CAL:Multi, valued at $231.70, seized by the ATF on September 26, 2023 from Dennis Latour in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035154:** 263 Rounds ASSORTED Ammunition CAL:Multi, valued at $26.30, seized by the ATF on September 26, 2023 from Dennis Latour in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035155:** 183 Rounds ASSORTED Ammunition CAL:Multi, valued at $18.30, seized by the ATF on September 26, 2023 from Dennis Latour in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035156:** 1066 Rounds ASSORTED Ammunition CAL:Multi, valued at $106.60, seized by the ATF on September 26, 2023 from Dennis Latour in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035180:** 4 Rounds WINCHESTER-WESTERN Ammunition CAL:22, valued at $0.40, seized by the ATF on September 24, 2023 from Benjamin Barnett in Elsberry, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

### WESTERN DISTRICT OF MISSOURI

**23-ATF-034836:** Diamond Studded Gold Bubble Chain with a Large Ankh Pendant, valued at $10,450.00, seized by the ATF on August 24, 2023 from Travis Cook in Kansas City, MO for forfeiture pursuant to 21 U.S.C. Section 881.
**23-ATF-034838:** Cartier Watch, valued at $20,000.00, seized by the ATF on August 24, 2023 from Travis Cook in Kansas City, MO for forfeiture pursuant to 21 U.S.C. Section 881.
**23-ATF-034840:** Diamond Earrings in Black Prada Bag, valued at $1,300.00, seized by the ATF on August 24, 2023 from Travis Cook in Kansas City, MO for forfeiture pursuant to 21 U.S.C. Section 881.
**23-ATF-034841:** Gold Upper Jaw Mouth Guard made of Gold with Diamond Studding in Black Prada Bag, valued at $1,900.00, seized by the ATF on August 24, 2023 from Travis Cook in Kansas City, MO for forfeiture pursuant to 21 U.S.C. Section 881.
**23-ATF-034842:** Necklace with Cross in Black Prada Bag, valued at $6,700.00, seized by the ATF on August 24, 2023 from Travis Cook in Kansas City, MO for forfeiture pursuant to 21 U.S.C. Section 881.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/15/2023**

## DISTRICT OF MONTANA
**23-ATF-034782:** SMITH & WESSON SD40VE PISTOL CAL:40 SN:HEL3161, valued at $300.00, seized by the ATF on August 31, 2023 from Francisco Nava in Billings, MT for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034800:** 16 Rounds ASSORTED Ammunition CAL:40, Serial No. Unknown, valued at $1.60, seized by the ATF on August 31, 2023 from Francisco Nava in Billings, MT for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035038:** $8,423.00 U.S. Currency, seized by the ATF on September 18, 2023 from Luke Dovel in Billings, MT for forfeiture pursuant to 21 U.S.C. Section 881.

## DISTRICT OF NEW JERSEY
**23-ATF-034777:** Ruger EC9S Pistol CAL:9 SN:Obliterated, valued at $370.00, seized by the ATF on September 28, 2023 from Rasheed Banks in Woodlynne, NJ for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034778:** Intratec TECDC9 Pistol CAL:9 SN:D017194, valued at $750.00, seized by the ATF on September 28, 2023 from Rasheed Banks in Woodlynne, NJ for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034779:** Ruger Security-9 Pistol CAL:9 SN:None, valued at $370.00, seized by the ATF on September 28, 2023 from Rasheed Banks in Woodlynne, NJ for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/15/2023**

## DISTRICT OF NEW MEXICO

**23-ATF-034746:** HECKLER AND KOCH USP40 COMPACT PISTOL CAL:40 SN:26-083800, valued at $400.00, seized by the ATF on August 30, 2023 from Mercedes PANIAGUA-Mendoza in LAS CRUCES, NM for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034747:** 12 Rounds UNKNOWN Ammunition CAL:40, Serial No. NULL, valued at $1.20, seized by the ATF on August 30, 2023 from Mercedes PANIAGUA-Mendoza in LAS CRUCES, NM for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034978:** REMINGTON ARMS COMPANY, INC. 770 RIFLE CAL:7 SN:71475514, valued at $300.00, seized by the ATF on August 31, 2023 from Sergio RODRIGUEZ in Las Cruces, NM for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034998:** 13 Rounds ASSORTED Ammunition CAL:UNKNOWN, Serial No. NULL, valued at $1.30, seized by the ATF on August 31, 2023 from Sergio RODRIGUEZ in Las Cruces, NM for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035000:** 1 Component UNKNOWN Ammunition CAL:9, Serial No. NULL, valued at $0.02, seized by the ATF on August 31, 2023 from Sergio RODRIGUEZ in Las Cruces, NM for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035005:** KELTEC, CNC INDUSTRIES, INC. PMR-30 PISTOL CAL:22 SN:WYHL93, valued at $400.00, seized by the ATF on August 31, 2023 from Francisco VISCARA in Las Cruces, NM for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035006:** 1 Rounds UNKNOWN Ammunition CAL:22, Serial No. NULL, valued at $0.10, seized by the ATF on August 31, 2023 from Francisco VISCARA in Las Cruces, NM for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035007:** ARMSCOR OF THE PHILIPPINES (SQUIRES BINGHAM), XTM-22 PISTOL CAL:22 SN:XTM025364, valued at $500.00, seized by the ATF on August 31, 2023 from Francisco VISCARA in Las Cruces, NM for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035008:** 2 Component UNKNOWN Ammunition CAL:22, Serial No. NULL, valued at $0.04, seized by the ATF on August 31, 2023 from Francisco VISCARA in Las Cruces, NM for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035012:** 63 Rounds UNKNOWN Ammunition CAL:9, Serial No. NULL, valued at $6.30, seized by the ATF on August 31, 2023 from Francisco VISCARA in Las Cruces, NM for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035017:** 300 Rounds WINCHESTER-WESTERN Ammunition CAL:45, Serial No. NULL, valued at $30.00, seized by the ATF on August 31, 2023 from Francisco VISCARA in Las Cruces, NM for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035020:** 1400 Rounds WINCHESTER-WESTERN Ammunition CAL:9, Serial No. NULL, valued at $140.00, seized by the ATF on August 31, 2023 from Francisco VISCARA in Las Cruces, NM for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035023:** 200 Rounds CCI Ammunition CAL:17, Serial No. NULL, valued at $20.00, seized by the ATF on August 31, 2023 from Francisco VISCARA in Las Cruces, NM for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035024:** 50 Rounds REMINGTON Ammunition CAL:22, Serial No. NULL, valued at $5.00, seized by the ATF on August 31, 2023 from Francisco VISCARA in Las Cruces, NM for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035025:** 50 Rounds FEDERAL Ammunition CAL:22, Serial No. NULL, valued at $5.00, seized by the ATF on August 31, 2023 from Francisco VISCARA in Las Cruces, NM for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035026:** 100 Rounds CCI Ammunition CAL:10, Serial No. NULL, valued at $10.00, seized by the ATF on

**(Continued on next page)**

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/15/2023**

### DISTRICT OF NEW MEXICO
**23-ATF-035026 - (Continued from previous page)**
August 31, 2023 from Francisco VISCARA in Las Cruces, NM for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035027:** 1050 Rounds REMINGTON Ammunition CAL:22, Serial No. NULL, valued at $105.00, seized by the ATF on August 31, 2023 from Francisco VISCARA in Las Cruces, NM for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035028:** 1600 Rounds HORNADY Ammunition CAL:22, Serial No. NULL, valued at $160.00, seized by the ATF on August 31, 2023 from Francisco VISCARA in Las Cruces, NM for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035029:** 19 Rounds ASSORTED Ammunition CAL:762, Serial No. NULL, valued at $1.90, seized by the ATF on August 31, 2023 from Francisco VISCARA in Las Cruces, NM for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035030:** 1 Rounds UNKNOWN Ammunition CAL:UNKNOWN, Serial No. NULL, valued at $0.10, seized by the ATF on August 31, 2023 from Francisco VISCARA in Las Cruces, NM for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035032:** 211 Rounds UNKNOWN Ammunition CAL:45, Serial No. NULL, valued at $21.10, seized by the ATF on August 31, 2023 from Francisco VISCARA in Las Cruces, NM for forfeiture pursuant to 18 U.S.C. Section 924(d).

### SOUTHERN DISTRICT OF NEW YORK
**23-ATF-034983:** 5 Rounds Perfecta Ammunition CAL:357, valued at $0.50, seized by the ATF on September 28, 2023 from Saquan Callender in New York, NY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034991:** 1 Rounds Speer Ammunition CAL:45, valued at $0.10, seized by the ATF on September 28, 2023 from Saquan Callender in New York, NY for forfeiture pursuant to 18 U.S.C. Section 924(d).

### NORTHERN DISTRICT OF OHIO
**23-ATF-034611:** Anderson Manufacturing AM-15 Receiver/Frame CAL:Multi SN:21043922, valued at $50.00, seized by the ATF on September 27, 2023 from Quandin Jones in Streetsboro, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034612:** 20 Rounds Federal Ammunition CAL:762, valued at $2.00, seized by the ATF on September 27, 2023 from Quandin Jones in Streetsboro, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034770:** 30 Rounds PMC Ammunition CAL:556, valued at $3.00, seized by the ATF on September 27, 2023 from Quandin Jones in Streetsboro, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

### SOUTHERN DISTRICT OF OHIO
**23-ATF-034663:** Cobra ENT., INC./Kodiak IND. CA380 Pistol CAL:380 SN:CP104534, valued at $100.00, seized by the ATF on August 27, 2023 from Jerome Walls in Columbus, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034664:** 3 Rounds Assorted Ammunition CAL:380, valued at $0.30, seized by the ATF on August 27, 2023 from Jerome Walls in Columbus, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/15/2023**

## EASTERN DISTRICT OF OKLAHOMA

**23-ATF-034759:** SAVAGE ARMS INC. (CD) 64 RIFLE CAL:22 SN:4308742, valued at $99.00, seized by the ATF on August 17, 2023 from David TIMBERMAN in Bunch, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034760:** 22 Rounds CCI Ammunition CAL:22, Serial No. NULL, valued at $2.20, seized by the ATF on August 17, 2023 from David TIMBERMAN in Bunch, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034761:** 8 Rounds CCI Ammunition CAL:22, Serial No. NULL, valued at $0.80, seized by the ATF on August 17, 2023 from David TIMBERMAN in Bunch, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034762:** 4 Rounds CCI Ammunition CAL:22, Serial No. NULL, valued at $0.40, seized by the ATF on August 17, 2023 from David TIMBERMAN in Bunch, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

## WESTERN DISTRICT OF OKLAHOMA

**23-ATF-030718:** RUGER LCP PISTOL CAL:380 SN:371497593, valued at $100.00, seized by the ATF on August 11, 2023 from Jessie NEIL in MOORE, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-030719:** 4 Rounds ASSORTED Ammunition CAL:380, Serial No. NULL, valued at $0.40, seized by the ATF on August 11, 2023 from Jessie NEIL in MOORE, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034156:** BRYCO ARMS 38 PISTOL CAL:380 SN:NONE, valued at $100.00, seized by the ATF on August 22, 2023 from Christian JACKSON in OKLAHOMA CITY, OK for forfeiture pursuant to 18 U.S.C. Section 924(d).

## DISTRICT OF OREGON

**23-ATF-034831:** HS PRODUKT (IM METAL) HELLCAT PISTOL CAL:9 SN:BA244648, valued at $300.00, seized by the UNITED STATES MARSHALS SERVICE on September 27, 2023 from Rene Chandler in PORTLAND, OR, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034832:** 7 Rounds Unknown  Ammunition CAL:9, Serial No. Unknown, valued at $0.70, seized by the UNITED STATES MARSHALS SERVICE on September 27, 2023 from Rene Chandler in PORTLAND, OR, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).

## EASTERN DISTRICT OF PENNSYLVANIA

**23-ATF-035094:** Smith & Wesson SD40VE Pistol CAL:40 SN:DVV2277, valued at $280.00, seized by the ATF on September 19, 2023 from JESSICA RONALDS in Easton, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-035096:** Kimber MICRO9 TLE Pistol CAL:9 SN:PB0237150, valued at $250.00, seized by the ATF on September 20, 2023 from Keith Ronalds in Allentown, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/15/2023**

**MIDDLE DISTRICT OF PENNSYLVANIA**

**23-ATF-031796:** PRIVATELY MADE FIREARM (PMF) Unknown Pistol CAL:UNKNOWN SN:None, valued at $10.00, seized by the ATF on August 11, 2023 from Ramon Roldan in East Stroudsburg, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-031797:** PRIVATELY MADE FIREARM (PMF) Unknown Pistol CAL:UNKNOWN SN:None, valued at $10.00, seized by the ATF on August 11, 2023 from Ramon Roldan in East Stroudsburg, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-031798:** PRIVATELY MADE FIREARM (PMF) Unknown Pistol CAL:UNKNOWN SN:NONE, valued at $10.00, seized by the ATF on August 11, 2023 from Ramon Roldan in East Stroudsburg, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-031804:** PRIVATELY MADE FIREARM (PMF) unknown Pistol CAL:UNKNOWN SN:none, valued at $10.00, seized by the ATF on August 11, 2023 from Ramon Roldan in East Stroudsburg, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-031807:** TAURUS INTERNATIONAL GX4 Pistol CAL:9 SN:1GA65388, valued at $100.00, seized by the ATF on August 11, 2023 from Ramon Roldan in East Stroudsburg, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-031809:** SMITH & WESSON M&P 380 SHIELD Pistol CAL:380 SN:REZ0344, valued at $100.00, seized by the ATF on August 11, 2023 from Ramon Roldan in East Stroudsburg, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-031812:** BERSA BP9CC Pistol CAL:9 SN:K94873, valued at $100.00, seized by the ATF on August 11, 2023 from Ramon Roldan in East Stroudsburg, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-031814:** JA INDUSTRIES, LLC J.A. NINE Pistol CAL:9 SN:463282, valued at $100.00, seized by the ATF on August 11, 2023 from Ramon Roldan in East Stroudsburg, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-031815:** JA INDUSTRIES, LLC, J.A. NINE Pistol CAL:9 SN:463078, valued at $100.00, seized by the ATF on August 11, 2023 from Ramon Roldan in East Stroudsburg, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-031816:** SCCY INDUSTRIES, LLC (SKYY IND.), CPX-2 Pistol CAL:9 SN:C241121, valued at $100.00, seized by the ATF on August 11, 2023 from Ramon Roldan in East Stroudsburg, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-031820:** RUGER LC9 Pistol CAL:9 SN:45183709, valued at $100.00, seized by the ATF on August 11, 2023 from Ramon Roldan in East Stroudsburg, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-031822:** TAURUS INTERNATIONAL G3C Pistol CAL:9 SN:ACK388772, valued at $100.00, seized by the ATF on August 11, 2023 from Ramon Roldan in East Stroudsburg, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-031825:** TAURUS INTERNATIONAL G3C Pistol CAL:9 SN:ABL115565, valued at $100.00, seized by the ATF on August 11, 2023 from Ramon Roldan in East Stroudsburg, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-031829:** SMITH & WESSON 22A Pistol CAL:22 SN:UAR6278, valued at $100.00, seized by the ATF on August 11, 2023 from Ramon Roldan in East Stroudsburg, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-031830:** RUGER MAX-9 Pistol CAL:9 SN:350063151, valued at $100.00, seized by the ATF on August 11, 2023 from Ramon Roldan in East Stroudsburg, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-031831:** MOSSBERG MC2C Pistol CAL:9 SN:028985MC, valued at $100.00, seized by the ATF on August 11, 2023 from Ramon Roldan in East Stroudsburg, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-031832:** AMERICAN TACTICAL IMPORTS - ATI FXH-9 Pistol CAL:9 SN:TF674-21A04651, valued at $100.00, seized by the ATF on August 11, 2023 from Ramon Roldan in East Stroudsburg, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-031834:** SARSILMAZ (SAR ARMS) B6C Pistol CAL:9 SN:T1102-21G51820, valued at $100.00, seized by

**(Continued on next page)**

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

381

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/15/2023**

## MIDDLE DISTRICT OF PENNSYLVANIA
**23-ATF-031834 - (Continued from previous page)**
the ATF on August 11, 2023 from Ramon Roldan in East Stroudsburg, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-031837:** COLT COMMANDER Pistol CAL:45 SN:FC33892E, valued at $100.00, seized by the ATF on August 11, 2023 from Ramon Roldan in East Stroudsburg, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-031838:** RUGER P89 Pistol CAL:9 SN:307-12232, valued at $100.00, seized by the ATF on August 11, 2023 from Ramon Roldan in East Stroudsburg, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-031839:** EXTAR, LLC EP9 Pistol CAL:9 SN:P19811, valued at $100.00, seized by the ATF on August 11, 2023 from Ramon Roldan in East Stroudsburg, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-031840:** Emperor Arms unknown Shotgun CAL:12 SN:21DM2237, valued at $100.00, seized by the ATF on August 11, 2023 from Ramon Roldan in East Stroudsburg, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-031842:** VELOCITY FIREARMS VMAC 9, Pistol CAL:9 SN:PV12067, valued at $100.00, seized by the ATF on August 11, 2023 from Ramon Roldan in East Stroudsburg, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-031845:** MASTERPIECE ARMS M11-9SA Pistol CAL:9 SN:FX32096, valued at $100.00, seized by the ATF on August 11, 2023 from Ramon Roldan in East Stroudsburg, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-031846:** MOSSBERG 740T Pistol CAL:22 SN:ENE3765364, valued at $100.00, seized by the ATF on August 11, 2023 from Ramon Roldan in East Stroudsburg, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-031853:** DIAMONDBACK ARMS INC. DB-15 Rifle CAL:556 SN:DB2469963, valued at $100.00, seized by the ATF on August 11, 2023 from Ramon Roldan in East Stroudsburg, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-031856:** PIONEER ARMS CORPORATION HELLPUP Pistol CAL:762 SN:PAC1163064, valued at $100.00, seized by the ATF on August 11, 2023 from Ramon Roldan in East Stroudsburg, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-031859:** GLOCK INC. 19XGEN5 Pistol CAL:9 SN:BUBX587, valued at $100.00, seized by the ATF on August 11, 2023 from Ramon Roldan in Stroudsburg, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-031863:** TAURUS INTERNATIONAL G3C Pistol CAL:9 SN:ACD821891, valued at $100.00, seized by the ATF on August 11, 2023 from Ramon Roldan in Stroudsburg, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law. Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/15/2023**

## DISTRICT OF PUERTO RICO

**23-ATF-034906:** GLOCK GMBH 19 PISTOL CAL:9 SN:ACLX555, valued at $1,000.00, seized by the ATF on August 23, 2023 from LUIS F. CARRASQUILLO-PIZARRO in LOIZA, PR for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034958:** 31 Rounds ASSORTED Ammunition CAL:ASSORTED, valued at $3.10, seized by the ATF on September 15, 2023 from JOHN HEREDIA-DE JESUS in JUANA DIAZ, PR for forfeiture pursuant to 18 U.S.C. Section 924(d).  Items described as:  30 30 Rounds ASSORTED Ammunition CAL:40, valued at $3.00; 1 1 Rounds UNKNOWN Ammunition CAL:UNKNOWN, valued at $0.10.

**23-ATF-035268:** TAURUS PT740 PISTOL CAL:40 SN:SET72317, valued at $100.00, seized by the ATF on August 22, 2023 from JOSE RAMOS-MARRERO in SAN JUAN, PR for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035270:** TAURUS PT957 PISTOL CAL:357 SN:SSE53789, valued at $100.00, seized by the ATF on August 22, 2023 from JOSE RAMOS-MARRERO in SAN JUAN, PR for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035276:** SMITH & WESSON  M&P 40 SHIELD  PISTOL CAL:40 SN:LER6080, valued at $300.00, seized by the ATF on September 27, 2023 from SANTA RIVERA-SOUFFRONT in SAN JUAN, PR for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035279:** HS PRODUKT(IM METAL) XD MOD 2 PISTOL CAL:9 SN:GM702791, valued at $300.00, seized by the ATF on September 27, 2023 from SANTA RIVERA-SOUFFRONT and ISRAEL RAMOS-RIVERA in SAN JUAN, PR for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035281:** HECKLER AND KOCH  USP45 COMPACT PISTOL CAL:45 SN:29-013685, valued at $300.00, seized by the ATF on September 27, 2023 from SANTA RIVERA-SOUFFRONT and ISRAEL RAMOS-RIVERA in SAN JUAN, PR for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035283:** AMERICAN TACTICAL IMPORTS-ATI OMNI HYBRID PISTOL CAL:MULTI SN:NS019964, valued at $300.00, seized by the ATF on September 27, 2023 from SANTA RIVERA-SOUFFRONT and ISRAEL RAMOS-RIVERA in SAN JUAN, PR for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035286:** SIG-SAUER SIG M400 RIFLE CAL:556 SN:20C047964, valued at $300.00, seized by the ATF on September 27, 2023 from SANTA RIVERA-SOUFFRONT and ISRAEL RAMOS-RIVERA in SAN JUAN, PR for forfeiture pursuant to 18 U.S.C. Section 924(d).

## DISTRICT OF SOUTH CAROLINA

**23-ATF-034890:** $12,325.00 U.S. Currency, seized by the ATF on September 19, 2023 from Tony Leonard in Cayce, SC for forfeiture pursuant to 21 U.S.C. Section 881.

**23-ATF-034894:** 22 Rounds Assorted Ammunition CAL:40, valued at $2.20, seized by the ATF on September 19, 2023 from Jordan Gore in Longs, SC for forfeiture pursuant to 18 U.S.C. Section 924(d).

## EASTERN DISTRICT OF TENNESSEE

**23-ATF-035098:** Glock GMBH 30S Pistol CAL:45 SN:WLB227, valued at $500.00, seized by the ATF on September 01, 2023 from Martell Grady in Knoxville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-035101:** 15 Rounds Assorted Ammunition CAL:45, valued at $1.50, seized by the ATF on September 01, 2023 from Martell Grady in Knoxville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/15/2023**

## NORTHERN DISTRICT OF TEXAS

**23-ATF-029672:** $17379.00 U.S. Currency, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 21 U.S.C. Section 881.

**23-ATF-034228:** $9,520.00 U.S. Currency, seized by the ATF on September 21, 2023 from Ian Ortis in Farmers Branch, TX for forfeiture pursuant to 18 U.S.C. Section 981(a)(1)(C) Tr.

**23-ATF-034618:** GLOCK GMBH 43X PISTOL CAL:9 SN:BZLB351, valued at $200.00, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034619:** GLOCK GMBH 19GEN5 PISTOL CAL:9 SN:BXPW528, valued at $200.00, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034620:** PALMETTO STATE ARMORY DAGGER COMPACT PISTOL CAL:9 SN:FG090278, valued at $200.00, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034623:** PALMETTO STATE ARMORY SHEEPDOG-15 RIFLE CAL:MULTI SN:BFD001380, valued at $200.00, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034624:** MASTERPIECE ARMS DEFENDER PISTOL CAL:9 SN:FX44974, valued at $150.00, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034625:** ROMARM/CUGIR MINI DRACO PISTOL CAL:762 SN:ROA 22 PG-5478, valued at $150.00, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034626:** RADIKAL ARMS P3 SHOTGUN CAL:12 SN:21CL-1999, valued at $150.00, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034627:** AERO PRECISION X15 RECEIVER/FRAME CAL:MULTI SN:X331840, valued at $150.00, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034628:** FNH USA, LLC 509 PISTOL CAL:9 SN:GKS0191647, valued at $150.00, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034629:** GLOCK INC 42 PISTOL CAL:380 SN:ADVX761, valued at $150.00, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034630:** GLOCK GMBH 43X PISTOL CAL:9 SN:BUDU249, valued at $200.00, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034631:** CZ USA CZ SCORPION 3 P PISTOL CAL:9 SN:F153573, valued at $100.00, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034766:** OHIO ORDNANCE WORKS M2-SLR RIFLE CAL:50 BMG SN:850471, valued at $10,000.00, seized by the ATF on August 29, 2023 from Roque Amaya in Mansfield, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034769:** SIG-SAUER MCX PISTOL CAL:MULTI SN:63J017688, valued at $1,000.00, seized by the ATF on August 29, 2023 from Roque Amaya in Mansfield, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/15/2023**

## SOUTHERN DISTRICT OF TEXAS

**23-ATF-034830:** RUGER 10/22 Rifle CAL:22 SN:115-25428, valued at $389.00, seized by the ATF on September 25, 2023 from Kyle Andrew RITTGERS in Corpus Christi, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034834:** 22 Rounds REMINGTON Ammunition CAL:22, Serial No. Unknown, valued at $2.20, seized by the ATF on September 25, 2023 from Kyle Andrew RITTGERS in Corpus Christi, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034835:** RUGER P89 Pistol CAL:9 SN:304-95526, valued at $250.00, seized by the ATF on September 25, 2023 from Kyle Andrew RITTGERS in Corpus Christi, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034837:** 16 Rounds Other Ammunition CAL:9, Serial No. Unknown, valued at $1.60, seized by the ATF on September 25, 2023 from Kyle Andrew RITTGERS in Corpus Christi, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034839:** MAVERICK ARMS (EAGLE PASS, TX) 88 Shotgun CAL:12 SN:MV81318H, valued at $165.00, seized by the ATF on September 25, 2023 from Kyle Andrew RITTGERS in Corpus Christi, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034860:** WISE LITE ARMS INC. AJM53 Rifle CAL:8 SN:WLA29-7289, valued at $8,000.00, seized by the ATF on September 26, 2023 from Antonio Casarez in Laredo, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034867:** 52 Rounds Unknown Manufacturer Ammunition CAL:8, Serial No. Unknown, valued at $5.20, seized by the ATF on September 26, 2023 from Antonio Casarez in Laredo, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034870:** FNH USA, LLC. SCAR 17S Rifle CAL:308 SN:H1C25320, valued at $4,500.00, seized by the ATF on September 26, 2023 from Gerardo Perez in Laredo, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034871:** KIMBER MICRO 9 Pistol CAL:9 SN:STB0030305, valued at $250.00, seized by the ATF on September 26, 2023 from Gerardo Perez in Laredo, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034872:** 20 Rounds FEDERAL Ammunition CAL:9, Serial No. Unknown, valued at $2.00, seized by the ATF on September 26, 2023 from Gerardo Perez in Laredo, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034873:** 220 Rounds Unknown Manufacturer Ammunition CAL:Assorted, Serial No. Unknown, valued at $22.00, seized by the ATF on September 26, 2023 from Gerardo Perez in Laredo, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034874:** 39 Rounds FEDERAL Ammunition CAL:9, Serial No. Unknown, valued at $3.90, seized by the ATF on September 26, 2023 from Gerardo Perez in Laredo, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034875:** 86 Rounds WINCHESTER-WESTERN Ammunition CAL:556, Serial No. Unknown, valued at $8.60, seized by the ATF on September 26, 2023 from Gerardo Perez in Laredo, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034876:** 40 Rounds PMC Ammunition CAL:556, Serial No. Unknown, valued at $4.00, seized by the ATF on September 26, 2023 from Gerardo Perez in Laredo, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034877:** MKE-MAKINA VE KIMYA ENDUSTRISI KURUMU (KIRIKKALE) AP5-P Pistol CAL:9 SN:T0624-21CD 02736, valued at $1,400.00, seized by the ATF on September 26, 2023 from Gerardo Perez in Laredo, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/15/2023**

## WESTERN DISTRICT OF TEXAS

**23-ATF-034576:** $8,033.00 U.S. Currency, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 21 U.S.C. Section 881.

**23-ATF-034666:** 32 Rounds FN (FNH) Ammunition CAL:57, Serial No. null, valued at $3.20, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034669:** 33 Rounds Assorted Manufacturer Ammunition CAL:9, Serial No. null, valued at $3.30, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034670:** HS Produkt (IM Metal) Hellcat Pistol CAL:9 SN:BB261729, valued at $400.00, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034671:** 12 Rounds Hornady Ammunition CAL:9, Serial No. null, valued at $1.20, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034672:** FN (FN Herstal) Five-Seven Pistol CAL:57 SN:386394011, valued at $400.00, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034673:** 52 Rounds FN (FNH) Ammunition CAL:57, Serial No. null, valued at $5.20, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034674:** Sons of Liberty Gun Works LLC M4 Pistol CAL:Multi SN:1776-111233, valued at $400.00, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034677:** 31 Rounds FN (FNH) Ammunition CAL:57, Serial No. null, valued at $3.10, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034679:** Kimber K6S Revolver CAL:357 SN:RV068441, valued at $400.00, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034681:** 6 Rounds Winchester Western Ammunition CAL:38, Serial No. null, valued at $0.60, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034687:** 39 Rounds LC (Lake City) Ammunition CAL:556, Serial No. null, valued at $3.90, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034689:** Romarm/Cugir Micro Draco Pistol CAL:762 SN:PMD-12576-19, valued at $400.00, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034695:** 28 Rounds Tula Cartridge Works Russia Ammunition CAL:762, Serial No. null, valued at $2.80, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034696:** Smith & Wesson Bodyguard Revolver CAL:38 SN:CTM4139, valued at $400.00, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034697:** HS Produkt (IM Metal) XD40 Pistol CAL:40 SN:XD304322, valued at $400.00, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034698:** Sig Sauer P225 Pistol CAL:9 SN:M585471, valued at $400.00, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034699:** Taurus PT 140  Millennium Pro Pistol CAL:40 SN:SEX47903, valued at $400.00, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/15/2023**

## WESTERN DISTRICT OF TEXAS

**23-ATF-034701:** Walther PPQ Pistol CAL:9 SN:FCD4851, valued at $400.00, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034702:** Kimber R7 Mako Pistol CAL:9 SN:R07201, valued at $400.00, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034703:** Ruger EC9S Pistol CAL:9 SN:456-28640, valued at $400.00, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034704:** Ruger LC9 Lasermax Pistol CAL:9 SN:325-50210, valued at $400.00, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034705:** Sig Sauer P365 X Pistol CAL:9 SN:66F260692, valued at $400.00, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034707:** Colt Trooper MKIII Revolver CAL:357 SN:J96978, valued at $400.00, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034708:** Beretta USA Corp 21A Pistol CAL:22 SN:BES73154, valued at $400.00, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034709:** 7 Rounds Unknown Manufacturer Ammunition CAL:22, Serial No. null, valued at $0.70, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034710:** Bond Arms Inc Backup Derringer CAL:45 SN:149287, valued at $400.00, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034711:** 8 Rounds Fiocchi Ammunition CAL:9, Serial No. null, valued at $0.80, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034712:** 20 Rounds Barnes Bullets Ammunition CAL:300, Serial No. null, valued at $2.00, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034713:** 20 Rounds Barnes Bullets Ammunition CAL:300, Serial No. null, valued at $2.00, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034714:** 50 Rounds Assorted Ammunition CAL:Assorted, Serial No. null, valued at $5.00, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034715:** 9 Rounds LC (Lake City) Ammunition CAL:38, Serial No. null, valued at $0.90, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034716:** 31 Rounds Assorted  Ammunition CAL: Multi, Serial No. null, valued at $3.10, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034717:** 50 Rounds Assorted  Ammunition CAL: Multi, Serial No. null, valued at $5.00, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034718:** 350 Rounds Assorted Ammunition CAL: Multi, Serial No. null, valued at $35.00, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034720:** 15 Rounds Assorted Ammunition CAL:9, Serial No. null, valued at $1.50, seized by the ATF on September 26, 2023 from Jaden Trevino in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034727:** 93 Rounds Assorted Ammunition CAL: Multi, Serial No. null, valued at $9.30, seized by the ATF on September 26, 2023 from Jaden Trevino in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034728:** 151 Rounds Assorted  Ammunition CAL: Multi, valued at $15.10, seized by the ATF on September

**(Continued on next page)**

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

## LAST DATE TO FILE:  12/15/2023

### WESTERN DISTRICT OF TEXAS
**23-ATF-034728 - (Continued from previous page)**
26, 2023 from Jaden Trevino in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034744:** ANDERSON MANUFACTURING AM-15 RIFLE CAL:223 SN:21342562, valued at $100.00, seized by the Customs & Border Protection-Field Operations on August 18, 2023 from ERICK ORDAZ-SALAZAR in El Paso, TX, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034745:** ROSSI R22S RIFLE CAL:22 SN:7CA064543L, valued at $200.00, seized by the Customs & Border Protection-Field Operations on August 18, 2023 from ERICK ORDAZ-SALAZAR in El Paso, TX, and adopted by the ATF for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034843:** GLOCK GMBH 27GEN4 Pistol CAL:40 SN:BAXY836, valued at $450.00, seized by the ATF on September 18, 2023 from John Qualls in Del Rio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034845:** 6 Rounds SMITH & WESSON Ammunition CAL:40, Serial No. Unknown, valued at $0.60, seized by the ATF on September 18, 2023 from John Qualls in Del Rio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034846:** 22 Rounds AMMO INC. Ammunition CAL:45, Serial No. Unknown, valued at $2.20, seized by the ATF on September 18, 2023 from John Qualls in Del Rio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

### WESTERN DISTRICT OF VIRGINIA
**23-ATF-034829:** BERETTA USA CORP 92FS Pistol CAL:9 SN:BER797119, valued at $300.00, seized by the ATF on September 07, 2023 from Carolyn Sue Carey in Roanoke, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

### NORTHERN DISTRICT OF WEST VIRGINIA
**23-ATF-034613:** FNH USA, LLC FNS-40 PISTOL CAL:40 SN:GKU0094798, valued at $600.00, seized by the ATF on September 14, 2023 from Tyler Sands in Clarksburg, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034615:** 14 Rounds ASSORTED Ammunition CAL:40, valued at $1.40, seized by the ATF on September 14, 2023 from Tyler Sands in Clarksburg, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/15/2023**

**SOUTHERN DISTRICT OF WEST VIRGINIA**

**23-ATF-034771:** CZ (CESKA ZBROJOVKA) CZ75 P-01 PISTOL CAL:9 SN:D045036, valued at $425.00, seized by the ATF on September 27, 2023 from Brandon WILKINSON in Huntington, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034772:** CZ (CESKA ZBROJOVKA) CZ82 PISTOL CAL:9 SN:115775, valued at $375.00, seized by the ATF on September 27, 2023 from Brandon WILKINSON in Huntington, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034773:** RILEY DEFENSE, INC. RAK 47 RIFLE CAL:762 SN:B13541, valued at $500.00, seized by the ATF on September 27, 2023 from Brandon WILKINSON in Huntington, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034774:** CHONGQING JIANSHE MACHINERY CO., LTD. (EMEI) VP12 SHOTGUN CAL:12 SN:S000080, valued at $500.00, seized by the ATF on September 27, 2023 from Brandon WILKINSON in Huntington, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034775:** MARLIN FIREARMS CO. 80 RIFLE CAL:22 SN:NO SERIAL NUMBER, valued at $75.00, seized by the ATF on September 27, 2023 from Brandon WILKINSON in Huntington, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034898:** DIAMONDBACK ARMS INC. DB380 PISTOL CAL:380 SN:ZK4340, valued at $150.00, seized by the ATF on September 20, 2023 from Roger Legg in Charleston, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034899:** 5 Rounds UNKNOWN Ammunition CAL:380, valued at $0.50, seized by the ATF on September 20, 2023 from Roger Legg in Charleston, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  12/05/2023**
**LAST DATE TO FILE PETITION:  12/15/2023**

**DISTRICT OF ARIZONA**
**23-ATF-034741:** RUGER Mark I Pistol CAL:22 SN:16-34838, valued at $600.00, seized by the ATF on September 21, 2023 from AZ EZ Pawn in Sun City, AZ for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034953:** Wide Open Triggers AR15 Auto Sear Machine Gun CAL:Unknown SN:Unknown, Serial No. Unknown, valued at $300.00, seized by the ATF on September 14, 2023 from Steve Galus in Scottsdale, AZ for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034959:** Wide Open Triggers AR15 AUTO SEAR Machine Gun CAL:Unknown SN:None, valued at $300.00, seized by the ATF on September 14, 2023 from Steve Galus in Scottsdale, AZ for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  12/05/2023**
**LAST DATE TO FILE PETITION:  12/15/2023**

### MIDDLE DISTRICT OF FLORIDA

**23-ATF-035058:** MG CONVERSION DEVICE, "Glock Switch" UNKNOWN MACHINEGUN CAL:UNKNOWN SN:NONE, valued at $10.00, seized by the ATF on September 27, 2023 from Stewart Bachmann in SAN ANTONIO, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-035065:** Six (6) PKM machine gun receivers UNKNOWN MACHINEGUN CAL:UNKNOWN SN:NONE, valued at $10.00, seized by the ATF on September 27, 2023 from Stewart Bachmann in SAN ANTONIO, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-035067:** 210 PKM machine gun receiver "flats" UNKNOWN MACHINEGUN CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on September 27, 2023 from Stewart Bachmann in SAN ANTONIO, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-035068:** One (1) PKM machine gun receiver UNKNOWN MACHINEGUN CAL:UNKNOWN SN:NONE, valued at $10.00, seized by the ATF on September 27, 2023 from Stewart Bachmann in SAN ANTONIO, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-035070:** Seven (7) PKM machine gun receivers UNKNOWN MACHINEGUN CAL:UNKNOWN SN:NONE, valued at $10.00, seized by the ATF on September 27, 2023 from Stewart Bachmann in SAN ANTONIO, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-035071:** 34 PKM machine gun receivers UNKNOWN MACHINEGUN CAL:UNKNOWN SN:NONE, valued at $10.00, seized by the ATF on September 27, 2023 from Stewart Bachmann in SAN ANTONIO, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-035073:** 6 PKM machine gun receivers UNKNOWN MACHINEGUN CAL:UNKNOWN SN:NONE, valued at $10.00, seized by the ATF on September 27, 2023 from Stewart Bachmann in SAN ANTONIO, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-035075:** 31 PKM machine gun receivers UNKNOWN MACHINEGUN CAL:UNKNOWN SN:NONE, valued at $10.00, seized by the ATF on September 27, 2023 from Stewart Bachmann in SAN ANTONIO, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-035077:** 19 PKM machine gun receivers and 1 "flat" UNKNOWN MACHINEGUN CAL:UNKNOWN SN:NONE, valued at $10.00, seized by the ATF on September 27, 2023 from Stewart Bachmann in SAN ANTONIO, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-035079:** One (1) PKM machine gun receiver UNKNOWN MACHINEGUN CAL:UNKNOWN SN:TEST-B11111, valued at $10.00, seized by the ATF on September 27, 2023 from Stewart Bachmann in SAN ANTONIO, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-035081:** One (1) PKM machine gun receiver UNKNOWN MACHINEGUN CAL:UNKNOWN SN:NONE, valued at $10.00, seized by the ATF on September 27, 2023 from Stewart Bachmann in SAN ANTONIO, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-035089:** GLOCK GMBH with machinegun conversion device(MCD) 27 MACHINEGUN CAL:40 SN:BXDM193, valued at $400.00, seized by the ATF on September 15, 2023 from YADIER TORRES RIVERA in ORLANDO, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**24-ATF-000001:** Force reset trigger (WOT)  UNKNOWN MACHINEGUN CAL:UNKNOWN SN:NONE, valued at $300.00, seized by the ATF on October 03, 2023 from Kenneth Vu in LAND O LAKES, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

### NORTHERN DISTRICT OF FLORIDA

**21-ATF-036134:** Unknown Sawed off Rifle/Shotgun (Shortbarrel) CAL:Unknown SN:None, Obliterated, valued at $100.00, seized by the ATF on September 18, 2021 from Dalton Gamberella in Pensacola, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  12/05/2023**
**LAST DATE TO FILE PETITION:  12/15/2023**

## CENTRAL DISTRICT OF ILLINOIS

**23-ATF-034706:** UNKNOWN UNKNOWN Machine Gun CAL:UNKNOWN SN:NONE, valued at $350.00, seized by the ATF on September 18, 2023 from Blake Jackson in Morrisonville, IL for forfeiture pursuant to 26 U.S.C. Section 5872.

## NORTHERN DISTRICT OF INDIANA

**23-ATF-034907:** MOSSBERG 385KB SHOTGUN CAL:20 SN:801276, valued at $200.00, seized by the ATF on February 26, 2021 from Lloyd Carpenter in Logansport, IN for forfeiture pursuant to 26 U.S.C. Section 5872.

## DISTRICT OF MARYLAND

**23-ATF-034910:** SAWED OFF RIFLE/SHOTGUN (Short Barrel),HECKLER AND KOCH MP5 Rifle/Shotgun CAL:9 SN:11920, valued at $500.00, seized by the ATF on August 02, 2023 from Carlos AYALA in Crofton, MD for forfeiture pursuant to 26 U.S.C. Section 5872.

## EASTERN DISTRICT OF MICHIGAN

**23-ATF-035181:** GLOCK GMBH 27 Machine Gun CAL:40 SN:SUR637, valued at $99.00, seized by the ATF on June 01, 2023 from Germayne Buckner and Patrick Truszkowski in Bridgeport Twp, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

## WESTERN DISTRICT OF MICHIGAN

**23-ATF-035171:** Unknown Black Silencer CAL:Unknown SN:Unknown, valued at $100.00, seized by the ATF on August 01, 2023 from Anthony Easley in Grand Rapids, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

## EASTERN DISTRICT OF MISSOURI

**23-ATF-035102:** Unknown Unknown Silencer CAL:Unknown SN:None, valued at $10.00, seized by the ATF on September 26, 2023 from Dennis Latour in Maryland Heights, MO for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-035103:** Unknown Unknown Silencer CAL:Unknown SN:None, valued at $10.00, seized by the ATF on September 26, 2023 from Dennis Latour in Maryland Heights, MO for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-035104:** Unknown Unknown Silencer CAL:Unknown SN:None, valued at $10.00, seized by the ATF on September 26, 2023 from Dennis Latour in Maryland Heights, MO for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-035129:** Unknown Unknown Machine gun CAL:Unknown SN:0020, valued at $1,000.00, seized by the ATF on September 26, 2023 from Jennifer Keegan in St. Louis, MO for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-035149:** AERO PRECISION Unknown Machine gun CAL:Unknown SN:X162829, valued at $1,000.00, seized by the ATF on September 26, 2023 from Dennis Latour in St. Louis, MO for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-035157:** Wide Open Trigger Unknown Machine gun CAL:Unknown SN:None, valued at $200.00, seized by the ATF on September 26, 2023 from Dennis Latour in St. Louis, MO for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

## LAST DATE TO FILE CLAIM:  12/05/2023
## LAST DATE TO FILE PETITION:  12/15/2023

### EASTERN DISTRICT OF NORTH CAROLINA
**23-ATF-035213:** Wide Open Trigger Forced Reset Trigger Machinegun CAL:Unknown SN:None, valued at $150.00, seized by the ATF on July 13, 2023 from Matthew Preston in Wilmington, NC for forfeiture pursuant to 26 U.S.C. Section 5872.

### DISTRICT OF NEVADA
**23-ATF-035031:** Rare Breed Forced Reset Trigger Machine Gun CAL:Unknown SN:None, valued at $300.00, seized by the ATF on September 26, 2023 from Kent SALVA in Las Vegas, NV for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-035035:** Wide Open Trigger Unknown Machine Gun CAL:Unknown SN:None, valued at $300.00, seized by the ATF on September 26, 2023 from Kent SALVA in Las Vegas, NV for forfeiture pursuant to 26 U.S.C. Section 5872.

### DISTRICT OF SOUTH CAROLINA
**23-ATF-034893:** Glock Inc. with Glock Switch Conversion Device 23 Machinegun CAL:40 SN:BZNF576, valued at $400.00, seized by the ATF on September 19, 2023 from Jordan Gore in Longs, SC for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  12/05/2023**
**LAST DATE TO FILE PETITION:  12/15/2023**

### NORTHERN DISTRICT OF TEXAS

**23-ATF-013935:** POLYMER80, INC. (P80 TACTICAL P80) Unknown Receiver/Frame CAL:Unknown, FIN: BLACK, SN:NONE, valued at $100.00, seized by the ATF on March 17, 2023 from Angel Cortez in Dallas, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-032414:** WIDE OPEN TRIGGER UNKNOWN MACHINE GUN CAL:UNKNOWN SN:NONE, valued at $200.00, seized by the ATF on August 04, 2023 from Branden LIPPE in Fort Worth, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-032423:** RARE BREED TRIGGER UNKNOWN MACHINE-GUN CAL:UNKNOWN SN:NONE, valued at $200.00, seized by the ATF on July 31, 2023 from Hyon Kim in Fort Worth, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-032425:** WIDE OPEN TRIGGER UNKNOWN MACHINE GUN CAL:UNKNOWN SN:NONE, valued at $200.00, seized by the ATF on July 31, 2023 from Hyon Kim in Fort Worth, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-034632:** ANDERSON MANUFACTURING AM-15 PISTOL CAL:MULTI SN:22021371, valued at $200.00, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-034633:** UNKNOWN MANUFACTURER UNKNOWN  SILENCER CAL:UNKNOWN SN:NONE, valued at $50.00, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-034634:** UNKNOWN MANUFACTURER UNKNOWN MG CONVERSION DEVICE CAL:UNKNOWN SN:NONE, valued at $0.10, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-034635:** UNKNOWN MANUFACTURER UNKNOWN MG CONVERSION DEVICE CAL:UNKNOWN, Serial No. Unknown, valued at $0.10, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-034636:** UNKNOWN MANUFACTURER UNKNOWN MG CONVERSION D CAL:UNKNOWN SN:NONE, valued at $0.10, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-034637:** UNKNOWN MANUFACTURER UNKNOWN MG CONVERSION DEVICE CAL:UNKNOWN SN:NONE, valued at $0.10, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-034638:** UNKNOWN MANUFACTURER UNKNOWN MG CONVERSION DEVICE CAL:UNKNOWN SN:NONE, valued at $0.10, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-034639:** UNKNOWN MANUFACTURER UNKNOWN  MG CONVERSION DEVICE CAL:UNKNOWN SN:NONE, valued at $0.10, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-034640:** UNKNOWN MANUFACTURER UNKNOWN  MG CONVERSION DEVICE CAL:UNKNOWN SN:NONE, valued at $0.10, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-034641:** UNKNOWN MANUFACTURER UNKNOWN  MG CONVERSION DEVICE CAL:UNKNOWN SN:NONE, valued at $0.10, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-034642:** UNKNOWN MANUFACTURER UNKNOWN MG CONVERSION DEVICE CAL:UNKNOWN SN:NONE, valued at $0.10, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  12/05/2023**
**LAST DATE TO FILE PETITION:  12/15/2023**

## NORTHERN DISTRICT OF TEXAS

**23-ATF-034643:** UNKNOWN MANUFACTURER UNKNOWN MG CONVERSION DEVICE CAL:UNKNOWN SN:NONE, valued at $0.10, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034644:** UNKNOWN MANUFACTURER UNKNOWN  MG CONVERSION DEVICE CAL:UNKNOWN SN:NONE, valued at $0.10, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034645:** UNKNOWN MANUFACTURER UNKNOWN MG CONVERSION DEVICE CAL:UNKNOWN SN:NONE, valued at $0.10, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034646:** UNKNOWN MANUFACTURER UNKNOWN  MG CONVERSION DEVICE CAL:UNKNOWN SN:NONE, valued at $0.10, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034647:** UNKNOWN MANUFACTURER UNKNOWN  MG CONVERSION DEVICE CAL:UNKNOWN SN:NONE, valued at $0.10, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034648:** UNKNOWN MANUFACTURER UNKNOWN  MG CONVERSION DEVICE CAL:UNKNOWN SN:NONE, valued at $0.10, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034649:** UNKNOWN MANUFACTURER UNKNOWN  MG CONVERSION DEVICE CAL:UNKNOWN SN:NONE, valued at $0.10, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034650:** UNKNOWN MANUFACTURER UNKNOWN MG CONVERSION DEVICE CAL:UNKNOWN SN:NONE, valued at $0.10, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034651:** UNKNOWN MANUFACTURER UNKNOWN  MG CONVERSION DEVICE CAL:UNKNOWN SN:NONE, valued at $0.10, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034652:** UNKNOWN MANUFACTURER UNKNOWN  MG CONVERSION DEVICE CAL:UNKNOWN SN:NONE, valued at $0.10, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034653:** UNKNOWN MANUFACTURER UNKNOWN  MG CONVERSION DEVICE CAL:UNKNOWN SN:NONE, valued at $0.10, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034654:** UNKNOWN MANUFACTURER UNKNOWN MG CONVERSION DEVICE CAL:UNKNOWN SN:NONE, valued at $0.10, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034655:** UNKNOWN MANUFACTURER UNKNOWN MG CONVERSION DEVICE CAL:UNKNOWN SN:NONE, valued at $0.10, seized by the ATF on August 17, 2023 from Carlos Verino Jr in Dallas, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

## SOUTHERN DISTRICT OF TEXAS

**23-ATF-035093:** ANDERSON MANUFACTURING AM-15 Rifle CAL:300 SN:18040525, valued at $600.00, seized by the ATF on September 15, 2023 from Benjamin Sanchez Sr. in Houston, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  12/05/2023**
**LAST DATE TO FILE PETITION:  12/15/2023**

### WESTERN DISTRICT OF TEXAS

**23-ATF-034665:** Palmetto State Armory PA-15 Rifle CAL:Multi SN:SCB903042, valued at $300.00, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-034667:** Glock Inc 45 Pistol (with Machine Gun Conversion Device attached) CAL:9 SN:AFPY412, valued at $300.00, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-034684:** Springfield Armory Geneseo IL Saint Edge Rifle (Bearing a Stabilizing Brace) CAL:556 SN:SE86115, valued at $300.00, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-034693:** Advanced Armament Corp 762SDN6 Silencer CAL:762 SN:N04825, valued at $400.00, seized by the ATF on September 26, 2023 from Adrian Fernandez in San Antonio, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-034719:** Machine Gun Glock GMBH 19GEN5 Pistol CAL:9 SN:BGWB245, valued at $400.00, seized by the ATF on September 26, 2023 from Jaden Trevino in San Antonio, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-034721:** Privately Made Firearm (PMF) Unknown Machine Gun Conversion Device CAL:Unknown SN:None, valued at $100.00, seized by the ATF on September 26, 2023 from Jaden Trevino in San Antonio, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-034724:** Privately Made Firearm (PMF) Unknown Machine Gun Conversion Device CAL:Unknown SN:None, valued at $100.00, seized by the ATF on September 26, 2023 from Jaden Trevino in San Antonio, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-034725:** Privately Made Firearm (PMF) Unknown Machine Gun Conversion Device CAL:Unknown SN:None, valued at $100.00, seized by the ATF on September 26, 2023 from Jaden Trevino in San Antonio, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-034726:** Privately Made Firearm (PMF) Unknown Machine Gun Conversion Device CAL:Unknown SN:None, valued at $100.00, seized by the ATF on September 26, 2023 from Jaden Trevino in San Antonio, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

### DISTRICT OF UTAH

**23-ATF-035338:** RARE BREED TRIGGER UNKNOWN MACHINE GUN CONVERSION DEVICE CAL:UNKNOWN SN:NONE, valued at $200.00, seized by the ATF on September 18, 2023 from Chad Smith in Tooele, UT for forfeiture pursuant to 26 U.S.C. Section 5872.

### EASTERN DISTRICT OF VIRGINIA

**21-ATF-003747:** Pioneer Arms Corporation (Radom, Poland) Hellpup Pistol CAL:762 SN:PAC1129197, valued at $500.00, seized by the ATF on October 09, 2020 from George Schaab in Norfolk, VA for forfeiture pursuant to 26 U.S.C. Section 5872.

### DISTRICT OF VERMONT

**23-ATF-034439:** IVER JOHNSON UNKNOWN SHOTGUN CAL:UNKNOWN BAR: 15.25 SN:NONE, valued at $10.00, seized by the ATF on September 18, 2023 from Korey DALLEY in BARRE, VT for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  11/28/2023**
**LAST DATE TO FILE PETITION:  12/08/2023**

## DISTRICT OF ARIZONA

**23-ATF-034483:** UNKNOWN MANUFACTURER Unknown Machine Gun Conversion Device CAL:Unknown SN:None, valued at $50.00, seized by the ATF on August 22, 2023 from Andres Soto in Nogales, AZ for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-034487:** UNKNOWN MANUFACTURER Unknown Machine Gun Con CAL:Unknown SN:None, valued at $50.00, seized by the ATF on August 22, 2023 from Andres Soto in Nogales, AZ for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-034765:** Rare Breed Triggers Unknown Machine Gun CAL:Unknown SN:None, valued at $400.00, seized by the ATF on September 07, 2023 from Craig Chadwick in Maricopa, AZ for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-034767:** Rare Breed Triggers Unknown Machine Gun CAL:Unknown SN:None, valued at $400.00, seized by the ATF on September 07, 2023 from Craig Chadwick in Maricopa, AZ for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-034768:** Rare Breed Triggers Unknown Machine Gun CAL:Unknown SN:None, valued at $400.00, seized by the ATF on September 07, 2023 from Craig Chadwick in Maricopa, AZ for forfeiture pursuant to 26 U.S.C. Section 5872.

## NORTHERN DISTRICT OF CALIFORNIA

**23-ATF-034888:** Wide Open Triggers Unknown Machine Gun Conversion Kit CAL:Unkonwn SN:None, valued at $375.00, seized by the ATF on September 20, 2023 from Troy CARTER in Dublin, CA for forfeiture pursuant to 26 U.S.C. Section 5872.

## DISTRICT OF CONNECTICUT

**23-ATF-034275:** F.N. (FN HERSTAL) P90 MACHINE GUN CAL:57 SN:FN020789, valued at $1,300.00, seized by the ATF on September 20, 2023 from Douglas Odishoo and Delta Arsenal in WALLINGFORD, CT for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-034276:** UNKNOWN P90 ATTENUATOR Suppressor SILENCER CAL:UNKNOWN SN:010193, valued at $500.00, seized by the ATF on September 20, 2023 from Douglas Odishoo and Delta Arsenal in WALLINGFORD, CT for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-034277:** ISRAEL WEAPON IND- IWI (ISRAEL MILITARY IND- IMI) Micro GALIL MACHINE GUN CAL:223 SN:33102394, valued at $1,400.00, seized by the ATF on September 20, 2023 from Douglas Odishoo and Delta Arsenal in WALLINGFORD, CT for forfeiture pursuant to 26 U.S.C. Section 5872.

## MIDDLE DISTRICT OF FLORIDA

**23-ATF-034278:** Aero Precision X15 RIFLE/SHOTGUN CAL:MULTI SN:X374319, valued at $1,000.00, seized by the ATF on September 03, 2023 from Christian JR. ROBINSON in SARASOTA, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-034321:** WIDE OPEN TRIGGER (WOT) UNKNOWN MACHINEGUN CAL:UNKNOWN SN:NONE, valued at $100.00, seized by the ATF on August 31, 2023 from DRAKE EFREN MONTOYA in ORLANDO, FL for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  11/28/2023**
**LAST DATE TO FILE PETITION:  12/08/2023**

## DISTRICT OF GUAM
**23-ATF-027978:** ANDERSON MANUFACTURING AM-15 RIFLE CAL:MULTI SN:18150487, valued at $1,000.00, seized by the ATF on July 23, 2023 from Dray LUJAN in Dededo, GU for forfeiture pursuant to 26 U.S.C. Section 5872.

## NORTHERN DISTRICT OF INDIANA
**23-ATF-034167:** UNKNOWN  UNKNOWN MG Conversion  CAL:UNKNOWN, Serial No. Unknown, valued at $25.00, seized by the ATF on August 14, 2023 from Jamarri Price in Fort Wayne, IN for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034171:** MACHINE GUN CONVERSION KIT UNKNOWN MG CONVERSION CAL:UNKNOWN SN:NONE, valued at $25.00, seized by the ATF on August 14, 2023 from Jamarri Price in Fort Wayne, IN for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034371:** ISRAEL WEAPON IND- IWI (ISRAEL MILITARY IND- IMI) MINI UZI Machine Gun CAL:9 SN:8245451, valued at $2,000.00, seized by the ATF on July 27, 2023 from Doug Alfrey in Goshen, IN for forfeiture pursuant to 26 U.S.C. Section 5872.

## DISTRICT OF MAINE
**23-ATF-034828:** WIDE OPEN TRIGGER UNKNOWN MACHINE GUN CAL:UNKNOWN SN:NONE, valued at $299.00, seized by the ATF on September 14, 2023 from Lawrence Bailey in Bowdoinham, ME for forfeiture pursuant to 26 U.S.C. Section 5872.

## EASTERN DISTRICT OF MICHIGAN
**23-ATF-034536:** BATTLE ARMS DEVELOPMENT WORKHORSE SAWED OFF RIFLE/SHOTGUN CAL:MULTI SN:WP06350, valued at $150.00, seized by the ATF on September 19, 2023 from Ronald Carter in Detroit, MI for forfeiture pursuant to 26 U.S.C. Section 5872.

## EASTERN DISTRICT OF MISSOURI
**23-ATF-034583:** Wide Open Trigger Unknown Machinegun Conversion Kit CAL:Unknown SN:None, valued at $300.00, seized by the ATF on September 14, 2023 from Danielle Brunnworth in Saint Louis, MO for forfeiture pursuant to 26 U.S.C. Section 5872.

## SOUTHERN DISTRICT OF MISSISSIPPI
**23-ATF-034287:** GLOCK INC. 23GEN5 Pistol CAL:40 SN:BUKP046, valued at $539.99, seized by the ATF on September 19, 2023 from Octavious TERRELL in Madison, MS for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034291:** Unknown Unknown Machine gun CAL:Unknown SN:Unknown, valued at $100.00, seized by the ATF on September 19, 2023 from Octavious TERRELL in Madison, MS for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

**LEGAL NOTICE**
**ATTENTION**

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  11/28/2023**
**LAST DATE TO FILE PETITION:  12/08/2023**

**EASTERN DISTRICT OF NORTH CAROLINA**
**23-ATF-034902:** Wide Open Triggers WOT Machinegun CAL:Unknown SN:NONE, valued at $300.00, seized by the ATF on September 27, 2023 from Glenn Strickland in Archer Lodge, NC for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034904:** Wide Open Triggers WOT Machinegun CAL:Unknown SN:NONE, valued at $300.00, seized by the ATF on September 27, 2023 from Glenn Strickland in Archer Lodge, NC for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

**LEGAL NOTICE**
**ATTENTION**

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  11/28/2023**
**LAST DATE TO FILE PETITION:  12/08/2023**

**DISTRICT OF NEW HAMPSHIRE**

**23-ATF-030177:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030180:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030194:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030195:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030196:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030197:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030199:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030200:** OTHER: SILENCER PARTS, MISC SILENCER PARTS; TUBE AND END CAP, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 7302.
**23-ATF-030201:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030202:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030203:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030204:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030205:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030206:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030207:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  11/28/2023**
**LAST DATE TO FILE PETITION:  12/08/2023**

## DISTRICT OF NEW HAMPSHIRE
**23-ATF-030208:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030209:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030210:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030211:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030212:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030213:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030214:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030215:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030216:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030217:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030218:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030219:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030220:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030221:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030222:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  11/28/2023**
**LAST DATE TO FILE PETITION:  12/08/2023**

### DISTRICT OF NEW HAMPSHIRE

**23-ATF-030223:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030224:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030225:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030242:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030243:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030244:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030245:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030246:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030247:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030248:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030249:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030250:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030251:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030252:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030253:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  11/28/2023**
**LAST DATE TO FILE PETITION:  12/08/2023**

**DISTRICT OF NEW HAMPSHIRE**
**23-ATF-030254:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030255:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030256:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030257:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030258:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030259:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030261:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030262:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030263:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030264:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030265:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030266:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030267:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030268:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030270:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  11/28/2023**
**LAST DATE TO FILE PETITION:  12/08/2023**

## DISTRICT OF NEW HAMPSHIRE

**23-ATF-030272:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030273:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030274:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030277:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030279:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030281:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030283:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030285:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030286:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030288:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030291:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030292:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030294:** SILENCER: NONE, BLACK MONOCORE M-99 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030298:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030300:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  11/28/2023**
**LAST DATE TO FILE PETITION:  12/08/2023**

## DISTRICT OF NEW HAMPSHIRE

**23-ATF-030301:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030303:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030305:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030307:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030308:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030311:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030312:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030313:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030314:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030315:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030316:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030317:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030318:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030319:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030320:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

**LEGAL NOTICE**
**ATTENTION**

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  11/28/2023**
**LAST DATE TO FILE PETITION:  12/08/2023**

**DISTRICT OF NEW HAMPSHIRE**

**23-ATF-030321:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030323:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030324:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030326:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030327:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030330:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030332:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030334:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030337:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030338:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030339:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030341:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030343:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030345:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030346:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  11/28/2023**
**LAST DATE TO FILE PETITION:  12/08/2023**

## DISTRICT OF NEW HAMPSHIRE

**23-ATF-030347:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030356:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030357:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030360:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030361:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030372:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030375:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030380:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030381:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030383:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030416:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030422:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030425:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030431:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030475:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

**LEGAL NOTICE**
**ATTENTION**

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  11/28/2023**
**LAST DATE TO FILE PETITION:  12/08/2023**

**DISTRICT OF NEW HAMPSHIRE**

**23-ATF-030476:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030477:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030479:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030480:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030481:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030482:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030484:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030485:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030486:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030487:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030488:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030489:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030491:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030492:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030493:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  11/28/2023**
**LAST DATE TO FILE PETITION:  12/08/2023**

### DISTRICT OF NEW HAMPSHIRE

**23-ATF-030494:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030496:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030497:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030498:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030499:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030500:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030502:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030503:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030504:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030505:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030506:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030507:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030508:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030509:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030510:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  11/28/2023**
**LAST DATE TO FILE PETITION:  12/08/2023**

## DISTRICT OF NEW HAMPSHIRE

**23-ATF-030511:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030512:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030513:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030514:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030515:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030516:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030517:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030518:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030519:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030520:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030521:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030522:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030523:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030524:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030525:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  11/28/2023**
**LAST DATE TO FILE PETITION:  12/08/2023**

**DISTRICT OF NEW HAMPSHIRE**
**23-ATF-030526:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030527:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030528:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030529:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030530:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030531:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030532:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030533:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030534:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030535:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030536:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030537:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030538:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030539:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030540:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  11/28/2023**
**LAST DATE TO FILE PETITION:  12/08/2023**

## DISTRICT OF NEW HAMPSHIRE

**23-ATF-030541:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030542:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030543:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030544:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030558:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030559:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030560:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030562:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030563:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030564:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030566:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030567:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030568:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030569:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030571:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  11/28/2023**
**LAST DATE TO FILE PETITION:  12/08/2023**

## DISTRICT OF NEW HAMPSHIRE

**23-ATF-030572:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030573:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030574:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030575:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030576:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030577:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030578:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030580:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030581:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030582:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030584:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030587:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030588:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030589:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030590:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  11/28/2023**
**LAST DATE TO FILE PETITION:  12/08/2023**

**DISTRICT OF NEW HAMPSHIRE**
**23-ATF-030591:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030593:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030594:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030595:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030596:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030597:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030598:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030600:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030601:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030602:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030603:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030604:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030605:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030606:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030607:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law. Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  11/28/2023**
**LAST DATE TO FILE PETITION:  12/08/2023**

## DISTRICT OF NEW HAMPSHIRE

**23-ATF-030608:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030609:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030611:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030612:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030615:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030616:** SILENCER: NONE, BLACK MONOCORE M-74 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030620:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030621:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030622:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030623:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030624:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030625:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030626:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030628:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030629:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale. The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  11/28/2023**
**LAST DATE TO FILE PETITION:  12/08/2023**

**DISTRICT OF NEW HAMPSHIRE**

**23-ATF-030630:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030631:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030632:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030634:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030635:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030636:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030638:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030639:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030640:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030641:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030642:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030661:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030662:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030669:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030670:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  11/28/2023**
**LAST DATE TO FILE PETITION:  12/08/2023**

## DISTRICT OF NEW HAMPSHIRE

**23-ATF-030674:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030676:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030677:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030679:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030680:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030682:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030721:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030722:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030723:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030726:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030727:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030728:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030729:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030730:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030731:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  11/28/2023**
**LAST DATE TO FILE PETITION:  12/08/2023**

**DISTRICT OF NEW HAMPSHIRE**

**23-ATF-030732:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030734:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030735:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030736:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030737:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030738:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030739:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030740:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030741:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030742:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030743:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030744:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030749:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030750:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030752:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  11/28/2023**
**LAST DATE TO FILE PETITION:  12/08/2023**

**DISTRICT OF NEW HAMPSHIRE**
**23-ATF-030753:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030754:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030775:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030776:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030778:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030779:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030780:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030782:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030784:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030786:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030787:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030788:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030791:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030792:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030794:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  11/28/2023**
**LAST DATE TO FILE PETITION:  12/08/2023**

**DISTRICT OF NEW HAMPSHIRE**

**23-ATF-030797:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030801:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030805:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030807:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030808:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030811:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030812:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030912:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030914:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030918:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030919:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030921:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030924:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030926:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-030927:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  11/28/2023**
**LAST DATE TO FILE PETITION:  12/08/2023**

## DISTRICT OF NEW HAMPSHIRE

**23-ATF-030929:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030930:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030933:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030940:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030941:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030943:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030945:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030946:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030949:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030951:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-030952:** SILENCER: NONE, BLACK MONOCORE M-79 SILENCER BAFFLE CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-031171:** OTHER: SILENCER PARTS, MISC M-093 SUPRESSOR END CAPS, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-031207:** OTHER: SILENCER PARTS, MISC M-082 SUPRESSOR END CAPS, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-031210:** OTHER: SILENCER PARTS, MISC M-035 SUPRESSOR END CAPS, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-031211:** OTHER: SILENCER PARTS, MISC M-097 SUPRESSOR END CAPS, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-031213:** OTHER: SILENCER PARTS, MISC M-081 SUPRESSOR END CAPS, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-031215:** OTHER: SILENCER PARTS, MISC M-034 SUPRESSOR END CAPS, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  11/28/2023**
**LAST DATE TO FILE PETITION:  12/08/2023**

### DISTRICT OF NEW HAMPSHIRE

**23-ATF-031227:** OTHER: SILENCER PARTS, BLACK SILENCER BAFFLE WITH SHIPPING PACKAGE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-031230:** OTHER: SILENCER PARTS, BLACK SILENCER TUBE WITH SHIPPING PACKAGE, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-031232:** OTHER: SILENCER PARTS, MISC M-39 SILENCER THREADED END CAPS, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-031233:** OTHER: SILENCER PARTS, MISC M-40 SILENCER THREADED END CAPS, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-031235:** OTHER: SILENCER PARTS, MISC M-41 SILENCER THREADED END CAPS, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-031240:** OTHER: SILENCER PARTS, MISC M-42 SILENCER THREADED END CAPS, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-031243:** OTHER: SILENCER PARTS, MISC M-43 SILENCER THREADED END CAPS, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-031245:** OTHER: SILENCER PARTS, MISC M-44 SILENCER THREADED END CAPS, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-031249:** OTHER: SILENCER PARTS, MISC M-45 SILENCER THREADED END CAPS, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-031252:** OTHER: SILENCER PARTS, MISC M-46 SILENCER THREADED END CAPS, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-031254:** OTHER: SILENCER PARTS, MISC M-47 SILENCER THREADED END CAPS, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-031256:** OTHER: SILENCER PARTS, MISC M-48 SILENCER THREADED END CAPS, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

**23-ATF-031258:** OTHER: SILENCER PARTS, METAL TUBE, OIL FILTER, SUPRRESSOR ADAPTOR, valued at $1.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 26 U.S.C. Section 5872.

### WESTERN DISTRICT OF NEW YORK

**23-ATF-034604:** Glock INc. 17CGEN3 Pistol CAL:9 SN:AGCC155, valued at $250.00, seized by the ATF on March 13, 2023 from Lay WAH in Buffalo, NY for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  11/28/2023**
**LAST DATE TO FILE PETITION:  12/08/2023**

## NORTHERN DISTRICT OF OHIO
**23-ATF-034577:** Unknown Manufacturer Unknown Type Machine Gun CAL:Unknown SN:None, valued at $180.00, seized by the ATF on September 20, 2023 from Cleiton De La Cruz in Cleveland, OH for forfeiture pursuant to 26 U.S.C. Section 5872.

## NORTHERN DISTRICT OF OKLAHOMA
**23-ATF-034381:** RAPID FIRE UNKNOWN MACHINE GUN CAL:UNKNOWN SN:NONE, valued at $100.00, seized by the ATF on July 20, 2023 from Lance Heckerman in TULSA, OK for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034597:** RAREBREED TRIGGER UNKNOWN MACHINE GUN CAL:UNKNOWN SN:NONE, valued at $1.00, seized by the ATF on September 07, 2023 from Cole COOPER in TULSA, OK for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034736:** INTERDYNAMICS UNKNOWN UNKNOWN CAL:UNKNOWN SN:02678, valued at $1.00, seized by the ATF on September 05, 2023 from Joel Martin in JAY, OK for forfeiture pursuant to 26 U.S.C. Section 5872.

## DISTRICT OF SOUTH CAROLINA
**23-ATF-034255:** Glock GMBH with Glock switch attached 22 Machinegun CAL:40 SN:GUK917, valued at $1.00, seized by the ATF on February 25, 2023 from Chad JR Williams in Orangeburg, SC for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  11/28/2023**
**LAST DATE TO FILE PETITION:  12/08/2023**

### MIDDLE DISTRICT OF TENNESSEE

**23-ATF-018822:** Glock GMBH 19X Machine-Gun CAL:9 SN:BUCC950, valued at $375.00, seized by the ATF on April 07, 2023 from Ronal Majano Zapata in Centerville, TN for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034040:** Unknown Unknown MG Convr Device CAL:Unknown SN:None, valued at $1.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034041:** Unknown Unknown MG Convr Device CAL:Unknown SN:None, valued at $1.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034042:** Unknown Unknown MG Convr Device CAL:Unknown SN:None, valued at $1.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034043:** Unknown Unknown MG Convr Device CAL:Unknown SN:None, valued at $1.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034044:** Unknown Unknown MG Convr Device CAL:Unknown SN:None, valued at $1.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034045:** Unknown Unknown MG Convr Device CAL:Unknown SN:None, valued at $1.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034054:** Unknown Unknown Silencer CAL:Unknown SN:None, valued at $1.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034055:** Unknown Unknown Silencer CAL:Unknown SN:None, valued at $1.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034057:** Unknown Unknown Silencer CAL:Unknown SN:None, valued at $1.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034058:** Unknown Unknown Silencer CAL:Unknown SN:None, valued at $1.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034060:** Unknown Unknown Silencer CAL:Unknown SN:None, valued at $1.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034061:** Unknown Unknown Silencer CAL:Unknown SN:None, valued at $1.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034063:** Silencer Parts, 28 Suspected Silencer Parts and Other Items Seized By CID, Serial No. Unknown, valued at $1.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034080:** Anderson Manufacturing AM-15 Rifle CAL:Multi SN:21132992, valued at $500.00, seized by the ATF on August 24, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034081:** Suspected Silencer Attached To Exhibit 21, Serial No. Unknown, valued at $1.00, seized by the ATF on August 24, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034083:** Privately Made Firearm (PMF) Unknown Machine-Gun CAL:Unknown SN:None, valued at $1.00, seized by the ATF on August 24, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034084:** Privately Made Firearm (PMF) Unknown Machine-Gun CAL:Unknown SN:None, valued at $1.00, seized by the ATF on August 24, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034085:** Suspected Silencer Attached To A Firearm Upper, Serial No. Unknown, valued at $1.00, seized by the ATF on August 24, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034087:** Suspected Camo Wrapped Silencer Recovered From Safe, Serial No. Unknown, valued at $1.00, seized by the ATF on August 24, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim and/or a petition.

**LAST DATE TO FILE CLAIM:  11/28/2023**
**LAST DATE TO FILE PETITION:  12/08/2023**

## MIDDLE DISTRICT OF TENNESSEE
**23-ATF-034097:** Silencer Parts, 1 Suspected Silencer Part, Serial No. Unknown, valued at $1.00, seized by the ATF on August 24, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 26 U.S.C. Section 5872.

## SOUTHERN DISTRICT OF TEXAS
**23-ATF-034279:** ANDERSON MANUFACTURING AM-15 Rifle CAL:556 SN:20231002, valued at $500.00, seized by the ATF on September 15, 2023 from Jonathon Carter in Houston, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

## WESTERN DISTRICT OF TEXAS
**23-ATF-032188:** Unknown Manufacturer Unknown Machine Gun Conversion Kit CAL:Unknown SN:None, valued at $100.00, seized by the ATF on September 08, 2023 from Brandon Kelly in Austin, TX for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-034295:** Unknown Manufacturer Unknown Machine Gun Conversion Device CAL:Unknown SN:None, valued at $350.00, seized by the ATF on September 12, 2023 from Bandy Kannon in Austin, TX for forfeiture pursuant to 26 U.S.C. Section 5872.

## EASTERN DISTRICT OF VIRGINIA
**23-ATF-033600:** UNKNOWN (PMF) Unknown Silencer CAL:Unknown SN:None, valued at $300.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 26 U.S.C. Section 5872.
**23-ATF-033676:** PMF SILENCER ATTACHED TO A DIAMONDBACK TACTICAL  AR-15 Unknown Upper Receiver CAL:5.56 SN:None, valued at $600.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 26 U.S.C. Section 5872.

## NORTHERN DISTRICT OF WEST VIRGINIA
**23-ATF-034763:** POLYMER80, INC. (P80 TACTICAL P80) PF940V2 PISTOL CAL:9 SN:NONE, valued at $300.00, seized by the ATF on September 20, 2023 from Kevin Jones in Morgantown, WV for forfeiture pursuant to 26 U.S.C. Section 5872.

## DISTRICT OF WYOMING
**21-ATF-017273:** Matrix Aerospace Corporation Unknown Rifle CAL:Unknown SN:None, valued at $100.00, seized by the ATF on March 25, 2021 from Nathaniel TSOSIE in Buffalo, WY for forfeiture pursuant to 26 U.S.C. Section 5872.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

## DISTRICT OF ARIZONA

**23-ATF-034388:** CENTURY ARMS INTERNATIONAL BFT47 Rifle CAL:762 SN:BFT47016331, valued at $400.00, seized by the ATF on September 20, 2023 from Marco MOLINA Jr in San Luis, AZ for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034484:** HIPOINT (STRASSELL'S MACHINE INC.) C9 Pistol CAL:9 SN:P1239090, valued at $50.00, seized by the ATF on August 22, 2023 from Andres Soto in Nogales, AZ for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034485:** 4 Rounds Assorted Ammunition CAL:9, valued at $0.40, seized by the ATF on August 22, 2023 from Andres Soto in Nogales, AZ for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034504:** GLOCK GMBH 48 Pistol CAL:9 SN:BZFK626, valued at $500.00, seized by the ATF on September 13, 2023 from Jose GARZA in Phoenix, AZ for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034507:** GLOCK GMBH 45 Pistol CAL:9 SN:BTYD466, valued at $500.00, seized by the ATF on September 13, 2023 from Jose GARZA in Phoenix, AZ for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034508:** GLOCK GMBH 19X Pistol CAL:9 SN:BWBH762, valued at $600.00, seized by the ATF on September 13, 2023 from Jose GARZA in Phoenix, AZ for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034512:** PALMETTO STATE ARMORY DAGGER Pistol CAL:9 SN:FG157440, valued at $400.00, seized by the ATF on September 13, 2023 from Jose GARZA in Phoenix, AZ for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034513:** CHIAPPA FIREARMS LTD Unknown Pistol CAL:Unknown SN:KTIT21M0658, valued at $400.00, seized by the ATF on September 13, 2023 from Jose GARZA in Phoenix, AZ for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034519:** GLOCK GMBH 17 Pistol CAL:9 SN:BNSB898, valued at $600.00, seized by the ATF on September 19, 2023 from Jose GARZA in Phoenix, AZ for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034522:** GLOCK GMBH 17 Pistol CAL:9 SN:BTZU317, valued at $600.00, seized by the ATF on September 19, 2023 from Jose GARZA in Phoenix, AZ for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034524:** HS PRODUKT (IM METAL) XD9 Sub-Compact Pistol CAL:9 SN:XD215972, valued at $500.00, seized by the ATF on September 19, 2023 from Jose GARZA in Phoenix, AZ for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034526:** STOEGER STR-9 Pistol CAL:9 SN:T6429-20U18964, valued at $500.00, seized by the ATF on September 19, 2023 from Jose GARZA in Phoenix, AZ for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034527:** PALMETTO STATE ARMORY Dagger Compact Pistol CAL:9 SN:FG053579, valued at $299.00, seized by the ATF on September 19, 2023 from Jose GARZA in Phoenix, AZ for forfeiture pursuant to 18 U.S.C. Section 924(d).

## DISTRICT OF COLORADO

**22-ATF-047647:** IBERIA FIREARMS JCP, PISTOL CAL:40 SN:X7128405, valued at $150.00, seized by the ATF on April 25, 2022 from Patrick Blanchard in Colorado Springs, CO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**22-ATF-047648:** 29 Rounds ASSORTED Ammunition CAL:40, Serial No. Unknown, valued at $2.90, seized by the ATF on April 25, 2022 from Patrick Blanchard in Colorado Springs, CO for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law. Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

## MIDDLE DISTRICT OF FLORIDA

**23-ATF-027045:** FIREARM: HANDGUN, MNF: GLOCK GMBH 48 Pistol CAL:9 SN:BMLY334, valued at $50.00, seized by the ATF on July 09, 2023 from David VILLAMIL in Wauchula, FL for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-027046:** FIREARM: HANDGUN, MNF: FEG GKK45 Pistol CAL:45 SN:AA000167, valued at $5.00, seized by the ATF on July 09, 2023 from David VILLAMIL in Wauchula, FL for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-027047:** FIREARM: HANDGUN, MNF: BUSHMASTER FIREARMS, TYPE:  XM15-E2S RIFLE CAL:223 SN:L447691, valued at $50.00, seized by the ATF on July 09, 2023 from David VILLAMIL in Wauchula, FL for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-027048:** FIREARM: HANDGUN, MNF: ROMARM/CUGIR, TYPE: PISTOL DRACO PISTOL CAL:762 SN:DF-0072-19, valued at $10.00, seized by the ATF on July 09, 2023 from David VILLAMIL in Wauchula, FL for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034159:** SCCY INDUSTRIES, LLC (SKYY IND.) CPX-2 PISTOL CAL:9 SN:C270051, valued at $400.00, seized by the ATF on September 12, 2023 from Jerald CALHOUN in LAKELAND, FL for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034161:** AMERICAN TACTICAL IMPORTS - ATI MODEL BULLDOG SHOTGUN CAL:12 SN:12BD20-11433, valued at $400.00, seized by the ATF on September 12, 2023 from Jerald CALHOUN in LAKELAND, FL for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034164:** 36 Rounds Assorted - Ammunition CAL:9, Serial No. Unknown, valued at $3.60, seized by the ATF on September 12, 2023 from Jerald CALHOUN in LAKELAND, FL for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034166:** 6 Rounds Assorted Ammunition CAL:12, Serial No. Unknown, valued at $0.60, seized by the ATF on September 12, 2023 from Jerald CALHOUN in LAKELAND, FL for forfeiture pursuant to 18 U.S.C. Section 924(d).

## SOUTHERN DISTRICT OF FLORIDA

**23-ATF-034128:** GLOCK GMBH 17 PISTOL CAL:9 SN:GCS586, valued at $550.00, seized by the ATF on August 11, 2023 from JAMES WOODARD in LAUDERHILL, FL for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034130:** 30 Rounds ASSORTED Ammunition CAL:9, valued at $3.00, seized by the ATF on August 11, 2023 from JAMES WOODARD in LAUDERHILL, FL for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law. Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

### LAST DATE TO FILE:  12/08/2023

### DISTRICT OF GUAM
**23-ATF-027972:** BUSHMASTER FIREARMS UNKNOWN RIFLE CAL:UNKNOWN SN:NONE, valued at $1,000.00, seized by the ATF on July 23, 2023 from Dray LUJAN in Dededo, GU for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-027974:** RUGER MINI 14 RIFLE CAL:223 SN:NONE, valued at $1,000.00, seized by the ATF on July 23, 2023 from Dray LUJAN in Dededo, GU for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-027975:** SWD M11/9 PISTOL  CAL:9 SN:NONE, valued at $1,000.00, seized by the ATF on July 23, 2023 from Dray LUJAN in Dededo, GU for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-027976:** UNKNOWN UNKNOWN MACHINE GUN CAL:UNKNOWN SN:NONE, valued at $1,000.00, seized by the ATF on July 23, 2023 from Dray LUJAN in Dededo, GU for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-027977:** UNKNOWN UNKNOWN MACHINE GUN CONVERSION DEVICE CAL:UNKNOWN SN:NONE, valued at $1,000.00, seized by the ATF on July 23, 2023 from Dray LUJAN in Dededo, GU for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-027979:** RUGER MINI 14 RIFLE  CAL:223 SN:18454018, valued at $1,000.00, seized by the ATF on July 23, 2023 from Dray LUJAN in Dededo, GU for forfeiture pursuant to 18 U.S.C. Section 924(d).

### NORTHERN DISTRICT OF INDIANA
**23-ATF-034151:** ROMARM/CUGIR MICRO DRACO Pistol CAL:762 SN:ROA22PMD-35317, valued at $350.00, seized by the ATF on August 14, 2023 from Jamarri Price in Fort Wayne, IN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034162:** 29 Rounds ASSORTED Ammunition CAL:762, valued at $2.90, seized by the ATF on August 14, 2023 from Jamarri Price in Fort Wayne, IN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034172:** 3 Rounds HORNADY Ammunition CAL:22, valued at $0.30, seized by the ATF on August 14, 2023 from Jamarri Price in Fort Wayne, IN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034201:** 16 Rounds ASSORTED Ammunition CAL:762, valued at $1.60, seized by the ATF on August 14, 2023 from Jamarri Price in Fort Wayne, IN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034202:** 20 Rounds ASSORTED Ammunition CAL:45, valued at $2.00, seized by the ATF on August 14, 2023 from Jamarri Price in Fort Wayne, IN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034203:** 95 Rounds ASSORTED Ammunition CAL:UNKNOWN, valued at $9.50, seized by the ATF on August 14, 2023 from Jamarri Price in Fort Wayne, IN for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

**SOUTHERN DISTRICT OF INDIANA**

**23-ATF-028417:** Romarm/Cugir Mini Draco Pistol CAL:7.62 SN:PE42462018RO, valued at $500.00, seized by the ATF on August 03, 2023 from Jerrian Nunn in Anderson, IN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-028521:** 23 Rounds Unknown Manufacturer Ammunition CAL:7.62, valued at $2.30, seized by the ATF on August 03, 2023 from Jerrian Nunn in Anderson, IN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-028522:** Glock Inc. 26GEN5 Pistol CAL:9 SN:AHAH931, valued at $500.00, seized by the ATF on August 03, 2023 from Jerrian Nunn in Anderson, IN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-028523:** 15 Rounds Assorted Ammunition CAL:9, valued at $1.50, seized by the ATF on August 03, 2023 from Jerrian Nunn in Anderson, IN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-028525:** Glock GMBH 43 Pistol CAL:9 SN:BBZM929, valued at $500.00, seized by the ATF on August 03, 2023 from Jerrian Nunn in Anderson, IN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-028526:** 11 Rounds Assorted Ammunition CAL:9, valued at $1.10, seized by the ATF on August 03, 2023 from Jerrian Nunn in Anderson, IN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-028528:** 2 Rounds Unknown Manufacturer Ammunition CAL:7.62, valued at $0.20, seized by the ATF on August 03, 2023 from Jerrian Nunn in Anderson, IN for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

**WESTERN DISTRICT OF KENTUCKY**

**23-ATF-033697:** $15,255.00 U.S. Currency, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 981(a)(1)(C) Tr.

**23-ATF-033698:** $1,791.00 U.S. Currency, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 981(a)(1)(C) Tr.

**23-ATF-033699:** GLOCK INC. 17 PISTOL CAL:9 SN:BWNB735, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033701:** GLOCK INC. 19X PISTOL CAL:9 SN:BKKK963, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033702:** GLOCK INC. 45 PISTOL CAL:9 SN:BZLH398, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033704:** BERETTA, PIETRO S.P.A. PX4 STORM PISTOL CAL:9 SN:PZ3320E, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033706:** BERETTA, PIETRO S.P.A. PX4 STORM PISTOL CAL:9 SN:PY28928, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033707:** BERETTA USA CORP APX PISTOL CAL:9 SN:A127088X, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033715:** SMITH & WESSON M&P 5.7 PISTOL CAL:57 SN:PJM9453, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033716:** TISAS - TRABZON GUN INDUSTRY CORP. 1911A1 SERVICE SPEC  PISTOL CAL:45 SN:T0620-22Z00594, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033718:** CHIAPPA FIREARMS LTD 1911-22 PISTOL CAL:22 SN:15M05203, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033719:** GERMAN SPORTS GUNS FIREFLY PISTOL CAL:22 SN:F479612, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033720:** WALTHER CCP PISTOL CAL:9 SN:WK121711, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033721:** TAURUS INTERNATIONAL GX4 PISTOL CAL:9 SN:1GA09375, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033722:** TAURUS INTERNATIONAL PT738 TCP PISTOL CAL:380 SN:17634D, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033723:** TAURUS INTERNATIONAL PT740 SLIM PISTOL CAL:40 SN:SKR62734, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033724:** TAURUS INTERNATIONAL PT738 PISTOL CAL:380 SN:65035E, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033725:** RUGER P95 PISTOL CAL:9 SN:318-57863, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033726:** RUGER LCP PISTOL CAL:380 SN:372450260, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

## WESTERN DISTRICT OF KENTUCKY

**23-ATF-033727:** MOSSBERG MC1SC PISTOL CAL:9 SN:025806CP, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033728:** BERSA THUNDER 22 PISTOL CAL:22 SN:L48351, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033729:** DIAMONDBACK ARMS INC. DB380 PISTOL CAL:380 SN:ZK8614, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033730:** TAURUS INTERNATIONAL G3C PISTOL CAL:9 SN:ADL870582, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033731:** TAURUS INTERNATIONAL G3 PISTOL CAL:9 SN:AAM153483, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033732:** TAURUS INTERNATIONAL PT709 SLIM PISTOL CAL:9 SN:TJU61602, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033733:** TAURUS INTERNATIONAL G2C PISTOL CAL:9 SN:1C037963, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033734:** TAURUS INTERNATIONAL G2C PISTOL CAL:9 SN:1C037967, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033735:** TAURUS INTERNATIONAL G2C PISTOL CAL:9 SN:ACH200332, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033736:** RUGER LC9S PISTOL CAL:9 SN:327-22078, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033737:** RUGER LCP PISTOL CAL:380 SN:371106310, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033738:** RUGER LCP PISTOL CAL:380 SN:372008644, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033739:** SPRINGFIELD ARMORY,GENESEO,IL UNKNOWN PISTOL CAL:9 SN:MG989182, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033740:** SMITH & WESSON BODYGUARD PISTOL CAL:380 SN:KEY9169, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033741:** SMITH & WESSON SW9VE PISTOL CAL:9 SN:RBM7483, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033749:** ROHM RG14 REVOLVER CAL:22 SN:L79462, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033750:** SMITH & WESSON SD9VE PISTOL CAL:9 SN:FXW2897, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033751:** SMITH & WESSON SD9VE PISTOL CAL:9 SN:FYK9542, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033752:** HERITAGE MFG. INC. BARKEEP REVOLVER CAL:22 SN:1BH268712,, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033753:** KAHR ARMS - AUTO ORDNANCE CT9 PISTOL CAL:9 SN:BAA6221, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section

**(Continued on next page)**

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law. Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

## WESTERN DISTRICT OF KENTUCKY

**23-ATF-033753 - (Continued from previous page)**
924(d).
**23-ATF-033754:** SMITH & WESSON SD40VE PISTOL CAL:40 SN:HEW1962, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033755:** RUGER 22 CHARGER PISTOL CAL:22 SN:490-53941, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033756:** SCCY INDUSTRIES, LLC (SKYY IND.) CPX-1 PISTOL CAL:9 SN:509208, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033757:** SMITH & WESSON SD9VE PISTOL CAL:9 SN:FXY9637, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033758:** SMITH & WESSON SD9VE PISTOL CAL:9 SN:FDU1617, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033759:** WEIHRAUCH, HERMANN HW38 REVOLVER CAL:38 SN:416902, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033760:** WALTHER P22 PISTOL CAL:22 SN:L296200, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033761:** DIAMONDBACK ARMS INC. AM2 PISTOL CAL:9 SN:MA2623, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033762:** DAVIS INDUSTRIES D38 PISTOL CAL:38 SN:D069959, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033763:** KAHR ARMS - AUTO ORDNANCE CM40 PISTOL CAL:40 SN:JN6621, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033765:** SMITH & WESSON SW9M PISTOL CAL:9 SN:KAB3560, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033766:** COBRA ENT., INC./KODIAK IND. FS380 PISTOL CAL:380 SN:FS106786, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033767:** SMITH & WESSON SW9GVE PISTOL CAL:9 SN:DSE5994, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033768:** ZASTAVA PAP M92 PV PISTOL CAL:762 SN:M92PV000294, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033769:** GERMAN SPORTS GUNS FIREFLY PISTOL CAL:22 SN:F481733, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033770:** TRISTAR COBRA III SHOTGUN CAL:20 SN:KPA003833, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033771:** CHARLES DALY 301 SHOTGUN CAL:12 SN:20PA12V-11971, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033772:** STOEGER UNKNOWN SHOTGUN CAL:12 SN:493065-01, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033773:** ANDERSON MANUFACTURING AM-15 RIFLE CAL:MULTI SN:21058674, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C.

**(Continued on next page)**
[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

## WESTERN DISTRICT OF KENTUCKY

**23-ATF-033773 - (Continued from previous page)**
Section 924(d).

**23-ATF-033774:** HIPOINT (STRASSELL'S MACHINE INC.) 4595 SHOTGUN CAL:45 SN:RI03519, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033775:** NORINCO (NORTH CHINA INDUSTRIES) SKS RIFLE CAL:762 SN:D24141356, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033777:** UNKNOWN UNKNOWN SHOTGUN CAL:12 SN:NONE, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033778:** MOSSBERG 715T RIFLE CAL:22 SN:ELJ3524033, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033780:** CENTURY ARMS INTERNATIONAL RAS47 RIFLE CAL:762 SN:RAS47042082, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033781:** FMK FIREARMS INC. AR-1 EXTREME RIFLE CAL:MULTI SN:FMK50884, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033782:** AMERICAN TACTICAL IMPORTS - ATI OMNI HYBRID RIFLE CAL:MULTI SN:NS044639, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033816:** CENTURY ARMS INTERNATIONAL VSKA RIFLE CAL:762 SN:SV7119755, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033817:** TRISTAR COBRA III SHOTGUN CAL:12 SN:KPA003834, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033818:** DEL-TON INC. DTI-15 RIFLE CAL:556 SN:S017311, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033819:** NEW ENGLAND FIREARMS HANDI RIFLE RIFLE CAL:270 SN:NU278473, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033820:** CENTURY ARMS INTERNATIONAL VSKA RIFLE CAL:762 SN:SV7089114, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033821:** KEYSTONE SPORTING ARMS MY FIRST RIFLE RIFLE CAL:22 SN:1047740, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033822:** SAVAGE AXIS RIFLE CAL:65 SN:N314581, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033824:** CENTURY ARMS INTERNATIONAL RAS47 RIFLE CAL:762 SN:RAS47101926, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033825:** ROSSI GALLERY RIFLE CAL:22 SN:7CG023755P, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033826:** SMITH & WESSON M&P 15 RIFLE CAL:556 SN:TL13759, valued at $100.00, seized by the ATF on

**(Continued on next page)**

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

## WESTERN DISTRICT OF KENTUCKY

**23-ATF-033826 - (Continued from previous page)**
September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033827:** MOSSBERG 88 SHOTGUN CAL:12 SN:MV55857S, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033828:** ANDERSON MANUFACTURING AM-15 RIFLE CAL:MULTI SN:21058652, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033830:** SAVAGE AXIS RIFLE CAL:243 SN:P129622, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033831:** CENTURY ARMS INTERNATIONAL C39V2 RIFLE CAL:762 SN:C39V2A10503, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033832:** CHARLES DALY MM SHOTGUN CAL:12 SN:2504888, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033833:** SAVAGE STEVENS 320 SHOTGUN CAL:12 SN:217700B, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033834:** STOEGER ARMS P350 SHOTGUN CAL:12 SN:1336491, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033835:** MOSSBERG 88 SHOTGUN CAL:12 SN:MV19966V, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033836:** CHARLES DALY MAXI MAG SHOTGUN CAL:12 SN:7503267, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033837:** CHARLES DALY 301 SHOTGUN CAL:12 SN:20PA12V-11970, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033839:** TRISTAR COBRA III SHOTGUN CAL:20 SN:KPA003835, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033840:** DERYA ARMS RIA SHOTGUN CAL:12 SN:R285503, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033841:** TRISTAR COBRA II SHOTGUN CAL:410 SN:21P4103401, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033842:** REMINGTON ARMS COMPANY, INC. 770 RIFLE CAL:270 SN:M71734941, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033843:** HENRY REPEATING RIFLE COMPANY H015-4570 RIFLE CAL:45-70 SN:4570SSR03446, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033844:** TRISTAR  COBRA SHOTGUN CAL:410 SN:20P4101546, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033845:** SAVAGE AXIS RIFLE CAL:270 SN:P465981, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033846:** REMINGTON ARMS COMPANY, INC. 770 RIFLE CAL:300 SN:M71690226, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033847:** SAVAGE AXIS RIFLE CAL:308 SN:N986196, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

## WESTERN DISTRICT OF KENTUCKY

**23-ATF-033848:** SAVAGE 111 RIFLE CAL:270 SN:G285711, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033849:** CHARLES DALY FIELD TACTICAL SHOTGUN CAL:12 SN:152792, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033850:** SAVAGE EDGE RIFLE CAL:308 SN:H148656, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033851:** WINCHESTER 190 RIFLE CAL:22 SN:B1374482, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033852:** SAVAGE 62 RIFLE CAL:22 SN:3702943, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033853:** ROSSI RIO BRAVO RIFLE CAL:22 SN:7CL013268N, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033854:** BERGARA EUROPE B14 RIFLE CAL:308 SN:61-06-066573-20, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033855:** BAIKAL MP18 SHOTGUN CAL:12 SN:11017943B, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033856:** DERYA MERIVA SHOTGUN CAL:12 SN:R480016, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033857:** SAVAGE AXIS RIFLE CAL:65 SN:N472095, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033858:** SAVAGE STEVENS 320 SHOTGUN CAL:12 SN:213154B, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033859:** AKKAR 300 SHOTGUN CAL:12 SN:11210784, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033860:** CHARLES DALY KBI SHOTGUN CAL:20 SN:3606177, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033861:** HATFIELD GUN COMPANY SAS SHOTGUN CAL:12 SN:12A20-008956, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033862:** SMITH & WESSON T/C ARMS COMPAS RIFLE CAL:6.5 SN:TJJ0928, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033863:** SAVAGE MARK II RIFLE CAL:22 SN:3716173, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033864:** CGA SKS RIFLE CAL:7.62/39 SN:CI59145771, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033865:** IVER JOHNSON PAS 12 SHOTGUN CAL:12 SN:20E-6051, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033866:** ROCK ISLAND ARMORY IMPORTS VR80 SHOTGUN CAL:12 SN:R132373, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033867:** SAVAGE AXIS RIFLE CAL:270 SN:K678789, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033868:** EMPEROR MXP12 DULA UTRA SHOTGUN CAL:12 SN:21BHP1591, valued at $100.00, seized by

**(Continued on next page)**

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

### WESTERN DISTRICT OF KENTUCKY
**23-ATF-033868 - (Continued from previous page)**
the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033869:** REMINGTON ARMS COMPANY, INC. 700 RIFLE CAL:7 SN:C6459180, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033870:** SAVAGE 111 RIFLE CAL:30-06 SN:J519179, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033872:** SAVAGE AXIS RIFLE CAL:22-250 SN:P068282, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033873:** CENTURY ARMS INTERNATIONAL RAS47 RIFLE CAL:7.62 SN:RAS47102380, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033875:** THOMPSON/CENTER ARMS CO. UTILITY RIFLE CAL:243 SN:TJH5587, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033877:** MOSSBERG 500 SHOTGUN CAL:12 SN:P688581, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033878:** STOEGER ARMS CONDOR SHOTGUN CAL:12 SN:J641641-22, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033880:** SAVAGE 93 RIFLE CAL:22 SN:3539756, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033882:** SAVAGE AXIS RIFLE CAL:243 SN:N638098, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033884:** REMINGTON ARMS COMPANY, INC. M887 SHOTGUN CAL:12 SN:AAE042417A, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033885:** HARRINGTON & RICHARDSON 1871 INC. PARDNER PUMP SHOTGUN CAL:12 SN:NZ873107, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033886:** MAVERICK ARMS (EAGLE PASS, TX) 88 SHOTGUN CAL:20 SN:MV0833528, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033887:** STOEGER ARMS P350 SHOTGUN CAL:12 SN:738692, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033888:** MAVERICK ARMS (EAGLE PASS, TX) 88 SHOTGUN CAL:20 SN:MV0615185, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033889:** DERYA VR80 SHOTGUN CAL:12 SN:R141740, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033890:** DERYA MERIVA SHOTGUN CAL:12 SN:R219344, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033891:** SILVER EAGLE TACTICAL SHOTGUN CAL:12 SN:39-H21PT-4482, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

## WESTERN DISTRICT OF KENTUCKY
**23-ATF-033892:** MOSSBERG MAVERICK 88 SHOTGUN CAL:12 SN:MV50062L, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033893:** GLOCK INC. 19 PISTOL CAL:9 SN:YGZ292, valued at $100.00, seized by the ATF on September 14, 2023 from David Smith in Greenville, KY for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

### WESTERN DISTRICT OF LOUISIANA

**23-ATF-023256:** 28 Rounds Unknown Ammunition CAL:762, valued at $2.80, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023261:** 500 Rounds Remington Ammunition CAL:22, valued at $50.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023263:** 56 Rounds Unknown Ammunition CAL:7, valued at $5.60, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023264:** 35 Rounds Remington Ammunition CAL:9, valued at $3.50, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023266:** 11 Rounds Unknown Ammunition CAL:9, valued at $1.10, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023267:** 50 Rounds CCI Ammunition CAL:17, valued at $5.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023269:** 28 Rounds Unknown Ammunition CAL:762, valued at $2.80, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023270:** 12 Rounds Remington Ammunition CAL:9, valued at $1.20, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023271:** 17 Rounds Remington Ammunition CAL:9, valued at $1.70, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023272:** 280 Rounds Remington Ammunition CAL:22, valued at $28.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023273:** 260 Rounds Remington Ammunition CAL:22, valued at $26.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023274:** 20 Rounds Remington Ammunition CAL:9, valued at $2.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023276:** 24 Rounds Remington Ammunition CAL:9, valued at $2.40, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023277:** 18 Rounds Remington Ammunition CAL:9, valued at $1.80, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023278:** 12 Rounds Remington Ammunition CAL:9, valued at $1.20, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023279:** 7 Rounds Remington Ammunition CAL:9, valued at $0.70, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023280:** 50 Rounds CCI Ammunition CAL:17, valued at $5.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023281:** 25 Rounds Unknown Ammunition CAL:762, valued at $2.50, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023282:** 16 Rounds Remington Ammunition CAL:9, valued at $1.60, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023283:** 240 Rounds Remington Ammunition CAL:22, valued at $24.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023284:** 50 Rounds CCI Ammunition CAL:17, valued at $5.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023285:** 28 Rounds Remington Ammunition CAL:9, valued at $2.80, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023286:** 28 Rounds Remington Ammunition CAL:9, valued at $2.80, seized by the ATF on May 25, 2023

**(Continued on next page)**

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

## WESTERN DISTRICT OF LOUISIANA
**23-ATF-023286 - (Continued from previous page)**
from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023287:** 28 Rounds Remington Ammunition CAL:9, valued at $2.80, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023288:** 31 Rounds Assorted Ammunition CAL:9, valued at $3.10, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023289:** 28 Rounds Remington Ammunition CAL:9, valued at $2.80, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023290:** 28 Rounds Remington Ammunition CAL:9, valued at $2.80, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023291:** 28 Rounds Unknown Ammunition CAL:762, valued at $2.80, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023293:** 28 Rounds Remington Ammunition CAL:9, valued at $2.80, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023294:** 12 Rounds Remington Ammunition CAL:9, valued at $1.20, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023295:** 8 Rounds Luger Ammunition CAL:9, valued at $0.80, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023296:** 28 Rounds Remington Ammunition CAL:9, valued at $2.80, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023297:** 40 Rounds Unknown Ammunition CAL:762, valued at $4.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023298:** 28 Rounds Remington Ammunition CAL:9, valued at $2.80, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023299:** 12 Rounds Luger Ammunition CAL:9, valued at $1.20, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023300:** 24 Rounds Federal Ammunition CAL:380, valued at $2.40, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023301:** 28 Rounds Remington Ammunition CAL:9, valued at $2.80, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023302:** 9 Rounds Luger Ammunition CAL:12, valued at $1.20, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023303:** 17 Rounds Unknown Ammunition CAL:9, valued at $1.70, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023304:** 220 Rounds Remington Ammunition CAL:22, valued at $22.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023306:** 60 Rounds Assorted Ammunition CAL:45, valued at $6.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023307:** 28 Rounds Remington Ammunition CAL:9, valued at $2.80, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023308:** 220 Rounds Remington Ammunition CAL:22, valued at $22.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023309:** 60 Rounds Assorted Ammunition CAL:45, valued at $6.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023310:** 20 Rounds Remington Ammunition CAL:9, valued at $2.00, seized by the ATF on May 25, 2023

**(Continued on next page)**
[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

## LAST DATE TO FILE:  12/08/2023

## WESTERN DISTRICT OF LOUISIANA

**23-ATF-023310 - (Continued from previous page)**
from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023311:** 260 Rounds Remington Ammunition CAL:22, valued at $26.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023312:** 35 Rounds Assorted Ammunition CAL:9, valued at $3.50, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023313:** 32 Rounds Winchester-Western Ammunition CAL:762, valued at $3.20, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023314:** 50 Rounds Assorted Ammunition CAL:45, valued at $5.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023315:** 22 Rounds Unknown Ammunition CAL:223, valued at $2.20, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023316:** 65 Rounds Winchester Ammunition CAL:270, valued at $6.50, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023317:** 220 Rounds Remington Ammunition CAL:22, valued at $22.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023318:** 65 Rounds Assorted Ammunition CAL:Unknown, valued at $6.50, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023319:** 260 Rounds Remington Ammunition CAL:22, valued at $26.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023320:** 5 Rounds Remington Ammunition CAL:12, valued at $0.50, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023321:** 35 Rounds Remington Ammunition CAL:9, valued at $3.50, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023322:** 65 Rounds Assorted Ammunition CAL:Unknown, valued at $6.50, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023323:** 11 Rounds Fiocchi Ammunition CAL:10, valued at $1.10, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023324:** 65 Rounds Unknown Ammunition CAL:223, valued at $6.50, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023325:** 50 Rounds Assorted Ammunition CAL:Unknown, valued at $5.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023326:** 12 Rounds Remington Ammunition CAL:9, valued at $1.20, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023327:** 7 Rounds Remington Ammunition CAL:9, valued at $0.70, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023328:** 5 Rounds Winchester Ammunition CAL:12, valued at $0.05, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023329:** 10 Rounds Remington Ammunition CAL:9, valued at $1.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023330:** 190 Rounds Assorted Ammunition CAL:Assorted, valued at $19.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023331:** 6 Rounds Remington Ammunition CAL:22, valued at $0.60, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023332:** 17 Rounds Winchester Ammunition CAL:12, valued at $1.70, seized by the ATF on May 25, 2023

**(Continued on next page)**

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

440

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

## LAST DATE TO FILE:  12/08/2023

## WESTERN DISTRICT OF LOUISIANA

**23-ATF-023332 - (Continued from previous page)**
from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023333:** 65 Rounds Remington Ammunition CAL:9, valued at $6.50, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023334:** 80 Rounds Arms Cor Ammunition CAL:22, valued at $8.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023335:** 100 Rounds Unknown Ammunition CAL:9, valued at $10.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023336:** 12 Rounds Remington Ammunition CAL:9, valued at $1.20, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023337:** 5 Rounds Winchester-Western Ammunition CAL:12, valued at $0.50, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023338:** 48 Rounds Federal Ammunition CAL:9, valued at $4.80, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023339:** 5 Rounds Winchester-Western Ammunition CAL:16, valued at $0.50, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023340:** 380 Rounds Unknown Ammunition CAL:22LR, valued at $38.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023341:** 100 Rounds Assorted Ammunition CAL:10, valued at $10.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023342:** 200 Rounds Unknown Ammunition CAL:22LR, valued at $20.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023343:** 60 Rounds Assorted Ammunition CAL:308, valued at $6.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023344:** 80 Rounds CCI Ammunition CAL:22, valued at $8.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023345:** 380 Rounds Unknown Ammunition CAL:22LR, valued at $38.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023346:** 100 Rounds Assorted Ammunition CAL:223, valued at $10.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023347:** 13 Rounds Unknown Ammunition CAL:30-30, valued at $1.30, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023348:** 44 Rounds Unknown Ammunition CAL:Multi, valued at $4.40, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023350:** 104 Rounds Assorted Ammunition CAL:223, valued at $10.40, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023351:** 280 Rounds Unknown Ammunition CAL:22, valued at $28.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023352:** 28 Rounds Assorted Ammunition CAL:223, valued at $2.80, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023353:** 38 Rounds Assorted Ammunition CAL:38, valued at $3.80, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023354:** 24 Rounds Assorted Ammunition CAL:223, valued at $2.40, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023355:** 10 Rounds Assorted Ammunition CAL:223, valued at $1.00, seized by the ATF on May 25, 2023

**(Continued on next page)**

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

## WESTERN DISTRICT OF LOUISIANA

**23-ATF-023355 - (Continued from previous page)**
from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023356:** 20 Rounds Winchester-Western Ammunition CAL:30-30, valued at $2.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023357:** 61 Rounds Assorted Ammunition CAL:45, valued at $6.10, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023358:** 35 Rounds Assorted Ammunition CAL:9, valued at $3.50, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023361:** TAURUS INTERNATIONAL G2s Pistol CAL:9 SN:TMW82177, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023363:** Rossi Unknown Shotgun CAL:20 SN:Unknown, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023366:** Walther P22 Pistol CAL:22 SN:WA289527, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023367:** Taurus G2c Pistol CAL:9 SN:TLT62223, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023369:** Taurus G2c Pistol CAL:9 SN:AEB080768, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023370:** Taurus G2C Pistol CAL:9 SN:TLY36899, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023371:** Ruger Lcp Max Pistol CAL:380 SN:381419896, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023372:** Walther CCP Pistol CAL:9 SN:WK014581, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023373:** Glock Gmbh 43x Pistol CAL:9 SN:BNTS280, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023374:** Taurus G2c Pistol CAL:9 SN:AEB080792, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023375:** Taurus G2c Pistol CAL:9 SN:ADJ719710, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023377:** CANIK55 TP-9 ELITE Pistol CAL:9 SN:20CB19272, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023378:** Taurus TH9C Pistol CAL:9 SN:TMR41634, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023379:** Taurus G2c Pistol CAL:9 SN:TMT22584, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023380:** Ruger LCP Pistol CAL:380 SN:371928268, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023382:** Taurus G2c Pistol CAL:9 SN:ADD172391, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023384:** Taurus G2c Pistol CAL:9 SN:Unknown, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023385:** BERETTA, PIETRO S.P.A 70s Pistol CAL:380 SN:A34748Y, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023386:** Taurus G2c Pistol CAL:9 SN:AEB090123, valued at $100.00, seized by the ATF on May 25, 2023

**(Continued on next page)**
[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

## WESTERN DISTRICT OF LOUISIANA

**23-ATF-023386 - (Continued from previous page)**
from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023388:** Smith & Wesson M&P 9 SHIELD Pistol CAL:9 SN:JCK2655, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023389:** Glock GMBH 17CGEN4 Pistol CAL:9 SN:YZB648, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023390:** PHOENIX ARMS CO. HP22A Pistol CAL:22 SN:4557595, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023391:** German Sports Guns Firefly Pistol CAL:22 SN:F457635, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023392:** SPRINGFIELD ARMORY,GENESEO,IL RO ELITE OPERATOR Pistol CAL:10 SN:NM597976, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023393:** Bersa Thunder 380 Pistol CAL:380 SN:939866, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023394:** Taurus G2c Pistol CAL:9 SN:AEB092331, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023395:** Canik55 TP-9SA Pistol CAL:9 SN:21AP22290, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023396:** Smith & Wesson SD9VE Pistol CAL:9 SN:FXV9627, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023397:** Smith & Wesson 22A-1 Pisto CAL:22 SN:UDR5735, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023399:** Canik55 TP9-SF Pistol CAL:9 SN:21AT34817, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023400:** ISRAEL WEAPON IND- IWI (ISRAEL MILITARY IND- IMI) JERICHO II Pistol CAL:9 SN:J1001883, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023403:** TISAS - TRABZON GUN INDUSTRY CORP. 1911A1 US ARMY Pistol CAL:9 SN:2062021K04863, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023404:** Ruger P85 MKII Pistol CAL:9 SN:302-77473, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023405:** Ruger EC9S Pistol CAL:9 SN:459-18924, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023406:** Taurus PT709 SLIM Pistol CAL:9 SN:TFS32454, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023407:** Springfield Armory GENESEO,IL, 1911A1 Pistol CAL:45 SN:WW13620, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023408:** Taurus G3c Pistol CAL:9 SN:ABG684946, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023412:** Glock Inc. 43 Pistol CAL:9 SN:AEXU147, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023413:** Taurus G2c Pistol CAL:9 SN:ACB528805, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

## WESTERN DISTRICT OF LOUISIANA

**23-ATF-023414:** Bryco Arms Jennings Nine Pistol CAL:9 SN:1372381, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023416:** Taurus G2c Pistol CAL:9 SN:ABK078319, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023417:** Taurus Th9 Pistol CAL:9 SN:TMA03278, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023418:** Beretta USA Corp U22 NEOS Pistol CAL:22 SN:R24236, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023419:** Taurus G2c Pistol CAL:9 SN:ADG450210, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023420:** Erma R522 Pistol CAL:22LR SN:J17367, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023422:** Taurus G3c Pistol CAL:9 SN:ACK388988, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023423:** Taurus PT911 Pistol CAL:9 SN:TRJ75982, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023424:** Taurus G2c Pistol CAL:9 SN:ADG443998, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023425:** Taurus G3 Pistol CAL:9 SN:ACC665102, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023426:** Taurus PT111 Millennium G2 Pistol CAL:9 SN:TKU74363, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023427:** Cobra ENT.,INC./KODIAK IND FS380 Pistol CAL:380 SN:FS088440, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023429:** Taurus International G3 Pistol CAL:9 SN:ABE540295, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023431:** TANFOGLIO, F.LLI, S.N.C, Titan II Pistol CAL:32 SN:C18034, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023432:** Taurus International G3c Pistol CAL:9 SN:1KA03489, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023433:** Beretta USA Corp 21A Pistol CAL:22LR SN:BCS15134U, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023434:** BERETTA, PIETRO S.P.A 92fs Pistol CAL:9 SN:A190393Z, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023435:** Ruger LCP Pistol CAL:380 SN:372008613, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023436:** FEG P9R Pistol CAL:9 SN:R71209, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023438:** Glock GMBH 43 Pistol CAL:9 SN:BEWM290, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023439:** Taurus G3c Pistol CAL:9 SN:ADL884770, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023440:** Sig-Sauer (Sig-Arms) P320 Pistol CAL:9 SN:58B129689, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023441:** Taurus G3c Pistol CAL:9 SN:ADE317312, valued at $100.00, seized by the ATF on May 25, 2023

**(Continued on next page)**
[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

## WESTERN DISTRICT OF LOUISIANA

**23-ATF-023441 - (Continued from previous page)**
from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023442:** FNH USA,LLC. FNS-9 Pistol CAL:9 SN:GKU0114487, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023443:** TAURUS INTERNATIONAL PT738 TCP Pistol CAL:380 SN:89277D, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023444:** Smith & Wesson M&P 9 Pistol CAL:9 SN:NJM2313, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023446:** Walther COLT RAIL GUN Pistol CAL:22 SN:WD046910, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023447:** Indian Arms Corp. 4 Pistol CAL:25 SN:110866, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023449:** CANIK55 TP-9 ELITE SC Pistol CAL:9 SN:22CB25648, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023450:** Beretta USA Corp U22 NEOS Pistol CAL:22 SN:P12075, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023451:** KELTEC, CNC INDUSTRIES, INC. P17 Pistol CAL:22 SN:GPY56, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023452:** Beretta PIETRO S.P.A  92S Pistol CAL:9 SN:U17087Z, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023453:** Taurus G3c Pistol CAL:9 SN:ACL573584, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023454:** Browning Arms Unknown Pistol CAL:22 SN:77279U7, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023455:** Smith & Wesson SD9VE Pistol CAL:9 SN:FZW7380, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023456:** Stoeger STR-9 Pistol CAL:9 SN:T6429-21U17249, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023458:** Taurus International Unknown Pistol CAL:Unknown SN:1PT485712, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023459:** Rock Island Armory 1911 Pistol CAL:45 SN:RIA2401523, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023460:** Smith & Wesson M&P 9 Pistol CAL:9 SN:HRH8967, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023461:** HERITAGE MFG. INC. Rough Rider Revolver CAL:22 SN:1BH224792, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023462:** Ruger 10/22 Rifle CAL:22 SN:0010-42099, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023463:** Savage 80 Rifle CAL:22 SN:465406, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023464:** Savage SPRINGFIELD 187S Rifle CAL:22 SN:B208760, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023465:** Savage SPRINGFIELD 187TS Rifle CAL:22 SN:Unknown, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023466:** REMINGTON ARMS COMPANY, INC. Speedmaster 552 Rifle CAL:22 SN:A1974015, valued at

**(Continued on next page)**

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

## LAST DATE TO FILE:  12/08/2023

## WESTERN DISTRICT OF LOUISIANA

**23-ATF-023466 - (Continued from previous page)**
$100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023468:** MARLIN FIREARMS CO. 60W Rifle CAL:22 SN:10452458, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023469:** Savage 64 Rifle CAL:22 SN:3733827, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023470:** MARLIN FIREARMS CO. 6079 Rifle CAL:22 SN:TK007668, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023471:** MARLIN FIREARMS CO. 60 Rifle CAL:22 SN:70207167, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023472:** Savage 87M Rifle CAL:22 SN:Unknown, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023473:** Mossberg Unknown Rifle CAL:30-06 SN:BA304379, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023474:** DPMS INC.(DEFENSE PROCUREMENT MFG. SERVICES) A15 Rifle CAL:556 SN:FFH149632, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023475:** Savage STEVENS 87A Rifle CAL:22 SN:Unknown, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023476:** REMINGTON ARMS COMPANY, INC. 552 Rifle CAL:22 SN:1635896, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023477:** Savage MARK II Rifle CAL:22 SN:0007290, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023478:** MARLIN FIREARMS CO. 60 Rifle CAL:22 SN:13328199, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023479:** REMINGTON ARMS COMPANY, INC. 552 Rifle CAL:22 SN:1469471, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023480:** MARLIN FIREARMS CO. 60 Rifle CAL:22 SN:MM08938L, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023481:** MARLIN FIREARMS CO. 60 Rifle CAL:22 SN:16329018, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023482:** Savage SPRINGFIELD 187J Rifle CAL:22 SN:Unknown, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023491:** NORTH AMERICAN ARMS Unknown Revolver CAL:UNKNOWN SN:L133452, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023492:** North American Arms Unknown Revolver CAL: Unknown SN:PT17611, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023493:** Winchester Wildcat Rifle CAL:22 SN:TF614-22M26084, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023494:** Mossberg Unknown Rifle CAL: Unknown SN:EDF127174, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023495:** Ruger 10/22 Rifle CAL:22 SN:23332482, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

## WESTERN DISTRICT OF LOUISIANA

**23-ATF-023496:** Ruger 10/22 Rifle CAL:22 SN:0006-32256, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023497:** Marlin Firearms Co. 60 Rifle CAL:22 SN:96450524, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023498:** CHINESE 56 Rifle CAL: 762 SN:24018159, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023499:** Remington Arms Company, Inc. 550 Rifle CAL:20 SN:Unknown, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023500:** Ruger 10/22 Rifle CAL:22 SN:120-82597, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023501:** Remington ARMS COMPANY, INC.,740 Rifle CAL:30-60 SN:225128, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023502:** IO Inc. (INTER ORDNANCE)Sporter Rifle CAL:762 SN:S013975, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023503:** Winchester  Wildcat 22 Rifle CAL:22 SN:TF614-22Y19311, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023504:** Marlin 60 Rifle CAL:22 SN:14389627, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023505:** Rossi RS22S Rifle CAL:22 SN:7CA181154N, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023506:** Izhmash (IMEZ) Saiga Rifle CAL:762 SN:1058920, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023507:** Century Arms International VSKA Rifle CAL:7.62X39 SN:SV7138419, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023508:** Winchester 190 Rifle CAL:22 SN:B1482230, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023509:** Ruger 10-22 Rifle CAL:22 SN:0023-13540, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023510:** Savage Unknown Rifle CAL:22 SN:E194116, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023511:** Remington Arms Company 597 Rifle CAL:22LR SN:B2753695, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023512:** Marlin Firearms Co. Unknown Rifle CAL: Unknown SN:69320742, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023513:** Savage 4C Rifle CAL:22 SN:unknown, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023514:** Remington Arms Company, Inc. Unknown Rifle CAL: Unknown SN:A7229274, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023515:** Winchester 190 Rifle CAL:22 SN:B1476294, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023516:** Winchester Wildcat 22 Rifle CAL:22 SN:TF614-22Y19310, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023517:** Winchester Wildcat 22 Rifle CAL:22 SN:TF614-22Y18866, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

### WESTERN DISTRICT OF LOUISIANA

**23-ATF-023518:** Savage Axis Rifle CAL:30-06 SN:15J201, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023519:** Ruger 10/22 Rifle CAL:22 SN:0023-13544, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023531:** Ruger 10/22 Rifle CAL:22 SN:234-17202, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023533:** MOSSBERG 50 Rifle CAL:22 SN:Unknown, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023534:** MARLIN FIREARMS CO. XT-22 Rifle CAL:22 SN:MM79153A, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023535:** MARLIN FIREARMS CO. 6079 Rifle CAL:22 SN:TK016664, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023536:** MARLIN FIREARMS CO. 336W Rifle CAL:30-30 SN:91044345, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023537:** Winchester 190 Rifle CAL:22 SN:B1473765, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023538:** Colt SPORTER TARGET Rifle CAL:223 SN:ST025086, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023539:** Mossberg 146BA Rifle CAL:22 SN:Unknown, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023540:** REMINGTON ARMS COMPANY, INC. 582 Rifle CAL:22 SN:Unknown, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023541:** ANDERSON MANUFACTURING AM-15 Rifle CAL:Multi SN:22042278, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023542:** REMINGTON ARMS COMPANY, INC. 550-1 Rifle CAL:22 SN:Unknown, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023544:** REMINGTON ARMS COMPANY, INC. 550 Rifle CAL:22 SN:Unknown, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023545:** MARLIN FIREARMS CO. 60SB Rifle CAL:22 SN:92424388, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023546:** Ruger 10/22 Rifle CAL:22 SN:0021-76224, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023548:** Ruger 10/22 Rifle CAL:22 SN:0022-02532, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023549:** Ruger 10/22 Rifle CAL:22 SN:0020-09953, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023551:** Ruger 10/22 Rifle CAL:22 SN:234-29193, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023552:** REMINGTON ARMS COMPANY, INC. 550-1 Rifle CAL:22 SN:Unknown, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023553:** Anderson Manufacturing AM-15 Rifle CAL:Multi SN:22009670, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023554:** Ruger 10/22 Rifle CAL:22 SN:0015-63312, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023555:** Smith & Wesson M&P 15 Rifle CAL:556 SN:TH03542, valued at $100.00, seized by the ATF on

**(Continued on next page)**

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

## WESTERN DISTRICT OF LOUISIANA

**23-ATF-023555 - (Continued from previous page)**
May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023556:** Ruger 10/22 Rifle CAL:22 SN:82009472, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023558:** Ruger 10/22 Rifle CAL:22 SN:0022-66024, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023559:** Remington Arms Company, Inc 550-1 Rifle CAL:22 SN:Unknown, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023560:** Ruger 10/22 Rifle CAL:22 SN:0003-72482, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023561:** I O Inc. (Inter Ordnance) Sporter Rifle CAL:762 SN:S038077, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023562:** Ruger 10/22 Rifle CAL:22 SN:0021-84533, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023563:** Marlin Firearms Co. 81 Rifle CAL:22 SN:Unknown, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023564:** Smith & Wesson Unknown Receiver/Frame CAL:Unknown SN:HCW6931, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023565:** Marlin Firearms Co. 99 Rifle CAL:22 SN:Unknown, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023566:** AERO PRECISION EPC-9 Receiver/Frame CAL:Multi SN:SF053109, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023568:** Remington Arms Company, Inc.  Unknown Rifle CAL:Unknown SN:252650, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023569:** DEL-TON INC. DTI-15 Receiver/Frame CAL:Unknown SN:DTIS113586, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023570:** Ruger 10/22 Rifle CAL:22 SN:0022-71437, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023572:** Marlin Firearms Co. 60 Rifle CAL:22 SN:13399899, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023573:** Savage Stevens 87A Rifle CAL:22 SN:Unknown, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023575:** TORUN ARMS (TORUN SILAH SAN LTD STI) Nomad Shotgun CAL:20 SN:20SB19004270, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023576:** Ruger 10/22 Rifle CAL:22 SN:235-81123, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023578:** Century Arms International RAS47 Rifle CAL:762 SN:RAS47005222, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023579:** Savage 94 Series P Shotgun CAL:20 SN:E255265, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023580:** Remington Arms Company, Inc. Unknown Rifle CAL:Unknown SN:247933, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section

**(Continued on next page)**
[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

## WESTERN DISTRICT OF LOUISIANA

**23-ATF-023580 - (Continued from previous page)**
924(d).
**23-ATF-023581:** HARRINGTON AND RICHARDSON TOPPER JR 490 Shotgun CAL:20 SN:Unknown, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023583:** Remington Arms Company, Inc. Unknown Rifle CAL:Unknown SN:1763346, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023584:** STOEGER ARMS 3000 Shotgun CAL:12 SN:1618673, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023586:** MAVERICK ARMS (EAGLE PASS, TX) 88 Shotgun CAL:12 SN:MV0632774, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023588:** Mossberg 500 Shotgun CAL:12 SN:U151827, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023591:** IZHEVSK MECHANICAL PLANT (IZHMEKH) SPR100 Shotgun CAL:20 SN:05083844R, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023592:** BERIKA ARMS (FEDARM TK) FRN Shotgun CAL:12 SN:B21PA0596, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023593:** Anderson Manufacturing AM-15 Rifle CAL:Multi SN:23005320, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023594:** KRAL AV SANAYI/REXIMEX RAPTOR Shotgun CAL:12 SN:KRA005784, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023595:** Anderson Manfacturing AM-15 Rifle CAL:Multi SN:22009669, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023596:** ARMELEGANT, LTD. SLB-X2 Shotgun CAL:12 SN:52-H21PT-012691, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023597:** Savage 320 Shotgun CAL:12 SN:201693T, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023598:** Anderson Manufacturing AM-15 Rifle CAL:Multi SN:23005327, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023599:** Mossberg 500E Shotgun CAL:410 SN:K776069, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023600:** Radical Firearms, LLC RF-15 Rifle CAL:Multi SN:2017461, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023601:** American Tactical Imports-ATI Omni Hybrid Rifl CAL:Multi SN:NS372685, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023602:** Savage 77F Shotgun CAL:Unknown SN:Unknown, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023603:** Remington Arms Company, Inc 870 Shotgun CAL:20 SN:AB849619U, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-023604:** WINCHESTER SUPER X MODEL 1 Shotgun CAL:12 SN:M18781, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

**WESTERN DISTRICT OF LOUISIANA**

**23-ATF-023607:** Mossberg 500A Shotgun CAL:12 SN:J926608, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023609:** Mossberg Maverick 88 Shotgun CAL:12 SN:MV40827P, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023610:** Savage 28 Shotgun CAL:12 SN:22959, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023612:** Winchester Unknown Shotgun CAL:Unknown SN:L1930841, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023613:** REMINGTON ARMS COMPANY, INC. 1100 Shotgun CAL:Unknown SN:N181849V, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023614:** Remington Arms Company, Inc Unknown Shotgun CAL:Unknown SN:1908422, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023617:** Winchester Ranger Shotgun CAL:12 SN:N1031089, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023618:** HATSAN ARMS CO.(SILAH MAKINA KALIP SAN. TIC. LTD.) Escort Shotgun CAL:12 SN:738848, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023619:** Winchester 1300 Shotgun CAL:12 SN:L3372356, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023621:** REMINGTON ARMS COMPANY, INC. 11-48 Shotgun CAL:Unknown SN:5160918, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023622:** Remington Arms Company, Inc. 1100 LT20 Shotgun CAL:20 SN:N737095K, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023623:** Mossberg 500C Shotgun CAL:20 SN:P285232, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023624:** Remington Arms Company, Inc. 1100 LT20 Shotgun CAL:20 SN:P206107K, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023625:** Mossberg 600CT Shotgun CAL:20 SN:H449353, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023626:** Winchester 1200 Shotgun CAL:12 SN:L1000464, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023627:** Mossberg Unknown Shotgun CAL:Unknown SN:K390649, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023629:** Savage Unknown Shotgun CAL:12 SN:214340B, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023630:** Savage Unknown Shotgun CAL:20 SN:Unknown, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-023631:** High Standard Flite King Delu Shotgun CAL:12 SN:Unknown, valued at $100.00, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-025630:** Mossberg 100 ATR Rifle CAL:270 SN:BA323797, valued at $100.00, seized by the ATF on May 25,

**(Continued on next page)**

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law. Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

## WESTERN DISTRICT OF LOUISIANA

**23-ATF-025630 - (Continued from previous page)**
2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-025631:** 5 Rounds Remington Ammunition CAL:22, valued at $0.50, seized by the ATF on May 25, 2023 from Luis GUZMAN in Haughton, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-025632:** 49 Rounds WINCHESTER-WESTERN Ammunition CAL:38, valued at $4.90, seized by the ATF on June 14, 2023 from Luis GUZMAN in Bossier City, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034010:** Taurus G3C Pistol CAL:9 SN:ACE924227, valued at $300.00, seized by the ATF on September 14, 2023 from Joseph MURRAY in Cottonport, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034012:** 16 Rounds Cci Ammunition CAL:9, valued at $1.60, seized by the ATF on September 14, 2023 from Joseph MURRAY in Cottonport, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034013:** 14 Rounds Ppu Ammunition CAL:223, valued at $1.40, seized by the ATF on September 14, 2023 from Joseph MURRAY in Cottonport, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034294:** Taurus International G2C Pistol CAL:9 SN:TLY11831, valued at $200.00, seized by the ATF on September 14, 2023 from Kelly Johnson in Lake Charles, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034387:** BARRETT FIREARMS MFG CO M107A1 Rifle CAL:50 BMG SN:AE009732, valued at $13,500.00, seized by the ATF on September 19, 2023 from Roberto CARBAJAL in Shreveport, LA for forfeiture pursuant to 18 U.S.C. Section 924(d).

## DISTRICT OF MASSACHUSETTS

**23-ATF-029226:** MOSSBERG 500 SHOTGUN CAL:12 SN:V1064622, valued at $450.00, seized by the ATF on July 19, 2023 from George LANDINGHAM in North Andover, MA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-029229:** SIG SAUER (SIG-ARMS) P365 PISTOL CAL:9 SN:66A763422, valued at $500.00, seized by the ATF on July 19, 2023 from George LANDINGHAM in North Andover, MA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-029230:** SIG SAUER (SIG-ARMS) P238 PISTOL CAL:380 SN:27B343648, valued at $280.00, seized by the ATF on July 19, 2023 from George LANDINGHAM in North Andover, MA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-029232:** RUGER SR40C PISTOL CAL:40 SN:345-22154, valued at $300.00, seized by the ATF on July 19, 2023 from George LANDINGHAM in North Andover, MA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034031:** STALLARD/MAVERICK JS9 PISTOL CAL:9 SN:OBLITERATED, valued at $20.00, seized by the ATF on September 14, 2023 from Gregory Coleman and Coleman Gun Room "The Powderhorn" in BRIDGEWATER, MA, MA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034034:** HIGH STANDARD DOUBLE NINE REVOLVER CAL:22 SN:OBLITERATED, valued at $20.00, seized by the ATF on September 14, 2023 from Gregory Coleman and Coleman Gun Room "The Powderhorn" in BRIDGEWATER, MA, MA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034035:** COLT TROOPER MKIII REVOLVER CAL:357 SN:OBLITERATED, valued at $20.00, seized by the ATF on September 14, 2023 from Gregory Coleman and Coleman Gun Room "The Powderhorn" in BRIDGEWATER, MA, MA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034036:** WEIHRAUCH, HERMANN ARMINIUS HW38 REVOLVER CAL:38 SN:OBLITERATED, valued at $20.00, seized by the ATF on September 14, 2023 from Gregory Coleman and Coleman Gun Room "The Powderhorn" in BRIDGEWATER, MA, MA for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

## EASTERN DISTRICT OF MICHIGAN

**23-ATF-034198:** 17 Rounds WINCHESTER-WESTERN Ammunition CAL:40, valued at $1.70, seized by the ATF on September 13, 2023 from Andres David in Lincoln Park, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034199:** 1 Rounds Assorted Ammunition CAL:223, valued at $0.10, seized by the ATF on September 13, 2023 from Andres David in Lincoln Park, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034243:** REMINGTON ARMS COMPANY, INC. RP9 Pistol CAL:9 SN:RP013252H, valued at $100.00, seized by the ATF on September 22, 2023 from David Pantoja-Palma in Detroit, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034245:** 15 Rounds Assorted Ammunition CAL:9, valued at $1.50, seized by the ATF on September 22, 2023 from David Pantoja-Palma in Detroit, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034246:** 40 Rounds Assorted Ammunition CAL:38, valued at $4.00, seized by the ATF on September 22, 2023 from David Pantoja-Palma in Detroit, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034247:** SMITH & WESSON 38 Revolver CAL:38 SN:434319, valued at $100.00, seized by the ATF on September 22, 2023 from David Pantoja-Palma in Detroit, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034248:** 5 Rounds Assorted Ammunition CAL:38, valued at $0.50, seized by the ATF on September 22, 2023 from David Pantoja-Palma in Detroit, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034249:** 14 Rounds Assorted Ammunition CAL:9, valued at $1.40, seized by the ATF on September 22, 2023 from David Pantoja-Palma in Detroit, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034250:** 52 Rounds Assorted Ammunition CAL:9, valued at $5.20, seized by the ATF on September 22, 2023 from David Pantoja-Palma in Detroit, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034334:** MOSSBERG 500 Shotgun CAL:12 SN:K041809, valued at $200.00, seized by the ATF on September 18, 2023 from Jonathan Urso in Westland, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034338:** 5 Rounds Winchester-Western Ammunition CAL:12, valued at $0.50, seized by the ATF on September 18, 2023 from Jonathan Urso in Westland, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034340:** GLOCK INC. 44 Pistol CAL:22 SN:AEET536, valued at $500.00, seized by the ATF on September 02, 2023 from Jaki Lewis in Flint, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034343:** 24 Rounds Unknown Ammunition CAL:22, valued at $2.40, seized by the ATF on September 02, 2023 from Jaki Lewis in Flint, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034528:** 11 Rounds Assorted Ammunition CAL:9, valued at $1.10, seized by the ATF on September 19, 2023 from Ronald Carter in Detroit, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034529:** 5 Rounds Assorted Ammunition CAL:Unknown, valued at $0.50, seized by the ATF on September 19, 2023 from Ronald Carter in Detroit, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034530:** 19 Rounds Unknown Ammunition CAL:556, valued at $1.90, seized by the ATF on September 19, 2023 from Ronald Carter in Detroit, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034531:** 1 Rounds AGUILA Ammunition CAL:45, valued at $0.10, seized by the ATF on September 19, 2023 from Ronald Carter in Detroit, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034532:** 1 Rounds WINCHESTER-WESTERN Ammunition CAL:40, valued at $0.10, seized by the ATF on September 19, 2023 from Ronald Carter in Detroit, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034533:** 3 Rounds Federal Ammunition CAL:40, valued at $0.30, seized by the ATF on September 19, 2023 from Ronald Carter in Detroit, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034534:** GLOCK INC. 21GEN4 Pistol CAL:45 SN:AGSF282, valued at $200.00, seized by the ATF on September 19, 2023 from Ronald Carter in Detroit, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034535:** 9 Rounds Assorted Ammunition CAL:45, valued at $0.90, seized by the ATF on September 19, 2023 from Ronald Carter in Detroit, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034537:** 1 Rounds Unknown Ammunition CAL:223, valued at $0.10, seized by the ATF on September 19, 2023 from Ronald Carter in Detroit, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

### EASTERN DISTRICT OF MICHIGAN

**23-ATF-034548:** GLOCK GMBH 19GEN5 Pistol CAL:9 SN:BZHE608, valued at $400.00, seized by the ATF on September 25, 2023 from Carlos Johnson in Detroit, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034549:** 30 Rounds Unknown Ammunition CAL:9, valued at $3.00, seized by the ATF on September 25, 2023 from Carlos Johnson in Detroit, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034550:** ARMSCOR OF THE PHILIPPINES (SQUIRES BINGHAM) 206 Revolver CAL:38 SN:AP1284102, valued at $200.00, seized by the ATF on September 19, 2023 from Joseph Duncil in Fraser, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034551:** 6 Rounds Assorted Ammunition CAL:38, valued at $0.60, seized by the ATF on September 19, 2023 from Joseph Duncil in Fraser, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

### WESTERN DISTRICT OF MICHIGAN

**22-ATF-010004:** MAVERICK ARMS (EAGLE PASS, TX) 88 Shotgun CAL:12 SN:MV35955R, valued at $100.00, seized by the ATF on January 14, 2022 from Maurice Carson in Kalamazoo, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).
**22-ATF-010007:** 3 Rounds Unknown Ammunition CAL:12, valued at $0.30, seized by the ATF on January 14, 2022 from Maurice Carson in Kalamazoo, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).
**22-ATF-010009:** KAHR ARMS - AUTO ORDNANCE PM40 Pistol CAL:40 SN:Unknown, valued at $200.00, seized by the ATF on January 14, 2022 from Maurice Carson in Kalamazoo, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).
**22-ATF-010011:** 6 Rounds Remington Ammunition CAL:40, valued at $0.60, seized by the ATF on January 14, 2022 from Maurice Carson in Kalamazoo, MI for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

**EASTERN DISTRICT OF MISSOURI**

**23-ATF-034446:** NORINCO (NORTH CHINA INDUSTRIES) NHM91 RIFLE CAL:762 SN:9206254, valued at $1,000.00, seized by the ATF on September 06, 2023 from Dennis Davis in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034452:** ANDERSON MANUFACTURING AM-15 PISTOL CAL:MULTI SN:18171455, valued at $500.00, seized by the ATF on September 06, 2023 from Dennis Davis in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034454:** ROMARM/CUGIR MICRO DRACO PISTOL CAL:762 SN:PMD-23496-20, valued at $1,000.00, seized by the ATF on September 06, 2023 from Dennis Davis in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034457:** ROMARM/CUGIR GP WASR 10/63 RIFLE CAL:762 SN:1971DH1873, valued at $800.00, seized by the ATF on September 06, 2023 from Dennis Davis in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034460:** DEL-TON INC. DT-15 PISTOL CAL:MULTI SN:DTI-S198242, valued at $400.00, seized by the ATF on September 06, 2023 from Dennis Davis in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034461:** RUGER SECURITY-9 PISTOL CAL:9 SN:383-39358, valued at $450.00, seized by the ATF on September 06, 2023 from Dennis Davis in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034469:** SMITH & WESSON SD9VE PISTOL CAL:9 SN:FWK9822, valued at $250.00, seized by the ATF on September 06, 2023 from Dennis Davis in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034472:** GLOCK GMBH 22 PISTOL CAL:40 SN:FAB367, valued at $350.00, seized by the ATF on September 06, 2023 from Dennis Davis in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034474:** TAURUS G2C PISTOL CAL:9 SN:ABJ913843, valued at $250.00, seized by the ATF on September 06, 2023 from Dennis Davis in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034578:** 5 Rounds Assorted Ammunition CAL:Multi, valued at $0.50, seized by the ATF on September 20, 2023 from Marlon Peal in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034579:** Glock GMBH 36 Pistol CAL:45 SN:TWF894, valued at $500.00, seized by the ATF on September 20, 2023 from Marlon Peal in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034580:** 8 Rounds Assorted Ammunition CAL:45, valued at $0.80, seized by the ATF on September 20, 2023 from Marlon Peal in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034581:** 10 Rounds Sellier & Bellot Ammunition CAL:9, valued at $1.00, seized by the ATF on September 20, 2023 from Marlon Peal in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034582:** 5 Rounds Tula Cartridge Works - Russia Ammunition CAL:223, valued at $0.50, seized by the ATF on September 20, 2023 from Marlon Peal in St. Louis, MO for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

**NORTHERN DISTRICT OF MISSISSIPPI**

**23-ATF-034553:** INTRATEC AB10 Pistol CAL:9 SN:A037616, valued at $250.00, seized by the ATF on September 26, 2023 from Yohannes GEBREZGHI in MYRTLE, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034555:** HS PRODUKT (IM METAL) XD45 Tactical Pistol CAL:45 SN:US593439, valued at $300.00, seized by the ATF on September 26, 2023 from Yohannes GEBREZGHI in MYRTLE, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034556:** 6 Rounds Assorted Ammunition CAL:45, valued at $0.60, seized by the ATF on September 26, 2023 from Yohannes GEBREZGHI in MYRTLE, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034557:** Smith & Wesson 642 AIRWEIGHT Revolver CAL:38 SN:CSP9889, valued at $300.00, seized by the ATF on September 26, 2023 from Yohannes GEBREZGHI in MYRTLE, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034558:** 5 Rounds Assorted Ammunition CAL:38, valued at $0.50, seized by the ATF on September 26, 2023 from Yohannes GEBREZGHI in MYRTLE, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034560:** Taurus PT1911 Pistol CAL:45 SN:ABB304416, valued at $300.00, seized by the ATF on September 26, 2023 from Yohannes GEBREZGHI in MYRTLE, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034561:** 7 Rounds Assorted Ammunition CAL:45, valued at $0.70, seized by the ATF on September 26, 2023 from Yohannes GEBREZGHI in MYRTLE, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034562:** Taurus International PT738 TCP Pistol CAL:380 SN:Unknown, valued at $200.00, seized by the ATF on September 26, 2023 from Yohannes GEBREZGHI in MYRTLE, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034563:** 6 Rounds Assorted Ammunition CAL:380, valued at $0.60, seized by the ATF on September 26, 2023 from Yohannes GEBREZGHI in MYRTLE, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034564:** NORTH AMERICAN ARMS Guardian Pistol CAL:380 SN:BE02404, valued at $150.00, seized by the ATF on September 26, 2023 from Yohannes GEBREZGHI in MYRTLE, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034565:** HASKELL (MFGR) Jhp Pistol CAL:45 SN:X4273964, valued at $200.00, seized by the ATF on September 26, 2023 from Yohannes GEBREZGHI in MYRTLE, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034566:** Ruger P95 Pistol CAL:9 SN:31704237, valued at $250.00, seized by the ATF on September 26, 2023 from Yohannes GEBREZGHI in MYRTLE, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034567:** Ruger P89 Pistol CAL:9 SN:31315711, valued at $200.00, seized by the ATF on September 26, 2023 from Yohannes GEBREZGHI in MYRTLE, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034568:** Ruger P89 Pistol CAL:9 SN:30510317, valued at $300.00, seized by the ATF on September 26, 2023 from Yohannes GEBREZGHI in MYRTLE, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034569:** ROMARM/CUGIR GP WASR 10/63 Rifle CAL:762 SN:1974FE1792, valued at $300.00, seized by the ATF on September 26, 2023 from Yohannes GEBREZGHI in MYRTLE, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034570:** HIPOINT (STRASSELL'S MACHINE INC.) 995 Rifle CAL:9 SN:F241317, valued at $300.00, seized by the ATF on September 26, 2023 from Yohannes GEBREZGHI in MYRTLE, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034571:** Smith & Wesson M&P 15-22P Pistol CAL:22 SN:WAS0642, valued at $300.00, seized by the ATF on September 26, 2023 from Yohannes GEBREZGHI in MYRTLE, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034572:** 8 Rounds Assorted Ammunition CAL:45, valued at $0.80, seized by the ATF on September 26, 2023 from Yohannes GEBREZGHI in MYRTLE, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

## NORTHERN DISTRICT OF MISSISSIPPI

**23-ATF-034573:** 48 Rounds Assorted Ammunition CAL:762, valued at $4.80, seized by the ATF on September 26, 2023 from Yohannes GEBREZGHI in MYRTLE, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034598:** HS PRODUKT (IM METAL) XDM Pistol CAL:40 SN:MG118302, valued at $480.00, seized by the ATF on August 31, 2023 from Bryant HESTER in Cleveland, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034599:** GLOCK GMBH 17 Pistol CAL:9 SN:BNMF446, valued at $350.00, seized by the ATF on August 31, 2023 from Bryant HESTER in Cleveland, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034600:** 7 Rounds Assorted Ammunition CAL:40, valued at $0.70, seized by the ATF on August 31, 2023 from Bryant HESTER in Cleveland, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034601:** 5 Rounds Assorted Ammunition CAL:40, valued at $0.50, seized by the ATF on August 31, 2023 from Bryant HESTER in Cleveland, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034743:** BULK CURRENCY RECOVERED FROM UNDER CENTER CONSOLE CONCEALED INSIDE BLACK SOCKS CONVERTED TO CASHIERS CHECK FOR TOTAL OF $16620.00, seized by the ATF on September 26, 2023 from Yohannes GEBREZGHI in MYRTLE, MS for forfeiture pursuant to 21 U.S.C. Section 881.

## SOUTHERN DISTRICT OF MISSISSIPPI

**23-ATF-033924:** ANDERSON MANUFACTURING AM-15 Rifle CAL:223 SN:21252780,, valued at $500.00, seized by the ATF on September 10, 2023 from Joel Staeger in Biloxi, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033929:** 29 Rounds Unknown Ammunition CAL:223, valued at $2.90, seized by the ATF on September 10, 2023 from Joel Staeger in Biloxi, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034293:** 30 Rounds Assorted Ammunition CAL:40, valued at $3.00, seized by the ATF on September 19, 2023 from Octavius TERRELL in Madison, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034401:** JIMENEZ ARMS J.A. NINE Pistol CAL:9 SN:Unknown, valued at $199.00, seized by the ATF on September 19, 2023 from Joel OLVERA in Richland, MS for forfeiture pursuant to 18 U.S.C. Section 924(d).

## DISTRICT OF MONTANA

**23-ATF-034397:** ROSSI TRIFECTA SHOTGUN CAL:20 SN:SP919241, valued at $400.00, seized by the ATF on August 22, 2023 from Gabriel Metcalf in Billings, MT for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034400:** 6 Rounds WINCHESTER-WESTERN Ammunition CAL:20, Serial No. Unknown, valued at $0.60, seized by the ATF on August 22, 2023 from Gabriel Metcalf in Billings, MT for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

## MIDDLE DISTRICT OF NORTH CAROLINA

**23-ATF-031172:** 2 Rounds Assorted Ammunition CAL:380, valued at $0.20, seized by the ATF on July 10, 2023 from John Smith McCombs in Salibury, NC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-031981:** Smith & Wesson M&P 380 Shield EZ  Pistol CAL:380 SN:NKR8877, valued at $300.00, seized by the ATF on August 03, 2023 from Kapetra Monique SIMPSON in Statesville, NC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-031990:** 1 Rounds SELLIER & BELLOT Ammunition CAL:40, valued at $0.10, seized by the ATF on August 03, 2023 from Kapetra Monique SIMPSON in Statesville, NC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-031997:** 5 Rounds Assorted Ammunition CAL:380, valued at $0.50, seized by the ATF on August 03, 2023 from Kapetra Monique SIMPSON in Statesville, NC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-031998:** 39 Rounds PMC Ammunition CAL:380, valued at $3.90, seized by the ATF on August 03, 2023 from Kapetra Monique SIMPSON in Statesville, NC for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034847:** Hipoint CF380 Pistol CAL:380 SN:P763394, valued at $300.00, seized by the ATF on August 04, 2023 from Antione Dwight Powers in High Point, NC for forfeiture pursuant to 18 U.S.C. Section 924(d).

## DISTRICT OF NEW HAMPSHIRE

**23-ATF-030260:** 2011 International 4300 Regular Cab Box Truck, VIN: 1HTMMAAL2BH316849, valued at $22,492.00, seized by the ATF on August 18, 2023 from WEI WANG in Nashua, NH for forfeiture pursuant to 49 U.S.C. Section 80303.

## DISTRICT OF NEVADA

**23-ATF-034809:** REMINGTON ARMS COMPANY, INC 870 EXPRESS MAGNUM shotgun CAL:12 SN:D916269M, valued at $300.00, seized by the ATF on August 18, 2023 from Richard SANCHEZ in Las Vegas, NV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034817:** Ruger RUGER-57 pistol CAL:57 SN:none, obliterated, valued at $600.00, seized by the ATF on August 18, 2023 from Richard SANCHEZ in Las Vegas, NV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034821:** ARMSCOR OF THE PHILIPPINES (SQUIRES BINGHAM) M1911-A1 FS pistol CAL:45 SN:CIT047764, valued at $300.00, seized by the ATF on August 18, 2023 from Richard SANCHEZ in Las Vegas, NV for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034824:** FNH USA, LLC FNS-9 pistol CAL:9 SN:none, obliterated, valued at $450.00, seized by the ATF on August 18, 2023 from Richard SANCHEZ in Las Vegas, NV for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

Page 154 of 167

458

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

## NORTHERN DISTRICT OF OHIO

**23-ATF-034402:** Taurus International 856 Revolver CAL:38 SN:LR83919, valued at $300.00, seized by the ATF on September 20, 2023 from Bo Hostettler in Canton, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034406:** 5 Rounds Assorted Ammunition CAL:38, valued at $0.50, seized by the ATF on September 20, 2023 from Bo Hostettler in Canton, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034441:** Glock GMBH 19GEN5 Pistol CAL:9 SN:BTCT232, valued at $300.00, seized by the ATF on September 19, 2023 from Ameer Hikmat in Barberton, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034442:** 15 Rounds Ammo Inc. Ammunition CAL:9, valued at $1.50, seized by the ATF on September 19, 2023 from Ameer Hikmat in Barberton, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034443:** Glock GMBH 26GEN4 Pistol CAL:9 SN:BBTT640, valued at $300.00, seized by the ATF on September 19, 2023 from Ameer Hikmat in Barberton, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034444:** Ruger LCP Pistol CAL:380 SN:372505055, valued at $200.00, seized by the ATF on September 19, 2023 from Ameer Hikmat in Barberton, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034445:** 5 Rounds CCI Ammunition CAL:380, valued at $0.50, seized by the ATF on September 19, 2023 from Ameer Hikmat in Barberton, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034447:** 6 Rounds Assorted Ammunition CAL:9, valued at $0.60, seized by the ATF on September 19, 2023 from Ameer Hikmat in Barberton, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034449:** Glock GMBH 22GEN3 Pistol CAL:40 SN:BUWF991, valued at $300.00, seized by the ATF on September 19, 2023 from Ameer Hikmat in Barberton, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034450:** 19 Rounds Assorted Ammunition CAL:40, valued at $1.90, seized by the ATF on September 19, 2023 from Ameer Hikmat in Barberton, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034451:** Century Arms International AK Pistol Pistol CAL:762 SN:22PMD-34674, valued at $500.00, seized by the ATF on September 19, 2023 from Ameer Hikmat in Barberton, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034453:** 24 Rounds Tula Cartridge Works - Russia Ammunition CAL:762, valued at $2.40, seized by the ATF on September 19, 2023 from Ameer Hikmat in Barberton, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034455:** 14 Rounds Assorted Ammunition CAL:9, valued at $1.40, seized by the ATF on September 19, 2023 from Ameer Hikmat in Barberton, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034456:** 14 Rounds Assorted Ammunition CAL:40, valued at $1.40, seized by the ATF on September 19, 2023 from Ameer Hikmat in Barberton, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034458:** 7 Rounds Assorted Ammunition CAL:9, valued at $0.70, seized by the ATF on September 19, 2023 from Ameer Hikmat in Barberton, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034459:** Unknown Manufacturer Unknown Type Machine Gun Conversion Kit CAL:Unknown SN:None, valued at $1.00, seized by the ATF on September 19, 2023 from Ameer Hikmat in Barberton, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034462:** Unknown Manufacturer Unknown Type Machine Gun Conversion Kit CAL:Unknown SN:None, valued at $1.00, seized by the ATF on September 19, 2023 from Ameer Hikmat in Barberton, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034463:** Unknown Manufacturer Unknown Type Machine Gun Conversion Kit CAL:Unknown SN:None, valued at $1.00, seized by the ATF on September 19, 2023 from Ameer Hikmat in Barberton, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034464:** Unknown Manufacturer Unknown Type Machine Gun Conversion Kit CAL:Unknown SN:None, valued at $1.00, seized by the ATF on September 19, 2023 from Ameer Hikmat in Barberton, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034466:** Unknown Manufacturer Unknown Type Machine Gun Conversion Kit CAL:Unknown SN:None,

**(Continued on next page)**

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

459

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

## LAST DATE TO FILE:  12/08/2023

### NORTHERN DISTRICT OF OHIO
**23-ATF-034466 - (Continued from previous page)**
valued at $1.00, seized by the ATF on September 19, 2023 from Ameer Hikmat in Barberton, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034467:** Unknown Manufacturer Unknown Type Machine Gun Conversion Kit CAL:Unknown SN:None, valued at $1.00, seized by the ATF on September 19, 2023 from Ameer Hikmat in Barberton, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034468:** Unknown Manufacturer Unknown Type Machine Gun Conversion Kit CAL:Unknown SN:None, valued at $1.00, seized by the ATF on September 19, 2023 from Ameer Hikmat in Barberton, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034470:** Unknown Manufacturer Unknown Type Machine Gun Conversion Kit CAL:Unknown SN:None, valued at $1.00, seized by the ATF on September 19, 2023 from Ameer Hikmat in Barberton, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034471:** Unknown Manufacturer Unknown Type Machine Gun Conversion Kit CAL:Unknown SN:None, valued at $1.00, seized by the ATF on September 19, 2023 from Ameer Hikmat in Barberton, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034473:** Unknown Manufacturer Unknown Type Machine Gun Conversion Kit CAL:Unknown SN:None, valued at $1.00, seized by the ATF on September 19, 2023 from Ameer Hikmat in Barberton, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034475:** Unknown Manufacturer Unknown Type Machine Gun Conversion Kit CAL:Unknown SN:None, valued at $1.00, seized by the ATF on September 19, 2023 from Ameer Hikmat in Barberton, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034476:** Unknown Manufacturer Unknown Type Machine Gun Conversion Kit CAL:Unknown SN:None, valued at $1.00, seized by the ATF on September 21, 2023 from Ameer Hikmat in Barberton, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034477:** Unknown Manufacturer Unknown Type Machine Gun Conversion Kit CAL:Unknown SN:None, valued at $1.00, seized by the ATF on September 21, 2023 from Ameer Hikmat in Barberton, OH for forfeiture pursuant to 18 U.S.C. Section 924(d).

### WESTERN DISTRICT OF PENNSYLVANIA
**23-ATF-034107:** GLOCK INC. 19 Pistol CAL:9 SN:ACMT661, valued at $500.00, seized by the ATF on August 28, 2023 from Edward Mitchell in McKeesport, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034114:** 207 Rounds Other Ammunition CAL:UNKNOWN, valued at $20.70, seized by the ATF on August 28, 2023 from Edward Mitchell in McKeesport, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034117:** 20 Rounds Other Ammunition CAL:223, valued at $2.00, seized by the ATF on August 28, 2023 from Edward Mitchell in McKeesport, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034122:** 15 Rounds PPU Ammunition CAL:9, valued at $1.50, seized by the ATF on August 28, 2023 from Edward Mitchell in McKeesport, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034129:** 1 Magazines Glock INC. Ammunition CAL:9, valued at $20.00, seized by the ATF on August 28, 2023 from Edward Mitchell in McKeesport, PA for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

### DISTRICT OF PUERTO RICO

**23-ATF-034140:** GLOCK INC  26GEN5 PISTOL CAL:9 SN:AGBP892, valued at $300.00, seized by the ATF on August 12, 2023 from EDGAR J. ROJAS-GONZALEZ in SALINAS, PR for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034144:** GLOCK INC 22 PISTOL CAL:40 SN:CNY678US, valued at $300.00, seized by the ATF on August 12, 2023 from EDGAR J. ROJAS-GONZALEZ in SALINAS, PR for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034145:** 87 Rounds ASSORTED Ammunition CAL:ASSORTED, valued at $8.70, seized by the ATF on August 12, 2023 from EDGAR J. ROJAS-GONZALEZ in SALINAS, PR for forfeiture pursuant to 18 U.S.C. Section 924(d).  Items described as:  12 12 Rounds FEDERAL Ammunition CAL:40, valued at $1.20; 75 75 Rounds ASSORTED Ammunition CAL:9, valued at $7.50.

**23-ATF-034967:** $3,000.00 U.S. Currency, seized by the ATF on August 16, 2023 from FEDWIN LUIS MORALES PEREZ in JUANA DIAZ, PR for forfeiture pursuant to 21 U.S.C. Section 881.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

### MIDDLE DISTRICT OF TENNESSEE

**23-ATF-034046:** Polymer80, Inc. (P80 Tactical P80) PF940V2 Receiver/Frame CAL:Unknown SN:None, valued at $75.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034047:** Polymer80, Inc. (P80 Tactical P80) Unknown Receiver/Frame CAL:Unknown SN:None, valued at $50.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034048:** Polymer80, Inc. (P80 Tactical P80) Unknown Receiver/Frame CAL:Unknown SN:None, valued at $50.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034049:** Polymer80, Inc. (P80 Tactical P80) Unknown Receiver/Frame CAL:Unknown SN:None, valued at $50.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034050:** Polymer80, Inc. (P80 Tactical P80) Unknown Receiver/Frame CAL:Unknown SN:None, valued at $50.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034051:** Polymer80, Inc. (P80 Tactical P80) Unknown Receiver/Frame CAL:Unknown SN:None, valued at $50.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034052:** Polymer80, Inc. (P80 Tactical P80) Unknown Receiver/Frame CAL:Unknown SN:None, valued at $50.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034053:** Polymer80, Inc. (P80 Tactical P80) Unknown Receiver/ Frame CAL:Unknown SN:None, valued at $50.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034056:** Privately Made Firearm (PMF) Unknown Receiver/Frame CAL:Unknown SN:None, valued at $100.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034059:** Privately Made Firearm (PMF) Unknown Receiver/Frame CAL:Unknown SN:None, valued at $100.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034062:** Privately Made Firearm (PMF) Unknown Receiver/Frame CAL:Unknown SN:None, valued at $100.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034064:** Privately Made Firearm (PMF) Unknown Receiver/Frame CAL:Unknown SN:None, valued at $100.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034065:** Privately Made Firearm (PMF) Unknown Receiver/Frame CAL:Unknown SN:None, valued at $100.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034066:** Privately Made Firearm (PMF) Unknown Receiver/Frame CAL:Unknown SN:None, valued at $100.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034067:** Privately Made Firearm (PMF) Unknown Receiver/Frame CAL:Unknown SN:None, valued at $100.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

## MIDDLE DISTRICT OF TENNESSEE

**23-ATF-034068:** Privately Made Firearm (PMF) Unknown Receiver/Frame CAL:Unknown SN:None, valued at $100.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034069:** Privately Made Firearm (PMF) Unknown Receiver/ Frame CAL:Unknown SN:None, valued at $100.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034070:** Privately Made Firearm (PMF) Unknown Receiver/Frame CAL:Unknown SN:None, valued at $100.00, seized by the ATF on August 17, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034074:** Armalite AR10 Receiver/Frame CAL:Unknown SN:US324558, valued at $500.00, seized by the ATF on August 24, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034075:** Anderson Manufacturing AM-15 Receiver/Frame CAL:Multi SN:21132984, valued at $50.00, seized by the ATF on August 24, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034076:** Anderson Manufacturing AM-15 Receiver/Frame CAL:Multi SN:21132990, valued at $50.00, seized by the ATF on August 24, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034077:** Daniel Defense Inc. DDM4 Rifle CAL:556 SN:DDM4382987, valued at $1,500.00, seized by the ATF on August 24, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034078:** DPMS Inc. (Defense Procurement MFG. Services) A15 Rifle CAL:556 SN:FH75045, valued at $400.00, seized by the ATF on August 24, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034079:** Riley Defense, Inc. RAK 47 Rifle CAL:762 SN:B14072, valued at $500.00, seized by the ATF on August 24, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034082:** 33 Rounds LC (Lake City) Ammunition CAL:556, valued at $3.30, seized by the ATF on August 24, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034088:** Privately Made Firearm (PMF) Unknown Pistol CAL:Unknown SN:None, valued at $100.00, seized by the ATF on August 24, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034090:** Privately Made Firearm (PMF) Unknown Pistol CAL:Unknown SN:None, valued at $100.00, seized by the ATF on August 24, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034093:** Privately Made Firearm (PMF) Unknown Pistol CAL:Unknown SN:None, valued at $100.00, seized by the ATF on August 24, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034094:** Privately Made Firearm (PMF) Unknown Pistol CAL:Unknown SN:None, valued at $100.00, seized by the ATF on August 24, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034095:** Mossberg 500 Receiver/Frame CAL:Unknown SN:H984223, valued at $25.00, seized by the ATF on August 24, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-034096:** Privately Made Firearm (PMF) Unknown Pistol CAL:Unknown SN:None, valued at $100.00, seized by the ATF on August 24, 2023 from Gage Weinrich in Clarksville, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

## WESTERN DISTRICT OF TENNESSEE
**23-ATF-028266:** 9 Rounds Hornady Ammunition CAL:9, valued at $0.90, seized by the ATF on July 27, 2023 from Justin Bankhead in Memphis, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034690:** Taurus International PT24/7 Pro C DS Pistol CAL:45 SN:NCT21520, valued at $300.00, seized by the ATF on September 21, 2023 from Leedell Otis in Memphis, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034692:** 11 Rounds Assorted Ammunition CAL:45, valued at $1.10, seized by the ATF on September 21, 2023 from Leedell Otis in Memphis, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034694:** 15 Rounds Assorted Ammunition CAL:45, valued at $1.50, seized by the ATF on September 21, 2023 from Leedell Otis in Memphis, TN for forfeiture pursuant to 18 U.S.C. Section 924(d).

## EASTERN DISTRICT OF TEXAS
**23-ATF-034589:** MAVERICK ARMS (EAGLE PASS, TX) 88 SHOTGUN CAL:12 SN:MV0441002, valued at $600.00, seized by the ATF on August 16, 2023 from Drew CLARK in Jacksonville, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034592:** 2 Rounds WINCHESTER-WESTERN Ammunition CAL:12, Serial No. NULL, valued at $0.20, seized by the ATF on August 16, 2023 from Drew CLARK in Jacksonville, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034594:** 10 Rounds WINCHESTER-WESTERN Ammunition CAL:12, Serial No. NULL, valued at $1.00, seized by the ATF on August 16, 2023 from Drew CLARK in Jacksonville, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034595:** 1 Rounds WINCHESTER-WESTERN Ammunition CAL:243, Serial No. NULL, valued at $0.10, seized by the ATF on August 16, 2023 from Drew CLARK in Jacksonville, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

## NORTHERN DISTRICT OF TEXAS
**23-ATF-031457:** ISRAEL WEAPON IND- IWI (ISRAEL MILITARY IND- IMI) UZI PRO PISTOL CAL:9, FIN: BLACK, SN:U2002322, valued at $600.00, seized by the ATF on July 22, 2023 from EDGAR MOYA in CARROLLTON, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-031461:** BERETTA USA CORP 3032 TOMCAT PISTOL CAL:32, NICKEL, SN:DAA577205, valued at $200.00, seized by the ATF on July 22, 2023 from EDGAR MOYA in CARROLLTON, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

## SOUTHERN DISTRICT OF TEXAS
**23-ATF-034257:** STOEGER STR-9 Pistol CAL:9 SN:T6429-22U10718, valued at $200.00, seized by the ATF on August 18, 2023 from Cristal Barboza-Hernandez in Brownsville, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034260:** 14 Rounds WINCHESTER-WESTERN Ammunition CAL:9, Serial No. Unknown, valued at $1.40, seized by the ATF on August 18, 2023 from Cristal Barboza-Hernandez in Brownsville, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034481:** RILEY DEFENSE, INC. RAK 47 RIFLE CAL:762 SN:B49869, valued at $700.00, seized by the ATF on September 05, 2023 from Cristobal Ayala in Brownsville, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034506:** RILEY DEFENSE, INC. RAK 47 RIFLE CAL:762 SN:B49854, valued at $700.00, seized by the ATF on September 05, 2023 from Cristobal Ayala in Brownsville, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

**WESTERN DISTRICT OF TEXAS**
**23-ATF-034272:** TAURUS PT111G2A (G2C) Pistol CAL:9 SN:TLP30841, valued at $75.00, seized by the ATF on September 14, 2023 from William Best in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034273:** 10 Rounds Unknown Manufacturer  Ammunition CAL:9, Serial No. Unknown, valued at $1.00, seized by the ATF on September 14, 2023 from William Best in San Antonio, TX for forfeiture pursuant to 18 U.S.C. Section 924(d).

**DISTRICT OF UTAH**
**23-ATF-034776:** BARRETT FIREARMS MFG CO. 82A1 RIFLE CAL:50 BMG SN:AA016447, valued at $8,000.00, seized by the ATF on September 21, 2023 from Dorian Martinez in Salt Lake City, UT for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

**EASTERN DISTRICT OF VIRGINIA**

**23-ATF-033570:** 1 Rounds WINCHESTER-WESTERN Ammunition CAL:12, valued at $0.10, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033571:** 2 Rounds WINCHESTER-WESTERN Ammunition CAL:12, valued at $0.20, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033572:** MARLIN FIREARMS CO. 336RC Rifle CAL:35 SN:AD28815, valued at $600.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033573:** 689 Rounds Assorted Ammunition CAL:MULTI, valued at $68.90, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033574:** DIAMONDBACK ARMS INC. DB-15 Rifle CAL:556 SN:DB2152737, valued at $400.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033575:** 15 Rounds WINCHESTER-WESTERN Ammunition CAL:12, valued at $1.50, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033576:** 110 Rounds REMINGTON Ammunition CAL:22, valued at $11.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033577:** 2 Rounds LC (LAKE CITY) Ammunition CAL:556, valued at $0.20, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033578:** 39 Rounds WINCHESTER-WESTERN Ammunition CAL:Unknown, valued at $3.90, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033579:** 5 Rounds REMINGTON Ammunition CAL:12, valued at $0.50, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033580:** 30 Rounds Other Ammunition CAL:556, valued at $3.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033581:** 1597 Rounds Assorted Ammunition CAL:MULTI, valued at $159.70, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033582:** SAVAGE 77F Shotgun CAL:12 SN:None, valued at $20.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033583:** 5 Rounds WINCHESTER-WESTERN Ammunition CAL:12, valued at $0.50, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033584:** SAVAGE 311C Shotgun CAL:410 SN:A230258, valued at $100.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033585:** 2 Rounds WINCHESTER-WESTERN Ammunition CAL:410, valued at $0.20, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033586:** MARLIN FIREARMS CO. 70P Rifle CAL:22 SN:10295397, valued at $100.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033587:** 8 Rounds Assorted Ammunition CAL:22, valued at $0.80, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033588:** SAVAGE 110 Rifle CAL:7 SN:F630577, valued at $600.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033589:** 110 Rounds LC (LAKE CITY) Ammunition CAL:556, valued at $11.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033590:** 116 Rounds LC (LAKE CITY) Ammunition CAL:556, valued at $11.60, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033591:** 54 Rounds SPEER Ammunition CAL:9, valued at $5.40, seized by the ATF on September 01, 2023

**(Continued on next page)**

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

## EASTERN DISTRICT OF VIRGINIA
**23-ATF-033591 - (Continued from previous page)**
from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033592:** 89 Rounds Assorted Ammunition CAL:556, valued at $8.90, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033593:** 30 Rounds Other Ammunition CAL:556, valued at $3.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033594:** 1 Rounds WESTERN CARTRIDGE CO Ammunition CAL:12, valued at $0.10, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033595:** 1 Rounds WINCHESTER-WESTERN Ammunition CAL:410, valued at $0.10, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033596:** 82 Rounds Assorted Ammunition CAL:9, valued at $8.20, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033597:** 20 Rounds Unknown Ammunition CAL:556, valued at $2.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033598:** 10 Rounds WINCHESTER-WESTERN Ammunition CAL:410, valued at $1.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033599:** 5 Rounds WINCHESTER-WESTERN Ammunition CAL:12, valued at $0.50, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033601:** 15 Rounds WINCHESTER-WESTERN Ammunition CAL:12, valued at $1.50, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033602:** 5 Rounds FEDERAL Ammunition CAL:16, valued at $0.50, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033603:** NEW ENGLAND FIREARMS PARDNER Shotgun CAL:410 SN:NG290330, valued at $300.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033604:** ITHACA GUN CO. 37 Shotgun CAL:16 SN:9789, valued at $300.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033606:** 1 Rounds WINCHESTER-WESTERN Ammunition CAL:410, valued at $0.10, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033607:** 1 Rounds FEDERAL Ammunition CAL:16, valued at $0.10, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033608:** GLOCK INC. 48 Pistol CAL:9 SN:AEAA381, valued at $600.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033609:** 1 Rounds WINCHESTER-WESTERN Ammunition CAL:30-06, valued at $0.10, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033610:** 1 Rounds Component WINCHESTER-WESTERN Ammunition CAL:7, valued at $0.02, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033612:** 11 Rounds Assorted Ammunition CAL:9, valued at $1.10, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033613:** TAURUS G2C Pistol CAL:9 SN:ACG033744, valued at $300.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033614:** GLOCK GMBH 19 Pistol CAL:9 SN:VEY646, valued at $600.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033615:** 7 Rounds FEDERAL Ammunition CAL:9, valued at $0.70, seized by the ATF on September 01,

**(Continued on next page)**

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

## EASTERN DISTRICT OF VIRGINIA

**23-ATF-033615 - (Continued from previous page)**
2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033616:** MARLIN FIREARMS CO. 55 Shotgun CAL:20 SN:None, valued at $200.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033617:** ARMSCOR OF THE PHILIPPINES (SQUIRES BINGHAM) M14 Rifle CAL:22 SN:A808049, valued at $200.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033618:** SAVAGE 93R17 Rifle CAL:17 SN:3112473, valued at $500.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033620:** NEW ENGLAND FIREARMS PARDNER Shotgun CAL:410 SN:246982, valued at $300.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033621:** SAVAGE 11 Rifle CAL:243 SN:G284738, valued at $200.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033622:** THOMPSON/CENTER ARMS CO. CONTENDER Rifle CAL:7 SN:S137902, valued at $700.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033623:** 5 Rounds REMINGTON Ammunition CAL:22, valued at $0.50, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033624:** DIAMONDBACK ARMS INC. DB-15 Rifle CAL:556 SN:DB2001683, valued at $1,000.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033625:** WINCHESTER Unknown Shotgun CAL:Unknown SN:L2985246, valued at $500.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033626:** 4 Rounds WINCHESTER-WESTERN Ammunition CAL:12, valued at $0.40, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033627:** 1 Rounds Component LC (LAKE CITY) Ammunition CAL:223, valued at $0.02, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033628:** 1 Rounds WINCHESTER-WESTERN Ammunition CAL:20, valued at $0.10, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033629:** 4 Rounds WINCHESTER-WESTERN Ammunition CAL:243, valued at $0.40, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033630:** 1 Rounds Component WINCHESTER-WESTERN Ammunition CAL:7, valued at $0.02, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033631:** 1 Rounds HORNADY Ammunition CAL:17, valued at $0.10, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033632:** 7 Rounds WINCHESTER-WESTERN Ammunition CAL:12, valued at $0.70, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033633:** 1 Rounds Component CCI Ammunition CAL:22, valued at $0.02, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033634:** 1 Rounds WINCHESTER-WESTERN Ammunition CAL:25-06, valued at $0.10, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033635:** 4 Rounds Component LC (LAKE CITY) Ammunition CAL:556, valued at $0.08, seized by the ATF

**(Continued on next page)**

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

468

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

## LEGAL NOTICE
## ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

**LAST DATE TO FILE:  12/08/2023**

**EASTERN DISTRICT OF VIRGINIA**

**23-ATF-033635 - (Continued from previous page)**
on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033636:** 1 Rounds Component WINCHESTER-WESTERN Ammunition CAL:30-30, valued at $0.02, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033637:** 5 Rounds Assorted Ammunition CAL:Unknown, valued at $0.50, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033638:** 3 Rounds Component LC (LAKE CITY) Ammunition CAL:556, valued at $0.06, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033639:** 11 Rounds Component REMINGTON Ammunition CAL:7, valued at $0.22, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033640:** 7 Rounds Other Ammunition CAL:9, valued at $0.70, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033641:** 5 Rounds WINCHESTER-WESTERN Ammunition CAL:12, valued at $0.50, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033642:** 8 Rounds Component REMINGTON Ammunition CAL:7, valued at $0.16, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033643:** 2 Rounds WINCHESTER-WESTERN Ammunition CAL:12, valued at $0.20, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033644:** 10 Rounds Component WINCHESTER-WESTERN Ammunition CAL:243, valued at $0.20, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033645:** 50 Rounds Other Ammunition CAL:9, valued at $5.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033646:** 27 Rounds Other Ammunition CAL:556, valued at $2.70, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033647:** 66 Rounds Assorted Ammunition CAL:9, valued at $6.60, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033648:** 23 Rounds WINCHESTER-WESTERN Ammunition CAL:410, valued at $2.30, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033649:** 16 Rounds WINCHESTER-WESTERN Ammunition CAL:243, valued at $1.60, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033650:** 100 Rounds Unknown Ammunition CAL:556, valued at $10.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033651:** 6 Rounds CCI Ammunition CAL:22, valued at $0.60, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033652:** 886 Rounds Assorted Ammunition CAL:MULTI, valued at $88.60, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033653:** 34 Rounds Assorted Ammunition CAL:MULTI, valued at $3.40, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033654:** 225 Rounds Other Ammunition CAL:556, valued at $22.50, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033655:** 14 Rounds Component Assorted Ammunition CAL:Unknown, valued at $0.28, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

**23-ATF-033656:** 20 Rounds Other Ammunition CAL:223, valued at $2.00, seized by the ATF on September 01,

**(Continued on next page)**

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law. Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

## LAST DATE TO FILE:  12/08/2023

## EASTERN DISTRICT OF VIRGINIA

**23-ATF-033656 - (Continued from previous page)**
2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033657:** 6 Component Assorted Ammunition CAL:Unknown, valued at $0.12, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033658:** 29 Rounds CBC - BRAZILIAN CARTTIDGE COMPANY Ammunition CAL:9, valued at $2.90, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033659:** 17 Rounds WINCHESTER-WESTERN Ammunition CAL:7, valued at $1.70, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033660:** 120 Rounds Other Ammunition CAL:556, valued at $12.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033661:** 89 Rounds Assorted Ammunition CAL:9, valued at $8.90, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033662:** 18 Rounds Assorted Ammunition CAL:9, valued at $1.80, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033663:** 16 Rounds Other Ammunition CAL:9, valued at $1.60, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033664:** 42 Rounds Assorted Ammunition CAL:9, valued at $4.20, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033665:** 477 Rounds Assorted Ammunition CAL:556, valued at $47.70, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033666:** 518 Rounds Assorted Ammunition CAL:556, valued at $51.80, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033667:** 165 Rounds Assorted Ammunition CAL:Unknown, valued at $16.50, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033669:** 55 Rounds Assorted Ammunition CAL:MULTI, valued at $5.50, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033670:** 2 Component Assorted Ammunition CAL:Unknown, valued at $0.04, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033671:** 1060 Rounds Unknown Ammunition CAL:556, valued at $106.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033672:** 219 Rounds Assorted Ammunition CAL:Unknown, valued at $21.90, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033673:** 1019 Rounds Assorted Ammunition CAL:MULTI, valued at $101.90, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033674:** 540 Rounds Assorted Ammunition CAL:MULTI, valued at $54.00, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-033675:** 407 Rounds Assorted Ammunition CAL:Unknown, valued at $40.70, seized by the ATF on September 01, 2023 from Allen Dowell Jr. in Gloucester, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034844:** Glock Inc. 21 Pistol CAL:45 SN:NVL992, valued at $300.00, seized by the ATF on August 16, 2023 from Jamonta'e Gatling in Colonial Heights, VA for forfeiture pursuant to 18 U.S.C. Section 924(d).

## EASTERN DISTRICT OF WASHINGTON

**23-ATF-033823:** 10 Rounds Assorted Ammunition CAL:380, Serial No. Unknown, valued at $1.00, seized by the ATF on August 18, 2023 from Eduardo Garcia in Yakima, WA for forfeiture pursuant to 18 U.S.C. Section 924(d).

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

ATF OFFICIAL NOTIFICATION POSTED ON NOVEMBER 01, 2023

# LEGAL NOTICE
# ATTENTION

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) gives notice that the property listed below was seized for federal forfeiture for violation of federal law.  Laws and procedures applicable to the forfeiture process can be found at 19 U.S.C. Sections 1602 - 1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9.

See full legal notice on page one, which includes instructions on how to file a claim, a petition, and to request the release of property based on hardship.

## LAST DATE TO FILE:  12/08/2023

### EASTERN DISTRICT OF WISCONSIN
**23-ATF-028607:** $37,800.00 U.S. Currency, seized by the ATF on August 02, 2023 from Dyna Abuhamdha in Greendale, WI for forfeiture pursuant to 21 U.S.C. Section 881.
**23-ATF-033244:** JEWELRY: PRECIOUS ITEMS, YELLOW GOLD LINE NECKLACE, Serial No. Unknown, valued at $5,900.00, seized by the ATF on August 02, 2023 from Dyna Abuhamdha in Greendale, WI for forfeiture pursuant to 21 U.S.C. Section 881.
**23-ATF-034590:** JEWELRY: PRECIOUS ITEMS, HAMSA EVIL EYE DIAMOND PENDANT, Serial No. Unknown, valued at $5,400.00, seized by the ATF on August 02, 2023 from Dyna Abuhamdha in Greendale, WI for forfeiture pursuant to 21 U.S.C. Section 881.
**23-ATF-034593:** JEWELRY: PRECIOUS ITEMS, YELLOW GOLD CUBAN LINK CHAIN, valued at $6,700.00, seized by the ATF on August 02, 2023 from Dyna Abuhamdha in Greendale, WI for forfeiture pursuant to 21 U.S.C. Section 881.

### NORTHERN DISTRICT OF WEST VIRGINIA
**23-ATF-034764:** 21 Rounds ASSORTED Ammunition CAL:9, valued at $2.10, seized by the ATF on September 20, 2023 from Kevin Jones in Morgantown, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).

### SOUTHERN DISTRICT OF WEST VIRGINIA
**23-ATF-034263:** DAVIS INDUSTRIES P32 PISTOL CAL:32 SN:P177606, valued at $250.00, seized by the ATF on September 13, 2023 from Kelly SANTANIO in Charleston, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034265:** 7 Rounds UNKNOWN Ammunition CAL:32, valued at $0.70, seized by the ATF on September 13, 2023 from Kelly SANTANIO in Charleston, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034266:** TAURUS INTERNATIONAL G3C PISTOL CAL:9 SN:ACB527028, valued at $289.99, seized by the ATF on September 13, 2023 from Kevin Booth in Charleston, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034268:** 9 Rounds UNKNOWN Ammunition CAL:9, valued at $0.90, seized by the ATF on September 13, 2023 from Kevin Booth in Charleston, WV for forfeiture pursuant to 18 U.S.C. Section 924(d).
**23-ATF-034429:** $40,409.00 U.S. Currency, seized by the ATF on September 14, 2023 from Frank BASENBACK in Huntington, WV for forfeiture pursuant to 21 U.S.C. Section 881.
**23-ATF-035046:** $14,608.69 U.S. Currency, seized by the ATF on September 27, 2023 from Frank BASENBACK in Charleston, WV for forfeiture pursuant to 21 U.S.C. Section 881.

[The property listed above is NOT for sale.  The ATF does not sell forfeited property and the ATF does not have information on property for sale.]

## <u>DECLARATION OF MR. TRAVIS SPEEGLE</u>

1.  My name is Travis Speegle.  I reside in Austin, Texas.

2.  I am a member of the National Association for Gun Rights, Inc.

3.  I am also a member of Texas Gun Rights.


Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is

true and correct to the best of my knowledge and belief.


Executed on September 22, 2023.


By:       /s/      Travis Speegle                    
                Mr. Travis Speegle

472

## DECLARATION OF MR. PATRICK CAREY

1. My name is Patrick Carey. I reside in Zachary, Louisiana.
2. I am a member of the National Association for Gun Rights, Inc.
3. I am also a member of Texas Gun Rights.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on September 21, 2023.

By: _____
      Mr. Patrick Carey

473

## <u>DECLARATION OF MR. JAMES JOSEPH ROSS WHEELER</u>

1.  My name is James Joseph Ross Wheeler.  I reside in Crandall, Texas.

2.  I am a member of the National Association for Gun Rights, Inc.

3.  I am also a member of Texas Gun Rights.


Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.


Executed on September 21, 2023.


By:         /s/ James Joseph Ross Wheeler_____
              Mr. James Joseph Ross Wheeler

### DECLARATION OF RYAN FLUGAUR

1. My name is Ryan Flugaur.  I reside in northern Colorado. I am over 18 years old and a United States citizen.

2. I am the Vice President of the National Association for Gun Rights.  As Vice President, I oversee multiple departments and technical operations at the National Association for Gun Rights' national headquarters.

3. In my capacity as Vice President of the National Association for Gun Rights, I am aware of at least three members of the National Association for Gun Rights who are not named plaintiffs in this litigation and have reported receiving a warning letter and/or phone call from the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF").

4. Of these three, at least one resides in the Northern District of Texas.

5. In my capacity as Vice President, I am personally aware that Mr. Patrick Carey, Mr. Travis Speegle, and Mr. J.R. Wheeler are members of the National Association for Gun Rights.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on September 19, 2023.

By: _____

Ryan Flugaur

475

United States Courts Southern
District of Texas
FILED

NOV 09 2022

Nathan Ochsner, Clerk of Court

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NUMBER C-22-185-SS |
| | § | |
| TERRENCE JAMES BRUGGEMAN | § | |

### SECOND SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES THAT:

### COUNT ONE

On or about March 3, 2022, in the Corpus Christi Division of the Southern District of Texas
and within the jurisdiction of the Court, the defendant,

### TERRENCE JAMES BRUGGEMAN,

did knowingly possess a machinegun, that is, six (6) Rare Breed Triggers FRT-15.

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

### COUNT TWO

On or about March 3, 2022, in the Corpus Christi Division of the Southern District of Texas
and within the jurisdiction of the Court, the defendant,

### TERRENCE JAMES BRUGGEMAN,

did knowingly possess a firearm, as defined in Title 26, United States Code, Section 5845(a)(7),
namely a firearm silencer, as defined in Title 18, United States Code, Section 921(a)(25), to wit:
MOD: BRUG9, CAL: 9mm, SN: 02BRUG09, BRUGGEMAN TRUST, Portland Tx. This
firearm was required to be registered and was not in fact registered to the defendant in the
National Firearms Registration and Transfer Record.

In violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

## COUNT THREE

On or about March 3, 2022, in the Corpus Christi Division of the Southern District of Texas and within the jurisdiction of the Court, the defendant,

### TERRENCE JAMES BRUGGEMAN,

did knowingly possess a firearm, as defined in Title 26, United States Code, Section 5845(a)(7), namely a firearm silencer, as defined in Title 18, United States Code, Section 921(a)(25), to wit: a monocore baffle assembly, a main tube, end-caps, "disk"-type baffles, and wave springs. This firearm was required to be registered and was not in fact registered to the defendant in the National Firearms Registration and Transfer Record.

In violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

## COUNT FOUR

On or about March 3, 2022, in the Corpus Christi Division of the Southern District of Texas and within the jurisdiction of the Court, the defendant,

### TERRENCE JAMES BRUGGEMAN,

did knowingly possess a firearm, as defined in Title 26, United States Code, Section 5845(a)(7), namely a firearm silencer, as defined in Title 18, United States Code, Section 921(a)(25), to wit: a black metal cylindrical device measuring approximately 28-7/8 inches in overall length, and has an outside diameter of approximately 1-3/4 inches at its major diameter not identified by a serial number as required by Title 26, United States Code, Section 5842.

In violation of Title 26, United States Code, Sections 5861(i), and 5871.

## NOTICE OF CRIMINAL FORFEITURE
### 26 U.S.C. 5872 and 28 U.S.C. §2461(c)

Pursuant to Title 26, United States Code, Section 5872, and Title 28, United States Code, Section 2461(c), the United States give notice to defendant,

477

TERRENCE JAMES BRUGGEMAN,

That upon conviction of a violation of Title 26, United States Code, Sections 5861 and 5871, all

firearms involved in such violation are subject to forfeiture.

### PROPERTY SUBJECT TO FORFEITURE

The property subject to forfeiture includes, but is not limited to, the following property:

1. Six (6) Rare Breed Triggers FRT-15 seized on March 3, 2022, from a residence in Portland, Texas.

2. A firearm silencer identified as MOD: BRUG9, CAL: 9mm, SN: 02BRUG09, BRUGGEMAN TRUST, Portland Tx seized on March 3, 2022, from a residence in Portland, Texas.

3. A firearm silencer identified as a black metal cylindrical device measuring approximately 28-7/8 inches in overall length, and has an outside diameter of approximately 1-3/4 inches at its major diameter with no markings of identification or serial number seized on March 3, 2022, from a residence in Portland, Texas.

4. Firearm silencers, including any combination of parts, designed or redesigned, for use in assembling or fabricating a firearm silencer or firearm muffler seized on March 3, 2022, from a residence in Portland, Texas.

A TRUE BILL:

ORIGINAL SIGNATURE ON FILE
FOREPERSON OF THE GRAND JURY

JENNIFER B. LOWERY
UNITED STATES ATTORNEY

By:

LANCE WATT
Assistant United States Attorney

By:

JOHN G. MARCK
Assistant United States Attorney

478

RECEIVED AND FILED
CLERK'S OFFICE USDC PR

2023 APR 20 PM 4:50

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| UNITED STATES OF AMERICA | **SUPERSEDING INDICTMENT** |
|---|---|
| v. | Criminal No. 22-473 (DPD) |
| | Violations: 18 U.S.C. § 922(o) |
| JOSE L. BERRÍOS-AQUINO, | |
| Defendant. | **TWO COUNTS** |

### THE GRAND JURY CHARGES:

### COUNT ONE
Possession of a Machinegun
18 U.S.C. § 922(o)

On or about August 26, 2022, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant,

### JOSE L. BERRÍOS-AQUINO

did knowingly possess a machinegun, that is, one Sharp Brothers pistol, model Jack-9, bearing serial number J9-03124, that had been modified so that it was capable of firing more than one shot, without manual reloading, by a single function of the trigger. All in violation of 18 U.S.C. §§ 922(o) and 924(a)(2).

## COUNT TWO
Possession of a Machinegun
18 U.S.C. § 922(o)

On or about November 4, 2022, in the District of Puerto Rico and within the

jurisdiction of this Court, the defendant,

### JOSE L. BERRÍOS-AQUINO

did knowingly possess a machinegun, that is, one Powered by Graves Alamo-15

trigger, two Wide Open Enterprises triggers, and one Rare Breed FRT-15 trigger,

machinegun conversion devices, which are parts designed and intended solely and

exclusively for use in converting a weapon to shoot, automatically more than one

shot, without manual reloading, by a single function of the trigger. All in violation of

18 U.S.C. §§ 922(o) and 924(a)(2).

## FIREARMS FORFEITURE ALLEGATION

The allegations contained in Counts One and Two of this Indictment are

hereby realleged and incorporated by reference for the purpose of alleging forfeitures

pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

Upon conviction of the offenses in violation of 18 U.S.C. § 922(o) as set forth

in Counts One and Two of this Indictment, the defendant,

### JOSE L. BERRÍOS-AQUINO

shall forfeit to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C.

§ 2461(c), any firearm and ammunition involved in the commission of the offense,

including, but not limited to: one Sharp Brothers pistol, model Jack-9, bearing serial

number J9-03124, one Powered by Graves Alamo-15 trigger, two Wide Open

2

480

Enterprises triggers, and one Rare Breed FRT-15 trigger.

All in accordance with 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

TRUE BILL

FOREPERSON
Date: 4/20/23

W. STEPHEN MULDROW
United States Attorney

Jonathan Gottfried
Assistant United States Attorney
Chief, Violent Crimes Division

Linet Suárez
Assistant United States Attorney
Violent Crimes Division

3

481

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 22-CR-30025-MGM (S-1) |
| | ) | |
| v. | ) | Violations: |
| | ) | |
| DANIEL A. AUGUSTO, JR. | ) | Count One:   Unlawful Possession Of |
| | ) | Machineguns |
| Defendant | ) | (18 U.S.C. §§ 922(o) and 2) |
| | ) | |
| | ) | Counts Two Through Seven:   Unlawful |
| | ) | Possession Of Unregistered Firearm; Aiding |
| | ) | And Abetting |
| | ) | (26 U.S.C. § 5861(d) and 18 U.S.C. § 2) |
| | ) | |
| | ) | Count Eight:   False Statements |
| | ) | (18 U.S.C. § 1001(a)(2)) |
| | ) | |
| | ) | Forfeiture Allegation: |
| | ) | (18 U.S.C. § 924(d)(1); 26 U.S.C. § 5872 and |
| | ) | 28 U.S.C. § 2461(c)) |
| | ) | |

SUPERSEDING INDICTMENT

COUNT ONE
Unlawful Possession Of Machineguns; Aiding And Abetting
(18 U.S.C. §§ 922(o) and 2)

The Grand Jury charges:

On or about February 23, 2022, in Hampden County, in the District of Massachusetts, the

defendant,

DANIEL A. AUGUSTO, JR.

did knowingly possess the following machineguns as defined by Title 26, United States Code,

Section 5845(b):

1

a.      One PTR Industries, Inc., model PTR 9, 9x19mm caliber firearm bearing serial number 9MC010480 with one magazine and an altered HK MP5-type machinegun trigger housing installed;

b.      One Imperial Arms Co., model EFFEN 90, assembled with a machinegun bolt carrier, a machinegun trigger housing assembly, and a machinegun "frame and trigger group" manufactured by Fabrique Nationale, in Herstal Belgium into a 5.7x28mm caliber firearm bearing serial number HXX37 with one magazine;

c.      Thirty-eight "switch-type" Glock machinegun conversion devices bearing a counterfeit Glock logo;

d.      Three Rare Breed FRT-15 forced reset triggers designed to allow drop-in installation into AR15-type firearms, with no serial number; and

e.      One Tommy Triggers FRT-15-3MD forced reset trigger designed to allow drop-in installation into M16-type firearms, with no serial number.

All in violation of Title 18, United States Code, Sections 922(o) and 2.

2

COUNTS TWO THROUGH SEVEN
Unlawful Possession Of Unregistered Firearm; Aiding And Abetting
(26 U.S.C. § 5861(d) and 18 U.S.C. § 2)

The Grand Jury further charges:

On or about February 23, 2022, in Hampden County, in the District of Massachusetts, the

defendant,

DANIEL A. AUGUSTO, JR.

did knowingly possess the following firearms, which had not been registered to the defendant in

the National Firearms Registration and Transfer Record as required by Title 26, United States

Code, Section 5841:

| Count | Firearm |
|-------|---------|
| TWO | Short-barreled rifle – to wit, a PTR Industries, Inc., model PTR 9, 9x19mm caliber firearm bearing serial number 9MK001951 with a collapsible shoulder stock, thread protector, electronic sight, and forward grip, and with one magazine |
| THREE | Short-barreled rifle – to wit, a Sig Sauer, model MPX, 9x19mm caliber firearm bearing serial number 62B058947 with an electronic sight, a forward grip, and a Maxim Defense collapsible shoulder stock, and with one magazine |
| FOUR | Any other weapon – to wit, a S.W.D. Inc., Cobray model M-11 9mm firearm bearing serial number 87-0009677 with a secondary forward vertical grip attached to a forward accessory rail, a stock mounting adapter and an internally threaded muzzle device |

3

| Count | Firearm |
|-------|---------|
| FIVE | Any other weapon - to wit, an Intratec, model Tec-9, 9x19mm caliber firearm bearing serial number 54601, with a secondary forward grip and a synthetic sling |
| SIX | Firearms silencer – to wit, a black silencer with no markings |
| SEVEN | Firearms silencer – to wit, a black silencer with no markings |

All in violation of Title 26, United States Code, Section 5861(d) and Title 18, United States Code, Section 2.

4

## COUNT EIGHT
False Statements
(18 U.S.C. § 1001(a)(2))

The Grand Jury further charges:

On or about February 23, 2022, in Hampden County, in the District of Massachusetts, the defendant,

## DANIEL A. AUGUSTO, JR.

knowingly and willfully made a materially false, fictitious and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, during an interview with Special Agents of the Federal Bureau of Investigation, DANIEL A. AUGUSTO stated that: (a) all of the firearms in his residence belonged to his son and his girlfriend; and (b) he never asked his son or his girlfriend to purchase firearms. In truth and in fact, as the defendant well knew, these statements were false in that: (a) some of the firearms in his residence belonged to him; and (b) he had asked his son and his girlfriend to purchase firearms for him.

All in violation of Title 18, United States Code, Section 1001(a)(2).

5

486

FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c))

1.    Upon conviction of the offense in violation of Title 18, United States Code, Sections 922(o) and 2, set forth in Count One, and in violation of Title 26, United States Code, Section 5861, set forth in Counts Two through Seven, the defendant,

DANIEL A. AUGUSTO, JR.

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offense, and, pursuant to Title 26, United States Code, Section 5872, and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in the offenses.

2.    If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), Title 26, United States Code, Section 5861, and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, Title 26, United States Code, Section 5861, and Title 28, United States Code, Section 2461.

7

488

A TRUE BILL

FOREPERSON

STEVEN H. BRESLOW
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: September 1, 2022
Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                    Plaintiff,

          - v. -

RARE BREED TRIGGERS, LLC; RARE
BREED FIREARMS, LLC; LAWRENCE
DEMONICO; KEVIN MAXWELL,

                    Defendants.

**COMPLAINT**

Civil Action No.

Plaintiff, the UNITED STATES OF AMERICA, by and through the undersigned attorneys,

hereby alleges as follows:

## INTRODUCTION

1.       Gun violence is an epidemic in the United States.  According to provisional data

from the Centers for Disease Control, over 47,000 people were killed by firearms in 2021—an

increase of eight percent from the previous record high in 2020.[1]  Firearm-related injuries are the

most common cause of death from injury for children in the United States.[2]  Between 2018 and

---

[1] *See*, *e.g.*, Thomas R. Simon, Ph. D; *et al.*, *Notes from the Field: Increases in Firearm Homicide and Suicide Rates - United States, 2020-2021.* Morbidity and Mortality Weekly Report, Oct. 7, 2022, https://www.cdc.gov/mmwr/volumes/71/wr/mm7140a4.htm?s_cid=mm7140a4_w, Roni Caryn Rabin, *Gun-Related Suicides and Killings Continued to Rise in 2021, C.D.C. Reports*; The New York Times, October 6, 2022, available at https://www.nytimes.com/2022/10/06/health/guns-homicides-suicides-cdc.html.
[2] *See* Lois K. Lee, M.D., M.P.H., Katherine Douglas, M.D., and David Hemenway, Ph.D., *Crossing Lines — A Change in the Leading Cause of Death among U.S. Children,* The New England Journal of Medicine, April 21, 2022, available at https://www.nejm.org/doi/pdf/10.1056/NEJMp2200169.

490

2021, firearm deaths doubled among Black children and rose by 50 percent among Hispanic children.[3]

2.      AR-15-style semiautomatic firearms are increasingly used in mass shootings across the United States, including in the recent shooting deaths of the 21 people at Robb Elementary School in Uvalde, Texas (including 19 children); 10 people killed in Buffalo, New York; 17 people killed at Stoneman Douglas High School in Florida (including 14 children); 5 people killed at an LGBTQ+ nightclub in Colorado Springs, Colorado; 58 people killed at a concert in Las Vegas, Nevada; 26 people killed at Sutherland Springs, Texas; 49 people killed at the Pulse nightclub in Orlando, Florida; 14 people killed in San Bernadino, California; and the 27 people killed at Sandy Hook Elementary School in Connecticut (including 20 children).[4]

3.      Against this tragic backdrop, Defendants are illegally selling machinegun conversion devices they style as the FRT-15 to be installed in AR-15 type weapons.  People all over the nation, including in New York City and on Long Island, have purchased FRT-15s.

4.      The FRT-15 is a trigger assembly designed to be fitted into an AR-15 style firearm. It replaces the standard trigger assembly for such a firearm.

---

[3] *See* Nirmita Panchal, *The Impact of Gun Violence on Children and Adolescents*, KAISER FAMILY FOUNDATION, Oct. 14, 2022, available at https://www.kff.org/other/issue-brief/the-impact-of-gun-violence-on-children-and-adolescents/; Robert Gebeoff, Danielle Ivory, Bill Marsh, Allison McCann, and Albert Sun, *Childhood's Greatest Danger: The Data on Kids and Gun Violence*, THE NEW YORK TIMES, December 14, 2022, available at https://www.nytimes.com/interactive/2022/12/14/magazine/gun-violence-children-data-statistics.html ; Hurubie Meko, *149 Shot, 16 Dead: Gunfire's Rising Toll on New York City's Youngest*; THE NEW YORK TIMES, December 27, 2022, available at https://www.nytimes.com/2022/12/27/nyregion/new-york-teen-shootings.html.

[4] *See, e.g.,* Jonathan Franklin, *Where AR-15-style rifles fit in America's tragic history of mass shootings*, NPR, May 26, 2022, available at https://www.npr.org/2022/05/26/1101274322/uvalde-ar-15-style-rifle-history-shooter-mass-shooting; Ashley R. Williams, *More mass shooters are using semi-automatic rifles – often bought legally,* USA TODAY, July 14, 2022, available at https://www.usatoday.com/story/news/nation/2022/07/12/mass-shootings-weapons-legal-what-to-know/7814081001/.

5.      A Wide Open Trigger (WOT) is also a trigger assembly designed to be fitted into an AR-15 style firearm.  It is a copy of the FRT-15.

6.      When an FRT-15 or WOT is fitted into a firearm, the firearm will fire multiple rounds—without manual reloading—automatically by a single function of the trigger.  Such a converted firearm can have a rate of fire that meets or exceeds an originally manufactured military specification M-16-type machinegun, which can have a rate of fire ranging from 700 to 970 rounds per minute depending on the configuration.

7.      The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) has repeatedly informed Defendants that, because the FRT-15 is a combination of parts designed and intended for use in converting a weapon into a machinegun, the FRT-15 is itself a machinegun under federal law.

8.      With limited exceptions not applicable to Defendants' sale of FRT-15s and WOTs, Federal law prohibits the manufacture, possession, transfer, and importation of machineguns manufactured after May 19, 1986.  *See* 18 U.S.C. § 922(o) and 27 C.F.R. § 479.105.

9.      ATF has therefore demanded that Defendants cease-and-desist in the manufacture and transfer of FRT-15s.

10.     ATF similarly demanded that sales of the WOT cease.

11.     Defendants have refused to comply with ATF's demand, and instead  sought to evade ATF and obstruct ATF's mandate to enforce laws prohibiting the sale of machineguns and to ensure public safety.

12.     Indeed, Defendants' disdain for law is such that, upon receiving a cease-and-desist letter from ATF, Defendant DeMonico said, "Fuck them."  In another instance, a caller from the

3

office of Defendant Maxwell threatened to march down to the ATF offices.  "We are bringing the rocket launcher," he warned.

13.    Since 2020, Defendants have, among other things:

    a.   purposely possessed, transferred, and transported FRT-15s and WOTs in violation of the National Firearms Act (NFA) and the Gun Control Act of 1968 (GCA), and engaged in the business of a dealer and/or manufacturer of NFA firearms without being licensed to do so;

    b.   purposely refused to obtain ATF approval to manufacture, import, or transfer firearms and effectuate registration with the ATF regarding the sale of their FRT-15s and WOTs;

    c.   consciously withheld information from ATF so as to frustrate its ability to carry out its statutory duties;

    d.   deliberately avoided paying special occupational tax, transfer tax, and making tax, exceeding an estimated amount of $32 million dollars in taxes combined, plus penalties and interest, to the United States for the illegal manufacture, making, sale or other disposition of machineguns;

    e.   created a byzantine corporate structure for the company that sells the machineguns in furtherance of a business strategy designed to conceal who owns and controls the company, and to conceal the source and flow of proceeds from the illegal sales of FRT-15s;

    f.   trespassed into a manufacturing facility that was storing illegal machineguns and parts subject to a federal search warrant, and stole those weapons and components;

g.  misled its customers by failing to inform them of critical decisions ATF had made about trigger assemblies that were precursors to the FRT-15;

h.  mislabeled packages to prevent the United States Postal Service (USPS) from learning that the packages contained illegal machineguns; and

i.  improperly used the USPS to distribute their illegal machineguns to the American public.

14.  Thus, Defendants have, in violation of 18 U.S.C. § 371, knowingly and intentionally conspired to defraud the United States by impeding, impairing, obstructing, and defeating the lawful Government functions of ATF in its regulation of machineguns under the NFA and GCA.

15.  Defendants have engaged in the ongoing commission of mail fraud in violation of 18 U.S.C. § 1341.  They have also conspired to commit mail fraud in violation of 18 U.S.C. § 1349.

16.  Defendants have engaged in the ongoing commission of wire fraud in violation of 18 U.S.C. § 1343.

17.  They have also conspired to commit wire fraud in violation of 18 U.S.C. § 1349.

18.  For the reasons stated herein, the United States brings this action for a temporary restraining order, preliminary and permanent injunctions, and other equitable relief pursuant to 18 U.S.C. § 1345, in order to enjoin the ongoing conspiracy to defraud the United States in violation of 18 U.S.C. § 371, the ongoing scheme to commit mail fraud in violation of 18 U.S.C. § 1341, the ongoing scheme to commit wire fraud in violation of 18 U.S.C. § 1343, and the ongoing conspiracy to commit mail and/or wire fraud in violation of 18 U.S.C. § 1349.

## JURISDICTION AND VENUE

19.  The Court has subject matter jurisdiction over this action pursuant to 18 U.S.C. § 1345, and 28 U.S.C. §§ 1331 and 1345.

5

20.     Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

21.     Plaintiff is the United States of America.  ATF is a law enforcement agency within the United States Department of Justice charged with, among other things, protecting the American public from the illegal use and trafficking of firearms.

22.     Defendant Rare Breed Triggers, LLC, is a company that has a principal place of business in Florida. Originally formed in Florida, the company later organized in North Dakota as Rare Breed Triggers, LLC. The Florida and North Dakota LLCs merged; the Florida LLC dissolved. Defendant Rare Breed Firearms, LLC, is a sister company of Rare Breed Trigger, LLC and is incorporated in Texas.  They are collectively referred to herein as RBT.

23.     Defendant Lawrence DeMonico, also known as Larry R. Lee, Jr., represents himself to be the President of RBT.  He has been an owner of RBT.

24.     Defendant Kevin Maxwell has been an owner and general counsel of Defendant RBT.

**LEGAL BACKGROUND**

**A.     The NFA and the GCA**

25.     Congress enacted the NFA in 1934 to regulate dangerous and unusual weapons, particularly machineguns and sawed-off firearms, through the tax on the manufacture, importation, sale or other disposal of those type of firearms.  The definition of "firearms" under the NFA includes, in relevant part, "a machinegun."  26 U.S.C. § 5845(a).

26.     Congress enacted the GCA, *as amended*, 18 U.S.C. § 921 *et seq*., after finding that "existing Federal controls over [widespread traffic in firearms moving in interstate commerce] do

not adequately enable the States to control this traffic within their own borders."  Pub. L. No. 90-351, Title IV, § 901(a)(1), 82 Stat. 197, 225 (1968).

27.    Congress specifically determined that "only through adequate Federal control . . . over all persons engaging in the businesses of importing, manufacturing, or dealing in [these weapons], can this grave problem be properly dealt with."  *Id*. § 901(a)(3), 82 Stat. at 225. Accordingly, Congress enacted requirements for persons engaging in the business of importing, manufacturing, or dealing in "firearms."  *See generally* 18 U.S.C. §§ 922-923.

28.    Congress thus required individuals and entities engaged in the business of importing, manufacturing, or dealing in firearms to obtain a federal firearms license, *id*. § 923(a), to maintain records of firearm acquisition and transfer as prescribed by regulation, *id*. § 923(g)(1)(A), and to conduct background checks before transferring firearms to a non-licensee, *id*. § 922(t).  Congress thus required licensed importers and manufacturers to identify each firearm that they import or manufacture by means of a unique serial number on the receiver or frame of the weapon and other markings as prescribed by Federal regulation.  *Id*. § 923(i).

29.    Firearms regulated by the NFA are subject to stricter controls than those regulated only by the GCA.  NFA firearms are subject to a transfer and making tax, 26 U.S.C. §§ 5811 and 5822, and are subject to transfer and registration requirements, *id.* §§ 5812 and 5841, which include the submission of an application, fingerprints, and a photograph, *id.* 5812(a)(3) and 27 C.F.R. § 479.85.

30.    All firearms, whether regulated by the NFA, GCA, or both, are subject to marking requirements.  18 U.S.C. § 923(i) and 26 U.S.C. § 5842.

**B.**     **The ATF**

31.     The ATF regulates lawful commerce in firearms and administers and enforces federal firearms laws.

32.     Title 28 Section 599A(b)(1) of the United States Code provides ATF with the authority to investigate violations of federal firearms law at the direction of the Attorney General. Under the corresponding federal regulation at 28 C.F.R. § 0.130, the Attorney General provides ATF with the authority to investigate, administer, and enforce the laws related to firearms, including under the GCA, 18 U.S.C. Chapter 44, and the NFA, 26 U.S.C. Chapter 53.

33.     Congress has also vested in ATF the authority to promulgate regulations necessary to administer and enforce the GCA and the NFA.   18 U.S.C. § 926(a); 26 U.S.C. §§ 7801(a)(2), 7805(a).

34.     Pursuant to statutory and regulatory authority, the ATF Firearms Ammunition and Technology Division (FATD) provides expert technical support on firearms and ammunition to the firearms industry, federal, state, and local law enforcement agencies regarding the GCA and the NFA.

35.     The NFA requires the Attorney General[5] to maintain a central registry of all items regulated under the NFA, including firearms, in the National Firearms Registration and Transfer Record (NFRTR).

---

[5]The NFA is part of the Internal Revenue Code of 1986.  The Internal Revenue Code, with the exception of the NFA, is administered and enforced by the Secretary of the Treasury. When ATF was established as a separate component within the Department of Justice under the Homeland Security Act of 2002, all its authorities, including the authority to administer and enforce the NFA, were transferred to the Attorney General.

36.     Additionally, the Attorney General shall collect the special occupational tax, transfer tax, and making tax on items regulated under the NFA.  *See* 26 U.S.C. §§ 5801, 5811, 5822.

37.     The Internal Revenue Code (IRC) provides that the Attorney General shall administer the NFA.  26 U.S.C. § 7801(b).  Congress and the Attorney General have delegated the responsibility for administering and enforcing the GCA and NFA to the Director of ATF, subject to the direction of the Attorney General and the Deputy Attorney General.  28 U.S.C. § 599A(b)(1), (c)(1); 28 CFR § 0.130(a)(1)-(2).

## C.     Definition of a Machinegun

38.     The definition of "firearm" under the NFA includes, in relevant part, "a machinegun."  26 U.S.C. § 5845(a)(6).

39.     The NFA defines a "machinegun", in relevant part, as "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger."  26 U.S.C. § 5845(b).

40.     Pursuant to the NFA, a "machinegun" also includes "any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machine gun."  *Id.*

41.     The GCA defines the term "machinegun" as "the meaning given such term in section 5845(b) of the [NFA], 26 U.S.C. 5845(b))."  18 U.S.C. § 921(a)(24).

42.     Implementing regulations, 27 C.F.R. § 479.11, make clear that the term "automatically" used in the NFA definition of a machinegun means "functioning as the result of a self-acting or self-regulating mechanism that allows the firing of multiple rounds through a single

function of the trigger."  The regulation goes on to state that a "single function of the trigger" means a "single pull of the trigger and analogous motions."

43.     In 2006, ATF issued Ruling 2006-2, which interpreted the phrase "single function of the trigger" in § 5845(b) to mean "single pull of the trigger and analogous motions."  ATF Ruling 2006-2, at 2 (Dec. 13, 2006).[6]  Under Ruling 2006-2, any device that "fire[s] repeatedly" when "the shooter maintains finger pressure against the stock" (*e.g.*, because an internal coiled spring pushes the shooter's finger forward) is deemed a machinegun.  *Id.*  A device that "initiate[s] an automatic firing cycle which continues until either the finger is released or the ammunition supply is exhausted" is a machinegun.  *Id*.

44.     Certain trigger assemblies referred to as "forced reset triggers" or "FRTs" do not require the shooter to pull and then subsequently release the trigger before a second shot is fired.  Thus, some FRTs allow a firearm to automatically expel more than one shot by a single, continuous pull of the trigger.  *See* ATF's Open Letter to All Federal Firearms Licensees, March 22, 2022, available  at  https://www.atf.gov/firearms/docs/open-letter/all-ffls-mar-2022-open-letter-forced-reset-triggers-frts/download (ATF's 2022 Open Letter).

45.     One such FRT is the FRT-15 manufactured and transferred by RBT.

46.     The FRT-15  incorporates parts that are novel to the operation of a typical AR-type semiautomatic firearm, like the AR-15.  The unique parts (hammer, trigger and locking bar) within the FRT-15 trigger mechanism are specifically designed to incorporate the standard rearward and forward movement of the AR-type bolt carrier assembly, when modified as described below, in its cycle of operations allowing the weapon to function as a self-acting, or self-regulating, mechanism.

---

[6]     *See*     https://www.atf.gov/firearms/docs/ruling/2006-2-classification-devices-exclusively-designed-increase-rate-fire/download.

To function as intended, the FRT-15 device must be installed into an AR-type weapon that includes an M16-type machinegun bolt carrier.  In a typical AR-type firearm, the rearward movement of the bolt carrier assembly extracts, then ejects a cartridge case, and cocks the hammer which is held by the disconnector.  The disconnector interrupts the weapon's operating cycle, forcing the shooter to release the trigger and pull it again to fire the next round.   The FRT-15 has no disconnector, which eliminates the need for the shooter to release their pull of the trigger.  In a typical AR-type firearm, the forward movement of the bolt carrier assembly loads a subsequent cartridge, and locks the bolt.  With the FRT-15, the forward movement automatically releases the trigger and hammer, as the M-16-type bolt carrier assembly strikes a locking bar in the same way that such a bolt carrier strikes an auto-sear in a military specification weapon like the M16, thereby allowing the weapon to expel a second projectile without a separate pull of the trigger.  Thus, one continuous pull of the FRT-15 trigger allows the firearm to shoot more than one shot.

47.     Defendants are marketing FRT-15s (and WOTs) as replacement triggers for AR-type firearms.  Unlike standard semi-automatic triggers, the FRT-15 does not require shooters to pull and then subsequently release the trigger to fire a second shot.  Instead, the FRT-15 uses the firing cycle to eliminate the need for the shooter to release the trigger before a second shot is fired.

**D.**     **Prohibitions on the Possession, Transfer, and Transport of Machineguns**

48.     Federal law restricts the transfer and possession of machineguns imported or manufactured on or after May 19, 1986, except to the United States or any department or agency thereof, or a State or department, agency, or political subdivision thereof.  18 U.S.C. § 922(o).

49.     Additionally, the NFA and the GCA, along with their implementing regulations, set out a number of requirements associated with the manufacture and sale of firearms, including machineguns.  In order to either manufacture or deal in machineguns pursuant to 18 U.S.C. §

11

922(o), an entity would first have to obtain either a Federal firearms license to be a dealer and/or manufacturer in firearms. *See generally* 18 U.S.C. § 923. Next, the licensed manufacturer or dealer would have to be "qualified under []part [479]" to deal, manufacturer, and/or import machineguns. 27 C.F.R. § 479.105. A "qualified" licensed dealer or manufacturer is one who has paid a Special Occupational Tax (SOT) pursuant to 26 U.S.C. § 5801 and 27 C.F.R. § 478.31..

50.     Since machineguns are subject to the registration, transfer, taxation, and possession restrictions under the NFA, there are criminal penalties relating to the illegal transfer and possession of said firearms. *See* 26 U.S.C., Chapter 53; *see also* 26 U.S.C. § 5871 (any person who violates or fails to comply with the provisions of the NFA shall be fined $10,000 per violation and is subject to imprisonment for a term of up to ten years).

51.     Any firearm made, imported, transferred, transported, delivered, received or possessed in violation of the NFA is subject to seizure and forfeiture. *See* 26 U.S.C. §§ 5861, 5872.

52.     Under the GCA, machineguns, as defined in 18 U.S.C. § 921(a)(23), are subject to prohibitions regarding the possession, transfer, or transport of such items as set forth in 18 U.S.C. §§ 922 (a)(4) and (o).

**E.     Registration of NFA Firearms**

53.     The NFA specifically enumerates the means to register NFA firearms, including machineguns, in the NFRTR.

54.     The NFA, 26 U.S.C. §5841(b), provides that "[e]ach manufacturer, importer, and maker shall register each firearm he manufactures, imports, or makes. Each firearm transferred shall be registered to the transferee by the transferor."

55.     Persons possessing machineguns that were not registered by the manufacturer, importer, or maker, and lawfully transferred to the possessor, cannot later register the machineguns pursuant to the NFA unless the possessor is a government entity, as such possession would constitute a violation of 26 U.S.C. § 5861(c), (e).  Further, with limited exceptions not applicable to Defendants' sale of FRT-15s and WOTs, Federal law prohibits the manufacture, possession, transfer, and importation of machineguns manufactured after May 19, 1986. *See* 18 U.S.C. § 922(o) and 27 C.F.R. § 479.105.

56.     To register, "[e]ach manufacturer shall notify the [Attorney General] of the manufacture of a firearm in such manner as may by regulations be prescribed and such notification shall effect the registration of the firearm required by this section.  Each importer, maker, and transferor of a firearm shall, prior to importing, making, or transferring a firearm, obtain authorization in such manner as required by this chapter or regulations issued thereunder to import, make, or transfer the firearm, and such authorization shall effect the registration of the firearm required by this section."  26 U.S.C. §5841 (c).

57.     If a firearm is not registered in the NFRTR, ATF is deprived of the ability to ensure that the NFA firearm may be lawfully possessed by the transferee prior to the transfer taking place.  Failure to register in the NFRTR allows for the uncontrolled distribution of dangerous weapons to individuals whose possession may be unlawful under Federal, State, or local law, either because of the nature of the weapon or because of the intended transferee's inclusion in a category of prohibited individuals, such as convicted felons.  Further, in the event the unregistered NFA firearm is recovered by law enforcement in connection with criminal activity, ATF would be unable to quickly ascertain the identity of the possessor through the use of the NFRTR.  This may cause critical delays in identifying an individual involved in serious violations of Federal or State

13

502

law, which, in the case of dangerous weapons, may include incidents such as homicides, mass shootings, or terrorist events, among other categories of violent crime.

58.     Machineguns must also be identified with a serial number.  *See* 26 U.S.C. § 5842(a).

59.     As a "machinegun," an FRT like the FRT-15 or the WOT must be registered in the NFRTR by the qualified licensed manufacturer.  Each firearm transferred shall be registered to the transferee by the transferor.  If a firearm is not registered in the NFRTR, ATF would be unable to track it should that become necessary.

**F.     Tax Requirements Associated with Machineguns**

60.     It is unlawful to make or sell an NFA firearm without having paid the required taxes.  *See* 26 U.S.C. § 5861.  Such a violation carries criminal penalties. *See* 26 U.S.C. § 5871.

61.     The IRC provides that the Attorney General shall administer and enforce the NFA. 26 U.S.C. § 7801(b).  Congress and the Attorney General have delegated the responsibility for administering and enforcing the GCA and NFA to the Director of ATF, subject to the direction of the Attorney General and the Deputy Attorney General.  28 U.S.C. § 599A(b)(1), (c)(1); 28 CFR § 0.130(a)(1)-(2).

62.     The NFA imposes a special occupational tax on individuals who engage in the business of importing, manufacturing, and dealing firearms, including machineguns. *See* 26 U.S.C. § 5801 and 27 C.F.R. § 479.31.

63.     While the NFA does not define the term, "engag[ed] in business," the GCA defines the term "engaged in the business" as dealing, manufacturing, or importing firearms. *See* 18 U.S.C. § 921(a)(21).

64.     Every person engaged in the business of manufacturing, importing, or dealing in firearms under the NFA must pay a Special Occupation Tax (SOT).  26 U.S.C. § 5851 and 27 C.F.R § 479.31.  By operation of law, any person so engaged must also be licensed as a dealer, manufacturer, or importer under the GCA.

65.     Title 27 of the Code of Federal Regulation (CFR) Part 479, Subpart D provides for penalties and interest for failure to pay the special occupational tax and failure to file tax returns.

66.     Anyone who deals in, manufactures, or imports an FRT-15 thus must pay an occupational tax.

67.     In addition to the special occupational tax, the NFA imposes taxes on the manufacture and transfer of NFA firearms, including machineguns.

68.     Under 26 U.S.C. § 5821, with exceptions not applicable here, a transferor of firearms must pay a $200 tax on each firearm transferred.

69.     Similarly, with exceptions not applicable here, 26 U.S.C. § 5821 imposes a $200 tax on the manufacturer of firearms for each firearm made.

70.     The manufacturer of the FRT-15 would thus be subject to a $200 tax for each FRT-15 manufactured.  Similarly, the transferor of the FRT-15 would be subject to a $200 transfer tax for each FRT-15 transferred.  Where the FRT-15 was associated with one or more intermediary transfers—for instance, from RBT to a dealer who then transferred to a consumer—there would be an additional $200 applicable transfer tax.

**<u>DEFENDANTS' ONGOING CONSPIRACY AND<br>MAIL AND WIRE FRAUD SCHEMES</u>**

71.     Defendants have chosen to disregard federal law regulating their manufacture of FRT-15s, and sale of  FRT-15s (and WOTs), and have refused to adhere to demands by ATF that they cease-and-desist in their manufacture and sale.

15

72.     Defendants have thus intentionally disregarded the statutorily required registration, transfer, taxation, and possession restrictions that apply to FRT-15s and WOTs—all of which serve to protect the public from machineguns illegally entering the consumer market..

73.     Defendants have therefore interfered with—indeed obstructed—the ability of the United States government to enforce laws prohibiting the sale of machineguns.  And they have engaged in mail and wire fraud in furtherance of their schemes.

A.     **The Organizational Structure of Rare Breed Triggers**

74.     RBT was incorporated in Florida in April 2020 as a limited liability company.

75.     At the time of RBT's formation/incorporation, four individuals held ownership interests in RBT.  Those individuals include Lawrence DeMonico, Kevin Maxwell, and two others.  "On advice of counsel" and as collectively agreed upon by these four individuals, Defendant DeMonico and these two other individuals surrendered/divested their ownership interest by December 14, 2020.

76.     By November 2021, RBT re-incorporated as a North Dakota limited liability company.  On December 7, 2021, Rare Breed Triggers, LLC filed a form to change the address of its principal executive office to Fargo, North Dakota.

77.     The original owners of RBT had decided to reorganize the company from a simple corporate structure to a complex set of interlocking companies.

78.     The flow of funds through RBT illuminates the structure of these interlocking companies.

79.     Based upon information and belief, when an RBT customer pays for an RBT product—including an FRT-15—by credit card, RBT uses Chase Paymentech, a payment processing business of JP Morgan Chase, a company with headquarters in New York City.  If an

RBT customer chooses to pay for an RBT product by way of wire transfer, RBT instructed the customer to wire the funds to JP Morgan Chase in New York.  RBT sold the FRT-15 both to consumers as well as to dealers who would then resell them to consumers.  RBT directed its dealers to make payment to RBT by way of wire transfer.

80.     Money that comes into RBT flows out in three streams.  Based upon information and belief, one stream is to an individual who handles customer support for the company.  A second stream is to a company that provides marketing services to RBT.

81.     The third stream of money from RBT flows to XYZ Distribution LLC (XYZ).  XYZ is also known as XYZ Distrubution [*sic*].  It is also known as RB Trig LLC.  Based upon information and belief, "XYZ Distrubution" was purposely misspelled in order to mislead possible investigations.

82.     From XYZ, the flow of funds splits into three more streams.  One stream flows (or flowed) to 3rd Gen Machine, a  company that manufactured the FRT-15.

83.     A second stream flows to ABC IP, LLC, and a third stream flows to DEF Consulting LLC.  But for a small amount of money that flows to a company for a royalty payment, the two streams through ABC IP and DEF Consulting all end up at the same four places: (1) LAD, LLC, owned by Defendant DeMonico; (2) Leleux, LLC (Leleux), owned by a former owner of RBT; (3) An 1861 LLC, owned by Defendant Maxwell; and (4) Spider Hole, LLC (Spider Hole), owned by a former owner of RBT.

84.     The payments to these companies are made to appear to be for consulting services.  They are not.  Invoices for "consulting"—even invoices for reimbursement for "mileage"— obscure the fact that Defendants DeMonico, Maxwell, and the owners of Leleux and Spider Hole own or otherwise control RBT.

85.     Defendants DeMonico, Maxwell, and the owners of Leleux and Spider Hole agreed to create the system through which they control RBT and through which money from sales of FRT-15s and WOTS flows to RBT and them.

**B.      The RBT FRT-15**

86.     Defendants formed RBT with the specific purpose of manufacturing and selling the FRT-15.

87.     The FRT-15 is a trigger assembly that turns the AR-15 semi-automatic firearm—used in over half a dozen mass shootings in the last decade—into an even deadlier firearm.

88.     A firearm equipped with an FRT-15 will automatically fire multiple rounds with the single pull of the trigger.

89.     The path RBT took to sell the FRT-15—a path hidden from the ATF and RBT's own customers—began with the AR1 trigger system, a product of Company A.

90.     Defendants had been looking for such a trigger to sell; they found it in the AR1. Defendant DeMonico stated that "along the way we kind of happened across this technology."

91.     In 2017, Company A submitted the AR1 to ATF for classification. The AR1 is a forced reset trigger meant for use in AR-15 type firearms. The AR1 is a set of components that, once assembled, are meant to replace the traditional trigger in an AR-15 type firearm.

92.     On August 28, 2018, ATF sent a letter to Company A. In the letter, ATF stated that the AR1 forced reset trigger was a machinegun. That is, as designed, the AR1 would convert an AR-15 style firearm into a machinegun.

93.     Additional refinements were made to the forced reset trigger, and Company A obtained a patent for the design, U.S. Patent #10,514,223 (the '223 patent). The '223 patent provided a "drop-in" solution for its forced reset trigger concept and is solely intended for use in

AR-15-style firearms.  The '223 patent was otherwise designed to function no differently from the AR1, which ATF had classified as a machinegun.  The '223 patent represents a modular forced reset trigger assembly (i.e., the AR1 already assembled with slightly different parts), ready to drop into an AR-15-style firearm.  The "drop-in" nature of the design allowed for easy and rapid installation into an AR-type firearm by a person with ordinary skills utilizing commonly available tools.  Further, while the AR1 was designed to function with a modified bolt, the '223 was designed to function with an off-the-shelf bolt carrier designed for fully automatic M16-type firearms.  Such bolts are widely available and are generally marketed as "M-16 bolts," Mil Spec bolts," "machinegun cut bolts," and/or "full auto bolts."[7]

94.     In May 2020, just after RBT was formed, Company A assigned the '223 patent to RBT.

95.     Defendant DeMonico "handled the acquisition" of the '223 patent.  RBT then assigned/sold the '223 patent to ABC IP LLC, a Delaware limited liability company, after which RBT would pay ABC IP LLC a royalty or licensing for each trigger sold.

96.     The FRT-15 is the commercial embodiment of the '223 patent.  And the FRT-15 functions the same way as the AR1.  Just like the AR1, the FRT-15 allows the firearm to fire automatically, with a single constant rearward pull, until the trigger is released, the firearm malfunctions, or the firearm exhausts its ammunition supply.

97.     Prior to beginning its sales for the FRT-15, RBT followed an unusual path.

98.     As Defendant DeMonico has acknowledged publicly, it would be customary for a seller of a product like the FRT-15 to submit the product to ATF and ask that ATF analyze and

---

[7] The M-16 is the U.S. Military designation for a series of machineguns based on the ArmaLite AR-15 machinegun.

classify the product.  In other words, it would be customary for a seller of a product like the FRT-15 to ask ATF whether the product is a machinegun under the relevant law.  That is what Company A did with the AR1.

99.     But Defendants chose not to submit the FRT-15 to ATF for classification prior to initiating sales of the FRT-15.  Instead, RBT sought opinions on the matter from former ATF employees who had gone to the private sector, one of whom had submitted the AR1 to ATF for classification.  These individuals asserted that the FRT-15 was not a machinegun.

100.     Defendants have touted these opinions in an effort  to convince wary customers that the FRT-15 is legal.  In doing so, Defendants have deliberately failed to disclose critical facts to customers concerning the illegality of RBT's sale of the FRT-15.

101.     For instance, RBT did not tell its customers the fact that ATF had determined that the FRT-15's predecessor product was a machinegun.  Nor did RBT share with its customers the fact that it had not sought an ATF classification of the FRT-15 prior to offering it for sale.  But RBT went ahead with selling the FRT-15s to its customers anyway.

102.     According to Defendant DeMonico, RBT was the only company that had the "balls" to sell the FRT-15.  He went on to say that "when the shit hits the fan . . . like how many people are going to turn tail and run or hide?  Well, that wasn't me."

103.     RBT claimed that it was the first company to bring a forced reset trigger of a type like the FRT-15 to the market.  In or about December 2020, RBT started selling the FRT-15 nationwide through its website (www.rarebreedtriggers.com), the websites of third-party vendors, and in third-party vendors' brick-and-mortar stores.

104.     RBT's website was, and remains, accessible in New York and nationwide.

20

509

105.     RBT customers are, and have been able to, place orders with RBT from New York. For instance, on November 29, 2022, ATF Special Agents, while physically located in the Eastern District of New York, placed orders for WOTs directly from RBT's website.  The orders were shipped from RBT in North Dakota by way of the USPS.  ATF received the WOTs on December 6, 2022, in Pennsylvania.

106.     Defendants have claimed that they do not ship their products directly to certain states, including to New York. But Defendants know that that they transact with and supply FRT-15s to dealers that choose to sell in those states.

107.     Third-parties—including dealers—have sold and shipped FRT-15s to customers in New York.

108.     On the RBT website, RBT states, in the "description" for the FRT-15, that "[t]he FRT-15 is exclusively manufactured and sold by Rare Breed Triggers."   Underneath the description and the product details, RBT notes "US Pat. 10514223."

109.     RBT sold at least 10,000 FRT-15s within the first three months of selling the FRT-15.  RBT maintains records showing the daily sales of its FRT-15.

110.     In 2021, RBT sold the FRT-15 on its website for $380.00.

111.     RBT does not permit refunds on its website of the FRT-15.

112.     ATF estimates that in excess of 80,000 FRT-15s are in circulation today.  ATF further estimates that RBT sales generated in excess of $29,000,000 in revenue.

113.     According to Defendant Maxwell, in the last three months of 2021, RBT was selling FRT-15s at the rate of 1000 to 3000 per week.

**C.**     **ATF Determined that the RBT FRT-15 is a Machinegun**

114.     On or about April 1, 2021, ATF's Internet Investigations Center initiated a referral to make an undercover purchase of an FRT-15 from RBT.

115.     ATF was not able to obtain a FRT-15 until late May 2021.  The delay was due to the FRT-15 being sold out on RBT's website.  ATF ultimately purchased the FRT-15 from a third-party seller.

116.     Upon receipt of the FRT-15—which was imprinted with "Rare Breed – Triggers – US Pat. 10514223" but which did not contain a serial number—ATF sent it to FATD for examination.

117.     FATD determined that the FRT-15 is a combination of parts designed and intended for use in converting a weapon into a machinegun.  Thus, on July 15, 2021, ATF classified the FRT-15 as a machinegun as defined by the NFA and the GCA.[8]

118.     The examination report noted that the FRT-15 trigger is forced forward and held in its forward position by the locking bar, and as the "bolt carrier continues to move forward, it strikes the rear surface of the locking bar releasing the trigger."

119.     In reaching its conclusion that the FRT-15 was a machinegun, ATF explained that in a typical semiautomatic firearm, the shooter must release and pull the trigger to fire additional rounds.  ATF determined that for a firearm assembled with the FRT-15, no such release and subsequent pull by the shooter is necessary to fire multiple rounds.  Instead, the shooter using an FRT-15 may fire multiple rounds merely by maintaining the initial trigger pull and allowing the self-acting internal mechanism to complete its automatic cycle of operation.

---

[8] ATF conducted a similar examination of the WOT and, in October 2021, classified the WOT as a machinegun.

120.    Notably, a part of ATF's testing of an FRT-15, a firearm equipped with an FRT-15 fired multiple rounds automatically utilizing a simple zip-tie to simulate the act of pulling the trigger and retaining it in its rearmost position. Upon loading the firearm, the bolt was released to initiate the test-firing sequence and the firearm fired multiple rounds automatically until its ammunition supply was exhausted without any additional human interaction. ATF repeated that test utilizing a locking galvanized steel aircraft cable seal. Again, the weapon fired multiple rounds automatically until its ammunition supply was exhausted.  It could be said that, with the FRT-15, a weapon can run "wide open" all on its own.

121.    In addition, ATF testing revealed that a firearm equipped with an FRT-15  can fire more quickly—that is, more rounds per minute—than an originally-manufactured military specification M-16 machinegun.

122.    Because the FRT-15 is a machinegun, it is subject to the GCA prohibitions regarding the possession, transfer, and transport of machineguns.  It is also subject to registration, transfer, taxation, and possession restrictions under the NFA.  Under 26 U.S.C. § 5871, any person who violates or fails to comply with the provisions of the NFA shall be fined $10,000 per violation and is subject to imprisonment for a term of up to 10 years.  Further, pursuant to 26 U.S.C. § 5872, any machinegun possessed or transferred in violation of the NFA is subject to seizure and forfeiture.

**D.      In Accordance With  Law, ATF Classified   the FRT-15 as a Machinegun and Gave Notice to the Defendants**

123.    On July 27, 2021, ATF met with and hand delivered a cease-and-desist letter to Defendant Maxwell addressed to RBT (the July 26, 2021 Letter).  The meeting was at ATF's Orlando III Field Office located at 135 West Central Blvd, Suite 740, Orlando, Florida 32801.

124.    As set forth in the July 26, 2021 Letter, ATF informed RBT that the FRT-15 is a machinegun.

125.    The July 26, 2021 Letter further informed RBT that "[b]ecause the FRT-15 is properly classified as a 'machinegun' [RBT] must immediately take the following actions: (1) Cease and desist all manufacture and transfer of the Rare Breed Trigger FRT-15 [and] (2) contact ATF within 5 days of receipt of this letter to develop a plan for addressing those machineguns already distributed."

126.    ATF noted that the NFA levies a $200 tax on each firearm made and an additional $200 tax on each firearm transferred pursuant to 26 U.S.C. §§ 5811, 5821.  ATF further noted that RBT may be liable for a $200 making tax and a $200 transfer tax on each FRT-15 made and transferred.

127.    ATF concluded the July 26, 2021 Letter by stating that "[f]or public safety reasons, [RBT's] cooperation in this matter is essential."  The July 26, 2021 Letter stated that RBT's failure to cease-and-desist "may result in (1) law enforcement action by ATF, including a referral of this matter to the United States Attorney's Office for criminal prosecution; (2) tax assessment and collection; and/or (3) seizure and forfeiture of the firearms and property involved in violations of Federal law."

128.    During the July 27, 2021 meeting, ATF officials reiterated to Defendant Maxwell that the FRT-15 is a machinegun and again directed RBT to cease-and-desist activities related to the distribution of the FRT-15.

129.    Also during the meeting, Defendant Maxwell said that he was not surprised by the ATF determination.  He added that he believed that the ATF would have tried to stop RBT from selling the FRT-15 sooner than it had.

**E.**   **Defendants Have Continued to Sell the FRT-15 Despite Failed Legal Challenge to the Classification that it is a Machinegun**

130.   RBT brought suit against the ATF on August 2, 2021.

131.   Docketed as *Rare Breed Triggers, LLC v. Garland*, No. 21-1245 in the Middle District of Florida (the Florida Litigation), the lawsuit challenged the classification of the FRT-15 as a machinegun and sought a temporary restraining order (TRO) and a preliminary injunction (PI) to stop the ATF from classifying the FRT-15 as a machinegun.

132.   The Florida Litigation failed.  The U.S. District Court denied the TRO on August 5, 2021, denied the PI on October 12, 2021, and dismissed the case altogether on October 28, 2021, as the parties failed to follow certain local procedural rules.  RBT did not appeal the ruling.

133.   During the course of the Florida Litigation, there were threats against the ATF and the Court itself.

134.   On August 27, 2021, the ATF received a phone call.  The caller stated "It's treasonous . . . When are you going to stop trampling on our Second Amendment rights? We're coming down . . .  Coming down to ATF, your office.  We are going to assemble. Going to assemble and protest at the office.  We are bringing the rocket launcher."

135.   The August 27, 2021 phone call, including the reference to a "rocket launcher," originated from a phone number associated with Defendant Maxwell's law office.

136.   At the start of a hearing in the Florida Litigation, the court stated that it had been receiving threats concerning the litigation.  Without accusing any of the litigants before him, the district court judge called the harassment "inappropriate" and added that such activity "impugns this process."

137.   During the time of the failed Florida Litigation, the individual Defendants nonetheless made clear that they had no intention of complying with the ATF.

138.    In a September 29, 2021, video interview, Defendant DeMonico stated that his RBT colleagues met to discuss how to respond to ATF.   They decided that the proper response to ATF's cease-and-desist letter was "Fuck them."

139.    Similarly, an original former owner of RBT who is still actively involved with the company, openly stated that he would not comply with the ATF cease and desist letter, or a court for that matter, and would continue to illegally sell the FRT-15.  He further stated that he would go to jail if he had to, rather than stop selling the FRT-15.

## F.    ATF Gave Further Notice to Defendants

140.    At the same time as the Florida Litigation, ATF purchased an additional FRT-15 from the RBT website.

141.    ATF examined the additional FRT-15 it purchased.  Again, in October 2021, it confirmed its original determination that the FRT-15 is a machinegun.

142.    Given RBT's express refusal to stop selling the FRT-15, as confirmed by its position in the dismissed Florida Litigation, ATF sent another letter to RBT.

143.    In that letter, dated November 15, 2021, and addressed to Defendant Maxwell, the ATF again  gave notice that the FRT-15 is a machinegun.  It reiterated to Defendants Maxwell and RBT that a machinegun like the FRT-15 is subject to registration, taxation, and possession restrictions under the NFA.

144.    The letter further noted that a machinegun like the FRT-15 is subject to the GCA, and is subject to prohibitions regarding the possession, transfer, and transport of such weapons.

145.    The letter concluded by reminding Defendants Maxwell and RBT that ATF had provided them with a cease-and-desist letter in July 2021, and that the continued manufacture and

26

transfer of FRT-15s exposed them to criminal prosecution, tax assessments and collections, and the seizure and forfeiture of firearms and property.

146.     Still, RBT continued to sell the FRT-15.

**G.     ATF Attempted to Stop the Sale of FRT-15s by Focusing on the Manufacturer**

147.     ATF learned that a company called 3rd Gen Machine, Inc., located in Utah, manufactured and distributed the FRT-15 for RBT.

148.     3rd Gen Machine was also  a drop shipper for RBT.  That is, when a customer placed an order for an FRT-15 from RBT, RBT communicated that order to 3rd Gen Machine, which would then ship the product via the common carrier to the customer.

149.     ATF visited 3rd Gen Machine in January 2022.  It informed the company that the FRT-15 is a machinegun.  It also provided the company with a cease-and-desist letter.

150.     Like RBT, 3rd Gen Machine ignored ATF's cease-and-desist letter, and chose to continue to manufacture and distribute the FRT-15.

151.     ATF thus obtained a warrant to search 3rd Gen Machine in Utah concerning the FRT-15.  ATF executed the warrant in March 2022.  Among other things, ATF seized parts and components that were intended to be used to manufacture FRT-15s.

**H.     RBT Continued to Sell the FRT-15 Despite the Court Ordered 3rd Gen Machine Warrant**

152.     Despite the fact that its manufacturer and shipper had just been the subject of a court authorized search and seizure, RBT continued to take steps to sell FRT-15s.

153.     Defendant DeMonico traveled to 3rd Gen Machine to grab what he could for RBT. On April 14, 2022, he stormed into the 3rd Gen facility without authorization. Defendant DeMonico told the General Manager of 3rd Gen, "I'm here to take my shit [FRT-15s]."   The

General Manager told him not to take the items and advised him that ATF was coming to take them.  Defendant DeMonico scoffed, "I don't care."

154.    The 3rd Gen general manager told DeMonico that he planned to call ATF. Defendant DeMonico told the general manager not to do so until after Defendant DeMonico had left 3rd Gen.

155.    Defendant DeMonico proceeded to load boxes that contained FRT-15s and component parts—products that 3rd Gen had set aside to hand over to ATF—into a U-Haul van, and drove off.

156.    Defendant DeMonico got as far as New Mexico, where he was stopped by ATF and local authorities on April 15, 2022.  During that interdiction, ATF seized from Defendant DeMonico just under 1,000 FRT-15s and over 15,000 parts and components meant to assemble even more FRT-15s.

## I.    RBT's Additional Litigation

157.    In May 2022, RBT sued ATF a second time, this time in the District of North Dakota.

158.    RBT had filed articles of incorporation in North Dakota less than two weeks after the court dismissed its Florida litigation.

159.    The North Dakota litigation, docketed as *Rare Breed Triggers, LLC v. Garland*, No. 22-85, fared no better than RBT's Florida litigation.  The court dismissed the case in November 2022 as having been filed in an improper venue.  RBT did not appeal the ruling.

160.    In addition to its lawsuit against ATF, RBT also sued a series of companies, in several jurisdictions, claiming that these companies had violated one or more patents for the FRT-15, including against the importer and distributor of the WOT.

161.    The WOT functions in the same way as the FRT-15 and has also been  classified as a machinegun.

162.    RBT resolved most, if not all, of these patent suits.  The resolutions—reached in October 2022—prohibit RBT's competitors from selling certain products.  It is not apparent from the litigation what did or would happen to the inventory of products that these competing companies held or controlled, though shortly thereafter, RBT began distributing the WOT.

**J.    RBT's Sales Continue**

163.    Despite ATF's determinations, Defendants have continued to sell and advertise the FRT-15, on its website, the websites of third-party vendors, and in third-party vendors' brick-and-mortar stores.  It has continued to sell and advertise the WOT on its website.

164.    Defendants know that FRT-15s and WOTs are being sold to customers in every state, including in New York.

165.    Defendants expect, or should reasonably expect, that their sale of the FRT-15 and WOTs has legal consequences in New York City and on Long Island, especially given that machineguns are generally prohibited.

166.    Defendants receive substantial revenue from interstate commerce from the sales of FRT-15s and WOTs

167.    Sales of the FRT-15 and WOT have been made via telephone and internet, and through the mails.

168.    As of January 17, 2023, RBT states on its website that "in spite of what you may have heard, seen, or understood," the FRT-15 "is not a machinegun under the [NFA] or the [GCA]."

169.     On RBT's website, a former ATF official claims in a video that the FRT-15 is "absolutely not" a machinegun.

170.     Defendant DeMonico concedes in a video that RBT distributed that RBT was "brazen in [its] noncompliance" with ATF's cease-and-desist requests, as he was certain that the FRT-15 was not a machinegun.

171.     On that same video, Defendant DeMonico states that there are a "handful of 'gun tubers' and other 'henny pennies' that have been screaming that the sky is falling" after learning about ATF's cease-and-desist requests.

172.     Defendant DeMonico also states that the cease-and-desist letter served on RBT has "zero relevance to anyone that may have purchased and currently possesses an FRT-15."

173.     Defendant DeMonico falsely states on RBT's website that no one who has purchased an FRT-15 is affected by ATF's cease-and-desist request served on RBT.

174.     Defendant DeMonico falsely states on RBT's website that ATF has no authority to "address FRTs that are currently in circulation" until RBT's now-defunct lawsuit is fully litigated.

175.     Indeed, upon information and belief, purchasers of the FRT-15 were under the misimpression that the FRT-15 was legal.

176.     The Defendants knew that their customers were concerned about the legality of the FRT-15.  For instance, in text messages between and among two or more conspirators, RBT employees discussed how to respond to customer questions about whether the FRT-15 was a legal product.

177.     As recently as November 22, 2022, RBT sent out a marketing email.  It stated that "As crazy as it might sound, we have WOTs for sale.  And you assuredly have questions but unfortunately, we can't really answer them. We can't tell you where these came from and . . .  we

can't tell you why we can't tell you but rest assured, these are real WOTs.  Notwithstanding the cloak and dagger, these WOTs are the property of RBT and they are available now at a ridiculously huge discount."

178.    The email further stated that "[t]he money raised by the sales of these WOTs will be used to fund litigation in the following order, based on availability of funds and the evaluation on a case by case basis: 1. Litigation by RBT against the DOJ/ATF, 2. to assist individuals who have been wrongfully accused of a crime for possession of an FRT-15; 3. and to seek the return of property (FRT-15s) wrongfully taken from individuals by the ATF."

179.    The RBT email noted that they were selling the WOT for $199.00, a steep $150.00 discount from the regular price of $349.00.  RBT called it a "FIRE SALE."

180.    The same day that RBT sent out the email, Defendant DeMonico opened a postage meter with the USPS.

181.    RBT then used the postal meter to prepare shipping labels, which RBT affixed to the packages containing the WOTs it shipped to its customers.

182.    The shipping labels indicated that the package was coming from "Red Beard Treasures."  The address listed for "Red Beard Treasures" was RBT's office in North Dakota, 3523 45th Street South, Suite 100 Fargo, North Dakota 58104.

183.    Nowhere on the outside of the packages containing WOTs was there any indication that the package was from RBT or "Rare Breed Triggers" or that the package contained a machinegun.

184.    Inside the package, there was a disclaimer titled "Waiver and Release" that indicates that Florida law applies to any dispute.

185.     Nowhere, however, was there any indication that ATF has classified this device as a machinegun.

186.     With respect to the sale of the WOTs, on or about November 25, 2022, Defendant DeMonico posted information in a Facebook group "Fostech Echo, BFS Binary, & Rare Breed FRT Trigger Group" informing the purchasers that their orders were being processed.

187.     As of January 17, 2023, RBT's website listed the FRT-15 as being "out of stock" but noted that customers can "join the waitlist to be emailed when this product becomes available."

188.     Third-party vendors and re-sellers continue to advertise FRT-15s and WOTs for sale.

## K.     ATF's Efforts to Recover FRT-15s

189.     Given ATF's classification of "machineguns" under the NFA and GCA, ATF has sought to take appropriate remedial action with respect to sellers and possessors of FRT-15s.

190.     In ATF's 2022 Open Letter, ATF stated that "[c]urrent possessors of [forced reset triggers] are encouraged to contact ATF for further guidance on how they may divest possession." ATF added that if customers were "uncertain whether the device [they] possess is a machinegun as defined by the GCA and NFA, please contact [their] local ATF Field Office."

191.     Consistent with ATF's 2022 Open Letter, ATF has sought, on a nationwide basis, to recover FRT-15s and WOTs as part of its mandate to administer and enforce federal firearms laws, including laws related to machineguns.

192.     Upon learning that the FRT-15 is illegal, multiple customers have agreed to abandon their purchased FRT-15 property to ATF.  Some of these customers are in the Eastern District of New York.

193.     Some dealers stopped selling FRT-15s after learning that ATF had classified the FRT-15 as machineguns.

194.     Notwithstanding the ATF efforts, there are tens of thousands of FRT-15s and WOTs in the public domain, presenting a continuing threat to public safety.

## FIRST CLAIM FOR RELIEF
### (Injunction to Stop Conspiracy to Defraud the United States – 18 U.S.C. § 371)

195.     The United States realleges and incorporates by reference paragraphs 1 through 194 of this Complaint as though fully set forth herein.

196.     The United States seeks to prevent continuing and substantial injury to the United States due to Defendants' actions, to wit: from 2020 through the present, Defendants have knowingly and intentionally conspired to defraud the United States by impeding, impairing, obstructing, and defeating the lawful Government functions of the ATF in their regulation of machineguns under the NFA and the GCA.

197.     By reason of the conduct described herein, Defendants violated, are violating, and are about to violate 18 U.S.C. § 371 by conspiring to defraud the United States, or any agency thereof and have done or are doing acts to effect the object of the conspiracy.

198.     Upon a showing that Defendants are committing or about to commit conspiracy to defraud the United States, the United States is entitled, under 18 U.S.C. § 1345, to a temporary restraining order, a preliminary injunction, and a permanent injunction restraining all future fraudulent conduct and any other action that this Court deems just in order to prevent a continuing and substantial injury to the United States.

199.     As a result of the foregoing, Defendants' conduct should be enjoined pursuant to 18 U.S.C. § 1345.

## SECOND CLAIM FOR RELIEF
### (Injunction to Stop Mail Fraud – 18 U.S.C. §§ 1341)

200.    The United States realleges and incorporates by reference paragraphs 1 through 199 of this Complaint as though fully set forth herein.

201.    By reason of the conduct described herein, Defendants violated, are violating, and are about to violate 18 U.S.C. § 1341 by executing schemes or artifices to defraud, or for obtaining money or property by means of false or fraudulent pretenses with the intent to defraud, and in so doing, transmitting or causing to be transmitted by means of the United States mail.

202.    Upon a showing that Defendants are committing or about to commit mail fraud, the United States is entitled, under 18 U.S.C. § 1345, to a temporary restraining order, a preliminary injunction, and a permanent injunction restraining all future fraudulent conduct and any other action that this Court deems just in order to prevent a continuing and substantial injury to the United States.

203.    As a result of the foregoing, Defendants' conduct should be enjoined pursuant to 18 U.S.C. § 1345.

## THIRD CLAIM FOR RELIEF
### (Injunction to Stop Wire Fraud – 18 U.S.C. § 1343)

204.    The United States realleges an incorporates by reference paragraphs 1 through 203 of this Complaint as though fully set forth herein.

205.    By reason of the conduct described herein, Defendants violated, are violating, and are about to violate 18 U.S.C. § 1343 by executing or conspiring to execute schemes or artifices to defraud, or for obtaining money or property by means of false or fraudulent pretenses with the intent to defraud, and in so doing, transmitting or causing to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, writings, signs, signals, pictures, or sounds for the purpose of executing such schemes or artifices.

206.    Upon a showing that Defendants are committing or about to commit wire fraud, the United States is entitled, under 18 U.S.C. § 1345, to a temporary restraining order, a preliminary injunction, and a permanent injunction restraining all future fraudulent conduct and any other action that this Court deems just in order to prevent a continuing and substantial injury to the United States.

207.    As a result of the foregoing, Defendants' conduct should be enjoined pursuant to 18 U.S.C. § 1345.

<u>**FOURTH CLAIM FOR RELIEF**</u>
**(Injunction to Stop Conspiracy to Commit Mail Fraud – 18 U.S.C. § 1349)**

208.    The United States realleges an incorporates by reference paragraphs 1 through 207 of this Complaint as though fully set forth herein.

209.    By reason of the conduct described herein, Defendants violated, are violating, and are about to violate 18 U.S.C. § 1349 by conspiring to execute schemes or artifices to defraud, or for obtaining money or property by means of false or fraudulent pretenses with the intent to defraud, and in so doing, transmitting or causing to be transmitted by means of the United States mail.

210.    Upon a showing that Defendants are committing or about to commit conspiracy to commit mail fraud, the United States is entitled, under 18 U.S.C. § 1345, to a temporary restraining order, a preliminary injunction, and a permanent injunction restraining all future fraudulent conduct and any other action that this Court deems just in order to prevent a continuing and substantial injury to the United States.

211.    As a result of the foregoing, Defendants' conduct should be enjoined pursuant to 18 U.S.C. § 1345.

**FIFTH CLAIM FOR RELIEF**
**(Injunction to Stop Conspiracy to Commit Wire Fraud – 18 U.S.C. § 1349)**

212.    The United States realleges an incorporates by reference paragraphs 1 through 211 of this Complaint as though fully set forth herein.

213.    By reason of the conduct described herein, Defendants violated, are violating, and are about to violate 18 U.S.C. § 1349 by conspiring to execute schemes or artifices to defraud, or for obtaining money or property by means of false or fraudulent pretenses with the intent to defraud, and in so doing, transmitting or causing to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, writings, signs, signals, pictures, or sounds for the purpose of executing such schemes or artifices.

214.    Upon a showing that Defendants are committing or about to commit conspiracy to commit wire fraud, the United States is entitled, under 18 U.S.C. § 1345, to a temporary restraining order, a preliminary injunction, and a permanent injunction restraining all future fraudulent conduct and any other action that this Court deems just in order to prevent a continuing and substantial injury to the United States.

215.    As a result of the foregoing, Defendants' conduct should be enjoined pursuant to 18 U.S.C. § 1345.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff United States of America requests the following relief:

A.    That the Court issue a temporary restraining order, pursuant to 18 U.S.C. § 1345, pending a hearing and determination on the United States' application for a preliminary injunction, that Defendants, their agents, officers and employees, and all other persons and entities in active concert or participation with them are temporarily restrained from:

i.    conspiring to defraud the United States, as defined by 18 U.S.C. § 371;

ii.     committing mail fraud, as defined by 18 U.S.C. § 1341;

iii.     committing wire fraud, as defined by 18 U.S.C. § 1343;

iv.     conspiring to commit mail fraud, as defined by 18 U.S.C. § 1349;

v.     conspiring to commit wire fraud, as defined by 18 U.S.C. § 1349;

vi.     engaging in any sales of the FRT-15, the Wide Open Trigger, and/or any forced reset trigger or other machinegun conversion device until and unless otherwise ordered by this Court; and

vii.     be required to preserve all documents related to the manufacture, possession, receipt, transfer, and/or sale of the FRT-15s, Wide Open Triggers, forced reset triggers, and/or machinegun conversion devices and components thereof.

B.     That the Court issue a preliminary injunction on the same basis and to the same effect as the temporary restraining order, and also order the following:

i.     permit expedited discovery, in advance of a preliminary injunction hearing, related to Defendants' manufacture, possession, receipt, transfer, and/or sale of FRT-15s, Wide Open Triggers, forced reset triggers, and/or machinegun conversion devices;

ii.     require that Defendants assist in identifying, locating, and recovering all FRT-15s and Wide Open Triggers that have not yet been recovered;

iii.     require that Defendants pay restitution to any person who purchased an FRT-15 or Wide Open Trigger; and

iv.     require an accounting by an independent entity—paid for by Defendants— concerning Defendants' manufacture, possession, receipt, transfer, and/or sale of FRT-15s, Wide Open Triggers, forced reset triggers, and/or machinegun conversion devices, and components thereof to assist in determining the amount of

unpaid taxes owed to the Government and money owed to individual consumers

for all FRT-15s, Wide Open Triggers, forced reset triggers, and/or machinegun

conversion devices sold by Defendants.

C.      That the Court issue a permanent injunction on the same basis and to the same effect.

D.      That the Court order such other and further relief as the Court shall deem just and

proper.

Dated:      Brooklyn, New York
            January 19, 2023

                                        BREON PEACE
                                        United States Attorney
                                        Eastern District of New York
                                        271 Cadman Plaza East
                                        Brooklyn, New York 11201

                        By:     _____/s/_____

                                        Michael Blume
                                        Joseph Marutollo
                                        Paulina Stamatelos
                                        Assistant United States Attorneys
                                        Eastern District of New York
                                        Tel. (718) 254-7000

```
 1                IN THE UNITED STATES DISTRICT COURT

 2              FOR THE NORTHERN DISTRICT OF TEXAS

 3                      FORT WORTH DIVISION

 4

 5   NATIONAL ASSOCIATION FOR  )
     GUN RIGHTS, INC., et al., )
 6                             )
          Plaintiffs,          ) CASE NO. 4:23-CV-00830-O
 7                             )
     VS.                       ) FORT WORTH, TEXAS
 8                             )
     MERRICK GARLAND, et al.,  )
 9                             )
          Defendants.          ) OCTOBER 2, 2023
10

11                      VOLUME 1 OF 1
               TRANSCRIPT OF EVIDENTIARY HEARING
12            BEFORE THE HONORABLE REED C. O'CONNOR
               UNITED STATES DISTRICT COURT JUDGE
13

14   A P P E A R A N C E S:

15

     FOR THE PLAINTIFFS: MR. MICHAEL COLUMBO
16                       DHILLON LAW GROUP
                         177 Post Street, Suite 700
17                       San Francisco, CA  94108
                         Telephone:  415.944.4996
18
                         MR. DAVID WARRINGTON
19                       MR. GARY LAWKOWSKI
                         DHILLON LAW GROUP
20                       2121 EISENHOWER AVENUE, SUITE 608
                         Alexandria, VA  22314
21                       Telephone:  703.574.1206

22                       MR. BENJAMIN H.B. SLEY
                         EGGLESTON KING DAVIS, LLP
23                       102 Houston Avenue, Suite 300
                         Weatherford, TX  76086
24                       Telephone:  408.636.3438

25
```

1    manufacturer?

2         A.   Yes.  The owner of the FRT-15, the Rare Breed

3    Triggers Company.

4         Q.   Did you reach an opinion?

5         A.   I did.

6         Q.   How did you reach that opinion?

7         A.   I traveled to his location, examined the trigger

8    that was outside of the gun, examined the firearm, which had

9    one of the triggers installed on it, test fired it, looked

10   at diagrams and videos, familiarized myself with the way it

11   operates.

12        Q.   And what would you reach as a conclusion?

13        A.   That it is not a machinegun.  Absolutely not.

14        Q.   Is it a semiautomatic automatic trigger?

15        A.   It is just that.

16        Q.   How does an FRT-15 differ from the semiautomatic

17   AR-15 trigger that you just discussed for us?

18        A.   The absolute only difference between the two is

19   that the trigger is reset, forced into a reset position, in

20   a regular AR-15 by a spring.  And in the FRT it's forced

21   into the reset position by the hammer.

22             All AR-15s are forced reset triggers.  In a

23   standard AR-15, it's a spring that forces the trigger to

24   reengage with the hammer.  Whereas, in the FRT-15, the

25   hammer pushes down on the trigger and forces it to pivot

 1   back forward into that original position.

 2        Q.   So in both an FRT-15 and the traditional AR-15,

 3   what needs to happen for the trigger to move rearward enough

 4   to release the hammer?

 5        A.   The shooter has to make another rearward pull of

 6   the trigger enough distance that it disengages from the

 7   hammer.

 8        Q.   In both devices, does the trigger need to reset in

 9   between each shot?

10        A.   It has to.  Mechanical necessity for it to

11   operate.

12        Q.   Because it's necessary to reset to reengage with

13   the hammer?

14        A.   Yes.

15        Q.   Can either an FRT-15 or a traditional AR-15

16   trigger fire a second shot without first resetting?

17        A.   No.

18        Q.   Let's go to Exhibit A to the point where the

19   FRT-15 video is again.  Okay.  Leave it paused at the

20   beginning for a moment.

21             Okay.  So, Mr. O'Kelly, you were describing to us

22   the FRT-15's function.  Do you recognize what is on the

23   screen right now, which is still within Exhibit A?

24        A.   Yes.  This is the same type of diagram, only with

25   an FRT-15 type trigger, rather than the conventional

1    bullet is fired from the gun, right?

2         A.   Yes.

3         Q.   The hammer then returns to be engaged by the

4    trigger sear surface, right?

5         A.   That's only after the user manually reduces

6    pressure.  The mechanism is designed so that the

7    disconnector will capture it and hold it there indefinitely.

8              So the step of it returning to the trigger is only

9    done after the user takes manual action.  The mechanism is

10   not designed to do that.

11        Q.   Okay.  And in an FRT-15 though, the trigger is

12   reset where the trigger reengages the hammer, correct?

13        A.   Yes, the internal mechanism of the system is

14   designed to do that automatically for you.

15        Q.   There comes a point in time when the trigger is

16   held in place, in its forward reset position, by the locking

17   bar, right?

18        A.   Yes.

19        Q.   At that point in time, when the trigger has been

20   forced forward and it's held in place by the locking bar,

21   the user can't pull the trigger rearwards, right?

22        A.   They can pull the trigger rearwards.  They cannot

23   move the trigger rearwards.  I can apply pressure to the

24   trigger and put weight on the trigger, but the trigger will

25   not move.  But, yes, I can pull the trigger at that point.

1    Q.   Subsequently, after the locking bar releases the

2    trigger, a user can pull the trigger rearward causing the

3    trigger to release the hammer which hits the firing pin and

4    causes the weapon to fire again, right?

5    A.   Yes, the user can continue to move the trigger

6    rearward.

7    Q.   But for the trigger to release the hammer and for

8    the gun to fire again, that trigger must move rearward?

9    A.   Yes, it must.

10   Q.   And the only force that moves that trigger

11   rearward comes from the user's finger, right?

12   A.   Yes, that's correct.

13   Q.   So just to sum up, for every shot fired by an

14   FRT-15, the trigger must move rearward to release the

15   hammer?

16   A.   Yes, that's correct.

17   Q.   Let's talk about an M16 for a moment.  An M16

18   machinegun has a part called an auto sear, correct?

19   A.   Yes.

20   Q.   After a trigger initially moves and releases the

21   hammer, the auto sear can then repeatedly release the hammer

22   to fire multiple shots without the trigger moving again,

23   correct?

24   A.   Yes, that's correct.

25   Q.   And that's different than an FRT-15, correct,

1    you hold the trigger rearwards and keep it there, right?

2         A.   Yes.  In an M16, the trigger does not move after

3    it initiates the sequence.

4         Q.   And the trigger doesn't reset?

5         A.   That's correct.

6         Q.   So if you load and fire five rounds from an M16

7    machinegun, the trigger sear surface engages the hammer only

8    once then, right?

9         A.   Yes.

10        Q.   If we take an FRT-15 and we move the trigger to

11   its most rearward position and hold it there and not allow

12   it to move forward to reset, you would agree that it would

13   malfunction, right?

14        A.   Yes, that's correct.  The system is not designed

15   in that manner.  It's designed to move.

16        Q.   And it would only fire one shot then?

17        A.   If you malfunction it?  Yes, it would only fire

18   one shot.

19        Q.   But if you did the same thing with an M16, it

20   would fire all of its rounds, right?

21        A.   That's correct.

22        Q.   Is ease of overcoming the force of a trigger

23   that's being reset, whether by a spring or a mechanism like

24   the FRT-15, is that in the definition of a machinegun in the

25   statute?

 1    injunction that would cover enforcement relating to effort

 2    to use virtually anywhere against anyone.

 3          This is significantly broader than plaintiffs have

 4    asked at the TRO stage.  And if you are, your Honor,

 5    inclined to issue an injunction and to issue an injunction

 6    broader than just individual plaintiffs, the government

 7    would ask that it be limited in two important respects.

 8          First, we would ask that it be limited to

 9    enforcement against individual owners for possession of

10    forced reset triggers.

11          Plaintiffs here are obligated to demonstrate

12    standing for each relief sought and plaintiffs and members

13    are individual small-scale owners of forced reset trigger

14    devices.

15          So plaintiffs cannot demonstrate standing to the

16    extent the injunction -- sorry, I'm getting over a cold --

17    to the extent the injunction would apply to manufacturers,

18    to sellers, or to entities that give public statements or

19    statements to purchasers regarding the legality of FRTs.  It

20    should be only limited to enforcement against small-scale --

21    or against owners.

22          Second, the government would ask that, if an

23    injunction were to issue broader than individual plaintiffs,

24    it be limited to the Northern District of Texas.  The Fifth

25    Circuit and the Supreme Court have recognized that

1    nationwide injunctions should be used sparingly.

2              And as the Fifth Circuit stated in Louisiana v.

3    Becerra, where there is a substantial question presented and

4    being litigated in multiple forums, there is a benefit to

5    allowing competing views to be aired.  That is the situation

6    here.

7              We have the Aidan Lee decision that found that

8    forced reset triggers are very likely to be machineguns.

9    We've had multiple courts of appeals in other jurisdictions

10   respectfully disagree with the Cargill holding.

11             And so, granting a nationwide injunction here

12   would essentially elevate Cargill to be the law of the land

13   even in those other jurisdictions.

14             Finally, I would just ask that, if the Court is

15   inclined to grant an injunction, that it issue an

16   administrative stay for two weeks to allow the government an

17   opportunity to decide if it should seek a stay while pending

18   an appeal.

19             While I'm happy to answer any questions about

20   standing or about scope of relief, given the time, that is

21   all.  Thank you.

22             THE COURT:  Thank you.

23             Counsel.

24             MR. COLUMBO:  Your Honor, plaintiffs are here

25   today because the ATF has been knocking on the doors of

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NATIONAL ASSOCIATION FOR GUN )
RIGHTS, INC., ET AL., )
)                        Civil Action No. 4:23-cv-00830-O
Plaintiffs, )
v. )
)
MERRICK GARLAND, )
IN HIS OFFICIAL CAPACITY AS )
ATTORNEY GENERAL )
OF THE UNITED STATES, ET AL, )
)
Defendants. )

## DECLARATION OF LES LAMBERT

I, Les Lambert, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. The evidence set out in the foregoing Declaration is based on my personal knowledge.

2. I am a member of the National Association for Gun Rights.

3. I reside in West Virginia.

4. On October 2nd 2023, I received a call from an ATF agent who informed me that I was legally obligated to surrender my FRT-15 triggers.

5. Attached hereto as Exhibit A is a true and correct copy of the transcript of my call with the ATF agent.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 1, 2023

Les Lambert

0536

# EXHIBIT A

**TRANSCRIPT OF PHONE CALL BETWEEN ATF AGENT AND NAGR MEMBER LES LAMBERT**

ATF Agent: Hello?

Les: Ms. (name)?

ATF Agent: Yes.

Les: Hey, uh, I was just trying to, I was just trying to call you back there.

ATF Agent: I know, I saw I missed your call, my stupid phone didn't even ring. Sorry about that.

Les: That's alright.

ATF Agent: Um, yeah, so I was trying to… Are you Leslie Lambert?

Les: I am.

ATF: Okay, thank you for calling me back sir. Um, I'm calling about some forced reset triggers you purchased a while back. Do you remember that?

Les: I don't have anything really to say about any of that.

ATF: Well, I mean, do you remember purchasing the triggers?

Les: I don't have anything to say, anything about any triggers.

ATF: Okay, well, the reason I'm calling is we have been tasked, um, with trying to retrieve some of these triggers that were purchased. Um, looks like… I'm trying to find a date… back in 2022 you purchased one of these forced reset triggers. And unfortunately, since then, they have been deemed machine guns. So, you can't lawfully possess them. So, all we're trying to do is track them down… you know let you know that you can't have them. Um, and take them if you have it in your possession. I would leave you a receipt, like a property receipt, showing that we took it, in the event that, you know, you could ever try to get your money back. Um, but you can't have it, unfortunately it is illegal, so I just need to know, you know, whether you do or don't, um, still have those triggers.

Les: Wasn't there a uh, an injunction passed uh, Saturday, er, ordered Saturday? Against uh…

ATF: Not to my knowledge, and like I said unfortunately, I'm sure you can appreciate that…(inaudible, talking over each other)

Les: Out of the fifth circuit in, out of the fifth circuit in Texas. There was an injunction imposed on basically ATF for forced reset triggers.

ATF: Well, that's what I'm saying, in the event you could file something one day, I will give you a property receipt. But as it stands right now, I got told from my big people this is a machine gun, it's unlawful, I come get it.

Les: Yeah, yeah, I'm pretty sure there's an injunction against that right now.

ATF: Yeah so, like I said it might change in the future, but as it stands right now, you possess it, and we're just, you know, trying to do this as civilly as possible, I know it sucks. I don't want you to be in trouble. Um, so, just trying to figure out what to do about the trigger.

Les: Well, my understanding is there's an injunction, that has already been ordered by the federal judge down in Texas, covering all uh, NAGR members. Are you aware of that?

ATF: Like I said, I'm–I'm not, all I know is I was told from powers that be that are bigger than me, this came out saying that you have one, and it's illegal to have, and, you know, we need to take it in our possession.

Les: Yeah I'd probably, I'd probably research a little bit there on the latest injunction. Maybe you could pass it on to your powers that be.

ATF: Um…

Les: I mean, I'm just – just -

ATF: Other than being difficult, so I mean what are you telling me? You - you're not gonna turn it over? You don't have it?

Les: I don't have anyth…

ATF This has to be resolved one way or another. Either we take the trigger if you have it, and it's no big deal. We just take it, we give you a property receipt, you can file, you know, for your money back, or to get it back. Or we come out and you sign an affidavit saying that you no longer have it.

Les: Yeah, I don't have anything to say about any of that. Anything.

ATF: So you, you don't, I don't… So I guess we'll just come out to your house, uh, and see you in person, um, and get you to sign an affidavit, if you're saying you don't have the trigger.

Les: Well, I'd hate for you to waste a trip out.

ATF: Yeah, well, I don't, I don't have a choice. Um, so, are you still at the Piney, let me see, the 289 Piney Flats?

Les: I am.

ATF: Okay, are you going to be home tomorrow? We can come out tomorrow and just get this settled so you don't ever have to hear from me ever again.

Les: Well that um…

ATF: You working?

Les: I am.

ATF: Huh?

Les: I am working tomorrow.

ATF: Okay, I mean is there a time we can meet? I can work around your schedule.

Les: No that uh, just save yourself a trip I guess. I mean, there's no need to come here.

ATF: Okay well, that's what I'm trying to explain to you. If, if you don't have the trigger, I still have to have you sign a thing that you don't. So we're going to come see you at some point or another. And if we have

more reason to believe that you have the trigger, I can get a search warrant, um, to try to find it. But it doesn't have to come to that. Like, it does not need to come to that at all.

Les: Alright.

ATF: I just need to take the trigger into my possession if you have it, or have you sign saying that, you know, no longer do. It's really that simple.

Les: Well, I guess – I guess I'm, I'm done talking there. But uh, I appreciate you calling.

ATF: Okay well, I mean, we will, at some point make contact with you in the future. But again, I appreciate you calling me back. Um, and we will attempt to make future contact with you regarding the trigger.

Les: Okay, appreciate you.

ATF: All right.

Les: Have a good one.

ATF: Thank you, sir.

Les: Uh huh.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NATIONAL ASSOCIATION FOR GUN      )
RIGHTS, INC., ET AL.,             )
                                  )        Case No. 4:23-cv-00830-O
            Plaintiffs,           )
                                  )
    v.                            )
                                  )
MERRICK GARLAND,                  )
IN HIS OFFICIAL CAPACITY AS       )
ATTORNEY GENERAL                  )
OF THE UNITED STATES, ET AL,      )
                                  )
            Defendants.           )
_____)

## DECLARATION OF RYAN J. FLUGAUR

I, Ryan J. Flugaur, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. The evidence set out in this Declaration is based on my personal knowledge.

2.      I am employed as the vice president of the Plaintiff in this action, the National Association for Gun Rights, Inc (the "NAGR"). I am familiar with NAGR's records.

3.      Based on a review of NAGR's records, I can confirm that Mr. Lawrence DeMonico, Mr. Kevin Maxwell, Rare Breed Triggers, LLC, and Rare Breed Firearms, LLC, the parties in *United States v. Rare Breed Triggers, LLC,* No. 23-cv-369 (NRM) (RML) (E.D.N.Y.), are all members of NAGR.

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 3, 2023

Ryan J. Flugaur

0541