IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, INC., ET AL., <br><br> Plaintiffs, <br> v. <br><br><br> MERRICK GARLAND, <br> IN HIS OFFICIAL CAPACITY AS <br> ATTORNEY GENERAL <br> OF THE UNITED STATES, ET AL, <br><br> Defendants. | Case No. 4:23-cv-00830-O <br><br> **REPORT REGARDING CONTENTS OF SCHEDULING ORDER** |

The parties to the above-entitled action jointly submit this REPORT REGARDING CONTENTS OF SCHEDULING ORDER pursuant to Civil Local Rule 16-4 and the Court's ORDER REQUIRING SCHEDULING CONFERENCE AND REPORT FOR CONTENTS OF SCHEDULING ORDER.

**(1) Brief statement of the claims and defenses of each party;**

The Plaintiffs' position is that forced reset triggers ("FRT"), which can be installed in guns, do not convert those guns into machineguns. Machineguns, which are regulated heavily by law and essentially illegal to manufacture, sell, or possess. Plaintiffs contend that a gun outfitted with an FRT still requires a separate function of the trigger for each shot fired and, therefore, they are not machineguns. Accordingly, Defendant's efforts to criminally prosecute persons for the manufacture, sale, or possession of FRTs are contrary to law, as are Defendants' efforts to threaten any person with prosecution if they do not surrender FRTs in their possession to the government.

The Defendants' position is that FRTs are machineguns and their efforts to enforce the prohibitions related to machineguns against the manufacturers, sellers, and possessors of FRTS are lawful. Defendants contend that FRTs fire more than one shot, automatically, with a single pull of the trigger. Defendants respectfully refer the Court to their opposition to the motion for a preliminary injunction for a brief statement of additional defenses. ECF No. 39.

**(2) A proposed time limit to file motions for leave to join other parties**

No such motions are anticipated. The Parties agree that there are no other required parties and the case is ripe for resolution on motions for summary judgment.

**(3) A proposed time limit to amend the pleadings**

The Parties agree that no further amendment of pleadings is required and the case is ripe for resolution on motions for summary judgment.

**(4) Proposed time limits to file various types of motions, including dispositive motions**

Deadline for Submission of Administrative Record: December 1, 2023.

Deadline for Defendants' Cross-Motion for Summary Judgment and Response to Plaintiffs' Motion for Summary Judgment: December 1, 2023.

Deadline for Plaintiffs' Reply in Support of Motion for Summary Judgment and Response to Defendants' Cross-Motion for Summary Judgment: December 22, 2023.

Deadline for Defendants' Reply in Support of Cross-Motion for Summary Judgment: January 12, 2023.

**(5) A proposed time limit for initial designation of experts;**

The parties already designated their experts for the hearing on Plaintiff's Motion for Preliminary Injunction.[1]  The Parties agree that there no further discovery is required and that the case is ripe for resolution on motions for summary judgment. Accordingly, the Parties do not anticipate the need to designate additional experts for trial.

**(6) A proposed time limit for responsive designation of experts;**

N/A, see response to #5.

**(7) A proposed time limit for objections to experts (i.e., Daubert and similar motions);**

N/A, see response to #5.

**(8) A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues;**

The Parties agree that no further discovery is required.

---

[1] Defendants' position is that because this action was brought under the Administrative Procedure Act, Defendants maintain their objection to the admissibility of expert testimony. *See* ECF No. 39 at 4 n.2. Nor does the admission of evidence beyond the administrative record at the interim relief stage foreclose future objections to admissibility. *Cronin v. U.S. Dep't of Agric.*, 919 F.2d 439, 444 (7th Cir. 1990) (government does not waive objections to evidence beyond the administrative record in later proceedings even when admitted at the interim relief stage).

Plaintiffs' disagree with the Defendants' position and will address it in the briefing as appropriate.

1

**(9) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;**

N/A, see response to #8.

**(10) Proposed means for disclosure or discovery of electronically stored information sputes regarding the disclosure or discovery of ESI;**

N/A, see response to #8.

**(11) Any proposals regarding the handling and protection of privileged or trial preparation material that should be reflected in a Court Order;**

None.

**(12) A proposed trial date, estimated number of days required for trial and whether a jury has been demanded (NOTE: Generally, the proposed trial date should be approximately one year after the date the initial complaint was filed);**

Following the hearing on Plaintiffs' Motion for Preliminary Injunction and the Court's Order on that Motion, the Parties agree that the case is ripe for resolution on motions for summary judgment. If the Court denies the Parties' motions for summary judgment and concludes that further factual development is required, the Parties will propose a trial date.

**(13) A proposed date for further settlement negotiations;**

January 17, 2024.

**(14) Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

The parties agree there is no further discovery required and the case can be decided on motions for summary judgment. If the Court concludes a further evidentiary hearing or trial is required, the Parties propose to address further disclosures and discovery tailored to any additional questions of fact the Court identifies.

**(15) Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Cureton or U.S. Magistrate Judge Ray1 (if all parties consent, please submit the attached consent form);**

The Parties agree the case can be decided on motions for summary judgment. The parties do not consent to trial before a magistrate judge.

**(16) Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case;**

The parties are not considering mediation or arbitration.

**(17) Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;**

Following the hearing on the Plaintiffs' Motion for Preliminary Injunction and the court's Order on the Motion, the Parties agree that no discovery is required and that this matter is capable of resolution on motions for summary judgment.

**(18) Whether a conference with the Court is desired; and**

A conference with the Court is not required at this time.

**(19) Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c).**

None.

Date: November 6, 2023                                        Respectfully submitted,

| | |
|---|---|
| /s/ Whitney A. Davis<br>Whitney A. Davis (TX Bar No. 24084843)<br>Ben Sley (TX Bar No. 18500300)<br>EGGLESTON KING DAVIS, LLP<br>102 Houston Avenue, Suite 300<br>Weatherford, TX 76086<br>Telephone: (703) 748-2266<br>whit@ekdlaw.com<br>ben@ekdlaw.com<br><br>Jonathan M. Shaw (VA Bar No. 98497)<br>Gary M. Lawkowski (VA Bar No. 82329)<br>David A. Warrington (VA Bar No. 72293)<br>DHILLON LAW GROUP, INC.<br>2121 Eisenhower Avenue, Suite 608<br>Alexandria, VA 22314<br>Telephone: (703) 748-2266<br>Facsimile: (415) 520-6593<br>jshaw@dhillonlaw.com<br>glawkowski@dhillonlaw.com<br>dwarrington@dhillonlaw.com<br><br>Glenn Bellamy (OH Bar No. 0070321)<br>WOOD HERRON & EVANS<br>600 Vine Street, Suite 2800<br>Cincinnati, OH 45202<br>Telephone: 513-707-0243<br>gbellamy@whe-law.com<br><br>*Counsel for Plaintiffs* | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br><br>BRIGHAM J. BOWEN<br>Assistant Branch Director<br><br>/s/ *Michael P. Clendenen*<br>MICHAEL P. CLENDENEN<br>Trial Attorney<br>Civil Division, Federal Programs Branch<br>U.S. Department of Justice<br>1100 L Street, NW<br>Washington, DC 20005<br>Phone:   (202) 305-0693<br>E-mail:   michael.p.clendenen@usdoj.gov<br><br>*Counsel for Defendants* |