**FILED**
**November 30, 2023**
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-11138

———————

NATIONAL ASSOCIATION FOR GUN RIGHTS, INCORPORATED;
TEXAS GUN RIGHTS, INCORPORATED; PATRICK CAREY; JAMES
WHEELER; TRAVIS SPEEGLE,

*Plaintiffs—Appellees*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*; UNITED STATES
DEPARTMENT OF JUSTICE; STEVEN DETTELBACH, *In his official
capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives*;
BUREAU OF ALCOHOL, TOBACCO, FIREARMS, and EXPLOSIVES,

*Defendants—Appellants*.

———————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CV-830

———————————————

UNPUBLISHED ORDER

Before HAYNES, WILLETT, and DUNCAN, *Circuit Judges*.

Case: 23-11138        Document: 00516985119        Page: 2        Date Filed: 11/30/2023
Case 4:23-cv-00830-O   Document 75   Filed 11/30/23   Page 2 of 7   PageID 2686

No. 23-11138

DON R. WILLETT, *Circuit Judge*:[1]

Three individuals and two organizations—National Association for Gun Rights, Inc. and Texas Gun Rights, Inc. (collectively, Plaintiffs)—brought a challenge under the Administrative Procedure Act against the U.S. Attorney General, the U.S. Department of Justice, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and the Director of the ATF (collectively, Defendants) over the validity of their interpretation of "machinegun" in the National Firearms Act and the Gun Control Act. In a 2018 regulation, the ATF expanded the definition and determined that forced-reset triggers (FRTs)—assemblies that allow the trigger of a semi-automatic weapon to reset quicker than it otherwise would using a standard trigger-return spring—are "machineguns." Plaintiffs argue that Defendants' interpretation is unlawful and that FRTs are not machineguns.

In August 2023, the district court concluded that the ATF's expanded definition of "machinegun" was likely erroneous and granted a temporary restraining order to the individual Plaintiffs. It later held an evidentiary hearing on the function of FRTs and enjoined Defendants "from implementing or enforcing against the parties in this lawsuit, in any civil or criminal manner described [in the order], the ATF's expanded definition of 'machinegun.'"

Defendants appealed and moved the district court to enter a stay pending appeal. The district court denied the motion. Defendants then moved this court for a stay.

---

[1] JUDGE HAYNES: "I would send this case to a merits panel as an expedited appeal and would grant an administrative stay for a brief period of time deferring the question of the stay pending appeal to the oral argument merits panel which receives this case."

Case: 23-11138    Document: 00516985119    Page: 3    Date Filed: 11/30/2023
Case 4:23-cv-00830-O   Document 75   Filed 11/30/23   Page 3 of 7   PageID 2687

No. 23-11138

Defendants have fallen short of meeting their burden to justify a stay pending appeal. Their motion to stay the district court's preliminary injunction pending appeal is therefore DENIED.

I

"A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and [t]he propriety of its issue is dependent upon the circumstances of the particular case." *Plaquemines Par. v. Chevron USA, Inc.*, 84 F.4th 362, 373 (5th Cir. 2023) (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009)). "A stay pending appeal is extraordinary relief for which defendants bear a heavy burden." *Id.* (internal quotation marks and citations omitted).

In deciding whether to grant a stay, we consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434 (citation omitted). "The first two factors . . . are the most critical." *Id.* "The district court's findings of fact are reviewed for clear error and its legal conclusions *de novo*." *Texas v. United States*, 40 F.4th 205, 215 (5th Cir. 2022) (per curiam).

A

The district court correctly concluded that Defendants, as the parties seeking the stay, have not made a strong showing that they are likely to succeed on the merits. The federal statutes at issue define "machinegun" in relevant part as "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger" and "any part designed and intended . . . for use in converting a weapon into a machinegun." 26 U.S.C.

§ 5845(b); *see also* 18 U.S.C. § 921(a)(24). The ATF expanded this definition to add, in relevant part:

> For purposes of this definition, the term "automatically" as it modifies "shoots, is designed to shoot, or can be readily restored to shoot," means functioning as the result of a self-acting or self-regulating mechanism that allows the firing of multiple rounds through a single function of the trigger; and "single function of the trigger" means a single pull of the trigger and analogous motions. The term "machine gun" includes a bump-stock-type device, i.e., a device that allows a semi-automatic firearm to shoot more than one shot with a single pull of the trigger by harnessing the recoil energy of the semi-automatic firearm to which it is affixed so that the trigger resets and continues firing without additional physical manipulation of the trigger by the shooter.

27 C.F.R. § 479.11 (2018).

In light of our recent en banc decision in *Cargill v. Garland*, 57 F.4th 447 (5th Cir. 2023), Defendants cannot show a strong likelihood of success on the merits. Although not binding, the *Cargill* plurality's interpretation of the statutory definition of "machinegun" is nonetheless persuasive. The *Cargill* plurality concluded, and we agree, that the definition unambiguously refers "to the movement of the trigger itself, and not the movement of a trigger finger."[2] *See id.* at 460. The plurality's approach favors Plaintiffs, not

---

[2] Four judges concurred in the judgment (three of those four also concurring in part) and said that the statutory definition of "machinegun" was ambiguous as to whether "single function of the trigger" refers to what the trigger does or what the shooter does to the trigger. *See Cargill*, 57 F.4th at 473–79 (Judge Haynes, joined by Chief Judge Richman, concurred in the judgment only because the statute is "ambiguous such that the rule of lenity favors the citizens," and Judge Ho, joined by Chief Judge Richman and Judge Southwick, concurred in part and in the judgment). These judges would have applied the rule of lenity to find in favor of the plaintiffs challenging the

Defendants. As the district court noted, it is undisputed that, "[w]hen firing multiple shots using an FRT, the trigger must still reset after each round is fired and must separately function to release the hammer by moving far enough to the rear in order to fire the next round." The district court evaluated the Defendants' zip-tie test, which Defendants argue shows that FRTs fire like machineguns. "In a machine gun," the district court explained, "the trigger must be held in its rearmost position for the gun to fire automatically." The district court found that, to the contrary, if the FRT trigger is constantly held in its most rearward position, "the weapon would malfunction and not fire subsequent shots." "Instead, the elasticity in the zip tie allows for sufficient movement to allow for a trigger reset. All this [zip-tie] test establishes is that the trigger need not move to its most rearward position." Under the *Cargill* plurality's reasoning, then, that the FRT trigger must reset means that the weapon does not shoot by a "*single* function of the trigger" and is thus not a machinegun. *See* 26 U.S.C. § 5845(b) (emphasis added). Defendants do not grapple with these undisputed factual findings by the district court to argue otherwise. Their broad, unsubstantiated statements comparing FRT-equipped weapons to machineguns do not satisfy their "heavy burden" for a stay. *See Plaquemines Par.*, 84 F.4th at 373.

Defendants fare no better under *Cargill*'s rule-of-lenity analysis, which garnered majority support. *See Cargill*, 57 F.4th at 469–71, 473–79. If the statutory definition of machinegun is indeed ambiguous—not unambiguous, as the *Cargill* plurality concluded—then the rule of lenity

---

definition's application to bump stocks. *Id.* The plurality agreed that the rule of lenity would apply if the statute were ambiguous. *Id.* at 469. Three other judges—Higginson, Dennis, and Graves—dissented from the court's decision that a bump stock is not a machine gun and from the court's use of lenity. *See id.* at 479–83.

means that the ambiguity should be resolved in Plaintiffs' favor. *See id.*

Defendants argue that *Cargill* is inapplicable because it concerned non-mechanical bump stocks, whereas FRTs are more like *mechanical* bump stocks—which *Cargill* said, in dicta, *might* be machineguns. *See id.* at 462 & n.8. This argument fails. The *Cargill* plurality's statutory analysis stands independently of the facts of that case, as do *Cargill*'s comments on the rule of lenity. *Cargill* is thus persuasive here. Moreover, Defendants point only to *Cargill*'s dicta to argue that FRTs are like mechanical bump stocks and are thus machineguns—but an argument based on dicta alone does not amount to a "strong showing" that Defendants are likely to succeed on the merits. *See Nken*, 556 U.S. at 434.

Defendants' other arguments are likewise unconvincing. The district court was right that Defendants cannot show a strong likelihood of success on the merits merely by pointing to (1) the U.S. Supreme Court's cert grant in *Garland v. Cargill*, No. 22-976 (Nov. 3, 2023), or (2) the Eastern District of New York's decision that bump stocks *are* machineguns, *see United States v. Rare Breed Triggers, LLC*, No. 23CV369NRMRML, 2023 WL 5689770 (E.D.N.Y. Sept. 5, 2023).

Defendants thus fail on one of the "most critical" stay factors. *See Nken*, 556 U.S. at 434.

B

Defendants' "case on the merits is sufficiently weak to justify denying a stay on that basis alone." *See Texas*, 40 F.4th at 215. But we briefly note that Defendants' fail to satisfy their burden on the remaining three factors, too.

Defendants argue that they will suffer irreparable harm because the injunction will make it harder for them to seize FRTs—but this assumes (wrongly, in our view) that FRTs are illegal. They also argue that prohibited

Case: 23-11138   Document: 00516985119   Page: 7   Date Filed: 11/30/2023
Case 4:23-cv-00830-O  Document 75  Filed 11/30/23  Page 7 of 7  PageID 2691

No. 23-11138

persons may acquire FRTs—but FRTs only work with preexisting firearms, so to the extent that Defendants are concerned that prohibited persons will acquire FRTs, they already have the authority to arrest those persons for possession. Defendants' other arguments, including that pre-enforcement judicial review violates separation of powers, are also unpersuasive, as the district court already explained.

The last two factors—substantial harm to Plaintiffs and considerations of the public interest—do not favor Defendants, either. The district court's reasoning was apt, and we don't endeavor to repeat it here. Suffice it to say that we agree that, absent a preliminary injunction, Plaintiffs face a credible threat of civil or criminal prosecution for what is likely a lawful activity and that Defendants have not offered more than unadorned, conclusory assertions that FRTs are a threat to public safety.

II

Defendants request that, should we decide not to stay the preliminary injunction in its entirety, we should *at least* stay the injunction as to the associational Plaintiffs and as to the enforcement of the ATF's definition against the manufacture, distribution, and transfer of FRTs. We decline to do so. The associational plaintiffs have standing to sue, and Defendants offer no reason why we should engage in such indiscriminate line-drawing. And a narrower preliminary injunction that protects just possession—not manufacture, distribution, or transfer—ignores that Plaintiffs must be able to acquire FRTs in order to use them.

III

Defendants have not carried their burden to show that they are entitled to a stay pending appeal. Accordingly, their motion is DENIED.