**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, INC., ET AL., | ) ) ) | |
| | ) | Case No. 4:23-cv-00830-O |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| MERRICK GARLAND, | ) | |
| IN HIS OFFICIAL CAPACITY AS | ) | |
| ATTORNEY GENERAL | ) | |
| OF THE UNITED STATES, ET AL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFFS' NOTICE AND MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO STRIKE DOCKET ENTRY NUMBER 74 FROM THE RECORD**

EGGLESTON KING DAVIS, LLP
Whitney A. Davis (TX Bar No. 24084843)
Ben Sley (TX Bar No. 18500300)
102 Houston Avenue, Suite 300
Weatherford, TX 76086
Telephone: (703) 748-2266
whit@ekdlaw.com
ben@ekdlaw.com

DHILLON LAW GROUP, INC.
Jonathan M. Shaw (VA Bar No. 98497)
Gary M. Lawkowski (VA Bar No. 82329)
David A. Warrington (VA Bar No. 72293)
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
Telephone: (703) 748-2266
jshaw@dhillonlaw.com
glawkowski@dhillonlaw.com
dwarrington@dhillonlaw.com

WOOD HERRON & EVANS LLP
Glenn Bellamy (OH Bar No. 0070321)
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone: 513-707-0243
gbellamy@whe-law.com

Please take NOTICE that, pursuant to Federal Rule of Civil Procedure 12(f), Plaintiffs National Association for Gun Rights, Inc. ("NAGR"), *et al.*, through their undersigned attorneys, respectfully move to strike the "information packet" submitted as Docket Number ("ECF No.") 74 from the record. In support, Plaintiffs submit their Memorandum of Law, which is incorporated below.

### Preliminary Statement

District courts enjoy broad discretion to strike immaterial, impertinent, scandalous, or prejudicial documents from the docket. Here, Thomas Graves, a nonparty interloper, filed an irrelevant and incoherent "information packet" accusing, Rare Breed Triggers, a member of named associational plaintiff NAGR, of infringing on his patent. As the Court is well-aware, this case focuses on the ATF's enforcement of contested machine gun regulations, not on patent issues. Should the Court strike nonparty Graves's irrelevant document from the docket?

### Background

On November 16, 2023, Graves—a nonparty to this lawsuit with no interest in its outcome—filed an "information packet" with the Court. (*See* ECF No. 74.) Primarily, the "information packet" sets forth a series of unsupported allegations that Rare Breed Triggers infringed on Graves's "Flex Fire Technology" patent. According to Graves, "Fire Flex Technology provides a firearm that cannot continue to fire automatically because of a dead, shocked, inexperienced, or otherwise impaired operator with a single accidental or incidental trigger pull." (*See id.* at 2.)

While Graves's irrelevant ramblings should not occupy more of this Court's time than necessary, quoting a few of his allegations will serve to underscore the nature of the "information packet" and provide some context as to why it should be struck from the docket:

1

- Rare Breed Triggers' counterfeit trigger LLC appears to be a substantial enough enterprise at $100M to $500M in unjust enrichment likely to qualify as a RICO criminal enterprise, having counterfeited in violation of my US patent, and ITAR, by the export of my revolutionary technology, that technology being a pioneered, and developed trigger technology intended for our armed forced. (ECF No. 74 at 3.)

- "Money Whore" National Association of Gun Rights video, exposes counterfeiter complicit head of NAGR Legal Affairs, Ms. Hannah Hill (an atty who knows or should have known better) that she is actively promoting Chinese made triggers for US PAT., infringer and "counterfeiter" RARE BREED [COUNTERFEIT] TRIGGERS, INC. (ECF No. 74 at 5.)

- Per gov't numbers the group converted GRAVES' asset for $500 million dollars by infringement; "unauthorized use of another's Pat. tech for illicit gain and unjust personal enrichment." The felony converted the technology for $500mil. Dollars illicit gain unjust enrichment. (ECF No. 74 at 10.)

- FRT-15 triggers [which are manufactured by Rare Breed Triggers] (matchbook toy metal) (WOT) Wide Open Trigger selling them to Americans at 512% profit. Bending over Americans, wake up, time to clean up these grifters in our industry. They give the good guys a bad name. (ECF No. 74 at 11.)

These quotations from Graves's "information packet" illustrate the sort of confused, irrelevant, and unsupported allegations it contains.

### Argument

I.      **This Court should strike Graves's "information packet" because it was submitted by a nonparty with no interest in the outcome of this action; its contents are immaterial, impertinent, and scandalous; and its submission would unduly prejudice Plaintiffs.**

Federal Rule of Civil Procedure ("FRCP") 12(f) permits the court to strike from the record "any redundant, immaterial, impertinent, or scandalous matter . . . on motion made by a party." Fed. R. Civ. P. 12(f); *see also Greer v. Unum Life Ins. Co. of Am.*, 556 F. Supp. 3d 590, 592 (S.D. Miss. 2021) (explaining that because the FRCP does not provide for a motion to strike documents other than pleadings, "trial courts make use of their inherent power to control their dockets when determining whether to strike documents."). Striking a document from the docket is particularly

appropriate when it has no relation to the controversy and may cause prejudice to one of the parties. *Am. S. Ins. Co. v. Buckley*, 748 F. Supp. 2d 610, 626 (E.D. Tex. 2010) ("*Buckley*"). When determining whether to strike a document from the record, "district courts enjoy considerable discretion." *Spoon v. Bayou Bridge Pipeline, LLC*, 335 F.R.D. 468, 470 (M.D. La. 2020).

Here, Plaintiffs respectfully request that this Court strike Graves's "information packet" (ECF No. 74) from the record. It was submitted by a nonparty to this litigation who lacks standing to appear before the Court; its contents are immaterial, impertinent, and scandalous; and its admission would unduly prejudice Plaintiffs. Each of these reasons independently justifies striking Graves' filing. Accordingly, this Court should exercise its discretion to strike the "information packet" from the record, removing it from the docket.

        **A.**     **The "information packet" should be stricken from the record because it was submitted by a nonparty without standing or an interest in this litigation.**

Courts have exercised their discretion to strike a document from the docket when it is filed by a non-party without standing or an interest in the outcome of the litigation. *See Ben-Zvi v. Bo Hi Pak*, 510 F. App'x 2, 3 (2d Cir. 2013) (striking a filing because it was "made by a non-party to [the] litigation who has no authority to appear before this Court").

Here, Graves, a nonparty, filed an "information packet" that falsely accuses Rare Breed Triggers of infringing on his patent. Because Graves is a nonparty and the "information packet" is unrelated to any of the claims at issue in this litigation, this Court should strike it from the docket. *See Ben-Zvi*, 510 F. App'x at 3.

        **B.**     **The contents of Graves's "information packet" are immaterial, impertinent, and scandalous.**

For purposes of a motion to strike, a matter is "immaterial" when it "has no essential or important relationship to the claim for relief of the defenses being pleaded, such as superfluous

historical allegations, or a statement of unnecessary particulars in connection with and descriptive of that which is material." *Spoon*, 335 F.R.D. at 470–71 (internal citations and quotation marks omitted) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2004)). "Impertinent" matter "consists of statements that do not pertain, and are not necessary to the issues in question," which tend to "overlap" with immaterial matters. *Id.* "Finally, scandalous matters improperly cast[] a derogatory light on someone, most typically on a party to the action." *Id.*

Here, Graves's "information packet" regarding alleged patent infringement by Rare Breed Triggers is immaterial to this action because it "has no essential or important relationship to the claim for relief . . . being pled," namely, the ATF's contested enforcement of its machine gun regulations against NAGR members. *See Spoon*, 335 F.R.D. at 470–71. The "information packet" is impertinent as well, as Graves's spurious claims regarding his patent dispute with Rare Breed Triggers "do not pertain, and are not necessary to the issues in question." *See id.* Lastly, Graves's "information packet" constitutes scandalous material because it frivolously accuses a party to the action, NAGR, of engaging in a RICO criminal conspiracy with Rare Breed Triggers to infringe on Graves's supposed patent, and characterizes NAGR as "money whores" for doing so. *See id.* Graves's baseless allegations of criminal and financial wrongdoing are intended to "improperly cast[] a derogatory light" on NAGR. *See id.*

Accordingly, this Court should strike Graves's "information packet" from the docket because its contents are immaterial, impertinent, and scandalous. *See* Fed. R. Civ. Pro. 12(f); *see also Greer*, 556 F. Supp. 3d at 592.

4

### C.    The submission of Graves's "information packet" would unduly prejudice the Plaintiffs.

Courts in the Fifth Circuit have held that striking a document from the docket is particularly appropriate when it "may cause prejudice to one of the parties." *Buckley*, 748 F. Supp. 2d at 626.

Here, as noted above, Graves's "information packet" falsely accuses NAGR of criminal wrongdoing and financial impropriety for allegedly engaging in conduct that is wholly unrelated to this action. Permitting such a filing to remain on the docket will doubtless be cited by Graves as lending credence to his irrelevant and baseless accusations, resulting in prejudice to NAGR and its members. *See Buckley*, 748 F. Supp. 2d at 626. Therefore, because Graves's "information packet" would cause undue prejudice to NAGR, this Court should strike it from the docket.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Graves's "information packet" be stricken from the docket.

*[signature page follows]*

5

Date:   December 12, 2023                    Respectfully submitted,

                                             /s/ Whitney A. Davis
                                             Whitney A. Davis (TX Bar No. 24084843)
                                             Ben Sley (TX Bar No. 18500300)
                                             EGGLESTON KING DAVIS, LLP
                                             102 Houston Avenue, Suite 300
                                             Weatherford, TX 76086
                                             Telephone: (703) 748-2266
                                             whit@ekdlaw.com
                                             ben@ekdlaw.com

                                             Jonathan M. Shaw (VA Bar No. 98497)
                                             Gary M. Lawkowski (VA Bar No. 82329)
                                             David A. Warrington (VA Bar No. 72293)
                                             DHILLON LAW GROUP, INC.
                                             2121 Eisenhower Avenue, Suite 608
                                             Alexandria, VA 22314
                                             Telephone: (703) 748-2266
                                             jshaw@dhillonlaw.com
                                             glawkowski@dhillonlaw.com
                                             dwarrington@dhillonlaw.com

                                             Glenn Bellamy (OH Bar No. 0070321)
                                             WOOD HERRON & EVANS LLP
                                             600 Vine Street, Suite 2800
                                             Cincinnati, OH 45202
                                             Telephone: 513-707-0243
                                             gbellamy@whe-law.com

**Certificate of Conference**

Under Local Rule 7.1, on Dec. 12, 2023, Plaintiffs' counsel Benjamin Sley called Defendants' counsel, Laura B. Bakst, to advise her of this motion to strike. Defendants' response is that Defendants take "no position on Plaintiffs' Motion to Strike ECF No. 74". Thomas Graves is not a "party affected" under Local Rule 7.1 because he is not a party to this matter and did not seek leave to intervene, thus no conference was held with Mr. Graves. Further, this Motion to Strike is similar to a Motion to Dismiss for which no conference is required pursuant to Local Rule 7.1(a).

/s/ Whitney A. Davis
Whitney A. Davis (TX Bar No. 24084843)