UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **NATIONAL ASSOCIATION FOR GUN RIGHTS, INC.,** *et al.*, | § § § |
| **Plaintiffs,** | § § Civil Action No. 4:23-cv-00830-O |
| v. | § § |
| **MERRICK GARLAND,** *et al.*, | § § |
| **Defendants.** | § § § |

## ORDER

Before the Court is Plaintiffs' Motion to Strike Docket Entry No. 74 (ECF No. 82), filed on December 12, 2023. Plaintiffs move the Court to strike an "information packet" filed by a nonparty to this litigation. ECF No. 82 at 3. In support of the request, Plaintiffs argue that the contents of the information packet are immaterial, impertinent, and scandalous. *Id.* And allowing this filing to remain on the docket will unduly prejudice Plaintiffs. *Id.* Defendants are not actively opposed and appear to take "no position on Plaintiffs' Motion." *Id.* at 8. For the reasons stated below, the Court **GRANTS** Plaintiffs' Motion to Strike.

Federal Rule of Civil Procedure 12 permits a court to strike from the record "any redundant, immaterial, impertinent, or scandalous matter . . . on motion made by a party." FED. R. CIV. P. 12(f); *see also Greer v. Unum Life Ins. Co. of Am.*, 556 F. Supp. 3d 590, 592 (S.D. Miss. 2021) (explaining that because the Federal Rules do not provide for a motion to strike documents other than pleadings, "trial courts make use of their inherent power to control their dockets when determining whether to strike documents"). Striking a document from the docket is particularly appropriate when there is "no possible relation to the controversy and may cause prejudice to one of the parties." *Am. S. Ins. Co. v. Buckley*, 748 F. Supp. 2d 610, 626 (E.D. Tex. 2010). When

1

determining whether to strike a document from the record, "district courts enjoy considerable discretion." *Spoon v. Bayou Bridge Pipeline, LLC*, 335 F.R.D. 468, 470 (M.D. La. 2020). Courts have exercised this discretion to strike a document from the docket when filed by a non-party without standing or an interest in the outcome of the litigation. *See Ben-Zvi v. Bo Hi Pak*, 510 F. App'x 2, 3 (2d Cir. 2013) (striking a filing because it was "made by a non-party to [the] litigation who has no authority to appear before this Court").

Here, the nonparty's information packet is immaterial, impertinent, and scandalous. It accuses a member of the National Association of Gun Rights of patent infringement, along with the related allegations of financial impropriety and criminal conspiracy. These unsupported allegations do not present an "'essential or important relationship to the claim for relief or the defenses'" at issue in this case. *Spoon*, 335 F.R.D. at 470–71 (quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1382 (3d ed. 2004)). That is, there is no relationship to the central issue of Defendants' contested enforcement of the machine gun regulation. Moreover, the information packet also "'consists of statements that do not pertain, and are not necessary, to the issues in question,'" while also "improperly cast[ing] a derogatory light on . . . a party to the action." *Id.* Not only are the nonparty's patent infringement allegations wholly unrelated to the issues in this lawsuit, they also simultaneously disparage a party.

Therefore, the Court exercises its discretion to strike the information packet from the docket. Doing so is appropriate to avoid "caus[ing] prejudice to one of the parties." *Buckley*, 748 F. Supp. 2d at 626. Accordingly, the Court **GRANTS** Plaintiffs' Motion to Strike (ECF No. 82). The Clerk of Court is **DIRECTED** to remove docket entry 74 from the electronic case file.

**SO ORDERED** on this **3rd day** of **January, 2024**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE