# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS FORT WORTH DIVISION

NATIONAL ASSOCIATION

FOR GUN RIGHTS, INC., ET AL.,

Case No. 4:23-cv-00830-O

Plaintiffs,

v.



MERRICK GARLAND, IN HIS OFFICIAL

CAPACITY AS ATTORNEY GENERAL

OF THE UNITED STATES, ET AL,

Defendants.

## THIS COURT SHALL TAKE JUDICIAL NOTICE OF VIOLATION OF E.D.N.Y. COURT ORDERS ISSUED 9/5/23 AGAINST RARE BREED TRIGGERS LLC ET AL

**FILED**

APR 18 2024

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

**RARE BREED TRIGGERS, et al.**
Plaintiffs

v.

**Thomas Allen Graves,**
Defendant

CASE NO. 4:22-CV-00107-MTS

**Reassertion Jurisdiction Remains Challenged**

**Hon. Mark T. Steele**

---

## VICTIM'S REASSERTION JURISDICTION IS CHALLENGED AND STANDS UNPROVEN TO DATE, BY THE BENCH OR THE PLAINTIFFS'

---

### THOSE WHO CLAIM JURISDICTION BEAR THE BURDEN OF PROOF

Comes now I am. Thomas Allen Graves, a natural masculine and rebuts all

rebuttable presumptions made by this court, states Document 85, is hereby

reasserted in its entirety the same as if it were fully incorporated herein.

### JUDICIAL NOTICE SHALL BE TAKEN BY THE COURT AS FACT

The court shall not proceed in any manner whatsoever, until jurisdiction shall have

been proven, counsels' nonsensical [Doc 87] for lack of jurisdiction in this case is

– moot.   Shall be stricken. EO 13848 applies.

April 17, 2024

Respectfully submitted,

*Thomas Allen Graves*

Thomas Allen Graves, Victim (alleged defendant)

Doc 1- 041624 – Original

295 Eagle Point Ln.
Sand Springs, Ok.
74063                    (512) 363-8440

1

FILED

APR 18 2024

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF OKLAHOMA

RARE BREED TRIGGERS, et al.

Plaintiffs

                                  CASE NO. 4:22-CV-00107-MTS

v.

Thomas Allen Graves,

                                  Hon. Mark T. Steele

Defendant

# SUPPORT FOR VICTIM'S REASSERTION THAT JURISDICTION IS CHALLENGED AND STANDS UNPROVEN TO DATE, BY THE BENCH

# OR THE PLAINTIFFS'

## SWORN AFFIDAVIT OF FACT IN SUPPORT

Your affiant I am. Thomas Allen Graves, (TAG), a natural living masculine offers up deposes and says the following truths under penalty,

1. Document 87 plaintiffs' counsels,

**B. JURISDICTION BASED ON CLAIM PRECLUSION**

Counsels harp there has been no support for anything pointed to or sworn to as fact. Affidavit-less counsels are pot calling the kettle black,  have to date provided zero evidence in their complaint or amended complaint or thereafter that:

    a.  the ALAMO-15 is an FRT-15 – it is not for the obvious, in Exhibits Doc 86. See roller. To be infringement the law of physics shall have been made – moot.  Unfortunately for counsels that has not taken place yet.

    b.  The ALAMO-15 is TAGS—Fact: it is NOT!

    c.  TAG could muster capacity to manufacture $4 million dollars in illegal machineguns – Fact: he could not.

    d.  TAG had the staff facility or wherewithal to retail or distribute $4 dollars in illegal machineguns let alone $4 million dollars in illegal machineguns – Fact: he does not.

    e.  nonsensical arguments counsels make absent any evidence in support and

why they would ***never prevail*** in an adjudication, and why they've never went the distance in nine straight cases to fully adjudicated end.

f.  And why counsels cling for life to default as they could not prevail in this case otherwise.

g.  All of which is for plaintiffs– moot ….for lack of jurisdiction, caused by counsels themselves.

## I. DOCTRINE OF ILLEGALITY DEFINED

Though the USPTO may grant patents that claim an illegal product or its use, there is a serious policy objection to the enforcement of such a patent in the federal courts. This objection arises under the doctrine of *Ex turpi causa non oritur actio* ("from a dishonorable cause an action does not arise."). In recent times this has also become known as the Illegality Rule.

1.  Nothing attorneys file shall change the facts.

2.  Fact: The plaintiffs are a spoke in a much larger criminal wheel.

3.  Fact: Plaintiffs stole the technology from my lab in my presence – threatened me.

4.  Fact: Plaintiffs told OK barred counsel "if TAG refuses to work for us we sue him into oblivion and take his inventions/patents." "We will get all your patents for nothing one way or another."

5. Fact: Plaintiffs have no standing period, stole the technology then modified it to appear different from the inventor's priority date core (non-illegal machinegun) USPAT 9,816,"107".

6. Fact: Plaintiffs got caught by the UNITED STATES, RBT-ABC are banned from all manufacture offering or sales of FRT-15 one in the same illegal machine gun argued by TAG.

7. Fact: Now these grifters RBT-ABC need my patent or face prison.

8. Fact: These grifters are "Banned" from producing any FRT period thus cannot suffer loss revenue. Let alone have standing in this case - to collect twice from this court.

9. Fact: These collectively perjuriously assert in [Doc 87] that TAG (the only inventor and scientist) in this abomination argued the NDFL 00061 defendants' Alamo-15 is a machinegun.

10. Fact: The court knows better – TAG proved FRT-15 a machinegun with prima facie case evidence as proof.

11. Fact: TAG, is the only one in the gun industry never contacted in any manner by the UNITED STATES for illegal machine guns – the Alamo-15 is not TAG's is unauthorized unlicensed. Fact: Whereas, the UNITED STATES finds twice counsels' dependent upon in this case FRT-15 is an illegal machinegun and bans it-TWICE.

12. Fact: UNITED STATES bans counsel reliant FRT-15s on 9/15/17 for five years and renews/upholds finding in even more severe ways on 9/5/23.

13. Fact: By 12., above alone counsels are claim precluded in this case.

14. Fact: These grifters are engaging in illegal activity for unjust enrichment per the government and using it in prosecuting others to raise more capital, the true intent being exposed by threats made to TAG and barred counsel in OK of intent to steal IP by attorney smoke n mirrors in the courts – and nothing more.

15. Fact: So called attorneys know or should've known this fact set. Bellamy knows!

16. Factually in the nine cases plaintiffs brought, the outcomes being the plaintiffs have paid the defendants (in one case an admitted $60k) or plaintiffs made severe concessions to supposed defendant infringers, in order to obtain a default or consent judgment. None of which has worked against UNITE STATES ban of their FRT-15 illegal machineguns.

17. Fact: This lawsuit is plaintiffs' business model after being banned from producing any FRT product under USPAT 223, is revenue raising litigation - not infringement enforcement.

18. Fact: No. 17., is counsels business model for plaintiffs, litigation is financed by RBT ABC sales of illegal machinegun sales post being banned on 9/15/17 through 9/5/23 when the ban was enhanced against these grifters..

19. Facts do matter: in this case. Selling while banned then Plaintiffs' using that illicit gain ($41.5 million admitted to) to fund nine attacks on other inventors and in the end taking their patents for payola in hopes of slipping out from under the UNITED STATES bans w/o incarceration. Is part n parcel in the EDNY 140 page orders finding Kleins Conspiracy to defraud the gov't and consumers, wire fraud mail fraud deceptive money trail practices.

20. Fact: Counsels don't like the fact the court shall take judicial notice per FRCP.

21. Fact: Nothing counsels can say changes the fact their FRT-15 is per the UNITED STATES an illegal machinegun – counsels case is cornerstone in criminal law being the subject matter allowed heard by a CV court. Fact: Counsels are dependent upon the FRT-15, an illegal machinegun – illegal machineguns in this case rob counsels of *actual cause* in a CV matter, provide *no standing* in a CV court.

22. Fact: This was given the court in [Doc 85] this court this bench shall take judicial notice of the fact, that but for counsels' egregious shenanigans [I]t lacked jurisdiction day one over the persona or subject matter. Was subsequently in addition to total lack of jurisdiction collaterally estopped by the NDFL final judgement on 10/15/22, entered upon the same issues – this adjudicated judgment being months prior to this bench entering its 11/15/22 and 12/25/22 void judgment awards, void damage awards, void treble damages

award and void award of fees and costs to counsels – all void for lack of

jurisdiction.  EO 13848 applies.

23.  Fact: Counsels argue they are not double dipping…this is a ball-face lie. See

EXHIBIT "A" This attorney proclivity for lying to a court has FRCP

ramifications. The same defendants are in both cases NDFL & NDOK.

## II POINT

Fact: Counsels lied day one in Complaint. Lied in document 87.  See EXHIBIT

"A." proof of counsels attempted, *"two bites at the same claim precluded*

*monetary apple."…,* at TAG expense, and

## EXHIBIT "A"

24.  Fact: Whereas, the NDFL court in RBT-ABCs' sister case 4:22-cv-00061, the

complaint itself [Doc 1] - prima facie case evidences the fact for this 4:22-cv-

00107 court, that the 00061 court had fully pre-adjudicated to final judgment

"Powered by Graves Alamo-15" by 10/15/21, and collateral estopped for res

judicata NDOK case 4:21-cv-00107.

## EXHIBIT "A"

25.  Fact: Document 87 This ball-face egregious attempt to serve up as remotely

truth, "*that counsels' are not collaterally estopped claim precluded, not double*

*dipping, and that the Alamo-15 is somehow magically TAG's, and he inanely*

*argues it to be an illegal machinegun while arguing the FRT-15 is an illegal machinegun*"- is profuse. What are we playing "Attorney says"?... or are we dealing with facts?

26. Fact: The RBT-ABC Complaint, [Doc 1] page 2 in the NDFL court's 1:22-cv-00061 at the section PARTIES, specifically at number 5., wherein the plaintiffs state as follows: 5. "*Upon information and belief, Blackstock is a corporation organized under the laws of the State of Florida with a place of business at 7600 NW 5TH Place, Gainesville, FL 32607, is the incorporator/owner of* **Powered By Graves, Inc., an Oklahoma corporation,** *and controls its subsidiaries BDU and BDE.*"

*Case 1:22-cv-00061-RH-HTC Document 1 Filed 03/08/22 Page 2 of 30*

27. Fact: Clearly it is counsels who should need to first obtain permission to file further perjury in this case.

28. Further at page 2 number 6., Case 1:22-cv-00061-RH-HTC Document 1 Filed 03/08/22 Page 2 of 30 – same counsels (Bellamy) assert NDFL as proper,

## "JURISDICTION AND VENUE"

No. 6. "*This is an action for patent infringement arising under 35 U.S.C. §§ 271(a)-(b), 281, and 284-85.*"

29. Further on page 3 number 47., plaintiffs state,

### The Infringing Trigger

No. 47. *"Defendant is currently making and selling and or offering for sale a version of Plaintiffs' FRT-15 [illegal machinegun] trigger assembly, which embodies the technology claimed in the 223 patent."*

No. 48. *Defendants' infringing trigger assembly is called the "ALAMO-15" ("the Infringing Device"). The Infringing Device is a "drop-in" replacement trigger assembly for AR-pattern firearm [illegal machinegun]. Exemplary photos of the Infringing Device are shown below:*



RARE BREED [COUNTERFEIT] TRIGGERS LLC.

30. Fact: (RB) attorneys were painfully aware of the numerous ATF open letters sent "all" gun related industries, and

31. Fact: Whereas, the victim, in this greedy counsels' fiasco in the NDOK court Thomas Allen Graves has challenged jurisdiction – no proof forth coming in over ten days, it shall be presumed no jurisdiction existed from the date this

shenanigan was filed, to this day and as such 4:22-cv-00107 is – moot. Therefore, is and forever shall be void, a nullity, as if it never happened.

32. Fact: A sworn affidavit of fact shall be taken as fact, unlike counsels who'd not dare to make sworn affidavit in support and under penalty for the tripe they've served up in this mess.

33. Fact: Document 85 - has counsels worried. There exists formal challenge of the Gregory K Frizzel's Bench ever having Jurisdiction in this fraudulent matter, nothing shall proceed until jurisdiction is proven, and all know it cannot be proven. EO 13848 applies.

34. Fact: Document 80, the court was given multiple opportunity to abide *submitted* judicial notices of fact, (once submitted shall be taken FRCP) governing this collaterally estopped matter, and

35. Fact: Document 75- Whereas the court ignored its obligation to take judicial notices submitted, and did not., admitted it does not have jurisdiction 3/14/24, and

36. Fact: Whereas, in fact, before scheduling its' asset hearing for March 17, 2024, *for which no notice was given* alleged defendant (due process violation by counsels). And, whereas, the court's GKF BENCH admitted lacking jurisdiction on 3/14/2024, claimed it could not review judicial notices within

the [Doc 80] WRIT OF OUTRAGE – moot., - and for which <u>one notice</u> was for 9/5/23 fed-court determined FRT-15 illegal machineguns., and

37. Fact: Whereas, the loss of jurisdiction is not recoverable or transferrable, it appears the entirety of the plaintiffs' counsels' greedy little farce is – moot, the matter moot - shall be dismissed with prejudice, and

38. Whereas, alleged defendant reserves all rights to + or - $50 million damage hearing and orders that plaintiffs and counsels involved in this fraud – be made to make alleged defendant whole, provide full relief, pay damages, pay punitive damages, aright harms in inflicting health and wellbeing hardships stress and duress – all of which was inflicted - for money - by greedy unethical counsels' <u>who knowingly cannot prevail in "107"</u>, with *illegal product infringement* claims brought specifically for an unentitled to plaintiff, "*second bite at the apple*, collateral estopped after the fully adjudicated 10/22/22 final judgment NDFL.

39. Fact: The Jurisdiction of this court has been and continues hereby challenged, for jurisdiction may be challenged at any time. Once jurisdiction is challenged the bench shall prove it has jurisdiction to hear this *criminal allegation, of illegal machinegun manufacture and sales,* as a civil case, absent due process of law.

See *Bindell v City of Harvey*, 212 Ill.App.3d 1042, 571 N.E.2d 1017 *(1st Dist. 1991) ("the burden of proving jurisdiction rests upon the party asserting it.")., and*

40. Fact: Whereas, there exists, *the appearance of Rule 2., 2.2, 2A. and 3.*
*impropriety* -**non-compliance with the adjudication procedure**; for
proceeding lacking all jurisdiction to hear criminal felony allegations in civil
court, no CR due process had, the GKF BENCH violated 4th 5th & 14th
Amendments imposed upon the bench.

41. Fact: TAG shall win, is intent upon seeing these grifters lose liberty for their
collective crimes upon TAG and family. Fact: Assignment/License "107" to the
UNITED STATES to finish these grifters off - is held close at this time. I'm not
having their abuse a minute longer.

42. Fact: By any means necessary the grifters MO (approach) requires by any
means necessary rebuke of same.

43. Fact: Your Affiant has demands relief numerous times. EO 13848 applies.

Affiant further sayeth not, the above given in good faith, truth and under penalty,

CAVEAT: Something unethical counsels' in this matter dare not do.

Thomas Allen Graves, Affiant                        April 17, 2024

NOTARY D'Angelo Mitchell

04-25-2027

The above named appeared before me and identified himself with gov't issue ID, and signed this Affidavit before me, or was known to me.

SEAL

D'ANGELO MITCHELL
Notary Public, State of Oklahoma
Commission # 23012961
My Commission Expires 09-25-2027

295 Eagle Point Ln.
Sand Springs, OK.
74063

(512)363-8440

Doc 1- 041624 – Original with Affidavit

Exhibit A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

| | | |
|---|---|---|
| **RARE BREED TRIGGERS, LLC, a** | ) | |
| **North Dakota limited liability** | ) | CASE NO. _____ |
| **company, and ABC IP, LLC, a** | ) | |
| **Delaware limited liability company,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Plaintiffs. | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| **BIG DADDY UNLIMITED, INC., a** | ) | |
| **Florida corporation, BIG DADDY** | ) | |
| **ENTERPRISES, INC., a Florida** | ) | |
| **corporation, and BLACKSTOCK,** | ) | |
| **INC., a Florida Corporation,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

---

## COMPLAINT FOR PATENT INFRINGEMENT

---

This is an action for patent infringement in which Rare Breed Triggers, LLC

("Rare Breed") and ABC IP LLC ("ABC") (collectively, "Plaintiffs") accuse Big

Daddy Unlimited, Inc. ("BDU"), Big Daddy Enterprises, Inc. ("BDE"), and

Blackstock, Inc. ("Blackstock") (collectively "Defendants"), of infringing U.S.

Patent No. 10,514,223 ("the '223 Patent") as follows:

Exhibit A

## PARTIES

1.      Rare Breed is a limited liability company organized under the laws of the State of North Dakota with an address at 3523 45th Street South, Suite 100, Fargo, ND 58104.

2.      ABC is a limited liability company organized under the laws of the State of Delaware with an address at 8 The Green, Suite A, Dover, DE 19901.

3.      Upon information and belief, BDU is a corporation organized under the laws of the State of Florida with a place of business at 7600 NW 5th Place, Gainesville, Florida 32607and is a subsidiary of BDE and/or Blackstock.

4.      Upon information and belief, BDE is a corporation organized under the laws of the State of Florida with a place of business at 6915 NW 4th Blvd., Suite A, Gainesville, FL 32607 and is a subsidiary of Blackstock.

5.      Upon information and belief, Blackstock is a corporation organized under the laws of the State of Florida with a place of business at 7600 NW 5TH Place, Gainesville, FL 32607, is the incorporator/owner of Powered By Graves, Inc., an Oklahoma corporation, and controls its subsidiaries BDU and BDE.


## JURISDICTION AND VENUE

6.      This is an action for patent infringement arising under 35 U.S.C. §§ 271(a)-(b), 281, and 284-85.

Exhibit A

### The Infringing Trigger

47.     Defendant is currently making, using, selling, and/or offering for sale a version of Plaintiffs' FRT-15™ trigger assembly, which embodies the technology claimed in the '223 Patent.

48.     Defendants' infringing trigger assembly is called the "ALAMO-15" ("the Infringing Device"). The Infringing Device is a "drop-in" replacement trigger assembly for an AR-pattern firearm. Exemplary photographs of the Infringing Device are shown below:



49.     Below is an illustration of internal components, primarily the trigger, hammer, locking bar, and springs, of the Infringing Device.



**FILED**

APR 0 8 2024

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

RARE BREED TRIGGERS,

LLC, and

ABC IP, LLC,

Plaintiffs,

v.

THOMAS ALLEN GRAVES,

Defendants.

Case No. 22-CV-107-GKF-JFJ

**RULE 60**
NOTICE OF VOID JUDGMENTS, DAMAGES,
LEGAL FEES AND COSTS FOR LACK OF
JUISDICTION OF PERSONA AND SUBJECT
MATTER ON OR BEFORE MARCH 8, 2022

FOR THE BENCH TO PROCEED TO HEAR FEDERAL FELONY CHARGES
FALSELY ACCUSING THOMAS ALLEN GRAVES OF 3,600 VIOLATIONS
OF THE National Firearms Act, *18 U.S. Code § 922, possession of illegal machine
guns and or 26 U.S. Code Chapter 53* - dealing illegal machineguns; THE
CHARGES CLOAKED AS US PATENT INFRINGEMENT, FUELED BY
GREED IN ATTEMPT AT "TWO BITES AT THE FINANCIAL APPLE,"
FILED BY UNETHICAL COUNSELS FOR PLAINTIFFS; IN THIS COURT
ABSENT DUE PROCESS OF LAW, NO FINDING OF MENS REA, OR
INDICTMENT;

Seriousness of the offenses;

U.S. District Judge Gregory K. Frizzell sentenced C J Kiss to 37 months in U.S. District Court
on Jan. 13, 2020 for ***illegally possessing and manufacturing machine guns*** to federal prison to
be followed by three years of supervised release.

1

**I** *Lack of Jurisdiction History In This Case*

On 9/5/**17**, a seven-year-uninterrupted **ban** was imposed upon RARE BREED et., al., the accusers in this matter and its' - bar counsels. On 9/15/**17**, the UNITED STATES, made findings, tested, and determined the 223 patented FRT-15 trigger an illegal machinegun, **banned**, all manufacture, possession or sales of it.  On 9/15/**17** the UNITED STATES, found the FRT-15 violates the National Firearms Act, *18 U.S. Code § 922, possession of illegal machine guns and or 26 U.*S. Code Chapter 53 - *dealing illegal machineguns and or 26 U.S.C. § 5861 It shall be unlawful for any person—(a) to engage in business as a manufacturer or importer......* On 9/15/**17**, the UNITED STATES, by **banning** the FRT-15, rendered the "223" patent **unenforceable** under "**illegal product doctrine**."   On 9/5/**23**, the UNITED STATES, in the EDNY *upheld* the UNITED STATES 9/15/**17** ban, in its 140 page orders [Doc 139] which further **banned Rare Breed et., al., FRT-15 223 Patent illegal** machineguns from manufacture, possession, inducement of others to do any in Rare Breed stead, or sales.

**II** *Rule 60 et., al., apply in this case....*

Courts have lacked all jurisdiction from the 9/15/22 **ban**. to proceed civilly en' behalf of counsels, RARE BREED, et., al., US PAT 223, or the FRT-15, **disguised** by the grifters as legitimate patent infringement to extort money.

The UNITED STATES, **ban** imposed on RARE BREED et., al., has remained in full force and effect for the past seven years **uninterrupted** to date. As result, the accusers' and its bar counsels were left with **filing fraud** as the only tool to extort money from victims. Nonetheless, by 3/8/22, the **banned** accusers' counsels did knowing better, file by wire **multiple felony charges** of illegal machinegun manufacture, possession and sales against the accused (TAG).  Regardless of 4th, 5th and 14th Amendment ramifications imposed, this court proceeded; has yet to make finding of *mens rea*, has not complied with due process of law, no indictment, no felony charges levied by proper authority. All of which is required to proceed criminally to hear the accusers' series of felony crimes filed by interstate wire on 3/8/22.  Rule 60: 28 U.S. Code § 1919 - Dismissal for lack of jurisdiction, Rule 60(b) for wire fraud and falsification of "official record."  While this court does not have jurisdiction in the instant case, it does appear to have jurisdiction over the executed knowingly **willfully** and intentionally **wire fraud and falsification issues** committed by bar counsel upon this bench/court and Thomas Allen Graves – counsels driven by greed it appears. Bar counsels had **seven years prior knowledge** they lacked standing, actual civil cause, or authority to file multiple federal felony charges against Thomas Allen Graves or anyone absent federal authority. Nonetheless, counsels did file the instant case, by interstate wire electronically ((wire fraud)) falsifying the NDOK "official record,"

((falsification of records)).

**I** *Judicial Notice Shall Be Taken*

The **UNITED STATES** findings and determination on 9/15/17, the FRT-15 an illegal machinegun <u>rendered</u> the 223 Patent **<u>unenforceable</u>** under the **<u>doctrine of illegality</u>**, *emphasis added.*  This is found in Wong v. Tenneco, Inc., 39 Cal. 3d 126, 135 (1985) ("No principle of law is better settled that a party to an illegal contract cannot come into a court of law and ask to have his illegal objects carried out..." (quotations omitted; ellipsis in Kashani));   In *"Lewis,"* the court holds, no reward by a court for illegality.  Lewis & Queen v. N.M. Ball Sons, 48 Cal. 2d 141,150 (1957) ("[T]he courts generally will not enforce an illegal bargain or lend their assistance to a party who seeks compensation for an illegal act.")). Clearly, as a matter of law everything entered by this court against Thomas Allen Graves, granted favor of the accusers' counsels is **<u>void</u>**, a nullity, as if it never happened, commands no respect shall not be respected. Rule 60: Dismissal for lack of jurisdiction.


Comes now the accused, I am.  Thomas Allen Graves, a masculine natural living man, moves this court by direct and open challenge of all jurisdiction

claimed in this matter "107" to proceed or hear this case, with demand the bench prove it had jurisdiction on 3/8/22 to accept and hear the accuser's 10, 250 counts of federal felony violations of the National Firearms Act, *18 U.S. Code § 922, possession of illegal machine guns and or 26 U.*S. Code Chapter 53 - dealing illegal machineguns.

## II *The Court Shall Take Judicial Notice of Challenged Jurisdiction*

Rule 60 for lack of all jurisdiction. 28 U.S. Code § 1919 - Dismissal for lack of jurisdiction, Rule 60: federal wire fraud (electronic falsification of official record) filed 3/8/22. Title 9: Criminal 9-43.000 - Mail Fraud And Wire Fraud

1. The Jurisdiction of this court is hereby challenged, jurisdiction may be challenged at any time. Once jurisdiction is challenged the bench shall prove it had jurisdiction to hear this ***criminal allegation, of illegal machinegun manufacture possession and sales*** as a civil case, absent all due process of law in violation of 4[th,] 5[th,] and 14th Amendment restrictions imposed upon the bench.

2. **The accusers' counsels** now bear the burden to prove whether or not the court has the jurisdiction or not to hear counsel's farcical criminal accusations of illegal machinegun manufacture possession and sales and that that illegality diminished counsels n' crony accusers illegal machinegun sales revenue.

3. **If jurisdiction is not proven, the case will shall be dismissed.** *Bindell v City of Harvey*, 212 Ill.App.3d 1042, 571 N.E.2d 1017 (1st Dist. 1991) ("the burden of proving jurisdiction rests upon the party asserting it.").

4. The **bench ignored** the accused's submitted WRIT OF OUTRAGE [Doc 80] with JUDITIAL NOTICE filed 03/09/24 ignored 02/29/24 JUDICIAL NOTICE [Doc-71] of facts governing this case – expressly 09/05/23 EDNY determined and ordered banned *patent '223 illegal machine guns*. Despite prima facie case evidence submitted in *judicial notice* 02/29/24, the bench claims it lacks jurisdiction to review the felony accused's judicial notice *of an adjudicative fact* while declaring [Doc 71] moot (unread). See now bench violations of Rule 201 governing Judicial Notice:

5. **Rule 201. Judicial Notice of Adjudicative Facts** at (2) can be accurately and readily determined from **sources whose accuracy cannot reasonably be questioned.**

6. **Re:** Rule 201. The UNITED STATES "twice" **banning** the FRT-15 rendering the '223 patent unenforceable, for the purposes of the Gregory K Frizzel's bench is **the source** whose accuracy, "cannot be reasonably questioned."

7. Nor can **this source** be ignored any longer in this **willful** fraud, attorney accusatory felony shenanigan.

   a. UNITED STATES on **9/15/17** determined and **banned** the accusers' 223 patent "illegal product" finding them **illegal machineguns.**

b. UNITED STATES on **9/5/23** upheld the UNITED STATES **9/15/17**

determination in the EDNY's 140 page orders [Doc 139] finding the "223"

unenforceable illegal machinegun called the FRT-15 **banned** it from

manufacture possession sales and RBT ABCIP inducement of others to sell

for it…..See **c.** below

c. Accusers' and counsels in this case are in violation of the UNITED STATES

orders, are in violation of both gov't **bans and orders.**

**This court shall take Judicial Notice:**

d. On April 1, 2024 RareBreedTriggers.net launched. Phone 701-000-0000:
https://rarebreedtriggers.net/product/alamo-15-trigger/

e. On September 5, 2023BigDaddyUnlimited.com Alamo-15 Triggers/Atrius:
https://www.bigdaddyunlimited.com/atrius-triggers-select-fire-assisted-
reset-trigger-for-ar15-platform.html

(c) Taking Notice. The court:

**(2) must take judicial notice** if a party requests it and the court is supplied with

the necessary information, *emphasis added.* See [Doc 71] and [Doc 80].

**(d) Timing.** The court may take judicial notice, **at any stage** of the proceeding.

- **Judicial Notice,** 55 Colum. L. Rev. 945 (1955); Administrative Law

  Treatise, ch. 15 (1958);

- **A System of Judicial Notice Based on Fairness and Convenience**, in Perspectives of Law 69 (1964).

**III** *Judicial Notice of the Doctrine of Illegality*

**This doctrine** applies to accusers' legal shenanigans in the NDOK. Proof grifters can't be choosers and where, "Moreover, the courts have recognized that one of the principles courts apply in deciding whether an illegal contract can be enforced is whether a party calls on a court to order another party to carry out an illegal object." Id. at 540 (citing Wong v. Tenneco, Inc., 39 Cal. 3d 126, 135 (1985) ("No principle of law is better settled than that **a party to an illegal** contract cannot come into a court of law and ask to have his illegal objects carried out..." (quotations omitted; ellipsis in Kashani)); However in this case "107" that is precisely what the accusers'' counsels are asking, Lewis & Queen v. N.M. Ball Sons, 48 Cal. 2d 141,150 (1957) ("[T]he courts generally will not enforce an illegal bargain or lend their assistance to a party who seeks compensation for an **illegal act**.")), *emphasis added.*

**IV** *History of this Court's Lack of Jurisdiction in "107"*

The Accusers' attorneys on 3/8/22, willfully with intent to harm and endanger the accused. Filed knowingly falsified charges of felony manufacture possession offering and sales of patented 223 FRT-15 illegal machineguns. The

8

endangerment accusers' accusations **imposed**. Each count of which carries a 20 year sentence in a federal penitentiary, and at what number such counts of felony NFA violations become enhanced only this bench may know. By the money claimed in this case $1,390,000.00 at $389.00 each machinegun, or in US CODE 10,500 counts. The bench to proceed absent finding ***mens rea,*** due process, indictment, charging document, 4th 5th & 14th Amendment compliance. The bench could not hear a criminal matter as a civil case.

### VI  *Judicial Notice of Claim Preclusion*

The accusers in "107" also on 3/8/22 simultaneously filed [the same day], in the NDFL court "061."  Saddling both jurisdictions and venues, with the accusers' counsels, "<u>identical subject matter</u>"  -- Powered by Graves Alamo-15 – Which the NDFL **fully adjudicated** to **final judgment** on **10/19/22**.  The NDFL's prior court judgment triggered the "doctrine of res judicata" in "107" [ignored]. The NDFL's "061" 10/15/22 final judgment pre dates the **void** judgment in NDOK "107" as result <u>collateral estopped</u> the NDOK "107" **"same"** accusers in both from proceedings are **claim precluded** in the NDOK "107" court in their transparent fraud attempt at – "two bites of the same financial apple."

At that point, 10/15/22, Powered by Graves Alamo-15 *was* **already decided** by a prior court (NDFL).  The NDOK "107" did not enter final **void** judgments and

awards until later, 12/15/22.  Albeit the "107" court was judicially noticed numerous times of the accusers' lack of standing, claim preclusion, lack of actual cause, by the accused all judicial notice was ignored.  The accused also judicially noticed the "107' bench of-the-fact [i]t has never had jurisdiction whatsoever.  Not from the date the UNITED STATES **banned** the FRT-15 '223 patented illegal machinegun, thereby rendering the **"223" unenforceable,** on 9/15/17. This ban is uninterrupted by accusers' through 3/8/22. This bench lacked on 3/8/22, on 12/15/22, on 12/20/23, on 3/14/24, on 3/18/24, and the March 17, 2024 is **void** for lack of jurisdiction. By one hundred years of well established law. This case does not exist, is void, a nullity, as if it never happened, cannot be appealed as what does not exist cannot be appealed, commands no respect and shall be ignored.

**VII** *Lack of Jurisdiction*

But for **ignoring** the accused's judicial notices, the bench would likely not have proceeded lacking "all" jurisdiction, **collaterally estopped** - *claim precluded*, and would have known it so.  After the NDFL's final judgement was entered on 10/15/22 – well before this court's 11/15/22 or 12/15/23 **void** judgments, damage awards, costs and fees. This court was precluded, beside lack of all jurisdiction, by **"doctrine of illegality"** of product. Accusers' illegality of product was decided by the UNITED STATES on 9/15/17 and upheld on 9/5/23 both **BANS** binding upon

this court. The syncopated **shenanigans** filed for <u>identical subject matter</u> in both jurisdictions and venues, same day 3/8/22 in NDOK and in NDFL – citing, "Powered by Graves Alamo-15" as subject matter.

**VIII** *The EDNY*

The accusers and counsels in this case self-funded. Admitted under penalty to the EDNY to a RBT_ABCIP <u>take of $41.5 million dollars net in under 23 months</u> in illicit gain - from 2020 theft infringement the accused USPAT "772" technology.

**VI** *Further Notice of Lack of Jurisdiction*

The '223 patent is **<u>illegality doctrine estopped</u>** determined unenforceable for it's '223 patented illegal machineguns.   The accusers'' and attorneys, all know the USA on 9/15/17 and on 9/5/23 wiped them out,

*B. Vacating Default Judgment –*

The court expresses in [Doc 75] various ways to Rule 60(b) a **failure to answer** or default judgment for among other things health reasons (the stress – duress of seven years of these same accusers) those same seven years the accusers have been in violation of multiple US CODES and the NFA, this for me has been extreme

duress which under the Federal Rule of Civil Procedure 55(c) which states, "[t]he court may set aside an entry of default for good cause, for **new evidence**, fact or fraud all being good cause, another way of freeing the court's hands being a finding of **fraud upon the United States,** by one party to a case. The Accusers' counsels knew before filing on 3/8/22, **the act of filing** would be **fraud on the court**, the 223 **Patent is unenforceable,** the FRT-15 an illegal machinegun - collateral estopped from judgment or damage award by "doctrine of illegality." The accused TAG, knew this to be fact from **9/15/17 to 3/8/22.** The UNITED STATES, seven years earlier on 9/15/17, had **banned** Rare Breed et., al., from any manufacture possession or sales of its' **unenforceable** 223 patented FRT-15 illegal machineguns. Nothing the court could decide. See now the **Doctrine of Illegality** - "**false claims of infringement**" no standing or actual civil cause in the instant case for judgment, or awards for damages costs and fees. Counsels were left with knowingly filing a false felony criminal complaint or not filing. Counsels on 3/8/22 filed same day identical - Powered by Graves Alamo-15 – in the NDOK and the NDFL courts **by wire**. ((**wire fraud**)) Rule 60(b) for Wire Fraud applies as it carries a **5 year statute**. Counsels had foreknowledge of the UNITED STATES **ban** for seven uninterrupted years - that it killed their clients 223 patent enforceability having determined the FRT-15 an illegal machinegun. Banned RARE BREED et., al., from all manufacture possession and sales of FRT-15s thus

nothing is or ever was before the court and it ( the court) may set aside a default for failure to answer a final default judgment under Rule 60(b) for lack of all jurisdiction. The court in this case may **Rule 60(b)(1)** for fraud or misconduct by an opposing party, where the UNITED STATES government has both on 9/15/**17** before 3/8/22 and thereafter on 9/5 /23 wherein the EDNY court entered its 140 page final judgment orders finding the FRTT-15 still after seven years an illegal machinegun upheld the UNITED STATES 9/15/17 **ban**, and ordered RARE BREED, et., al., further **banned** from federal felony manufacture, possession, offering, inducement of sales, actual sales or financial benefit whatsoever [Doc-139] 39-cv-369. This alone **collateral estopped** this court on 9/5/23. Undaunted by res judicata banned as illegal machineguns, unenforceable patent  when the EDNY and prima facie case evidences counsels knowingly filed **by wire** Motions for Judgment **filed by interstate electronic wire** on 11/15/22 and 12/15/22, both dates this court entered **void** judgments **void** damage award **void** fess and cost. These **voids** were entered **after**  the NDFL court had prior to fully adjudicated to final judgment on 10/15/22 - Powered by Graves Alamo-15– this judgment  "**claim precluded**" the NDOK court by a month **collateral estopped** it from judgment or damage award to greedy counsels attempting, "*two bites at the same financial appl.*" as planned and prima facie case evidenced by counsels' simultaneous filings 3/8/22 accusing infringement by - Powered by Graves Alamo -15 in both the

NDOK and NDFL. Rule 60(b)(3)1 18 U.S. Code § 1031 - Major fraud against the United States  (a)Whoever knowingly executes, or attempts to execute, any scheme or artifice with the intent—(1) to defraud the United States; or (2) to obtain money or property by means of false or fraudulent pretenses, representations, or promises,....CRM 500-999, 941. 18 U.S.C. 1343—Elements of Wire Fraud, the court in "107" has of record all elements of a **"one party fraud"** in "107" as filed. **Wire fraud is common practice** by the accusers in this case also the defendants in the EDNY case ordered **banned** from manufacture of the FRT-15 **illegal machineguns** at [Doc 139] – in "107" accusers clear intent is to take property (again) from Thomas Allen Graves by means of false or fraudulent pretenses, representations, or promises,....

The EDNY court [Doc-139_ in 140 page orders these same counsels and RARE BREED (the defendants in NDFL) determines defendants are involved in wire and mail frauds and Klein's Conspiracy - to defraud the UNITED STATES and consumers. Here in "107", "The elements of wire fraud under Section 1343 directly parallel those of the mail fraud statute, but require the use of an interstate telephone call or electronic communication made in furtherance of the scheme. Attorney Glen D Bellamy **filed interstate electronically by wire** his 11/15/22 Motion for Default this a full month after NDFL 10/15/22 collateral estopped him for "**claim preclusion.**" **Doctrine of Illegality** cost Tucker-Bellamy

14

prior to filing 3/8/22 **"lack of standing"** to Motion for Default on 11/15/22 [Doc-48] or 12/15/22 [Doc 54] for judgment damages fees or costs. -— Bellamy knew he was **collaterally estopped** claim precluded lacked standing. **Bellamy also knew the court did not know these fatal to case facts.** Because Tucker and Bellamy blinded the court (influenced the court) to the fact the UNITED STATES, seven years prior to Bellamy-Tucker filing this case had **banned**, RARE BREED et., al., from manufacture offering or sales of the FRT-15 illegal machineguns, the ban for illegal product rendered US PAT 223 **unenforceable** under **illegality doctrine.** This did not stop Bellamy - Tucker from filing this case, using as pretext an **unenforceable** US PAT 223 and its FRT-15 illegal machineguns to obtain 1st default judgment and 2nd default judgments. Bellamy again submitted electronically from Ohio **by wire** Motion for Default on **12/15/22** [Doc 54] Bellamy knew the court's lack of jurisdiction knew his final default judgment **void** of no force and effect- *United States v. Briscoe*, 65 F.3d 576, 583 (7th Cir. 1995) (*citing United States v. Ames Sintering Co.*, 927 F.2d 232, 234 (6th Cir. 1990) (per curiam)); *United States v. Frey*, 42 F.3d 795, 797 (3d Cir. 1994) (wire fraud is identical to mail fraud statute except that it speaks of communications transmitted by wire); *see also, e.g., United States v. Profit*, 49 F.3d 404, 406 n. 1 (8th Cir.) (the four essential elements of the crime of wire fraud are: (1) that the defendant voluntarily and intentionally **devised or participated in a scheme to defraud**

**another out of money**; (2) that the defendant **did so with the intent to defraud**; (3) that it was **reasonably foreseeable that interstate wire communications** would be used; and (4) that **interstate wire communications** were in fact used) to file the Amended complaint on **6/15/22** in this case the accusers knowingly filed federal felony charges accusing Thomas Allen Graves of mass ($3.9 million dollars) manufacture of four National Firearms Act US CODE  NFA, manufacture of possession of sales of.

Rule 60(b) "strikes a delicate balance between two countervailing impulses of the judiciary: 'The desire to preserve the finality of judgments and incessant command of the court's conscience that justice be done in light of *all* the facts.'" *Mullin v. High Mountain*, 182 Fed. App'x 830, 832 (10th Cir. 2006) (unpublished)3 (quoting *Cessna Fin. Corp.*, 715 F.2d at 1444**). Rule 60(b)** provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

To reconsider a final judgment and obtain relief from a final judgment, Mr. Graves is required to proceed under Federal Rule of Civil Procedure 60. *Payne*, 2019 WL 1242672, at *28. On December 19, 2023, the court directed Mr. Graves "to file a Motion to Vacate the Default Judgment, if any, on or before February 1, 2024." [Doc. 63]. Instead of filing a motion to vacate the default

judgment, Mr. Graves moved for leave to file a third-party complaint. Mr. Graves'

motion and related filings do not constitute a motion to vacate the default

judgment, as they are focused on obtaining indemnification from third parties for

the damages awarded in the default judgment. However, under the liberal standards

governing *pro se* filings, and because Mr. Graves's filings were submitted on the

deadline established for his motion to vacate, the court Federal Rule of Civil

Procedure 55(c) states that "[t]he court may set aside an entry of default for good

cause, and it may set aside a final default judgment under **Rule 60(b)."** Good cause

in the instant case being fraud, fraud upon the court, wire fraud and falsification of

"official record." **Rule 60(b)** "strikes a delicate balance between two

countervailing impulses of the judiciary: 'The desire to preserve the finality of

judgments and incessant command of the court's conscience that justice be done in

light of *all* the facts.'" *Mullin v. High Mountain*, 182 Fed. App'x 830, 832 (10th

Cir. 2006) (unpublished)3 (quoting *Cessna Fin. Corp.*, 715 F.2d at 1444). Rule

60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its

legal representative from a final judgment, order, or proceeding for the following

reasons: Rule 60(b) Lack of all jurisdiction in this case.

3 Unpublished decisions are not precedential, but they may be cited for their

persuasive value. 10th Cir. Rule 32.1(A).

(1) mistake, inadvertence, surprise, or **<u>excusable neglect</u>**;

(2) **newly discovered evidence** that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) **fraud** (whether previously called intrinsic or extrinsic), **misrepresentation**, or misconduct by an opposing party;

(4) **the judgment is void;**

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) **any other reason that justifies relief.**

Fed. R. Civ. P. 60(b)(1)-(6). Motions for relief under Rule 60(b) must be filed within a "reasonable time" and, with respect to the reasons outlined in Rule 60(b)(1), (2), and (3), within a year of the entry of judgment. Fed. R. Civ. P. 60(c)(1). A court is not permitted to extend the time to act under Rule 60(b). Fed. R. Civ. P. 6(b)(2). After a thorough review of Mr. Graves' motion, the court concludes that portion of it may be liberally construed to assert a basis for relief from the default motion barred, his motion provides no plausible basis for relief for excusable neglect 4 or came more than a year following the December 15, 2022 default, no statute applies to lack of jurisdiction, fraud, fraud upon the court, wire fraud or counsels falsification of "official record," 968. Defenses—Statute of Limitations - The statute of limitations for mail fraud and **wire fraud prosecutions**

**is five years** (18 U.S.C. § 3282), except for mail and wire fraud schemes that affect

a financial institution, in which case the statute is ten years (18 U.S.C. § 3293).

*See* O. Obermaier and R. Morvillo, *White Collar Crime: Business and Regulatory*

*Offenses*, § 9.04[5], at 9-67 (Rel. 2, 1991) (citing cases); *cf. United States v.*

*Garfinkel*, 29 F.3d 1253, 1259 (8th Cir. 1994) **fraud scheme may continue after**.

"That a scheme may extend back beyond the limitation period does not preclude

prosecution of an offense committed in furtherance of the scheme within the

period." 4 Mr. Graves provides no indication he made any effort to appear *pro se*

or personally retain counsel after Mr. McKnight and BDU allegedly failed to hire

an attorney on his behalf. *See* [Doc. 66, pp. 16-17, ¶ 5]. **The rebuttable**

**presumption** made by the court, that the accused made no effort to appear is

hereby rebutted by the accused, and Whereas, the accusers did not provide proof to

this court it had jurisdiction. The court entered **void** judgment, **void** damage award

**void** award for costs or fees - for infringement. No relevant *proof of the accused*

*capacity* or *funding* needed to felony **manufacture** $3.9 million dollars in 223

**unenforceable patented illegal machineguns.** Mr. Graves' motion, notice, and

other supporting materials also provide no explanation as to why he failed to

appear during the twenty-one months between service of the suit on March 18,

2022 and the filing of his motion to strike the asset hearing on December 18, 2023.

**The rebuttable presumption** that "no effort was made" "provided no explanation

as to why he failed to appear" is hereby rebut.  The court is without "all" jurisdiction in this matter, made so by the UNITED STATES, **banning** RARE BREED's FTR-15 twice - once 9/15/22 and again on 9/5/22 thereby rendering the 223 Patent illegal machineguns unenforceable, this also triggers the **"doctrine of illegality"** – establishes the accused's **excusable** failure to respond. The court by prior notice is aware of the accusers' **counsels knowing willful fraud on the court** and the accusers counsels "lack of standing" lack of "actual cause" not to mention the unenforceable US PAT 223 and the determinations by the UNITED STATES the FRT-15 is an illegal machinegun, all of which for bar counsels is inexcusable. The fraud, fraud by wire, falsification of official records, the hiding the facts from the court that the UNITED STATES, had before filing this case banned the FRT-15 **illegal produc**t, rendered the 223 patent **unenforceable,** leaving the bench without all jurisdiction. The counsels did this to the bench not Thomas Allen Graves (the victim in this) failure to respond to what does not exist is – moot   What is moot cannot exist- shall be dismissed. All judgement or grant in the[is matter is **void** for total lack of jurisdiction. The length of time that Mr. Graves waited to appear and, *arguably*, challenge the judgment against him does not support relief for excusable neglect under Rule 60(b)(1). Then accused rebuts the courts rebuttable presumption this delayed response is inexcusable, when the court lacked all jurisdiction from 9/15/17 to date.  The rebuttable presumption,

"Graves arguments do not support excusable neglect" is hereby rebut. For seven

years these same grifters have destroyed the accused financially and health and

well being that fact in and of itself is **excusable neglect** more than sufficient to

satisfy Rule 60(b)(1).

A court may set aside a judgment under Rule 60(b)(3) where fraud is "discovered

after the entry of judgment." *Wilkin v. Sunbeam Corp.*, 466 F.2d 714, 717 (10th

Cir. 1972). Further, "[c]ourts determining Rule 60(b)(3) motions always require

proof that the alleged fraud or other misconduct prevent the moving party from

Moore's Federal Practice – Civil § 60.43[1][c]. Here, Mr. Graves asserts that

plaintiffs' "Grand Larceny theft" occurred in June 2016 – long before the case was

fully and fairly presenting his or her case at trial." The UNITED STATES had

banned RARE BREED'S modified technology determined it an illegal

machinegun, **223 became unenforceable.** The court's rebuttable presumption is

hereby rebut by the accused as this felony set of phony charges – (hidden from the

court by counsels) was not known to the court to have been  barred from being

filed by counsels having knowledge for seven uninterrupted years, from 9/15/1**7**  to

date of this writing they **lack of standing** for presenting an **unenforceable** US

PAT to "**stand on**" making fraudulent claimed for infringement **lacking non-**

**illegal product (machineguns)** – counsels filed regardless knowing for over seven

years **this case could not be filed** against anyone because  counsels knew they

lack standing, lack of actual cause and knew the case was not fully and or fairly

presented - .12 James Wm. Moore et al.,). 7 of 8 8

filed against Mr. Graves and the default judgment **void** entered against him. [Doc.

67, p. 7, ¶ 4]. The default judgment entered is **void** for lack of jurisdiction – the

entire matter - moot. Therefore ,the court's rebuttable presumption is rebut by the

fact the UNITED STATES, banning the FT-15 as illegal rendered the patent 223

**unenforceable** illegal product, which denied this court all jurisdiction beginning

on 9/15/17 long before the accusers filed on 3/8/22. Long before this court entered

**void** judgments grants and awards 11/15/22 and 12/15/22, this provides Mr.

Graves' statements did provide this court **fatal basis for any further denial of**

**relief** – even under Rule 60(b)(3). Mr. Graves also asserts that plaintiffs' very suit

itself constitutes a **"fraud upon the court,"** and w**ire fraud** in **falsification of**

**official record** on 3/8/22. *See* [Doc. 66, p. 10; Doc. 67, p. 7, ¶ 6]. Federal Rule of

Civil Procedure 60(d)(3) provides the court with authority to set aside a judgment

for fraud on the court. Rule 60(d)(3) applies in the instant case, "There is no time

limit for proceedings under Rule 60(d)(3)." See *United States v. Buck*, 281 F.3d

1336, 1342 (10th Cir. 2002). The Tenth Circuit defines fraud on the court as "fraud

which is directed to the judicial machinery itself and is not fraud between the

parties or fraudulent documents, false statements or perjury." Knowing **willful**

intentional filing by wire ((Wire Fraud)) of criminal felony charges in a civil

jurisdiction and venue - is fraud when the court is known to a party (counsels) ***not to have jurisdiction before filing***, As in "*Bullock*," the fabrication of evidence – bar counsels knowingly **fabricated and filed as fact** they **had the standing** to enforce USPAT 223 the FRT-15 in an infringement action, when they did not. They **fraudulently** represented this to the bench in **fraud upon the court,** when counsels had known for seven years - they did not.  The court was **fraudulently influenced** by counsels when the court is known to a party (in this case counsels knew ) ***not to have jurisdiction before filing***, As in "*Bullock*," the fabrication of evidence – bar counsels knowingly **fabricated and filed as fact** they **had the standing** to enforce USPAT 223 the FRT-15 in an infringement action, when they did not. They **fraudulently** represented this to the bench in **fraud upon the court,** when counsels had known for seven years - they did not.  The court was **fraudulently influenced** by counsels **shenanigans** they put upon it. Counsels kept this fraud up in this case even after again on 9/5/23 the EDNY court in its 140 page orders [Doc 139] 39-cv-369,

**banned** RARE BREED FRT-15on top the UNITED STATES 9/15/**17 ban** of the

223 patented FRT-15 EDNY also **finding it an illegal machinegun** [Doc-139],

upholding the government's uninterrupted 9/15/17 **ban** of same. *Ad hoc vici*

attorney Bellamy suffered defeat in the EDNY on 9/5/23. Nonetheless fraudulently

Motioned this court (knowingly ***collateral estopped)*** on 11/15/22 and again

12/15/22 urging deceitfully final **void** default judgment damages costs and fees.

See *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985). "It is thus

fraud where the court or a member Case 4:22-cv-00107-GKF-JFJ Document 75

Filed in USDC ND/OK on 03/14/24 Page 7 of 8  8

is corrupted or influenced or influence is attempted where the judge has not

performed his judicial function – thus where the impartial functions of the court

have been directly corrupted." The judge in this case <u>was</u> <u>influenced</u> played by

shyster *ad hoc vici* Bellamy,  Bellamy and Tucker knowing they **lacked standing,**

**lacked actual civil cause,** and that **they had caused by the most egregious**

**influence** the court's **lack of all jurisdiction.**  because Bellamy-Tucker hid from

the bench, for an underserved pay day, the pivotal fact, counsels held an

**unenforceable US PATENT '223 for FRT-15 illegal machineguns.** Said another

way- counsels held zero enforceability-lied to the judge in writing the US

PATENT "is" "**valid and enforceable**" knowing this **lie** was "fraud on the court."

This case on 3/8/22 was already – moot!  As such commanded no reply even were

TAG able financially or health-wise capable. *Id.* Because of "the strong interest in preserving the finality of a judgment, '[g]enerally speaking, only the **most egregious misconduct**, which is prevalent in this case, such as bribery of a judge or members of a jury, or the (RARE BREED counsels) **fabrication of evidence** by a party in which an attorney is implicated,' rises to the level of fraud on the court." *Unite* (quoting *Zurich N. Am. v. Matrix Service, Inc.*, 426 F.3d 1281, 1291 (10th Cir. *d States v. Pickard*, 814 Fed. App'x 386, 401 (10th Cir. 2020) (unpublished) 2005)). Mr. Graves' allegations of fraud upon the court rest upon his contention that he is not liable for patent infringement, and that plaintiffs were aware of this when they filed suit and the court entered default judgment. The accused is not guilty of the felony crimes of illegal machinegun manufacture, possession or sales as accused, the only claim left the **banned** counsels and clients after UNITED STATES, 9/15/17 and 9/5/23, and 10/15/22.  That counsels influenced the bench holding that the '223 patented FRTT-15 is **not** an illegal machinegun and 223 is **not** unenforceable. Construed liberally, tightly or not at all, the fact remains this court is without authority in this case for **fraud upon it** by a party to this case. Mr. Graves' statements and arguments are more than sufficient to raise a claim for relief under Rule60(d)(3). The judgments grants awards are **void** a nullity, do not exist, are of no force and effect, shall be ignored.

**VIIII.** *Conclusion*

Wherefore, the **Challenge of Jurisdiction** stands, the ball is in the counsels' clients court NDOK, defendant Thomas Allen Graves has no judgments damage awards, fees or costs, against him, the case never existed for lack of all jurisdiction is - moot.  The burden is on those claiming jurisdiction.


**X** *Orders Sought*

It Is Ordered, that the court has and retains jurisdiction over **the accusers and its' counsels frauds** in this matter committed by a party to it, to wit multiple **frauds upon the court**, to give the illusion of jurisdiction, **filing falsified documents over interstate wire** electronically ((**Wire Fraud**)) in the knowing willful **falsification of** an "**official record**"  by bar counsels in this matter k.a. "107" to the accusers counsels having by falsehoods unethical representation a.k.a. lies - created it.


**X.** *Punitive Damages, costs and fees*

Further It Is Ordered, , that the counsels make Thomas Allen Graves, the victim of their shenanigans, unethical deeds, and scurrilous motives in their execution of bad acts committed for money - greed, and **shall make the victim whole.**

With Further order, all forms of insurance individual, corporate, or firm, all coverages, umbrellas, catastrophic loss, any and all policies even loosely tied to liability coverages et., al., individual, personal and professional that they all be surrendered and certified to the court as being 100% complete surrender of all coverages  - no coverage or policy hidden or withheld.

Challenge of Jurisdiction

Thomas Allen Graves
Thomas Allen Graves, victim

Date April 8, 2024

295 Eagle Point Ln.
Sand Springs, OK.
74063
512 - 363 - 8440

Photo Document Mailer



The UPS Store®

Do not fold or bend



The UPS Store
The professional...

UPS XXII

Made in Mexico

Made from 100% recycled.
Minimum 95% post-consumer.

SupplySide USA, Inc · Brunswick, OH 44212

Mailer Size:
11¼ x 14¾
Mailer will hold:
11 x 14 Photo Enlargements
8½ x 14 Documents

UNITED STATES DISTRICT COURT
501 W 10TH ST
STE 310
FORT WORTH TX 76102

P:GRAY $:54        :24
512-5016

12AC33458329597 2001