**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, INC., ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:23-cv-00830-O |
| v. | ) ) | |
| MERRICK GARLAND, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES, ET AL, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**PLAINTIFFS' NOTICE AND MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO STRIKE DOCKET ENTRY NUMBER 92 FROM THE RECORD**

Please take NOTICE that, pursuant to Federal Rule of Civil Procedure 12(f), Plaintiffs National Association for Gun Rights, Inc. ("NAGR"), *et al.*, through their undersigned attorneys, respectfully move to strike from the record the filing entitled "Victim's Reassertion Jurisdiction Is Challenged and Stands Unproven to Date, by the Bench or the Plaintiffs'" [sic], submitted as Docket Number ("ECF No.") 92. In support, Plaintiffs submit their Memorandum of Law, which is incorporated below.

## Preliminary Statement

District courts enjoy broad discretion to strike immaterial, impertinent, scandalous, or prejudicial documents from the docket. Here, Thomas Graves, a nonparty interloper, filed yet another irrelevant document, asserting (based on its title) a bizarre and incoherent claim supposedly regarding jurisdiction. Graves previously filed an irrelevant and incoherent "information packet" related to an independent patent dispute with the Rare Breed Defendants as ECF No. 74, which the Court struck pursuant to a similar motion to strike (ECF No. 82) from Plaintiffs. *See* ECF No. 86. Upon closer inspection, in this second irrelevant filing in this case, Graves' appears to reassert the same patent claims stemming from his unrelated disputes with Rare Breed Triggers as his previous attempt to intrude upon this litigation. As the Court is well-aware, this case focuses on the ATF's enforcement of contested machine gun regulations, not on patent issues. Accordingly, the Court should strike nonparty Graves' irrelevant document from the docket.

## Background

On April 24, 2024, Graves—a nonparty to this lawsuit with no interest in its outcome—filed with the Court a document entitled "Victim's Reassertion Jurisdiction Is Challenged and Stands Unproven to Date, by the Bench or the Plaintiffs'." (the "Graves Challenge") (ECF No.

1

92). The Graves Challenge does not make clear its purpose or intention, merely containing the aforementioned title of the document and 46 pages of filings from patent litigation involving Graves and/or Rare Breed Triggers in other jurisdictions. Why Graves thought these previous filings with different courts on unrelated issues should be brought to the Court's attention is unknown.

As with Graves' previous attempt to intercede in this litigation, Graves' ramblings should not occupy more of this Court's time than necessary, but a few quotations from the filings contained in the Graves Challenge will demonstrate its irrelevance and inanity and why the Court should strike it from the docket:

- Comes now I am. Thomas Allen Graves, a natural masculine and rebuts all rebuttable presumptions made by this court, states Document 85, is hereby reasserted in its entirety the same as if it were fully incorporated herein. JUDICIAL NOTICE SHALL BE TAKEN BY THE COURT AS FACT The court shall not proceed in any manner whatsoever, until jurisdiction shall have been proven, counsels' nonsensical [Doc 87] for lack of jurisdiction in this case is - moot. Shall be stricken. EO 13848 applies. (ECF No. 92 at 2).
- Counsels harp there has been no support for anything pointed to or sworn to as fact. Affidavit-less counsels are pot calling the kettle black, have to date provided zero evidence in their complaint or amended complaint or thereafter that:
    a. the ALAM 0-15 is an FRT-15 - it is not for the obvious, in Exhibits Doc 86. See roller. To be infringement the law of physics shall have been made - moot. Unfortunately for counsels that has not taken place yet. (ECF 92 at 4).
- 6. Fact: Plaintiffs got caught by the UNITED ST ATES, RBT-ABC are banned from all manufacture offering or sales ofFRT-15 one in the same illegal machine gun argued by TAG.
    7. Fact: Now these grifters RBT-ABC need my patent or face prison.
    8. Fact: These grifters are "Banned" from producing any FRT period thus cannot suffer loss revenue. Let alone have standing in this case - to collect twice from this court. (ECF No. 92 at 6).

These quotations from the Graves Challenge illustrate the confused, irrelevant, and bizarre material it contains.

**Argument**

I. **The Court should strike the Graves Challenge because it was submitted by a nonparty with no interest in the outcome of this action, its contents are immaterial and impertinent.**

Federal Rules of Civil Procedure ("FRCP") 12(f) permits the Court to strike from the record "any redundant, immaterial, impertinent, or scandalous matter . . . on a motion made by a party." *See also Greer v. Unum Life Ins. Co. of Am.*, 556 F.Supp.3d 590, 592 (S.D. Miss. 2021) (explaining that because the FRCP does not provide for a motion to strike documents other than pleadings, "trial courts make use of their inherent power to control their dockets when determining whether to strike documents"). Striking a document from the docket is particularly appropriate when it has no relation to the controversy and may cause prejudice to one of the parties. *Am. S. Ins. Co. v. Buckley*, 748 F. Supp. 2d 610, 626 (E.D. Tex. 2010). When determining whether to strike a document from the record, "district courts enjoy considerable discretion." *Spoon v. Bayou Bridge Pipeline, LLC*, 335 F.R.D. 468, 470 (M.D. La. 2020).

Here, Plaintiffs respectfully request that this Court strikes the Graves Challenge (ECF No. 92) from the record. It was submitted by a nonparty to this litigation who lacks standing to appear before the Court. Its contents are immaterial and impertinent. Each of these reasons independently justifies striking the Graves Challenge. The Court should therefore exercise its discretion to strike the Graves Challenge from the record and remove it from the docket.

A. **The Graves Challenge should be stricken from the record because it was submitted by a nonparty without standing or an interest in this litigation.**

Courts have exercised their discretion to strike a document from the docket when it is filed by a non-party without standing or an interest in the outcome of the litigation. *See Ben-Zvi v. Bo Hi Pak*, 510 F. App'x 2, 3 (2d. Cir. 2013) (striking a filing because it was "made by a non-party to [the] litigation who has no authority to appear before [the] Court").

3

Here, Graves, a non-party, filed the Graves Challenge, which falsely (and irrelevantly) accuses Rare Breed Triggers of infringing on his patent. Because Graves is a non-party and the Graves Challenge is unrelated to any of the claims at issue in this litigation, the Court should strike it from the docket. *See id*. at 3.

### B.  The contents of the Graves Challenger are immaterial and impertinent.

For purposes of a motion to strike, a matter is "immaterial" when it "has no essential or important relationship to the claim for relief or the defenses being pleaded, such as superfluous historical allegations, or a statement of unnecessary particulars in connection with and descriptive of that which is material." *Spoon*, 335 F.R.D. at 470-71 (internal citations and quotation marks omitted) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed. 2004)). "Impertinent" matter "consists of statements that do not pertain to, and are not necessary to, the issues in question," and which tends to "overlap" with immaterial matters. *Id*.

Here, the Graves Challenge is immaterial because it solely relates to Graves' patent infringement allegations against Rare Breed Triggers, which "has no essential or important relationship to the claim for relief" being pled in this action, namely the ATF's contested enforcement of its machine gun regulations against NAGR members. *See id*. The Graves Challenge is also impertinent because Graves' rambling claims about his patent dispute with Rare Breed Triggers "do not pertain[] to, and are not necessary to, the issues in question" regarding the ATF's enforcement of its machine gun regulations. *See id*.

The Court should therefore strike the Graves Challenge from the docket because its contents are immaterial and impertinent. *See* FRCP 12(f); *Greer*, 556 F.Supp.3d at 592.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Graves Challenge be stricken from the docket.

Date:   May 14, 2024                                    Respectfully submitted,

/s/ Whitney A. Davis
Whitney A. Davis (TX Bar No. 24084843)
EGGLESTON KING DAVIS, LLP
102 Houston Avenue, Suite 300
Weatherford, TX 76086
Telephone: (703) 748-2266
whit@ekdlaw.com

Jonathan M. Shaw (VA Bar No. 98497)
Gary M. Lawkowski (VA Bar No. 82329)
David A. Warrington (VA Bar No. 72293)
DHILLON LAW GROUP, INC.
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
Telephone: (703) 748-2266
jshaw@dhillonlaw.com
glawkowski@dhillonlaw.com
dwarrington@dhillonlaw.com

Glenn Bellamy (OH Bar No. 0070321)
WOOD HERRON & EVANS LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone: 513-707-0243
gbellamy@whe-law.com

**Certificate of Conference**

Under Local Rule 7.1, on May 13, 2024, Plaintiffs' counsel Jason T. Bramow called Defendants' counsel, Alexander Resar, to advise him of this motion to strike. Defendants' response is that Defendants take "no position" on Plaintiffs' motion. Thomas Graves is not a "party affected" under Local Rule 7.1 because he is not a party to this matter and did not seek leave to intervene, thus no conference was held with Mr. Graves. Further, this Motion to Strike is similar to a Motion to Dismiss for which no conference is required pursuant to Local Rule 7.1(a).

/s/      Whitney A. Davis
Whitney A. Davis (TX Bar No. 24084843)