IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> MERRICK GARLAND, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES, ET AL, <br><br> Defendants. | Case No. 4:23-cv-00830-O |

**PLAINTIFFS' NOTICE OF NON-COMPLIANCE**

Plaintiffs write to provide the Court a Notice of Non-Compliance in connection with the Government's ongoing efforts to enforce their regulation purporting to ban forced reset triggers ("FRTs").

On October 7, 2023, this Court entered a preliminary injunction that prohibited the ATF from, among other things,

- "Initiating or pursuing criminal prosecutions for possession of FRTs;"

- "Initiating or pursuing civil proceedings for possessing, selling, or manufacturing FRTs based on the claim that FRTs are machineguns;"

- "Sending Notice Letters or other similar communications stating that FRTs are machineguns;"

- "Requesting voluntarily surrender of FRTs to the government based on the claim that FRTs are machineguns;"

- "Otherwise interfering in the possession, sale, manufacture, transfer, or exchange of FRTs based on the claim that FRTs are machineguns."

ECF No. 53 at 42-43. Despite these prohibitions, ATF has continued to aggressively enforce its regulation of forced-reset triggers. Indeed, Plaintiffs' counsel have been made aware of more than 25 instances where ATF has contacted members of Plaintiff National Association for Gun Rights ("NAGR") regarding their ownership of FRTs. These have violated one, or more, or all of the above court-ordered prohibitions. On each occasion, once we have learned of the improper contact, rather than seek to involve the Court in the first instance, we reached out to defense counsel and obtained their representation that ATF had been instructed to cease its contacts with the member in question.

Recently, however, after defense counsel represented to us on June 6, 2024, that the issue of ATF contacting a particular NAGR member "ha[d] been addressed,"[1] the ATF agent who supposedly had been instructed to cease and desist in his efforts to intimidate that member into surrendering his FRT contacted the member a second time.[2] Given the clear notice that was given to ATF, this appears to have constituted a violation by ATF of the Court's preliminary injunction. ATF attempts to excuse this violation as the result of confusion caused by the high volume of instructions to their agents to stop harassing NAGR members regarding their ownership of FRTs. *See* Exhibit C, a redacted copy of communication from defense counsel.

In addition, the ATF has sought to apply its erroneous interpretation of the law to other individuals in Texas. To wit, the ATF recently refused to grant a Federal Firearms License ("FFL") to Lawrence DeMonico—a resident of Texas and one of the defendants in the New York civil fraud case—who has sought summary judgment asking this Court to provide limited relief (that is, relief that would avoid intervening in the New York fraud case) to protect him

---

[1] Attached as Exhibit A is a redacted copy of the communication with and from defense counsel.
[2] Attached as Exhibit B is a redacted copy of the second violative communication from ATF to the NAGR member.

from additional adverse governmental action (outside of the New York fraud case) based on the ATF's continued, errant claims that FRTs are machineguns.

Specifically, on or about May 24, 2024, ATF's Director of Industry Operations denied Mr. DeMonico's application for an FFL based on its finding that Rare Breed Firearms, LLC ("RBF") and its president and sole responsible person, Lawrence DeMonico, "willfully violated the provisions of the GCA and/or regulations thereunder," including purported violations of 18 U.S.C. § 922(o) (making illegal the possession or transfer of machineguns) and 18 U.S.C. § 922(a)(4) (making illegal the transportation of machineguns across state lines). While the Court's October 7 preliminary injunction expressly exempted RBF and Mr. DeMonico, ATF's actions in this regard make clear that absent relief from this Court it will continue to use every avenue available to it to persecute Mr. DeMonico and the other Rare Breed Parties based on what this Court has correctly recognized is an unwarranted misreading of the relevant statutes.

Date: June 20, 2024                                    Respectfully submitted,

                                            */s/ Whitney A. Davis*
Whitney A. Davis (TX Bar No. 24084843)
EGGLESTON KING DAVIS, LLP
102 Houston Avenue, Suite 300
Weatherford, TX 76086
Telephone: (703) 748-2266
whit@ekdlaw.com

Jonathan M. Shaw (VA Bar No. 98497)
Gary M. Lawkowski (VA Bar No. 82329)
David A. Warrington (VA Bar No. 72293)
DHILLON LAW GROUP, INC.
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
Telephone: (703) 748-2266
Facsimile: (415) 520-6593
jshaw@dhillonlaw.com
glawkowski@dhillonlaw.com
dwarrington@dhillonlaw.com

Glenn Bellamy (OH Bar No. 0070321)
WOOD HERRON & EVANS LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone: 513-707-0243
gbellamy@whe-law.com