# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

NATIONAL ASSOCIATION FOR GUN
RIGHTS, INC., *et al.*,

                        Plaintiffs,

      v.

MERRICK GARLAND, IN HIS OFFICIAL
CAPACITY AS ATTORNEY GENERAL
OF THE UNITED STATES, *et al.*,

                     Defendants.

Case No. 4:23-cv-00830-O

## RESPONSE TO PLAINTIFFS' NOTICE OF NON-COMPLIANCE

Defendants respectfully submit this response to Plaintiffs' Notice of Non-Compliance, ECF No. 98 ("Pls.' Notice").

As Defendants previously explained in their Notice of Compliance, ECF No. 57, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") has established a process to ensure compliance with the Court's preliminary injunction, ECF No. 53 ("Preliminary Injunction"). In Defendants' Notice, ATF stated that in the then-one instance in which Plaintiffs' counsel identified a contacted individual as a member of Plaintiff National Association for Gun Rights ("NAGR"), "ATF immediately contacted field operations to inform the ATF agent handling the matter and to instruct him to desist any enforcement activities directed at the identified NAGR member." *Id.* ¶ 6. Since then, ATF has continued to ensure compliance with the Preliminary Injunction consistent with that process. To date, Plaintiffs' counsel has notified defense counsel via email of approximately 27 NAGR members, identified by name, who have allegedly been contacted by ATF; in each of those instances, defense counsel has promptly notified ATF of the alleged contact, and ATF has similarly taken prompt

1

action to ensure contact is desisted. *See* Ex. A, Decl. of Matthew P. Varisco ("Varisco Decl.") ¶¶ 11–12. Specifically, ATF's practice has been to notify the regional Deputy Assistant Director, who notifies the Special Agent in Charge ("SAC") of the relevant field division. *See id.* ¶ 11. That SAC then disseminates the alleged member's name, with instructions to desist all contact with them related to activities covered by the Preliminary Injunction, through their division chain of command to the appropriate supervisor and onto the assigned agent. *See id.* ATF also confirms with the SAC that such notice was received and properly disseminated. *See id.* In all but one of these instances (discussed below), contact was, to the best of ATF's knowledge, desisted and defense counsel received no further communications from Plaintiffs' counsel on the matter. Plaintiffs' claim that there have been "more than 25 instances where ATF has contacted members of [NAGR] regarding their ownership of FRTs," Pls.' Notice at 2, omits the important fact that those contacts generally occurred *before* Defendants were made aware of the individuals' alleged membership in NAGR and coverage by the Preliminary Injunction, *see* Defs.' Notice ¶ 7 (explaining that ATF is unable to identify individuals as members of NAGR unless so informed by Plaintiffs' counsel).[1]

Out of the 27 times in which Plaintiffs' counsel has requested ATF cease contact with an alleged NAGR member, Plaintiffs have identified one instance in which an ATF agent mistakenly contacted a member a second time after such notification. *See* Pls.' Notice at 2. At 5:06 p.m. on June 5, 2024, Plaintiffs' counsel emailed counsel for Defendants identifying an individual that an ATF agent

---

[1] Plaintiffs' email heading contained in their exhibits, *see, e.g.*, Pls.' Notice Ex. A at 3, ECF No. 98-1 ("Continuing violations of the Preliminary Injunction") similarly suggests that Plaintiffs believe that ATF violates the Court's Preliminary Injunction by contacting persons even *before* ATF is aware of the person's membership status with an Associational Plaintiff. As explained in Defendant's Notice and above, Defendants have no means of knowing, prior to receiving a notice from Plaintiff, that they have contacted an individual or entity covered by the Preliminary Injunction. *See* Defs.' Notice ¶ 9. Thus, Defendants interpret the Preliminary Injunction as prohibiting contact with, as relevant here, *known* members of the Associational Plaintiffs and their downstream customers. *See id.* Plaintiffs did not file any response to Defendants' Notice contesting this interpretation or suggesting any alternative means by which ATF could comply with the Court's injunction.

had allegedly contacted regarding his possession of a forced reset trigger. Pls.' Notice Ex. A at 3, ECF No. 98-1. Plaintiffs' counsel identified the individual as a NAGR member and requested that ATF cease further contact with the individual. *Id.* ATF notified the SAC of the Field Division covering that geographic area, who acknowledged receipt of the request to desist contact. *See* Varisco Decl. ¶ 13; *see also* Pls.' Notice Ex. C, ECF No. 98-3. At 11:14 a.m. on June 6, 2024, counsel for Defendants replied to Plaintiffs' email to state that the matter had been addressed. Pls.' Notice Ex. A at 2–3. However, that SAC had received a similar notification regarding a different NAGR member earlier on June 5, 2024, and confused the second notification as regarding the same individual. *See* Varisco Decl. ¶ 14; *see also* Pls.' Notice Ex. C. The SAC thus did not relay the second notification down the chain of command to the ATF agent who had allegedly contacted the identified member. *See* Varisco Decl. ¶ 14; *see also* Pls.' Notice Ex. C. The result of this inadvertent error was that the ATF agent sent a short follow-up email to the alleged member on June 12, 2024, without knowing that the individual was allegedly covered by the Preliminary Injunction. *See* Pls.' Notice Ex. B, ECF No. 98-2. Upon receiving an email from Plaintiffs' counsel on June 13, 2024, regarding this contact, *see* Pls.' Notice Ex. A at 1, defense counsel promptly notified ATF, which likewise promptly re-contacted the Deputy Assistant Director to ensure contact was desisted. Notice of this individual's claimed membership status was disseminated through the relevant field office's chain of command to prevent further communications with them. *See* Varisco Decl. ¶ 15; *see also* Pls.' Notice Ex. C.

The remainder of Plaintiffs' Notice concerns ATF's denial of a Federal Firearms License to Lawrence DeMonico. *See* Pls.' Notice at 2–3. Plaintiffs concede that "the Court's October 7 preliminary injunction expressly exempted . . . Mr. DeMonico." *Id.* at 3; *see also* Varisco Decl. ¶¶ 6, 16 (explaining ATF's understanding that the Preliminary Injunction does not cover Mr. DeMonico). Clearly, then, ATF's actions regarding Mr. DeMonico do not represent any non-compliance with the Court's Preliminary Injunction.

DATED: June 24, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEX HAAS
Branch Director

BRIGHAM J. BOWEN
Assistant Branch Director

/s/ Michael P. Clendenen
LAURA B. BAKST
MICHAEL P. CLENDENEN
ALEXANDER W. RESAR
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone:   (202) 305-0693
E-mail:   michael.p.clendenen@usdoj.gov

*Counsel for Defendants*

## Certificate of Service

On June 24, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Michael P. Clendenen