# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MERRICK GARLAND, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES, *et al.*,<br><br>Defendants. | Case No. 4:23-cv-00830-O |

### DECLARATION OF MATTHEW P. VARISCO

1. I am the Assistant Director for the Office of Field Operations within the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), United States Department of Justice ("DOJ"). I have been in this position since March 2024. Prior to my current position, I was the Assistant Director for the Office of Enforcement Programs and Services (Regulatory Operations), the Special Agent in Charge of the Philadelphia Field Division, and I have served as an ATF Special Agent for over 23 years.

2. In my current senior executive position, I direct policy, conduct planning, and oversee all ATF criminal investigations and regulatory oversight for ATF's 25 field divisions.

3. I am authorized to provide this Declaration on ATF's behalf and am providing it in support of Defendants' Response to Plaintiffs' Notice of Compliance. This declaration is based on my personal knowledge and belief, my training and experience, as well as information conveyed to me by ATF personnel in the course of my official duties.

4. The devices sold by Rare Breed Triggers are the subject of an active retrieval effort by ATF, which is being coordinated by ATF's Tampa Field Division.

5. On October 7, 2023, the Court preliminarily enjoined ATF from undertaking certain enumerated criminal enforcement and regulatory actions related to the FRT-15 and Wide Open Triggers ("WOT") forced reset triggers against three Individual Plaintiffs and their immediate families, the National Association for Gun Rights, Inc. ("NAGR"), Texas Gun Rights, Inc. ("TGR," and, together with NAGR, the "Associational Plaintiffs"), Associational Plaintiffs' members, and the downstream customers of any commercial member of an Associational Plaintiff.

6. Due to litigation in the Eastern District of New York, the injunction carved out an exception for Rare Breed Triggers, LLC, Rare Breed Firearms, LLC and its agents, officers and employees. Lawrence DeMonico is the President of Rare Breed Triggers.

7. The day after the injunction was granted, ATF Headquarters sent a written notice to all ATF field offices, including to all ATF Office of Field Operations Senior Executives, all Special Agents in Charge, all Assistant Special Agents in Charge, all field Special Agent supervisors (i.e., all Resident Agents in Charge and Group Supervisors), all Field Operations' Division Operations Officers, and all Crime Gun Intelligence Center Supervisors. That written notice stated that a Preliminary Injunction has been entered to enjoin actions as listed in the October 7th Order.

8. In addition, ATF's Office of Chief Counsel provided the Office of Field Operations with a list of Individual Plaintiffs and through pleadings filed in this litigation, known Associational Plaintiff members along with their geographic locations. Immediately all of ATF's relevant

field offices stopped enforcement and recall efforts against known members of the Associational Plaintiffs, as well as the named Plaintiffs.

9. Moreover, all ATF field agents were further instructed that, should an individual or entity claim to be a member of an Associational Plaintiff or a downstream customer of a commercial member of an Associational Plaintiff, they should contact ATF field counsel immediately. In such instances, field counsel is instructed to advise that any enforcement activities related to FRT-15s and/or WOTs against that individual or entity must be stopped if the person is not prohibited from possessing firearms.

10. However, ATF does not possess a list of all Associational Plaintiff members or downstream customers of any commercial Associational Plaintiff member. Furthermore, no such lists appear to be publicly available, and Plaintiffs are unwilling to provide such lists.

11. Therefore, since October, when a member of NAGR or TGR is contacted by an ATF agent, Plaintiffs' counsel reaches out to the assigned Federal Programs Branch ("FPB") attorneys, who then relay the information of who was contacted, and, as provided, their address and by which agent--although as to the agent's name the information provided is not always accurate-- to ATF's Office of Chief Counsel. The Office of Chief Counsel then contacts the appropriate Deputy Assistant Director for Regions One, Two or Three with the information provided, they then pass that information along to the Special Agent in Charge of the appropriate field division, who then relays it through the relevant chain of command to the named agent. The agent is instructed to cease and desist any further contact with the named Associational Plaintiff member. Confirmation of this notification then goes back up the chain at ATF to FPB and to Plaintiffs' counsel.

12. Since October, approximately 27 Associational Plaintiffs members have allegedly been contacted by ATF agents during their recall efforts. ATF was not aware, at the time of the

contact, of their alleged membership status and halted further contact after notification by Plaintiffs' counsel.

13. On June 5, 2024, Plaintiffs' counsel notified FPB attorneys that one of the Associational Plaintiffs' members had been contacted by an ATF agent. On June 6, 2024, an FPB attorney passed along that notification to ATF's Office of Chief Counsel. That same day, ATF's Chief Counsel reached out to the Deputy Assistant Director (Region Three) to request that he notify the Special Agent in the Charge of the contact by the agent and to direct the agent to cease and desist any further contact.

14. On June 6, 2024, the Special Agent in Charge (SAC) of the St. Paul Field Division acknowledged that he received the requested notification to cease contact with NAGR member ▌▌▌. However, the SAC had received notification regarding a different NAGR member the day before on June 5th, and confused ▌▌▌ with the previous NAGR member with whom to cease contact. As such, the SAC—believing he had already passed along the notification—did not act on the ▌▌▌ notification. The SAC has a process in place within the St. Paul Field Division that upon receipt from the Deputy Assistant Director (Region Three) on a NAGR member, he passes the member name through his division chain of command, to the appropriate supervisor and onto the assigned agent. Once completed and notification has been made to the agent assigned, the SAC responds back acknowledging the receipt of the notification. The resulting second contact with ▌▌▌ was simply a misunderstanding.

15. On June 13, 2024, Plaintiffs' counsel notified FPB that ▌▌▌ had in fact been contacted again, FPB immediately reached out to ATF inquiring why this contact had occurred. ATF's Chief Counsel immediately emailed the Deputy Assistant Director (Region Three) to ensure the field division chain of command had notified the ATF agent to cease contact and to repeat

that no further contact occur.  As to Plaintiffs' counsel's inquiry as to why the second contact had occurred, the SAC of the St. Paul Field Division provided the above explanation.

16. On May 20, 2024, ATF's Houston Field Division issued a Notice to Deny Application for a Federal Firearms License as a manufacturer of firearms to Rare Breed Firearms for prior willful violations of the Gun Control Act.  As is his right, Lawrence DeMonico has requested an administrative hearing regarding the denial notice.  As neither Rare Breed Firearms nor Lawrence DeMonico is covered by the current injunction, the Notice to Deny Application is not and cannot be non-compliant with the injunction.

Executed this _____ day of June, 2024.

MATTHEW VARISCO
Digitally signed by MATTHEW VARISCO
Date: 2024.06.24 14:49:29 -04'00'
_____
Matthew P. Varisco