**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **NATIONAL ASSOCIATION FOR GUN RIGHTS, INC.,** *et al.*, | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **Civil Action No. 4:23-cv-00830-O** |
| **MERRICK GARLAND,** *et al.*, | § § § | |
| **Defendants.** | § | |

## FINAL JUDGMENT

This Judgment is issued pursuant to Federal Rule of Civil Procedure 58(a).

This action came on for consideration by the Court, and the issues having been duly considered and a decision duly rendered,

It is **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. The Court **GRANTS** Plaintiffs' Motion for Summary Judgment (ECF No. 60) and **DENIES** Defendants' Cross-Motion for Summary Judgment (ECF No. 79).

2. The Court **VACATES** and **SETS ASIDE** Defendants' unlawful classification of FRTs as "machineguns."

3. The Court **DECLARES** unlawful Defendants' determination that FRTs are "machineguns."

4. The Court **ENJOINS** Defendants—along with their respective officers, agents, servants, and employees—from implementing or enforcing against the parties in this lawsuit, in any civil or criminal manner described below, the ATF's expanded definition of "machinegun" to FRTs that this Court has determined is unlawful:

    a. Initiating or pursuing criminal prosecutions for possession of FRTs;

b. Initiating or pursuing civil proceedings for possessing, selling, or manufacturing FRTs based on the claim that FRTs are machineguns;

c. Initiating or pursuing criminal prosecutions for representing to the public of potential buyers and sellers that FRTs are not machineguns;

d. Initiating or pursuing civil actions for representing to the public of potential buyers and sellers that FRTs are not machineguns;

e. Sending "Notice Letters" or other similar communications stating that FRTs are machineguns;

f. Seizing or requesting "voluntarily" surrender of FRTs to the government based on the claim that FRTs are machineguns;

g. Destroying any previously surrendered or seized FRTs; and

h. Otherwise interfering in the possession, sale, manufacture, transfer, or exchange of FRTs based on the claim that FRTs are machineguns.

5. This scope of this injunction covers the Individual Plaintiffs and their families, the Organizational Plaintiffs and their members, and the downstream customers of any commercial member of an Organizational Plaintiff to the extent that it does not interfere with other courts, such as the Eastern District of New York's civil jurisdiction over the Rare Breed Parties and other pending criminal cases against individuals already subject to prosecution.

6. The Court further **ENJOINS** Defendants from pursuing criminal proceedings or criminal enforcement actions against Rare Breed Triggers, LLC, Rare Breed Firearms, LLC, Lawrence DeMonico, and Kevin Maxwell on the grounds that FRTs are "machineguns."

7. The Court **ORDERS** Defendants to return to all parties, including manufacturers, distributors, resellers, and individuals, all FRTs and FRT components confiscated or seized pursuant to their unlawful classification within **thirty (30) days** of this decision.

8. The Court **ORDERS** Defendants to mail remedial notices correcting their prior mailing campaign that "warned" suspected FRT owners that possession of FRTs and FRT components was purportedly illegal.

9. All other relief not expressly granted herein is **DENIED**.

This order **SHALL** fully bind Defendants and any officers, agents, servants, employees, attorneys, or other persons in active concert or participation with Defendants.

      **SO ORDERED** on this **24th day** of **July, 2024**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

3