**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, INC., ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:23-cv-00830-O |
| v. | ) ) | |
| MERRICK GARLAND, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES, ET AL, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## MOTION TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT OF THIS COURT'S PERMANENT INJUNCTION

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................................... i

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................. 2

    I.    The Orders of This Court ........................................................................................ 2

    II.   Requests to Return FRTs ........................................................................................ 3

        a.      Patrick Carey ............................................................................................. 3

        b.     Edgar Acosta II ......................................................................................... 3

        c.      Chris Thompson ........................................................................................ 4

        d.     Brian Trapp ............................................................................................... 5

    III.   Lawrence DeMonico, Rare Breed Firearms, LLC, and the Defendant's Notice of Administrative Hearing. ....................................................................................... 6

    IV.  ATF's Failure to Return FRTs to Rare Breed Triggers ................................................ 8

    V.   ATF's September 6, 2024, Press Conference Continuing to Classify FRTs as Illegal Machineguns. ......................................................................................................... 9

    VI.  The United States' Representations of this Court's Final Order in Other Litigation...... 9

LEGAL STANDARD ........................................................................................................ 10

ANALYSIS ........................................................................................................................ 10

    I.    Defendants are Willfully Disregarding this Court's Order to Return FRTs to Members of the Organizational Plaintiffs. ........................................................................... 10

        a.      The Return of FRTs to Members of the Organizational Plaintiffs is Not Limited to Members at the Time the Complaint was Filed ......................... 10

        b.     The Eastern District of New York Preliminary Injunction Does Not Limit Possession of FRTs ................................................................................. 12

    II.   Defendants Are Willfully Disregarding the Court's Vacatur and Declaration that FRTs are Not Machineguns. .............................................................................................. 13

CONCLUSION ................................................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**

*Christian Emps. All. v. Azar*,

  No. 3:16-CV-309, 2019 WL 2130142 (D.N.D. May 15, 2019)................................................ 12

*Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*,

  603 U.S. __, 144 S. Ct. 2440 (2024) ...................................................................................... 16

*Franciscan Alliance, Inc. v. Becerra*,

  47 F.4th 368 (5th Cir. 2022)................................................................................................... 11

*Franciscan Alliance, Inc. v. Becerra*,

  553 F. Supp. 3d 361, 378 (N.D. Tex. 2021)*, amended,* No. 7:16-CV-00108-O, 2021 WL

  6774686 (N.D. Tex. Oct. 1, 2021)*, aff'd in part, dismissed in part,*

  47 F.4th 368 (5th Cir. 2022)................................................................................................... 11

*Kiakombua v. Wolf*,

  498 F. Supp. 3d 1 (D.D.C. 2020) .......................................................................................... 16

*Martin v. Trinity Indus., Inc.*,

  959 F.2d 45 (5th Cir. 1992)..................................................................................................... 10

*Oaks of Mid City Resident Council v. Sebelius*,

  723 F.3d 581 (5th Cir. 2013)................................................................................................... 10

*Reaching Souls Int'l Inc. v. Azar*,

  No. CIV-13-1092-D (W.D. Okla. March 15, 2018).................................................................. 12

*United States v. Rare Breed Triggers, LLC*,

  1:23-cv-00369 (Sept. 5, 2023)................................................................................................. 12

*Whitcraft v. Brown*,

570 F.3d 268 (5th Cir. 2009) ................................................................... 10

**Statutes**

42 U.S.C. § 18116(a) ................................................................................ 11

Gun Control Act of 1968 .......................................................................... 13

**INTRODUCTION**

Defendants are repeatedly dragging their feet and refusing to comply with the Final Judgment and permanent injunction entered by this Court.

This Court ordered Defendants to return FRT devices to "members of the Organizational Plaintiffs who specifically request the return of their FRT devices and provide sufficient documentation to the ATF . . . *as soon as is practicable* following the specific request." ECF No. 112 (emphasis added). Yet, the ATF has refused such requests several times, including by at least two individual members of the Organizational Plaintiffs. Indeed, to Plaintiffs' knowledge, Defendants have only returned FRTs to *one* person: Patrick Carey, a named Plaintiff in this case, whose FRTs were only returned after nearly two months and a meet and confer with Defendants' counsel.

When pressed, Defendants argued that the members of the Organizational Plaintiffs were not members at the time of the filing of the Complaint, thus they are afforded no relief. But this Court imposed no such restriction, nor is such restriction consistent with the past practice of this Circuit.

In addition, Defendants continue to spread misinformation to the general public by claiming FRTs are illegal "machineguns" and relying on the now-vacated classification of FRTs as "machineguns" in administrative proceedings. Defendants even brazenly informed this Court that they intend to continue to treat the sale of FRTs as a violation of the Gun Control Act of 1968 for purposes of denying an application for a federal firearms license. Notice (ECF No. 114).

These actions reflect an ongoing pattern of denial and defiance of this Court's judgment and order. No one—including the Government—is above the law. Thus, Defendants should be held to account for their repeated violations of the Permanent Injunction.

# BACKGROUND

## I.    The Orders of This Court

On July 23, 2024, this Court granted summary judgment in favor of the Plaintiffs. (ECF No. 100). This "Court DECLARE[D] unlawful the ATF's determination that FRTs are 'machineguns.'" Order at 54 (ECF No. 100). It also "VACATE[D] Defendants' unlawful classification of FRTs as 'machineguns,' finding "[s]uch classification is contrary to law and was done in a manner beyond the scope of its legitimate statutory authority to promulgate it in the first place." Order at 53 (ECF No. 100). This Court went on to note that vacatur was not limited to the parties or in geographic scope, stating "[v]acatur of the ATF's unlawful action—classification of FRTs as machineguns—achieves the same effect here as a nationwide injunction." Order at 53 (ECF No. 100). Put simply, this Court found that FRTs **are not machineguns anywhere in the country.** To effectuate this determination, this Court enjoined Defendants from "[i]nitating or pursuing civil proceedings for possessing, selling, or manufacturing FRTs based on the claim that FRTs are machineguns." Order at 62 (ECF No. 100).

In addition, the Court ordered the Defendants "to return to all parties . . . all FRTs and FRT components confiscated or seized pursuant to their unlawful classification within thirty (30) days" of the Court's decision. Order at 62 (ECF No. 100). On August 20, 2024, this Court modified its previous order, solely by extending the deadline for the return of FRTs to February 22, 2025. Order at 15 (ECF No. 112). But the Court made clear that "[t]his extension does **NOT** apply to the Individual Plaintiffs or members of the Organizational Plaintiffs who specifically request the return of their FRT devices and provide sufficient documentation to the ATF. ATF shall return those as soon as is practicable following the specific request." Order at 15 (ECF No. 112).

Finally, with respect to the Rare Breed Parties, this Court created a limited exception,

stating "unlike the preliminary injunction, the Court only carves out the Rare Breed Parties to the extent that the permanent injunction conflicts with the E.D.N.Y. Lawsuit's civil scope." Order at 59 (ECF No. 100). This Court emphasized that "The E.D.N.Y. Lawsuit does *not* include any claims that the Rare Breed Parties engaged in criminal conduct." Order at 59 (ECF No. 100).

## II.    Requests to Return FRTs

### a.    Patrick Carey

Patrick Carey is one of the named Individual Plaintiffs in this case. Although not required for Individual Plaintiffs, Plaintiff Patrick Carey wrote to ATF to request the release of his FRTs. Pls.' App'x 141 (Declaration of Gary M. Lawkowski ("Lawkowski Dec.") ¶ 7). On October 21, 2024, at the request of the ATF, counsel for Plaintiffs wrote to coordinate the release of the FRTs. *Id.* ¶ 9. On October 28, 2024, ATF informed Mr. Carey's counsel that "the release has been denied." *Id.* ¶ 10. Thereafter, counsel for Mr. Carey wrote to Defendants' counsel to meet and confer on ATF's denial to Mr. Carey, along with ATF's other violations of this Court's orders. *Id.* ¶ 11 & Ex. A. Only after this meet and confer did ATF comply with its obligation to return Mr. Carey's triggers. *Id.* ¶ 12. To Plaintiffs' knowledge, Patrick Carey is the only person to whom an FRT has been returned.

### b.    Edgar Acosta II

Edgar Acosta II is a member of the National Association for Gun Rights. Pls.' App'x at 1 (Declaration of Edgar Acosta II ("Acosta Dec."), ¶ 2); Pls.' App'x at 5 (Declaration of Ryan J. Flugaur) ("Flugaur Dec."), ¶ 3). Mr. Acosta is a U.S. citizen who is legally permitted to own firearms. Pls.' App'x at 1 (Acosta Dec., ¶ 3). In March 2024, an ATF agent from the Fargo office visited Mr. Acosta's house and demanded that he surrender his WOT, which Mr. Acosta did. *Id.* ¶ 4. Following the entry of the Court's order on July 23, 2024, Mr. Acosta sent an email to the ATF requesting the return of his FRT. *Id.* ¶ 6. The ATF refused, responding that it was "unaware" of

3

any judgment and would not return any FRTs until after the United States Supreme Court ruled. *Id.* at 2, ¶ 7 & Ex. A. During the meet and confer prior to the filing of this Motion, Defendants' counsel advised that the return would not be processed unless Mr. Acosta demonstrates to Defendants' satisfaction that he was a member of Organizational Plaintiffs at the time this lawsuit was filed. Pls.' App'x 143-46 (Lawkowski Declaration, Ex. A).

### c. Chris Thompson

Chris Thompson is a member of the National Association for Gun Rights. Pls.' App'x 7 (Declaration of Chris Thompson ("Thompson Dec."), ¶ 2); Pls.' App'x 5 (Flugaur Dec. ¶ 3). Mr. Thompson is a U.S. citizen who is legally permitted to own firearms. Pls.' App'x 7 (Thompson Dec. ¶ 3). On or about February 22, 2023, ATF agent Sarah Choi visited his home and demanded that he surrender his FRT, a Wide Open Trigger ("WOT"), which he did. *Id.* ¶ 4. On or around August 6, 2024, after the Court's July 23 order granting Plaintiffs summary judgment, Mr. Thompson contacted the ATF requesting the return of his WOT. *Id.* ¶ 5. On August 20, 2024, he received a call from ATF agent Kevin Marsh, who requested proof of NAGR membership as a first step toward the return of his WOT. *Id.* at 8, ¶ 7. Mr. Thompson provided proof of membership. *Id.* ¶ 8. On August 23, 2024, he spoke with agent Marsh again. *Id.* Agent Marsh claimed that Mr. Thompson's NAGR membership did not qualify under the Court's July 23, 2024, summary judgment order because he became a NAGR member in October 2023, after the Complaint in this matter was filed, and that he would not be receiving his WOT anytime soon, if at all. *Id.* ¶¶ 9-10. On September 11, 2024, Mr. Thompson followed up again to request the return of his WOT. *Id.* ¶ 11 & Ex. A. ATF Agent Marsh responded "I have nothing new to report since we last talked. As I explained then, it is anticipated that when returns are made those who were members of the plaintiff organization at the time suit was filed will be first in line for returns. There are no plans

to adjust that schedule based on independent requests." *Id.* For Mr. Thompson, too, counsel for Defendants said his trigger would not be returned unless he first demonstrated to Defendants' satisfaction that he was a member of Organizational Plaintiffs at the time of the filing of this lawsuit. Pls.' App'x 143-46 (Lawkowski Declaration, Ex. A).

### d. Brian Trapp

Brian Trapp is a member of the National Association for Gun Rights. Pls.' App'x 12 (Declaration of Brian Trapp ("Trapp Dec."), ¶ 2); Pls.' App'x 5 (Flugaur Dec. ¶ 3). Mr. Trapp is a U.S. citizen who is legally permitted to own and possesses firearms. Pls.' App'x ¶ 3. On August 17, 2021, the ATF visited Mr. Trapp and demanded that he surrender a WOT, which Mr. Trapp did. *Id.* ¶ 4. Following this Court's July 23, 2024, Order, Mr. Trapp called the Tulsa, Oklahoma ATF Field Office to request the return of his FRT. *Id.* ¶ 6. He received no response. *Id.* Following this Court's August 20, 2024, Order denying a stay, Mr. Trapp again contacted the ATF. This time, he spoke to ATF Agent Ashley Stevens. *Id.* ¶ 7. Agent Stevens informed him that "per higher ups," the order requiring the ATF to return FRTs to members of the organizational plaintiffs only applies in the Northern District of Texas. *Id.* ¶ 8. While Mr. Trapp is a member of NAGR, he is a resident of Oklahoma. The ATF did not request additional paperwork or verification from Mr. Trapp, it simply refused to return his FRT. *Id.* ¶ 9. Once confronted with the prospect of this motion, counsel for Defendants on the one hand claim Defendants were not aware that Mr. Trapp was an NAGR member, and on the other hand state that Mr. Trapp's trigger was destroyed "prior to entry of any injunction." Pls.' App'x 143-46 (Lawkowski Declaration, Ex. A).[1]

---

[1] This raises a genuine question of whether ATF, regardless of whether expressly enjoined, was on notice to preserve property, the legal status of which had been the subject of ongoing dispute and previous legal actions.

### III.    Lawrence DeMonico, Rare Breed Firearms, LLC, and the Defendant's Notice of Administrative Hearing.

Lawrence DeMonico and Rare Breed Firearms, LLC, are NAGR members. Pls.' App'x 14 (Declaration of Lawrence DeMonico ("DeMonico Dec."), ¶¶ 2-3; Pls.' App'x 5 (Flugaur Dec. ¶ 3). On or about March 1, 2024, Mr. DeMonico applied for a federal firearms license ("FFL") on behalf of Rare Breed Firearms, LLC, a Texas company based in Spicewood, Texas.[2] Pls.' App'x 14, ¶ 4. On May 20, 2024, the ATF denied the FFL application. *See id.* ¶ 5 & Pls.' App'x 16-17 (Ex. A (Notice to Deny Application)). In doing so, the ATF alleged that Mr. DeMonico "willfully violated" the Gun Control Act of 1968 in three ways:

> 1.    Lawrence DeMonico, individually and with others, between on or about December 2020 and the present, possessed and/or transferred machineguns, specifically the Rare Breed Triggers FRT-15 ("FRT-15") and the Wide Open Triggers ("WOT") machinegun conversion device, in willful violation of 18 U.S.C. § 922(o).

> 2.    Lawrence DeMonico, between on or about April 15, 2023, and April 16, 2023, transported machineguns in interstate commerce, specifically the FRT-15, from Utah to New Mexico, without being a licensed importer, manufacturer, dealer, or collector, in willful violation of 18 U.S.C. § 922(a)(4).

> 3.    Applicant aided and abetted Rare Breed Triggers, LLC; Lawrence DeMonico; and others, to possess and/or transfer machineguns, specifically the FRT-15, in willful violation of 18 U.S.C. §§ 2 and 922(o).

Pls.' App'x 17. Mr. DeMonico sought to exercise his appeal rights and requested an administrative hearing. Pls.' App'x 14 (DeMonico Dec., ¶ 6).

Following this Court's July 23, 2024, Order, Mr. DeMonico, through counsel, sent a supplemental filing to the ATF requesting that the ATF reconsider its FFL denial in light of this Court's Order. *Id.* ¶¶ 7-8 & Pls.' App'x 94-95 (Ex. B (Reconsideration Notice)).

---

[2] This application is unrelated to the subject matter of the pending civil fraud injunction case in the E.D.N.Y. against the "Rare Breed Parties," where a preliminary injunction only prohibits them from selling FRTs, not from obtaining a license to make or sell firearms.

Rather than reconsider whether its determination complied with this Court's Order, Defendants filed a "Notice of Administrative Hearing" with this Court (ECF No. 114), putting this issue squarely into this Court's jurisdiction and announcing that they would not be reconsidering their determination, claiming that this Court's prior Order "do[es] not preclude holding the scheduled hearing, and moreover do[es] not preclude further consideration of Rare Breed and DeMonico's application for a federal firearms license." Notice at 2 (ECF No. 114). According to the Notice, Defendant's believe that the scheduled hearing and ATF's determination is not impacted by this Court's Order because it is not an "enforcement action" and is defensible based on the preliminary injunction issued by the Eastern District of New York preventing Mr. DeMonico and Rare Breed Triggers, LLC, from selling FRTs. *See* Notice at 3 (ECF No. 114).

The administrative hearing was held on September 18, 2024. Pls.' App'x 97 (DeMonico Dec., Ex. D (Hearing Transcript)). ATF Industry Operations Investigator ("IOI") David Wright, testified that he recommended a denial of the requested FFL. Pls.' App'x 104, Tr. 27:1-10. When asked for the basis for that denial, IOI Wright said it was based on the reasons stated in the ATF's denial letter. *Id.*, Tr. 27:11-15. The three reasons given to justify the ATF's FFL denial were given to IOI Wright by ATF counsel Jennie Basile after IOI Wright performed his verifications and onsite inspection. *Id.* at 105, Tr. 30:18-21, 37:18-20. Indeed, IOI Wright does not view the reasoning in the denial to even be based on his recommendation; instead, it was ATF counsel Basile's reasoning. *Id.* at 107, Tr. 40:2-9.

What's more, ATF counsel provided IOI Wright with a copy of the preliminary injunction in *U.S. v. Rare Breed Triggers, LLC*, from the Eastern District of New York, but did not provide IOI Wright with a copy of this Court's final judgment. *Id.* at 110, Tr. 51:18- 52:3. IOI Wright testified that if he found out that FRTs were not machineguns he would probably change his

recommendation from denial to approval of the FFL—that if the FRTs were not machineguns, there would be no "basis to deny the application." *Id.*, Tr. 53:2-5, 18-21.

In response to Plaintiffs' meet and confer request, ATF attempts to justify its actions by citing only the preliminary finding of the EDNY that FRTs are "likely machineguns." Pls.' App'x 143-46 (Lawkowski Declaration, Ex. A).

### IV.    ATF's Failure to Return FRTs to Rare Breed Triggers

On August 4, 2023, ATF seized boxes of FRTs from RBT's Fargo, North Dakota office. Pls.' App'x 136-37 (DeMonico Dec., Ex. F (Claim Form)). On October 11, 2023, RBT filed a Seized Asset Claim Form, concerning the RBT property seized by ATF from RBT's Fargo office. Pls.' App'x 136-37 (DeMonico Dec., Ex. F  (Claim Form)). On or about October 19, 2023, ATF acknowledged RBT's claim, advising that it received a copy of the Claim for Seized Property and RBT's $5,000 bond. Pls.' App'x 138 (DeMonico Dec., Ex. G (Claim Acknowledgment)). ATF further advised that RBT should email ATF's Asset Forfeiture & Seized Property mailbox if RBT had not heard back within 120 days. *Id.*

RBT did not hear back within 120 days, which would have been February 16, 2024. Pls.' App'x 139 (DeMonico Dec., Ex. H). Indeed, to date, ATF has not substantively responded to RBT's Seized Asset Claim Form, has not returned RBT's property—FRTs—and has not returned RBT's $5,000 bond. *Id.*

Plaintiffs' counsel raised the issue of Rare Breed Trigger's FRTs in their meet and confer with Defendants. In response, Defendants stated that this Court's order covers members only so long as it does not conflict with the EDNY's preliminary injunction. Pls.' App'x 143-46 (Lawkowski Declaration, Ex. A).

### V.     ATF's September 6, 2024, Press Conference Continuing to Classify FRTs as Illegal Machineguns.

On or about September 6, 2024, ATF held a press conference led by special counselors to the ATF Director that referred to FRTs as machineguns: https://www.c-span.org/video/?538197-1/justice-department-meeting-machine-gun-conversion-devices. Pls.' App'x 140 (Lawkowski Dec. ¶ 3).

ATF Director Steven M. Dettelbach stated that machinegun conversion devices ("MCDs") are illegal machineguns. *Id.* ¶ 4 (citing recording at 11:20-34). Deputy Attorney General Lisa Monaco announced a department-wide directive to combat MCDs. *Id.* ¶ 5 (citing recording at 25:20-32).

United States Attorney for the Western District of Virgina, Christopher Kavanaugh, is a liaison to ATF. *Id.* at 140-41, ¶ 6 (citing recording at 34:22-37). In speaking about machinegun conversion devices, *id.* (citing recording at 35:48 – 36:01), in the presence of ATF Director Dettelbach and Deputy Attorney General Monaco, US Attorney Kavanaugh specifically referenced FRTs and the E.D.N.Y. lawsuit, stating that a "firearms company [] was illegally selling forced reset triggers, a device designed to convert AR-15 type rifles into machineguns themselves," *id.* (citing recording at 37:18-36). He did not mention this Court's final judgment to the contrary, *id.* (citing recording at 35:48 – 36:01).

### VI.     The United States' Representations of this Court's Final Order in Other Litigation.

After missing its deadline to oppose Rare Breed Trigger's motion for summary judgment in a seized assets case in Utah federal district court, the United States filed an opposition that continues to functionally deny the import of this Court's vacatur of ATF's classification of FRTs as "machineguns." Pls.' App'x 147 (Lawkowski Dec., Ex. B). The Rare Breed motion there seeks summary judgment for the return of triggers that were seized from it. Pls.' App'x 150.

**LEGAL STANDARD**

"A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Whitcraft v. Brown*, 570 F.3d 268 (5th Cir. 2009) (quoting *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992)); *see also Oaks of Mid City Resident Council v. Sebelius*, 723 F.3d 581 (5th Cir. 2013).

**ANALYSIS**

In this case, there can be no dispute as to the first two elements: there is a valid Court order in effect which requires certain conduct by Defendants. The third element is equally clear: Defendants have a pattern of denying and defying this Court's Order.

**I.    Defendants are Willfully Disregarding this Court's Order to Return FRTs to Members of the Organizational Plaintiffs.**

In at least four instances, Defendants have refused to return FRTs to members of the organizational plaintiffs upon request. Mr. Acosta requested the return of his trigger; his request was denied. Mr. Thompson requested the return of his trigger; his request was denied. Mr. Trapp requested the return of his trigger; his request was summarily denied before Defendants claimed (without providing evidence) that his trigger was destroyed. And Rare Breed Triggers requested the return of its triggers; its request was denied. These repeated denials constitute a willful pattern of defiance of this Court's Order.

**a.    The Return of FRTs to Members of the Organizational Plaintiffs is Not Limited to Members at the Time the Complaint was Filed**

The ATF initially told Mr. Acosta that it would not return FRTs until after the United States Supreme Court has ruled in this case. Pls.' App'x 3. But Defendants asked for a stay of judgment pending appeal. This Court denied that request. Order (ECF No. 112). There is no basis—and Defendants know there is no basis—for delaying the return of FRTs pending appeal, and certainly

10

not for waiting for the Supreme Court to rule. Defendants could have sought a stay from the Fifth Circuit, or even the Supreme Court. They did not. Instead, they defied this Court's Order to grant themselves one.

When pressed, Defendants claimed that they would not return Mr. Acosta's and Mr. Thompson's FRTs because they were not members of the organizational plaintiffs at the time the Complaint was filed. But that is neither a condition for prospective relief nor a condition written into this Court's Order. Contrary to Defendants' suggestion, nothing in the Court's prior Orders limits Defendants' obligation to return unlawfully seized FRTs to only members of the Organizational Plaintiffs at the time the Complaint was filed. Indeed, this Court's Order denying Defendants' motion for stay simply refers to "members of the Organizational Plaintiffs." Order at 15 (ECF No. 112).

Defendants have previously claimed, in a footnote, that "[p]rinciples of both Article III and equity require that individuals be members at the time the complaint was filed to receive the benefit of the Court's Order." Mem. for Stay at 3 (ECF No. 105). But that is not the law, particularly in this circuit. For example, in *Franciscan Alliance, Inc. v. Becerra*, this Court enjoined the federal government "from interpreting or enforcing Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116(a), or any implementing regulations thereto against Plaintiffs, their current and future members." 553 F. Supp. 3d 361, 378 (N.D. Tex. 2021), *amended*, No. 7:16-CV-00108-O, 2021 WL 6774686 (N.D. Tex. Oct. 1, 2021), and *aff'd in part, dismissed in part*, 47 F.4th 368 (5th Cir. 2022). This judgment was affirmed by the Fifth Circuit. *Franciscan*, 47 F.4th at 379-80. If Article III allows an injunction that benefits unknown future members of a plaintiff association, then it plainly supports an injunction that benefits individuals who were members at the time an injunction was issued. *See also Christian Emps. All. v. Azar*,

11

No. 3:16-CV-309, 2019 WL 2130142, at *4 (D.N.D. May 15, 2019) (ruling that the preliminary injunction would apply to future members because limiting it to current members at the time of the injunction would "result in an endless cycle of litigation as new members and the Alliance seek to protect their rights."); *Reaching Souls Int'l Inc. v. Azar*, No. CIV-13-1092-D (W.D. Okla. March 15, 2018) (extending injunction to "all current and future participating employers in the Guidestone plan"). By its plain terms, this Court's return Order applies to individuals who were members of the Organizational Plaintiffs when the summary judgment order was issued, not just when the Complaint was filed.

### b. The Eastern District of New York Preliminary Injunction Does Not Limit Possession of FRTs

In addition, the ATF has simply refused to respond to RBT's request that it return FRTs seized from RBT's Fargo office. Only in response to Plaintiffs' meet and confer notice did ATF claim the EDNY preliminary injunction obviates their obligation to return the requested triggers. It does not.

The preliminary injunction in the Eastern District of New York provided:

Defendants, their agents, officers and employees, and all other persons and entities in active concert or participation with them, are:

Restrained from engaging in any sales of the FRT-15, the Wide Open Trigger, forced-reset triggers, and other machinegun conversion devices until and unless otherwise ordered by this Court; and

Required to preserve all documents related to the manufacture, possession, receipt, transfer, customer base, and/or historical or current sale of FRT-15s, Wide Open Triggers, forced-reset triggers, and/or machinegun conversion devices, including those generated or received after the date of this Order, until and unless otherwise ordered by this Court.

Preliminary Injunction at 128-29, *United States v. Rare Breed Triggers, LLC*, 1:23-cv-00369 (Sept. 5, 2023). ATF's seizures of triggers from RBT is not an issue before the E.D.N.Y. or in any way related to that case. No warrant for seizure was issued by that court. No part of that preliminary

injunction prevents the Rare Breed Parties from *possessing* FRTs. Because there are no restrictions on the *possession* of FRTs, requiring the return of FRTs owned by the Rare Breed Parties on the same terms as any other member of the organizational plaintiffs does not conflict with the Eastern District of New York's injunction.

This Court ordered Defendants to return FRTs to members of the Organizational Plaintiffs who specifically requested them "as soon as practicable." Order at 15 (ECF No. 112). Rare Breed Triggers previously requested their return and reiterated that request through counsel's meet and confer. Nevertheless, Defendants are refusing to do so. The Court clarifying this question and ordering that ATF cannot rely on the unlawful assertion that FRTs are machineguns to return unlawfully seized FRTs should end another obstruction behind which the Defendants are hiding.

## II. Defendants Are Willfully Disregarding the Court's Vacatur and Declaration that FRTs are Not Machineguns.

This Court found that FRTs *are not machineguns* as a matter of law. It went on to vacate any agency actions treating FRTs as machineguns and declared, going forward, that FRTs are not machineguns. Finally, it enjoined Defendants from initiating *"or pursuing civil proceedings"* based on the claim that FRTs are machineguns.

Despite this clear determination, Defendants continue to treat FRTs as machineguns. The sole basis for the ATF's denial of Mr. DeMonico's FFL application is the claim that Mr. DeMonico violated the Gun Control Act of 1968. All of the alleged violations of the Gun Control Act of 1968 are based on the idea that FRTs are machineguns. If FRTs are not machineguns, then none of the alleged conduct is actually illegal, let alone a knowing and willful violation of the Act. In short, Defendants are continuing to classify FRTs as machineguns, even after this Court found that, as a matter of law, such determination is *ultra vires* and unlawful.

Moreover, they are continuing to pursue that claim in a civil proceeding—the FFL

application process. Instead of reconsidering the preliminary denial prior to an administrative hearing, ATF forced Rare Breed to expend time and resources presenting at the administrative hearing on September 18, 2024. The administrative hearing revealed that ATF's FFL inspector—whose job it is to recommend whether an FFL should issue—did not actually make the call. Instead, it was ATF counsel who came up with the reasons to deny Rare Breed the FFL. And it was ATF counsel who showed the ATF inspector the Eastern District of New York preliminary injunction but withheld from him this Court's final judgment. Not surprisingly, the ATF inspector said that he would change his recommendation—from denial to approval—if he understood that FRTs are not machineguns.

Defendants' attempts to distinguish Mr. DeMonico's FFL application are too cute by half. The bottom line is that they are continuing to pursue civil proceedings (outside of the E.D.N.Y. court's civil jurisdiction) premised on the assertion that FRTs are machineguns. Moreover, Defendants' reference to the "findings" of the Eastern District of New York are immaterial. As this Court already found, "[t]he E.D.N.Y Lawsuit does *not* include any claims that the Rare Breed Parties engaged in criminal conduct." Order at 59 (ECF No. 100). Moreover, the "findings" of the Eastern District of New York are in the context of a preliminary injunction. They are not the subject of any sort of final judgment. They do not and cannot have preclusive effect or purport to definitively resolve any relevant factual question. Thus, the Eastern District of New York order is a red herring. This Court has already determined—correctly—that the Eastern District of New York did not "find" that Mr. DeMonico engaged in criminal conduct, because that was not at issue in the case. And, even if it had been, such a determination could not have any determinative impact on the FFL application because it is not a final judgment.

Separately, ATF continues to flout this Court's Order by misinforming the public about the

14

legal status of FRTs. Rather than send remedial notices—as required by this Court's Order—Defendants have doubled down on their vacated classification by holding a press conference claiming FRTs are illegal machineguns. This only adds to the public confusion caused by ATF and reinforces the chilling effect of ATF's unlawful activity, further damaging Plaintiffs.

If a major corporation—even one with more than 100,000 employees—had been ordered to stop disseminating false information and made no effort to inform even its own key personnel of the order, it certainly would be held to account. The result should be no different when the party defying this Court's Order is the federal government. Whether it's on the national stage in Washington, DC, or at an FFL hearing in Texas, or across the country in refusing to return illegally seized FRTs, Defendants are brazenly refusing to comply with this Court's final judgment.

Finally, the Government is attempting to prevent the Rare Breed Parties from a return of their triggers in an asset forfeiture case filed in the District of Utah. *See* Pls.' App'x 157 (Lawkowski Dec., Ex. H). In opposing Rare Breed Triggers' motion seeking the return of its seized property, the Government claims that, "[i]n entering judgment, the Texas court made clear that its ruling should not preclude further litigation by other courts." Pls.' App'x 167. But that is inaccurate. This Court limited only its injunctive relief. The Government further claims that this Court carved out the Rare Breed Parties from all relief, as opposed to just the injunctive relief. Pls.' App'x 168. The Government also intimates that it would like to have an ATF agent (Anthony L. Ciravolo) provide expert testimony contradictory to this Court's Order.. Pls.' App'x 147 and United States' Designation of Expert Witness, 1:23-cv-00017-TC-JCB (Apr. 15, 2024), ECF No. 23.

The Government's additional arguments are no better. For example, the Government claims that vacatur of the ATF's classification "plainly does not and cannot control whether the

statute covers the FRT-15, and cannot dictate how other courts, including this Court, interpret the statutory language and apply that language to the Defendant Property."

Pls.' App'x 166. Yet the caselaw is clear that vacatur is universal and has the same effect as a nationwide injunction. Order at 53 (ECF No. 100). The Government instead "audaciously demand[s] an entitlement to persist in the unlawful conduct despite a federal court's ruling declaring that conduct unlawful." *Kiakombua v. Wolf*, 498 F. Supp. 3d 1, 53 (D.D.C. 2020) (Jackson, J.); *see also Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. __, 144 S. Ct. 2440, 2464 (2024) (Kavanaugh, J., concurring in the judgment) (citing approvingly the vacatur of the FDA's classification of a drug or medical product)

This Court rightly refrained from ordering a sister court to do or not do something. But the *litigants* in the other courts, including the Government, are not immune from the effects of this Court's vacatur and declaratory relief. The Government is blatantly defying this Court's judgment.

## CONCLUSION

When the Government ignores the rules it expects the people to follow, it erodes the public's trust and threatens the legitimacy of the system as a whole.

Defendants are repeatedly and flagrantly violating the Orders of this Court. Unfortunately, this is part of a continuing pattern of disregarding the Orders of this Court. *See* Plaintiffs' Notice of Non-Compliance (ECF No. 98). Defendants appear to believe they are above the law, and that complying with orders of this Court with which they disagree is optional. Since senior leadership at the Defendants are either not getting the message from their counsel—or are ignoring it—this Court would be well within its rights to deliver that message directly and pointedly to the heads of those departments personally and to require Defendants to take additional affirmative steps to correct their deliberate dissemination of false information regarding the legal status of FRTs.

16

As the foregoing demonstrates, Defendants should be held in contempt, ordered to comply, and sanctioned appropriately. They should be ordered to inform all DOJ and ATF personnel who are in a position to interact with the public or industry, or in a position to take action based on the decision of what is or is not a criminal offense, that FRTs have been adjudicated *not* to be machineguns. ATF should be ordered to withdraw its unlawful assertion that FRTs are machineguns as a basis to deny an FFL application. They should also be required to file with the Court monthly updates regarding the status of their compliance with the Court's Orders, including a statement of how many triggers they have returned to ensure that this Court's Final Judgment is properly implemented.

Date: November 26, 2024                             Respectfully submitted,

                                                    /s/ Whitney A. Davis
                                                    Whitney A. Davis (TX Bar No. 24084843)
                                                    EGGLESTON KING DAVIS, LLP
                                                    102 Houston Avenue, Suite 300
                                                    Weatherford, TX 76086
                                                    Telephone: (703) 748-2266
                                                    whit@ekdlaw.com

                                                    Jonathan M. Shaw (VA Bar No. 98497)
                                                    Gary M. Lawkowski (VA Bar No. 82329)
                                                    David A. Warrington (VA Bar No. 72293)
                                                    DHILLON LAW GROUP, INC.
                                                    2121 Eisenhower Avenue, Suite 608
                                                    Alexandria, VA 22314
                                                    Telephone: (703) 748-2266
                                                    Facsimile: (415) 520-6593
                                                    jshaw@dhillonlaw.com
                                                    glawkowski@dhillonlaw.com
                                                    dwarrington@dhillonlaw.com

                                                    Glenn Bellamy (OH Bar No. 0070321)
                                                    WOOD HERRON & EVANS LLP
                                                    600 Vine Street, Suite 2800
                                                    Cincinnati, OH 45202
                                                    Telephone: 513-707-0243
                                                    gbellamy@whe-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record in this action.

Date: November 26, 2024

By: /s/ Whitney A. Davis
Whitney A. Davis