IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PAMELA BONDI, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES, *et al.*,<br><br>Defendants. | Case No. 4:23-cv-00830-O |

## THIRD DECLARATION OF MATTHEW P. VARISCO

1. I am the Assistant Director for the Office of Field Operations within the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), United States Department of Justice ("DOJ"). I have been in this position since March 2024. Prior to my current position, I was the Assistant Director for the Office of Enforcement Programs and Services (Regulatory Operations), the Special Agent in Charge of the Philadelphia Field Division, and I have served as an ATF Special Agent for over 24 years.

2. In my current senior executive position, I direct policy, conduct planning, and oversee all ATF criminal investigations and regulatory oversight for ATF's 25 field divisions.

3. I am authorized to provide this Declaration on ATF's behalf and am providing it in support of Defendants' updated Notice of Compliance. This declaration is based on my personal knowledge and belief, my training and experience, as well as information conveyed to me by ATF personnel in the course of my official duties.

1

4. After this Court issued its October 7, 2023 Preliminary Injunction, ATF promptly took significant steps to ensure compliance with this Court's order. These steps are outlined in the Notice of Compliance filed in this case on October 20, 2023. *See* ECF No. 57.

5. On July 23, 2024, the Court granted summary judgment in favor of the Plaintiffs. In addition to continuing to enjoin the matters covered by its preliminary injunction, the Court also imposed affirmative obligations on ATF, including a requirement that ATF return certain FRTs in its possession within 30 days and "mail remedial notices correcting [ATF's] prior mailing campaign that 'warned' suspected FRT owners that possession of FRTs and FRT components was purportedly illegal." ECF No. 100 at 63.

6. On August 1, 2024, Defendants filed a Motion to Stay the Judgment Pending Appeal, ECF No. 104, explaining, among other things, that the Court's return requirement "presents multiple compliance problems," ECF No. 105 at 2. As I described in an earlier declaration, ATF does not know the identities of the Organizational Plaintiffs' claimed members, or which of those members are entitled to return of their FRT devices. *Id.* (citing ECF No. 104-1 at ¶ 5 ("Varisco Decl.")).

7. On August 20, 2024, in response to concerns raised in Defendants' Motion to Stay, *see* ECF No. 104, the Court issued an Order granting Defendants an additional six months to comply with the affirmative obligation regarding the return of FRT-15s and WOTs. *See* ECF No. 112. Additionally, the court similarly extended the deadline for ATF to "mail remedial notices." *Id.*

8. The actions taken to comply with this Court's order were set forth in my prior declaration dated February 19, 2025. *See* ECF No. 126-1.

9. In short, to comply with the Court's Orders directing return of certain FRT-15s and WOTs, all ATF Field Divisions conducted a physical inventory of FRT-15s and WOTs in their possession. A physical inventory was necessary because ATF's case management systems did

2

not have an "FRT" option when describing the devices upon entry into these systems, as such they were inconsistently labeled. For example, FRT-15s and WOTs could be labeled as "FRTs," "MCDs," or "accessories".

10. Next the field divisions determined which FRT-15s and WOTs in its physical inventory were seized as part of a criminal investigation with charges other than possession of FRT-15s and WOTs in suspected violation of 18 U.S.C. § 922(o) and which devices were seized as part of a recall/abandonment. The former category of devices could include those seized during criminal investigations into individuals prohibited from possessing firearms under 18 U.S.C. § 922(g) or criminal investigations in which FRT-15s and WOTs were used in the commission of criminal activity. Devices associated with criminal cases were not eligible for return.

11. For each FRT-15/WOT in ATF custody, the field divisions also provided the possessor's name; last known address; phone number; email address (if known); case number; date of seizure; and item number. The field divisions then sent this information to ATF's Office of Chief Counsel, which consolidated the information into one spreadsheet. This spreadsheet was used to notify FRT-15/WOT owners of this Court's order regarding the return of their devices.

12. Notifications were sent out via Federal Express between February 11 and February 18, 2025. The notifications contained a form asking owners if they were members of the Plaintiff organizations, the date of their original membership and documentary support. Owners were requested to provide the information to a dedicated email address ([FRT.Return@atf.gov](mailto:FRT.Return@atf.gov)) for affected parties to contact ATF about return of FRT-15s and WOTs.

13. Additionally, on February 10, 2025, ATF posted on its public website that it had begun sending notices to owners of FRT-15s and WOTs that were seized by ATF as part of an earlier recall effort with instructions to request their return, if the owner of the device is

3

covered by the Court's orders. The website also provided the dedicated email address (FRT.Return@atf.gov) for affected parties to contact ATF about return of FRT-15s and WOTs. The webpage is available here: https://www.atf.gov/firearms/rare-breed-triggers%E2%80%99-frt-15s-and-wide-open-triggers-wots-return

14. As stated in my prior declaration, *see* ECF No. 126-1 ¶ 19, ATF will not return (and has not returned) FRT-15s and WOTs to individuals who reside in states where possession of FRT-15s and WOTs is illegal under state law.

15. Additionally, because this Court's orders do not require ATF to return FRT-15s and WOTs to persons prohibited from possessing firearms under 18 U.S.C. § 922(g), a background check has been and will be run on those who provide appropriate proof of membership to determine whether they are entitled to a return of their FRT-15s or WOTs.

16. The names of those entitled to return of their FRT-15s and WOTs are then filtered by state of residence at the time of seizure and provided to the appropriate field division for those states, which is the field division most likely to maintain possession of the device(s). The field divisions then arrange for the transfer of the devices.

17. As of the date of this declaration, eight requestors met all of the eligible criteria and received their FRT-15s and/or WOTs back. In addition, two requesters were found to be prohibited after the background check and three requestors received "delayed" responses from the background check that have not yet been resolved. Finally, two requestors who met the injunction's membership requirement live in states where it is illegal to possess an FRT and were notified as such.

**The Remedial Notice**

18. Consistent with the Court's orders and my earlier declaration, *see* ECF No. 126-1 ¶¶ 20-23, ATF remedial notices were sent to all recipients of ATF's prior warning letters regarding FRTs postmarked no later than February 21, 2025. All recipients of the above-referenced return notices also received a remedial notice in the same mailing.

19. The remedial notice reiterates this Court's holding that FRT-15s and WOTs are not machineguns under the National Firearms Act and, as such, their possession is not in violation of Federal law. The notice also clarifies that any duty to notify ATF of possession of FRT-15s and WOTs, or their components, as stated in the original warning notices, no longer applies.

20. On February 13, 2025, ATF posted the remedial notice on its website.

**Additional Returns**

21. The FRT-15 components seized pursuant to Court orders in Utah and North Dakota have been returned to the Rare Breed parties pursuant to settlements.

22. Also pursuant to a settlement agreement, the United States has agreed, to the extent practicable, to return FRT-15s and WOTs seized or taken as a result of a voluntary surrender to those individual owners who request their return by September 30, 2025, including those who are not plaintiffs in this case. ATF has mailed notices to owners of eligible FRTs, providing instructions as to how to retrieve their device(s). FRT-15s and WOTs will not be returned to those who reside in states where the possession of FRTs is illegal under state law, nor will FRT-15s or WOTs be returned to those whose National Instant Criminal Background Check System (NICS) check results in a denial. Additional information about return of FRT-15s and WOTs pursuant to the settlement agreement is available on ATF's website: https://www.atf.gov/firearms/rare-breed-triggers%E2%80%99-frt-15s-and-wide-open-triggers-wots-return.

Executed on July \_\_\_\_, 2025.

_____
Matthew P. Varisco
Assistant Director